IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 2:24-cv-04055<br><br>**CERTIFICATION OF ISABELLA R. PITT, DEPUTY ATTORNEY GENERAL IN SUPPORT OF MOTION FOR ADMISSION OF COUNSEL FOR PLAINTIFF-STATES** *PRO HAC VICE* |

I, Isabella R. Pitt, of full age, hereby certify as follows:

1.　I am an attorney at law of the State of New Jersey admitted to practice before this Court, and a Deputy Attorney General, Assistant Section Chief of Antitrust with the State of New Jersey, Department of Law and Public Safety, Division of Law. I represent the State of New Jersey, by and through Attorney General Matthew J. Platkin ("New Jersey"), in the above-captioned matter.

2.　I respectfully submit this certification in support of New Jersey's application for an Order pursuant to Local Rule 101.1(c), admitting counsel for Plaintiff-States by and through their respective Attorneys Generals, Arizona, California, Connecticut, Maine, Michigan, Minnesota, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Wisconsin, and the District of Columbia (collectively, "Plaintiff-States"), *pro hac vice* in the above-captioned matter. Attached as **Exhibit A** is a complete list of attorneys seeking *pro hac vice* admission to represent Plaintiff-States, respectively.

3.　I am a member in good standing of the Bar of the State of New Jersey and of the United States District Court for the District of New Jersey.

4. As set forth more fully in his certification, Saivignesh "Vinny" Venkat is an Assistant Attorney General with the State of Arizona Office of the Attorney General ("Arizona"), with offices located at 2005 N. Central Ave., Phoenix, Arizona. He has advised me that he is a member in good standing of the Bar of Arizona. Mr. Venkat represents Arizona in antitrust and related enforcement actions, a complex field of law in which he specializes. Mr. Venkat is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Venkat, as he is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by him acting as attorney for Arizona in this matter.

5. As set forth more fully in their respective certifications, Brian Wang, Cari Jeffries, and Robert McNary are Deputy Attorneys General with the State of California Office of the Attorney General ("California"), with offices located at 455 Golden Gate Ave., Suite 11000, San Francisco, California. Mr. Wang has advised me that he is a member in good standing of the Bar of California. Ms. Jeffries has advised me that she is a member in good standing of the Bars of California and the District of Columbia. Mr. McNary has advised me that he is a member in good standing of the Bars of California and New York. Mr. Wang, Ms. Jeffries, and Mr. McNary represent Arizona in antitrust and related enforcement actions, which is a complex field of law in which they specialize. They are each fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Wang, Ms. Jeffries, and Mr. McNary, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorneys for California in this matter.

6. As set forth more fully in their respective certifications, Rahul A. Darwar is an Assistant Attorney General, and Nicole Demers is a Deputy Associate Attorney General with the State of Connecticut Office of the Attorney General ("Connecticut"), with offices located at 165

Capitol Avenue, Hartford, Connecticut.  Mr. Darwar has advised me that he is a member in good standing of the Bars of Minnesota and Connecticut.  Ms. Demers has advised me that she is a member in good standing of Connecticut and New York.  Mr. Darwar and Ms. Demers represent Connecticut in antitrust and related enforcement actions, a complex field of law in which they specialize.  They are each fully familiar with the facts of this case.  There is good cause for the *pro hac vice* admission of Mr. Darwar and Ms. Demers, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorneys for Connecticut in this matter.

7. As set forth more fully in her certification, Elizabeth Arthur is an Assistant Attorney General with the District of Columbia Office of the Attorney General ("District of Columbia"), with offices located at 600 4th St. NW, Washington, D.C.  Ms. Arthur has advised me that she is a member in good standing of the Bars of Washington, D.C., and Florida.  Ms. Arthur represents Arizona in antitrust and related enforcement actions, a complex field of law in which she specializes.  Ms. Arthur is fully familiar with the facts of this case.  There is good cause for the *pro hac vice* admission of Ms. Arthur, as she is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by her acting as attorney for the District of Columbia in this matter.

8. As set forth more fully in their respective certifications, Christina M. Moylan and Michael Devine are Assistant Attorneys General with the State of Maine Office of the Attorney General ("Maine"), with offices located at 6 State House Station, Augusta, Maine.  Ms. Moylan has advised me that she is a member in good standing of the Bars of Maine, the United States District Court for the District of Maine, and the United States Court of Appeals for the First Circuit.  Mr. Devine has advised me that he is a member in good standing of the Bars of Maine and the

United States District Court for the District of Maine. Ms. Moylan and Mr. Devine represent Maine in antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Moylan and Mr. Devine, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorneys for Maine in this matter.

9. As set forth more fully in their respective certifications, Jonathan S. Comish, Jason Evans, Scott A. Mertens, and LeAnn Scott are Assistant Attorneys General with the State of Michigan Office of the Attorney General ("Michigan"), with offices located at 525 W. Ottawa Street, Lansing, Michigan. Mr. Comish has advised me that he is a member in good standing of the Bars of the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, Michigan, and South Carolina. Mr. Evans has advised me that he is a member in good standing of the Bars of the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, the Sixth Circuit Court of Appeals, and Michigan. Mr. Mertens has advised me that he is a member in good standing of the Bars of the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, Michigan, the Sixth Circuit Court of Appeals, and the D.C. Circuit Court of Appeals. Ms. Scott has advised me that she is a member in good standing of the Bars of the United States District Court for the Eastern District of Michigan and Michigan. Mr. Comish, Mr. Evans, Mr. Mertens, and Ms. Scott represent Michigan in antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Comish, Mr. Evans, Mr. Mertens, and Ms. Scott, as they are familiar with

the facts, issues, and pleadings in this action and no delay in the proceedings would be occasioned by their acting as attorney for Michigan in this matter.

10. As set forth more fully in their respective certifications, Elizabeth Odette, Erin Conti, and Justin Moor are Assistant Attorneys General with the State of Minnesota Office of the Attorney General ("Minnesota"), with offices located at 445 Minnesota Street, St. Paul, Minnesota. Ms. Odette has advised me that she is a member in good standing of the Bars of Minnesota and the United States District Court for the Eastern District of Wisconsin. Ms. Conti has advised me that she is a member in good standing of the Bar of Minnesota. Mr. Moor has advised me that he is a member in good standing of the Bars of Minnesota and the United States District Court for the District of Minnesota. Ms. Odette, Ms. Conti, and Mr. Moor represent Minnesota in antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Odette, Ms. Conti, and Mr. Moor, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorney for Minnesota in this matter.

11. As set forth more fully in their respective certifications, Christopher G. Lindblad and Elin S. Alm are Assistant Attorneys General with the State of North Dakota Office of the Attorney General ("North Dakota"), with offices located at 1720 Burlington Drive, Suite C, Bismarck, North Dakota. Mr. Lindblad has advised me that he is a member in good standing of the Bars of North Dakota and the United States District Court for the District of North Dakota. Ms. Alm has advised me that she is a member in good standing of the Bars of North Dakota, the United States District Court for the District of North Dakota, and the United States Court of Appeals for the District of Columbia. Mr. Lindblad and Ms. Alm represent North Dakota in

antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Lindblad and Ms. Alm, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorney for North Dakota in this matter.

12. As set forth more fully in her certification, Alexandra C. Sosnowski is an Assistant Attorney General with the State of New Hampshire Office of the Attorney General ("New Hampshire"), with offices located at One Granite Place South, Concord, New Hampshire. Ms. Sosnowski has advised me that she is a member in good standing of the Bar of New Hampshire. Ms. Sosnowski represents New Hampshire in antitrust and related enforcement actions, a complex field of law in which she specializes. She is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Sosnowski, as she is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by her acting as attorney for New Hampshire in this matter.

13. As set forth more fully in their respective certifications, Elinor Hoffman is the Bureau Chief of the Antitrust Bureau, Amy McFarlane is the Deputy Bureau Chief of the Antitrust Bureau, and Bryan Bloom is Senior Enforcement Counsel with the State of New York Office of the Attorney General ("New York"), with offices located at 28 Liberty Street, New York, New York. Ms. Hoffman has advised me that she is a member in good standing of the Bar of New York. Ms. McFarlane has advised me that she is a member in good standing of the Bars of New York and California. Mr. Bloom has advised me that he is a member of the Bar of New York in good standing. Ms. Hoffman, Ms. McFarlane, and Mr. Bloom represent New York in antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully

familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Hoffman, Ms. McFarlane, and Mr. Bloom, as they are familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by their acting as attorneys for New York in this matter.

14. As set forth more fully in his certification, Caleb J. Smith is an Assistant Attorney General with the State of Oklahoma Office of the Attorney General ("Oklahoma"), with offices located at 313 NE 21st St., Oklahoma City, Oklahoma. Mr. Smith has advised me that he is a member of the Bar of Oklahoma in good standing. Mr. Smith represents Oklahoma in antitrust and related enforcement actions, a complex field of law in which he specializes. He is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Smith, as he is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by him acting as attorney for Oklahoma in this matter.

15. As set forth more fully in his certification, Timothy D. Smith is a Senior Assistant Attorney General with the State of Oregon Office of the Attorney General ("Oregon"), with offices located at 100 SW Market Street, Portland, Oregon. Mr. Smith has advised me that he is a member in good standing of the Bars of Oregon and Washington. Ms. Smith represents Oregon in antitrust and related enforcement actions, a complex field of law in which he specializes. Mr. Smith is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. Smith, as he is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by him acting as attorney for Oregon in this matter.

16. As set forth more fully in their respective certifications, John David McDowell is Deputy Attorney General, Scott Ethan Bowers is a Senior Assistant Attorney General, Austin Charles Ostiguy is an Assistant Attorney General, and Hamilton McClain Milwee is an Assistant

Attorney General with the State of Tennessee Office of the Attorney General ("Tennessee"), with offices located at 500 Dr. Martin Luther King Boulevard, Nashville, Tennessee. Mr. McDowell has advised me that he is a member in good standing of the Bar of the State of Tennessee. Mr. Bowers has advised me that he is a member in good standing of the Bars of Tennessee and New York. Mr. Ostiguy has advised me that he is a member in good standing of the Bar of Tennessee. Mr. Milwee has advised me that he is a member in good standing of the Bar of Tennessee. Mr. McDowell, Mr. Bowers, Mr. Ostiguy, and Mr. Milwee represent Tennessee in antitrust and related enforcement actions, a complex field of law in which they specialize. They are fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Mr. McDowell, Mr. Bowers, Mr. Ostiguy, and Mr. Milwee, as they are familiar with the facts, issues, and pleadings in this action and no delay in the proceedings would be occasioned by their acting as attorneys for Tennessee in this matter.

17. As set forth more fully in her certification, Jill S. Abrams is the Director of the Consumer and Antitrust Unit with the State of Vermont Office of the Attorney General ("Vermont"), with offices located at 109 State Street, Montpelier, Vermont. Ms. Abrams has advised me that she is a member in good standing of the Bars of New York and Vermont. Ms. Abrams represents Vermont in antitrust and related enforcement actions, a complex field of law in which she specializes. Ms. Abrams is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Abrams, as she is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by her acting as attorney for Vermont in this matter.

18. As set forth more fully in her certification, Gwendolyn J. Lindsay Cooley is an Assistant Attorney General with the State of Wisconsin Office of the Attorney General

8

("Wisconsin"), with offices located at 17 West Main Street, Madison, Wisconsin. Ms. Cooley has advised me that she is a member in good standing of the Bar of Wisconsin. Ms. Cooley represents Wisconsin in antitrust and related enforcement actions, a complex field of law in which she specializes. She is fully familiar with the facts of this case. There is good cause for the *pro hac vice* admission of Ms. Cooley, as she is familiar with the facts, issues, and pleadings in this action, and no delay in the proceedings would be occasioned by her acting as attorney for Wisconsin in this matter.

19. Pursuant to Local Rule 101.1(c)(4), New Jersey will appear in this action, including all court appearances, on behalf of Plaintiff-States and agrees to accept service of all notices, orders, and pleadings in this action. I, or an attorney representing New Jersey, by and through the Attorney General, will sign and file all pleadings, enter all appearances, sign all stipulations, and other such documents in this matter on behalf of Plaintiff States. I agree to be responsible for the above-named counsel should they be admitted *pro hac vice*.

20. I will ensure that each attorney to be admitted pro hac vice upon this application complies with Local Rule 101.1(c).

21. Counsel for Defendant Apple Inc. has advised me that they consent to the *pro hac* admission of the above-named counsel.

22. Accordingly, I respectfully request that this Court enter an Order admitting counsel representing Plaintiff-States, by and through their respective Attorneys Generals, *pro hac vice* in the above-captioned matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                          MATTHEW J. PLATKIN
                          ATTORNEY GENERAL OF NEW JERSEY

*/s/ Isabella Pitt*

Isabella R. Pitt
Deputy Attorney General
Assistant Section Chief, Antitrust
N.J. Bar ID # 071002013
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey
Telephone: (973) 877-1280
Isabella.Pitt@law.njoag.gov

Dated:  April 1, 2024

10