```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,         .
                                  .
         Plaintiff,               .
                                  . Case No. 24-cv-04055,
vs.                               .
                                  . Newark, New Jersey
APPLE INC.,                       . April 19, 2024
                                  .
         Defendant,               .
                                  .
                                  .
_____   .
                                  .
And related cases, Goldfus v.     .
Apple, 24-4108; Ultra Home        .
Set LLC v. Apple, 24-4223;        .
Kolinsky v. Apple, 24-4232;       .
Levine v. Apple, 24-4284;         .
Kurtz v. Apple, 24-4355;          .
Watson v. Apple, 24-4445;         .
Moody v. Apple, 24-4560;          .
Siano v. Apple, 24-4568;          .
Melkowski v. Apple, 24-4827;      .
and Crocco v. Apple, 24-5281.     .
_____   .
```

                    TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE LEDA DUNN WETTRE
                 UNITED STATES MAGISTRATE JUDGE


This transcript has been reviewed and revised in accordance with L. Civ. R. 52.1.


Audio Operator:

Transcription Service:    KING TRANSCRIPTION SERVICES, LLC
                          3 South Corporate Drive, Suite 203
                          Riverdale, NJ  07457
                          (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1  APPEARANCES (the parties appeared via teleconference):
 2
 3  For the Plaintiff      JONATHAN LASKEN
 4  United States of       Civil Conduct Task Force
 5  America and State      Department Of Justice
 6  Attorneys General,     Anti Trust Division
 7  et al.:                450 Fifth Street NW, Suite 8600
 8                         Washington, DC 20530
 9                         (202) 598-6517
10                         jonathan.lasken@usdoj.gov
11
12                         ISABELLA REGINA PITT
13                         New Jersey Attorney General
14                         124 Halsey Street, 5th Floor
15                         Newark, NJ 07102
16                         (201) 912-7444
17                         isabella.pitt@dol.lps.state.nj.us
18
19  For the Plaintiffs     CAROLINE F. BARTLETT
20  Shoshi Goldfus,        Carella Byrne
21  Ultra Home Set,        5 Becker Farm Road
22  LLC:                   Roseland, NJ 07068
23                         (973) 994-1700
24                         cbartlett@carellabyrne.com
25
```

```
 1   (APPEARANCES continued)
 2
 3   For the Plaintiff      GORDON BALL
 4   Christina Kolinsky:    Gordon Ball PLLC
 5                          3728 West End Avenue
 6                          Nashville, TN 37205
 7                          (865) 525-7028
 8                          gball@gordonball.com
 9
10   For the Plaintiff      ANDREW JIMIN HEO
11   Louis Levine:          Barrack, Rodos & Bacine
12                          3300 Two Commerce Square
13                          2001 Market Street
14                          Philadelphia, PA 19103
15                          (215) 963-0600
16                          aheo@barrack.com
17
18   For the Plaintiff      PETER A. BARILE III
19   Stacey Kurtz:          Lowey Dannenberg, P.C.
20                          44 South Broadway, #1100
21                          White Plains, NY 10601
22                          (914) 733-7261
23                          pbarile@lowey.com
24
25
```

```
 1  (APPEARANCES continued)

 2

 3  For the Plaintiff       JEFFREY B. GITTLEMAN

 4  Jacqueline Watson:      Pogust Goodhead LLC

 5                          161 Washington Street, Suite 250

 6                          Conshohocken, PA 19428

 7                          (610) 941-4204

 8                          jgittleman@pogustgoodhead.com

 9

10  For the Plaintiff       KENNETH J. GRUNFELD

11  Timothy Moody:          Kopelowitz Ostrow Ferguson Weiselberg

12                          Gilbert

13                          65 Overhill Road

14                          Bala Cynwyd, PA 19004

15                          (954) 525-4100

16                          Grunfeld@kolawyers.com

17

18  For the Plaintiff       JENNIFER R. SCULLION

19  Deanna Siano:           Seeger Weiss LLP

20                          55 Challenger Road, 6th Floor

21                          Ridgefield Park, NJ 07660

22                          (212) 584-0780

23                          jscullion@seegerweiss.com

24

25
```

```
 1  (APPEARANCES continued)
 2
 3  For the Plaintiff      STEVEN A. SCHWARTZ
 4  Kevin Melkowski:       Chimicles Schwartz Kriner &
 5                         Donaldson-Smith LLP
 6                         One Haverford Centre
 7                         361 West Lancaster Avenue
 8                         Haverford, PA 19041
 9                         (610) 645-4720
10                         sas@chimicles.com
11
12  For the Plaintiff      LEE ALBERT
13  Matthew Crocco:        Glancy Prongay & Murray LLP
14                         230 Park Avenue, Suite 358
15                         New York, NY 10169
16                         (212) 682-5340
17                         Lalbert@glancylaw.com
18
19  For Defendant Apple    CRAIG S. PRIMIS, P.C.
20  Inc.:                  Kirkland & Ellis LLP
21                         1301 Pennsylvania Avenue, N.W.
22                         Washington, D.C. 20004
23                         (202) 389-5921
24                         craig.primis@kirkland.com
25
```

```
 1   (APPEARANCES continued)
 2
 3   For Defendant Apple     JULIAN W. KLEINBRODT
 4   Inc.:                   Gibson Dunn & Crutcher
 5                           One Embarcadero Center, Suite 2600
 6                           San Francisco, CA 94111-3715 USA
 7                           (415) 393-8382
 8                           jkleinbrodt@gibsondunn.com
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    (Commencement of proceedings)

2

3              THE COURT:  Hi, everyone.  This is Magistrate Judge
4    Wettre.  And we are on the record in a number of cases:
5    United States versus Apple, Docket Number 24-4055 and 10
6    related class actions, which are Goldfus v. Apple, 24-4108;
7    Ultra Home Set LLC v. Apple, 24-4223; Kolinsky v. Apple,
8    24-4232; Levine v. Apple, 24-4284; Kurtz v. Apple, 24-4355;
9    Watson v. Apple, 24-4445; Moody v. Apple, 24-4560; Siano v.
10   Apple, 24-4568; Melkowski v. Apple, 24-4827; and Crocco v.
11   Apple, 24-5281.
12             So I'm going to start by taking a roll call of
13   appearances.  I heard when I dialled in there are about 50
14   people on the line, and that's a lot of people to get
15   through.
16             So I'm going to streamline the process as much as
17   possible.  And so for today's conference, solely in the
18   interest of time, I will only need one attorney to note their
19   appearance for the record for each party.
20             I'll give you a moment to confer with your
21   co-counsel offline to designate one attorney to announce
22   their appearance.
23             When I call your party's name, I will take that
24   attorney's appearance and ask them -- and ask the attorneys
25   to spell their name for the record.

1         I know that many of you have filed motions for
2    admission pro hac vice, which I was unable to address prior
3    to having this conference.  You may nevertheless enter an
4    appearance today and just note that your pro hac vice
5    application is pending.
6         If for some reason there are any parties who do not
7    appear, this call is being recorded, and the transcript will
8    available for their review.
9         So let me start first with United States v. Apple,
10   as I said, 24-4055, and I'll first ask for one appearance of
11   an attorney for the United States.
12        MR. LASKEN:  Good afternoon, Your Honor.  May it
13   please the Court, Jonathan Lasken counsel for the United
14   States, Lasken, L-a-s-k-e-n, Jonathan, J-o-n-a-t-h-a-n.
15        THE COURT:  Thank you very much and good afternoon.
16        Next for the State of New Jersey.
17        MS. PITT:  Good afternoon, Your Honor, Isabella
18   Pitt, representing the New Jersey Attorney General.  And I am
19   also joined by the Minnesota -- counsel for the Minnesota
20   Attorney General.  And we are here jointly to speak on behalf
21   of the plaintiff states.
22        THE COURT:  Okay.  I'll be doing all of the
23   talking, so I just need an appearance.
24        So, Ms. Pitt, you're on behalf of New Jersey and
25   Minnesota?

```
 1              MS. PITT:  No.  Minnesota is also appearing, but
 2   we're on behalf of all of the plaintiff states.
 3              THE COURT:  All right.
 4              And for the State of Arizona?
 5              MS. PITT:  Only the State of New Jersey is going to
 6   be appearing with Minnesota --
 7              THE COURT:  Okay.  For which states?  Sorry,
 8   Ms. Pitt.
 9              Just tell me for what states.  For every other
10   state?
11              MS. PITT:  Yes.
12              THE COURT:  Okay.  Great.
13              All right.
14              And then I'll skip to defendant Apple.
15              MR. PRIMIS:  Your Honor, this is Craig Primis from
16   Kirkland & Ellis for Apple.
17              THE COURT:  Okay.  Good afternoon.
18              MR. PRIMIS:  Good afternoon.
19              THE COURT:  All right. So moving on to Goldfus v.
20   Apple, 24-4108, may I have an appearance for plaintiff,
21   please.
22              MS. BARTLETT:  Good afternoon, Your Honor.  This is
23   Caroline Bartlett from Carella Byrne on behalf of plaintiff.
24              THE COURT:  Good afternoon to you.
25              And for Apple in that case?
```

1          MR. KLEINBRODT:  Good afternoon, Your Honor.  This
2    is Julian Kleinbrodt from Gibson Dunn & Crutcher on behalf of
3    Apple.
4          THE COURT:  Okay.  Would you please spell your last
5    name, sir.
6          MR. KLEINBRODT:  Yes, Kleinbrodt is
7    K-l-e-i-n-b-r-o-d-t.  And for the sake of expediting, I
8    appear for Apple in all of these follow-on class actions
9    today.
10         THE COURT:  Okay.  And all of 10 class actions,
11   you're Apple's counsel?
12         MR. KLEINBRODT:  Correct, Your Honor.
13         THE COURT:  Okay.  Very good.
14         All right.
15         So on Ultra Home Set LLC, may I have an appearance
16   for the plaintiff.
17         MS. BARTLETT:  Again, Your Honor, this is Caroline
18   Bartlett on behalf of plaintiffs from Carella Byrne.
19         THE COURT:  Thank you, Ms. Bartlett.
20         And on Kolinsky v. Apple, 24-4232, an appearance
21   for plaintiff, please --
22      (Simultaneous conversation)
23         THE COURT:  Start over again.
24         MR. BALL:  Gordon Ball for the plaintiffs, and my
25   pro hac is pending.

```
 1                    THE COURT:  Okay.
 2                    MR. BALL:  And that was Dan -- who also is on the
 3    phone.
 4                    THE COURT:  Okay.  Could you spell your name, sir.
 5                    MR. BALL:  B-a-l-l, Gordon Ball.  B-a-l-l.
 6                    THE COURT:  Okay.  Very good.  Thank you.
 7                    And for the plaintiff in Levine v. Apple, may I
 8    have one appearance, please.
 9                    MR. HEO:  Good afternoon, Your Honor.  This is
10    Andrew Heo for plaintiff Louis Levine.  That's Heo.
11                    THE COURT:  Say that again, please.
12                    MR. HEO:  Andrew Heo for plaintiff Louis Levine.
13    H-e-o, last name.
14                    THE COURT:  Okay.  Thank you.
15                    And for plaintiff in Kurtz v. Apple.
16                    MR. BARILE:  Good morning, Your Honor.  This is
17    Peter Barile of Lowey Dannenberg for Stacey Kurtz.  I'm
18    appearing pro hac vice.  My last name is spelled B-a-r-i-l-e.
19                    THE COURT:  Very good.  Thank you.
20                    And may I have plaintiff's counsel in Watson.
21                    MR. GITTLEMAN:  Good afternoon, Your Honor.  This
22    is Jeffrey Gittleman from Pogust Goodhead.  It's
23    G-i-t-t-l-e-m-a-n.
24                    THE COURT:  Okay.  Good afternoon.
25                    And next for plaintiff in Moody.
```

1          MR. GRUNFELD:  Good afternoon, Your Honor.  This is
2  Ken Grunfeld from Kopelowitz Ostrow on behalf of Moody and
3  other Moody plaintiffs.
4          THE COURT:  Okay.  And spelling, please,
5  Mr. Grunfeld.
6          MR. GRUNFELD:  Sure.  My last name is Grunfeld,
7  G-r-u-n-f-e-l-d.
8          THE COURT:  Okay.  So did you say Moody and another
9  case?  I missed that last part.
10         MR. GRUNFELD:  No.  There are other named class
11  representatives in the Moody case.
12         THE COURT:  Okay.  Got it.  I understand.  Thank
13  you.
14         And in the Siano case, may I have an appearance for
15  plaintiff.
16         MS. SCULLION:  Good afternoon, Your Honor.  This is
17  Jennifer Scullion from Seeger Weiss.  It's S-c-u-l-l-i-o-n.
18         THE COURT:  Good afternoon.
19         And for Melkowski, an appearance for the plaintiff,
20  please.
21         MR. SCHWARTZ:  Good afternoon, Your Honor.  It's
22  Steve Schwartz from the Chimicles Schwartz firm.  And that's
23  S-c-h-w-a-r-t-z.
24         THE COURT:  Thank you.
25         And, finally, for the plaintiff in Crocco.

1        MR. ALBERT:  Good afternoon, Your Honor.  This is
2   Lee Albert.  It's A-l-b-e-r-t is the last name.  I'm here for
3   the plaintiff Matthew Crocco from the firm Glancy Prongay &
4   Murray.
5        THE COURT:  Okay.  Very good.  Thank you, everyone.
6        So as you know, I convened this conference for the
7   purpose of making disclosures pursuant to the Code of Conduct
8   governing U.S. judges.  So just by way of the canons that
9   potentially apply to judicial disclosures in similar
10  situations, Canon 3C(1)(c) of the Code of Conduct provides
11  that a judge shall disqualify herself if "the judge knows
12  that the judge, individually or as a fiduciary, or the
13  judge's spouse or minor child residing in the judge's
14  household, has a financial interest in the subject matter in
15  controversy or in a party to the proceeding, or any other
16  interest that could be affected substantially by the outcome
17  of the proceeding."
18        Similarly, Canon 3C(1)(d)(iii) provides that a
19  judge shall disqualify herself if "the judge or the judge's
20  spouse or a person related to either within the third degree
21  of relationship, or the spouse of such a person is known by
22  the judge to have an interest that could be substantially
23  affected by the outcome of the proceeding."
24        Further, pursuant to Canon 3D, "instead of
25  withdrawing from the proceeding, a judge disqualified by

```
 1   Canon 3C(1) may ... disclose on the record the basis of
 2   disqualification.  The judge may participate in the
 3   proceeding if, after that disclosure, the parties and their
 4   lawyers have an opportunity to confer outside the presence of
 5   the judge, all agree in writing or on the record that the
 6   judge should not be disqualified, and the judge is then
 7   willing to participate.  The agreement should be incorporated
 8   in the record of the proceeding."
 9              I do not believe I have any recusable conflict here
10   under the foregoing judicial canons, but I feel it
11   appropriate to make disclosures anyway in an abundance of
12   caution.
13              Specifically, my husband, whose name is Christian
14   Wettre, is an executive at a corporation called Sugar,
15   spelled like the spice, CRM.  Apple is a customer of his
16   company.  However, my husband's compensation is not based in
17   any direct manner on Apple.  Further, to the best of my
18   knowledge, neither his income nor his employment status would
19   be substantially affected by the outcome of these
20   proceedings.
21              In addition, neither I nor any member of my
22   household has any other financial interest in Apple; no stock
23   or anything of that nature.
24              Although not a basis for conflict, I will add that
25   I and my members of my household do use Apple products.
```

1              I represent that SugarCRM's business relationship
2   with Apple will not have any impact on my ability to be fair
3   and impartial in these proceedings as the Magistrate Judge.
4              Therefore, I do not believe that my recusal is
5   required under the Code of Conduct.  But it is always best,
6   in my view, to reveal at the outset of the case any
7   information that might give pause to a party in having the
8   judge remain assigned to the case.  So it is in that spirit
9   that I make these disclosures.
10             So now I'm going to ask you to please advise your
11  clients of these disclosures so that they may take a position
12  on my continuing to serve as the Magistrate Judge on these
13  cases.  And the position of your party you represent should
14  be in writing and filed on the docket in your respective
15  cases on or before April 30th, 2024.
16             If you have any questions pertaining to your
17  client's decision in this regard, please submit those
18  questions in writing on the docket before that date -- namely
19  before April 30th -- so that I may respond to the extent
20  necessary or appropriate.
21             So that's all I have for you.  And thanks to
22  everyone for appearing on short notice on this call so I can
23  make disclosures.
24             Okay.  I did not plan to have a Q&A session because
25  I do want any questions submitted in writing.  But I don't

1  want to muffle anyone who feels it necessary to say something
2  before I end the phone call.
3           All right.  Hearing nothing, I will wish you a good
4  day and a good weekend.  Thank you.
5                    (Conclusion of proceedings)

1                        Certification

2       I, SARA L. KERN, Transcriptionist, do hereby certify

3  that the 17 pages contained herein constitute a full, true,

4  and accurate transcript from the official electronic

5  recording of the proceedings had in the above-entitled

6  matter; that research was performed on the spelling of proper

7  names and utilizing the information provided, but that in

8  many cases the spellings were educated guesses; that the

9  transcript was prepared by me or under my direction and was

10 done to the best of my skill and ability.

11      I further certify that I am in no way related to any of

12 the parties hereto nor am I in any way interested in the

13 outcome hereof.

14

15

16

17

18   s/ *Sara L. Kern*                          29th of April, 2024
     _____      _____
19   Signature of Approved Transcriber                Date

20

21
   Sara L. Kern, CET**D-338
22 King Transcription Services, LLC
   3 South Corporate Drive, Suite 203
23 Riverdale, NJ  07457
   (973) 237-6080
24

25