FRCP 11 (c) Letter to defense counsel before motion for sanctions by TaiMing Zhang
2:24–cv–04055

Observing that both the plaintiff and defendant filed letters in informal format without double spacing, I won't bother to double space this. I'll drop other formal stuff too.

1. Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 provides us with authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings." Gadda v. Ashcroft, 377 F.3d 934, 943 n.4 (9th Cir. 2004). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." Id. (citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." Id. (internal citations omitted). Indeed, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." Id. (citation omitted).

2. It is important to note that the defense lawyers can be personally sued for not dropping what they are charged with in this letter before motion.

3. Earlier, I filed emergency motion to dismiss dkt 58. It shows that the DOJ does not have the right to bring this suit for they have left serious crimes by the defendant including explosions, fraud, torture, and others uninvestigated. Apple has admitted to these accusations thru failure to deny.

4. Against the context that it was shown the DOJ lacked right to bring suit, any arguments on the facts and laws of the suit requiring response IS needless increase of cost of litigation. This is noted. As the precedent says, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." Of course, with the plaintiff's right to sue inexistent, arguing this VOID lawsuit is actually unmeritorious.

5. The defense counsel is given 21 days to drop their unmeritorious motion to dismiss.

6. Further, as the gov't has stated, Apple has grandly misstated facts and laws. Apple also had been intentionally causing delays and been non-compliant in working with the other side per court orders. The judge set that counsels mustn't file motions to dismiss before conference in order to prevent frivolous arguments. Apple however, didn't refrain from misstatements of facts and laws. This is another ground for sanctions.

I'm sure the gov't's opposition will point out exactly how they're misstatements. But it is noted that even the ones that HAVE so far been pointed out are false (in the pre motion procedures) are remained. Not dropping them is heinous and audacious.

7. For the avoidance of any doubts, it is asked that the counsel are ordered PERSONALLY to pay under 28 U.S.C. § 1927.

Signed TaiMing Zhang