# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, et al., *Plaintiffs,* v. APPLE, INC. *Defendant.* | Civil Action No. 2-24-cv-04055 (JXN-LDW) |

# PLAINTIFFS' OPPOSITION TO NON-PARTY MOTION TO DISMISS, MOTION FOR INJUNCTION, ARGUENDO MOTION TO INTERVENE; EX PARTE MOTION FOR SERVICE BY US MARSHALS AND OTHER RELIEF (DKT. 58)

## INTRODUCTION

On June 3, 2024, Taiming Zhang, acting *pro se,* filed a motion in this action titled "[M]otion to dismiss; motion for injunction; arguendo motion to intervene; ex parte motion for service by US Marshals and other reliefs." Dkt. 58 ("Mot."). Mr. Zhang made a supplemental filing on June 17, 2024. Dkt. 59 ("Suppl."). In short, Mr. Zhang asserts that the United States of America, nineteen States, and the District of Columbia (together "Plaintiffs") should have filed criminal charges against Defendant Apple, Inc. ("Apple")—rather than the civil antitrust claims at issue in this case—and seeks either to intervene in this action, have the case dismissed, or obtain an injunction compelling Plaintiffs to prosecute Apple criminally. *See generally* Mot. ¶ 29.

Mr. Zhang's requests for relief do not satisfy the relevant legal standards and as such, he is not properly an intervenor in this action. Notably, Mr. Zhang's articulated claims do not share common questions of law or fact with this antitrust enforcement action, the motion to dismiss he advances does not satisfy applicable procedural requirements, and he cannot commit the Plaintiffs' investigatory and prosecutorial resources to his preferred ends.

The parties have conferred and agree that Mr. Zhang has not satisfied the legal standards for intervention or any other related relief.

## BACKGROUND

Mr. Zhang is a resident of China who owns an iPhone. Mot. ¶¶ 11, 27. He contends that Apple's products contain various defects that render them dangerous to consumers. *Id*. ¶ 2. He further asserts, among other things, that Apple has "committed fraud, assault, torture, importation with false statements and other serious federal crimes." *Id*. Mr. Zhang previously sued Apple in 2023 alleging similar facts. *Id*. In that action, the court denied Mr. Zhang's application to proceed *in forma pauperis* on the grounds that "Plaintiff's complaint contains allegations that are frivolous and fails to state a claim on which relief may be granted." *See Zhang v. Apple Inc.*, 2023 WL 11799971, at *2 (N.D. Cal. Apr. 11, 2023). Mr. Zhang's action was later dismissed for failure to pay the filing fee. *Zhang v. Apple Inc.*, 2023 WL 3792639, at *2 (N.D. Cal. June 2, 2023).

Based on these allegations, Mr. Zhang seeks the following: (1) to have this action dismissed with prejudice for the purpose of "<u>encouraging or urging or inciting for [*sic*] the DOJ to investigate the serious crimes [committed by Apple]</u>," Mot. ¶ 22 (emphasis in original), (2) to intervene as a party if the case is not dismissed, and (3) "an injunction that unless and until the DOJ investigates and concludes my criminal complaints, the DOJ mustn't have any actions at all including civil rights actions, monopoly actions, other civil or criminal charges less

serious than the uninvestigated explosions and frauds, against the defendant, or its employees in official capacity." *Id.* ¶ 29.[1]

## ARGUMENT

### A. MR. ZHANG'S PURPORTED CLAIMS DO NOT SHARE A COMMON QUESTION OF LAW OR FACT WITH THIS ACTION AND THEREFORE HE DOES NOT MEET THE REQUIREMENTS FOR INTERVENTION

Federal Rule of Civil Procedure 24 governs intervention in pending federal actions. Under Rule 24(a), a court "must permit" intervention by a party who "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Alternatively, a court "may permit" intervention if the petitioner "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "A motion to intervene . . . must state the grounds for intervention and be accompanied by a

---

[1] Mr. Zhang also includes what may be a request for *in forma paupera* status. *See* Mot. ¶¶ 27, 29. Plaintiffs do not address this request because *in forma paupera* status is committed to the discretion of the Court. *See generally* 28 U.S.C.S. § 1915(a).

pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Mr. Zhang appears to be seeking permissive intervention under Rule 24(b)(1)(B). *See* Mot. ¶¶ 11-12 (claiming "common question[s] of law or fact" with Plaintiffs' case). Whether to grant permissive intervention under Rule 24(b) is a "highly discretionary decision." *King v. Governor of the State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014). In exercising that discretion, courts "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Bacon v. Avis Budget Grp., Inc.*, 2022 WL 2158964, at *2 (D.N.J. June 15, 2022) (citations omitted). "The court [also] must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Mr. Zhang does not meet the standard for permissive intervention. He has neither "a claim [n]or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Mr. Zhang asserts that his claim that Apple's products are dangerous is "highly evident as to whether Apple's monopoly causes difficulty in switching devices." Mot. ¶ 11. In fact, Mr. Zhang's allegations—which concern "explosions of iPhones" and "terrorism crimes," *id*. ¶¶ 8-9—are entirely remote from the civil antitrust claims asserted by Plaintiffs,

*see generally* Dkt. 1 (Compl.). Indeed, Mr. Zhang's motion seeks to halt this case and compel the United States to investigate *different*, criminal allegations against Apple instead. *See* Mot. ¶¶ 12-14, 30-31.

Moreover, members of the public like Mr. Zhang "are not entitled to intervene simply to advance their own ideas of what the public interest requires. In federal antitrust litigation, it is the United States, not private parties, which 'must alone speak for the public interest.'" *U.S. v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (quoting *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42, 49 (1925)). Mr. Zhang's belief that his claims against Apple are "more serious than whatever the DOJ is bringing now in this suit," Mot. ¶ 12 (emphasis in original), is not sufficient to override this standard.

For this reason, courts consistently deny motions by private parties for leave to intervene as plaintiffs in government enforcement actions, even where they might share a common interest with the government. *See Sam Fox Publishing Co., Inc. v. United States*, 366 U.S. 683, 693 (1961) (finding no reason to subvert "the unquestionably sound policy of not permitting private antitrust plaintiffs to press their claims against alleged violators in the same suit as the Government"); *United States v. Hartford-Empire Co.*, 573 F.2d 1, 2 (6th Cir. 1978); *United States v. Visa U.S.A., Inc.*, 2000 WL 1174930, at *1-2 (S.D.N.Y. Aug. 18, 2000) (denying motion by Discover for intervention because "in government antitrust actions, courts have

uniformly recognized that the government represents the public interest in competition, unless a private party makes an extraordinary showing to the contrary."). The same principle is true here, especially when the proposed intervenor's allegations are so vastly different from the ones brought by the United States in the instant action.

Finally, although his motion appears to be for permissive intervention, to the extent Mr. Zhang claims he is entitled to intervention of right under Rule 24(a), his motion fails to demonstrate either a statutory right to intervene or "(1) a sufficient interest in the litigation; (2) 'a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action'; and (3) that its interest is not adequately represented by the existing parties to the litigation." *Pennsylvania v. President of United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018) (quotation omitted); Fed. R. Civ. P. 24(a).

For the foregoing reasons, the motion to intervene should be denied.

### B. AS A NON-PARTY, MR. ZHANG CANNOT DISMISS THIS ACTION, AND HIS CLAIM UNDER THE APA HAS NO DISCERNIBLE LEGAL BASIS

Mr. Zhang further seeks to have this Court "dismiss the case with prejudice" for the purpose of compelling the United States to investigate Apple's alleged criminal conduct. Mot. ¶ 19. Mr. Zhang appears to argue that "the filing of this lawsuit by the DOJ" is an "agency action" that is "arbitrary, capricious, [and] an

abuse of discretion" under the Administrative Procedures Act (APA) and therefore should be set aside by the Court. Mot. ¶¶ 12-13 (citing 5 U.S.C. § 706(2)). This argument is incorrect.

It is well established that "the Attorney General's discretionary decision to file [a] lawsuit cannot give rise to an action under the APA." *United States v. Estate of Hage*, 810 F.3d 712, 720 (9th Cir. 2016). The APA permits judicial review of "agency action" "so long as the 'agency action is [not] committed to agency discretion by law,' . . . and the action is a 'final agency action.'" *Chehazeh v. AG of the United States*, 666 F.3d 118, 126-27 (3d Cir. 2012) (quoting 5 U.S.C. § 704). Plaintiffs' decision to file this civil antitrust lawsuit against Apple satisfies neither of these elements because it is a decision "committed to agency discretion" and does not represent "final agency action." [2]

*First*, "litigation decisions are generally committed to agency discretion by law, and are not subject to judicial review under the APA." *City of Oakland v. Lynch*, 798 F.3d 1159, 1165 (9th Cir. 2015) (alteration omitted). Plaintiffs' "decision[] whether to take enforcement action" falls squarely within the Department of Justice's discretion and is therefore "presumptively immune from

---

[2] Nor does Mr. Zhang claim to have "suffer[ed] legal wrong *because of agency action*." 5 U.S.C. § 702 (emphasis added). Any alleged harm Mr. Zhang may have suffered results from Apple's conduct, not the filing of this lawsuit. Mot. ¶ 17 ("I am being physically injured by the defendant EVERY DAY, for close to ten years now.").

judicial review under the Administrative Procedure Act." *Harmon Cove Condo. Asso. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

*Second*, initiating a lawsuit is not a "final" action under the APA. There are "two conditions that generally must be satisfied for agency action to be 'final' under the APA": first, "the action must mark the consummation of the agency's decisionmaking process"; and second, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *United States Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). The mere filing of a lawsuit has "no legal force or practical effect upon [the defendant's] daily business other than the disruptions that accompany any major litigation" and therefore is not a final agency action for purposes of the APA. *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 242 (1980) (FTC's issuance of an administrative complaint was not final agency action); *see also Endo Pharms., Inc. v. FTC*, 345 F. Supp. 3d 554, 560 (E.D. Pa. 2018) (filing an enforcement action is not "final" under the APA "because it does not determine any rights or obligations and has no legal consequences") (collecting cases).

For these reasons, the request to dismiss this action should be denied.

**C. MR. ZHANG DOES NOT MEET THE LEGAL STANDARDS FOR AN INJUNCTION**

Finally, Mr. Zhang seeks "an injunction that unless and until the DOJ investigates and concludes my criminal complaints, the DOJ mustn't have any actions at all including civil rights actions, monopoly actions, other civil or criminal actions <u>less serious than the uninvestigated explosions and frauds, against the defendant, or its employees in official capacity</u>." Mot. ¶ 29. Mr. Zhang cannot compel the Department of Justice to criminally investigate or prosecute a corporation or its employees, much less prevent other civil or criminal actions from going forward. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

For this reason, the request for an injunction should be denied.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Mr. Zhang's "[M]otion to dismiss; motion for injunction; arguendo motion to intervene."

Respectfully submitted,

s/ Jonathan Lasken
JONATHAN LASKEN
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: Jonathan.Lasken@usdoj.gov

PHILIP R. SELLINGER
United States Attorney

s/ J. Andrew Ruymann
J. Andrew Ruymann
Assistant United States Attorney
U.S. Attorney's Office
402 East State Street, Room 430
Trenton, NJ 08608
Telephone: (609) 989-0563
Email: John.Ruymann@usdoj.gov

*Attorneys for Plaintiff United States of America*


MATTHEW J. PLATKIN
Attorney General of New Jersey

s/ Isabella R. Pitt
Isabella R. Pitt (NJ Bar No. 071002013)
Deputy Attorney General
Assistant Section Chief of Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Isabella.Pitt@law.njoag.gov

*For Plaintiffs States of New Jersey, Arizona, California, Washington, D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, et al.,<br><br>　　　　　*Plaintiffs,*<br><br>v.<br><br>APPLE, INC.<br><br>　　　　　*Defendant.* | Civil Action No. 2-24-cv-04055<br>(JXN-LDW) |

## CERTIFICATE OF SERVICE

I hereby certify that the above brief and this Certificate of Service were served upon Mr. Taiming Zhang and defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K. Winn Allen, Esq. 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on August 30, 2024.

　　　　　　　　　　　　　　　　　　BY: s/ Jonathan Lasken
　　　　　　　　　　　　　　　　　　JONATHAN LASKEN
　　　　　　　　　　　　　　　　　　Assistant Chief
　　　　　　　　　　　　　　　　　　Civil Conduct Task force
　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　Antitrust Division
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff United States*