

**WALSH PIZZI O'REILLY FALANGA**

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

August 30, 2024

**VIA ECF**
Honorable Julien X. Neals, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   *United States v. Apple Inc.*, No. 2:24-cv-04055-JXN-LDW (D.N.J.)

Dear Judge Neals:

Defendant Apple Inc. writes in response to (i) Dkt. No. 58, filed by *pro se* non-party Taiming Zhang and styled as a "motion to dismiss; motion for injunction; arguendo motion to intervene; ex parte motion for service by US Marshals and other reliefs; all motions WITHOUT HEARING"; (ii) Dkt. Nos. 59 and 93, additional "exhibits" related to Mr. Zhang's motion; and (iii) Dkt. No. 92, a letter from Mr. Zhang threatening to move for Rule 11 sanctions against Apple's counsel for making "any arguments on the facts and laws of the suit requiring response," including Apple's recent motion to dismiss. Mr. Zhang is not a party to this matter.

Mr. Zhang, who appears to be a resident of Dalian, Liaoning, China, requests a variety of relief, including that this action be dismissed. But as a non-party, Mr. Zhang cannot seek any relief in this action unless he is first permitted to intervene. Although Mr. Zhang purports to "apply to intervene," ECF No. 58 ¶ 1, he also asserts that the Court can and should decide his dispositive motion without deciding whether he can intervene in the first place. *Id.* ("[T]he motion to intervene . . . will be moot with the case dismissed. The motion to dismiss should be dealt with first."). That is incorrect. As the Supreme Court recently noted, "non-parties typically cannot do much of anything in a lawsuit." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023). Intervention, therefore, is a prerequisite to Mr. Zhang seeking any of the relief requested in his filings, including his threatened request for Rule 11 sanctions,[1] and his motion falls far short of satisfying the standards for intervention under Rule 24 of the Federal Rules of Civil Procedure.

---

[1] *See New York News, Inc. v. Kheel*, 972 F.2d 482, 488 (2d Cir. 1992) (explaining that "a non-party and a non-participant in the action could not move for sanctions unless he satisfied the intervention requirements of Rule 24"); *see also Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir. 1990) ("Because, as we have discussed, [movants] were not parties to the action in district court, they lack standing to move for rule 11 sanctions . . . for actions taken in the district court.").

Honorable Julien X. Neals, U.S.D.J.
August 30, 2024
Page 2

The Federal Rules of Civil Procedure do not permit Mr. Zhang to intervene in this case. Rule 24 provides for intervention of right and, under certain circumstances, permissive intervention. Among other things, all motions to intervene must comply with the "notice and pleading" requirement of Rule 24(c). Mr. Zhang's request does not meet any of the conditions that would allow intervention and is procedurally deficient. The parties have conferred and agree that Mr. Zhang has not satisfied the legal standards for intervention or any other related relief.

### I.   Mr. Zhang Has No Right To Intervene In This Case.

Under Rule 24(a), any person is entitled to intervene who "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Mr. Zhang identifies no federal statute giving him an unconditional right to intervene, and Apple is aware of none. Nor has Mr. Zhang identified any interest that would be impaired by a disposition of this action—that is, an "interest, relating to the property or transaction which is the subject of the action that is significantly protectable." *Williams v. Advanced Urgent Care*, 2017 WL 1326138, at *5 (E.D. Pa. Apr. 11, 2017) (denying *pro se* litigant's motion to intervene). And even if Mr. Zhang had such an interest, he also has not and cannot establish that such interest is not adequately represented by the existing parties.[2] Mr. Zhang therefore does not meet the requirements for intervention as a matter of right.

### II.   The Court Should Not Permit Mr. Zhang To Intervene In This Case.

Under Rule 24(b), a court may also permit a non-party to intervene where the non-party "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). However, even if a non-party meets that standard, the court has "broad discretion" to deny a motion for intervention. *See Transource Pennsylvania, LLC v. Dutrieuille*, 2022 WL 2235466, at *3 (3d Cir. June 22, 2022). Regardless, Mr. Zhang does not meet Rule 24(b)'s standard.

Mr. Zhang does not identify any conditional statutory right to intervene under Rule 24(b)(1)(A), and Apple is aware of none. Nor do Mr. Zhang's claims share a common question of law or fact with the claims brought by Plaintiffs. Mr. Zhang claims that there are two common questions: (1) "whether Apple's monopoly causes difficulty in switching devices" and (2) "whether or not the DOJ has the right to bring this lawsuit." ECF No. 58 ¶¶ 11-12. But supposed "difficulty in switching devices" has no bearing on the issues Mr. Zhang raises; indeed, Mr. Zhang repeatedly emphasizes the fundamental *difference* between what he describes as the "less serious" antitrust issues raised in Plaintiffs' complaint and the separate "criminal complaints" he wishes to

---

[2] *See Williams*, 2017 WL 1326138 at *4 (denying *pro se* litigant's request to "intervene as a matter of right because he has failed to (1) identify a defense for which intervention is sought, (2) demonstrate that he has a sufficient interest in the litigation; and (3) demonstrate that defendant inadequately represents any such interest"); *United States v. Penny Lane Partners, L.P.*, 2008 WL 11510417, at *1 (D.N.J. Feb. 4, 2008) (denying *pro se* litigants' motion to intervene as a matter of right when they had not identified any rights that "were not adequately protected" in the action); *United States ex rel. O'Donnell v. Bank of Am. Corp.*, 2012 WL 5974137, at *1-2 (S.D.N.Y. Nov. 27, 2012) (similar).

pursue. *Id.* ¶¶ 28–31. Similarly, there is no nexus between questions about the Justice Department's authority to bring this specific case and any of Mr. Zhang's accusations against Apple. *Id.* ¶ 12. Mr. Zhang therefore has no basis for permissive intervention.[3]

### III. Mr. Zhang's Motion Is Procedurally Deficient.

Finally, Mr. Zhang has not complied with the procedural requirements for intervention. Rule 24(c) requires that a motion for intervention "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). But rather than filing such a pleading, Mr. Zhang has stated that he "shouldn't have to re-file" and has referred the Court to a complaint that he filed in a different, previously dismissed case against Apple in the Northern District of California. ECF No. 58 ¶¶ 2, 7; *see* Complaint, *Zhang v. Apple Inc.*, 3:23-cv-00972, ECF No. 1 (N.D. Cal. March 2, 2023); *Zhang v. Apple Inc.*, No. 23-CV-00972-TLT, 2023 WL 11799971, at *2 (N.D. Cal. Apr. 11, 2023) (denying leave to proceed *in forma pauperis* because "the Court finds that Plaintiff's complaint contains allegations that are frivolous and fails to state a claim on which relief may be granted."); *Zhang v. Apple, Inc.*, No. 23-15740, 2024 WL 2816495, at *1 (9th Cir. June 3, 2024) (affirming district court's denial of application to proceed *in forma pauperis*). That is not adequate under Rule 24, and that procedural deficiency alone is reason to deny Mr. Zhang's motion to intervene. *See JLS Equities LLC v. River Funding, LLC*, 2020 WL 1503403, at *1 (D.N.J. Jan. 2, 2020) (Wettre, J.) (holding that "any motion [to intervene] filed without a proposed pleading is procedurally deficient under Rule 24(c)" and denying motion).

\* \* \*

For the foregoing reasons, Apple respectfully requests that the Court deny Mr. Zhang's request to intervene. Because Mr. Zhang is not a party and should not be permitted to intervene as a party, Apple also requests that any other relief sought by Mr. Zhang, including without limitation any threatened request for sanctions, be denied because it is not properly before the Court. *See Pearah v. Intercontinental Hotel Grp. PLC*, 2016 WL 3548147, at *2 (D.N.J. June 29, 2016) (denying motion to dismiss by non-party); *Lacy v. Bacci*, 2024 WL 1494443, at *4, *7 (E.D. Pa. April 5, 2024) (same); *Kase v. Columbia Cnty. Ct.*, 2020 WL 5506005, at *3 (M.D. Pa. July 30, 2020) (same).

Respectfully submitted,

*/s/ Liza M. Walsh*
Liza M. Walsh

---

[3] *See, e.g.*, *Resol. Tr. Corp. v. Clarke*, 1992 WL 111139, at *2 (E.D. Pa. May 11, 1992) (denying permissive intervention where *pro se* litigant failed to identify conditional statutory right or common questions of law and fact, and noting "the prejudice to the original parties that would result" because "any common issues of law or fact would be dwarfed by the full array of claims that [the movant] desires to present"); *United States ex rel. O'Donnell*, 2012 WL 5974137, at *2 (denying permissive intervention to *pro se* litigant and noting that "it is highly unlikely that . . . intervention will contribute to the development of the underlying suit or to the just and equitable adjudication of the Government's claims for relief.").

Honorable Julien X. Neals, U.S.D.J.
August 30, 2024
Page 4

        Douglas E. Arpert
        WALSH PIZZI O'REILLY FALANGA LLP
        Three Gateway Center
        100 Mulberry Street, 15th Floor
        Newark, New Jersey 07102
        Tel.: (973) 757-1100
        Email: lwalsh@walsh.law
        Email: darpert@walsh.law

        Craig S. Primis, P.C.
        Winn Allen, P.C.
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, DC 20004
        Tel.: (202) 389-5000
        Email: craig.primis@kirkland.com
        Email: winn.allen@kirkland.com

        Devora W. Allon, P.C.
        Alexia R. Brancato
        KIRKLAND & ELLIS LLP
        601 Lexington Avenue
        New York, NY 10022
        Tel.: (212) 446-4800
        Email: devora.allon@kirkland.com
        Email: alexia.brancato@kirkland.com

        *Attorneys for Defendant Apple Inc.*

cc:    All Counsel of Record (via ECF)