# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td><b>Chambers of</b><br><b>Leda Dunn Wettre</b><br><b>United States Magistrate Judge</b></td>
<td><b>Martin Luther King Federal Building</b><br><b>& U.S. Courthouse</b><br><b>50 Walnut Street</b><br><b>Newark, NJ 07101</b><br><b>(973) 645-3574</b></td>
</tr>
</table>

September 9, 2024

To:   All parties of record

### LETTER ORDER

Re:   <u>*United States v. Apple Inc.*</u>, Civil Action No. 24-4055 (JXN) (LDW)

Dear Litigants:

Before the Court is *pro se* movant TaiMing Zhang's "motion to dismiss; motion for injunction; arguendo motion to intervene; ex parte motion for service by US Marshals and other reliefs." (ECF 58, 59, 98). The United States, the Plaintiff-States, and defendant Apple Inc. all timely opposed the motion. (ECF 96, 97). This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered all written submissions, Zhang's motion to intervene is **DENIED**, rendering his various requests for relief moot.

Briefly, this is an antitrust action brought by the United States Department of Justice and the Attorneys General of twenty States against Apple for alleged monopolization of the smartphone market in the United States. (Am. Compl., ECF 51). Zhang is a resident of China and is not a party to this action but styles himself as an interested party. (Motion ¶¶ 1, 27, ECF 58). In March 2023, Zhang sued Apple in the United States District Court for the Northern District of California for physical injuries and civil rights violations purportedly caused by Apple's sale of iPhones. *See Zhang v. Apple Inc.*, No. 3:23-cv-00972-TLT, 2023 WL 11799971, at *1 (N.D. Cal. Apr. 11, 2023). Finding that the "complaint contains allegations that are frivolous and fails to state a claim on which relief may be granted," the District Court denied Zhang's application to proceed *in forma pauperis*. *Id.* at *2. Following an unsuccessful appeal to the Ninth Circuit, Zhang filed the instant motion. *See Zhang v. Apple Inc.*, No. 23-15740, 2024 WL 2816495, at *1 (9th Cir. June 3, 2024) (affirming denial of Zhang's *in forma pauperis* application). Zhang alleges that Apple's iPhones overheat, produce high frequency sounds, and explode. (Motion ¶¶ 2, 8-9). He seeks dismissal of this action as well as an injunction preventing the Department of Justice from pursuing any other litigation against Apple, seemingly in an effort to force the federal Government to undertake a criminal investigation into his allegations that Apple "committed fraud, assault, torture, importation with false statements, and other serious federal crimes," including "terrorism crimes," by marketing defective products. (*Id.* ¶¶ 2, 9, 28).

Zhang "appl[ies] to intervene" but he contends that the "motion to intervene is arguendo"

and the Court can and should adjudicate his motion to dismiss prior to reaching the question of intervention. (*Id.* ¶ 1). Zhang has inverted the order of operations. A non-party who has not formally intervened in an action has no practical ability to request its dismissal. *See Cellco P'ship & N.Y. SMSA Ltd. P'ship v. Cty. of Monmouth, N.J.*, 23-cv-18091 (JBD), 2024 WL 989824, at \*3 (D.N.J. Mar. 7, 2024) ("Intervenors filed a motion to dismiss Verizon's complaint for lack of subject matter jurisdiction and failure to state a claim. Because Intervenors were not parties to the action, however, the Court administratively terminated the motion to dismiss pending a decision on the motion to intervene."). *Cf. U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 424 (2023) (finding that even in *qui tam* actions where it is the real party in interest, Government must intervene to request dismissal). As intervention is a prerequisite to the other relief Zhang seeks, the Court addresses that motion first.

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right by any person who (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Zhang has not identified any federal statute that grants him the right to intervene in an antitrust action brought by the Department of Justice and several States. Nor does Zhang assert any legally cognizable interest that would be impaired by the disposition of state and federal antitrust claims against Apple. *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987). To the extent he has any such interest, he has not demonstrated that the governmental plaintiffs cannot adequately represent it. Accordingly, Zhang has not established a right to intervene under Rule 24(a). *See U.S. v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (noting that members of the public "are not entitled to intervene simply to advance their own ideas of what the public interest requires. In federal antitrust litigation, it is the United States, not private parties, which 'must alone speak for the public interest'" (quoting *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42, 49 (1925))).

Rule 24(b) of the Federal Rules of Civil Procedure provides for permissive intervention by any person who (1) "is given a conditional right to intervene by a federal statute" or (2) "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to grant permissive intervention is "highly discretionary." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992). Again, Zhang has not identified any federal statute that grants him a conditional right to intervene in this antitrust action. Zhang did not submit a proposed pleading as required by Rule 24(c) of the Federal Rules of Civil Procedure so it is difficult to discern precisely what his claims are, but they appear to be based on his dissatisfaction with the performance of iPhones and are entirely distinct from the question of whether Apple has maintained an illegal monopoly over the smartphone market. Indeed, Zhang contends that his allegations against Apple "are far far far more serious than whatever the DOJ is bringing now in this suit." (Motion ¶ 12). The two purported common questions of law or fact Zhang highlights in support of intervention – *i.e.* "whether Apple's monopoly causes difficulty in switching devices" and "whether or not the DOJ has the right to bring this lawsuit" – bear no relation to the substance of his complaints about Apple and iPhones. (*Id.* ¶¶ 11-12). Therefore, the Court finds no basis to permit Zhang, as a private individual residing in China, to intervene in this governmental antitrust enforcement action under Rule 24(b).

Zhang's motion to intervene (ECF 58) is **DENIED**.   As Zhang is not a party to this action, his motion to dismiss and for an injunction (ECF 58) and informal motion for Rule 11 sanctions against defense counsel (ECF 92) are moot and his opposition to Apple's motion to dismiss the amended complaint (ECF 93) will be disregarded.   Following service of this Order, the Clerk of Court is directed to remove Zhang from the list of parties who receive notices of electronic filings in this matter.

It is **SO ORDERED**.

_s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig:   Clerk
cc:     Hon. Julien Xavier Neals, U.S.D.J.