**WALSH**
**PIZZI**
**O'REILLY**
**FALANGA**

**THREE GATEWAY CENTER**
100 Mulberry Street, 15ᵗʰ Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

October 2, 2024

**VIA ECF**
Honorable Julien X. Neals, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.)

Dear Judge Neals:

Apple respectfully submits this letter to seek clarification regarding whether Apple employees will be permitted to present at the November 6, 2024 technology tutorial. Because that will impact the proposed format of the tutorial, clarifying this issue now will help streamline the parties' discussions and preparation of their forthcoming joint letter pursuant to the Court's September 23, 2024 Order (ECF No. 118). Plaintiffs seek to limit both sides to presentations from counsel only, but that approach will curtail the educational value of the tutorial by denying the Court an opportunity to learn about the relevant technologies from the people who know them best. Employee presentations will be helpful to the Court, will not prejudice Plaintiffs, and are frequently permitted in non-evidentiary proceedings such as this. For these reasons, and those explained below, Apple requests that the Court permit Apple employees to present at the tutorial.

This case involves allegations about a wide variety of Apple's products, services, and design choices, many of which implicate complex technological issues. The First Amended Complaint contains allegations regarding Apple's App Store, Application Programming Interfaces ("APIs"), near-field communication ("NFC"), short message service ("SMS"), Apple Pay, iMessage, and Apple Watch, just to name a few. *See, e.g.*, First Am. Compl. (ECF No. 51) ¶¶ 3, 9, 43, 45, 80, 94, 107, 111. Given that the goal of the tutorial is to aid the Court's understanding of the technical aspects of these Apple products, services, and features, the Court should have the option to hear from the people who know the technology best: Apple employees.

Permitting presentation by Apple employees with relevant technical knowledge is consistent with the Court's discretion to design a tutorial that fits its needs. *See* Federal Judicial Center, *Tutorials on Science and Technology* at 6 (2018) (courts may "consider

Honorable Julien X. Neals, U.S.D.J.
October 2, 2024
Page 2

a variety of formats tailored to the . . . technology at issue").  And courts frequently permit non-lawyer presentations in education-focused proceedings like this one.  *See, e.g.*, Meta Platforms, Inc.'s Relevant Markets Tutorial Submission at 2, *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal. Feb. 17, 2023), ECF No. 454 (identifying Meta's Chief Marketing Officer and Vice President of Analytics as presenter at tutorial on relevant markets); Order, *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000-RDP, MDL No. 2406 (N.D. Ala. Nov. 24, 2021), ECF No. 2872 (ordering tutorial "to further educate the court" via presentations from "attorneys and client representatives"); Notice, *United States v. Microsoft Corp.*, No. 00-5212 (D.C. Cir. Oct. 18, 2000), ECF No. 550906 (court proposing that "technical representative[s]" from each side assist in educational presentation); *see also* Standing Order for Claim Construction in Patent Cases before Judge James Donato (N.D. Cal. Jan. 5, 2017) (noting that "[i]nventors, company personnel and individuals who work directly with the technology are often good candidates" for presenting at science and technology tutorials).

Presentations from Apple employees also will not prejudice Plaintiffs.  The parties can stipulate that the tutorial is not evidence, meaning it will not be part of the evidentiary record and cannot be relied on by any party in subsequent proceedings.  *See* Federal Judicial Center, *supra*, at 11 (noting that courts may direct that tutorials "be conducted off-record" and "hav[e] the parties stipulate that statements made will not bind the parties or be used in later proceedings").  Nor does precluding cross-examination of Apple employees cause prejudice.  Courts routinely disallow cross-examination as part of educational tutorials.  *See id.* (noting that tutorials "are usually held without cross-examination"); Jan. 3, 2024 Hr'g Tr. 7:11–8:17, *Nevakar Injectables, Inc. v. InfoRLife SA*, No. 2:22-cv-06886-JXN-SDA (D.N.J. Feb. 27, 2024), ECF No. 120 (declining to permit cross-examination of tutorial witnesses when discovery had not concluded); Case Management Order No. 11 (Science Day) at 2, *In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, No. 2:19-md-02921-BRM-JAD, MDL No. 2921 (D.N.J. May 26, 2020), ECF No. 115 ("There will be no cross-examination of any expert witness used by either Party."); Case Management Order No. 5 (Science Day) at 2, *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, No. 2:16-md-02750-BRM-LDW, MDL No. 2750 (D.N.J. Mar. 21, 2017), ECF No. 57 ("The presenters will not be questioned by each other or opposing counsel.").  Plaintiffs have also already indicated that they will reserve time from their presentation to respond to Apple's presentation, and Apple has no objection to that, further mitigating any potential prejudice.

In discussions with Apple on this topic, Plaintiffs have cited cases in support of their concerns about prejudice, but none of those cases involve tutorials.  This is not a dispute about whether the "opportunity to depose, question, or otherwise obtain discovery" is required in the ordinary course of litigation.  *See Larry v. City of Mobile*, 2021 WL 5167293, at *3 (S.D. Ala. Nov. 5, 2021).  Indeed, the purpose of an educational tutorial is not to develop the evidentiary record.  *See* Taxotere Science Day Protocol at 2, *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 2:16-md-02740-JTM-MBN, MDL No. 2740 (E.D. La. June 6, 2018), ECF No. 2778 (stating that "[t]he Federal Rules of Evidence will not be enforced" during tutorial presentations).  And Plaintiffs' reliance on another case, *In re Paoli Railroad Yard PCB Litigation*, is similarly misplaced.  35 F.3d 717 (3d Cir.

Honorable Julien X. Neals, U.S.D.J.
October 2, 2024
Page 3

1994).  The issue there was whether experts could testify at an *in limine* hearing without affording the other side an opportunity to depose them in advance, and whether the court could rely on their testimony to exclude evidence from trial.  *Id.* at 739.  Those issues are not present here.

Apple agrees with the position previously expressed by DOJ in another antitrust case: a technology tutorial should be "a non-adversarial presentation of relevant technical information to prepare the Court for the adversarial proceedings to follow."  Pls.' Second Mot. Seeking Relief to Facilitate Efficient Trial Preparation at 6, *United States v. AT&T Inc.*, No. 1:11-cv-01560-ESH (D.D.C. Nov. 23, 2011), ECF No. 91.  To the extent there is any conceivable prejudice to Plaintiffs, the solution is not to prohibit Apple employees from presenting, but to implement appropriate safeguards, which courts routinely do.  For example, courts sometimes (i) limit the availability of tutorial transcripts to the court itself; (ii) provide that presentations cannot be cited or referenced in later proceedings; or (iii) preclude the use of presentations as evidence or for impeaching a witness who later testifies.  *See* Stipulation & Order Governing Expert Tutorial at 3, *FTC v. Kroger Co.*, No. 3:24-cv-00347-AN (D. Or. July 23, 2024), ECF No. 199 (ordering that tutorial transcript and submitted materials "may [not] be cited or used in this litigation or any parallel litigation" and are not "admissible for any purpose . . . including but not limited to the impeachment of any expert or lay witness"); Case Management Order No. 5 (Science Day) at 2, *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, No. 2:16-md-2750-BRM-LDW, MDL No. 2750 (D.N.J. Mar. 21, 2017), ECF No. 57 ("Neither the transcript nor the presentations shall be discoverable, admissible, used in any fashion for impeachment purposes or for collateral attack on any presenter, or for any purpose in the litigation other than for the Court's benefit to gather informal knowledge . . . ."); Taxotere Science Day Protocol at 2, *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 2:16-md-02740-JTM-MBN, MDL No. 2740 (E.D. La. June 6, 2018), ECF No. 2778 (stating that tutorial would not be transcribed but that the court may videotape the proceedings and "[o]nly the Court may use the video"); Status Conference Court Minutes at 2, *In re Fluoroquinolone Prods. Liab. Litig.*, No. 0:15-md-02642-JRT, MDL No. 2642 (D. Minn. Sept. 23, 2016), ECF No. 287 (providing that science day "transcript would not be an official transcript and could not be ordered").  All of those options are available in this case.

For these reasons, Apple requests that the Court permit Apple employees to present at the technology tutorial.  Pursuant to the Court's September 23, 2024 Order (ECF No. 118), Apple will continue to work with Plaintiffs to prepare a joint letter outlining the format for the tutorial by October 25.  Because the issue of employee presentations will inform the tutorial's format, the Court's guidance on this matter would be beneficial to the parties as they prepare that joint submission.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

Honorable Julien X. Neals, U.S.D.J.
October 2, 2024
Page 4

cc:      Hon. Leda Dunn Wettre
         All Counsel of Record (via ECF and Email)