

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

October 7, 2024

**VIA ECF**

Honorable Julian X. Neals, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States of America, et al. v. Apple Inc.*, **No. 2:24-cv-04055 (JXN-LDW)**
             **Letter Regarding Witnesses at the Upcoming Technology Tutorial**

Dear Judge Neals:

      Plaintiffs respectfully submit this letter in opposition to Apple's novel request for its employees to participate as presenters in the upcoming tech tutorial. ECF No. 127. Before discovery has commenced, Apple proposes to present what is effectively one-sided testimony through its employees, who are potential future fact witnesses and understandably have an interest in this litigation. To be sure, plaintiffs welcome the participation of fact witnesses at the appropriate stage, and the testimony of employees from Apple and other industry participants will feature prominently at trial. But Apple's proposed approach at this early juncture has no apparent precedent for good reason: it is premature and risks distracting from what should be a straightforward educational exercise. The Court should deny Apple's request and direct the parties to present tutorials through counsel.

      Early educational tutorials can be helpful settings for receiving background information on key technological concepts or other foundational information in a given case. Educational briefings "can assist with case management by previewing the issues that the court will need to manage later in the litigation." Federal Judicial Center, Tutorials on Science and Technology, 4 (2018) ("FJC Manual").[1] The tutorial should "focus on scientific principles and not advocacy." *Id.* at 8.

---

[1] https://www.fjc.gov/content/331991/tutorials-science-and-technology (last visited Oct. 7, 2024).

1

It is therefore no surprise that educational tutorials are commonly presented by counsel alone, especially in antitrust cases. *E.g., United States v. Google LLC*, No. 1:20-cv-3010 (D.D.C. Sept. 13, 2022), Hr'g Tr., Sept. 8, 2022, at 1-6, et seq., 132, et seq., ECF No. 393; *Pro. Drug Co., Inc. v. Wyeth, Inc.*, No. 3:11-cv-5479 (D.N.J. Apr. 25, 2018), ECF No. 501 ("The parties have conferred and respectfully suggest that an economics tutorial presented by counsel would be the better course."); *see also Janssen Pharms., Inc., et al v. Mylan Lab'ys Ltd.*, No. 2:20-cv-13103 (D.N.J. Nov. 17, 2022), Hr'g Tr., Nov. 17, 2022, ECF No. 126. In some limited instances, expert witnesses have been used because they have broad economic or scientific knowledge. Defendant cites the technology tutorial in *United States v. AT&T, Inc.*, No. 1:11cv01560 (D.D.C. Nov. 23, 2011), but *expert* witnesses, not future fact witnesses, presented that tutorial. *See id.* ECF. Nos. 91 & 93 (tutorial conducted by experts in part "to make the presentations optimally educational"). There does not appear to be any disagreement that involving expert witnesses at this early stage would be premature.

While the FJC Manual identifies a "number of ways" to choose "presenters," it contemplates those "presenters" being only counsel and expert witnesses, FJC Manual at 7. It does not contemplate the participation of unsworn future fact witnesses, let alone party witnesses with a clear interest in the litigation. That is for good reason: the goal of a tutorial is to educate the Court on underlying scientific or economic concepts, not to receive an individual witness's perspective on these concepts.

Experienced counsel are fully capable of educating the Court on technical subjects, and they routinely do so. *See, e.g., Orexo Ab v. Sun Pharms., et al.*, No. 3:20-cv-12588 (D.N.J. Dec. 12, 2022), Hr'g Tr., at 3, 4, ECF No. 292 (tutorial presentation made by counsel); *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-cv-17000, MDL No. 1535 (N.D. Ohio Dec. 9, 2003), ECF No. 63 at 31 (directing counsel to present an audio/video background tutorial on technical and scientific issues); *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co.*, No. 2:12-cv-859 (E.D. Pa. April 2, 2014), Mem. Order, at 4, ECF No. 143 (following technology tutorial presented by counsel for both sides, court appointed an independent technical advisor). Apple's counsel are sophisticated, have been engaged with the facts of the Complaint through the investigation, and are more than able to incorporate information from their client in an educational briefing to the Court.

Apple's request demonstrates the difficulty in justifying what it proposes. Its own case citations fail to identify a single court that has allowed presentations from a litigant's own employees prior to the start of discovery, and plaintiffs are aware of none. Of the dozens of cases Apple relies on, only two contemplate fact witnesses presenting at an educational tutorial at all. In both instances, the presentation occurred well after fact discovery was underway. *See Klein v. Meta Platforms, Inc*., No. 3:20-cv-08570 (N.D. Cal. Nov. 11, 2022), ECF No. 379 (fact witness tutorial scheduled during fact discovery); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000, MDL No. 2406 (N.D. Ala. Sept. 21, 2027, and Feb 15, 2022), ECF Nos. 1567 & 2900 (fact witness tutorial scheduled after close of fact discovery). Apple mistakenly claims a third case, *United States v. Microsoft Corp.*, No. 00-5212 (D.C. Cir. Oct. 18, 2000), Notice, ECF No. 550906, involved fact witnesses, but it did not. There the D.C. Circuit scheduled an educational "review session" conducted by an expert advisor who expressly "ha[d] no interest in th[e] litigation." *Id.* Fact witnesses from the litigants were merely permitted to "meet and confer with [the expert] to consult" on "materials to be covered and the substantive content," but they were not presenters.

Apple's proposal to include future party witness statements to the Court also falls apart in the details. Given that Apple employees are potential future fact witnesses, any information from those individuals is appropriately developed through discovery and cross-examination (neither of which Apple proposes now) and is most helpful to the factfinder when considered in the context of a complete factual record. The adversarial system relies on cross-examination to permit challenges to "a witness' credibility . . . [by] demonstrat[ing] that the witness is biased," lacks foundation, or is testifying beyond her personal knowledge. *Pennsylvania v. Ritchie*, 480 U.S. 39, 62 (1987) (Blackmun, J. concurring). The Federal Rules are designed to support this truth-finding exercise by permitting parties to "obtain the fullest possible knowledge of the issues and facts before" they are presented. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). "They together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

These principles counsel against Apple's proposal to present employee testimony at an educational tutorial because Apple employees are interested parties, and presenting their testimony before discovery risks receiving disputed or biased information that may later be contradicted or disputed by other fact witnesses.

Further, this case involves certain technologies developed by third parties that Apple employees may lack personal knowledge or adequate expertise to present on reliably. Given these limitations, what Apple proposes to do at this stage would not advance the goal of educational tutorials because it would necessarily be incomplete.

Apple's position that "the parties can stipulate that the tutorial would not be evidence," ECF No. 127 at 2, does not solve these problems. Regardless of whether the testimony is evidence, it is still designed to educate the Court prior to a bench trial, and therefore it puts form over substance for Apple to say the Court should learn from and rely on its employees' testimony but not label it "evidence." By contrast, because presentations from counsel are never evidence, a tutorial presented by counsel ensures that the line between testimony and tutorial is not blurred.

Apple's proposed approach also raises more questions than answers about how the statements of Apple employees would be handled later in this case. Apple fails to address whether these statements would be sworn, whether they would be admissible against Apple, whether the employees participating could be subsequently impeached with their statements, or whether the employees have a duty to correct inaccuracies, as they would following a deposition. Apple suggests that "appropriate safeguards" would resolve these complexities, but they would not. Giving party employees a free shot at testifying to their views of the technology at issue, without any cross-examination or subsequent impeachment, as Apple suggests, would make Apple's presentation *less* reliable, not more. By the same token, making the testimony sworn and usable later would cause the proceeding to resemble an evidentiary hearing rather than a tutorial and risks miring the Court in needless disputes.

Apple's proposal deviates from the norm and the facts and circumstances here do not justify such deviation. Any presentations from potential future fact witnesses at this stage—

3

particularly without discovery and cross-examination—would be premature and risks distracting from the educational purpose of the tutorial with disputed issues. For these reasons, plaintiffs respectfully submit that counsel should present the technology tutorials.

        Respectfully submitted,

        */s/ Jonathan H. Lasken*
        Jonathan H. Lasken
        Assistant Chief, Civil Conduct Task Force
        United States Department of Justice
        450 Fifth Street, NW, Suite 4000
        Washington, D.C. 20530
        Telephone: (202) 598-6517
        Email: jonathan.lasken@usdoj.gov

        PHILIP R. SELLINGER
        United States Attorney

        */s/ J. Andrew Ruymann*
        J. Andrew Ruymann
        Assistant United States Attorney
        U.S. Attorney's Office
        402 East State Street, Room 430
        Trenton, NJ 08608
        Telephone: (609) 989-0563
        Email: John.Ruymann@usdoj.gov

        MATTHEW J. PLATKIN
        Attorney General of New Jersey

        */s/ Isabella R. Pitt*
        Isabella R. Pitt (NJ Bar No. 071002013)
        Deputy Attorney General
        Assistant Section Chief of Antitrust
        New Jersey Office of the Attorney General
        124 Halsey Street, 5th Floor
        Newark, NJ 07101
        Telephone: (973) 648-3070
        Isabella.Pitt@law.njoag.gov

        *Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

PHILIP R. SELLINGER
United States Attorney

BY: JONATHAN LASKEN
Assistant Chief
Civil Conduct Task Force
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8600
Washington, DC 20530
*Attorney for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>APPLE INC.<br><br>　　　　*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

　　I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allon, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on October 7, 2024.

　　　　　　　　　　　　　　　　　　　　BY: *s/ Jonathan H. Lasken*
　　　　　　　　　　　　　　　　　　　　Jonathan H. Lasken
　　　　　　　　　　　　　　　　　　　　Assistant Chief
　　　　　　　　　　　　　　　　　　　　Civil Conduct Task force
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Antitrust Division
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff United States*