## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| United States of America, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>Apple Inc.,<br><br>                      Defendant. | Case No. 2:24-cv-04055 (JXN) (LDW) |

## NON-PARTY GOOGLE LLC'S OBJECTION
## TO THE PARTIES' PROPOSED PROTECTIVE ORDERS

Non-Party Google LLC ("Google") submits this objection to the Parties' proposed protective orders. *See* Plaintiffs' Proposed Protective Order, ECF No. 117-1; Apple's Proposed Protective Order, ECF No. 117-2. The proposed protective orders do not adequately protect highly confidential and competitively sensitive information that the Parties will seek from Google and that Google has already produced to the United States during its pre-Complaint investigation.

It is evident from the pleadings in this lawsuit that the Parties will seek competitively sensitive information from Google. According to Plaintiffs' Complaint, "[t]he only other significant mobile operating system in the United States is Google's Android;" and "only two companies (Google and Samsung) remain as meaningful competitors to Apple in the premium smartphone market." Complaint ¶¶ 127, 158, ECF No. 51. In total, the word "Google" or "Android" appears more than forty times in the Complaint, including in sections concerning messaging, smartwatches, digital wallets, etc. *See, e.g.*, *id.* ¶¶ 80, 87, 91, 92, 93, 96, 98, 99, 113. Apple's motion to dismiss similarly confirms that Apple is expected to seek competitively

sensitive information from Google.  Apple characterizes Google as a "global behemoth" that "own[s] . . . the world's dominant mobile operating system" and a "powerful competitor[] to Apple."  Motion to Dismiss at 3, 36, ECF No. 86-1.

In the ongoing antitrust lawsuit the United States and various States filed against Google, *United States, et al. v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C.) (the "*U.S. v. Google* Case"), Apple argued in support of a more stringent protective order than either of the orders proposed here, noting that "Google is . . . a fierce competitor to Apple in the development of mobile operating system software, app stores, and mobile devices," and, on that basis, demanded that none of Google's in-house counsel be given access to Apple's highly confidential information.  Ex. A, Apple's Position Statement on Protective Order, *U.S. v. Google* Case, ECF No. 47 ("Apple Position Statement") at 2, 5.  In response to such arguments from Apple and other third parties, the court entered a Protective Order that prevented the disclosure of Apple and other third parties' highly confidential information produced during discovery to any Google employees, including in-house counsel.  Ex. B, Stipulated Protective Order, *U.S. v. Google* Case, ECF No. 98 ("*U.S. v. Google* Case Protective Order").  The Court here should do likewise and modify the proposed protective orders submitted by both Apple and Plaintiffs because neither adequately addresses Google's confidentiality interests.

The Parties' proposed protective orders are inadequate in the following four aspects.

***First***, under both proposed protective orders, Google's highly confidential, competitively sensitive information would be accessible to "four (4) In-House Attorneys for Apple," based solely on Apple's representation that the In-House Attorneys are not "involved in business decisions"—a term that is only vaguely defined.  Plaintiffs' Proposed Protective Order ¶ 21(e); Apple's Proposed Protective Order ¶ 22(e).  The proposed protective orders do not adequately

address the substantial risk that disclosure of Google's highly confidential information to any employees of Apple, including its in-house counsel, would result in material harm to Google.

As Apple informed the court in *U.S. v. Google*, "[c]ourts . . . have regularly prevented in-house counsel from accessing highly sensitive information from non-parties in antitrust actions." Ex. A, Apple Position Statement at 4. Courts in this Circuit have concluded that "[w]here parties are represented by outside counsel, courts have little trouble balancing the harms in protective order disputes, often readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information." *Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies, Inc.*, 2016 WL 2904592, at *5 (D. Del. May 18, 2016);[1] *see also New York v. Microsoft Corp.*, 2002 WL 31628220, at *2 (D.D.C. Nov. 18, 2002) (rejecting Microsoft's proposal on ground of "fundamental fairness" to allow its in-house counsel access to third-party produced materials).

Nor does Apple's offer to have its in-house counsel represent that he/she is not "involved in business decisions" provide adequate protections. In-house counsels' "continuing employment often intimately involves them in the management and operation of the corporation of which they are a part." *F.T.C. v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 668 (N.D. Ill. 2016) (quoting *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)). Thus, "merely insisting that one is not 'involved in competitive decision-making' cannot pretermit

---

[1] *See also In re Novartis & Par Antitrust Litig.*, 2019 WL 5722055, at *10-11 (E.D. Pa. Nov. 5, 2019) (denying in-house counsel access to highly confidential materials produced by a non-party); *Universal Delaware, Inc. v. Comdata Corp.*, 2010 WL 2330284, at *5 (E.D. Pa. June 4, 2010) (protective order providing that "[d]ocuments designated 'Highly Confidential' may not be disclosed to in-house counsel (or any other employee of the parties) without the written consent of the producing party"); *Stasicky v. S. Woods State Prison*, 2006 WL 3486827, at *2 n.1 (D.N.J. Nov. 30, 2006) ("The court recognizes that litigants often enter into protective orders that stipulate that highly confidential documents can be designated 'attorneys eyes only' . . . .").

inquiry into the underling facts or serve as a shibboleth the mere invocation of which permits access to Highly Confidential Information." *Advocate Health Care Network*, 162 F. Supp. 3d at 669. Indeed, while risk from inadvertent disclosure of confidential information may be "one that a party must, of necessity, endure," "it is not one that a nonparty ought to be forced to take where the party seeking the information is its foremost competitor . . . ." *Id.* at 670.

The risks of inadvertent disclosure are significant and the consequences potentially very damaging given the nature of the information that has already been produced and likely will be sought from Google in this case. As courts around the country have recognized, "good intentions are insufficient to prevent inadvertent disclosure of confidential information because it is not possible for counsel to lock-up trade secrets in her mind." *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) (cleaned up); *see also Advocate Health Care Network*, 162 F. Supp. 3d at 670 ("The inescapable reality is that once . . . a lawyer . . . learns the confidential information that is being sought . . . he cannot perform a prefrontal lobotomy on himself . . . ."). And, as Apple stated, "[t]here is substantial risk that it would be impossible for Google's in-house counsel to disentangle their duty to provide zealous legal advice . . . from the highly confidential business information learned about Apple's analysis, considerations, and economic incentives . . . ." Ex. A, Apple Position Statement at 5.

To adequately address Google's confidentiality interests, Google requests that Apple's proposed protective order be modified[2] such that in-house counsel of Apple should not be

---

[2] Because Google believes a two-tier confidentiality structure is appropriate for this case, in the interest of convenience, Google describes its proposed revisions by reference to Apple's proposed protective order (which also contains a two-tier confidentiality structure).

allowed to access information designated as Highly Confidential.  This can be achieved by striking out paragraph 22(e) of Apple's proposed protective order.[3]

**Second**, Apple's proposed protective order allows dissemination of "Confidential Information"—a lower tier than "Highly Confidential Information" in Apple's proposal—to all of "Apple's In-House Attorneys working on this Action" and "representatives of Apple who are officers, directors, or employees of Apple, as well of their immediate staff" based on their unilateral determination that such disclosure is "reasonably necessary."  Apple's Proposed Protective Order ¶ 21(e)-(f).

Apple's proposal is strikingly overbroad.  With respect to the non-legal personnel, Apple's proposal would allow Google's "Confidential Information"—defined to include Google's "confidential research or commercial information," *id.* ¶ 2(b)—to be shared with Apple's executive leadership and Board members.  The prejudice that will result from such disclosure is self-evident, particularly when the Complaint alleged that Apple engaged in anticompetitive conduct and that Google is one of "only two companies" that "remain as meaningful competitors to Apple."  Compl. ¶ 127.

With respect to in-house counsel, Apple's proposal would allow Google's "Confidential Information" to be accessed by "Apple's In-House Attorneys working on this Action."  Apple's Proposed Protective Order ¶ 21(e).  Such a broad definition would in all likelihood encompass

---

[3] In the alternative, should the Court determine that access by Apple's In-House Counsel to Google's Highly Confidential Information may, in certain limited circumstances, be warranted, Google requests that the Court strike out paragraph 22(e) of Apple's proposed protective order and include a provision that allows Apple to request disclosure of Highly Confidential Information either by (1) consent of a designating party or (2) motion with the Court upon showing of a particularized need that outweighs the risk of harm to the designating party or the public interest.  The latter provision is provided in, for example, paragraph 17 of the *U.S. v. Google* Case Protective Order.  *See, e.g.*, Ex. B, Stipulated Protective Order, *U.S. v. Google* Case, ECF No. 98, ¶ 17.

Apple's in-house attorneys that work closely with—and advise on—Apple's business and product teams, including those relating to Apple's mobile operating system, mobile device, messaging, smartwatch, and digital wallet teams that are at issue in this case. The protective order should not allow access to Google's confidential information to "anyone who was positioned to advise the client as to business decisions that the client would make regarding, for example, pricing, marketing, or design issues . . . ." *F.T.C. v. Whole Foods Market, Inc.*, 2007 WL 2059741, at *2 (D.D.C. July 6, 2007).

To adequately address Google's confidentiality interests, Google requests that Apple's proposed protective order be modified as follows: (1) striking out paragraph 21(f) relating to "representatives of Apple who are officers, directors, or employees of Apple"; and (2) revising paragraph 21(e) relating to "Apple's In-House Attorneys" to limit disclosure to two designated Apple in-house counsel that are not currently involved—and will refrain for a period of time from being involved—in business decisions. Google submits that, with respect to in-house counsel, it is appropriate to impose the same requirements that were imposed by the *U.S. v. Google* court. *See* Ex. B, *U.S. v. Google* Case Protective Order ¶ 12(d).

***Third***, under both proposed protective orders, Highly Confidential Information and Confidential Information can be disclosed to "a deponent or witness in this Action to whom disclosure is reasonably necessary provided that the Receiving Party has a good-faith belief that the deponent or witness was the author or recipient of the document ***or had involvement or responsibilities regarding the subject matter discussed in the document***." Plaintiffs' Proposed Protective Order ¶ 21(f) (emphasis added); Apple's Proposed Protective Order ¶¶ 21(g), 22(f) (emphasis added). The bolded term was undefined.

The vague and open-ended nature of the bolded term is of significant concern to Google. A plain reading of the provision would allow, for example, an Apple executive be shown an

6

internal Google email reflecting strategic discussions about competition with Apple in a product area that, in either the Plaintiffs' or Apple's sole determination, the Apple executive "had involvement or responsibilities."  In contrast, striking out the undefined bolded term carries little prejudice to any party, as the proposed protective order still allows such documents to be shown to "any author, addressee, or recipient or any document or information containing Highly Confidential Information / Confidential Information , if they previously had lawful access to the document or information," Apple's Proposed Protective Order ¶¶ 21(j), 22(i); and "any Person retained by a Party to serve as a testifying or consulting expert in this Action," *id.* ¶¶ 21(l), 22(k).

To adequately address Google's confidentiality interests, Google requests that Apple's proposed protective order be modified to strike out "or had involvement or responsibilities regarding the subject matter discussed in the document" from paragraphs 21(g) and 22(f).  In the alternative, if the Court determines that there are other limited situations where affording access to Confidential Information and Highly Confidential Information to a deponent or witness is warranted, Google submits that it is appropriate to adopt the same requirements that were imposed by the *U.S. v. Google* court.  *See* Ex. B, *U.S. v. Google* Case Protective Order ¶¶ 11(f), 12(g).

**Fourth**, under both proposed protective orders, Highly Confidential Information that Google has already produced during Plaintiffs' pre-Complaint investigation are at risk of being disclosed to Apple employees.  Google previously produced thousands of documents in response to a civil investigative demand issued by the United States.  The production was made without a formal protective order in place; therefore, no determination was made as to whether (and where) the information contained in the documents falls within the different tiers of confidentiality that the Court may adopt.  However, these documents unquestionably contain "information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes the

7

disclosure of which is likely to cause economic harm or competitive disadvantage to the Producing Party." Apple's Proposed Protective Order ¶ 2(f) (definition of "Highly Confidential").

Google's confidentiality interests with respect to these documents are jeopardized under both Parties' proposed protective orders. Under Plaintiffs' proposal, "[a]ll Investigation Materials previously provided by a non-Party Protected Person during an Investigation . . . will be treated as containing Confidential Information"—a designation that allows access to four Apple In-House Attorneys. Plaintiffs' Proposed Protective Order ¶¶ 9, 21(e). Under Apple's proposal, "[a]ll Investigation Materials previously provided by a non-Party Protected Person during an Investigation . . . will be treated as containing Confidential Information . . . or as Highly Confidential if so designated by the non-Party Protected Person." Apple's Proposed Protective Order ¶ 9. Google has not designated the Investigative Materials as Highly Confidential; nor was it in a position to do so before a protective order was in place. Under Apple's proposal therefore, Google's Investigative Materials would be treated as Confidential Information and potentially accessible to Apple's executive leadership, Board members, and all In-House Attorneys. *Id.* ¶ 21(e)-(f).

To adequately address Google's confidentiality interests, Google requests that Apple's proposed protective order be modified to include a provision that allows Google sixty days after the protective order is entered to designate as Highly Confidential Information any Investigative Materials that fits the definition. Google submits that it is appropriate to adopt paragraph 3 of the *U.S. v. Google* Case protective order that contains a similar provision. *See* Ex. B, *U.S. v. Google* Case Protective Order ¶ 3.

*    *    *

For the foregoing reasons, Google respectfully requests that the Court enter a protective order that contains the above-requested modifications.

Dated:  October 8, 2024

Respectfully submitted,

*/s/ Marina C. Tsatalis*
Marina C. Tsatalis
WILSON SONSINI GOODRICH ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Tel.:  212-497-7782
Email:  mtsatalis@wsgr.com

John E. Schmidtlein (*pro hac vice* pending)
Youlin Yuan (*pro hac vice* pending)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
Tel.:  202-434-5000
Email:  jschmidtlein@wc.com
        yyuan@wc.com

*Counsel for Non-Party Google LLC*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2024, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

_/s/ Marina C. Tsatalis_
Marina C. Tsatalis