# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>                              Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA |

### NON-PARTY APPLE INC.'S POSITION STATEMENT ON PROTECTIVE ORDER

Pursuant to the Court's November 11, 2020 Minute Order, Non-Party Apple Inc. ("Apple") submits this position statement regarding the Parties' proposals on a protective order. Apple respectfully requests that this Court adopt a protective order permitting third parties to designate their most sensitive confidential information as "Highly Confidential" material accessible to outside counsel for Defendant Google LLC ("Google") but not to Google's in-house counsel. To the extent the Court adopts Google's proposal, Apple respectfully requests the opportunity and adequate time to make additional objections based upon the specifics of discovery and the in-house counsel Google identifies. There is substantial risk that disclosure of Apple's highly confidential material to employees of Google, including in-house counsel, would result in material harm to Apple.

In response to compulsory process, Apple has produced non-public, highly confidential, competitively sensitive material to the United States Department of Justice (the "DOJ") during its investigation of Google. These materials include information and documents about Apple's highly-negotiated arm's length contracts with Google and its closest search engine competitors, as well as Apple's internal consideration and analysis of search engines relevant to its current

and future business planning and competitive strategies. Based on the allegations made in the Complaint regarding contracts between Apple and Google and Apple's relationship with Google's closest competitors, additional highly confidential information relating to Apple's business is very likely to be sought through the discovery process. *See,* Compl. ¶¶ 45-46, 49, 56, 85-86, 118-22. Because Google is not only a fierce competitor to Apple in the development of mobile operating system software, app stores, and mobile devices, but is also a counterparty to material business agreements for internet search services that are poised to be material points of discovery and dispute in this case, Apple respectfully requests that the Court prevent disclosure of certain highly confidential Apple materials to in-house counsel for Google.

## I. HIGHLY CONFIDENTIAL INFORMATION SHOULD NOT BE DISCLOSED TO GOOGLE'S IN-HOUSE COUNSEL

This case is not a case like *Sysco*, in which competitively sensitive information of non-parties was part of an analysis of competitive dynamics in a market before and after a merger. Rather, specific claims in the Complaint relate to the terms of an operative agreement between Apple and Google which is subject to renegotiation in the future that would necessarily involve in-house counsel at Google. *See* Compl. ¶¶ 118-122. It follows that Apple's highly confidential information sought in discovery would include terms of Apple's agreements with Google's search engine competitors, Apple's projections and financial results relating to its search agreements, and Apple's internal deliberations during adversarial negotiations around agreements with Google and its competitors. Disclosure of this information to Google would directly implicate future business dealings between Apple and Google, provide Google with a substantial advantage over Apple in negotiations, and potentially disadvantage competitor search engines that negotiate with Apple and other software providers. *See*, *United States v. Aetna Inc.*, Case No. 1:16-cv-01494 (JDB), 2016 WL 8738420, at *6 (D.D.C. Sept. 5, 2016) (noting that

2

information about rates negotiated with Defendant's competitors, projections, or cost and profitability data "could provide the Defendants with a significant advantage in future negotiations with these [non-parties]"). Further, because Apple and Google compete in developing mobile operating system software, app stores, and devices, documents about Apple's strategy to optimize user experience and differentiate its products could also give Google a substantial competitive advantage.

Apple has no reason to doubt the integrity of Google's in-house counsel, nor their willingness to comply with a protective order. However, "good intentions are insufficient to prevent inadvertent disclosure of confidential information because it is not possible for counsel to 'lock-up trade secrets in [her] mind.'" *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) (alteration in original) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992)); *see also FTC v. Exxon Corp.,* 636 F.2d 1336, 1350 (D.C. Cir. 1980). Apple acknowledges that this Court adopted a protective order in *Sysco* that permitted access to confidential information for in-house counsel of the defendants who submitted an affidavit certifying that they were not involved in "competitive decision-making." Order at ¶ 4, *FTC v. Sysco Corp.,* Civ. No. 1:15-cv-00256 (APM) (D.D.C. Mar. 5, 2015), ECF No. 48 (citation omitted). However, "fundamental fairness" to the parties in a litigation does not require in-house counsel to have access to highly confidential third-party documents, especially where capable outside counsel of record has access. *New York v. Microsoft Corp.*, No. Civ.A. 98–1233 CKK, 2002 WL 31628220, at *2 (D.D.C. Nov. 18, 2002) (citation omitted); *see also Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 407 (N.D. Ill. 2006) (stating that "attorneys'-eyes-only" protective orders "have become *de rigeur*, at least where outside counsel are to have access to the information"). Courts routinely deny a party's in-house counsel

3

access to non-party confidential information not only when in-house counsel have direct responsibilities for competitive decision-making, but also when in-house counsel report to or advise business decision-makers. *See, e.g.*, *Exxon*, 636 F.2d at 1350 (denying access to in-house counsel because "their continuing employment often intimately involves them in the management and operation of the corporation of which they are a part"); *Intel*, 198 F.R.D. at 530 (denying access to an in-house lawyer who reported to a vice president of defendant with a competitive decision-making role). Courts, including this district, have regularly prevented in-house counsel from accessing highly sensitive information from non-parties in antitrust actions.[1]

As this Court stated in *Sysco*, the critical inquiry is "whether a designated in-house lawyer is '*positioned to advise* the client as to business decisions that the client would make regarding [competitive decision-making].'" *FTC v. Sysco Corp.*, 83 F. Supp. 3d 1, 3 (D.D.C. 2015) (citing *FTC v. Whole Foods Mkt., Inc.*, Civil Action No. 07-1021 (PLF), 2007 WL 2059741, at *2 (D.D.C. July 6, 2007) (emphasis added); *see also U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984). The concern around "competitive decision-making" is "the risk that such information will be used or disclosed inadvertently because of the lawyer's role in the client's business decisions." *Sysco*, 83 F. Supp. 3d at 3. Courts should "preclude access to information to anyone who was positioned to advise the client as to business decisions that the client would make regarding, for example, pricing, marketing, or design issues when that party granted access has seen how a competitor has made those decisions." *Whole Foods,* 2007 WL 2059741, at *2. There is substantial risk that it would be impossible for Google's in-house counsel to disentangle their duty to provide zealous legal advice regarding the

---

[1] *See, e.g.*, *United States v. Aetna*, No. 16-cv-01494, ECF No. 132 (D.D.C. Sept. 30, 2016); *United States v. Anthem*, ECF No. 16-cv-01493, ECF No. 161 (D.D.C. Sept. 26, 2016).

4

Plaintiffs' claims about contractual terms between Apple and Google from the highly confidential business information learned about Apple's analysis, considerations, and economic incentives surrounding its Google contract and contracts with Google's search engine competitors. *See Exxon*, 636 F.2d at 1350 ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."). Thus, there is an "unacceptably high risk of either utilization or inadvertent disclosure . . . to the severe detriment of [a non-party]"; and, at a minimum, it is incumbent on the Defendant to provide an "extraordinary detailing of the circumstances warranting disclosure" and "an explanation of why reliance on the representations and opinions of outside counsel would not be adequate." *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 161-62 (D. Del. 1999). Google has not done so.

Due to the high risk of harm that would result from disclosure of its highly sensitive information to Google, Apple respectfully submits that the issues before the Court in this litigation differ from those in *Sysco* and warrant limiting access to the most sensitive third-party information to Google's outside counsel only. A number of courts have adopted such a two-tier confidentiality system, in which in-house counsel of defendants could not access information marked in a higher confidentiality tier.[2] One recent protective order in an antitrust case applying a two-tier structure *also* required an affidavit confirming "she does not participate in Competitive Decisionmaking for her employer" and would "not participate in negotiations of commercial

---

[2] *See, e.g.*, Protective Order at ¶ A(1)(g)(i), *United States v. Sabre Corp.,* No. 19-cv-1548 (D. Del. Sept. 10, 2019), ECF No. 24; *see also* Protective Order at ¶ 4, *FTC v. Vyera Pharms.,* No. 20-cv-00706, ECF No. 92 (S.D.N.Y. Apr. 20, 2020) Protective Order at ¶ E(2), *New York v. Deutsche Telekom AG,* No. 19-cv-05434 (S.D.N.Y. Aug. 14, 2019), ECF No. 185; Protective Order at ¶ 7.3, *United States v. Bazaarvoice, Inc.,* No. 13-cv-00133, (N.D. Cal. Mar. 4, 2013), ECF No. 35; Protective Order at ¶ 14, *United States v. Am. Express Co.* No. 10-cv-4496, (E.D.N.Y. April 7, 2011), ECF No. 102.

agreements between her employer and any Protected Person" for a specified period of time. Protective Order at ¶ 1(g)(i), *United States v. Sabre Corp.*, No. 19-cv-1548 (D. Del. filed Sept. 10, 2019), ECF No. 24. If this Court adopts a two-tier system, Apple would expect to designate only a subset of documents for the highest tier of protection. Such a system would preserve the ability for Google to later seek access, as it could object to Apple's designations as they pertain to specific documents if disputes about confidentiality designations arise or if Google can articulate a specific justification why in-house counsel must have access to specific information.

**II. GOOGLE'S PROPOSAL DOES NOT ADEQUATELY PROTECT THIRD PARTIES**

Google's proposed Protective Order would have its as-yet unidentified in-house counsel attest that they are not involved in "competitive decision-making," without meaningful definition of the term, rendering their proposal an abstraction. *See* Def.'s Submission Regarding Proposed Protective Order Ex. A, at Annex B ¶ 1, ECF No. 33-1. While Google's draft in-house affidavit states that the undersigned do not have responsibility for "pricing strategies," "strategies to compete with our competitors," and "competition-related issues," *id.*, this language says nothing about whether the in-house counsel have a role related to Google's contracts with Apple or advise those who do. Without even identifying the in-house counsel it proposes should have access to third-party materials, Google argues that because the Court has provided non-parties the opportunity to file position statements, "it is not clear that any further time for notice and objection is necessary" and that additional opportunity to object is "largely redundant." Def.'s Submission Regarding Proposed Protective Order 5-6, ECF No. 33. If this Court does allow in-house counsel access to third-party materials, Apple respectfully submits that it is critical that third parties be afforded at least ten days, as proposed by the DOJ, to raise objections about the individual in-house counsel identified by Google. Such opportunity is not "redundant" because third parties may have objections to specific Google in-house counsel and should be afforded the

6

opportunity to object if necessary to protect their information. Google's vague position around "competitive decision-making," its failure to identify proposed in-house counsel, and insistence on moving with haste, illustrate why the Court should rely on third parties to designate truly sensitive materials as "Highly Confidential" rather than relying on Google, which does not have the same incentives to protect the information. *See FTC v. Advoc. Health Care Network*, 162 F. Supp. 3d 666, 673 (N.D. Ill. 2016) ("neither the FTC nor certainly the defendants had any concern about [third parties'] confidential information" and "the parties had no incentive to take special care of any third parties").

### III. PLAINTIFFS SHOULD NOT BE PERMITTED TO UTILIZE CONFIDENTIAL INFORMATION IN OTHER PROCEEDINGS

Apple objects to the provisions in both parties' proposals that would permit Plaintiffs to disclose third-party confidential information in the course of "any other legal proceeding" in which a Plaintiff is a party and further objects to the Plaintiffs' proposal that Plaintiffs may make such disclosures without providing *any* notice to third parties. The parties have not articulated good reason why the protective order should permit the disclosure of sensitive third-party information in other proceedings, which may not be subject to the same level of confidentiality protections ultimately adopted by this Court.

### CONCLUSION

For the foregoing reasons, Apple requests that the protective order utilize a two tier system which limits Highly Confidential materials to Plaintiffs and outside counsel of Google and that Plaintiffs not be permitted to utilize third-party materials in "any other legal proceeding" in which they are parties. If this Court allows in-house counsel to access third-party highly confidential materials, Apple requests the opportunity to object to Google's proposed in-house counsel ten days after those individuals are identified.

Dated: November 20, 2020

Respectfully submitted,

By: /s/ Steven C. Sunshine
Steven C. Sunshine (D.C. Bar # 450078)
Joseph M. Rancour (D.C. Bar # 1003487)
SKADDEN, ARPS, SLATE MEAGHER
 & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000
Steven.Sunshine@skadden.com
Joseph.Rancour@skadden.com

*Counsel for Non-Party Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, District of Columbia, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

By: /s/ Steven C. Sunshine
Steven C. Sunshine (D.C. Bar # 450078)