# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, et al.,<br><br>　　　　　*Plaintiffs,*<br>　vs.<br><br>APPLE, INC.,<br><br>　　　　　*Defendant.* | **Civil Action No. 2-24-cv-04055 (JXN-LDW)** |

## <u>MEMORANDUM IN SUPPORT OF</u>

## <u>NON-PARTY MATCH GROUP, INC.'S MOTION TO INTERVENE</u>

CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ  07068

HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660

KRESSIN MEADOR POWERS LLC
300 New Jersey Avenue NW, Suite 900
Washington, DC 20001

6762610

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................. 2

III. LEGAL STANDARD ........................................................................................... 4

IV. ARGUMENT ........................................................................................................ 5

    A. Mandatory Intervention Is Appropriate to Protect Non-Party Match Group's and Its Portfolio Companies' Interests in Confidentiality ........................................................................ 5

    B. In the Alternative, Permissive Intervention Is Appropriate to Protect Non-Party Match Group's and Its Portfolio Companies' Interests in Confidentiality ............................................................ 10

V. CONCLUSION ................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)Cases**

*Charlie H. v. Whitman*,
　213 F.R.D. 240 (D.N.J. 2003) ............................................................................... 10

*Cnty. of Cape May v. United States*,
　2024 WL 2818202 (D.N.J. June 3, 2024) ............................................................. 4

*Constand v. Castor*,
　2016 WL 5681454 (E.D. Pa. Oct. 3, 2016) ....................................................... 1, 5

*In re Sealed Case*,
　237 F.3d 657 (D.C. Cir. 2001) ........................................................................... 1, 7

*Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.*,
　2021 WL 11879651 (W.D. Pa. June 22, 2021) ................................................... 11

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*,
　2015 WL 5163035 (D. Del. Sept. 3, 2015) ........................................................ 5, 8

*N.L.R.B. v. Frazier*,
　144 F.R.D. 650 (D.N.J. 1992) ................................................................................ 4

*Northrop Grumman Info. Tech., Inc. v. United States*,
　74 Fed. Cl. 407 (Fed. Cl. 2006) ............................................................................. 6

*Pansy v. Borough of Stroudsburg*,
　23 F.3d 772 (3d Cir. 1994) .................................................................................. 11

*Trbovich v. United Mine Workers of Am.*,
　404 U.S. 528 (1972) ............................................................................................ 2, 8

*United States v. Aetna Inc.*,
　2016 WL 8738420 (D.D.C. Sept. 5, 2016) ........................................................... 7

*United States v. Pitney Bowes, Inc.*,
　25 F.3d 66 (2d Cir. 1994) ....................................................................................... 4

*Warren Hill, LLC v. SFR Equities, LLC*,
　2020 WL 5017642 (E.D. Pa. Aug. 25, 2020) ...................................................... 11

## I. INTRODUCTION

Non-Party Match Group, Inc.[1] ("Match Group") respectfully requests that this Court allow Match Group to intervene in this case for the limited purpose of obtaining protective order provisions preventing Apple employees from accessing highly confidential and competitively-sensitive information produced by Match Group on behalf of its portfolio companies.

Match Group is entitled to mandatory intervention because (i) its application is timely; (ii) it has a significant interest in protecting its confidential and competitively-sensitive information from falling into Apple's hands, *see Constand v. Castor*, 2016 WL 5681454, at *3 (E.D. Pa. Oct. 3, 2016) (A non-party's "interest in confidentiality is sufficient to support limited intervention under Rule 24(a)" where the non-party's "interests are not already represented by an existing party."); (iii) Match Group and its portfolio companies would be irreparably harmed by the disclosure of their confidential information because "[o]nce the information . . . is released, 'the cat is out of the bag,'" *see In re Sealed Case*, 237 F.3d 657, 664 (D.C. Cir. 2001) (citation omitted)); and (iv) Plaintiffs and Apple do not adequately represent Match Group's interests, as Apple seeks to allow its in-house counsel access to non-party materials, and the Plaintiffs do not oppose

---

[1] Match Group, Inc, is a publicly traded company. Match Group is not currently aware of any publicly held entity that owns 10% or more of Match Group's stock.

access to Apple's in-house counsel, *see Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) ("The requirement . . . is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

## II.   BACKGROUND

One of Match Group, Inc.'s subsidiaries, Tinder LLC, owns and operates the online dating brand Tinder, which is the most popular dating brand within the Match Group portfolio. Declaration of Brandon Kressin ("Kressin Decl.") ¶ 3. Tinder is available to users at no charge, including on Apple mobile devices, and Tinder users have the option of purchasing various subscription tiers as well as certain features on an á la carte basis. *Id.* In response to a Civil Investigative Demand from the U.S. Department of Justice relating to monopolization claims against Apple, Match Group, on behalf of its portfolio companies, provided competitively sensitive documents regarding Tinder and other portfolio dating brands under cover of confidentiality. *Id.* ¶ 6. These documents reflect highly sensitive and confidential pricing information and data, user behavior information and data, and detailed financial information pertaining to Match Group's portfolio companies.  The production also included highly sensitive and confidential business and negotiation strategy documents concerning counterparties, including Apple. *Id.* ¶¶ 4, 6, 8.

On August 1, 2024, the Plaintiffs and Apple notified the Court that after "protracted negotiations" lasting "nearly four months," the parties were at an impasse in finalizing a protective order. Dkt. 88 at 2, 8. On August 7, 2024, the Court ordered the parties to submit a protective order and any disputes to the Court by September 20, 2024. Dkt. 94.

Plaintiffs and Apple submitted a joint letter on September 20, 2024, in which they set out their respective positions regarding the scope of access to sensitive information, including information produced by third parties. Dkt. 117 at 5–16. Plaintiffs argued for a single tier of confidentiality that would "allow[] Apple's In-House Attorneys to assist in their client's defense." *Id.* at 6. In the alternative, Plaintiffs proposed that "[i]f the Court is inclined to establish two tiers [of confidentiality], then the Highly Confidential designation should impose even greater restrictions, limiting disclosure to outside counsel only." *Id.* at 8. Apple proposed two tiers, allowing Apple employees and in-house counsel to access "Confidential" materials (tier one) and Apple's unnamed in-house counsel to access "Highly Confidential" material (tier two). *Id.* at 13.

The parties have indicated that they will conduct extensive third-party discovery. *See* Dkt. 88 at 2 ("Apple seeks to serve unlimited deposition subpoenas on third parties"); Dkt. 117 at 11 (arguing regarding "the multitude of third parties that will produce documents in this case"). And Apple has indicated that it desires

- 3 -

6762610

to show non-party materials designated under any protective order to its employees and in-house counsel. Dkt. 117 at 11, 13 (for the "the multitude of third parties that will produce documents in this case," Apple proposes confidentiality tiers that would either let (i) employees and in-house counsel or (ii) in-house counsel to view non-party designated materials).

### III.  LEGAL STANDARD

"Intervention as of right under Rule 24(a)(2) is granted when an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). "Courts liberally construe Rule 24(a) 'in favor of intervention.'" *Cnty. of Cape May v. United States*, 2024 WL 2818202, at *2 (D.N.J. June 3, 2024) (quoting *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992)). Likewise, Rule 24(b) allows courts to exercise their discretion and allow intervention where there is a timely application and the applicant's "claim or defense [] shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## IV.    ARGUMENT

### A.    Mandatory Intervention Is Appropriate to Protect Non-Party Match Group's and Its Portfolio Companies' Interests in Confidentiality

Match Group is entitled to intervention as of right for the limited purpose of seeking protective order provisions limiting access to its competitively sensitive and highly confidential information and documents.

*First*, Match Group's Motion to Intervene is timely, as it is filed approximately two weeks after the Plaintiffs and Apple filed their proposed protective order submissions on September 20, 2024. *See* Dkts. 117, 117-1, 117-2. No protective order has been entered, and the Court has not yet held a hearing on the protective order. Dkt. 125. Match Group understands that sensitive materials that were submitted in response to the U.S. Department of Justice's Civil Investigative Demand have not been produced in this litigation, but will likely be produced after the entry of a protective order. Kressin Decl. ¶ 7.

*Second*, through intervention, Match Group asserts an interest relating to the subject of the action. A non-party's "interest in confidentiality is sufficient to support limited intervention under Rule 24(a)" where the non-party's "interests are not already represented by an existing party." *Constand v. Castor*, 2016 WL 5681454, at *3 (E.D. Pa. Oct. 3, 2016) (granting motion to intervene "as of right"

- 5 -

to protect confidentiality interest); *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, 2015 WL 5163035, at *2 (D. Del. Sept. 3, 2015) (granting motion to intervene as of right where "[c]ourts have found that the threat of disclosure of confidential or privileged information constitutes an interest that may be affected and impaired."); *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006) ("This is not a very high barrier . . . . trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a).").

As a third party that has been served a civil investigative demand from the U.S. Department of Justice, Match Group will seek protection of highly confidential and competitively sensitive non-party business information from disclosure to Apple's employees and in-house counsel, to avoid facilitating the very antitrust violations that the lawsuit is intended to remedy. Moreover, Plaintiffs and Apple have indicated that there will be extensive third-party discovery in this matter. *See* Dkt. 88 at 2 ("Apple seeks to serve unlimited deposition subpoenas on third parties"); Dkt. 117 at 11 (arguing regarding "the multitude of third parties that will produce documents in this case"). As such, Match Group has a material interest in intervening in order to protect its and its portfolio companies' competitively sensitive and highly confidential information and materials.

Additionally, the Plaintiffs and Apple do not represent Match Group's interests. Match Group seeks to prevent Apple's employees and in-house counsel from accessing Match Group and its portfolio companies' competitively sensitive and highly confidential materials, whereas Apple seeks to provide its employees and in-house counsel with access to such non-party information. Dkt. 117 at 11, 13. And the government Plaintiffs do not have the same interests as Match Group or other third parties who seek to prevent disclosure of competitively sensitive materials to Apple's employees and in-house counsel.

*Third*, Match Group would be irreparably harmed by the disclosure of its and its portfolio companies' competitively sensitive information without adequate protections to prevent disclosure to Apple employees, because such a disclosure cannot later be undone. *See* Kressin Decl. ¶¶ 6, 8; *In re Sealed Case*, 237 F.3d 657, 664 (D.C. Cir. 2001) ("Once the information . . . is released, 'the cat is out of the bag.'" (citation omitted)). For example, Match Group—a third party—has been asked to submit highly confidential and sensitive information, including sensitive financial and user data, on behalf of its portfolio companies, disclosure of which could give Apple an unfair advantage in business negotiations and cause irreparable competitive harm. *See* Kressin Decl. ¶¶ 6, 8; *United States v. Aetna Inc.*, 2016 WL 8738420, at *6 (D.D.C. Sept. 5, 2016) ("[C]ost and profitability data for a [non-party] could provide the Defendants with a significant advantage in

future negotiations with these [non-parties]. . . . We are talking about a number of third parties, not targets of any [government] action, who had to give up exceedingly confidential information in response to a government subpoena.").

As Apple has argued when it was similarly situated as a non-party to litigation brought by the government against Google, "Due to the high risk of harm that would result from disclosure of its highly sensitive information to [party] Google, [non-party] Apple respectfully submits that the issues before the Court . . . warrant limiting access to the most sensitive third-party information to Google's outside counsel only." Non-Party Apple Inc.'s Position Statement on Protective Order at 5, *United States v. Google LLC*, Case No. 1:20-cv-03010-APM, Dkt. 47 (D.D.C Nov. 20, 2020) (arguing that even if a party's in-house counsel had access to non-party Apple's information, "[i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.").

*Fourth*, Match Group has an interest not adequately represented by the United States, the plaintiff States, or Apple. "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972); *Merck Sharp & Dohme Corp.*, 2015 WL 5163035, at *2 ("Given that the parties to the above

captioned litigation are competitors of [the third party], [the third party's] interest in maintaining the confidentiality of its protected information is not adequately represented by such parties.").

Match Group seeks to intervene for the limited purpose of obtaining a protective order that prevents Apple employees, including in-house counsel, from gaining access to Match Group's and its portfolio companies' highly sensitive and confidential information. Apple has an interest in securing sensitive non-party information and cannot represent Match Group's interests. And it is not the government's information for which Match Group seeks appropriate protective order provisions but third party sensitive and highly confidential information of Match Group and its portfolio companies, so the government cannot adequately represent Match Group's interests either.

Indeed, in the joint letter submitted to the Court on September 20, 2024 addressing protective order negotiations, neither the government plaintiffs nor Apple included or addressed provisions relating to the disclosure of non-party highly confidential information. *See* Dkt. 117 at 5–16. In contrast, Apple seeks to provide its employees and in-house counsel with access to non-party information. Dkt. 117 at 11, 12 ("What's true for in-house counsel applies also to Apple employees, whose technical knowledge and expertise are needed by outside counsel").

\* \* \*

Accordingly, Match Group meets each of the four elements supporting mandatory intervention, and the Court should grant Match Group's Motion to Intervene as of right.

**B.     In the Alternative, Permissive Intervention Is Appropriate to Protect Non-Party Match Group's and Its Portfolio Companies' Interests in Confidentiality**

Even if the Court finds that Match Group should not be permitted to intervene as of right, the Court should still permit Match Group to intervene permissively.

Rule 24(b) allows this Court to exercise its discretion and allow intervention where there is a timely application and the applicant's "claim or defense [] shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24(b)'s requirement that an applicant's claim or defense and the main action have a question of law or fact in common may be satisfied if its intervention is for the purpose of challenging a confidentiality or protective order." *Charlie H. v. Whitman*, 213 F.R.D. 240, 245 (D.N.J. 2003).

Additionally, the Local Rules favor intervention for non-parties protecting confidential information for purposes of sealing. *See, e.g.*, Civ. Rule 5.3(c)(5) ("Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b)

before the return date of any motion to seal or otherwise restrict public access[.]"); Civ. Rule 5.3(c)(9) ("Any interested person may move pursuant to L. Civ. R. 7.1 and Fed. R. Civ. P. 24(b) to intervene" to "seal or otherwise restrict public access to materials or judicial proceedings"); Notes on Civ. Rule 5.3, subparagraph (c)(4) ("Consistent with *Pansy* [*v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994)], this subparagraph allows a person to move to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure before a motion to seal or to otherwise restrict public access is returnable.").

Courts in this Circuit regularly allow for intervention when a non-party seeks to modify a protective order. *See, e.g.*, *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.*, 2021 WL 11879651, at *2 (W.D. Pa. June 22, 2021) ("The requirements for permissive intervention have been interpreted flexibly when a non-party seeks intervention for the limited purpose of modifying a protective or confidentiality order." (cleaned up)); *Warren Hill, LLC v. SFR Equities, LLC*, 2020 WL 5017642, at *2 (E.D. Pa. Aug. 25, 2020) ("The law in this circuit is well established that a court may grant a motion for permissive intervention under Rule 24(b) solely to allow the intervenor to challenge a protective or confidentiality order so as to obtain access to court documents under seal. . . . We see no reason why the same analysis should not also apply where a third party seeks to prevent disclosure.").

6762610

In the alternative, Match Group meets the requirements for permissive intervention to obtain a protective order that prevents Apple's employees and in-house counsel from accessing Match Group's and its portfolio companies' competitively sensitive and/or highly confidential non-party information.

## V. CONCLUSION

For the foregoing reasons, Match Group respectfully requests that the Court grant its Motion to Intervene for the limited purpose of entering a protective order that protects its and its portfolio companies' highly confidential and/or competitively-sensitive business information from disclosure to Apple's employees and in-house counsel.

6762610

Dated: October 8, 2024

Douglas J. Dixon (*pro hac vice* pending)
Tate Harshbarger (*pro hac vice* pending)
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
(213) 788-4340
ddixon@hueston.com
tharshbarger@hueston.com

Brandon Kressin (*pro hac vice* pending)
KRESSIN MEADOR POWERS LLC
300 New Jersey Avenue NW
Suite 900
Washington, DC 20001
(202) 464-2905
brandon@kressinmeador.com

Respectfully submitted,

*/s/ Marisa Rauchway*
Marisa Rauchway
April Campos
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500
mrauchway@csglaw.com
acampos@csglaw.com

*Counsel for Non-Party Match Group, Inc.*

- 13 -

6762610

## CERIFICATE OF SERVICE

I certify that a copy of the foregoing was served on this date upon all counsel of record via ECF filing.

        CHIESA SHAHINIAN & GIANTOMASI PC
        *Local Counsel for Non-Party Match Group, Inc.*

Dated: October 8, 2024

        By  /s/ Marisa Rauchway
           MARISA RAUCHWAY
           105 Eisenhower Parkway
           Roseland, New Jersey
           (973) 325-1500