# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

UNITED STATES, et al.,

      *Plaintiffs,*

vs.

APPLE, INC.,

      *Defendant.*

**Civil Action No. 2-24-cv-04055 (JXN-LDW)**

## NON-PARTY MATCH GROUP, INC.'S

## REDLINES TO DEFENDANT APPLE INC.'S

## PROPOSED PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES, et al., | |
| *Plaintiffs,* | Civil Action No. 2-24-cv-04055 (JXN-LDW) |
| vs. | |
| APPLE, INC., | |
| *Defendant.* | |

## DEFENDANT'S PROPOSED PROTECTIVE ORDER AND ORDER GOVERNING PRODUCTION OF INVESTIGATION MATERIALS

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Federal Rule of Civil Procedure 26(c)(1), ORDERS as follows:

1.      The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

### A.    Definitions

2.    As used herein:

(a)    "Action" means the above-captioned action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

(b)    "Confidential" or "Confidential Information" means any information, document, or thing, or portion of any document or thing, produced in any Investigation Materials or Litigation Materials that contains (a) Personal Information; or (b) confidential research or commercial information. Provided, however, that any portion of any Investigation Materials or Litigation Materials, except for Personal Information, that has been published or otherwise made publicly available is not Confidential Information.

(c)    "Defendant" or "Apple" means Apple Inc. and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

(d)    "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(e)    "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

(f)    "Highly Confidential" or "Highly Confidential Information" means any information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes the disclosure of which is likely to cause economic harm or competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the Highly Confidential designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents,

testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(g)    "Investigation" means any pre-complaint review, assessment, or investigation of the matters at issue in this Action by the United States or Plaintiff States.

(h)    "In-House Attorney" means any lawyer employed by the Defendant.

(i)    "Investigation Material" or "Investigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the Investigation, including but not limited to documents or information provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14 or any State equivalent CID process that prior to the filing of this Action (a) any non-Party provided to any Party; (b) any Party provided to any non-Party; or (c) any Party provided to any Party.

(j)    "Litigation Material" or "Litigation Materials" means non-privileged documents, data, communications, testimony, or other materials relating to this Action that, after the filing of and during the pendency of this Action, (a) any non-Party provides to any Party, either voluntarily or under compulsory process; (b) any Party provides to any non-Party; or (c) any Party provides to any Party.

(k)    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(l)    "Non-Party Highly Confidential – Outside Counsel Eyes Only" or "Non-Party Highly Confidential – Outside Counsel Eyes Only Information" means any information that is extremely confidential and/or sensitive in nature and the Producing Non-Party reasonably believes the disclosure of which is likely to cause economic harm or competitive disadvantage to the Producing Non-Party.

(m)    "Outside Counsel" means the law firm(s) who represent or are retained by the Defendant, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Defendant that such law firm(s) assign(s).

(mn)    "Party" or "Parties" means any individual Plaintiff or any Defendant in the above-captioned action, or Plaintiffs and Defendants collectively.

(no)    "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(op)    "Personal Information" means a natural person's non-public personal identifiable information that is linked or reasonably linkable to an identified or identifiable natural person, including, but not limited to, Social Security number; driver's license number, or state or federal government identification number, or foreign country equivalent identification number; passport number; financial account number; credit or debit card number; email address; name, address, or phone number in combination with other personal identifiable information; sensitive personal information regarding genetic or biometric data, precise geolocation data, financial information or transactions, medical or health history and records, and criminal or employment history; and any other protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation.

(pq)    "Plaintiff State" means State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, State of Maine, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Washington, and State of Wisconsin acting by and through

their respective Attorneys General, or any other State acting by and through their respective Attorneys General which joins this Action. "Plaintiff States" means collectively all Plaintiff States in this Action.

(q̶r) "Producing Party" means any Party or non-Party that discloses or produces or reproduces any Investigation Materials or Litigation Materials in this Action.

(r̶s) "Protected Material" means any Investigation Material or Litigation Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(s̶t) "Protected Person" means any Person (including any Party or non-Party) that has provided Investigation Materials or that provides Litigation Materials in this Action.

(t̶u) "Receiving Party" means any Party or non-Party who receives Investigation Materials or Litigation Materials from a Producing Party.

**B.  Computing Time**

3.    Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

**C.  Notice to Non-Party Protected Persons of the Terms of This Order**

4.    Within five (5) business days of the Court's entry of this Order, each Party must send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

5.　　Any Party that seeks discovery from a non-Party Protected Person for use in this Action must include a copy of this Order when serving a discovery request or subpoena on the non-Party Protected Person. If any Party sent a discovery request or subpoena to any non-Party Protected Person prior to entry of this Order, that Party must send a copy of this Order to the non-Party Protected Person within two (2) business days of entry of this Order.

### D.　　**<u>Modifications of This Order</u>**

6.　　If a non-Party Protected Person determines that this Order does not adequately protect its Protected Material, it may seek additional protection from the Court for its Protected Material within fourteen (14) days after receiving notice of this Order under Paragraphs 4 or 5. If a non-Party Protected Person timely seeks additional protection from the Court, a Party's obligation to produce that non-Party Protected Person's documents containing Protected Material, that is the subject of the motion, is suspended until a decision is rendered by the Court, unless the non-Party Protected Person who filed the motion and the Parties reach an agreement allowing production of the Protected Material while the motion is pending. If the Court orders the production of the non-Party Protected Person's documents, the Party obligated to produce the non-Party Protected Person's Protected Material will have seven (7) days to make the production unless a longer period is ordered by the Court.

7.　　Nothing in this Order limits any Person, including members of the public, a Party, or a non-Party Protected Person, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding. By stipulating to this Order, the Parties do not

waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

        **E.**      **<u>Designation of Protected Material in Investigation Materials</u>**

      8.      Any Investigation Materials that Apple previously provided to the United States or any Plaintiff State during an Investigation that Apple designated as Protected Material or for which Apple requested protected or confidential treatment, including, but not limited to, testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, will be treated as containing Confidential Information, or as Highly Confidential if previously designated by Apple.

      9.      All Investigation Materials previously provided by a non-Party Protected Person during an Investigation, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or any State equivalent process will be treated as containing Confidential Information, whether or not the non-Party Protected Person requested confidential treatment at the time of production, or as Highly Confidential if so designated by the non-Party Protected Person.

        **F.**      **<u>Designation of Protected Material in Litigation Materials</u>**

      10.      The following procedures govern the process for all Protected Persons (including any Party or non-Party) to designate as Protected Material any Litigation Materials, including but not limited to information provided in response to requests under Federal Rules of Civil Procedure 30, 31, 33, 36, or 45, and documents disclosed in response to Federal Rules of Civil Procedure 33(d), 34(b)(2) and (c), or 45.

11.     Any Producing Party may designate Litigation Material with any of the following

designations, provided that it meets the requirements for such designations as provided for

herein: "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

12.     Any production or designation of Protected Material or other written notice to the

Parties required by this Order must be provided by email, overnight mail, or hand delivery to the

following counsel for the Parties:

>     For Plaintiff United States:
>     Jonathan H. Lasken (jonathan.lasken@usdoj.gov)
>     Jennifer Hane (jennifer.hane@usdoj.gov)
>     Nolan J. Mayther (nolan.mayther@usdoj.gov)
>     J. Robert Duncan (james.duncan@usdoj.gov)
>     Jeremy Keeney (jeremy.keeney@usdoj.gov)
>     Grace Torrence (grace.torrence@usdoj.gov)
>     United States Department of Justice
>     450 Fifth Street, NW, Suite 4000
>     Washington, D.C. 20530
>     Tel: (202) 598-6517
>
>     For Plaintiff State of New Jersey:
>     Isabella R. Pitt (Isabella.Pitt@law.njoag.gov)
>     Deputy Attorney General
>     Assistant Section Chief of Antitrust Division
>     Leslie Prentice (Leslie.Prentice@law.njoag.gov)
>     Deputy Attorney General
>     Andrew Esoldi (Andrew.Esoldi@law.njoag.gov)
>     Deputy Attorney General
>     New Jersey Office of the Attorney General
>     124 Halsey Street, 5th Floor
>     Newark, NJ 07101
>     Tel: (973) 648-3070
>
>     For Plaintiff State of Minnesota:
>     Elizabeth Odette (Elizabeth.Odette@ag.state.mn.us)
>     Assistant Attorney General
>     Erin Conti (Erin.Conti@ag.state.mn.us)
>     Assistant Attorney General
>     Justin Moor (justin.moor@ag.state.mn.us)
>     Assistant Attorney General
>     455 Minnesota Street, Suite 1400
>     Saint Paul, MN 55101-2130

Tel.: (651) 724-9627

For Plaintiff State of Michigan:
Jason R. Evans (EvansJ@michigan.gov)
Division Chief
Scott A. Mertens (MertensS@michigan.gov)
Section Head
Jonathan S. Comish (ComishJ@michigan.gov)
Assistant Attorney General
Leann D. Scott (ScottL21@michigan.gov)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W Ottawa St.
Lansing, MI 48933
Tel.: (517) 335-7622

For Defendant Apple Inc.:

Liza M. Walsh (lwalsh@walsh.law)
Douglas E. Arpert (darpert@walsh.law)
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

Craig S. Primis (craig.primis@kirkland.com)
Winn Allen (winn.allen@kirkland.com)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000

Devora W. Allon (devora.allon@kirkland.com)
Alexia R. Brancato (alexia.brancato@kirkland.com)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

13.    <u>Testimony</u>. All transcripts of depositions taken in this Action will be treated as

Highly Confidential – Attorneys' Eyes Only in their entirety for thirty (30) days after the date

when a complete and final copy of the transcript has been made available to the deponent (or the

deponent's counsel, if applicable). Within two (2) business days of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable). Within thirty (30) days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate as Highly Confidential – Attorneys' Eyes Only any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer or former employer. When a Party questions a deponent about Investigation Material or Litigation Material that has been designated by a non-Party Protected Person as containing Highly Confidential Information, the Party asking the questions must designate as Highly Confidential – Attorneys' Eyes Only the portion(s) of the transcript relating to that designated Investigation Material or Litigation Material within thirty (30) days following receipt of the final transcript. To be effective, designations must be provided in writing to the Parties' counsel listed in Paragraph 12 of this Order.

Any portion(s) of a transcript or deposition exhibit(s) not so designated pursuant to this Paragraph 13 shall be treated as Confidential Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of deposition testimony was subject to a prior higher designation of confidentiality. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

In the event the deposition is videotaped, the original and all copies shall be marked by the video technicians to indicate that the contents are subject to this Protective Order, substantially along the lines of "This recording contains confidential testimony used in this case

and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the

terms of the operative Protective Order in this matter or pursuant to written stipulation of the

parties."

Counsel for any Producing Party whose Protected Material is the subject of examination

shall have the right to exclude from oral depositions, other than the deponent, deponent's

counsel, the reporter, and videographer (if any), any person that is not authorized by this

Protective Order to receive or access Protected Material based on the designation of such

Protected Material. Such right of exclusion shall be applicable only during the periods of

examination or testimony regarding such Protected Material.

14.     Documents Produced in Native Format. When a Protected Person produces

electronically stored files or documents in native electronic file format, such electronic files and

documents shall be designated by the Protected Person under this Order by (a) appending the

suffix "Confidential" or "Highly Confidential – Attorneys' Eyes Only," to the file name or

document production number, or (b) including the appropriate confidentiality designation in

reasonably accessible metadata associated with the file. When documents that were produced in

native file format are printed for use during a deposition, for a court proceeding, or for disclosure

to any Person described in Paragraphs 21, 22, and 2223, the Party printing the file must affix to

the printed version a label containing the production number and the designation associated with

the document. No one shall seek to use in this Action a .tiff, .pdf, or other image format version

of a document produced in native file format without first: (a) providing a copy of the image

format version to the Producing Party so that the Producing Party can review the image to ensure

that no information has been altered; and (b) obtaining the consent of the Producing Party, which

consent shall not be unreasonably withheld.

- 12 -

15.     Written Discovery and Documents and Data Produced in Hard Copy or Non-Native Format. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34(a)), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 2 may be so designated by stamping or otherwise marking each page or image with the appropriate designation in a manner that will not interfere with legibility. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event original documents are produced for inspection, the original documents shall be presumed "Highly Confidential – Attorneys' Eyes Only" during the inspection and re-designated as appropriate during the copying process.

### G.     <u>Source Code</u>

16.     The Parties acknowledge that if Source Code is produced in this Action the disclosure of such Source Code to another Party or non-Party may create a substantial risk of serious harm. If Source Code is to be produced, the Parties will meet and confer regarding access to Source Code and their obligations to protect Source Code from improper disclosure or use. The Parties will submit a proposed order setting forth those procedures.

### H.     <u>Challenges to Confidentiality Designations</u>

17.     Any Party who objects to any designation of confidentiality (the "Objecting Party") may challenge a designation of confidentiality at any time before the trial of this Action by providing written notice to the Protected Person who made such designation (the "Designating Party") and to all Parties identifying the challenged designation and stating with particularity the grounds for the objection.

18.    Within fourteen (14) days of the Objecting Party's written notice, the Objecting Party and Designating Party shall attempt to meet and confer to discuss their respective positions. If the Objecting Party and the Designating Party cannot reach agreement on an objection to a designation of confidentiality within fourteen (14) days of the Objecting Party's written notice, the Objecting Party may address this dispute to the Court no later than twenty-eight (28) days from the Objecting Party's written notice by submitting a letter to the Magistrate Judge, or requesting a telephone conference with the Magistrate Judge, to present the challenge. Formal motions to resolve disputes over confidentiality shall not be filed without prior leave from the Magistrate Judge. If the Objecting Party fails to address this dispute with the Court within twenty-eight (28) days from the Objecting Party's written notice, the challenge will be considered rescinded.

19.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

20.    This Order does not: preclude or prejudice a Protected Person or a Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

### I.    Disclosure of Protected Material

21.    Except as provided by Paragraph 2526 or pursuant to a court order, Confidential Information may be disclosed only to the following persons:

- 14 -

(a) the Court and all persons assisting the Court in this Action, including magistrates, law clerks, court reporters, and stenographic or clerical personnel;

(b) counsel for the United States, including any attorneys, paralegals, other professional personnel employed by the United States (including support and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Confidential Information;

(c) counsel for any Plaintiff State, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including support and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Confidential Information;

(d) Apple's Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by Apple's Outside Counsel (including support and IT staff), and agents, consultants, or independent contractors retained by Apple's Outside Counsel to assist in this Action whose functions require access to the Confidential Information;

(e) Apple's In-House Attorneys working on this Action, including any attorneys, paralegals, other professional personnel employed by Apple's In-House Attorneys (including support and IT staff), and agents, consultants, or independent contractors retained by Apple's Outside Counsel to assist in this Action whose functions require access to the Confidential Information, provided that any such individual has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A.

(f) representatives of Apple who are officers, directors, or employees of Apple, as well as their immediate staff, to whom such disclosure is reasonably necessary for this Action, provided

that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(g) a deponent or witness in this Action to whom disclosure is reasonably necessary provided that the Receiving Party has a good-faith belief that the deponent or witness was the author or recipient of the document or had involvement or responsibilities regarding the subject matter discussed in the document, and has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(h) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(i) any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(j) any author, addressee, or recipient of any document or information containing Confidential Information, if they previously had lawful access to the document or information;

(k) any Person who counsel for any Party reasonably believes in good faith had previously received or had access to the document or information, unless the Person indicates that he or she did not receive or have previous access to the document or information;

(l) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs

not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such work; (ii) they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; (iii) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; and (iv) such expert or consultant agrees to access the materials in the United States only and not transport them to or access them from any foreign jurisdiction;

(m) Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(n) Any other person with the prior written consent of the Producing Party.

22.    Except as provided by Paragraph ~~25~~26 or pursuant to a court order, Protected Materials designated Highly Confidential – Attorneys' Eyes Only may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including magistrates, law clerks, court reporters, videographers, and stenographic or clerical personnel;

(b) counsel for the United States, including any attorneys, paralegals, other professional personnel employed by the United States (including support and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Highly Confidential Information;

(c) counsel for any Plaintiff State, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including support and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Highly Confidential Information;

(d) Apple's Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by Apple's Outside Counsel (including support and IT staff), and agents, consultants, or independent contractors retained by Apple's Outside Counsel to assist in this Action whose functions require access to the Highly Confidential Information;

(e) a total of four (4) in-house attorneys for Apple, not involved in business decisions, whose names shall be disclosed to the United States and Plaintiff States at least five (5) business days prior to the effective date of such designation and who shall be agreed upon by the parties or (in the absence of agreement) ordered by the Court, provided that the in-house attorneys shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto. For purposes of this paragraph, the phrase "involved in business decisions" shall not include the rendering of legal advice solely as to litigation, compliance, regulatory, or liability issues related to business decisions. To the extent a Defendant seeks to change the four (4) in-house attorneys that may receive access to Confidential Information, the Defendant must provide notice to Plaintiff at least five (5) business days prior to the effective date of such change;

(f) a deponent or witness in this Action to whom disclosure is reasonably necessary provided that the Receiving Party has a good-faith belief that the deponent or witness was the author or recipient of the document or had involvement or responsibilities regarding the subject matter discussed in the document, and has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(g) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(h) any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(i) any author, addressee, or recipient of any document or information containing Highly Confidential Information, if they previously had lawful access to the document or information;

(j) any Person who counsel for any Party reasonably believes in good faith had previously received or had access to the document or information, unless the Person indicates that he or she did not receive or have previous access to the document or information;

(k) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such work; (ii) that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; (iii) such expert or consultant is not a current officer, director, or employee of a Party or competitor of a Party, and does not reasonably anticipate at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party, and is not involved in any capacity in competitive decision-making on behalf of a Party or a competitor of a

Party; and (iv) such expert or consultant agrees to access the materials in the United States only, and not transport them to or access them from any foreign jurisdiction;

(l) Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(m) any other person with the prior written consent of the Producing Party.

23.    Except as provided by Paragraph 26 or pursuant to a court order, Protected Materials designated Non-Party Highly Confidential – Outside Counsel Eyes Only may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including magistrates, law clerks, court reporters, videographers, and stenographic or clerical personnel;

(b) counsel for the United States, including any attorneys, paralegals, other professional personnel employed by the United States (including support and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Non-Party Highly Confidential – Outside Counsel Eyes Only Information;

(c) counsel for any Plaintiff State, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including support and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Non-Party Highly Confidential – Outside Counsel Eyes Only Information;

(d) Apple's Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by Apple's Outside Counsel (including support and IT staff), and agents, consultants, or independent contractors retained by Apple's Outside Counsel to assist

in this Action whose functions require access to the Non-Party Highly Confidential – Outside Counsel Eyes Only Information (which shall not be any Apple employee or Apple in-house attorneys);

(e) persons who the Non-Party Highly Confidential – Outside Counsel Eyes Only Information indicates, or who the Receiving Party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(f) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(g) any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(h) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such

work; (ii) that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; (iii) such expert or consultant is not a current officer, director, or employee of a Party or competitor of a Party, and does not reasonably anticipate at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party, and is not involved in any capacity in competitive decision-making on behalf of a Party or a competitor of a Party; and (iv) such expert or consultant agrees to access the materials in the United States only, and not transport them to or access them from any foreign jurisdiction;

(i) Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(j) any other person with the prior written consent of the Producing Party.

23.24.  Counsel for the Party making a disclosure to a Person identified in Paragraph 21, subparagraphs (f), (g), (l), or (m) or); Paragraph 22, subparagraphs (e), (f), (g), (k), or (l); or Paragraph 23, subparagraphs (e), (f), (h), (i), or (j) of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A until the final resolution of this Action.

24.25.  Each Person identified in Paragraphs 21, 22, and 2223 of this Order to whom information designated as Protected Material is disclosed must not disclose that Protected Material to any other Person, except as otherwise provided by this Order.

25.26.  Nothing in this Order:

(a) shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order;

(b) shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose;

(c) prevents disclosure of Protected Material with the consent of the Protected Person that designated the material;

(d) shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the consent of the Producing Party or by order of the Court;

(e) shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of receipt from the Producing Party during an Investigation or in this Action; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order; or

(f) prevents the United States or Plaintiff States, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing information designated as Confidential or Highly Confidential –Attorneys' Eyes Only (i) to the extent permitted or required by law, court order, or regulation upon providing required notice under Paragraphs 2930 and 3031; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action.

26.27.  In the event of a disclosure of any Protected Material to any Person not authorized to receive disclosure under this Order, the Party responsible for the disclosure shall immediately

- 23 -

notify counsel for the Protected Person whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and ensure that no further or greater unauthorized disclosure and/or use of the material is made.

27.28.  Unauthorized or inadvertent disclosure does not change the status of the disclosed Protect Material or waive the Protected Person's right to hold or maintain the disclosed material as Protected.

**J.**      **Use of Protected Material**

28.29.  Except as provided in this Order, all Protected Material produced or reproduced by a Party or a non-Party Protected Person as part of this Action, including materials produced during the Investigation, may be used solely for the conduct of this Action and shall not be used for any other purpose.

29.30.  If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body that would require the disclosure of Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

30.31.  Any Person that becomes subject to a motion to disclose Protected Material in another case or proceeding must promptly notify the Party or non-Party Protected Person that designated the Protected Material of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

31.32.  The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied, extracted, or summarized therefrom that would reveal Protected Material.

32.33.  Court Filings. If any documents, testimony, or other materials designated under this Order as Protected Material are included in or with any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must seek a court order to file such Protected Material under seal, in accordance with Local Civil Rule 5.3. The Protected Person that designated the Protected Material may not oppose the filing of Protected Material under seal and the filing Party need not meet and confer with the Protected Person before filing the Protected Material under seal. If this Court grants leave to file a document under seal, the filing Party must file a version of the filing that redacts all Protected Material on the Court's docket if the Party has not already done so.

33.34.  Nothing in this Order will restrict the Parties or any interested member of the public from challenging the filing of any Protected Material under seal. Filing another Person's Protected Material under seal does not constitute agreement by the filing party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

34.35.  Hearings. If a Party reasonably expects to disclose Confidential or Highly Confidential – Attorneys Eyes Only Material at any hearing, conference, or other proceeding, the Party seeking to make the disclosure shall provide advance notice of their intent to disclose Protected Material to the other Parties to the extent practicable to ensure that only authorized individuals are present at those proceedings and shall request that the Court seal the courtroom.

The use of a document at any hearing, conference, or proceeding shall not in any way affect its designation as Confidential or Highly Confidential – Attorneys' Eyes Only.

~~35.~~36.  Trial. Disclosure of documents and information designated as Protected Material in exhibit lists, preparation of exhibits, at trial, or in post-trial filings will be governed pursuant to a separate court order. The Parties will meet and confer and submit a recommended order outlining those procedures.

### K.    Secure Storage

~~36.~~37.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### L.    Data Security

~~37.~~38.  Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the then-current versions of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement multi-factor authentication[1] for any access to Protected

---

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at
(Continued...)

Materials and implement encryption of all Protected Materials (a) in transit outside of network(s)
covered by the Party's ISMS (except as necessary to submit documents to the court in
accordance with terms set forth herein) and (b) at rest where reasonably practical.

38.39.  If Receiving Party becomes aware of any unauthorized access, use, or disclosure
of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving
Party shall in the most expedient time possible and without unreasonable delay, consistent with
the legitimate needs of law enforcement and any measures necessary to determine the scope of
the Data Breach and restore the reasonable integrity of affected data system(s), notify Producing
Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a)
determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect
Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other
obligations. For the avoidance of doubt, notification obligations under this Section arise when
the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing
Party's Protected Materials are potentially subject to the Data Breach. The notification
obligations set forth in this Section do not run from the time of the Data Breach itself.

39.40.  Receiving Party shall promptly comply with Producing Party's reasonable
request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach
and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized
access. Receiving Party shall promptly provide any information that is reasonably requested by
Producing Party and that relates to any such Data Breach, including but not limited to, the
Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to

---

63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; see also
NIST, Special Publication 800-53, at 132, available at
https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions

taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in

this Section L is intended to create a waiver of any applicable privileges, including privileges

applicable to a Party's investigation and remediation of a Data Breach.

40.41.  If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in

good faith regarding any adjustments that should be made to the discovery process and discovery

schedule in this action, potentially including but not limited to: (a) additional security measures

to protect Protected Material; (b) a stay or extension of discovery pending investigation of a Data

Breach and/or implementation of additional security measures; and (c) a sworn assurance that

Protected Materials will be handled in the future only by entities not impacted by the Data

Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data

Breach.

41.42.  In the event of a Data Breach affecting Protected Material of Designating Party, at

Designating Party's request, Receiving Party within ten (10) business days shall provide a copy

of its most recent ISMS policies and procedures that relate to the safeguarding of Protected

Materials and that preceded the Data Breach.

42.43.  Receiving Party shall comply with this Section L and any applicable security,

privacy, data protection, or breach notification laws, rules, regulations, policies, or directives

("Applicable Data Laws"). If Receiving Party is uncertain whether a particular practice would

conform with the requirements of this Section L, it may meet and confer with the other Parties; if

any Party believes that the proposed practice would violate this Protective Order, it may, within

ten (10) business days, bring the dispute to the Court. The Party challenging the proposed

practice would bear the burden of demonstrating a violation.

- 28 -

**M.**    **Inadvertent Failure to Designate Properly**

~~43.~~44.  Any production of documents or testimony not designated as Protected Material will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential – Attorneys' Eyes Only. If at any time before trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only any Investigation Materials or Litigation Materials that Person previously produced during discovery in the Investigation or this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing within a reasonable time from the discovery of the error. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

~~44.~~45.  No prior disclosure of newly designated Protected Material will violate this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

**N.**    **Inadvertent Disclosure of Privileged Materials**

~~45.~~46.  The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the Producing Party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the Producing Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any

obligations the Producing Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

        **O.**      **Miscellaneous**

        46.47.  Successors. This Order is binding on the Parties, any non-Party Protected Persons, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, independent contractors, retained consultants and experts, and any persons or organizations over which the Parties or non-Party Protected Persons have control.

        47.48.  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by the Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Investigation Material or Litigation Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

        48.49.  Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Investigation Material or Litigation Material is Protected Material, which confidentiality designation is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

49.50.  Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of New Jersey is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of New Jersey.

50.51.  Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Jersey, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey, or the Court's own orders.

51.52.  Re-productions. Notwithstanding any provisions to the contrary, documents that are re-produced in whole or in part from the production files from another investigation, litigation, arbitration, or other matter may be re-produced in the same manner and form as originally produced in the other matter, including with all confidentiality and privilege designations and redactions made in the other matter.

**P.**    **The Privacy Act**

52.53.  This Order, and any subsequent order of this Court governing the United States' production of any document, information, data, communications, transcript of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b) (11).

- 31 -

**Q.**    **Procedures Upon Termination of This Action**

~~53.~~54.  The obligations imposed by this Order will survive the termination of this Action unless a Producing Party agrees otherwise in writing or the Court orders otherwise. The Court will retain jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

~~54.~~55.  Except as otherwise provided in this Order, within ninety (90) calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Protected Material must make a good-faith effort to (a) return that Protected Material and all copies that have not otherwise been made public to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Protected Material, unless it may be retained pursuant to this Order Paragraphs ~~55~~56 or ~~56~~57. All Protected Material returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Order.

~~55.~~56.  Outside Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; deposition and trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing Protected Material except pursuant to court order or an agreement with the Protected Person that produced the Protected Material or as otherwise permitted by this Order.

~~56.~~57.  Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order and do not disclose the portions of those materials containing Protected Material except pursuant to a court order or with the

consent of the Protected Person that produced the Protected Material or as otherwise permitted herein.

57.58.   Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Protected Material must certify compliance with Paragraph 5455 of this Order in writing to the Party or Protected Person that produced the Protected Material.