# DUGHI, HEWIT & DOMALEWSKI, P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| RUSSELL L. HEWIT | | OF COUNSEL |
| CRAIG A. DOMALEWSKI | | LOUIS JOHN DUGHI, JR. |
| BRANDON D. MINDE** | 340 NORTH AVENUE EAST | WILLIAM L'E. WERTHEIMER |
| CHARLES M. RADLER, JR. | CRANFORD, NEW JERSEY 07016 | VINCENT LE BLON |
| MARK A. PETRASKE* | (908) 272-0200 | MARIO C. GURRIERI |
| HERBERT KRUTTSCHNITT III | TELECOPIER: (908) 272-0909 | JUDY L. CREELMAN |
| SCOTT A. HALL | | MARY LOU DENNIS-SUCKOW |
| DARA L. SPIRO | | JAMES F. FERGUSON |
| MARY ELIZABETH GAZI | MOORESTOWN OFFICE CENTER | ROBERT J. BRASS |
| LORI CIARROCCA DUFFY | 704 EAST MAIN STREET, SUITE F | |
| KRISTIN M. CAPALBO | MOORESTOWN, NJ 08057 | |
| JENNIFER L. YOUNG | (856) 242-6951 | RYAN A. NOTARANGELO |
| RACHEL M. SCHWARTZ | TELECOPIER: (908) 272-0909 | ALEXA B. LUZZI |
| PAMELA C. CASTILLO | | ZACHARY S. WHELAN |
| RICHARD S. PANITCH | | RACHEL M. BAUER |
| BENJAMIN H. HAFTEL | 508 NEW JERSEY AVENUE, SUITE B3 | |
| TIMOTHY M. CRAMMER | ABSECON, NEW JERSEY 08201 | * Certified by the Supreme Court of |
| DAVID J. BISHOP | (609) 677-6996 | New Jersey as a Civil Trial Attorney |
| TIMOTHY B. CRAMMER | TELECOPIER: (609) 677-6926 | ** Certified by the Supreme Court of |
| STEWART A. CUNNINGHAM | | New Jersey as a Criminal Trial Attorney |

WILLIAM H. GAZI  (1964-2001)
LAWRENCE WEISS (1961-2011)

Reply to Cranford Office

October 8, 2024

*Submitted via ECF*
Honorable Leda Dunn Wettre, United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
     Nonparty Position Letter Regarding Proposed Protective Order

Dear Judge Wettre:

The undersigned counsel represent nonparties Capital One Financial Corporation; Garmin International, Inc.; JPMorgan Chase Bank, N.A.; Meta Platforms, Inc.; Microsoft Corp.; and PayPal, Inc., respectively.  Each anticipates receiving a nonparty subpoena from Apple Inc., Plaintiffs, or both pursuant to Federal Rule of Civil Procedure 45, based on the allegations in the complaint.

- Capital One, JPMorgan Chase Bank, N.A., and PayPal have each developed digital wallets; Plaintiffs accuse Apple of taking steps to limit third-party digital wallets.

- Garmin produces smartwatches; Plaintiffs accuse Apple of taking steps to diminish the functionality of non-Apple smartwatches.

- Meta and Microsoft provide software and apps, including games, messengers, and more; Plaintiffs accuse Apple of taking steps to restrict such services.

Dughi, Hewit & Domalewski, P.C.

Honorable Leda Dunn Wettre
Re:   *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 2

*See, e.g.*, Am. Compl. ¶ 10; *see also id.* ¶¶ 71-79 (cloud-based streaming apps), ¶¶ 80-93 (messaging services), ¶¶ 94-103 (smartwatches), ¶¶ 104-118 (digital wallets).

The proposed protective orders would not adequately safeguard confidential and commercially sensitive information that these nonparties might be compelled to produce during this litigation (or in some instances have already been compelled to produce during the investigative phase and that Apple might acquire from Plaintiffs). Disclosure of this material under the conditions that the parties propose – particularly to Apple on the broad and capricious terms that Apple proposes – would substantially harm these nonparties, both commercially and competitively.

Accordingly, we respectfully request that the Court enter the proposed Protective Order that nonparty Samsung Electronics America, Inc. submitted with its September 27, 2024 letter (with one exception discussed in point "third" below) and reject Apple's contrary proposals for the reasons Samsung provides in its submission. *See* ECF No. 123.[1]

For the Court's convenience, we do not repeat various arguments in favor of Samsung's proposal that were set forth in its submission to the Court. *See id*. We do, however, respectfully request that the Court also consider the following three points that support Samsung's proposed order, with the one modification addressed below, and otherwise should be taken into consideration for whichever proposed order the Court decides to adopt.

*First*, Apple's proposal would expose competitively sensitive and highly confidential nonparty information to a wide array of Apple personnel, not only including four designated in-house counsel but also *any* Apple deponent or witness whom Apple "has a good-faith belief . . . had involvement or responsibilities regarding the subject matter discussed in the document," left to Apple's discretion. ECF No. 117-2 ¶ 22(f). Such broad and – in practice – limitless disclosure would risk irreparable harm to nonparties. Indeed, *Apple itself* has previously recognized that such broad disclosure of highly confidential material is

---

[1] Plaintiffs' one-tier proposal is insufficient without greater protections than Plaintiffs propose, viz., an outside-counsel-only tier. In fact, every order Plaintiffs cite as support included a provision limiting either *all* "confidential" nonparty materials or "highly confidential" information to outside counsel only. *See United States v. UnitedHealth Grp. Inc.*, No. 1:22-cv-00481 (D.D.C. Mar. 9, 2022), ECF No. 28 at 10-11; *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C. Jan. 21, 2021), ECF No. 98 at 13-17; *New York v. Deutsche Telekom AG*, No. 1:19-cv-05434 (S.D.N.Y. Aug. 14, 2019), ECF No. 185 at 12-14; *United States v. Bazaarvoice, Inc.,* No. 3:13-cv-00133 (N.D. Cal. Mar. 4, 2013), ECF No. 35 at 12-13; *United States v. Am. Express Co.*, No. 1:10-cv-04496 (E.D.N.Y. Apr. 7, 2011), ECF No. 102 at 10-13.

Dughi, Hewit & Domalewski, P.C.

Honorable Leda Dunn Wettre
Re:     *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 3

inappropriate. *See United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C. Nov. 20, 2020), ECF No. 47 (containing Apple's position on the *Google* protective order).

Critically, Apple *successfully* advocated for an outside-counsel-only tier – like the one Samsung proposes, but that Apple now omits from its proposal – in a pending private antitrust case where Apple is a defendant. *See Affinity Credit Union v. Apple Inc.*, No. 4:22-cv-04174 (N.D. Cal. Mar. 26, 2024), ECF No. 72-1; *see also id.* ECF No. 74 at 8-9. There, Apple argued for such a tier given the "'substantial risk of serious harm' [from] disclosure of information concerning negotiations, price, and business strategies," as well as technical aspects of its products and services. *Affinity*, ECF No. 72 at 7 (quoting *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 2012 WL 6160468, at *5 (E.D. Cal. Dec. 11, 2012)). Those considerations apply with even greater force to nonparties producing competitively sensitive information in the context of an antitrust case. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 160 (D. Del. 1999) ("nonparties . . . produce information because they are law-abiding entities . . . not because they are a litigant seeking redress or an accused wrongdoer defending a lawsuit").

Apple's successful position in *Affinity* refutes its current assertion (at 12-13) that in-house counsel require access to all confidential or highly confidential nonparty information, with no such material limited to outside counsel only. In *Affinity*, Apple successfully argued that there was no showing "how limiting disclosure of AEO material to only outside counsel would 'actually prejudice presentation of [their] case, not merely increase the difficulty of managing the litigation.'" *Affinity*, ECF No. 72 at 7 (quoting *Intel Corp. v. VIA Techs, Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000)). Apple's arguments were successful in *Affinity* because – as Apple showed there (*id.* at 3-5, citing several such orders), and as Plaintiffs show here (at 7, also citing several such orders) – federal courts have consistently "preclude[d] in-house counsel . . . from accessing" highly sensitive information from non-parties in antitrust actions. *FTC v. Advoc. Health Care Network*, 162 F. Supp. 3d 666, 669-70 (N.D. Ill. 2016) (collecting orders); *see also, e.g.*, *United States v. Aetna Inc.*, 2016 WL 8738420, at *9 (D.D.C. Sept. 5, 2016).

***Second***, Apple should bear the burden should it seek to de-designate material from "highly confidential" to "confidential" for viewing by its designated in-house counsel with access to documents in the "confidential" tier.[2] For example, in *New York v. Deutsche Telekom AG* –

---

[2] We also agree with Samsung that if this Court concludes there are some cases in which a limited number of in-house counsel should have access to highly confidential information, then the Court should require Apple to demonstrate "with particularity" the need for such disclosure. *See United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C. Jan. 21, 2021), ECF No. 98 ¶ 17.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Honorable Leda Dunn Wettre
Re:     *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 4

a recent antitrust case – the district court entered a two-tiered protective order prohibiting disclosure of nonparty highly confidential information to defendants' in-house counsel, conditioning de-designation on the moving party's ability to show good cause for why disclosure to in-house counsel might be necessary, on a document-by-document basis. *See New York v. Deutsche Telekom AG*, No. 1:19-cv-05434 (S.D.N.Y. Aug. 14, 2019), ECF No. 185 ¶ E(2). The same approach is appropriate here, particularly given the nature of the allegations, i.e., that Apple is engaged in exclusionary and anticompetitive conduct harmful to an array of nonparties.

***Third***, Apple's proposal for the lower "confidential" tier is so broad that it offers no meaningful protection to nonparties. To start, Apple's proposal would allow *any* Apple employee, director, or officer to access such "confidential" material – including confidential research and business information. *See* ECF No. 117-2 ¶ 21(f). The only proposed safeguard on such expansive disclosure to virtually anyone at Apple (i.e., whether it is "reasonably necessary") is left to Apple's unchecked and unmonitored discretion.[3] Federal courts routinely reject such unfettered disclosure, particularly in antitrust cases where plaintiffs allege that the receiving party seeking such broad access to "confidential" material has engaged in anticompetitive conduct harmful to competition and consumers.[4] *See Dentsply*, 187 F.R.D. at 159 & n.6 (finding that the risk nonparty confidential information obtained in discovery could give defendant an advantage in future dealings was a "clearly defined and serious injury"); *see also Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471, 1483 (Fed. Cir. 1986) ("Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor's obtaining an unfair business advantage may be substantially increased.").

Moreover, while the undersigned nonparties generally support Samsung's proposed order, we submit that one additional change is required: the Court should delete the language in Samsung's proposed Paragraph 21(f) that would permit Apple to share "confidential" information with any witness in this Action to whom Apple deems such disclosure reasonably necessary as long as the "deponent or witness . . . had involvement or

---

[3] An employee-by-employee promise to abide by the terms of the protective order is no panacea. *See FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well intentioned the effort may be to do so."); *see also Aetna*, 2016 WL 8738420, at *5 ("information, once learned, is impossible to forget").

[4] *See, e.g.*, *In re Elec. Books Antitrust Litig.*, No. 1:11-md-02293 (S.D.N.Y. May 9, 2012), ECF No. 149; *United States v. Am. Express Co.*, No. 1:10-cv-04496 (E.D.N.Y. Apr. 7, 2011), ECF No. 102; *United States v. W.A. Foote Mem'l Hosp.*, No. 5:15-cv-12311 (E.D. Mich. Dec. 16, 2015), ECF No. 49.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Honorable Leda Dunn Wettre
Re:   *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 5

responsibilities regarding the subject matter discussed in the document, and has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A." *See* ECF No. 123-4 ¶ 21(f) (Samsung's proposal). This language also appears in both of Apple's and Plaintiffs' proposed orders, and we submit it likewise should be stricken to the extent the Court adopts either in whole or in part. *See* ECF No. 117-2 ¶ 21(g) (Apple's proposal); *see also* ECF No. 117-1 ¶ 21(f) (Plaintiffs' proposal). This broad language, which is not typical, would seemingly permit Apple to share internal, confidential nonparty emails with its own executives who are deposed in this case simply because the subject matter overlaps. Absent this litigation, Apple executives would never be able to see such internal, confidential information of its customers and competitors. The fact that the Department of Justice and Plaintiff States have filed this enforcement action should not change that and thereby prejudice nonparties.[5]

Finally, to protect nonparties' sensitive information and commercial business interests, we also request that designated Apple in-house counsel with access to "confidential" nonparty information not be involved in competitive decision-making for a period of two years following the last disclosure of nonparty "confidential" materials to that individual. The long-term nature of Apple's business contracts and other relationships with nonparties likely to be involved in this litigation – coupled with the tendency of in-house counsel to move between roles with different business responsibilities – would render any shorter cooling-off period unreasonable, risking harmful disclosure or misuse of confidential nonparty information (even if inadvertent). Other federal courts have imposed a similar requirement in similar cases.[6]

\*   \*   \*

---

[5] With this modification, Paragraph 21(f) of Samsung's order would read: "a deponent or witness in this Action to whom disclosure is reasonably necessary provided that the Receiving Party has a good-faith belief that the deponent or witness was the author or recipient of the document and has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A".

[6] *See, e.g.*, *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C. Jan. 21, 2021), ECF No. 98 at 14-15; *United States v. Live Nation Ent., Inc.*, No. 1:24-cv-03973 (S.D.N.Y July 29, 2024), ECF No. 213 at 5.

DUGHI, HEWIT & DOMALEWSKI, P.C.

Honorable Leda Dunn Wettre
Re:   *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 6

The undersigned nonparties appreciate the Court's attention to these issues and reiterate their request that the Court adopt Samsung's proposal.

Respectfully submitted,

*/s/ Craig A. Domalewski*
Craig A. Domalewski, Esq.
DUGHI, HEWIT & DOMALEWSKI, PC
340 North Avenue
Cranford, NJ 07016
Tel: (908) 272-0200
cdomalewski@dughihewit.com

*/s/ Matthew L. Cantor*
Matthew L. Cantor (*pro hac vice* pending)
Jeffrey I. Shinder (*pro hac vice* pending)
SHINDER CANTOR LERNER LLP
14 Penn Plaza, 19th Floor
New York, NY 10122
Tel: (646) 960-8601
Fax: (646) 960-8625
matthew@scl-llp.com
jeffrey@scl-llp.com

*Counsel for Nonparty PayPal, Inc.*

*/s/ Mayling C. Blanco*
Mayling C. Blanco
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 318-3000
mayling.blanco@nortonrosefulbright.com

Eliot F. Turner (*pro hac vice* forthcoming)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar, Suite 2000
Houston, TX 77010
Tel: (713) 651-5113
eliot.turner@nortonrosefulbright.com

*Counsel for Nonparty Garmin International, Inc.*

DUGHI, HEWIT & DOMALEWSKI, P.C.

Honorable Leda Dunn Wettre
Re:     *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN-LDW)
Page 7


*/s/ Christopher B. Tucrotte*
Christopher B. Turcotte
TURCOTTE LAW, P.C.
641 Lexington Avenue, 15th Floor
New York, New York 10022
Direct Phone: (212) 937-8499
Mobile Phone: (917) 449-5078
Direct Fax: (646) 417-5851
cturcotte@cbtlaw.com

*/s/ Marc A. Goldman*
Marc A. Goldman (*pro hac vice* pending)
MASSEY & GAIL LLP
1000 Maine Avenue SW, Ste. 450
Washington, D.C. 20024
Phone: (202) 652-4511
Direct Phone: (202) 650-5453
Fax: (312 )379-0467
mgoldman@masseygail.com

*Counsel for Nonparty JPMorgan Chase Bank, N.A.*


*/s/ Kevin J. Orsini*
Kevin J. Orsini
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
korsini@cravath.com

*Counsel for Nonparty Meta Platforms Inc.*

*/s/ Keith J. Miller*
Keith J. Miller (New Jersey Bar No. 021561993)
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
Tel: (973) 690-5400
kmiller@rwmlegal.com

Aaron M. Panner (*pro hac vice* pending)
Alex A. Parkinson (*pro hac vice* pending)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
apanner@kellogghansen.com
aparkinson@kellogghansen.com

*Counsel for Nonparty Microsoft Corp.*


*/s/ Maureen T. Coghlan*
Maureen T. Coghlan
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, New Jersey 08043
Telephone: 856.354.3034
mcoghlan@archerlaw.com

Patrick T. Hein (*pro hace vice* forthcoming)
ALLEN OVERY SHEARMAN STERLING US LLP
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105
Telephone: 415.796.4160
patrick.hein@aoshearman.com

*Attorneys for Nonparty Capital One Financial Corporation*