**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**



**CHAMBERS OF**
**JULIEN X. NEALS**
**UNITED STATES DISTRICT JUDGE**

**MARTIN LUTHER KING BLDG.**
**& U.S. COURTHOUSE**
50 Walnut Street
Newark, NJ 07102
(973) 645-6042

October 22, 2024

<u>**VIA ECF**</u>

TO ALL PARTIES OF RECORD

# LETTER ORDER

Re: *United States v. Apple Inc.*, No. 24-4055 (JXN) (LDW)

Dear Litigants:

    This matter comes before the Court on *pro se* appellant TaiMing Zhang's ("Zhang") appeal of the Magistrate Judge Letter Order dated September 9, 2024 (ECF No. 99) (1) denying his motion to intervene (ECF No. 58); (2) denying as moot his motion to dismiss and for an injunction (ECF No. 58-59) and informal motion for Rule 11 sanctions against defense counsel (ECF No. 98), and (3) disregarding his opposition to Defendant Apple Inc.'s ("Apple") motion to dismiss the Amended Complaint (ECF No. 93). (ECF Nos. 102, 107).

    The Court has considered all written submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Zhang's appeal is **DENIED** and Judge Wettre's Order is **AFFIRMED**. As the Court has denied Zhang's appeal, his motion for leave to appear *in forma pauperis* is **DENIED as moot** (ECF Nos. 102, 108).

    **I.**    <u>**BACKGROUND**</u>

    On September 9, 2024, Magistrate Judge Leda Dunn Wettre ("Judge Wettre") issued a comprehensive Letter Order (the "Order") wherein she set forth the relevant background of this action. (*See* ECF No. 99). The Court will, therefore, adopt the background section of Judge Wettre's Order, in its entirety. For reference, the Court restates the background section:

> Briefly, this is an antitrust action brought by the United States Department of Justice and the Attorneys General of twenty States against Apple for alleged

> monopolization of the smartphone market in the United States. (Am. Compl., ECF 51). Zhang is a resident of China and is not a party to this action but styles himself as an interested party. (Motion ¶¶ 1, 27, ECF 58). In March 2023, Zhang sued Apple in the United States District Court for the Northern District of California for physical injuries and civil rights violations purportedly caused by Apple's sale of iPhones. *See Zhang v. Apple Inc.*, No. 3:23-cv-00972-TLT, 2023 WL 11799971, at *1 (N.D. Cal. Apr. 11, 2023). Finding that the "complaint contains allegations that are frivolous and fails to state a claim on which relief may be granted," the District Court denied Zhang's application to proceed in forma pauperis. *Id.* at *2. Following an unsuccessful appeal to the Ninth Circuit, Zhang filed the instant motion. *See Zhang v. Apple Inc.*, No. 23-15740, 2024 WL 2816495, at *1 (9th Cir. June 3, 2024) (affirming denial of Zhang's in forma pauperis application). Zhang alleges that Apple's iPhones overheat, produce high frequency sounds, and explode. (Motion ¶¶ 2, 8-9). He seeks dismissal of this action as well as an injunction preventing the Department of Justice from pursuing any other litigation against Apple, seemingly in an effort to force the federal Government to undertake a criminal investigation into his allegations that Apple "committed fraud, assault, torture, importation with false statements, and other serious federal crimes," including "terrorism crimes," by marketing defective products. (*Id.* ¶¶ 2, 9, 28).

(ECF No. 99 at 1).

In the Order, Judge Wettre rejected Zhang's contention that his "'motion to intervene is arguendo'" and the Court "can and should adjudicate his motion to dismiss prior to reaching the question of intervention." (*Id.* at 1-2 (quoting ECF No. 58 ¶ 1)). Judge Wettre found Zhang had no right to intervene in the action and denied his motion to intervene. (ECF No. 99 at 2-3). As Zhang was "not a party to the action," Judge Wettre also denied as moot Zhang's motion to dismiss and for an injunction and informal motion for Rule 11 sanctions against defense counsel. (*Id.* at 3). Judge Wettre also ordered Zhang's opposition to Apple's motion to dismiss would be disregarded. (*Id.*).

On September 9, 2024, Zhang filed an appeal of Judge Wettre's Order. (ECF Nos. 102, 107). That same day, Zhang filed a motion for leave to appeal *in forma pauperis*. (ECF Nos. 102, 108). On September 21, 2024, Zhang filed a letter repeating his objection to Judge Wettre's Order. (ECF No. 126). The matter is now ripe for consideration.

## II. **LEGAL STANDARD**

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

### III.     **DISCUSSION**

On appeal, Zhang argues that Judge Wettre improperly "disposed of [his] motion to dismiss" and "has no power to dispose of dispositive motions." (ECF No. 107 at 2). The Court disagrees and finds the Order was neither clearly erroneous nor contrary to law because Zhang does not have any basis to intervene in this matter.

Zhang continues to demand the Court invert the order of operations so his motion to dismiss can be considered prior to consideration of his motion to intervene. The Court finds his request is not supported by law. Rather, a non-party who has not formally intervened in an action has no practical ability to request its dismissal. *See Cellco P'ship & N.Y. SMSA Ltd. P'ship v. Cnty. Of Monmouth, N.J.*, No. 23-18091, 2024 WL 989824, at *3 (D.N.J. Mar. 7, 2024) ("Intervenors filed a motion to dismiss Verizon's complaint for lack of subject matter jurisdiction and failure to state a claim. Because Intervenors were not parties to the action, however, the Court administratively terminated the motion to dismiss pending a decision on the motion to intervene."). *Cf. United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 424 (2023) (finding that even in *qui tam* actions where it is the real party in interest, Government must intervene to request dismissal). As such, the Court finds Judge Wettre's decision to address the motion to intervene first is neither erroneous nor contrary to law.

On appeal, Zhang raises no arguments regarding his right to intervene in this action. Upon review of the record, the Court agrees with Judge Wettre's sound conclusion that neither the requirements of mandatory nor permissive intervention are met in this case. Federal Rule of Civil Procedure 24(a) provides for intervention as of right by any person who (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "A potential intervenor must satisfy four criteria to succeed on a motion pursuant to Rule 24(a)(2): '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). "The moving party . . . bears the burden of establishing the right to intervene, and failure to satisfy any one of the four factors justifies denial of the request." *Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, 658 Fed. App'x 37, 40 (3d Cir. 2016) (citing *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995)).

As articulated in the Order, Zhang did not identify any federal statute that provided him

the right to intervene in the antitrust action brought by the Department of Justice and several States. (ECF No. 99 at 2). Zhang also failed to address how any "legally cognizable interest" would be impaired by the Court's resolution of the state and federal antitrust claims against Apple or that Plaintiffs could not adequately represent his interests. Accordingly, the Court finds Judge Wettre properly concluded Zhang failed to establish a right to intervene under Rule 24(a).

The Court likewise finds Judge Wettre properly concluded Zhang was not entitled to intervene in this action under Federal Rule of Civil Procedure 24(b). Rule 24(b) provides for permissive intervention by any person who (1) "is given a conditional right to intervene by a federal statute" or (2) "has a claim or defense that shares with the main action a common question of law or fact." A court's decision whether to grant permissive intervention is "highly discretionary." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).

As Judge Wettre pointed out, Zhang did not identify any federal statute that provided him a conditional right to intervene in this antitrust action. (ECF No. 99 at 2). Additionally, the Court agrees with Judge Wettre and finds Zhang's efforts to articulate two "common questions of law or fact" to warrant intervention in this action are unavailing. (*Id.*). As referenced in his motion, Zhang raised the following purported common questions of law or fact: (1) "whether Apple's monopoly causes difficulty in switching devices" and "whether or not the [Department of Justice] has the right to bring this lawsuit[.]" (ECF No. 58 ¶¶ 11-12). However, Zhang's complaints pertaining to Apple appear to be based on his dissatisfaction with product performance, not "whether Apple maintained an illegal monopoly over the smartphone market." (ECF No. 99 at 2).[1] As such, the Court finds Judge Wettre properly concluded Zhang failed to establish a permissive right to intervene under Rule 24(b). Accordingly, the Court affirms Judge Wettre's Order and denies Zhang's motion for leave to appeal *in forma pauperis* as moot.

## IV. CONCLUSION

For the reasons set forth above, Zhang's appeal from Judge Wettre's decision (ECF Nos. 102, 107) is **DENIED**, and Judge Wettre's Order (ECF No. 99) is **AFFIRMED**. As the Court has denied Zhang's appeal, his motion for leave to appear *in forma pauperis* is **DENIED as moot** (ECF Nos. 102, 108).

**IT IS SO ORDERED.**

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

cc: All parties of record (via ECF)

---

[1] The Court also finds Zhang's motion to intervene is procedurally deficient under Federal Rule of Civil Procedure 24(c). Rule 24(c) requires: "The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Zhang did not submit a proposed pleading with his motion.