

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

October 25, 2024

**VIA ECF**
Honorable Julian X. Neals, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

>   Re:   *United States of America, et al. v. Apple Inc.,* **No. 2:24-cv-04055 (JXN-LDW)**
>         **Joint Letter Regarding Technology Tutorials**

Dear Judge Neals:

Plaintiffs and Defendant respectfully submit this joint letter pursuant to the Court's Text Orders dated September 23, 2024 and October 16, 2024 (ECF Nos. 118, 180) concerning the technology tutorials scheduled for November 6, 2024.

The parties agree to the following provisions regarding format:

1. Tutorials are limited to 90 minutes per side.
2. Plaintiffs will present first, Defendant will present second, and Plaintiffs may reserve a portion of their time to respond to Defendant's presentation.
3. The parties will present using slide decks, which may include audio and video components.
4. The parties will exchange demonstratives 48 hours in advance of the technology tutorials (*i.e.*, by 11:00 a.m. ET on November 4, 2024).
5. The technology tutorials should be transcribed by a court reporter.
6. The technology tutorials should be open to the public, and the parties do not seek to seal any portion of the proceedings or the demonstratives to be used. The parties will use only non-confidential documents and information in the tutorials.
7. Pursuant to this Court's instructions, the parties contacted the Court's Courtroom Deputy and the Court's Information Technology Department more than two weeks prior to the tutorials regarding equipment and technological needs, and the parties will continue to engage with them as appropriate in advance of the tutorials. Should the parties need to seek Court approval to bring any special equipment into

the courthouse, they will make the appropriate request with the Court prior to the hearing.

The parties have attempted to compromise on presentations by Apple employees at the technology tutorial but have been unable to reach agreement. In addition to the letters previously submitted to the Court on this topic, the parties' positions are set forth below, along with the "additional information (names, positions at Apple, and level of knowledge) pertaining to the Apple employees [that Apple] seeks to have present at the technology tutorial." ECF No. 180.

### I. Plaintiffs' Statement re Presentations by Apple Employees

Plaintiffs maintain their objection to Apple's request that its employees be allowed to give presentations during the technology tutorials, as discussed in their letter to the Court dated October 7, 2024, ECF No. 139. The concerns identified in that letter are particularly acute in light of the specific employees Apple has proposed as presenters. These proposed presenters are potential fact witnesses, given that two of them—Philip Schiller and Kaiann Drance—are quoted in documents Plaintiffs cite in their complaint and appear on Apple's Initial Disclosures (submitted on August 23, 2024 pursuant to Fed. R. Civ. P. 26) as individuals whose primary focus is on marketing and smartphone competition, not technical specifications.

Philip Schiller currently serves as the Apple Fellow and previously was Apple's Senior Vice President of Worldwide Product Marketing. Mr. Schiller has been described as the "public face of Apple's efforts to defend itself" and the App Store's "most prominent advocate."[1] He served as Apple's corporate representative during the trial and injunction enforcement hearing in *Epic Games, Inc. v. Apple Inc.*, Case No. 20-cv-05640 YGR (N.D. Cal.), and also testified as a key fact witness.

Kaiann Drance is Apple's Vice President of Worldwide Product Marketing. According to Apple's Initial Disclosures, "Ms. Drance has information related to iPhone product marketing and competition among mobile phone manufacturers." Neither of these topics bears directly on a technology tutorial designed to educate the Court.

Arun Mathias is Apple's Vice President of Wireless Software Technologies and Ecosystems. Although Mr. Mathias appears to have a technical rather than a marketing and public relations background, he remains a possible fact witness whose presentation to the Court is premature.

Plaintiffs asked Apple why information from these employees, to the extent it is relevant to the technology tutorial, cannot be presented through counsel. Apple has declined to offer a reason.

---

[1] Aaron Tilley & Kim Mackrael, *Apple Turns to Longtime Steve Jobs Disciple to Defend Its 'Walled Garden,'* Wall. St. J., Mar. 27, 2024, https://www.wsj.com/tech/apple-turns-to-longtime-steve-jobs-disciple-to-defend-its-walled-garden-2ab44fae.

2

If the Court allows any of Apple's employees to present at the technology tutorial, Plaintiffs respectfully request that those employees' statements be transcribed on the record. Plaintiffs reserve the right to use those transcripts for any lawful purposes, including in depositions and for impeachment.

## II. Defendant's Statement re Presentations by Apple Employees

For the reasons stated in Apple's letter to the Court dated October 2, 2024, Apple continues to believe that the purposes of the tutorial would be best served by employees presenting. As explained in that letter, given that the goal of the tutorial is to aid the Court's understanding of certain Apple products, services, and features, that goal will be best served if the Court can hear from the people who know the technology best: Apple employees. Permitting presentations by Apple employees is also consistent with the approach followed in similar tutorials and with the Court's discretion to design the tutorials in the way that best fits the Court's needs. *See* ECF No. 127 at 1-2 (citing cases permitting employee presentations); *see* Federal Judicial Center, *Tutorials on Science and Technology* at 6 (2018).

Apple has been engaging with Plaintiffs in an attempt to reach agreement on a protocol under which both sides would agree for Apple employees to present. While those discussions have so far been unsuccessful and Plaintiffs have not yet agreed to a presentation by Apple employees under any circumstances, Apple remains willing to discuss with Plaintiffs whether there is an appropriate set of procedures that would allow for an agreement. Apple outlines below its position in the absence of any such agreement.

Pursuant to the Court's October 16, 2024, order, Apple states that it seeks to have the following employees present at the technology tutorial, with each employee's position indicated, along with a description of each employee's level of knowledge:

**Philip W. Schiller, Apple Fellow**: After early experience as a programming and systems analyst, Mr. Schiller joined Apple in 1987 and has worked at Apple for more than 30 years. Since 2020, Mr. Schiller has held the title of Apple Fellow. Mr. Schiller has been directly involved in creating numerous Apple products, and in particular had a significant role in developing iPhone and the App Store. While at Apple, Mr. Schiller has been a listed co-inventor on several patents in the United States Patent and Trademark Office relating to Apple products. Mr. Schiller is familiar with the conception, design, development, and evolution of both iPhone and the iOS operating system. In his current position, Apple's App Store business team reports to Mr. Schiller. By virtue of this position, Mr. Schiller has experience relating to the technology underlying the App Store as well as certain specific technologies referenced in the complaint that are relevant to Apple's app review process, including streaming technologies and HTML5 mini-programs.

**Kaiann Drance, Vice President, Worldwide Product Marketing**: Ms. Drance has over 16 years of experience working for Apple and is currently Vice President of Worldwide Product Marketing, with a primary focus on iPhone hardware. As part of this role, Ms. Drance works with Apple's internal development teams, including hardware and software engineering, design, and operations to prioritize and develop features for future generations of iPhone. She also previously worked as a product manager of iPod and iPhone marketing at Apple and has been closely involved

3

in the process of planning, developing, and launching iPhone. Ms. Drance has familiarity with the technologies underlying iPhone and its components and features, including changes to such technologies over time and Apple's planning and decision-making regarding such technologies. Ms. Drance is equipped to offer information regarding the development, evolution, operation, and technical features of iPhone.

***Arun Mathias, Vice President, Wireless Software Technologies & Ecosystems***: Mr. Mathias has over 16 years of experience working for Apple. Mr. Mathias's work focuses on iOS software, the compatibility of hardware and software, and interoperability. Mr. Mathias has held the position of Vice President, Wireless Software Technologies & Ecosystems for over six years. While at Apple, Mr. Mathias has been a listed co-inventor on several pending and granted patents in the United States Patent and Trademark Office relating to iPhone. Mr. Mathias is equipped to offer information regarding technical aspects of iPhone, including the software that operates iPhone and the ways in which certain iPhone features are made available to third parties.

To ensure that these proceedings are non-adversarial and best serve the purpose of educating the Court about the complex products and technologies involved in this case, Apple submits that these employee presentations should be off the record. As Plaintiffs previously noted, making the testimony "usable later would cause the proceeding to resemble an evidentiary hearing rather than a tutorial and risks miring the Court in needless disputes." ECF No. 139 at 3. In light of that, any statements made, as well as the transcript or any demonstrative aids (or any drafts or materials relied upon in preparing the presentation or the demonstratives), should not be discoverable or admissible, should not be cited by the parties for any purpose in this or any parallel litigation, should not be used in any fashion for evidentiary or impeachment purposes or for collateral attack, and should not be used for any purpose other than for the Court's benefit to gain helpful information on the technology at issue.

As explained in Apple's October 2, 2024, letter, parameters of this kind are commonly used in similar tutorials. See ECF No. 127 at 3 (collecting cases). Apple therefore submits that these parameters are appropriate to further the goals of the technology tutorial.

We thank the Court for its consideration of this issue, and we are happy to provide any additional information that may assist the Court or answer any questions the Court may have.

Respectfully submitted,

| | |
|---|---|
| */s/ Jonathan H. Lasken* | */s/ Liza M. Walsh* |
| Jonathan H. Lasken | Liza M. Walsh |
| Assistant Chief, Civil Conduct Task Force | Douglas E. Arpert |
| United States Department of Justice | WALSH PIZZI O'REILLY FALANGA LLP |
| 450 Fifth Street, NW, Suite 4000 | Three Gateway Center |
| Washington, D.C. 20530 | 100 Mulberry Street, 15th Floor |
| Telephone: (202) 598-6517 | Newark, New Jersey 07102 |
| Email: jonathan.lasken@usdoj.gov | Tel.: (973) 757-1100 |
| | Email: lwalsh@walsh.law |

PHILIP R. SELLINGER
United States Attorney

*/s/  J. Andrew Ruymann*
J. Andrew Ruymann
Assistant United States Attorney
U.S. Attorney's Office
402 East State Street, Room 430
Trenton, NJ 08608
Telephone: (609) 989-0563
Email: John.Ruymann@usdoj.gov

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/   Isabella R. Pitt*
Isabella R. Pitt (NJ Bar No. 071002013)
Deputy Attorney General
Assistant Section Chief of Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Isabella.Pitt@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

Email: darpert@walsh.law

*/s/   Winn Allen*
Craig S. Primis, P.C.
Winn Allen, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com

*/s/   Devora W. Allon*
Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com

*Attorneys for Defendant Apple Inc.*

cc:    Hon. Leda D. Wettre, U.S. Magistrate Judge

PHILIP R. SELLINGER
United States Attorney

BY: JONATHAN LASKEN
Assistant Chief
Civil Conduct Task Force
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8600
Washington, DC 20530
*Attorney for Plaintiff United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.<br><br>*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

## CERTIFICATE OF SERVICE

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allon, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on October 25, 2024.

BY: *s/ Jonathan H. Lasken*
Jonathan H. Lasken
Assistant Chief
Civil Conduct Task force
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*