

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

April 1, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    *United States of America, et al. v. Apple Inc.,* **No. 2:24-cv-04055 (JXN-LDW)**
> **Disputed Provisions of [Proposed] Scheduling and Case Management Order**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively with Plaintiffs, the "Parties") respectfully submit the Joint Discovery Plan (attached hereto as Exhibit A) and the Joint [Proposed] Scheduling and Case Management Order ("CMO" attached hereto as Exhibit B). The Parties have met and conferred numerous times about the CMO since April 2024 and have exchanged multiple drafts and emails concerning the same. Although the Parties have reached agreement on many issues, they remain at an impasse over several key matters, as outlined below and separately delineated in the CMO.

## PLAINTIFFS' POSITIONS

**Case Schedule (CMO § VIII):** Plaintiffs ask the Court to order scheduling mechanisms that will move this case to trial in March 2027, nearly two years from now and three years after this case was initially filed. A reasonably expeditious schedule is necessary to move this case forward, consistent with the needs of the case, and critical for bringing relief to hundreds of millions of American consumers and businesses. Indeed, Apple's revenues in 2024 were over $391 *billion*, and the conduct at issue in this case goes to the core of its smartphone monopoly. Any longer schedule would unnecessarily harm consumers and delay the proceedings only to the benefit of Apple.

Plaintiffs propose 10 months for fact discovery, 5 months for service of expert reports and expert discovery, and 3 months for summary judgment briefing. Fact discovery and summary judgment briefing would take place in under 18 months. This timeline is feasible, particularly with Plaintiffs' proposed mechanisms to narrow and streamline discovery. These include: a 60-day substantial completion deadline for production of documents (unless subject to a discovery dispute) for each set of requests; an early exchange of preliminary trial witness lists—90 days after Apple files an answer—to identify the most likely fact witnesses at issue; and the prompt scheduling of depositions with witnesses prepared in good faith to address the relevant topics. Two more commonsense mechanisms will promote active case management and enable the parties to keep this pre-trial schedule. The parties should hold weekly meet-and-confers over outstanding issues and submit joint status reports every other month, allowing the Court to hold conferences at its convenience. The Court in *United States v. Live Nation*, 24-cv-03973 (S.D.N.Y.), for example, ordered monthly status conferences with joint reports in advance, and later ordered the parties to participate in biweekly discovery meet and confers. In Plaintiffs' experience, these regular touch points enable the parties to resolve disputes efficiently, promote compromise, and ensure the case progresses. Plaintiffs' proposals are also consistent with similar cases brought by the United States:

| Case Management Order | Fact Discovery (months) | Expert Discovery (months) | Summary Judgment (months) | Total Months |
|---|---|---|---|---|
| *United States v. Live Nation*, 24-cv-03973 (S.D.N.Y.), ECF 169 | 12 | 4 | 1.8 | 17.8 |
| *United States v. Agri Stats*, 23-cv-3009 (D. Minn.), ECF 124 & 171 | 13.2[1] | 3.2 | 3.2 | 19.6 |
| *United States v. Google LLC*, 23-cv-108 (E.D. Va.) ("*Google Ad Tech*"), ECF 94, 440 & 547 | 7.5 | 4.5 | 3.7 | 14.5 |

Plaintiffs' proposals stand in sharp contrast to Apple's proposed schedule of 28.5 months for fact discovery and summary judgment briefing—almost 65 percent longer than Plaintiffs believe necessary to litigate this case and far longer than any recent case brought by the United States under the Sherman Act. Apple's proposals—to draw out fact discovery for 18 months, delay substantial completion of document production for a year, eschew standing meet-and-confers and status reports, and defer witness lists until just before trial—are a far cry from schedules in most

---

[1] In *Agri Stats*, fact discovery was originally scheduled to last approximately 11 months but was extended due to the defendant's delay in producing documents. *See Agri Stats*, ECF No. 166.

enforcement cases and will slow this case and delay relief to millions of consumers and businesses.

**Discovery on Non-Parties After Close of Fact Discovery (CMO § IX.D):** While both parties contemplate that some fact discovery may be appropriate after the discovery cutoff, Plaintiffs propose this only for the narrow situation where a non-party appears for the first time on a party's final pretrial witness list. This provision is designed to prevent gamesmanship of surprise witnesses and promote fairness by providing the parties adequate opportunity to take discovery on non-party trial witnesses. But Apple, which opposes any exchange of preliminary fact witness lists whatsoever, proposes that document and deposition discovery prior to trial be permitted of any non-party who appears on a party's witness list, even if the parties have known all along that the non-party was a reasonably likely trial witness. By skipping the step of a preliminary witness list, which would enable the parties to focus their discovery, Apple wants to take discovery of non-parties of whom it had notice long after the fact discovery cutoff, despite having the opportunity to have done so earlier. This inefficient proposal undermines the purpose of a fact discovery cutoff and incentivizes Apple to delay taking discovery of non-parties who may well be trial witnesses.

**Document and Data Requests (CMO § IX.E.1 & 2):** Prompt productions will keep discovery on schedule. Plaintiffs propose that responsive documents and data not subject to discovery disputes will be made on a rolling basis and substantially complete 60 days after service of the requests. Plaintiffs also propose that Apple produce data samples and data dictionaries to assist Plaintiffs in interpreting Apple's structured data within 14 days of service of the data requests. These provisions commonly appear in antitrust cases brought by the government. *United States v. JetBlue Airways Corp.*, 1:23-cv-10511-WGY (D. Mass.), ECF 77-1, at 8 (substantial completion 28 days after service of requests); *United States v. UnitedHealth Grp. Inc.*, 1:22-cv-0481 (CJN) (D.D.C.), ECF 42, at 5 (same); *United States v. Google LLC*, 1:20-cv-03010 (APM) (D.D.C.) ("*Google Search*"), ECF 85, at 3 (deadline for providing data samples and dictionaries). Apple refuses to agree to any time for production, tabling the discussion of such deadlines to future meet-and-confers. Although Apple proposes to produce documents on a rolling basis, this proposal is illusory given that Apple's case schedule delays substantial completion of productions for 12 months. Actual rolling productions with reasonably prompt windows for substantial completion, as Plaintiffs propose, are necessary to make timely, meaningful progress in this case.

**Interrogatories and Requests for Admission (RFAs) (CMO §§ IX.E.3 & 4):** Plaintiffs propose allowing 25 interrogatories from Plaintiffs collectively to Apple and 25 from Apple to Plaintiffs collectively. Plaintiffs also propose allowing 20 RFAs from Plaintiffs collectively to Apple and 20 from Apple to Plaintiffs collectively. These numbers are commensurate with the needs of the case and even more than many case management orders in other antitrust enforcement actions. *United States v. American Airlines Group Inc.*, 1:21-cv-11558-LTS (D. Mass.), ECF 76 at 10 (20 interrogatories and 15 RFAs per side); *United States v. Assa Abloy AB*, 1:22-cv-02791-ABJ (D.D.C.), ECF 38-1 at 8-9 (15 interrogatories and 10 RFAs per side); *United States v. JetBlue Airways Corp.*, 1:23-cv-10511-WGY (D. Mass.), ECF 77-1 at 9 (10 interrogatories and 10 RFAs per side); *United States v. UnitedHealth Group Inc.*, 1:22-cv-00481-CJN (D.D.C.), ECF 41-1 at 7-8 (25 interrogatories and 10 RFAs per side). Apple can decide how to use its requests and can direct any particular request to a specific Plaintiff. Plaintiffs are also open to discussing further reasonable accommodations, should Apple determine later that it needs additional interrogatories.

In contrast, Apple asks for extraordinary and unduly burdensome written discovery—40

interrogatories and 25 additional contention interrogatories per side. There is no reason why Apple needs that much in total, let alone an entirely separate set of contention interrogatories. Apple's proposal is significantly more burdensome than those numbers suggest: "If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served." In other words, Apple wants to demand 40 separate interrogatory responses from each of the 21 Plaintiffs (840 separate responses), plus 21 separate responses for each of 25 contention interrogatories (525 separate responses)—for a total of 1,365 interrogatory responses. Apple's RFA proposal is just as onerous: each side may serve 50, but each Plaintiff would again be required to respond separately. That amounts to 1,050 RFA responses by Plaintiffs. Apple's lopsided proposal far exceeds the needs of the case, would lead to unnecessary litigation, and is an invitation for harassment. Apple has not identified any case-specific need for such extensive discovery here, as Plaintiffs are law enforcement agencies, not competitors or trading partners. Even in *Google Ad Tech*, which Apple cites, the court only allowed 30 interrogatories per side including contention interrogatories—less than half of what Apple proposes here. Unlike here, in *Google Ad Tech*, the United States sued not merely as a sovereign, but also as an injured plaintiff seeking damages, thereby putting its own commercial activities at issue.

In addition, Plaintiffs propose that responses and objections for interrogatories and RFAs would be due in 30 days, consistent with the Federal Rules, but requests for reasonable extensions could not be unreasonably withheld. This provision has been accepted in other recent antitrust enforcement actions. *See, e.g.*, *Google Search*, 1:20-cv-0310 (APM), ECF 85, at 10 (responses and objections within 30 days of service); *Amazon*, 2:23-cv-01495 (JHC), ECF 161, at 3-4 (responses and objections within 30 days of service unless otherwise agreed). Apple has offered no justification for its proposal to extend on a blanket basis the usual time set by the Federal Rules for responses and objections to interrogatories and RFAs, to 45 days and 40 days respectively. Apple's proposal would embed wasteful delay in the case management schedule.

**Depositions and Witness Lists (CMO §§ IX.E.5, XI):** Plaintiffs propose that both sides be limited to 50 fact witness depositions, regardless of whether the depositions are taken under Rule 30(b)(1) or Rule 45. This is proportional to the needs of the case and consistent with other case management orders. *See, e.g.*, *Agri Stats*, 23-cv-3009 (JRT/JFD) (D. Minn.), ECF 124, at 1 (50 fact depositions per side); *American Airlines*, 1:21-cv-11558-LTS (D. Mass.), ECF 76 at 10 (35 fact depositions per side). Plaintiffs propose an early exchange of preliminary trial fact witness lists—90 days after Apple serves its Answer (CMO § VIII at 4)—to enable the parties to focus their depositions on witnesses who are likely to testify at trial. The parties are aware of many candidate trial witnesses, and the discovery period is more than sufficient for the parties to prepare preliminary trial fact witness lists. This limit need not hinder Apple's defense because Apple can include other witnesses on its final list if needed, and depositions of any persons identified for the first time on a party's final witness list would not count against the 50-deposition cap.

Apple's proposed deposition limits would unduly shield Apple and its employees while burdening non-parties with many unnecessary depositions. The number of current and former Apple employees likely to testify at trial exceeds the limit of 20 Apple has proposed. An artificial limit on Apple depositions is not reasonable here where so many distinct areas of Apple's business are at issue and Apple executives have departed the company or changed to new roles during the investigation and since this case was filed. Apple's proposal that it be allowed to take depositions

of all 111 non-party entities on Plaintiffs' initial disclosures also is disproportionate to the needs to the case. To meet its Rule 26(a) obligations and consistent with their general practice, Plaintiffs appropriately identified companies relevant to their prefiling investigation. Only a fraction of these companies will be trial witnesses, as will become clear when the parties exchange preliminary fact trial witness lists. In February at Apple's request, Plaintiffs served supplemental disclosures identifying 42 entities and 22 individuals that are likely to have the most relevant information, making it easier for Apple to focus its discovery and prepare its defense. With this information, Apple should have no problem with a 50-deposition limit. Apple's proposal for 111 non-party depositions will waste the parties' resources, spawn motions to quash from dozens of non-parties, and delay the efficient collection of the necessary testimony for use at trial. It should be rejected.

Plaintiffs propose that the parties work cooperatively to schedule depositions within 14 days after they are noticed. (CMO § IX.E.5 at 13.) This aids in efficient deposition scheduling and is a common case management provision. *See UnitedHealth Grp. Inc.*, 1:22-cv-0481 (CJN) (D.D.C.), ECF 42, at 9 ("Parties will make a good faith effort to make witnesses available for depositions upon 10 days' notice."); *Booz Allen Hamilton Holding Corp.*, 1:22-cv-01603 (CCB), ECF 99 ("Parties will make reasonable efforts to make Party witnesses available for deposition upon 5 business days' notice."). Apple's preference to have no fixed time for scheduling depositions would lead to unnecessary debates on scheduling issues without any useful benchmark to corral those discussions. Indeed, in a prior enforcement action, Apple delayed producing CEO Tim Cook for deposition, necessitating a motion to compel just six days before the discovery cutoff. *United States v. Apple Inc.*, 12-cv-2826-DLC (S.D.N.Y.), ECF 196. Plaintiffs' proposal will facilitate the fair and efficient progress of deposition discovery and should be adopted.

In a similar vein, Plaintiffs propose that deponents and their counsel make good faith efforts to prepare witnesses for depositions (CMO § IX.E.5 at 15). For well-resourced defendants such as Apple, preparation of deposition witnesses should be the norm and is not a serious imposition on pre-trial practice. *See GOLO LLC v. Goli Nutrition Inc.*, 2023 WL 183980, at *3 (D. Del. Jan. 13, 2023) ("[C]ounsel defending a deposition has an obligation to prepare the witness and prevent the deponent from impeding or frustrating a fair examination."). Plaintiffs' proposal will promote the fair and efficient progress of deposition discovery and should be adopted.

The parties agree that Plaintiffs can take 21 hours of Rule 30(b)(6) depositions of Apple. Plaintiffs propose they be allowed to serve multiple Rule 30(b)(6) notices as a practical management tool, as Plaintiffs anticipate taking corporate testimony of Apple on multiple topics that are likely to crystallize at different stages of discovery. For example, Plaintiffs may take an early deposition on Apple's data but take Apple's deposition on substantive conduct at a later time. Courts allow multiple Rule 30(b)(6) notices in antitrust enforcement actions and other complex cases. *See JetBlue Airways Corp.*, 1:23-cv-10511-WGY (D. Mass.), ECF 77-1, at 14 (allowing 2 Rule 30(b)(6) notices on separate topics); *United States v. Grupo Verzatec S.A. de C.V.*, 1:22-cv-01401 (N.D. Ill.), ECF 32-1 at 22 ("Where the topic(s) on notice(s) of deposition(s) pursuant to Rule 30(b)(6) differ from an earlier notice(s), leave of court is not required to take more than one deposition of a corporate entity."); *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 2024 WL 3747391, at *7 (N.D. Cal. Aug. 9, 2024) ("The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics

concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues).”). Apple’s demand that Plaintiffs be limited to a single deposition notice will make the process more burdensome with no efficiency benefit.

Apple has no right to depose the United States and Plaintiff States in an enforcement action, and its efforts to do so are inappropriate. *See, e.g., EEOC v. 84 Lumber Co.*, 2007 WL 9799834 (W.D. Pa. Aug. 15, 2007); *FTC v. U.S. Grant Resources*, 2004 WL 1444951, at \*10; *SEC v. Rosenfeld*, 1997 WL 576021, at \*4. Prosecuting agencies and their employees are not percipient witnesses or proper for examination by deposition. *SEC v. Princeton Alternative Funding, LLC*, 2025 WL 50377, at \*6-7 & n.8 (D.N.J. Jan. 8, 2025) (prohibiting deposition of SEC attorneys and citing a “wealth of case law” refusing to permit such depositions); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (“[T]he Court finds that the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by the defendant to inquire into the mental processes and strategies of the SEC.”). The enforcement agencies’ only role is to collect evidence of others’ conduct under work product and other privileges. *SEC v. Gandy*, 2023 WL 211005, at \*3 (S.D. Tex. Jan. 17, 2023).

No peculiar or anomalous circumstances in this civil enforcement action challenging the conduct of a dominant firm as anticompetitive warrant an exception to this well-established rule. Superior ways to collect relevant facts are available to Apple that do not call for Rule 30(b)(6) depositions of the enforcement agencies. “The keystone to determining the need to subpoena opposing counsel is whether the information sought . . . may be obtained from another source.” *SEC v. Contrarian Press*, 2020 WL 7079484, at \*4 (S.D.N.Y. Dec. 2, 2020); *United States ex rel. Salomon v. Wolff*, 2022 WL 989317, at \*4 (D.N.J. Mar. 23, 2022) (quashing deposition of opposing counsel because defendant could readily obtain the information from sources other than plaintiff’s attorney); *cf. Orthobond Corp. v. Burel*, 2023 WL 3867245, at \*6 (D.N.J. June 7, 2023) (quashing deposition of opposing counsel because defendants could obtain information through fact witness).

Plaintiffs also object to Apple’s extraordinary proposal that Plaintiffs may not have access to former Apple employees who may otherwise cooperate with Plaintiffs, except on 15 days’ notice to Apple. Apple’s suggestion that Rule 4.2 of the New Jersey Rules of Professional Conduct precludes Plaintiffs from contacting former Apple employees is incorrect. A former employee’s decision whether to contact Apple’s counsel is voluntary and not one that Apple should have a right to control by court order. Given Apple’s prominence in labor and technology markets, Apple’s proposal could easily be taken as a form of intimidation and should be rejected.

**Presumption of Authenticity (CMO § IX.E.6):** Plaintiffs propose that documents produced by parties and non-parties from their own files be presumed authentic. *See FTC v. Amazon.com Inc.*, 2:23-cv-01495 (JHC) (W.D. Wash.), ECF 161, at 10; *United States v. Assa Abloy AB*, 1:22-cv-02791 (ABJ), ECF 39, at 19; *United States v. Booz Allen Hamilton Holding Corp.*, 1:22-cv-01603 (CCB), ECF 99, at 7; *United States v. UnitedHealth Grp. Inc.*, 1:22-cv-0481 (CJN) (D.D.C.), ECF 42, at 12. Apple objects to this commonplace provision. If Apple has its way, the parties will need to address authenticity in depositions and RFAs or at the last minute before trial. Apple’s proposal wastes the parties’ resources and takes time away from substantive issues.

## APPLE'S POSITIONS

**Fact Discovery (CMO § VIII, Chart):** The fact discovery schedule must account for the scope and complexity of the Parties' claims and defenses in this case. Plaintiffs' allegations span nearly two decades and, according to Plaintiffs, cover "many distinct areas of Apple's business." Plaintiffs will undoubtedly seek expansive discovery from Apple, and Apple must be afforded sufficient time to review and produce relevant documents, respond to written discovery, and make relevant employees available for deposition. Apple also requires adequate time to prepare its own defense, including by taking discovery from all 21 Plaintiffs, appropriate federal and state agencies, and the 111 third parties that Plaintiffs have listed in their initial disclosures as persons "likely to have discoverable information" whom Plaintiffs "may use to support [their] claims." Fed. R. Civ. P. 26(a)(1)(A)(i).[2] Plaintiffs' proposal to complete all of that discovery in just 10 months is impractical. Apple's 18-month proposal is a realistic assessment of the time necessary to complete fact discovery in this case as Apple currently understands it,[3] and is consistent with comparable antitrust and other complex matters. *See, e.g.*, *Zydus Worldwide DMCC v. Teva API Inc.*, 2:19-cv-17086 (D.N.J.) (over two years of fact discovery); *In re Lipitor Antitrust Litig.*, 3:12-cv-02389 (D.N.J.) (at least 18 months of fact discovery); *accord In re Effexor XR Antitrust Litig.*, 3:11-cv-05479 (D.N.J.); *United States v. Google LLC*, 1:20-cv-03010 (D.D.C.); *Amazon.com*, 2:23-cv-01495.

**Substantial Completion of Productions (CMO §§ IX.E.1, IX.E.2):** Plaintiffs seek to impose a 60-day substantial-completion deadline for all document productions regardless of the number of documents, requests, and custodians at issue—or the substance of the requests themselves. That makes no sense, would lead to unworkable results, and is out of step with comparable antitrust cases. Because Apple has not yet seen Plaintiffs' requests for production, it cannot agree to substantially complete productions in response to those unknown requests within 60 days of service (or to produce data samples within 14 days of service). There are countless variables that will affect the time needed to complete productions, including the number and scope of the requests, the number of custodians, the number and nature of any non-custodial databases or systems that must be searched, the search terms and resultant hits, and the tools needed to complete collection and production. Based on the scope of DOJ's pre-suit investigation, and given the sweeping breadth of Plaintiffs' allegations and the technical nature of this case, Plaintiffs' requests for production are likely to be highly burdensome and time-consuming, requiring longer

---

[2] Although Plaintiffs amended their initial disclosures, they kept all 111 third parties and merely purported to identify third parties they believe are "likely to have the most relevant information." That does nothing to relieve the burdens of third-party discovery in this case, given that Plaintiffs are reserving the right to use all 111 third parties to support their claims. Plaintiffs have admitted the overbreadth of their initial disclosures, stating that they listed "basically everyone we've talked to," Mot. to Dismiss Hr'g Tr. 132:12-16, which is not the standard, *see* Fed. R. Civ. P. 26.

[3] Plaintiffs' statement that Apple is proposing "28.5 months for fact discovery and summary judgment briefing" is incorrect. Apple is proposing an 18-month fact discovery period and 5.5 months for summary judgment and *Daubert* motions, for a total of 23.5 months. The 28.5 months Plaintiffs calculate presumably includes five months of expert discovery, the timing for which is not in dispute. As for the opening of fact discovery, Apple proposes discovery begin 3 days after the later of the Initial Scheduling Conference or a ruling on Apple's motion to dismiss (if denied).

than 60 days to substantially complete. Plaintiffs' proposal also risks engendering disputes and extension requests, as the Parties will likely have differing views on whether the proposed 60-day deadline is reasonable on a request-by-request basis.

All that said, Apple has committed to (i) meeting and conferring with Plaintiffs regarding the specific timeline for production based on the number and scope of requests served, (ii) making rolling productions, and (iii) substantially completing productions 12 months after fact discovery opens (assuming, of course, requests are promptly served following the opening of discovery). Apple's flexible approach will benefit the Parties and avoid unnecessary disputes and extension requests. Rolling productions will ensure Plaintiffs receive documents as soon as practicable, with a firm substantial-completion deadline. Apple's proposal is also consistent with other antitrust cases, which did not impose the rigid 60-day deadline that Plaintiffs demand here. *See, e.g.*, *Amazon.com*, 2:23-cv-01495, ECF 161 (all productions "made on a rolling basis"); *accord Google LLC*, 1:20-cv-03010, ECF 108-1; *In re Lipitor*, 3:12-cv-02389, ECF 899.

**Interim Status Conferences, Pre-Trial Conference, Trial (CMO § VIII, Chart):** Apple defers to the Court's preferred timing for status conferences, potential future hearings, and trial.

**Summary Judgment and *Daubert* Motions (CMO § VIII, Chart):** Apple's proposed timeline for summary judgment and *Daubert* motions (60 days for opening briefs, 60 days for oppositions, and 45 days for replies) is reasonable and appropriate given there will be a vast discovery record and numerous experts on both sides.

**Interrogatories and Requests for Admission ("RFAs") (CMO §§ IX.E.3, IX.E.4):** Apple's approach to interrogatories and RFAs is reasonable given that there are 21 separate Plaintiffs, each of which Apple has a right to pursue discovery from. *See* Fed. R. Civ. P. 33(a)(1), 36(a)(1) (a party may serve interrogatories and RFAs "on any other party"). Specifically, Apple proposes that each side have up to 40 interrogatories and 50 RFAs. Apple also proposes that an identical interrogatory or RFA served on multiple Plaintiffs be counted as a single interrogatory or RFA for purposes of the total cap. Plaintiffs' creative mathematics are misleading. Apple is not demanding over 1,000 responses to interrogatories or RFAs. Apple is merely asking that each Plaintiff fulfill its obligation as a party to this lawsuit to respond to requests that are served on it. If multiple Plaintiffs have the same response to a given request, they need not offer separate responses. Apple's proposal simply ensures that each Plaintiff provides written responses that detail the facts and information that might be unique to it (for example, volume of smartphone purchases by each Plaintiff, by manufacturer and model), while also keeping discovery manageable. By contrast, under Plaintiffs' proposal, Apple would have to use 21 of its 25 interrogatories simply to determine, for example, how many of each smartphone model each Plaintiff purchased. Plaintiffs' approach would thus severely hamstring Apple's discovery efforts. Other antitrust enforcement actions support Apple's proposal. *See, e.g.*, *Google Ad Tech*, 1:23-cv-108, ECF 87 ("If the same interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory, regardless of the number of Plaintiffs served."); *Amazon.com*, 2:23-cv-01495, ECF 161 (same).

Apple also proposes separately allotting each side 25 contention interrogatories under Federal Rule of Civil Procedure 33(c), with any identical contention interrogatory that is served on multiple Plaintiffs counted as a single contention interrogatory for purposes of the total cap. Contention interrogatories are "a common discovery tool used to discover the facts underlying

contentions set forth in pleadings." *In re Aetna Inc. Sec. Litig.*, 1999 WL 354527, at *2 (E.D. Pa. May 26, 1999); *see, e.g.*, *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 110 (D.N.J. 1990). They are particularly useful in a case involving sweeping claims like those Plaintiffs assert here. *See, e.g.*, *Google LLC*, 1:20-cv-03010, ECF 108-1 (granting each side "[40] interrogatories … and an additional [35] contention interrogatories"). Indeed, in "similarly complex cases," "contention interrogatories are often the preferred method of discovery." *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, 2017 WL 2371834, at *7 (D.N.J. Feb. 10, 2017).

Finally, Apple requests that the Parties be given 45 days to respond or object to interrogatories and 40 days for RFAs. This modest increase to the Federal Rules' default is reasonable, particularly given the number and scope of contemplated written discovery requests in this case.

**Depositions (CMO § IX.E.5):** Plaintiffs' position regarding the number of depositions is untenable given their lengthy initial disclosures and extensive pre-suit investigation. Apple proposes affording each side 20 party fact-witness depositions under Rule 30(b)(1)—double the default under the Federal Rules—and up to 111 third-party depositions under Rule 45. 20 party fact depositions is sufficient, particularly given that DOJ has already taken 15 depositions, including Rule 30(b)(6) depositions, of Apple employees as part of its pre-suit investigation. Additionally, because Plaintiffs' initial disclosures include 111 third parties that Plaintiffs may use to support their claims, Apple has no choice but to insist on 111 third-party depositions. Apple has repeatedly asked Plaintiffs to amend their initial disclosures to include only those third parties that Plaintiffs actually intend to rely on in this case, as is required by Rule 26, so that Apple can focus its third-party discovery efforts accordingly. But Plaintiffs have refused to shorten their initial disclosures or bring them into compliance with the Federal Rules. As noted above, Plaintiffs' recent amendment to identify the third parties they believe are "likely to have the most relevant information" does not solve the problem; Plaintiffs are still reserving the right to use all 111 third parties to support their claims. Unless and until Plaintiffs amend their initial disclosures, Apple cannot agree to relinquish its right to depose all third parties Plaintiffs listed.

Next, Plaintiffs' proposal to serve more than one Rule 30(b)(6) notice on Apple is inconsistent with Rule 30(a)(2), which prohibits a party from deposing any person—including an entity under Rule 30(b)(6)—more than once, absent an agreement or leave of court. Courts in the Third Circuit have held that Rule 30(a)(2)'s limitation applies to Rule 30(b)(6) depositions. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 230-35 (E.D. Pa. 2008) (denying motion "to compel an additional Rule 30(b)(6) deposition" because "repeated depositions of a party" are barred by Rule 30(a)(2) absent leave of court); *Sight Scis., Inc. v. Ivantis, Inc.*, 2023 WL 7458354, at *4 (D. Del. July 3, 2023) (barring additional 30(b)(6) notice because, "[w]ithin the Third Circuit, the leave requirement of Rule 30(a)(2)(A)(ii) extends to 30(b)(6) depositions"). Limiting Plaintiffs to one Rule 30(b)(6) notice is sensible. As courts in this Circuit have recognized, taking "serial depositions of a single corporation" is "costly and burdensome" and "provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *New Horizont*, 254 F.R.D. at 235. And Apple's agreement to 21 hours of 30(b)(6) deposition testimony—three times what is allowed by the Federal Rules—gives Plaintiffs ample time. *See* Fed. R. Civ. P. 30(d)(1). Apple's proposal does not prevent Plaintiffs from taking Apple's testimony "on multiple topics" at "different stages of discovery."

Despite insisting on over 20 depositions of Apple employees, Plaintiffs also assert that

Apple has no right to depose any Plaintiff in this case. As a preliminary matter, Plaintiffs' request is a premature attempt to foreclose potential discovery, as other courts have recognized. *See, e.g.*, Feb. 20, 2025 Hr'g Tr. at 15:10-17, *United States v. UnitedHealth Grp. Inc.*, 1:24-cv-03267 (D. Md.), ECF 113 (rejecting as "problematic" the government's proposed provision in the CMO limiting discovery into executive agencies and noting that such dispute "would have to be addressed in the ordinary course"). Plaintiffs' argument also misconstrues who the parties to this litigation are and what information is discoverable. Apple is entitled to depose any "party." *See* Fed. R. Civ. P. 36(a)(1). And having brought this case, Plaintiffs are subject to discovery obligations like any other party. Plaintiffs cannot skirt their obligations by claiming that they are law enforcement agencies. In contrast to Plaintiffs' cited cases, nearly all of which involve actions by individual enforcement agencies, Plaintiffs brought this action on behalf of the United States and 20 states (not the Antitrust Division and 20 state attorneys general's offices). *See, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1333 (D.D.C. 1978) (in an action brought "not on behalf of the Department of Justice but on behalf of the United States of America … it simply makes no sense to hold that the Department of Justice, which essentially is a law office, alone comprises the United States"); *Washington v. GEO Grp., Inc.*, 2018 WL 9457998, at *3 (W.D. Wash. Oct. 2, 2018) ("[W]here the plaintiff is the State of Washington, discovery addressed to the State of Washington includes its agencies."). Plaintiffs' privilege claim likewise falls flat. Rule 30(b)(6) depositions of Plaintiffs will seek information about non-privileged topics such as Plaintiffs' evaluation and analysis of competition in the alleged markets, Plaintiffs' conduct as a purchaser and consumer in the alleged markets, and Plaintiffs' assessments of the privacy, safety, and security of smartphones, smartphone apps, and app marketplaces. Apple respectfully requests that the Court reject Plaintiffs' effort to insert a sweeping CMO provision that would absolve these Plaintiffs of obligations imposed on all other litigants, and instead reserve any decision on this issue until deposition notices are served and there is a live dispute.

With respect to deposition scheduling, there is no basis for Plaintiffs' demand that the Parties make witnesses available within 14 days' notice. As a practical matter, Apple would not be able to comply with such a strict and unreasonable requirement. *See* Fed. R. Civ. P. 30(b)(1) (requiring "reasonable" notice of depositions). Instead, as is typical, Apple will work cooperatively with Plaintiffs to make its witnesses available for deposition on a reasonable timeline that works for the witnesses and attorneys—and will do the same for depositions of Plaintiffs' witnesses. *See e.g.*, *Live Nation*, 1:24-cv-03973, ECF 303 at 8 ("The Parties shall meet and confer in good faith concerning the date, location, and manner of the Deposition."); *Google LLC*, 1:20-cv-03010, ECF 108-1 at 11 ("Parties will use their best efforts to make witnesses available for depositions at a mutually agreeable time and location and without undue delay."). To support their unrealistic proposal, Plaintiffs only cite to two inapposite merger cases where the entire schedule was expedited. Plus, "[w]hat would be reasonable" notice in one case "may take on a very different cast where, as here, the case is exceedingly complex." *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (10 days' notice unreasonable in antitrust class action). In a case where discovery will take over a year and involve dozens of depositions and numerous schedules, Apple cannot agree to a requirement that all witnesses be deposed within 14 days of notice.

Apple also cannot accept Plaintiffs' demand that Apple "refresh witnesses' memories" on "important matters in the suit" about which the witness "reasonably should be expected to have knowledge." While Apple will of course appropriately prepare its witnesses in accordance with the Federal Rules, Plaintiffs cannot dictate how fact deponents and their counsel will prepare for depositions. Plaintiffs' proposal will also inevitably lead to unnecessary disputes over what

constitutes an "important matter" and what matters any given witness is "expected to have knowledge" about.  Tellingly, Plaintiffs do not cite a single case imposing such a requirement.[4]

Finally, Apple proposes that Plaintiffs be required to notify Apple before contacting any former Apple employee about a potential deposition, both as a common courtesy and to ensure the Parties comply with the relevant rules of professional conduct, as a former employee may be represented by Apple's counsel for the deposition.  *See, e.g.*, N.J. R. Pro. Conduct 4.2.

**Presumption of Authenticity (CMO § IX.E.6):** Plaintiffs' request for an authentication stipulation is premature.  Discovery has not begun, and Apple cannot make a categorical determination about the authenticity of unproduced documents.  Apple shares Plaintiffs' desire not to "address authenticity in depositions and RFAs or at the last minute before trial."  In this District, authenticity determinations are commonly addressed through stipulations at the end of discovery or closer to trial.  *See, e.g.*, *Janssen Pharms., Inc. v. Mylan Labs. Ltd.*, 2:20-cv-13103 (D.N.J. Oct. 26, 2022), ECF 125 (authenticity stipulation filed before trial, 18 months after initial scheduling order).[5]

**Witness Lists (CMO § XI):** Exchanging preliminary trial fact witness lists before discovery has even begun is premature.  It is also contrary to standard practice.  *See, e.g.*, *Live Nation*, 1:24-cv-03973; *Agri Stats*, 23-cv-3009; *Zydus Worldwide*, 2:19-cv-17086; *In re Effexor XR*, 3:11-cv-05479; *In re Lipitor*, 3:12-cv-02389.  Plaintiffs may already know the witnesses on which they will likely rely to prosecute their case based on DOJ's multi-year investigation involving over one hundred third parties, millions of documents, and fifteen depositions of Apple and its employees.  But Apple is not on equal footing.  Apple will not know who its likely trial witnesses are until discovery and summary judgment proceedings are completed.  Only then will Apply understand how Plaintiffs intend to present their case and what issues, if any, remain in dispute following summary judgment.  Plaintiffs' proposal that the Parties exchange preliminary trial fact witness lists appears to be a replacement for an exchange of initial disclosures consistent with Rule 26.  The most efficient and practical path forward is for Plaintiffs to amend their initial disclosures to meet the requirements of Rule 26.[6]

**Standing Meet-and-Confers and Status Reports (CMO § VIII):** Apple looks forward to working cooperatively with Plaintiffs throughout this case, but mandatory weekly meet-and-confers and monthly status reports are neither productive nor conducive for efficient discovery.  Such a structure would result in unnecessary posturing and disputes, and divert the Parties' attention from working to move this case forward.  Apple proposes that the Parties meet and confer as necessary and update the Court on discovery progress as the Court deems appropriate.

---

[4] Plaintiffs' only case, *GOLO LLC*, 2023 WL 183980, at *3, did not impose such a requirement in the CMO.  The Court's emphasis on the preparation of deponents was made only *after* witnesses had proven "unprepared," and had engaged in "improper conduct" during depositions.  *Id.*

[5] Plaintiffs again rely primarily on antitrust merger cases, which demand an expedited schedule.

[6] Apple similarly disputes Plaintiffs' related proposals, including Plaintiffs' addition of "preliminary pretrial witness list" to Section IX.D regarding when the Parties can seek discovery from a third party on the other side's pretrial witness list but from whom discovery has not previously been taken.  Plaintiffs' proposal assumes that the Parties will exchange "preliminary pretrial witness list[s]" before fact discovery closes, which is inappropriate as explained above.

Respectfully submitted,

/s/   Jonathan H. Lasken
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

ALINA HABBA
United States Attorney

/s/   John F. Basiak Jr.
John F. Basiak Jr.
Assistant United States Attorney
Chief, Civil Division
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Tel: (973) 645-2700
Email: john.basiak@usdoj.gov

MATTHEW J. PLATKIN
Attorney General of New Jersey

/s/ David H. Reichenberg
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey,
Arizona, California, Washington D.C.,
Connecticut, Indiana, Maine,
Massachusetts, Michigan, Minnesota,
Nevada, New Hampshire, New York, North
Dakota, Oklahoma, Oregon, Tennessee,
Vermont, Washington, and Wisconsin*

/s/   Liza M. Walsh
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

/s/  Crais S. Primis
Craig S. Primis, P.C.
Winn Allen, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com

/s/   Devora W. Allon
Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com

*Attorneys for Defendant Apple Inc.*

12

ALINA HABBA
United States Attorney

BY: AARON M. SHEANIN
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102

*Attorney for Plaintiff United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.<br><br>*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

## CERTIFICATE OF SERVICE

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on April 1, 2025.

BY: *s/ Aaron M. Sheanin*
Aaron M. Sheanin
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*