# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**APPLE INC.,**<br><br>*Defendant.* | Case No. 2:24-cv-04055 (JXN) (LDW) |

### JOINT DISCOVERY PLAN

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **The United States of America and the State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, Commonwealth of Massachusetts, State of Maine, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Wisconsin, and State of Washington, acting by and through their respective Attorneys General (collectively with the United States of America, "Plaintiffs") allege that Apple Inc. ("Apple" or "Defendant") unlawfully monopolizes, or in the alternative attempts to monopolize, the smartphone market and the performance smartphone market in the United States.**

   **In their First Amended Complaint ("FAC"), Plaintiffs allege that Apple imposes a series of technical and contractual restrictions to block or degrade cross-platform technologies that threaten Apple's monopoly power, FAC ¶¶ 41-42, such as super apps, FAC ¶¶ 69-70, cloud-streaming games, FAC ¶¶ 71-79, messaging apps, FAC ¶¶ 80-93, smartwatches, FAC ¶¶ 94-103, and digital wallets, FAC ¶¶ 104-118. Plaintiffs allege that these restrictions serve Apple by driving consumers to the iPhone based on factors other than the iPhone's merit. The FAC identifies other areas where Apple has suppressed cross-platform third-party technologies, such as cloud-storage apps, web browsers, video communication apps, and eSIMs. FAC ¶ 120. In addition, Plaintiffs allege that Apple's wireless carrier contracts inhibit carriers' ability to sell competing smartphones. FAC ¶ 188. Plaintiffs allege that Apple's course of conduct harms not just the competitive process but also smartphone users who pay higher prices, get reduced innovation, quality, and**

1

**choice, and suffer higher switching costs; developers who face diminished ability and lessened incentives to innovate; and even Apple's own short-term profits. FAC ¶¶ 126-135.**

**Plaintiffs bring claims for: (1) monopolization of the performance smartphone in the United States in violation of Sherman Act § 2; (2) in the alternative, attempted monopolization of the performance smartphone market in the United States in violation of Sherman Act § 2; (3) monopolization of the smartphone market in the United States in violation of Sherman Act § 2; (4) in the alternative, attempted monopolization of the smartphone market in the United States in violation of Sherman Act § 2; (5) violation of the New Jersey Antitrust Act (Monopoly Maintenance); (6) violations of Wisconsin's Antitrust Act, Wis. Stat. Ch. § 133.03 *et seq.*; and (7) violations of the Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-102, § 47-25-106.**

**Apple denies Plaintiffs' allegations. Apple has not engaged in any exclusionary conduct, nor has its conduct had any anticompetitive effects in the alleged smartphone or performance smartphone markets. On the contrary, Apple has granted third parties increasingly broad access to iPhone over time and enabled a variety of cross-platform and third-party technologies—while also enforcing reasonable limitations to protect consumers and seek to ensure a safe, secure, and seamless iPhone experience. Moreover, Apple does not have monopoly power. Among other things, Apple faces stiff competition from companies like Google and Samsung and therefore cannot charge supracompetitive prices or restrict output in the alleged markets. Finally, Apple does not have the requisite specific intent to monopolize, but instead has intended only to compete vigorously in a highly competitive marketplace.**

**Apple's other affirmative defenses are dependent on the claims that remain after a ruling on Apple's motion to dismiss. As the motion to dismiss is still pending, Apple has not yet finalized its affirmative defenses. Apple will include any affirmative defenses in its answer to the Amended Complaint, assuming it survives the motion to dismiss.**

**On August 1, 2024, Apple filed a motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on that motion on November 20, 2024. The Court has not issued a decision on the motion to dismiss.**

2. Have settlement discussions taken place? **Settlement discussions have not taken place since the filing of this action.**

3. **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

4. Describe any discovery conducted other than the above disclosures. **The parties have not conducted any discovery in this action. Apple notes, however, that Plaintiffs**

        **conducted a four-year prefiling investigation, during which Apple produced millions of documents, and Plaintiffs took 15 depositions of Apple witnesses. Apple has not received reciprocal discovery from Plaintiffs regarding their allegations.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend. **The parties may file discovery motions.**

6. The parties propose the following:

    (a) Discovery is needed on the following subjects: **Discovery is needed on, among other things, the facts supporting Plaintiffs' allegations and Apple's defenses, including Apple's alleged anticompetitive conduct, the alleged anticompetitive effects of that conduct, Apple's proposed procompetitive justifications, and market definition, and remedies.**

    (b) Should discovery be conducted in phases? If so, explain. **No.**

    (c) Number of Interrogatories by each party to each other party: **See the parties' proposals in Section IX.E.3 of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

    (d) Number of Depositions to be taken by each party: **See the parties' proposals in Section IX.E.5 of the Joint [Proposed] Scheduling and Case Management Order.**

    (e) Plaintiff's expert report due on: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

    (f) Defendant's expert report due on: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

    (g) Motions to Amend or to Add Parties to be filed by: **See the parties' proposals in Section VIII & n.1 of the Joint [Proposed] Scheduling and Case Management Order.**

    (h) Dispositive motions to be served within ___ days of completion of discovery. **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

    (i) Factual discovery to be completed by: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

(j)     Expert discovery to be completed by: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

(k)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

**On January 28, 2025, the parties submitted (1) a [Proposed] Discovery Confidentiality Order and (2) a [Proposed] Stipulated Protective Order Governing Review, Production, ECF No. 228-1, 228-2.**

**On March XX, 2025, the parties submitted a [Proposed] Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents, ECF No. XX.**

**Section X of the Joint [Proposed] Scheduling and Case Management Order describes the parties' agreement concerning coordination of discovery in this action with *In re: Apple Inc. Smartphone Antitrust Litigation*, Case No. 2:24-md-03113-JXN-LDW ("MDL").**

(l)     A pretrial conference may take place on: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

(m)    Trial by jury or non-jury trial: **Non-jury trial. At this time, the parties do not seek a jury trial. However, Apple reserves the right to later seek a jury trial as appropriate.**

(n)     Trial date: **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order.**

7.     Do you anticipate any discovery problem(s)? Yes **X** No ____. If so, explain.

**The Court has recognized that the parties should attempt to coordinate discovery with the MDL where possible. Consistent with the Court's guidance, the parties will make efforts to ensure discovery proceeds efficiently and without delay across both this case and the MDL proceeding, and they agree to coordinate and avoid duplicative discovery. The parties also will work in good faith to negotiate and agree upon more detailed coordination protocols as the need arises.**

**Further, as reflected in the definition of "Parties" in Section I of the ESI Protocol, the parties have reserved their rights regarding ongoing disputes as to the proper scope of preservation and discovery. If the parties are unable to resolve their differences, they may seek the Court's guidance during discovery.**

8.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes ____ No **X**. If so, explain. **Although all depositions will presumptively take place in person, if**

        **remote depositions become necessary, the parties will negotiate a remote deposition protocol.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.). **At this time, Plaintiffs do not believe that this case is appropriate for alternative dispute resolution procedures ("ADR"). Plaintiffs are willing to review any settlement offer Apple makes and may consider ADR if Plaintiffs believe such a procedure would assist the parties in reaching a resolution of this case. Apple remains willing to discuss potential avenues for resolving this matter, including voluntary mediation.**

10. Is this case appropriate for bifurcation?  Yes ___  No **X**.  **At this time, the parties do not seek bifurcation. However, the parties reserve the right to later request or oppose bifurcation as appropriate.**

11. We **do not** consent to the trial being conducted by a Magistrate Judge.

Dated: April 1, 2025

        */s/ Jonathan H. Lasken*
Jonathan H. Lasken
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Tel: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

Alina Habba
United States Attorney
John F. Basiak Jr.
Assistant United States Attorney
Chief, Civil Division
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Tel: (973) 645-2700
Email: john.basiak@usdoj.gov

*Attorneys for Plaintiff United States of America*

5

Dated: April 1, 2025                    */s/ David H. Reichenberg*
                                                David H. Reichenberg
                                                Section Chief, Antitrust
                                                New Jersey Office of the Attorney General
                                                124 Halsey Street, 5th Floor
                                                Newark, NJ 07101
                                                Tel: (609) 696-5271
                                                Email: David.reichenberg@law.njoag.gov

                                                *Attorney for Plaintiff State of New Jersey*

Dated: April 1, 2025                    */s/ Vinny Venkat*
                                                Vinny Venkat
                                                Assistant Attorney General
                                                Consumer Protection & Advocacy Section
                                                2005 N. Central Avenue
                                                Phoenix, AZ 85004
                                                Tel: (602) 542-7757
                                                Email: vinny.venkat@azag.gov

                                                *Attorney for Plaintiff State of Arizona*

Dated: April 1, 2025                    */s/ Brian Wang*
                                                Brian Wang
                                                Deputy Attorney General
                                                Office of the Attorney General
                                                California Department of Justice
                                                455 Golden Gate Avenue, Suite 11000
                                                San Francisco CA 94102
                                                Tel: (415) 510-3487
                                                Email: Brian.Wang@doj.ca.gov

                                                *Attorney for Plaintiff State of California*

Dated: April 1, 2025                    */s/ Elizabeth G. Arthur*
                                                Elizabeth G. Arthur
                                                Assistant Attorney General
                                                Public Advocacy Division
                                                400 6th Street NW, 10th Floor
                                                Washington, D.C. 20001
                                                Tel.: (202) 442-9864
                                                Email: elizabeth.arthur@dc.gov

                                                *Attorney for Plaintiff District of Columbia*

Dated: April 1, 2025 /s/ Nicole Demers
Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5030
Email: nicole.demers@ct.gov

*Attorney for Plaintiff State of Connecticut*

Dated: April 1, 2025 /s/ Jennifer Linsey
Jennifer Linsey
Deputy Attorney General
Consumer Protection Division
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204
Tel.: (463) 261-7401
Email: Jennifer.Linsey@atg.in.gov

*Attorney for Plaintiff State of Indiana*

Dated: April 1, 2025 /s/ Christina M. Moylan
Christina M. Moylan
Assistant Attorney General
Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: (207) 626-8800
Email: christina.moylan@maine.gov

*Attorney for Plaintiff State of Maine*

Dated: April 1, 2025 /s/ David Mlaver
David Mlaver
Assistant Attorney General
Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel.: (617) 963-2414
Email: David.mlaver @mass.gov

7

*Attorney for Plaintiff State of Massachusetts*

Dated: April 1, 2025

*/s/ Jason Evans*
Jason R. Evans
Division Chief
Corporate Oversight Division
Michigan Department of Attorney General
525 W Ottawa St.
Lansing, MI 48933
Tel.: (517) 335-7622
Email: EvansJ@michigan.gov

*Attorney for Plaintiff State of Michigan*

Dated: April 1, 2025

*/s/ Justin Moor*
Justin Moor
Assistant Attorney General
455 Minnesota Street, Suite 1400
Saint Paul, MN 55101-2130
Tel.: (651) 724-9627
Email: justin.moor@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

Dated: April 1, 2025

*/s/ Raquel Fulghum*
Raquel Fulghum
Deputy Attorney General
Office of the Nevada Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Tel.: (775) 684-1100
Email: rfulghum@ag.nv.gov

*Attorney for Plaintiff State of Nevada*

Dated: April 1, 2025

*/s/ Alexandra C. Sosnowski*
Alexandra C. Sosnowski
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Tel.: (603) 271-2678
Email: Alexandra.C.Sosnowski@doj.nh.gov

*Attorney for Plaintiff State of New Hampshire*

Dated: April 1, 2025          */s/ Elinor R. Hoffmann*
Elinor R. Hoffmann
Chief, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Tel.: (212) 416-8598
Email: Elinor.Hoffmann@ag.ny.gov

*Attorney For Plaintiff State of New York*

Dated: April 1, 2025          */s/ Elin S. Alm*
Elin S. Alm
Assistant Attorney General
Christopher G. Lindblad
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of Attorney General
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Tel.: (701) 328-5570
Email: ealm@nd.gov
clindblad@nd.gov

*Attorney for Plaintiff State of North Dakota*

Dated: April 1, 2025          */s/ Robert J. Carlson*
Robert J. Carlson
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Tel.: (918) 581-2285
Email: robert.carlson@oag.ok.gov

*Attorney for Plaintiff State of Oklahoma*

Dated: April 1, 2025          */s/ Timothy D. Smith*
Timothy D. Smith
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice

9

        100 SW Market Street
Portland, OR 9720l
Tel.: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

Dated: April 1, 2025      */s/ J. David McDowell*
J. David McDowell
Deputy, Consumer Protection Division
Office of the Attorney General and Reporter
P.O Box 20207
Nashville, TN 37202
Tel.: (615) 741-8722
Email: David.McDowell@ag.tn.gov

*Attorney for Plaintiff State of Tennessee*

Dated: April 1, 2025      */s/ Luminita Nodit*
Luminita Nodit
Assistant Attorney General
Antitrust Division
Washington Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Tel.: (206) 254-0568
Email: lumi.nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

Dated: April 1, 2025      */s/ Laura E. McFarlane*
Laura E. McFarlane
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Tel. (608) 261-5810
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

Dated: April 1, 2025      */s/ Jill S. Abrams*
Jill S. Abrams
Assistant Attorney General
109 State Street
Montpelier, Vermont

10

        Tel.: (802) 828-1106
        Email: jill.abrams@vermont.gov

*Attorney for Plaintiff State of Vermont*

Dated: April 1, 2025        */s/ Liza M. Walsh*
        Liza M. Walsh
        Douglas E. Arpert
        WALSH PIZZI O'REILLY FALANGA LLP
        Three Gateway Center
        100 Mulberry Street, 15th Floor
        Newark, New Jersey 07102
        Tel.: (973) 757-1100
        Email: lwalsh@walsh.law
        Email: darpert@walsh.law

        Craig S. Primis, P.C.
        Winn Allen, P.C.
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, DC 20004
        Tel.: (202) 389-5000
        Email: craig.primis@kirkland.com
        Email: winn.allen@kirkland.com

        Devora W. Allon, P.C.
        Alexia R. Brancato, P.C.
        KIRKLAND & ELLIS LLP
        601 Lexington Avenue
        New York, NY 10022
        Tel.: (212) 446-4800
        Email: devora.allon@kirkland.com
        Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

**IT IS SO ORDERED.**

Dated: _____, 2025        _____
        HON. LEDA DUNN WETTRE
        United Stated Magistrate Judge

11