# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

**UNITED STATES OF AMERICA,** *et al.,*

           *Plaintiffs,*

       **v.**

**APPLE INC.,**

           *Defendant.*

**Case No. 2:24-cv-04055 (JXN) (LDW)**

---

### JOINT [PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER

Upon consideration of the Joint Proposed Scheduling and Case Management Order filed by Plaintiffs United States of America and the State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, Commonwealth of Massachusetts, State of Maine, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Wisconsin, and State of Washington, acting by and through their respective Attorneys General (collectively with the United States of America, "Plaintiffs"), and Defendant Apple Inc. ("Apple"), on _____, 2025, the Court hereby **ORDERS** as follows:

### I.    Jurisdiction and Venue

Apple consents to personal jurisdiction and venue in this Court.

### II.    Consent to Magistrate Judge

The parties do not consent to trial being conducted by a Magistrate Judge.

### III.     Settlement

Plaintiffs believe the parties remain far apart on settlement.  Although Plaintiffs are willing to engage in settlement discussions, Plaintiffs submit that any settlement discussions should not delay this litigation but rather proceed on a parallel track.  Apple is always willing to explore a potential resolution and looks forward to discussing options with Plaintiffs when they are willing to do so.

### IV.     ADR

At this time, Plaintiffs do not believe that this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master, or other special procedure.  Plaintiffs are willing to review any settlement offer Apple makes and may consider ADR if Plaintiffs believe such a procedure would assist the parties in reaching a resolution of this case.

Apple remains willing to discuss potential avenues for resolving this matter, including voluntary mediation.

### V.     Evidence Preservation

The parties will meet and confer pursuant to Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1 regarding reasonable and proportionate steps taken and to be taken to preserve relevant evidence.

### VI.     Initial Disclosures

The parties complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(a)(i) and (ii) and L. Civ. R. 26.1 on August 23, 2024.

### VII.     Privilege Claims and Logs

The parties will meet and confer regarding their obligations concerning claims of privilege and privilege logs.  The parties will include these obligations in an ESI protocol.

## VIII.   Case Schedule

Unless otherwise specified, days will be computed according to Rule 6(a) of the Federal Rules of Civil Procedure.  The Court hereby adopts the following schedule, which departs from L. Civ. R. 6.1(b), 7.1(c), and 7.1(d):

| Event | Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|
| Last day for parties to move to amend pleadings or join parties | 14 days after the Court's ruling on Apple's motion to dismiss under FRCP 12(b)(6) | |
| Opening of fact discovery | April 22, 2025 | 3 days after the Initial Scheduling Conference or the Court's ruling on Apple's motion to dismiss under FRCP 12(b)(6), assuming that motion is denied[1], whichever is later in time |
| Plaintiffs' Production of Investigation Materials[2] | April 22, 2025 | 3 days after the Initial Scheduling Conference or the Court's ruling on Apple's motion to dismiss under FRCP 12(b)(6)[3], whichever is later in time |
| Apple's answer due | 30 days after the Court's ruling on Apple's motion to dismiss under FRCP 12(b)(6) | |
| Parties to exchange initial disclosures (Fed. R. Civ. P. 26(a)(1)) | Completed on August 23, 2024 | |
| Substantial completion of document productions | 60 days after service of each set of requests for production | 12 months after fact discovery opens. The parties agree to make rolling productions during this period. |

---

[1] If Defendant's motion to dismiss is granted (in whole or in part), and if Plaintiffs decide to file an amended complaint, then the parties shall meet and confer as to (1) whether Defendant will file a motion to dismiss the amended complaint; and (2) whether fact discovery should commence during the pendency of that new motion to dismiss.

[2] As defined in the Protective Order.

[3] Plaintiffs need not produce to Defendant any Investigation Materials that Plaintiffs received from Defendant.

3

| Event | Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|
| Parties to exchange preliminary trial fact witness lists | 90 days after Answer | To be determined at a later date closer to the start of trial |
| Interim status conference | 4 months after the opening of fact discovery or at Court's convenience | To be determined by the Court |
| Contention interrogatories may be served | 30 days before the close of fact discovery | |
| Close of fact discovery | 10 months after fact discovery opens | 18 months after fact discovery opens |
| Last day to respond to contention interrogatories | 14 days after the close of fact discovery; if a response to a contention interrogatory or portion thereof calls for expert opinions addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery | |
| Plaintiffs to serve opening expert reports | 35 days after close of fact discovery | |
| Apple to serve rebuttal expert reports | 45 days after service of opening expert reports | |
| Plaintiffs to serve reply expert reports | 28 days after service of rebuttal expert reports | |
| Close of expert discovery | 40 days after service of reply expert reports | |
| Interim status conference | 7 days after close of expert discovery or at Court's convenience. | To be determined by the Court |
| Motions for summary judgment and *Dauberts* | 35 days after the close of expert discovery | 60 days after the close of expert discovery |
| Oppositions to motions for summary judgment and *Dauberts* | 35 days after motion for summary judgment | 60 days after motions for summary judgment |
| Replies in support of motions for summary judgment and *Dauberts* | 21 days after oppositions to motions for summary judgment | 45 days after oppositions to motions for summary judgment |
| Hearing on motions for summary judgment & *Daubert* motions, and interim status conference | To be determined by the Court at a later date | |

4

| Event | Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|
| Pretrial conference | March 1, 2027 or at the convenience of the Court | To be determined by the Court at a later date |
| Trial begins | March 15, 2027 or at the convenience of the Court | To be determined by the Court at a later date |

Notwithstanding L. Civ. R. 7.1(c), motions in this case shall be noticed and filed in accordance with this Scheduling and Case Management Order, without regard to the Court's motion days calendar.

Notwithstanding L. Civ. R. 6.1(b) and 7.1(d)(5), a party may not obtain an extension of the briefing schedule to answer or reply to pleadings or on a dispositive motion absent consent of the moving party or order of the Court.

The parties will confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a); L. Civ. R. 16.1(f)(1).

**PLAINTIFFS' PROPOSAL:** To assist in the just, speedy, and efficient resolution of this case, the parties will schedule a standing, weekly meet and confer to address any outstanding discovery or case management issues. The parties also will apprise the Court of any outstanding discovery or case management issues by submitting a joint status report to the Court at the end of every other month, beginning on April 30, 2025.

**APPLE'S PROPOSAL:** [Omit this paragraph.]

## IX. Discovery Plan

### A. Electronically Stored Information (ESI)

The parties shall negotiate an ESI Protocol and produce all documents and ESI in accordance with the agreed upon protocol.

5

### B.    Discovery of Confidential Information

The confidentiality of materials produced in this action, including disclosures and sealing of confidential information before, during, and after trial, shall be governed by the Protective Order entered by the Court in this action, and any subsequent amended, modified, or superseding protective orders entered by the Court.  When sending discovery requests, notices, and subpoenas to non-parties, the parties must include copies of any Protective Order and ESI protocol then in effect.

### C.    Timely Service of Fact Discovery

All discovery, except contention interrogatories but including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

### D.    Discovery on Non-Parties

A party serving a subpoena of the type described in Rule 45 of the Federal Rules of Civil Procedure must serve a copy of any subpoena on the other parties at or before the time the subpoena is served.

If a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within 21 days. Requests for reasonable extensions of the time to serve a follow-on document subpoena will not be unreasonably withheld, particularly if a party serves 8 or more subpoenas within 10 calendar days.

The parties agree to accept electronic service (by email) of a notice and copy of the subpoena.  Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number; and (b) the non-party produce documents in accordance with the ESI Protocol and Protective Order entered in this matter.  The parties also

6

agree that they will use best efforts to ensure that all non-parties producing documents in this case comply with the ESI Protocol and Protective Order. Any party that receives a production of documents from a non-party must reproduce those same documents to all non-serving parties within three business days of receiving the production.

The parties will cooperate in good faith in an effort minimize the burden on non-parties to the extent possible. To facilitate cooperation, a requesting party will produce to all other parties (unless already copied) within 5 business days any substantive written communications concerning non-party subpoenas on a rolling basis, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

**PLAINTIFFS' PROPOSAL:** If any party includes on their final pretrial witness list a third party who was not on that party's preliminary pretrial witness list, then the parties shall be permitted to serve document and deposition subpoenas on that third party and obtain that discovery prior to trial. This shall be true even if the third party was listed on either party's initial disclosures. Any such depositions shall not count against any deposition caps or other discovery limitations included in this Order.

**APPLE'S PROPOSAL:** If any party includes on their pretrial witness list a third party from whom discovery has not previously been taken, then the opposing party shall be permitted to serve document and deposition subpoenas on that third party and obtain that discovery prior to trial. This shall be true even if the third party was listed on either party's initial disclosures. Any such depositions shall not count against any deposition caps or other discovery limitations included in this Order.

7

### E.    Discovery on Parties

#### 1.    Document Requests

There is no pre-determined limit on the number of requests for the production of documents that may be served by the parties pursuant to Rule 34 of the Federal Rules of Civil Procedure, but any requests must be proportional to the needs of the case as required by Rule 26(b)(1) and all parties reserve the right to object to requests for production on any appropriate grounds, including undue burden.  The parties must serve any objections to requests for productions of documents within 30 days after the requests are served.

**PLAINTIFFS' PROPOSAL:**    Contingent upon the entry of a Protective Order, responsive productions not subject to discovery disputes will be made on a rolling basis and, in the absence of an agreement between the parties otherwise, will be substantially complete 60 days after service of each set of requests for production.  Requests for reasonable extensions of the time to substantially complete productions in response to specific requests will not be unreasonably withheld.

**APPLE'S PROPOSAL:** Contingent upon the entry of a Protective Order, responsive productions not subject to discovery disputes will be made on a rolling basis.  The parties will meet and confer regarding the specific timeline for production based on the number of requests served and the burdens imposed by those requests.

The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for production of documents before seeking the Court's intervention.

The parties will meet and confer regarding methodologies for conducting a search in response to requests for production of documents, including the use of technology assisted review

("TAR"), search terms, and custodians.  The parties will include the agreed to methodologies in an ESI protocol as appropriate.

## 2.  Data Requests

**PLAINTIFFS' PROPOSAL:**  The parties will meet and confer in good faith regarding any requests for production of data or data compilations, and, if requested, will produce data samples and data dictionaries (including information sufficient to allow reasonable use of the database) for all sources of structured data or data compilations requested, if reasonably available, no later than 14 days after service of the requests.  In the absence of an agreement between the parties otherwise, a producing party will substantially complete production of data or data compilations no later than 60 days after service of the requests.  Requests for reasonable extensions of the time to substantially complete productions in response to specific requests will not be unreasonably withheld.  The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for production of data or data compilations before seeking the Court's intervention.

**APPLE'S PROPOSAL:**  The parties will meet and confer in good faith regarding any requests for production of data or data compilations, and, if requested, will produce data samples and data dictionaries (including information sufficient to allow reasonable use of the database) for all sources of structured data or data compilations if reasonably available.  The parties will meet and confer regarding the specific timeline for production based on the number of requests served and the burdens imposed by those requests.  The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for production of data or data compilations before seeking the Court's intervention.

### 3. Interrogatories

**PLAINTIFFS' PROPOSAL:** Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure are limited to 25 by Plaintiffs collectively to Apple and 25 by Apple to Plaintiffs collectively. For purposes of the limit, each discrete subpart of an interrogatory will count as a separate interrogatory. The parties must serve any responses and objections to all interrogatories within 30 days after the interrogatories are served. Requests for reasonable extensions of the time to serve responses and objections to specific interrogatories will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over interrogatories before seeking the Court's intervention.

**APPLE'S PROPOSAL:** Plaintiffs may collectively serve no more than 40 interrogatories on Apple, and Apple may serve no more than 40 interrogatories on Plaintiffs. Additionally, Plaintiffs may collectively serve no more than 25 contention interrogatories on Apple, and Apple may serve no more than 25 contention interrogatories on Plaintiffs. If the same interrogatory or contention interrogatory is served on multiple Plaintiffs, it shall count as a single interrogatory or contention interrogatory, regardless of the number of Plaintiffs served. For purposes of the limit, each discrete subpart of an interrogatory or contention interrogatory will count as a separate interrogatory. The parties must serve any responses and objections to all interrogatories within 45 days after the interrogatories are served. Requests for reasonable extensions of the time to serve responses and objections to specific interrogatories will not be unreasonably withheld, particularly if a party serves a significant volume of interrogatories at one time or within a short period of time. The parties will comply with L. Civ. R. 37.1 to address any dispute over interrogatories before seeking the Court's intervention.

Contention interrogatories must be labeled specifically as such. Contention interrogatories shall not be served until 30 days prior to the close of fact discovery unless otherwise permitted by the Court. The parties must provide answers to contention interrogatories no later than 14 days after the close of fact discovery, however, if a response to a contention interrogatory or portion thereof calls for expert opinions addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery.

### 4.    Requests for Admission

**PLAINTIFFS' PROPOSAL:**  Requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure are limited to 20 by the Plaintiffs collectively to Apple and 20 by Apple to the Plaintiffs collectively.  Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits.  The parties must serve any responses and objections to requests for admission within 30 days after the requests for admission are served.  Requests for reasonable extensions of the time to serve responses and objections to specific requests for admission will not be unreasonably withheld.  The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for admission before seeking the Court's intervention.

**APPLE'S PROPOSAL:**    Plaintiffs may collectively serve no more than 50 requests for admission on Apple, and Apple may serve no more than 50 requests for admission on Plaintiffs. If the same request for admission is served on multiple Plaintiffs, it shall count as a single request for admission, regardless of the number of Plaintiffs served.  Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against

these limits.  The parties must serve any responses and objections to requests for admission within 40 days after the requests for admission are served.  Requests for reasonable extensions of the time to serve responses and objections to specific requests for admission will not be unreasonably withheld, particularly if a party serves a significant volume of requests for admission at one time or within a short period of time.  The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for admission before seeking the Court's intervention.

### 5.    Depositions

**Depositions of Fact Witnesses:**  Each deposition of a fact witness is limited to no more than one day of 7 hours on the record, absent other agreement of the parties.  The following depositions do not count against any deposition caps imposed in this case: (a) depositions taken pursuant to Rule 30(b)(6), regardless of the number of witnesses produced to testify on matters for examination in those depositions; (b) depositions of the parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or depositions of non-party, provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

**Allocation of Time in Depositions of Non-Party Witnesses:**  During non-party depositions, the non-noticing side will receive 1.5 hours of examination time.  If a non-party deposition is noticed by both sides, then the deposition will last no more than 10 hours, and each side will receive 5.0 hours of examination time, and the deposition of the non-party will count as one deposition for both sides.  Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to a total of 7 hours provided, however, that any

examination of a non-party using the other side's unused time must be limited to only the subject matter areas already covered in the deposition.

**Cooperation to Reduce Burden on Witnesses:** The parties will cooperate in good faith to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. Prior to serving deposition notices or subpoenas, the parties and non-parties will consult in advance to schedule depositions at mutually convenient times and places.

**Depositions to Take Place in Person:** Absent agreement of the parties, all party, non-party, and expert depositions presumptively will take place in person.

**Objections:** Any objection made by any party in a deposition preserves that objection for every party. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). Speaking objections are prohibited. No instruction not to answer shall be given unless a privilege is implicated.

**Reservation of Rights:** The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

**Deposition Scheduling:** If a party serves a non-party subpoena for the production of documents or ESI and a subpoena commanding attendance at a deposition, the party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena or the agreed-upon date for production, absent other agreement of the parties. A party must serve a cross-notice of deposition on a non-party, if any, within 7 days of service of the original deposition subpoena or within 7 days of the date for completion of production of documents, whichever is later.

13

**Allocation of Time During Deposition:**  The noticing side will have 7 hours to conduct the deposition of a party witness.  If Plaintiffs notice a deposition the United States and the States will determine how to split their time.  If the United States examines a witness first and a subsequent State examination does not use all of Plaintiffs' time, the United States may examine a witness again in any remaining time allotted to Plaintiffs.

**Time Excluded from Deposition:**  Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits, but the parties agree that deponents will be free to review as much as he or she believes is necessary of any exhibit off the clock.  If review of any document takes more than 3 minutes, then any counsel may ask for the clock to be stopped, and the witness may continue to review the document.

**DISPUTED DEPOSITION SECTIONS:**

**Number of Fact Witness Depositions:**  [**PLAINTIFFS' PROPOSAL**]  Each side is limited to 50 depositions of fact witnesses under Rule 30(b)(1) and Rule 45 of the Federal Rules of Civil Procedure.  Depositions of any persons identified on a party's final trial witness list who were not identified on that party's preliminary trial witness list also do not count against any deposition caps.

[**APPLE'S PROPOSAL**]  Each side is limited to 20 depositions of Party witnesses under Rule 30(b)(1) of the Federal Rules of Civil Procedure and 111 depositions of non-party witnesses under Rule 45.

**Rule 30(b)(6) Depositions:**  [**PLAINTIFFS' PROPOSAL**]  In addition to fact witness depositions under Rule 30(b)(1) and Rule 45, Plaintiffs collectively may serve one or more notices

of deposition on Apple under Rule 30(b)(6) of the Federal Rules of Civil Procedure, and such depositions are limited to a total of 21 hours on the record.

[**APPLE'S PROPOSAL**]  In addition to fact witness depositions under Rule 30(b)(1), Plaintiffs collectively may serve one notice of deposition on Apple under Rule 30(b)(6), and such deposition is limited to a total of 21 hours on the record.  In addition to fact witness depositions under Rule 30(b)(1), Apple may serve one notice of deposition on each Plaintiff under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The Rule 30(b)(6) deposition of Plaintiff United States shall take up to 14 hours on the record.  The Rule 30(b)(6) deposition of each Plaintiff State shall take up to 7 hours on the record.  Depositions taken pursuant to Rule 30(b)(6) will count as a single deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition.

**Certain Depositions Not Permitted:**  [**PLAINTIFFS' PROPOSAL**] Depositions of the United States (or persons employed by or acting on behalf of the U.S. Department of Justice including the United States Attorney for the District of New Jersey) and the Attorneys General of any States (or persons employed by or acting on behalf of the office of the attorney general of any State) are not permitted.

[**APPLE'S PROPOSAL**]  [Omit this paragraph.]

**Deposition Scheduling:**    [**PLAINTIFFS' PROPOSAL**] The parties will work cooperatively and in good faith to make witnesses available for deposition within 14 days.

[**APPLE'S PROPOSAL**]  The parties will work cooperatively and in good faith to make witnesses available for deposition on a reasonable timeline that works for the witness and the relevant attorneys.

**Preparation of Deponents:** [**PLAINTIFFS' PROPOSAL**]  Deponents and their counsel must make a good faith effort to prepare for depositions and to refresh witnesses' memories on important matters in the suit about which the witness reasonably should be expected to have knowledge.

[**APPLE'S PROPOSAL**]  [Omit this paragraph.]

**Depositions of Former Apple Employees:** [**PLAINTIFFS' PROPOSAL**]  [Omit this paragraph.]

[**APPLE'S PROPOSAL**]  If Plaintiffs wish to contact a former employee of Apple, Plaintiffs shall first provide written notice to Apple.  Within 15 business days of that notice, during which time Plaintiffs shall not contact the former employee, Apple will tell Plaintiffs if counsel for Apple is representing the former employee.  If counsel for Apple is representing the former employee, Plaintiffs may not contact the former employee directly, and must instead serve any subpoena related to the former employee on Apple's counsel.

### 6.        Presumptions of Authenticity

**PLAINTIFFS' PROPOSAL:**  Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Rule 901 of the Federal Rules of Evidence. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

**APPLE'S PROPOSAL:** The parties will meet and confer regarding authenticity prior to trial.

### 7.    Expert Witness Disclosures and Depositions

No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in their report. Expert disclosures, including each side's expert reports, must be conducted in accordance with the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, except as modified by this paragraph.

1. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

   a. Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in their report shared between:

      i. the expert and any persons assisting the expert;

      ii. any party's counsel and its expert(s) and/or any persons assisting the expert(s), or between any agent or employee of party's counsel and the party's expert(s) and/or any persons assisting the expert(s);

      iii. testifying and non-testifying experts;

      iv. non-testifying experts; or

      v. testifying experts;

   b. The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in their report;

   c. Drafts of expert reports, affidavits, or declarations;

d.      Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in their report; and

e.      Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations.  Notwithstanding this provision, any party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying expert relating to work in the case.

2.    Expert reports and declarations shall be served via email.

3.    The parties agree that the following materials will be disclosed electronically 3 days after each expert report is served:

a.      A list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in their reports, including Bates numbers of documents previously produced;

b.      Copies of all materials relied upon by the expert in forming any opinions in their report that were not previously produced and that are not readily available publicly;

c.      A list of all publications authored by the expert in the previous 10 years;

d.      Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

18

e.    A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

f.    For all calculations appearing in the report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations. For clarity, raw data files are data that exist in the ordinary course of business, and intermediate working-data files are data assembled or processed for purposes of litigation; and

g.    A statement of the compensation to be paid to the testifying expert for their report and testimony in the case, which statement may appear in the testifying expert's report.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition, subject to a reasonable re-direct. The parties may seek modify this provision in good faith following the exchange of expert reports. The parties will endeavor to coordinate and avoid duplicative expert depositions as between the above-captioned case and the MDL.

The parties shall not serve subpoenas or discovery requests upon any testifying or non-testifying expert. Instead, the party proffering such testifying expert will: (a) be responsible for producing all materials and information required under this Order or to the extent not addressed in

19

this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon request, make the testifying expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

## X.    Discovery Coordination with the MDL

Consistent with the Court's guidance concerning coordination with *In re: Apple Inc Smartphone Antitrust Litigation*, Case 2:24-md-03113-JXN-LDW ("MDL"), and provided that the parties will work in good faith to avoid the MDL delaying the as-ordered discovery schedule in the above-captioned action, the parties will endeavor to coordinate and avoid duplicative document requests, data requests, interrogatories, and requests for admission, and depositions as between the above-captioned case and the MDL.  Absent agreement of the parties or order of the Court, fact witnesses will only sit for deposition once as between the above-captioned case and the MDL.  The parties agree to work in good faith to negotiate and agree upon more detailed coordination protocols as the need arises.

## XI.    Witness Lists

**PLAINTIFFS' PROPOSAL:**  Plaintiffs are limited to 50 persons on their preliminary trial witness list (excluding experts), and Apple is limited to 50 persons on its preliminary trial witness list (excluding experts). The preliminary witness lists must include fact witnesses, and must provide the address, telephone number, and email address of each witness and contact information for their counsel.  Apple must produce documents from the custodial files of any person on Apple's final trial witness list who was not identified in Apple's initial disclosures.

Plaintiffs are limited to 35 persons on their final trial witness list (excluding experts), and Apple is limited to 35 persons on its final trial witness list (excluding experts).  Each side's final trial witness list may identify no more than 5 witnesses who were not identified on that side's

preliminary trial witness list. Despite the limitation on the number of depositions that each side may take, each side will have the right to depose any witness on the opposing side's preliminary or final witness list, if that witness has not already been deposed in this litigation, even if the limitation on depositions is exceeded or if fact discovery has closed. Apple must produce documents from the custodial files of any person on Apple's final trial witness list who was not identified in Apple's initial disclosures or preliminary trial witness list at least 14 days before their deposition is scheduled. The final trial witness lists must comply with Rule 26(a)(3)(A)(i)–(ii), include both fact and expert witnesses, and include a brief summary of the subjects about which any expert will testify.

In preparing preliminary trial witness lists, final trial witness lists, and expert designations, the parties must make good-faith attempts to identify the witnesses (including expert witnesses) whom they expect that they may present as live witnesses at trial other than solely for impeachment. The parties will make good-faith efforts to identify individuals on their preliminary trial witness lists but may identify companies or organizations as necessary. Final trial witness lists will specify individual witnesses. No party may call a person to testify as an expert or a fact witness at trial, either live or by deposition designation, unless: (a) that person was designated as an expert or identified on any party's final trial witness list; (b) the parties agree that that party may call that person to testify; or (c) that party demonstrates good cause for allowing it to call that person to testify, despite that party's failure to designate that person on the final trial witness list.

**APPLE'S PROPOSAL:** The parties will meet and confer on the content of, and a time to exchange, witness lists after the parties' motions for summary judgment, if any, are resolved.

## XII.    Nationwide Service of Trial Subpoenas

To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide trial subpoenas from this Court.

## XIII.    Service of Pleadings and Discovery on Other Parties

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Rule 45 of the Federal Rules of Civil Procedure), expert disclosures, and delivery of all correspondence in this matter must be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

**For Plaintiff United States of America**
Jonathan H. Lasken (jonathan.lasken@usdoj.gov)
Jennifer Hane (jennifer.hane@usdoj.gov)
Aaron M. Sheanin (aaron.sheanin@usdoj.gov)
Nolan J. Mayther (nolan.mayther@usdoj.gov)
Micah Stein (micah.stein@usdoj.gov)
Lorraine Van Kirk (lorraine.vankirk@usdoj.gov)
Grace Torrence (grace.torrence@usdoj.gov)
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Tel: (202) 598-6517

**For Plaintiff State of New Jersey**
David H. Reichenberg (David.Reichenberg@law.njoag.gov)
Section Chief, Antitrust
Yale A. Leber (yale.leber@law.njoag.gov)
Deputy Attorney General
Andrew Esoldi (Andrew.Esoldi@law.njoag.gov)
Deputy Attorney General
Lauren E. Van Driesen (Lauren.vandriesen@law.njoag.gov)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271

22

**For Plaintiff State of Arizona**
Vinny Venkat (vinny.venkat@azag.gov)
Assistant Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-7757

**For Plaintiff State of California**
Brian Wang (Brian.Wang@doj.ca.gov)
Deputy Attorney General
Cari Jeffries (Cari.Jeffries@doj.ca.gov)
Deputy Attorney General
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco CA 94102
Tel: (415) 510-3487

**For Plaintiff District of Columbia**
Elizabeth G. Arthur (elizabeth.arthur@dc.gov)
Assistant Attorney General
C. William Margrabe (will.margrabe@dc.gov)
Assistant Attorney General
Antitrust and Nonprofit Enforcement Section
Public Advocacy Division
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel.: (202) 442-9864

**For Plaintiff State of Connecticut**
Nicole Demers (nicole.demers@ct.gov)
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5030

**For Plaintiff State of Indiana**
Matthew Michaloski (matthew.michaloski@atg.in.gov)
Deputy Attorney General
Scott L. Barnhart (scott.barnhart@atg.in.gov)
Chief Counsel and Director, Consumer Protection Division
Jesse Moore (jesse.moore@atg.in.gov)
Consumer Protection Division

23

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204
Tel.: (317) 234-1479

**For Plaintiff State of Maine**
Christina M. Moylan (christina.moylan@maine.gov)
Assistant Attorney General
Michael Devine (michael.devine@maine.gov)
Assistant Attorney General
Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: (207) 626-8800

**For Plaintiff Commonwealth of Massachusetts**
William T. Matlack (William.Matlack@mass.gov)
Division Chief
Katherine W. Krems (Katherine.Krems@mass.gov)
Assistant Attorney General, Antitrust Division
David Mlaver (David.mlaver@mass.gov)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel.: (617) 963-2414

**For Plaintiff State of Michigan**
Jason R. Evans (EvansJ@michigan.gov)
Division Chief
Scott A. Mertens (MertensS@michigan.gov)
Section Head
Jonathan S. Comish (ComishJ@michigan.gov)
Assistant Attorney General
Leann D. Scott (ScottL21@michigan.gov)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W Ottawa St.
Lansing, MI 48933
Tel.: (517) 335-7622

**For Plaintiff State of Minnesota**
Elizabeth Odette (Elizabeth.Odette@ag.state.mn.us)

24

Assistant Attorney General
Erin Conti (Erin.Conti@ag.state.mn.us)
Assistant Attorney General
Justin Moor (justin.moor@ag.state.mn.us)
Assistant Attorney General
455 Minnesota Street, Suite 1400
Saint Paul, MN 55101-2130
Tel.: (651) 724-9627

**For Plaintiff State of Nevada**
Raquel Fulghum (rfulghum@ag.nv.gov)
Deputy Attorney General
Samantha Feeley (sfeeley@ag.nv.gov)
Deputy Attorney General
Office of the Nevada Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Tel.: (775) 684-1100

**For Plaintiff State of New Hampshire**
Alexandra C. Sosnowski (Alexandra.C.Sosnowski@doj.nh.gov)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Tel.: (603) 271-2678

**For Plaintiff State of New York**
Elinor R. Hoffmann (Elinor.Hoffmann@ag.ny.gov)
Chief, Antitrust Bureau
Amy McFarlane (Amy.McFarlane@ag.ny.gov)
Deputy Chief, Antitrust Bureau
Bryan Bloom (Bryan.Bloom@ag.ny.gov)
Senior Enforcement Counsel, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Tel.: (212) 416-8598

**For Plaintiff State of North Dakota**
Elin S. Alm (ealm@nd.gov)
Assistant Attorney General
Christopher G. Lindblad (clindblad@nd.gov)
Assistant Attorney General

Consumer Protection and Antitrust Division
Office of Attorney General
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Tel.: (701) 328-5570

**For Plaintiff State of Oklahoma**
Robert J. Carlson (robert.carlson@oag.ok.gov)
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Tel.: (918) 581-2285

**For Plaintiff State of Oregon**
Timothy D. Smith (tim.smith@doj.state.or.us)
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market Street
Portland, OR 9720l
Tel.: (503) 934-4400

**For Plaintiff State of Tennessee**
J. David McDowell (David.McDowell@ag.tn.gov)
Deputy Attorney General,
S. Ethan Bowers (Ethan.Bowers@ag.tn.gov)
Senior Assistant Attorney General
Austin C. Ostiguy (Austin.Ostiguy@ag.tn.gov)
Assistant Attorney General
Hamilton McClain Millwee (Hamilton.Millwee@ag.tn.gov)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General and Reporter
P.O Box 20207
Nashville, TN 37202
Tel.: (615) 741-8722

**For Plaintiff State of Washington**
Luminita Nodit (lumi.nodit@atg.wa.gov)
Assistant Attorney General, Antitrust Division
Washington Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568

26

**For Plaintiff State of Wisconsin**
Laura E. McFarlane (mcfarlane@doj.state.wi.us)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Tel.: (608) 261-5810

**For Plaintiff State of Vermont**
Jill S. Abrams (jill.abrams@vermont.gov)
Assistant Attorney General
109 State Street
Montpelier, Vermont
Tel.: (802) 828-1106

**For Defendant Apple Inc.**
Liza M. Walsh (lwalsh@walsh.law)
Douglas E. Arpert (darpert@walsh.law)
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

Craig S. Primis, P.C. (craig.primis@kirkland.com)
Winn Allen, P.C. (winn.allen@kirkland.com)
Kristen Farnsworth (kristen.farnsworth@kirkland.com)
Ken Sturek (ksturek@kirkland.com)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000

Devora W. Allon, P.C. (devora.allon@kirkland.com)
Alexia R. Brancato, P.C. (alexia.brancato@kirkland.com)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

**XIII. Modification of Rights and Responsibilities**

The parties may mutually agree to modify their rights and responsibilities under this Order, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any party may seek modification of this Order for good cause.

Dated: _____, 2025

                                _____
Jonathan H. Lasken
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Tel: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

Alina Habba
United States Attorney
John F. Basiak Jr.
Assistant United States Attorney
Chief, Civil Division
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Tel: (973) 645-2700
Email: john.basiak@usdoj.gov

*Attorneys for Plaintiff United States of America*

_____
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.Reichenberg@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Dated: _____, 2025

_____
Vinny Venkat
Assistant Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-7757
Email: vinny.venkat@azag.gov

*Attorney for Plaintiff State of Arizona*

Dated: _____, 2025

_____
Brian Wang
Deputy Attorney General

29

Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco CA 94102
Tel: (415) 510-3487
Email: Brian.Wang@doj.ca.gov

*Attorney for Plaintiff State of California*

Dated: _____, 2025                    _____

Elizabeth G. Arthur
Assistant Attorney General
Public Advocacy Division
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel.: (202) 442-9864
Email: elizabeth.arthur@dc.gov


*Attorney for Plaintiff District of Columbia*

Dated: _____, 2025                    _____

Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5030
Email: nicole.demers@ct.gov

*Attorney for Plaintiff State of Connecticut*

Dated: _____, 2025                    _____

Jennifer Linsey
Deputy Attorney General
Consumer Protection Division
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204
Tel.: (463) 261-7401
Email: Jennifer.Linsey@atg.in.gov

*Attorney for Plaintiff State of Indiana*

Dated: _____, 2025                    _____

30

Christina M. Moylan
Assistant Attorney General
Consumer Protection Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: (207) 626-8800
Email: christina.moylan@maine.gov

*Attorney for Plaintiff State of Maine*

Dated: _____, 2025

_____
David Mlaver
Assistant Attorney General
Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel.: (617) 963-2414
Email: David.mlaver @mass.gov

*Attorney for Plaintiff State of Massachusetts*

Dated: _____, 2025

_____
Jason R. Evans
Division Chief
Corporate Oversight Division
Michigan Department of Attorney General
525 W Ottawa St.
Lansing, MI 48933
Tel.: (517) 335-7622
Email: EvansJ@michigan.gov

*Attorney for Plaintiff State of Michigan*

Dated: _____, 2025

_____
Justin Moor
Assistant Attorney General
455 Minnesota Street, Suite 1400
Saint Paul, MN 55101-2130
Tel.: (651) 724-9627
Email: justin.moor@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

31

Dated: _____, 2025

                    _____

Raquel Fulghum
Deputy Attorney General
Office of the Nevada Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Tel.: (775) 684-1100
Email: rfulghum@ag.nv.gov

*Attorney for Plaintiff State of Nevada*

Dated: _____, 2025

                    _____

Alexandra C. Sosnowski
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
Office of the Attorney General
One Granite Place South
Concord, NH 03301
Tel.: (603) 271-2678
Email: Alexandra.C.Sosnowski@doj.nh.gov

*Attorney for Plaintiff State of New Hampshire*

Dated: _____, 2025

                    _____

Elinor R. Hoffmann
Chief, Antitrust Bureau
New York State Office of the Attorney
General
28 Liberty Street
New York, NY 10005
Tel.: (212) 416-8598
Email: Elinor.Hoffmann@ag.ny.gov

*Attorney For Plaintiff State of New York*

Dated: _____, 2025

                    _____

Elin S. Alm
Assistant Attorney General
Christopher G. Lindblad
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of Attorney General
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Tel.: (701) 328-5570

Email: ealm@nd.gov
clindblad@nd.gov

*Attorney for Plaintiff State of North Dakota*

Dated: _____, 2025

_____
Robert J. Carlson
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street, Suite 1000
Tulsa, OK 74119
Tel.: (918) 581-2285
Email: robert.carlson@oag.ok.gov

*Attorney for Plaintiff State of Oklahoma*

Dated: _____, 2025

_____
Timothy D. Smith
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market Street
Portland, OR 9720l
Tel.: (503) 934-4400
Email: tim.smith@doj.state.or.us

*Attorney for Plaintiff State of Oregon*

Dated: _____, 2025

_____
J. David McDowell
Deputy, Consumer Protection Division
Office of the Attorney General and Reporter
P.O Box 20207
Nashville, TN 37202
Tel.: (615) 741-8722
Email: David.McDowell@ag.tn.gov

*Attorney for Plaintiff State of Tennessee*

Dated: _____, 2025

_____
Luminita Nodit
Assistant Attorney General
Antitrust Division
Washington Attorney General's Office
800 Fifth Avenue, Suite 2000

33

Seattle, WA 98104
Tel.: (206) 254-0568
Email: lumi.nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

Dated: _____, 2025

_____

Laura E. McFarlane
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Tel. (608) 261-5810
Email: mcfarlanele@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

Dated: _____, 2025

_____

Jill S. Abrams
Assistant Attorney General
109 State Street
Montpelier, Vermont
Tel.: (802) 828-1106
Email: jill.abrams@vermont.gov

*Attorney for Plaintiff State of Vermont*

Dated: _____, 2025

_____

Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
Winn Allen, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. LEDA DUNN WETTRE
United Stated Magistrate Judge