UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, et al., <br>                       *Plaintiffs*, <br> v. <br> APPLE, INC. <br>                       *Defendant.* | Civil Action No. 2-24-cv-04055 (JXN) (LDW) <br><br> **Plaintiffs' Notice of Supplemental Authority** |

      Plaintiffs respectfully attach the recent liability opinion after trial in *United States, et al. v. Google LLC*, No. 23-cv-108 (E.D. Va. Apr. 17, 2025), holding that Google violated Section 2 of the Sherman Act, as supplemental persuasive authority in opposition to Defendant's Motion to Dismiss. *See* App. A.

      First, the *Google* court squarely rejected Google's "refusal to deal" arguments for many reasons that also apply here. *Id.* at 101-04. Like Apple, *see* ECF No. 86-1 at 11-19, Google claimed that its restrictions on *customers* (in Google's case, publishers) amounted to refusals to deal with rivals because the customers had competing products in some instances. The Court disagreed and held that Google's integration of its publisher ad server ("DFP") and its advertising exchange ("AdX") in ways that insulated each from competition violated Section 2 of the Sherman Act in both markets. App. A at 1, 97-101. Specifically:

- Through AdX's "technical and policy restrictions," Google made DFP "the only publisher ad server that could effectively access AdX." *Id.* at 91, 28-29, 28 n.16. This was not a refusal to deal with competing ad exchanges; instead, AdX crossed into the ad server market, "limiting Google's publisher customers' choice of publisher ad

1

server for reasons other than competition on the merits." *Id.* at 103. It was irrelevant that other publisher ad servers compete with DFP.

- DFP's conduct was a mirror image: through specific conduct, DFP reached into the ad exchange market and gave AdX an artificial advantage. *Id.* at 98-101. It was irrelevant that disadvantaged exchanges compete with AdX. *See id.* at 103-04.

Second, the opinion supports Plaintiffs' position on Apple's monopoly power. Plaintiffs here have adequately alleged Apple's monopoly power through selective degradation of its products without fear of losing share. *See* ECF No. 106 at 16-17. In holding that Google possessed monopoly power, the court found that Google "placed limitations on AdX and adjacent products' functionality" and "degrade[d] DFP's features without fear that its customers would switch"—actions that are "difficult to explain unless Google had monopoly power." App. A at 73, 81, 84 (quotation omitted).

Dated: April 21, 2025

Respectfully submitted,

*/s/  Jonathan H. Lasken*
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 8600
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

ALINA HABBA
United States Attorney

*/s/  John F. Basiak Jr.*
John F. Basiak Jr.
Assistant United States Attorney
Chief, Civil Division
Angela Juneau

Assistant United States Attorney
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Tel: (973) 645-2700
Email: john.basiak@usdoj.gov

*Attorneys for Plaintiff United States of America*


MATTHEW J. PLATKIN
Attorney General of New Jersey
*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff States of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*