UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 2:24-cv-04055 <br><br> Hon. Julien X. Neals <br> Hon. Leda D. Wettre <br><br> **Apple Inc.'s Response to Plaintiffs' Notice of Supplemental Authority** |

Apple Inc. respectfully submits this response to Plaintiffs' Notice of Supplemental Authority, ECF No. 255, which attached the recent out-of-circuit decision in *United States v. Google LLC*, No. 23-cv-108 (E.D. Va. Apr. 17, 2025), ECF No. 255-1 ("*Google* Op."). The Government's reliance on *Google* is misplaced.

***First***, unlike this case, the *Google* court did not address a straightforward refusal-to-deal claim but instead addressed a claim for tying, a distinct form of exclusionary conduct that is not at issue here. Tying is a long-established and entirely separate basis for Section 2 liability involving a seller's use of its control over one product to force buyers to purchase a second product. *See, e.g.*, *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 481–83 (1992). The *Google* court rejected Google's attempt to recast the tying claim in that case as a protected refusal to deal, concluding that tying "does not fit within the ambit of the refusal to

1

deal exception to antitrust liability." *Google* Op. at 93. This holding is not relevant here: The Government does not allege that Apple unlawfully tied any products or services together.

Also, in distinguishing *Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004), and concluding that the refusal-to-deal doctrine did not apply, the *Google* court relied in part on Google's short-term profit sacrifice under *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985). *Google* Op. at 104. The Government has not alleged that Apple sacrificed short-term profits in terminating a pre-existing course of dealing—which is necessary for a Section 2 claim premised on a refusal to deal. *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 250 n.7 (3d Cir. 2022); ECF No. 169 at 8–10.

**Second**, evidence that Google "limited" or "degraded" the functionality of its products, *Google* Op. at 73, 84, does not help the Government here. Insofar as the Government seeks to imply this is direct evidence of monopoly power, they are wrong, *see Harrison Aire, Inc. v. Aerostar Int'l, Inc.*, 423 F.3d 374, 380 (3d Cir. 2005) (direct evidence is proof of ability to "control prices or exclude competition"), and the Government already explicitly disclaimed any reliance on "supracompetitive pricing to plead monopoly power," ECF No. 106 at 18, so it must point instead to indirect evidence.

The *Google* court's findings of indirect evidence of monopoly power were based on a host of facts not alleged here. In the publisher ad server market, for example, Google's share of the "worldwide market"—which was the appropriate benchmark given the "global nature" of competition, *Google* Op. at 70—was "between 91.0% and 93.5%." *Id.* at 73. This is significantly greater than the 65–70% domestic market share alleged in this case, much less Apple's global market share. ECF No. 86-1 at 35–36. In the worldwide ad exchange market, the *Google* court found direct evidence that Google charged a supracompetitive "take rate" of the kind the Government has disclaimed here. *Google* Op. at 76–77. And Google's share of that market, even at "63% to 71%," was also "roughly nine times larger than the share held by Google's next-largest competitor." *Id.* at 82. In this case, the Government does not allege that iPhone's market share is comparably larger than its next-closest competitor. Finally, in addition to Apple lacking the dominant worldwide market shares found in *Google*, the Government also has not alleged here the other element of indirect proof that the *Google* court found essential to monopoly power: significant barriers to expanded output by new or existing competitors. *See id.* at 74. The *Google* court thus found monopoly power on facts wholly lacking in this case.

3

Dated: April 25, 2025

Respectfully submitted,

*/s/ Liza M. Walsh*

| | |
|---|---|
| Devora W. Allon, P.C. (*pro hac vice*) | Liza M. Walsh |
| Alexia R. Brancato, P.C. (*pro hac vice*) | Douglas E. Arpert |
| KIRKLAND & ELLIS LLP | WALSH PIZZI O'REILLY FALANGA LLP |
| 601 Lexington Avenue | Three Gateway Center |
| New York, NY 10022 | 100 Mulberry Street, 15th Floor |
| Tel.: (212) 446-5967 | Newark, NJ 07102 |
| Email: devora.allon@kirkland.com | Tel.: (973) 757-1100 |
| alexia.brancato@kirkland.com | Email: LWalsh@walsh.law |
| | DArpert@walsh.law |

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 955-8500
Email: crichman@gibsondunn.com

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
luke.mcguire@kirkland.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 219-7000
Email: dswanson@gibsondunn.com

Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8200
Email: jkleinbrodt@gibsondunn.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2025, a copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

Dated: April 25, 2025                                         /s/ Liza M. Walsh