

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

May 2, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *United States of America, et al. v. Apple Inc.,* No. 2:24-cv-04055 (JXN-LDW)
            Disputed Provisions of [Proposed] Scheduling and Case Management Order

Dear Judge Wettre:

    The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively with Plaintiffs, the "Parties") have met and conferred in response to certain issues the Court raised during the initial status conference on April 17, 2025. The Parties report their positions as follows.

    **ESI Protocol:** Section VI.1.A concerning communications that may be excluded from privilege logs and can be excluded from production should remain as written in the Proposed Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents.

    **Status Reports:** The Parties agree that they will submit joint status reports to the Court two months after the opening of fact discovery, but no earlier than July 15, 2025, and every two months thereafter.

    **Presumptions of Authenticity:** The Parties agree to the Presumptions of Authenticity in Section IX.6 of the Joint [Proposed] Scheduling and Case Management Order ("CMO"; ECF 242-2 at 16).

    **Witness Lists and Rolling Productions:** The Parties have conferred over witness lists and rolling productions of documents and ESI. Their positions, as described in the CMO, have not changed.

**Interrogatories:** The Parties have revised their positions concerning interrogatories. While they have reached agreement on many points as stated below, their respective differences appear in paragraph 2:

1. Plaintiffs may collectively serve no more than 25 non-contention interrogatories on Apple. Apple may serve no more than 25 non-contention interrogatories to all Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response. Apple may serve no more than 5 non-contention interrogatories to each individual Plaintiff. Apple will limit the scope of an interrogatory served on any individual Plaintiff to subject matter that is specific to that Plaintiff, such that Apple has a reasonable belief that the Plaintiff has unique knowledge on the topic that no other Plaintiff would have, and the topic of inquiry is specific to the served Plaintiff.

2. **Plaintiffs' proposal:** Each individual Plaintiff may serve no more than 5 non-contention interrogatories on Apple.

    Plaintiffs oppose Apple's proposal which would create a disproportionate framework: Apple would be entitled to serve up to 105 additional interrogatories, while denying Plaintiffs the same opportunity unless they first satisfy a vague, Apple-defined threshold. Limiting Plaintiffs to "responsive" interrogatories in that context is neither equitable nor workable and will generate innumerable disputes.

    **Apple's proposal:** Individual Plaintiffs are not entitled, by default, to each serve an additional 5 non-contention interrogatories on Apple, which would total another 105 interrogatories from individual Plaintiffs to Apple. However, to the extent individual Plaintiffs require additional interrogatories in order to respond to individualized interrogatories served by Apple on individual Plaintiffs, Apple will not unreasonably deny such requests. Further, to the extent individual Plaintiffs serve such interrogatories, those individual Plaintiffs will limit the scope of any such interrogatories to subject matter that is specific to that individual Plaintiff.

3. Plaintiffs may collectively serve no more than 15 contention interrogatories on Apple, and Apple may serve no more than 15 contention interrogatories on Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response.

4. For purposes of these limits, each discrete subpart of an interrogatory will count as a separate interrogatory. The parties must serve any responses and objections to all interrogatories within 30 days after the interrogatories are served. Requests for reasonable extensions of the time to serve responses and objections to specific interrogatories will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over interrogatories before seeking the Court's intervention.

5. Contention interrogatories must be labeled specifically as such. Contention interrogatories shall not be served until 30 days prior to the close of fact discovery unless otherwise permitted by the Court. The parties must provide answers to contention interrogatories no later than 14 days after the close of fact discovery. However, if a response to a contention

interrogatory or portion thereof calls for expert opinions addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery.

**Requests for Admission:** The Parties agree to the following provisions concerning requests for admission:

1. Plaintiffs may collectively serve no more than 30 requests for admission on Apple, and Apple may serve no more than 30 requests for admission on Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response.

2. Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. The parties must serve any responses and objections to requests for admission within 30 days after the requests for admission are served. Requests for reasonable extensions of the time to serve responses and objections to specific requests for admission will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for admission before seeking the Court's intervention.

Respectfully submitted,

/s/   Jonathan H. Lasken
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

ALINA HABBA
United States Attorney

/s/   John F. Basiak Jr.
John F. Basiak Jr.
Assistant United States Attorney
Chief, Civil Division
Peter W. Rodino, Jr. Federal Building
970 Broad Street, 7th Floor
Newark, NJ 07102
Tel: (973) 645-2700
Email: john.basiak@usdoj.gov

*Attorneys for Plaintiff United States*

MATTHEW J. PLATKIN
Attorney General of New Jersey

/s/ David H. Reichenberg
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff States of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

/s/   Liza M. Walsh
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

/s/  Crais S. Primis
Craig S. Primis, P.C.
Winn Allen, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com

/s/   Devora W. Allon
Devora W. Allon, P.C.
Alexia R. Brancato
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com

*Attorneys for Defendant Apple Inc.*

4

ALINA HABBA
United States Attorney

BY: AARON M. SHEANIN
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102

*Attorney for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br><br> *Plaintiff*, <br><br> v. <br><br> APPLE INC. <br><br> *Defendant*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on May 2, 2025.

BY: *s/ Aaron M. Sheanin*
Aaron M. Sheanin
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*