# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Civil Action No.<br><br>24-4055 (JXN) (LDW)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 17, 2025; and the Court having considered the parties' Joint Proposed Scheduling and Case Management Order (ECF 254); and a supplemental submission pertaining to the contents of this Order having been made on May 2, 2025 (ECF 259); and for good cause shown:

**IT IS, on this 5th day of June 2025,**

**ORDERED THAT:**

## I.     FACT DISCOVERY

1.     **Initial Disclosures**. The parties have complied with their initial disclosure requirements under Fed. R. Civ. P. 26 and L. Civ. R. 26.1.

2.     **Investigation Materials**. Plaintiffs shall produce Investigation Materials, as that term is defined in the Discovery Confidentiality Order (ECF 235), on or before **June 13, 2025**.

3.     **Written Discovery Demands**. The parties shall serve their initial written discovery demands no later than **June 20, 2025**. The parties may serve supplemental requests after the service of initial demands, but all discovery demands, except contention interrogatories but including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery unless an exception is sought and received from the Court. Responses to written discovery demands are to be made within the time required by the Federal Rules of Civil Procedure, unless otherwise agreed by the parties; however, any extension agreements among counsel shall not extend the deadlines set by the Court. Counsel shall agree

among themselves as to the method for service of discovery materials upon parties and shall maintain a service list for such materials.[1]

4.     **Document Requests**.  There is no pre-determined limit on the number of requests for the production of documents that may be served by the parties pursuant to Rule 34 of the Federal Rules of Civil Procedure, but any requests must be proportional to the needs of the case as required by Rule 26(b)(1) and all parties reserve the right to object to requests for production on any appropriate grounds, including undue burden.  The parties must serve any objections to requests for productions of documents within 30 days after the requests are served.

5.     **Document Production**.  Documents shall be produced on a rolling basis, and document productions shall be substantially completed no later than **December 15, 2025**, for document requests served at least 60 days before that deadline.  The parties shall produce all documents and electronically stored information ("ESI") in accordance with the ESI Protocol (ECF 264).  The parties shall strive to reach early agreement as to technology assisted review, search terms, and custodians.  **The parties are advised that delay in searching for and producing ESI due to prolonged discussion and disagreement about search terms, custodians, and the like will not be deemed to constitute good cause under Rule 16 for extending the Court's deadline for substantial production.**

6.     **Data Requests**.  The parties shall meet and confer in good faith regarding any requests for production of data or data compilations, and, if requested, will produce data samples and data dictionaries (including information sufficient to allow reasonable use of the database) for all sources of structured data or data compilations if reasonably available.  The parties shall meet and confer regarding the specific timeline for production based on the number of requests served and the burdens imposed by those requests.  The parties shall comply with L. Civ. R. 37.1 to address any dispute over requests for production of data or data compilations before seeking the Court's intervention.

7.     **Interrogatories**.  Plaintiffs may collectively serve no more than 25 non-contention interrogatories on Apple, Inc. ("Apple").  Apple may serve no more than 25 non-contention interrogatories to all Plaintiffs.  Plaintiffs will respond individually only if they have particularized information to provide in response.  Apple may serve no more than 5 non-contention interrogatories to each individual Plaintiff.  Apple will limit the scope of an interrogatory served on any individual Plaintiff to subject matter that is specific to that Plaintiff, such that Apple has a reasonable belief that the Plaintiff has unique knowledge on the topic that no other Plaintiff would have, and the topic of inquiry is specific to the served Plaintiff.

Each individual Plaintiff may serve no more than 5 non-contention interrogatories on Apple, if warranted.  Apple has the right to challenge the necessity of these interrogatories to the

---

[1] The Court will not incorporate service lists into its Orders given the extensive number of attorneys involved in this action and the anticipated frequency of revisions to the list during the course of this action.

Court after an expedited meet and confer with counsel for the individual Plaintiffs who propounded the interrogatories to which Apple objects.

Plaintiffs may collectively serve no more than 15 contention interrogatories on Apple, and Apple may serve no more than 15 contention interrogatories on Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response.

For purposes of these limits, each discrete subpart of an interrogatory will count as a separate interrogatory. The parties must serve any responses and objections to all interrogatories within 30 days after the interrogatories are served. Requests for reasonable extensions of the time to serve responses and objections to specific interrogatories will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over interrogatories before seeking the Court's intervention.

Contention interrogatories must be labeled specifically as such. Contention interrogatories shall not be served until 30 days prior to the close of fact discovery unless otherwise permitted by the Court. The parties must provide answers to contention interrogatories no later than 14 days after the close of fact discovery. However, if a response to a contention interrogatory or portion thereof calls for expert opinions addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery.

8. **Requests For Admission**. Plaintiffs may collectively serve no more than 30 requests for admission on Apple, and Apple may serve no more than 30 requests for admission on Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response.

Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. The parties must serve any responses and objections to requests for admission within 30 days after the requests for admission are served. Requests for reasonable extensions of the time to serve responses and objections to specific requests for admission will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for admission before seeking the Court's intervention.

9. **Depositions**. The Court reserves decision on the parties' disputes concerning limits on the number of fact witness depositions and Rule 30(b)(6) deposition notices, depositions of the United States, deposition scheduling, preparation of deponents, and depositions of former Apple employees. The parties shall comply with all agreed-upon protocols for the taking of depositions as set forth in the Joint Proposed Scheduling and Case Management Order (ECF 254), which are incorporated by reference herein.

10. **Presumptions of Authenticity**. Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Rule 901 of the Federal Rules of Evidence. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of

authenticity will no longer apply to that document and the parties shall promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

11. **Fact Discovery Deadline**. All fact discovery shall be completed no later than **July 31, 2026**.

## II. EXPERT DISCOVERY

12. All affirmative expert reports (by the party bearing the burden of proof on the subject of the report) shall be served on or before **September 4, 2026**. All expert reports shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B). The parties shall comply with all agreed-upon protocols concerning expert witness disclosures and depositions as set forth in the Joint Proposed Scheduling and Case Management Order (ECF 254), which are incorporated by reference herein.

13. All responsive expert reports shall be served on or before **October 19, 2026**.

14. All reply expert reports shall be served on or before **November 16, 2026**.

15. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **January 8, 2027**.

## III. DISCOVERY ON NON-PARTIES

16. A party serving a subpoena of the type described in Rule 45 of the Federal Rules of Civil Procedure must serve a copy of any subpoena on the other parties at or before the time the subpoena is served.

17. If a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within 21 days. Requests for reasonable extensions of the time to serve a follow-on document subpoena will not be unreasonably withheld, particularly if a party serves 8 or more subpoenas within 10 calendar days.

18. The parties agree to accept electronic service (by email) of a notice and copy of the subpoena. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number; and (b) the non-party produce documents in accordance with the ESI Protocol and Protective Order entered in this matter. The parties also agree that they will use best efforts to ensure that all non-parties producing documents in this case comply with the ESI Protocol and Protective Order. Any party that receives a production of documents from a non-party must reproduce those same documents to all non-serving parties within three business days of receiving the production.

19. The parties shall cooperate in good faith in an effort to minimize the burden on non-parties to the extent possible. To facilitate cooperation, a requesting party will produce to all other parties (unless already copied) within 5 business days any substantive written communications

concerning non-party subpoenas on a rolling basis, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

### IV.     STATUS CONFERENCES AND REPORTS

20.     The Court will conduct status conferences on at least a quarterly basis. The first such conference shall be held on **September 16, 2025 at 1:30 p.m**. The parties shall submit a joint status letter no later than **August 18, 2025**, which shall include: (a) a proposed agenda of items to be addressed at the conference; (b) updated positions as to the disputes concerning witness lists and fact depositions, to the extent the parties remain unable to reach agreement without the Court's intervention; and (c) their preference as to whether the conference should be held in person or remotely.

21.     Joint status letters shall be in the nature of an executive summary. If there are disputed matters requiring the Court's attention after counsel have completed a thorough, good faith attempt to resolve them, counsel shall describe the disputes briefly in their joint status letter and seek instruction from the Court as to the manner in which the dispute should be presented for adjudication.

22.     Counsel for the parties are encouraged to meet regularly, as needed, to confer about discovery issues, in an effort to reduce the burden of this action on the Court and one another, as required by Fed. R. Civ. P. 1. The Court will not mandate the timing of such meetings unless the parties indicate in future conferences that they require that level of Court supervision.

### V.     MOTIONS

23.     **No motions are to be filed without prior written permission from this Court.** These prerequisites must be met before any motions are filed or the motions will be terminated. All formal motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules unless informal briefing is directed by the Court.

24.     By agreement of the parties, the deadline to seek leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, shall be not later than **14 days after Apple's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is decided**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

25.     All dispositive motions must first be subject to pre-motion leave, sought in writing.

### VI.     MISCELLANEOUS

26.     <u>**Witness Lists**</u>. The Court reserves decision on the parties' disputes concerning the timing and content of witness lists.

27. **Discovery Coordination with the MDL**.  The parties are to endeavor to avoid duplicative discovery between this case and the *In re: Apple Inc. Smartphone Antitrust Litigation*, 24-md-3113 (JXN) (LDW) multidistrict litigation to the extent feasible without delaying the progress of this case.

28. The litigation of this action shall be governed in every respect by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, applicable sections of the United States Code, the Local Civil Rules of the District of New Jersey, and the published Practices of the Hon. Julien X. Neals and the undersigned Magistrate Judge.  The Court does not recite those standards in this Order, but they are nevertheless fully incorporated by reference herein.  Variation from those Rules shall only be permitted by Order of the Court.

29. All of the parties' agreements in the Joint Proposed Scheduling and Case Management Order (ECF 254) shall bind them (except to the extent inconsistent with this Order) and are hereby incorporated in this Order by reference.

30. The Court expects the parties' counsel to adhere in their conduct toward the Court and one another with the ABA's Guidelines For Litigation Conduct published at Appendix R of this Court's Local Civil Rules.  Attorneys entering an appearance in this action, including as *pro hac vice* counsel, are required to review Appendix R.

31. The remainder of the pretrial schedule, including a schedule for dispositive motions and trial, will be determined at a later date.

32. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

     *s/ Leda Dunn Wettre*
     Hon. Leda Dunn Wettre
     United States Magistrate Judge

Original:   Clerk of the Court
cc:   Hon. Julien Xavier Neals, U.S.D.J.
     All Parties