**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>            *Plaintiffs*,<br><br>        v.<br><br>APPLE INC.,<br><br>            *Defendant*. | CASE NO. 2:24-cv-04055<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>***Document filed electronically*** |

## <u>INTRODUCTORY STATEMENT TO APPLE'S ANSWER</u>

iPhone is one of the most innovative products ever made. Apple integrates the most advanced hardware and software with legendary ease of use and an uncompromising approach to the privacy and security of users' data, resulting in industry-leading customer satisfaction with the iPhone. This customer-centric philosophy is central to Apple's continued consumer trust. This lawsuit threatens the very principles that set iPhone apart in a fiercely competitive market. The complaint's theories, if vindicated, would reduce consumer choice and erode competition. The lawsuit could set a dangerous precedent, empowering the government to take a heavy hand in designing people's technology.

For nearly two decades, Apple has carefully struck a balance between giving customers access to high-quality first- and third-party applications and accessories for iPhone, on the one hand, and protecting customers from the risks that third-party access can present, on the other. This lawsuit seeks to attack a random collection of Apple's design choices, degrade the privacy and security benefits of iPhone that customers value, and eliminate the competitive differentiation and consumer choice that currently exist in the marketplace. The Department of Justice and the States (collectively, "DOJ") argue that five of Apple's design choices are examples of a purported "monopoly playbook" to eliminate competitive threats and inhibit switching. DOJ is wrong.

Apple has made careful and deliberate decisions in each of those five areas, all of which are focused on optimizing customer experience and not destroying competitors or making it more difficult for customers to buy another smartphone if they so choose. DOJ posits Apple should have made other choices, but that is not an antitrust violation and, in fact, would restrict Apple's ability to compete and give users the differentiated products they value.

Lacking evidence of wrongdoing, DOJ has focused on five random aspects of iPhone's design that DOJ fundamentally misunderstands:

- DOJ says Apple stifles the success of "super apps," despite the fact that Apple's rules allow and support such apps, and indeed a multitude of "super apps" exist on the App Store today;

- DOJ says Apple blocks cloud streaming games, even though Apple allows streaming-games both over the web and in the App Store where they can stream games directly to users;

- DOJ says Apple degrades third-party messaging apps, even though they are widely available and enormously popular on iPhone already;

- DOJ says Apple limits the functionality of third-party smartwatches, even though they can effectively pair with iPhone, share data to and from the iPhone via a companion app, and take advantage of certain functionalities Apple has developed which are expanding over time; and

- DOJ says Apple withholds access to iPhone hardware necessary for third-party digital wallets to use tap-to-pay technology, however, Apple developed and provides a mechanism that protects user security while enabling third-party developers to offer alternate payment applications.

For each of these challenged—and all—design choices, Apple focused on the users and weighed the benefits and risks to them of expanding third-party access with the ability to so do in a simple, safe, and secure way. This careful balance Apple maintains is a defining feature of iPhone. This is competition on the merits. Yet, the complaint stretches the theories of these five aspects—none of which, individually or together, establish any antitrust violation—to make unsupported allegations about more than a dozen disparate Apple products and services in a broad attack on Apple's entire business model.

Importantly, the complaints that led to this case came primarily from a small number of third-party developers—including some of Apple's largest and best-funded competitors—not from the millions of highly satisfied consumers who choose iPhone for its superior user experience. The antitrust laws do not impose upon Apple a duty to design its own product in a way that would better suit its rivals at the expense of consumers whose devices might be less secure, less private, and less intuitive as a result.

As part of responding and adapting to a rapidly changing technology market, Apple consistently innovates to add new capabilities for users and developers. DOJ's factual allegations are wrong and disregard Apple's pace of innovation. Nor does DOJ recognize that, in a fiercely competitive marketplace, Apple is incentivized to increase the appeal of its products and to engineer them in a way that maintains the simplicity, privacy, and security that users count on.

Even if DOJ were right about Apple's conduct—which it is not—the complaint also gets its market allegations wrong. Apple is simply not a monopolist. The complaint alleges an unreasonable measurement of the smartphone market by revenue rather than unit sales and a distinction between smartphones and "performance smartphones" that does not correspond to economic reality. But more significantly, the complaint distorts the ultra-competitive nature of the modern smartphone market by focusing narrowly on Apple, without fairly considering the major manufacturers like Samsung and Google that Apple contends with in the United States, not to mention the various lower-cost manufacturers—especially from China—that Apple confronts globally. As both a factual and legal matter, Apple lacks the power to charge supra-competitive prices or restrict smartphone output and thus cannot exercise monopoly power in any properly defined smartphone market. Judicial intervention in this dynamic and evolving market risks chilling lawful competition.

Ultimately this case is not about the millions of satisfied iPhone users or even the hundreds of thousands of iOS developers that enjoy economic success, it's predominantly about a few large companies free-riding on Apple's technology and innovation. The complaint is a misguided plea for a judicial redesign of one of the most popular and innovative consumer products of all time, under the guise of an antitrust case. That plea wrongly rests on an effort to overturn the careful balance that Apple has struck between third-party access to iPhone and providing users the trusted, secure, private, and user-friendly experience that has made iPhone so popular. The law does not require Apple to design iPhone as DOJ and Apple's rivals might prefer. And the facts will demonstrate that Apple competes on the merits, that its conduct is and was pro-competitive, and that it has neither intended to, attempted to, nor in fact monopolized the smartphone market.

## ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Apple, by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs in the First Amended Complaint ("Complaint").

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Apple denies the allegations in the Complaint, including without limitation all allegations included in the Table of Contents, the preamble (contained in pages 3 to 5 of the Complaint), headings, subheadings, and footnotes. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and Apple therefore denies them all.

1.      Apple admits that Apple Computer, Inc. was founded in 1976 and that, when it was founded, it sold personal computers.  Apple denies the remaining allegations in Paragraph 1.

2.      Apple admits that it began selling iPod in 2001.  Apple admits that iPod users could organize their song library and update their iPod using iTunes.  To the extent the allegations in Paragraph 2 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 2.

3.      Apple admits that in 2007, it began selling iPhone, which included hardware and apps.  To the extent that Paragraph 3 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 3.

4.      Apple admits that third-party developers can create apps that users can download on their iPhone through the Apple App Store ("App Store").  To the extent the allegations in Paragraph 4 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 4.

5.      Apple admits that its iPhone 16 Pro Max 1TB can cost $1,599 as of the date of this filing.  Apple admits that it charges developers commissions in certain circumstances.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 regarding the margins of others in the industry, and on that basis, denies them.  Apple denies the remaining allegations in Paragraph 5.

6.      Apple denies the allegations in Paragraph 6.

7.      Apple denies the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 9.

10.     Apple admits that some apps provide a user with broad functionality in a single app.  Apple admits that streaming games can permit gaming in the cloud.  Apple admits that messaging apps can allow users to communicate with others.  Apple admits that smartwatches are an accessory that can be paired to a smartphone.  Apple admits that digital wallets can contain users' sensitive information.  To the extent the allegations in Paragraph 10 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 11.

12.     Apple admits that it began selling iPhone in 2007.  To the extent the allegations in Paragraph 12 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 12 selectively quotes from or characterizes documents or trial testimony, the documents and trial testimony speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 12.

13.     Apple admits that its shareholders received approximately $77 billion in stock buybacks in fiscal year 2023.  To the extent the allegations in Paragraph 13 are legal conclusions

and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 are legal conclusions and characterizations, no response is required.  To the extent Paragraph 14 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 are legal conclusions and characterizations, no response is required.  To the extent Paragraph 17 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 17.

18.      To the extent the allegations in Paragraph 18 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding the reasons for Plaintiffs' lawsuit, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 18.

19.     Apple admits that it is a global technology company with headquarters in Cupertino, California.  Apple admits that in fiscal year 2023, Apple generated annual net sales of

approximately $383 billion and net income of approximately $97 billion. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding the value or net income of other companies and the gross domestic products of countries, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 19.

20.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 regarding the profit margins of Apple's smartphone competitors, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 20.

21.     Apple admits that its Wearables offering includes headphones and its Accessories offering includes Apple-branded and third-party accessories. Apple denies the remaining allegations in Paragraph 21.

22.     To the extent the allegations in Paragraph 22 are legal conclusions and characterizations, no response is required. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Apple's market share in the performance smartphone market, as defined by Plaintiffs, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 22.

23.     Apple admits that Samsung is one of its smartphone competitors. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding the alleged growth of iPhone users in various demographics, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 23.

24.     Apple admits that in fiscal year 2023, it spent approximately $30 billion on research and development and approximately $77 billion on stock buybacks, as reported in its 2023 Form 10-K.  Apple denies the remaining allegations in Paragraph 24.

25.     Apple admits that it was founded in 1976 and that, in its first 25 years, it sold personal computers.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 regarding the market for personal computers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 25.

26.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 regarding the effects of the *United States v. Microsoft* ("*Microsoft*") consent decree, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 26.

27.     Apple admits that on May 18, 1998, the Justice Department and 20 State Attorneys General and the District of Columbia filed an antitrust lawsuit against Microsoft alleging the company had violated Section 2 of the Sherman Act.  To the extent the allegations in Paragraph 27 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 27.

28.     To the extent the allegations in Paragraph 28 are legal conclusions and characterizations, no response is required.  To the extent Paragraph 28 purports to quote testimony given in the *Microsoft* action, the testimony speaks for itself, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 28.

29.     Apple admits that, in 2000, the trial court in *Microsoft* found that Microsoft's conduct violated Section 2 of the Sherman Act.  To the extent the allegations in Paragraph 29 are

legal conclusions and characterizations, or purport to characterize the content of a legal order, the contents of which speak for itself, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 29.

30.     Apple admits that it introduced iTunes in January 2001.  Apple admits that the original version of iTunes only worked with Mac computers.  To the extent Paragraph 30 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 30.

31.     Apple admits that it launched iPod in 2001.  Apple admits that the original version of iTunes and the original iPod only worked with Mac computers.  To the extent that Paragraph 31 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 31.

32.     Apple admits that, in 2002, the trial court in *Microsoft* accepted a proposed consent decree.  To the extent the allegations in Paragraph 32 are legal conclusions and characterizations, or purport to characterize the content of a legal order, the contents of which speak for itself, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 regarding Microsoft's obligations under the *Microsoft* consent decree, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 32.

33.     Apple admits that it launched a version of iTunes in 2003 that was compatible with the Windows operating system.  Apple admits that users could buy and download music and play it on their iPod or on iTunes using the iTunes Store.  Apple admits that it changed its name from

Apple Computer, Inc. to Apple Inc. in 2007.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 regarding the alleged effect of the *Microsoft* consent decree on users of the iTunes Store, and on that basis, denies them.  To the extent that Paragraph 33 selectively quotes from or characterizes documents or statements, the documents and statements speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 33.

34.    Apple denies the allegations in Paragraph 34.

35.    Apple admits that it launched iPhone in 2007.  To the extent that Paragraph 35 selectively quotes from or characterizes documents or statements, the documents and statements speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 35.

36.    Apple denies the allegations in Paragraph 36.

37.    Apple denies the allegations in Paragraph 37.

38.    Apple admits that in 2008, it released a Software Development Kit to enable third-party developers to create native apps for iPhone.  Apple admits that it later offered developers the opportunity to earn revenue from the sales of apps and in-app purchases and subscriptions.  To the extent that Paragraph 38 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 38.

39.    To the extent the allegations in Paragraph 39 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 regarding the impact of third-party participation on iPhone, including the impact on Apple's profits and number of iPhone users, and

Apple's market share in the performance smartphone market and broader smartphone market, as defined by Plaintiffs, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 are legal conclusions and characterizations, no response is required. To the extent that Paragraph 40 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 40.

41.     Apple admits that in the United States, it currently facilitates the distribution of third-party native apps through the App Store. Apple admits that it has App Store Review Guidelines ("Guidelines"), to which all apps on the App Store must adhere. Apple admits that it reviews and approves all apps and app updates for compliance with the Guidelines. To the extent the allegations in Paragraph 41 are legal conclusions and characterizations, no response is required. To the extent that Paragraph 41 purports to characterize requirements in Apple's Guidelines, the Guidelines speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 41.

42.     Apple admits that developers who seek to distribute native apps through the App Store must enter into the Apple Developer Program License Agreement, which provides developers access to certain Application Programming Interfaces ("APIs"). To the extent the allegations in Paragraph 42 are legal conclusions and characterizations, no response is required. To the extent that Paragraph 42 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 42.

43.     Apple admits that in the United States, apps distributed through the App Store that browse the web must use the appropriate WebKit framework and WebKit JavaScript.  To the extent the allegations in Paragraph 43 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 regarding iPhone user behavior with respect to web apps, and on that basis, denies them.  To the extent that Paragraph 43 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 44.

45.     Apple admits that Short Message Service, or SMS, is a protocol used by mobile carriers since the 1990s, and that users could send text messages from their cell phone to other cell phones using SMS.  To the extent the allegations in Paragraph 45 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 47.

48.     Apple admits that smartphones combine a traditional mobile phone with advanced hardware and software.  To the extent the allegations in Paragraph 48 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 regarding the functions of third-party smartphones, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 are legal or expert conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 regarding the economics of smartphone platforms, as Plaintiffs define them, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 49.

50.     Apple admits that third-party developers can create apps for iPhone.  To the extent the allegations in Paragraph 50 are legal or expert conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 regarding the economics of smartphone platforms, as Plaintiffs define them, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 are legal or expert conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 regarding the economics of smartphone platforms, as Plaintiffs define them, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 53.

54.     To the extent the allegations in Paragraph 54 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 54.

55.     To the extent the allegations in Paragraph 55 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 56.

57.     To the extent the allegations in Paragraph 57 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 57.

58.     To the extent the allegations in Paragraph 58 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 59 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 60 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 regarding the functionalities of "super apps" and developers' abilities regarding "super apps," and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 regarding the alleged benefits of "super apps" and their similarities to other services, and on that basis, denies them.  To the extent that Paragraph 62 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 regarding the alleged effects of

"super apps" on user dependence on iPhone, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 63.

64.    To the extent the allegations in Paragraph 64 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 regarding the alleged effects of "super apps" on user dependence on iPhone and the ability of developers to write mini programs on "super apps," and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 64.

65.    To the extent the allegations in Paragraph 65 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 65 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 65.

66.    To the extent the allegations in Paragraph 66 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 66 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 66.

67.    To the extent the allegations in Paragraph 67 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 67.

68.    To the extent the allegations in Paragraph 68 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 regarding the value of "super apps"

to consumers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 68.

69.     To the extent the allegations in Paragraph 69 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 69 purports to characterize requirements in Apple's Guidelines, the Guidelines speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 69.

70.     To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 70 purports to characterize requirements in Apple's Guidelines, the Guidelines speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 71 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 71.

72.     Apple admits that streaming games can permit gaming in the cloud.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 regarding cloud streaming technology, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 72.

73.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 regarding benefits of cloud streaming to users, and whether and why users with access to cloud streamed games may be willing to switch from an iPhone to a

different smartphone, and on that basis, denies them.  To the extent that Paragraph 73 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 73.

74.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 regarding the advantages of cloud streaming for developers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 74.

75.     Apple denies the allegations in Paragraph 75.

76.     To the extent that Paragraph 76 purports to characterize requirements in Apple's Guidelines, the Guidelines speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 76.

77.     To the extent that Paragraph 77 purports to characterize requirements in Apple's Guidelines, the Guidelines speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 79 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 79.

80.     To the extent the allegations in Paragraph 80 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 80 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 80.

81.     Apple admits that messaging apps allow smartphone users to communicate with others.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 concerning messaging apps often being the primary way users interact with their smartphones, and on that basis, denies them.  To the extent that Paragraph 81 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 81.

82.     Apple admits that some messaging apps use protocols that enable communication and determine the availability of certain messaging features.  Apple denies the remaining allegations in Paragraph 82.

83.     Apple admits that SMS (including MMS) is a protocol used by some smartphone messaging apps.  Apple admits that the SMS protocol does not support certain messaging features. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 concerning the protocols used by all messaging apps and whether all mobile phones can receive SMS messages, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 83.

84.     Apple admits that some messaging apps use over-the-top ("OTT") internet-based messaging protocols, and that some OTT protocols support features like end-to-end encryption, typing indicators, read receipts, the ability to share rich media, and disappearing or ephemeral

messages.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding whether many messaging apps use proprietary, internet-based protocols, the ability of all mobile phones to send and receive SMS messages, and the functionalities of all messaging apps using OTT protocols, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 84.

85.    To the extent the allegations in Paragraph 85 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 85.

86.    Apple denies the allegations in Paragraph 86.

87.    To the extent the allegations in Paragraph 87 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 87.

88.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 regarding the value and growth of messaging apps, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 88.

89.    Apple admits that, in 2024, it launched support for the RCS Universal Profile within its Messages app.  Apple denies the remaining allegations in Paragraph 89.

90.    Apple admits that unencrypted text messages from iPhone users to non-iPhone users in Apple Messages appear to iPhone users as green bubbles.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 regarding the social stigma or pressure non-iPhone users face, or the survey referenced, and on that basis, denies them.  To the extent that Paragraph 90 selectively quotes from or characterizes documents,

the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 90.

91.    To the extent that Paragraph 91 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 91.

92.    To the extent that Paragraph 92 selectively quotes from or characterizes statements, the statements speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 92.

93.    Apple denies the allegations in Paragraph 93.

94.    To the extent that Paragraph 94 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 94.

95.    Apple admits that smartwatches are wrist-worn devices with an interactive display and apps that perform certain functions.  Apple denies the remaining allegations in Paragraph 95.

96.    Apple admits that Apple Watch is only compatible with iPhone.  Apple denies the remaining allegations in Paragraph 96.

97.    Apple denies the allegations in Paragraph 97.

98.    To the extent the allegations in Paragraph 98 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding the surveys referenced, and on that basis, denies them.  To the extent that Paragraph 98 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 98.

99. To the extent that Paragraph 99 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 99.

100. To the extent the allegations in Paragraph 100 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 100.

101. Apple admits that it introduced Apple Watch in 2014. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding the top considerations for smartwatch purchasers, and on that basis, denies them. To the extent that Paragraph 101 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 101.

102. Apple admits that in general, a Bluetooth connection is used to wirelessly connect a smartwatch with a smartphone. Apple denies the remaining allegations in Paragraph 102.

103. Apple admits that cellular-enabled smartwatches can connect directly to a cellular network. Apple admits that Apple Watch users can use the same phone number for their iPhone and Apple Watch when connected to the cellular network, and that messages are delivered to a user's iPhone and cellular-enabled Apple Watch when connected to the cellular network. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 regarding the popularity of cellular-enabled smartwatches, users' preferences and experiences regarding being able to use the same phone number for both their iPhone and third-party smartwatch, and the messaging experience of smartwatch users who use smartphones other

than iPhone, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 103.

103.    104.    To the extent that Paragraph 104 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 104.

105.    Apple admits that digital wallets are apps that allow a user to store and use cards and passes.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 regarding third-party digital wallets, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 105.

106.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding cross-platform digital wallets, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 106.

107.    Apple admits the allegations in Paragraph 107.

108.    Apple admits that Apple Wallet can be used to make payments using iPhone.  To the extent that Paragraph 108 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 108.

109.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding the potential actions of third-party developers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 109.

110.    Apple denies the allegations in Paragraph 110.

111.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 regarding the functions that attract users to a digital wallet for smartphones, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 112.

113.    Apple admits that it charges participating financial institutions a commission in certain circumstances.  To the extent the allegations in Paragraph 113 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 regarding Samsung and Google's payment apps, issuing banks, the projected volume of impacted transactions, and the Consumer Financial Protection Bureau, and on that basis, denies them.  To the extent that Paragraph 113 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 are legal conclusions and characterizations, no response is required.  To the extent that Paragraph 114 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 114.

115.    Apple admits that merchants can use iPhone's NFC antenna to receive tap-to-pay payments.  Apple denies the remaining allegations in Paragraph 115.

116.    Apple denies the allegations in Paragraph 116.

117.    Apple denies the allegations in Paragraph 117.

118.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 regarding the estimates referenced in the U.S. Consumer Financial Protection Bureau report, and on that basis, denies them.   To the extent that Paragraph 118 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 are legal conclusions and characterizations, no response is required.   Insofar as any response is required, Apple denies the allegations in Paragraph 119.

120.    Apple denies the allegations in Paragraph 120.

121.    Apple admits that it offers subscription services.   To the extent the allegations in Paragraph 121 are legal conclusions and characterizations, no response is required.   Insofar as any response is required, Apple denies the remaining allegations in Paragraph 121.

122.    To the extent the allegations in Paragraph 122 are legal conclusions and characterizations, no response is required.   Insofar as any response is required, Apple denies the allegations in Paragraph 122.

123.    To the extent that Paragraph 123 purports to reference an order in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal. 2020), the order speaks for itself, and no response is required.   To the extent the allegations in Paragraph 123 are legal conclusions and characterizations, no response is required.   Insofar as any response is required, Apple denies the remaining allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 124.

125.    Apple admits that it offers CarPlay.  To the extent the allegations in Paragraph 125 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 125.

126.    To the extent the allegations in Paragraph 126 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 126.

127.    Apple admits that Google and Samsung manufacture smartphones that compete with iPhone.  To the extent the allegations in Paragraph 127 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 regarding the user surveys referenced, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding third-party developers and smartwatch manufacturers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 regarding third-party developers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 regarding third-party internet browsers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 134.

135.    Apple admits that, in 2024, it launched support for the RCS Universal Profile within its Messages app.  To the extent the allegations in Paragraph 135 are legal conclusions and

characterizations, no response is required.  To the extent that Paragraph 135 purports to reference an order in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal. 2020), the order speaks for itself, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 136.

137.    Apple admits that it offers products and services, including AirPods, iPad, Apple Music, Apple TV, iTunes, CarPlay, AirDrop, Apple Card, and Apple Cash.  To the extent the allegations in Paragraph 137 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 137.

138.    Apple admits that it produces television and movie content.  To the extent the allegations in Paragraph 138 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 142.

143.    Apple denies the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 144.

145.    To the extent the allegations in Paragraph 145 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 145.

146.    To the extent the allegations in Paragraph 146 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 146.

147.    To the extent the allegations in Paragraph 147 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 147.

148.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 regarding the history and background of mobile phones, American adult ownership of mobile phones, and the origin of the term "cell phone," and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 148.

149.    Apple admits that smartphones combine a traditional mobile phone with advanced hardware and software components.  To the extent the allegations in Paragraph 149 are legal

conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 regarding consumer smartphone purchasing decisions, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 149.

150.    To the extent the allegations in Paragraph 150 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 regarding consumers' preferences for smartphones and other devices, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 150.

151.    Apple admits that smartphones contain hardware components, including an enclosure and a display.  To the extent the allegations in Paragraph 151 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 151.

152.    Apple admits that a smartphone's hardware can include the semiconductor chipsets. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 regarding third-party smartphone manufacturers, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 152.

153.    Apple admits that smartphone hardware can include cameras and position and motion sensors.  Apple denies the remaining allegations in Paragraph 153.

154.    Apple admits that, in general, smartphones use antennas to communicate with other smartphones, accessories, or other devices using communication protocols such as Wi-Fi, Bluetooth, and NFC.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 regarding Wi-Fi, Bluetooth, and NFC technology, and on

that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 154.

155.    Apple admits that Apple, Samsung, and Google are smartphone manufacturers. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 regarding the revenue of third-party smartphone device manufacturers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 155.

156.    Apple admits that, in general, cloud-based technologies use hardware and software in remote computing centers.  Apple denies the remaining allegations in Paragraph 156.

157.    Apple admits that smartphones use software.  Apple denies the remaining allegations in Paragraph 157.

158.    Apple admits iPhone comes with Apple's operating system, iOS.  Apple admits that, in general, apps are software programs that can perform certain tasks and use a smartphone's operating system.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 regarding Android's compatibility with smartphones manufactured by third parties, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 158.

159.    Apple admits that apps that work with iOS are called native iOS apps.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 regarding the functionality of native Android apps, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 159.

160.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 regarding the views of app developers and habits of smartphone

users regarding multi-homing, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 160.

161.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 regarding developers' views of smartphone apps, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 161.

162.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 regarding decisions made by app developers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 162.

163.    Apple admits that middleware is software that enables communication between applications and services, and that it can include APIs.  To the extent that Paragraph 163 purports to quote testimony given in the *Microsoft* action, the testimony speaks for itself, and no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 163.

164.    Apple admits that it has smartphone competitors.  To the extent the allegations in Paragraph 164 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 165.

166.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 regarding the views of industry participants, and on that basis,

denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 166.

167.    Apple denies the allegations in Paragraph 167.

168.    To the extent the allegations in Paragraph 168 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 regarding the differing characteristics between various smartphones, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 168.

169.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 regarding consumer purchasing behavior, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 169.

170.    To the extent the allegations in Paragraph 170 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 173.

174.    To the extent the allegations in Paragraph 174 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 regarding the views of others, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 174.

175.    To the extent the allegations in Paragraph 175 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 176.

177.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 regarding consumer smartphone purchasing requirements, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 180.

181.    To the extent the allegations in Paragraph 181 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 regarding the views of developers, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 181.

182.    To the extent the allegations in Paragraph 182 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 regarding Apple's market share, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 182.

183.    To the extent the allegations in Paragraph 183 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 regarding any alleged barriers to entry and expansion for smartphones, and on that basis, denies them.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 183.

184.    To the extent the allegations in Paragraph 184 are legal conclusions and characterizations, no response is required.  Apple lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 184 regarding any alleged barriers to entry and expansion for smartphones, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 are legal conclusions and characterizations, no response is required. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 regarding any alleged barriers to entry and expansion for smartphones, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 185.

186.    Apple admits that Samsung and Google are smartphone competitors. To the extent the allegations in Paragraph 186 are legal conclusions and characterizations, no response is required. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 regarding the reasons Amazon, Microsoft, and LG no longer manufacture smartphones, and regarding the periods of sale for Amazon, Microsoft, HTC, and LG's smartphones, and on that basis, denies them. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 are legal conclusions and characterizations, no response is required. To the extent that Paragraph 187 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 187.

188.    Apple admits that it charges developers commissions in certain circumstances. Apple admits that it charges participating financial institutions a commission in certain circumstances. Apple admits that it receives revenue from Apple Pay fees. To the extent the allegations in Paragraph 188 are legal conclusions and characterizations, no response is required.

Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 regarding third-party smartphone manufacturers' profit margins and amounts third-party manufacturers charge to carriers to buy and resell smartphones and for credit card transaction fees, and the Consumer Financial Protection Bureau's report, and on that basis, denies them. To the extent that Paragraph 188 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 188.

189.    To the extent that Paragraph 189 selectively quotes from or characterizes documents, the documents speak for themselves, and no response is required. Insofar as any response is required, Apple denies the remaining allegations in Paragraph 189.

190.    To the extent the allegations in Paragraph 190 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 190.

191.    To the extent the allegations in Paragraph 191 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 191.

192.    To the extent the allegations in Paragraph 192 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 192.

193.    To the extent the allegations in Paragraph 193 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Apple denies the allegations in Paragraph 193.

194.    Apple denies the allegations in Paragraph 194.

195.    Apple admits that this Court has subject matter jurisdiction over this case.  Apple denies the remaining allegations in Paragraph 195.

196.    Apple admits that this Court has personal jurisdiction over Apple.  Apple denies the remaining allegations in Paragraph 196.

197.    Apple admits that it is a corporation headquartered in Cupertino, California.  Apple admits that it is a publicly traded company.  Apple admits that it has earned revenue from its distribution and sale of innovative products and services.  Apple denies the remaining allegations in Paragraph 197.

198.    Apple admits that it markets, distributes, and sells products and services to consumers in the United States and internationally.  To the extent the allegations in Paragraph 198 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 198.

199.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

200.    To the extent the allegations in Paragraph 200 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 200.

201.    To the extent the allegations in Paragraph 201 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 201.

202.    To the extent the allegations in Paragraph 202 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 202.

203.    To the extent the allegations in Paragraph 203 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 203.

204.    To the extent the allegations in Paragraph 204 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 204.

205.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

206.    To the extent the allegations in Paragraph 206 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 206.

207.    To the extent the allegations in Paragraph 207 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 207.

208.    To the extent the allegations in Paragraph 208 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 208.

209.    To the extent the allegations in Paragraph 209 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 209.

210.    To the extent the allegations in Paragraph 210 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 210.

211.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

212.    To the extent the allegations in Paragraph 212 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 212.

213.    To the extent the allegations in Paragraph 213 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 213.

214.    To the extent the allegations in Paragraph 214 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 214.

215.    To the extent the allegations in Paragraph 215 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 215.

216.    To the extent the allegations in Paragraph 216 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 216.

217.    To the extent the allegations in Paragraph 217 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 217.

218.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

219.   To the extent the allegations in Paragraph 219 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 219.

220.   To the extent the allegations in Paragraph 220 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 220.

221.   To the extent the allegations in Paragraph 221 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 221.

222.   To the extent the allegations in Paragraph 222 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 222.

223.   To the extent the allegations in Paragraph 223 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 223.

224.   Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

225.   To the extent that Paragraph 225 selectively quotes from or characterizes statutory code, the statute speaks for itself, and no response is required.  To the extent the allegations in Paragraph 225 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 225.

226.    To the extent the allegations in Paragraph 226 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 226.

227.    To the extent the allegations in Paragraph 227 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 227.

228.    To the extent the allegations in Paragraph 228 are legal conclusions, characterizations, or prayers for relief, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 228.

229.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

230.    To the extent the allegations in Paragraph 230 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 230.

231.    To the extent the allegations in Paragraph 231 are legal conclusions, characterizations, or prayers for relief, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 231.

232.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

233.    To the extent that Paragraph 233 selectively quotes from or characterizes statutory code, the statute speaks for itself, and no response is required.  To the extent the allegations in Paragraph 233 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 233.

234.     Apple admits that it has sold iPhone in Tennessee.  To the extent the allegations in Paragraph 234 are legal conclusions and characterizations, no response is required.  Insofar as any response is required, Apple denies the remaining allegations in Paragraph 234.

235.     To the extent the allegations in Paragraph 235 are legal conclusions, characterizations, or prayers for relief, no response is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 235.

236.     Apple admits that Paragraph 236 sets forth the relief that Plaintiffs purport to seek but denies that any relief is warranted or appropriate.  The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required.   Insofar as any response is required, Apple denies the remaining allegations in Paragraph 236.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### **First Affirmative Defense**

### **(Legitimate Business Justifications)**

Apple alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

### **Second Affirmative Defense**

### **(Protected Rights – Intellectual Property and Other Statutes)**

Plaintiffs' claims are barred, in whole or in part, insofar as they make claims or seek remedies that conflict with Apple's rights under intellectual property law or other statutes.

## Third Affirmative Defense

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Complaint, including any and all claims belonging to parties not named as plaintiffs in the Complaint.

## Fourth Affirmative Defense

### (No Injury or Threatened Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have neither sustained nor are threatened by any injury in fact or antitrust injury proximately caused by an act or omission by Apple.

## Fifth Affirmative Defense

### (Mootness)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

## Sixth Affirmative Defense

### (No Entitlement to Injunctive Relief)

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, is entirely self-inflicted, and Plaintiffs have an adequate remedy at law.

## Seventh Affirmative Defense

### (No Harm to Competition or Consumers)

Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

## Eighth Affirmative Defense

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## **Ninth Affirmative Defense**

### **(Protected Rights – First Amendment and Noerr-Pennington)**

Plaintiffs' claims are barred, in whole or in part, insofar as they challenge the exercise of rights protected by the First Amendment of the United States Constitution and by the *Noerr-Pennington* doctrine.

## **Tenth Affirmative Defense**

### **(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### **Additional Affirmative Defenses**

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses.  Apple has not knowingly or intentionally waived any applicable defenses and reserves the right to assert additional defenses as they become known to it through discovery in this matter.  Apple reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

Dated:  July 29, 2025

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel:  (212) 446-4800
Email:  devora.allon@kirkland.com
          alexia.brancato@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N. W.
Washington, DC 20036
Tel:  (202) 955-8500
Email: crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 219-7000
Email: dswanson@gibsondunn.com

Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:  (415) 393-8200
Email: jkleinbrodt@gibsondunn.com

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel:  (973) 757-1100
Email:  LWalsh@walsh. law
          DArpert@walsh. law

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N. W.
Washington, DC 20004
Tel:  (202) 389-5000
Email:  craig.primis@kirkland.com
          matt.reilly@kirkland.com
          winn.allen@kirkland.com
          luke.mcguire@kirkland.com

*Counsel for Defendant Apple Inc.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter in controversy is related to the following action:

- *In re: Apple Inc. Smartphone Antitrust Litigation*; Civil Action No. 2:24-md-03113

Defendant is not aware of any other action pending in any court or any pending arbitration or administrative proceeding related to this matter.

Dated: July 29, 2025                    s/*Liza M. Walsh*

                                        Liza M. Walsh

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: July 29, 2025                                  s/*Liza M. Walsh*

                                                     Liza M. Walsh