

U.S. Department of Justice

Antitrust Division

---

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

August 18, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *United States of America, et al. v. Apple Inc.,* No. 2:24-cv-04055 (JXN-LDW)
            **Joint Status Letter**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple," and collectively with Plaintiffs, the "Parties") respectfully submit this Joint Status Letter in advance of the status conference scheduled for September 16, 2025.

    **I.**    **The Parties' Work to Date**

*Investigation Materials.* Pursuant to the Pretrial Scheduling Order, Plaintiffs produced their Investigation Materials through February 2025 on June 12 and June 13, 2025. Plaintiffs' Investigation Materials consisted of over 112,000 documents, including materials produced to Plaintiffs by 26 third parties during the course of Plaintiffs' investigation. Plaintiffs intend to supplement their initial production with Investigation Materials from February 2025 through August 2025 later this month.

*Answer.* Apple filed its Answer to Plaintiffs' Amended Complaint on July 29, 2025.

*Discovery on Non-Parties.* Pursuant to Section III of the Pretrial Scheduling Order and Federal Rule 45, Apple has sent subpoenas to nineteen (19) non-parties. To date, Plaintiffs have sent follow-on subpoenas to six (6) of these non-parties. The Parties are continuing to engage directly with the relevant non-parties regarding these subpoenas. The Parties expect additional subpoenas will be sent in the coming weeks.

*Written Discovery and Document Productions.* Plaintiffs served their First Set of Requests for Production on June 23, 2025. That same day, Apple served its First Set of Requests for

Production and First Set of Interrogatories. The Parties served Responses and Objections to these initial written discovery demands on July 21, 2025. Plaintiffs served their Second Set of Requests for Production on Apple on August 12, 2025. On August 13 and August 15, 2025, Apple made initial productions of documents in response to Plaintiffs' Requests. The Parties have met and conferred nine times in good faith efforts to resolve disputes over the written discovery requests. Although the Parties are continuing to meet and confer, disputed matters identified below may require the Court's attention if the Parties are unable to resolve these issues.

## II.    Discovery Issues

Plaintiffs contend that several issues have arisen during negotiations over necessary prerequisites to Apple's responses to Plaintiffs' Requests for Production, proposed custodians, and proposed methods for conducting its search. Plaintiffs have offered to provide input on Apple's document collection protocol upon Apple's provision of information that Plaintiffs claim is necessary for Plaintiffs to make informed decisions, which Apple has declined to do. While the Parties have met and conferred on these issues, they have not resulted in resolution as of the date of this letter. Accordingly, Plaintiffs seek the Court's guidance on these matters to ensure discovery moves forward expeditiously.

Apple does not believe that any of these issues are ripe for the Court's review. The Parties are in the middle of negotiations over these issues and continue to make headway through productive, good-faith meet and confers. It is inconsistent with the Court's Pretrial Scheduling Order to include these issues now, given that the Parties have not yet completed "a thorough, good faith attempt to resolve" these issues. ECF No. 270 at ¶ 21. It is also inconsistent with the Parties' agreement to only include a "joint concise, neutral description of any disputed issue" in this joint filing. Nevertheless, because Plaintiffs have insisted on including these issues in this submission, Apple briefly states its positions on these issues below.

### a.    Apple's Responses to Plaintiffs' Discovery

*The Scope of Plaintiffs' Requests for Production*

***Plaintiffs' Position***: Apple responded to twenty-three (23) of Plaintiffs' Requests by offering to produce documents that do not correspond to their scope.[1] Plaintiffs have asked Apple to explain the delta between the documents Plaintiffs requested and those that Apple is willing to produce, but Apple has declined to do so. Plaintiffs contend that, unless Apple agrees to produce the documents requested, Plaintiffs are entitled under Fed. R. Civ. P. 34(b)(2)(C) to a clear explanation of which documents Apple intends to exclude from production in response to each of the Requests. Absent this information, Plaintiffs are unable to work collaboratively with Apple to negotiate the scope of their Requests and Apple's production.

***Apple's Position***: Apple has fulfilled its obligations under Rule 34. The Advisory Committee Notes to the 2015 Amendment to Rule 34 state that "[a]n objection that states the limits

---

[1] Apple's Responses to Plaintiffs' Request for Production Nos. 10, 15, 16, 17, 18, 19, 24, 27, 29, 30, 31, 38, 40, 41, 42, 43, 44, 45, 46, 50, 57, 58 and 59.

that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" By describing its search protocol in detail to Plaintiffs, both in writing and in oral meet and confers, Apple has complied with that requirement.

*"Documents sufficient to show"*

*Plaintiffs' Position*: Twenty-six (26) of Plaintiffs' Requests seek "all documents" related to particular issues; however, in its responses or as a result of the Parties' meet and confer discussion, Apple proposes to restrict its production to "documents sufficient to show" limited information.[2] Plaintiffs contend that their Requests for "all documents" reasonably available for collection are relevant to the Parties' claims and defenses and are proportional to the needs to the case, and that Apple may not therefore restrict its production.

*Apple's Position*: Apple does not believe there is any remaining dispute regarding the "sufficient to show" objections. Apple has confirmed several times that it intends to produce all non-privileged, responsive documents held by its custodians that are identified by its search terms or that are within the categories of known targeted collections. On the Parties' meet and confers, Plaintiffs represented that this confirmation resolved the dispute.

*Disputes Over RFP Nos. 5 and 6*

*Plaintiffs' Position*: Apple objects to searching for and producing documents sought by Plaintiffs' Request Nos. 5 and 6, which seek documents shared with Apple's board of directors and documents related to relevant changes Apple has made to its conduct due to legal or regulatory requirements. Plaintiffs contend that Apple must produce documents in response to these Requests because they are relevant to the claims and defenses and proportional to the needs of the case.

*Apple's Position*: Apple does not believe these issues are ripe for the Court's review. With regard to Request 5, Apple believes the request is overbroad, but is willing to meet and confer to significantly narrow the scope of this Request and ensure there are appropriate protections commensurate with the highly sensitive nature of this information. With regard to Request 6, Apple does not believe that this Request will result in discoverable information and questions its relevance. Nevertheless, as Apple indicated on the last meet and confer, it is continuing to consider the Request.

*Other Issues*

In addition, the Parties continue to meet and confer on eleven (11) remaining Requests for which Plaintiffs contend that Apple has yet to explain what categories of documents, if any, it proposes to produce[3] and twenty-six (26) Requests for which Apple has proposed a more limited

---

[2] Apple's Responses to Plaintiffs' Request for Production Nos. 1, 2, 3, 9, 10, 12, 15, 16, 17, 18, 19, 27, 29, 30, 31, 32, 38, 41, 47, 49, 50, 51, 55, 58, 59 and 62.

[3] Apple's Responses to Plaintiffs' Request for Production Nos. 20, 21, 25, 28, 33, 34, 35, 36, 37, 54 and 56.

production than Plaintiffs have specified.[4] Apple maintains that its responses to these requests are reasonable and proportionate to the needs of the case. Apple further notes that it is Plaintiffs' obligation to craft reasonable and appropriately tailored requests in the first instance, but Plaintiffs have repeatedly proffered extremely broad theories to explain the relevance of various requests, and then sought to place the onus on Apple to propose what responsive and relevant information Apple is willing to produce.

### b.  Apple's Document Collection Protocol

*Document Custodians*

**Plaintiffs' Position**: Apple identified twenty-two (22) initial document custodians in total for Plaintiffs' Requests for Production. Plaintiffs contend that Apple's proposed set of custodians is too limited to cover the array of facts at issue in this litigation. Apple's custodian list omits critical senior and line-level employees including its current and former Chief Financial Officers as well as groups of individuals in events described in the Complaint. Apple's proposed custodian list is less than half the size of its most recent significant antitrust case, the *Epic Games* litigation, further indicating that its list is likely under-inclusive. Plaintiffs have identified sixty-three (63) additional custodians of interest to Apple based on the information Plaintiffs learned during their investigation.

The Parties disagree as to whether Apple has an obligation to provide HR spreadsheets (which serve the purpose for organizational charts) for all full-time Apple employees over a six-year time period to allow Plaintiffs to assess Apple's proposed custodians. In order to enable the Parties to meaningfully negotiate additional custodians, Plaintiffs contend they need basic information on members of Apple's workforce in relevant areas of the company, particularly as several years have passed between Apple's last productions during Plaintiffs' prefiling investigation and the present. Plaintiffs have asked Apple to provide copies of each of the last six years of its HR spreadsheets for full-time employees including their names, job functions/titles, and reporting relationships. Plaintiffs maintain that Apple's production of these six HR spreadsheets of employee organizational information is minimally burdensome, does not raise privacy concerns due to the presence of the Discovery Confidentiality Order, and is necessary for the Parties to reach resolution on the number and identities of appropriate custodians covering the relevant time period. Because Apple declined to provide its HR information informally, Plaintiffs served a separate Request for Production to obtain this material on August 12, 2025. Apple's response to that Request is due on September 11, 2025. In Plaintiffs' view, however, all Parties would benefit from Apple's prompt production of the six HR spreadsheets. Plaintiffs have proposed to limit the spreadsheets by business groups or units that the Parties can agree are relevant to this case, but Apple has decline to accept this proposed compromise.

**Apple's Position**: Apple identified twenty-two (22) initial document custodians, including relevant senior decisionmakers and individuals who cover all conduct areas at issue in the case, at the same time it served responses and objections to Plaintiffs' first set of requests for production

---

[4] Apple's Responses to Plaintiffs' Request for Production Nos. 16, 18, 19, 23, 26, 27, 30, 31, 38-51, 55, 57, 58, and 59.

on July 21, 2025. These custodians are likely to have information from the relevant time period as many of them are long-tenured and almost all are current employees. Apple has repeatedly invited Plaintiffs to identify additional custodians or even identify alleged gaps in Apple's custodians, such as topics or time periods Plaintiffs claim are unrepresented on Apple's list. On August 13, Plaintiffs identified for the first time 63 additional potential custodians. Unsurprisingly, the Parties have not yet discussed these custodians given that Plaintiffs provided the list only three business days ago and Plaintiffs explicitly stated that they are not proposing the additional names as custodians but merely as examples to allegedly illustrate Plaintiffs' concerns with Apple's proposal. Further, the number of custodians in other cases is not relevant here, and even if it were, Plaintiffs are incorrect in their assertion about the litigation-phase of the *Epic* matter.

Plaintiffs' request for spreadsheets of *all* Apple employees for six years, including identifying information for *hundreds of thousands* of irrelevant Apple employees is highly disproportionate to the needs of the case and unnecessarily burdensome. This is particularly so given that Plaintiffs already have a vast number of documents Apple produced during an investigation involving numerous interviews of Apple employees, which is far more information than a propounding party would have in a typical case. Instead, Apple offered on August 11, 2025 to provide more targeted information about each of Apple's proposed custodians, including positions during each custodian's tenure at Apple, each custodian's current manager, and each custodian's direct reports. Apple is also more than willing to identify additional custodians if Plaintiffs believe there are custodial gaps in terms of time period or subject matter. On August 13, Plaintiffs rejected Apple's proposed compromise.

**Search Terms**

**Plaintiffs' Position**: Apple has declined to use Technology Assisted Review to conduct a search for responsive documents. Instead, Apple has stated that it intends to use search terms and proposed a set of terms in response to certain of Plaintiffs' Requests for Production. Plaintiffs submit that a detailed negotiation of search terms is not possible until Plaintiffs understand what Apple is proposing to search for in response to Plaintiffs' Requests and how that differs from what Plaintiffs have asked for—information Apple has so far declined to provide in written responses or during the meet and confer. Plaintiffs believe that Apple should promptly collect documents and ESI from the custodians whom Apple has identified, as well as centralized repositories such as shared drives and collaborative workspaces, and produce "go gets" and other agreed-upon documents.

**Apple's Position**: Apple formulated and sent to Plaintiffs on July 21 a detailed set of search terms that it believes appropriately can be used to identify potentially responsive documents and has offered multiple times to consider any alternatives to those search terms that Plaintiffs might have. In Apple's view, ongoing negotiations surrounding custodians and the scope of specific requests is no basis for delaying engagement on these search terms. The terms are not custodian-specific and are a means to address scoping questions to the extent such questions are even implicated by search terms.

### III. Witness Lists

The Parties have been unable to reach agreement on the timing and content of witness lists, and their respective positions remain as described in the Parties' Joint Proposed Scheduling and Case Management Order. ECF 254-2, at 20–21. In short, Plaintiffs propose that each side's preliminary trial witness list be limited to 50 persons (excluding experts) and that those lists be exchanged 90 days after the Answer, on October 27, 2025. Plaintiffs also propose that each side's final trial witness list be limited to 35 persons (excluding experts) and contain more than 5 witnesses not on the preliminary list. Apple does not believe that witness lists should be exchanged at this time and instead proposes that the Parties meet and confer on the content of, and a time to exchange, witness lists after the Parties' motions for summary judgment are resolved.

### IV. Depositions

The Parties have been unable to resolve their disputes concerning fact depositions. The Parties' respective positions remain as described in the Parties' Joint Proposed Scheduling and Case Management Order. ECF 254-2, at 14–16.

***Number of Fact Witness Depositions*:** Plaintiffs propose that each side be limited to 50 depositions of fact witnesses under Rules 30(b)(1) and 45 of the Federal Rules of Civil Procedure. Plaintiffs also propose that depositions of any persons identified on a party's final trial witness list who were not identified on that party's preliminary trial witness list do not count against the proposed 50-deposition limit. Apple proposes that each side be limited to 20 depositions of Party witnesses under Rule 30(b)(1) and 111 depositions of non-party witnesses under Rule 45 because Plaintiffs have listed 111 third parties on their initial disclosures. Apple is willing to consider a lower number of non-party depositions as discovery progresses.

***Rule 30(b)(6) Depositions of Apple:*** Plaintiffs propose that they be permitted to collectively serve one or more notices of deposition on Apple under Rule 30(b)(6). This proposal would enable Plaintiffs to take an early Rule 30(b)(6) deposition concerning Apple's data and ESI and additional Rule 30(b)(6) topics on other substantive issues at a later time. Apple proposes that Plaintiffs be permitted to serve only one notice of Rule 30(b)(6) deposition on Apple to streamline the Rule 30(b)(6) process and avoid undue duplication and burden. The Parties are continuing to evaluate their positions concerning Rule 30(b)(6) depositions of Apple.

***Rule 30(b)(6) Depositions of Plaintiffs:*** Plaintiffs submit that prosecuting agencies and their employees are neither percipient witnesses nor typically proper for examination by deposition, because their only roles are to collect evidence of others' conduct under work product and other privileges. Nonetheless, Plaintiffs will evaluate any Rule 30(b)(6) notices, if served by Apple, to determine whether such topics may be appropriate for deposition or whether other superior methods to collect relevant facts from the enforcement agencies are available to Apple. Apple proposes that Rule 30(b)(6) depositions of Plaintiffs or persons employed by or acting on behalf of Plaintiffs be permitted, given that this action is being prosecuted on behalf of the United States and the Plaintiff States, and not merely on behalf of the "prosecuting agencies." Nonetheless, Apple agrees that these issues are best resolved once Rule 30(b)(6) notices are

actually served and the Parties can evaluate how best to obtain relevant deposition testimony in the context of specific requests.

***Deposition Scheduling:*** Plaintiffs propose that the Parties agree to work in good faith to make witnesses available for deposition within 14 days of deposition notices. Apple proposes that the Parties work cooperatively and in good faith to make witnesses available on a reasonable timeline that works for the witness and the relevant attorneys, but cannot commit to making witnesses available within 14 days.

***Preparation of Deponents:*** Plaintiffs propose language requiring that deponents and their counsel make a good-faith effort to prepare for depositions and to refresh witnesses' memories on important matters in the suit about which the witness reasonably should be expected to have knowledge. Apple proposes that the Parties agree to comply with the Federal Rules of Civil Procedure in preparing witnesses for depositions, but does not think it is necessary to impose language requiring witnesses to be prepared in any particular manner.

***Depositions of Former Apple Employees:*** Plaintiffs propose that contact with former Apple employees by the government be governed by applicable rules, including relevant ethical rules. Apple proposes that Plaintiffs be required to provide Apple written notice before they contact a former Apple employee. Apple also proposes that it will advise Plaintiffs within 15 business days of that notice whether counsel for Apple is representing the former employee, during which time Plaintiffs may not contact the former employee directly.

V.   **Additional Matters**

***Location of the Status Conference.*** The Court's Order asked the Parties to state their preference on whether the status conference should be held in person or remotely on September 16, 2025. Plaintiffs' preference is for the status conference to be held in person but defer to Your Honor's preferences. Apple defers to Your Honor's preferences as well.

Respectfully submitted,

| | |
|---|---|
| */s/  Jonathan H. Lasken*<br>Jonathan H. Lasken<br>Assistant Chief, Civil Conduct Task Force<br>United States Department of Justice<br>450 Fifth Street, NW, Suite 4000<br>Washington, D.C. 20530<br>Telephone: (202) 598-6517<br>Email: jonathan.lasken@usdoj.gov<br><br>ALINA HABBA<br>United States Attorney<br><br>*/s/  John F. Basiak Jr.*<br>John F. Basiak Jr.<br>Assistant United States Attorney<br>Chief, Civil Division<br>Peter W. Rodino, Jr. Federal Building<br>970 Broad Street, 7th Floor<br>Newark, NJ 07102<br>Tel: (973) 645-2700<br>Email: john.basiak@usdoj.gov<br><br>MATTHEW J. PLATKIN<br>Attorney General of New Jersey<br><br>*/s/ David H. Reichenberg*<br>David H. Reichenberg<br>Section Chief, Antitrust<br>New Jersey Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (609) 696-4686<br>Email: David.reichenberg@law.njoag.gov<br><br>*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin* | */s/   Liza M. Walsh*<br>Liza M. Walsh<br>Douglas E. Arpert<br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, New Jersey 07102<br>Tel.: (973) 757-1100<br>Email: lwalsh@walsh.law<br>Email: darpert@walsh.law<br><br>*/s/ Craig S. Primis*<br>Craig S. Primis, P.C.<br>Winn Allen, P.C.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Tel.: (202) 389-5000<br>Email: craig.primis@kirkland.com<br>Email: winn.allen@kirkland.com<br><br>*/s/   Devora W. Allon*<br>Devora W. Allon, P.C.<br>Alexia R. Brancato, P.C.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel.: (212) 446-4800<br>Email: devora.allon@kirkland.com<br>Email: alexia.brancato@kirkland.com<br><br>*Attorneys for Defendant Apple Inc.* |

ALINA HABBA
United States Attorney

BY: AARON M. SHEANIN
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102

*Attorney for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>APPLE INC.<br><br>　　　　*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

　　I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on August 18, 2025.

　　　　　　　　　　　　　　　　　　　　BY: *s/ Aaron M. Sheanin*
　　　　　　　　　　　　　　　　　　　　Aaron M. Sheanin
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Antitrust Division
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff United States*