# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　Defendant. | Case No. 2:24-cv-04055<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, Apple Inc. ("Apple" or "Defendant") hereby provides its Objections and Responses to the First Requests for Production to Apple (the "Requests") served by Plaintiffs.

All responses set forth herein are subject to and without waiver of any of Apple's General Objections. In serving these responses, Apple does not waive (a) any objections to the relevance, materiality, or admissibility for any purpose of the information sought; (b) the right to object on any ground at any time to a demand for further responses to the Requests; or (c) the right to revise, correct, add to, supplement, or clarify any of its responses. Apple's responses shall not be construed as an admission that any definition or characterization provided by Plaintiffs is either factually accurate or legally binding on Apple. Nor shall the responses be construed in any way as an admission that documents or information responsive to any Request exists, is discoverable, or would be admissible in this or any other proceeding.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and data sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of each Apple product or service. For avoidance of doubt, this includes documents sufficient to show Apple's methodologies for recognition of and allocation of revenue, costs, expenses, margins, and profitability, including any accounting policies and procedures manuals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and data for "each Apple product or service" regardless of whether such product or service relates to any of the issues in this case. Apple also objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that do not exist in the ordinary course of business, including financial reporting metrics and cost allocations that Apple does not maintain for iPhone or each Identified Product or Service. Apple further objects to this Request duplicative of Request Nos. 10, 15, 22, and 23, which also seek production of documents related to Apple's costs, sales, or profitability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of iPhone and each

32

Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and data related to any Smartphone's usable life, the length of time over which consumers use it, the number and type of consumers that use it, its quality and value at any point in time, and all related metrics or key performance indicators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "usable life," "number and type of consumers," and "quality and value at any point in time."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and data related to" these topics, regardless of whether such documents relate to any of the issues in this case.  Apple also objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control.  Apple further objects to this Request as duplicative of Request Nos. 10, 17, 18, 38, and 39, which also seek production of documents related to consumer views, behavior, or usage.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce studies, analyses, and reports sufficient to show the number and type of iPhone users in any geography, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to the value of a user to Apple, including customer lifetime value, entry point analyses, revenue per user, subsequent hardware purchases, and any revenue or benefit

33

topic, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to Apple Smartphones or any Identified Product or Service after January 1, 2009, containing information derived from users in the United States, Australia, Canada, China, France, Germany, India, Japan, Mexico, Brazil, Russia, South Korea, and United Kingdom, excluding enterprise users, that contains information relating to user:

a. characteristics;

b. relationships between or among the Company's other users (including Family Sharing);

c. specific devices used (e.g., iPhone model, year, and storage);

d. ownership, activation, deactivation, or usage of the Company's devices;

e. ownership, activation, deactivation, or usage of third-party devices;

f. switching to, from, or among devices;

g. purchase, activation, deactivation, or usage of the Company's apps, subscriptions, products, or services;

h. purchase, activation, deactivation, or usage of third-party apps, subscriptions, products, or services; and

i.  unique identifiers sufficient to link the user across data sets produced in response to these Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "user characteristics," "model," and "usage." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to users in geographies outside the United States. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality, including privacy considerations.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Monthly iPhone and Apple Watch sales data worldwide, as well as any associated Data Dictionaries and documentation, for all models after January 1, 2010, including:

a. The country and state where the iPhone or Apple Watch was purchased;

b. The country and state where the iPhone or Apple Watch was activated, if different than the country and state of purchase;

65

c. All fields necessary to identify the model and specifications, including serial number, IMEI, ICCID, MAC address, brand, model, and storage capacity;

d. All fields necessary to identify the wholesale customer or retailer and sales channel, including the wireless carrier brand through which devices are sold to consumers; and

e. All fields related to units sold, price, incentives, revenues, costs, discounts, rebates, returns, margins, and profitability maintained in the ordinary course of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "activated." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to sales data in specific states within the United States and in geographies outside the United States. Apple further objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce data sufficient to show iPhone and Apple Watch sales within the United States since January 1, 2014, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 63:**

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to studies, reports, and analyses of consumers, developers, or other groups related to Smartphones or any Identified Product or Service. These include surveys, polls, focus groups,

market research, market segmentations, online anthropologies, A/B testing or other experiments, and choice modelling. They exclude databases and data related to purely cosmetic hardware changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "other groups," "online anthropologies," "A/B testing or other experiments," "choice modeling," and "purely cosmetic." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

*[Signature page follows.]*