

U.S. Department of Justice

Antitrust Division

---

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

December 19, 2025

<u>**VIA ECF**</u>
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *United States of America, et al. v. Apple Inc.,* No. 2:24-cv-04055 (JXN-LDW)
         **Joint Status Letter**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple") respectfully submit this Joint Status Letter, as directed by the Court's September 17, 2025 and December 2, 2025 Orders.  *See* ECF Nos. 322, 350.  Following the lapse in government appropriations, the Court adjourned the in-person case management conference set for November 20, 2025.  The parties respectfully request that the Court reschedule that conference at a time convenient to the Court.

**I.     Status Update Since September 16, 2025 Case Management Conference**

**A.  Written Discovery Served on Apple and Apple's Document Productions**

***Plaintiffs' Requests for Production and Apple's Productions.***  Plaintiffs served their First Set of Requests for Production on June 20, 2025 and their Second Set of Requests for Production on August 12, 2025.  Apple served Responses and Objections to these written discovery demands on July 21 and September 11, 2025, respectively.  Apple began biweekly productions on August 13, 2025, including during the forty-two (42) days the case was stayed.  To date, Apple has produced over 298,000 documents during the litigation.

The parties have met and conferred and reached agreement on the scope of nearly all requests.  The only pending issue relates to Apple's production of data samples and data dictionaries, which the parties presented in their December 17 joint letter.  *See* Dkt. No. 353.  For a few other outstanding Requests for Production, the parties believe they will imminently reach

1

agreement and are not seeking the Court's guidance at this time. The parties will seek leave to advise the Court if they are unable to reach agreement on those Requests.

Further, pursuant to this Court's order, Apple has and will continue to make rolling productions to Plaintiffs' counsel in the case *In re: Apple Smartphone Antitrust Litigation*, No. 2:24-md-03113-JXN-LDW (D.N.J.) ("MDL"), of "materials in its possession, custody, or control that have been produced in the Government Investigation [and] Government Action . . . regardless of whether those materials were initially produced by Apple, the Government, or third parties." MDL Dkt. 142 (Joint Scheduling and Case Management Order) ¶ 2.

***Search Terms.*** The parties have been negotiating search terms since late July through the exchange of written proposals as envisioned by the ESI Protocol. To date, the parties have reached agreement on the search terms for 51 RFPs and have agreed to targeted, rather than custodial, productions for an additional 16 RFPs. For the remaining six RFPs subject to search terms, the parties are continuing to negotiate search terms, three of which concern topics the parties only just added to the agreed-upon scope of discovery. Apple has been actively reviewing and producing documents while negotiations progress and expects the parties to reach agreement without the need for any Court intervention. The parties are mindful of the Court's order prohibiting "prolonged discussion and disagreement about search terms." Pretrial Scheduling Order, Dkt. No. 270 ¶ 5. Plaintiffs will seek leave on or before January 7 to update the Court on whether the parties are at impasse over any search terms.

***Plaintiffs' Interrogatories.*** Plaintiffs served their First Set of Interrogatories on September 19, 2025. Plaintiffs' Interrogatories seek information about: (1) all persons Apple has communicated with concerning the pre-complaint investigation, litigation, or the conduct alleged in the Complaint; (2) company officers, directors, and employees who have responsibilities or performed duties related to the iPhone, iOS, or the primary products and services where Plaintiffs allege that Apple engaged in anticompetitive conduct; (3) Apple's database containing any data responsive to Plaintiffs' First Set of Requests for Production; (4) Super Apps that appear in the App Store; (5) Cloud Streaming Games available on the iPhone over the web or in the App Store; and (6) the factual basis for Apple's affirmative defenses, served in its answer, that its actions were undertaken to advance legitimate business interests and that it has intellectual property rights that bar Plaintiffs' claims.

Apple's response deadline was tolled during the lapse in government appropriations, so Apple timely served Responses and Objections to Plaintiffs' Interrogatories on December 1, 2025. The parties are meeting and conferring and have narrowed their disputes related to certain interrogatories. Apple has agreed to supplement its responses to Interrogatory Nos. 1 and 3. Apple did not provide a substantive response to Interrogatory No. 2 and instead referred Plaintiffs to its previously identified custodians, including the information Apple provided about those custodians, which included their current (if any) and former titles at Apple, the dates that the custodians occupied those titles, their immediate direct reports (if any), and their immediate managers, and its Initial Disclosures. That issue is discussed further in the disputes section below. Apple also objects to Interrogatory No. 6 on the ground that a request for the factual basis for its affirmative defenses is a prematurely served contention interrogatory. The parties are continuing to discuss this interrogatory and may seek the Court's guidance if they cannot reach agreement.

### B. Written Discovery Served on Plaintiffs and Plaintiffs' Document Productions

***Plaintiffs' Production of Investigation Materials.*** Pursuant to the Pretrial Scheduling Order, Plaintiffs produced their Investigation Materials on June 12 and June 13, 2025. Plaintiffs' Investigation Materials consisted of over 112,000 documents, including materials produced to Plaintiffs by 26 third parties during Plaintiffs' investigation.

***Apple's Requests for Production and Plaintiffs' Supplemental Productions.*** On June 20, 2025, Apple served its First Set of Requests for Production to Plaintiffs, which included 39 requests. Plaintiffs timely served Responses and Objections to these Requests for Production on July 21, 2025. Plaintiffs noted that the majority of Apple's Requests sought documents that had already been produced as part of Plaintiff's Investigation Materials. On September 2, 2025, the United States produced approximately 2,100 additional documents responsive to Apple's Requests for Production. Apple contends that some of these documents fall under the definition of "Investigation Materials" and thus should have been produced by the Court's June 12, 2025 deadline. The United States anticipates making a small additional production in early January. The State of Washington has made three productions totaling approximately 4,500 documents. Although the other Plaintiff States have not produced documents in response to Apple's Requests for Production other than Investigation Materials, the parties have been diligently working together on the scope of production and have committed to producing several sets of documents in the near future. The parties have met and conferred four times and are continuing to negotiate in good faith to resolve disputes over Apple's written discovery requests.

***Apple's Interrogatories and Plaintiffs' Responses.*** Apple served its First Set of Interrogatories on June 20, 2025. Apple's Interrogatories seek information about: (1) the witnesses that Plaintiffs intend to rely upon in support of their claims; (2) the specific contractual and technological restrictions that Plaintiffs allege Apple imposes; (3) the specific smartphone devices in Plaintiffs' alleged markets and their respective market shares; and (4) government smartphone procurement and use policies. Plaintiffs served their Responses and Objections to Apple's First Set of Interrogatories on July 21, 2025. Plaintiffs objected to the interrogatory seeking information about products and shares in the alleged market on the grounds that it improperly sought attorney work product and premature disclosure of expert testimony. Apple contends that the interrogatory seeks only factual information regarding the devices in Plaintiffs' alleged markets, which formed the basis for Plaintiffs' market allegations in the Complaint. Plaintiffs further objected to interrogatories seeking information about government smartphone procurement and use policies on the grounds that such information is not relevant to the claims and defenses in this action. Apple contends that these interrogatories seek information that directly relates to Apple's pro-competitive justifications for its design decisions, among other things. Plaintiffs are continuing to negotiate in good faith with Apple regarding the relevancy and burden of the interrogatories.

### C. Rule 45 Subpoenas

Pursuant to Section III of the Pretrial Scheduling Order and Federal Rule 45, Plaintiffs and Apple have each sent additional subpoenas to 33 non-party industry participants. The parties are

continuing to engage directly with the relevant non-parties regarding these subpoenas. The parties expect to send additional subpoenas to non-party industry participants in the coming weeks.

In November and December, Apple served Rule 45 subpoenas on 14 federal agencies and 91 state agencies.[1] These agencies include, for example, NASA, the Central Intelligence Agency, the Federal Trade Commission, the Department of Labor, the General Services Administration, the New Jersey Department of Education, the California Department of Technology, and the Indiana Bureau of Motor Vehicles. Responses and objections are currently due for most of these subpoenas on December 23, 2025. Apple's subpoenas seek documents regarding agency smartphone and smartwatch procurement and use policies; documents regarding smartphone and smartwatch historical pricing and market share; documents regarding agency assessments of proposed antitrust legislation related to smartphone platforms; and documents relating to agency assessments of cyber-security, among other topics.

### D. Discovery Matters Pending Before the Court

Two discovery matters have been briefed and are pending before this Court. First, on December 12, 2025, the parties submitted a joint letter concerning Apple's request to extend the deadline for substantial completion of document production until June 15, 2026. *See* Dkt. No. 351. Second, on December 17, 2025, the parties submitted a joint letter concerning Plaintiffs' request that the Court order Apple to produce data samples and documentation of the organization and structure of the databases or data sets sought by Plaintiffs' First Set of Requests for Production by January 7, 2026 or two weeks from the date of the Court's order, whichever is later. *See* Dkt. No. 353.

### II. New Discovery Disputes

Plaintiffs believe that the parties have reached impasse over custodians. Apple does not agree that this issue is ripe for the Court's review or that the parties have reached impasse.

<u>Plaintiffs' Position</u>

Plaintiffs submit that the parties are at impasse over Apple's (1) limitation on custodians to 45 individuals and (2) failure to provide sufficient information that would allow the parties to reach an agreement on custodians including individuals with responsibilities for the period that post-dates the production Apple made in the government investigation. Plaintiffs have sought information about potential custodians through a variety of mechanisms including a request for production (RFP No. 73), an interrogatory (Interrogatory No. 2), and informal discussions. Plaintiffs have proposed narrowing this information to certain job titles, employee bands, and job responsibilities to focus on key custodians and avoid conducting "dragnet" searches across the company, but Apple has rejected these narrowing proposals without offering a compromise of its own. In lieu of Apple providing such information, as a compromise, Plaintiffs proposed 19

---

[1] Plaintiffs have taken the position that documents and information outside the Antitrust Divisions of the U.S. Department of Justice and the 20 Plaintiff States' Attorneys General offices are outside their possession, custody, or control. Apple disagrees with this position and contends that Plaintiffs have an obligation to produce documents from various state and federal agencies. Both parties preserve their positions on the scope of "party" discovery.

additional custodians as well as the predecessors and successors of certain custodians who separated from the company, but Apple rejected this proposal too. Plaintiffs will seek leave on or before January 7 to update the Court if the parties are able to reach agreement after a meet-and-confer that Apple agreed to schedule for next week. In the interim, Plaintiffs submit that Apple should prioritize productions from those custodians upon whom the parties have agreed.

Apple's Position

There is no ripe dispute here. The parties have discussed document custodians during several meet-and-confers and have a four-hour meet-and-confer dedicated to custodians scheduled for December 22. Apple has agreed to produce documents from 45 custodians and has provided Plaintiffs with detailed information about 29 additional proposed custodians (including past and present titles, the dates they held those titles, and the names of their direct-reports and managers). This is on top of the information Plaintiffs can glean from the millions of documents Apple produced in the investigation from 39 custodians, so that—once accounting for overlaps—Plaintiffs have received documents from 67 Apple custodians. Apple continues to discuss with Plaintiffs their additional proposed custodians, including whether they are likely to have relevant, non-duplicative documents and whether their addition would be proportionate to the needs of the case. Apple also continues to dispute Plaintiffs' alleged need for extraordinarily broad spreadsheets of data "annually for the years 2014 to the present" of "all Apple employees including, at minimum, each employee by name, start date, job function, title, business unit and area." Pls.' Req. for Production No. 73. That request is inconsistent with the Court's admonition against "dragnet" searches. *See* Dkt. No. 80 at 15:13–22. The parties met-and-conferred on December 18 about Plaintiffs' latest December 17 proposal concerning predecessors and successors (which Apple did not "reject") and another meet-and-confer is set for December 22. There is thus no impasse and Apple will continue to meet-and-confer with Plaintiffs in an effort to reach agreement.

### III. Additional Matters

The Pretrial Scheduling Order provides that the Court will conduct status conferences on at least a quarterly basis, Dkt. No. 270 at 5, although Plaintiffs proposed a more frequent schedule to the Court at the status conference in September. The parties would appreciate the Court's guidance on a schedule for upcoming status conferences.

Respectfully submitted,

*/s/ Jonathan H. Lasken*
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-4686
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

*/s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

*/s/ Craig S. Primis*
Craig S. Primis, P.C.
K. Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

*/s/ Devora W. Allon*
Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

Aaron M. Sheanin
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102

*Attorney for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.<br><br>*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

## CERTIFICATE OF SERVICE

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allon, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on December 19, 2025.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*