# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*. | Case No. 2:24-cv-04055 (JXN-LDW) <br><br> **[PROPOSED] ORDER TO SEAL** <br><br> *Filed Electronically* |

**THIS MATTER** having been opened to the Court by the application of Defendant Apple Inc. ("Apple"), in connection with Apple's Motion to Seal, pursuant to Local Civil Rule 5.3(c), seeking an order sealing limited portions of (1) Plaintiffs' First Set of Requests for Production to Defendant Apple Inc., dated June 20, 2025 (Dkt. No. 352-2); (2) Defendant Apple Inc.'s Responses and Objections to Plaintiffs' First Set of Requests for Production, dated July 21, 2025 (Dkt. No. 352-3); and (3) Apple's Responses and Objections to Plaintiffs' First Set of Interrogatories, dated December 1, 2025 (Dkt. No. 352-1) (collectively, "Confidential Information").

The Court having considered the papers submitted by Apple in support of the Motion; and Plaintiffs take no position; and the Court having considered and adopted the Declaration of Liza M. Walsh, counsel for Apple, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

A. Through the entry of the Stipulated Confidentiality Order, dated February 19, 2025 (Dkt. No. 235) ("DCO"), the Court and the parties acknowledge that this action involves the disclosure of confidential information, the public disclosure of which would affect the parties' legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any such materials and strictly limit access to these documents or materials.

B. The DCO allows the parties to designate information as "Confidential" and/or "Highly Confidential" and acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access to these documents. The DCO further provides that a party wishing to use material designated as "Confidential" and/or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), Apple moves to seal limited portions of (1) Plaintiffs' First Set of Requests for Production to Defendant Apple Inc., dated June 20, 2025 (Dkt. No. 352-2); (2) Defendant Apple Inc.'s Responses and Objections to Plaintiffs' First Set of Requests for Production, dated July 21, 2025 (Dkt. No. 352-3); and (3) Apple's Responses and Objections to Plaintiffs' First Set of Interrogatories, dated December 1, 2025 (Dkt. No. 352-1).

D. The limited portions of information, identified in the Index, that Apple seeks to seal are collectively referred to herein as the "Confidential Information."

E. The Confidential Information reflects information that Apple has designated as "Confidential" and/or "Highly Confidential" pursuant to the DCO.

F.  The Confidential Information reflects Apple's non-public and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that Apple treats as confidential and proprietary generally. In particular, the Confidential Information contains names of Apple's unannounced products and services, names of reports Apple commissioned to analyze its products and services, Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases.

G.  The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Apple has a legitimate interest in maintaining the confidentiality of information it relies on to advance its business strategies and maintain a competitive edge. Such information includes the names of Apple's unannounced products, names of reports Apple commissioned to analyze its products and services, Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases. The clearly defined and serious injury that Apple would suffer as a result of the Confidential Information being disclosed is: Proprietary information which was not intended to be seen by competitors (actual and potential) would be available for review and potential use against Apple in a highly competitive marketplace.

H.  There is no less restrictive alternative to the sealing of the Confidential Information.

I. Apple has complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 5.3, and Apple's submissions in support of the Motion, finds that Apple has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the Confidential Information is confidential and entitled to protection.

B. Given the private nature of discovery, the Third Circuit has held that "that discovery materials filed as part of a discovery motion generally are not subject to the common law right of access." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-05275, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016); *see also N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 435 (3d Cir. 2016). And Courts may generally restrict public access to certain documents by allowing them to be sealed where "the material is the kind of information that courts will protect," *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)), and there is a showing that "good cause" exists to protect the materials and information at issue, *JJD Elec., LLC v. SunPower Corp., Sys.*, 738 F. Supp. 3d 569, 576 (D.N.J. 2024) (quoting *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). *See also Alchem USA Inc. v. Cage*, No. 21-2994, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022).

C. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to

prevent harm to a litigant's competitive standing in the marketplace. *See In re Avandia Mktg.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Pearson Educ., Inc. v. Chegg, Inc.*, No. 21-16866, 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) (granting motion to seal information regarding the structure and function of a party's proprietary database, and trade secret and other information contained in the database); *In re Fosamax (Alendronate Sodium): Prods. Liab. Litig.*, No. 08-08, 2013 WL 12174178, at *2-3 (D.N.J. Aug. 16, 2013) (granting motion to seal party's commercially sensitive internal business practices and databases).

D. For materials to be sealed, Local Civil Rule 5.3(c) requires a showing of (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

E. The information in Apple's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

**THEREFORE,** it is on this _____ day of _____, 2026;

**ORDERED** as follows:

1. The Confidential Information identified in the Index submitted by Apple contains confidential and proprietary information.

2. The Court further finds that Apple would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly

5

confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, Apple's Motion pursuant to Local Civil Rule 5.3(c) to Seal the above referenced portions of the Confidential Submissions is **GRANTED**.

_____
**HONORABLE LEDA DUNN WETTRE**
**UNITED STATES MAGISTRATE JUDGE**