# Appendix 1
# (REDACTED)

REDACTED VERSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, *et al.*,

                    Plaintiffs,

v.

APPLE INC.,

                    Defendant.

Case No. 2:24-cv-04055

Hon. Julien X. Neals, U.S.D.J.
Hon. Leda D. Wettre, U.S.M.J.

## DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, Apple Inc. ("Apple" or "Defendant") hereby provides its Responses and Objections to the First Set of Interrogatories to Apple (the "Interrogatories") served by Plaintiffs.

All responses set forth herein are subject to and without waiver of any of Apple's General Objections. In serving these responses, Apple does not waive (a) any objections to the relevance, materiality, or admissibility for any purpose of the information sought; (b) the right to object on any ground at any time to a demand for further responses to the Interrogatories; or (c) the right to revise, correct, add to, supplement, or clarify any of its responses. Apple's responses shall not be construed as an admission that any definition or characterization provided by Plaintiffs is either factually accurate or legally binding on Apple. Nor shall the responses be construed in any way as an admission that documents or information responsive to any Interrogatory exists, is discoverable, or would be admissible in this or any other proceeding.

REDACTED VERSION

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference in the responses to the individual Interrogatories below.

1.    Apple objects to each Interrogatory, to the section labeled "DEFINITIONS" (the "Definitions"), and to the section labeled "INSTRUCTIONS" (the "Instructions"), to the extent they seek to impose on Apple any discovery obligation greater than or different from those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), by the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Rules"), or by any other governing law or rule, or the Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents (Dkt. No. 264) ("ESI Protocol"), the Discovery Confidentiality Order (Dkt. No. 235) ("Discovery Confidentiality Order"), or the Stipulated Protective Order Governing Review, Production, and Handling of Source Code (Dkt. No. 236) ("Source Code Protective Order") entered in this case.

2.    Apple objects to each Interrogatory to the extent it calls for disclosure of information that is not relevant to any party's claims or defenses or proportional to the needs of the case.

3.    Apple objects to each Interrogatory to the extent it can be construed to call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, doctrine, or right of privacy.  In accordance with Paragraph 43 of the Discovery Confidentiality Order, any inadvertent production or disclosure of any privileged or otherwise protected information by Apple is neither intended as, nor shall be deemed to be, a waiver of any privilege or protection.

4.    Apple objects to each Interrogatory to the extent it seeks private, confidential, proprietary, commercially sensitive, or other similarly protected confidential materials.  Apple will

provide responsive and otherwise unobjectionable confidential information only pursuant to the terms of the ESI Protocol and the Discovery Confidentiality Order.

5.     Apple objects to each Interrogatory to the extent it seeks information not in Apple's possession, custody, or control.  Apple will respond only to the extent the information is in its possession, custody, or control.

6.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive information reasonably would be expected to be found.  Any Interrogatories that seek to require Apple to go beyond such a search are overbroad and unduly burdensome.

7.     Apple objects to the Interrogatories to the extent that they violate Federal Rule of Civil Procedure 33(b)(1)(B) because answering them would require Apple to furnish information that is not available to it and/or cannot be given without undue labor and expense.  Under Rule 33, a responding party "must furnish information that is *available to it* and that can be given *without undue labor and expense*."  8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.) (emphasis added); *see also* Fed. R. Civ. P. 33(b)(1)(B).  "[I]nterrogatories that require a party to make extensive investigations, research, or compilation or evaluation of data for the opposing party"—as some of the Interrogatories do—"are in many circumstances," as here, "improper." Wright & Miller, *supra*, § 2174.

8.     Apple objects to each Interrogatory to the extent it seeks the disclosure of information subject to third-party confidentiality agreements.

9.     Apple objects to each Interrogatory to the extent it seeks information electronically stored that is inaccessible because of undue burden or cost.

10.   Apple objects to each and every Interrogatory, Instruction, and Definition to the extent that it seeks information that is not relevant to Plaintiffs' claims, which are centered on Apple's alleged conduct in the United States.  *See, e.g.*, First Am. Compl. ("Complaint") (Dkt. No. 51) ¶¶ 176–79, 200, 206, 212, 219.  To the extent that Apple responds to an Interrogatory, unless otherwise specified, Apple will respond relating to its conduct relevant to the United States market.

11.   Apple objects to each Interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative, and/or duplicative.  Apple further objects to the Interrogatories, including the Instructions and Definitions, to the extent that they seek "all" information concerning the subject matters referenced therein.

12.   Apple objects to the Interrogatories on the grounds that they are impermissibly compound.  *See* Fed. R. Civ. P. 33(a)(1) (a party may serve "no more than 25 written interrogatories, *including all discrete subparts*" (emphasis added)); *see also* Fed. R. Civ. P. 33(a) advisory committee's note to 1993 amendment (noting that the "purpose of this revis[ed] [twenty-five-interrogatory limit] is to reduce the frequency and increase the efficiency of interrogatory practice," further noting "the device can [otherwise] be costly and may be used as a means of harassment").

13.   Apple's responses are based on discovery available as of the date of these responses. Discovery is ongoing, and these responses are subject to change accordingly.  Further discovery, independent investigation, and analysis may lead to the discovery of additional information, supply additional facts, and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from the information set forth herein.  Apple reserves the right to supplement its responses, productions, and objections as additional information is discovered.

14. Apple's responses are given without prejudice to Apple's right to produce or rely on subsequently discovered information, facts, or documents. These responses are made in a good-faith effort to comply with Federal Rules of Civil Procedure 26 and 33, and to supply such responsive information discovered in a reasonable search to the extent it exists and is presently within Apple's possession, custody, or control, but should in no way be deemed to be to the prejudice of Apple in relation to further discovery, research, and analysis.

15. Apple's response to any Interrogatory is subject to any and all objections stated herein and shall not be construed as an indication that Apple concedes the relevance, legal sufficiency or propriety, or proportionality of any Interrogatory, or that Apple agrees with any characterization, definition, claim, or assertion in any Interrogatory.

16. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they lack foundation, or incorporate allegations and assertions that are disputed or erroneous. By responding and objecting to any Interrogatory, Apple does not admit the correctness of such assertions.

17. All of these General Objections are incorporated into each individual response below and have the same force and effect as if fully stated therein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Apple objects to the Definitions and Instructions ("Objections to Definitions and Instructions") on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these Objections to Definitions and Instructions.

1. Apple objects to the definition of "Apple" and "the Company" as overly broad and unduly burdensome because it purports to include foreign entities, affiliates, partnerships, joint

REDACTED VERSION

ventures, and representatives of the foregoing that are not relevant to this Litigation, which is centered on Apple's alleged conduct in the United States. *See, e.g.*, Complaint ¶¶ 176–79, 200, 206, 212, 219. In responding to Interrogatories that incorporate this term, unless otherwise specified, Apple will construe the terms "Apple" or "the Company" to refer only to Apple Inc.

2. Apple objects to the definition of "app store" as vague and ambiguous. To the extent that Apple agrees to provide information or produce documents, unless otherwise specified, Apple will interpret the term "app store" in the context of these Interrogatories to mean a distribution platform for native apps.

3. Apple objects to the definition of "Data Dictionary" as overly broad and unduly burdensome to the extent it seeks information that is not necessary to allow the reasonable use of such databases or data sets by Plaintiffs. Apple also objects to the definition as overly broad and unduly burdensome to the extent that it purports to require Apple to create documents compiling certain information solely for the purpose of responding to these Interrogatories. Apple further objects to the definition as vague and ambiguous as to the meaning of the terms "primary keys," "unique observation," and "foreign keys."

4. Apple objects to the definition of "Investigation" as vague and ambiguous to the extent it does not encompass or distinguish between different Plaintiffs' pre-Complaint investigations into Apple's conduct in this case.

5. Apple objects to the definition of "mobile application," "application," "app," and "mobile app" as vague and ambiguous to the extent it does not differentiate between native and non-native apps. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will interpret these terms in the context of these Interrogatories to mean native app.

6.    Apple objects to the definition of "Smartphone" as overly broad and unduly burdensome to the extent it purports to encompass "any operating system," which is a separately defined term.   In responding to Interrogatories that incorporate this term, unless otherwise specified, Apple will construe the term "Smartphone" as separate and distinct from the operating system included with the device.

7.    Apple objects to the definition of "Super App" to the extent it suggests that Apple uses that term or applies this definition to that term in the ordinary course of business.   Apple also objects to the definition of "Super App" to the extent it implies that only a Super App can serve as a platform for smaller Mini Programs.   Under Apple's App Review Guidelines, any app can serve as a platform for smaller Mini Programs, provided it complies with Guideline 4.7 and other applicable Guidelines.

8.    Apple objects to Instruction No. 1 by incorporating its objections to the individual definitions.

9.    Apple objects to the time period set forth in Instruction No. 4 ("January 1, 2014, through the end of fact discovery") on the grounds that it is overly broad and unduly burdensome. To the extent that Apple agrees to provide information or produce documents responsive to these Interrogatories, unless otherwise specified, Apple will apply the time period January 1, 2014 through June 20, 2025.

10.   Apple objects to Instruction No. 5 because it instructs Apple to interpret any Interrogatory in such a way that would make it overly broad and unduly burdensome by seeking documents or information that are outside of Apple's possession, custody, or control, that cannot be located with a reasonably diligent search, or that exceed the scope of permissible discovery under Federal Rule of Civil Procedure 33.   Apple also objects to Instruction No. 5's statement that

the Interrogatories "are continuing in nature" to the extent it seeks to impose on Apple any discovery obligation greater than or different from those imposed by the Federal Rules, including Rule 26(e), the Local Rules, or any other governing law or rule.  To the extent that Apple agrees to provide information or produce documents responsive to these Interrogatories, unless otherwise specified, Apple will search for information for the time period January 1, 2014 through June 20, 2025.

11.  Apple objects to Instruction No. 7 to the extent it seeks to impose on Apple any discovery obligation greater than or different from those imposed by the Federal Rules, the Local Rules, or any other governing law or rule, or the ESI Protocol, the Discovery Confidentiality Order, or the Source Code Protective Order.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons the Company has communicated with concerning the Investigation, the Litigation, or the conduct alleged in the Complaint, including all customers, app developers, wireless carriers, iPhone retailers, hardware or accessory manufacturers, financial institutions, automotive manufacturers, other industry participants, and all government agencies or representatives.  As part of your response, include the date of each contact, the contact information for the Person contacted, and the employee or representative of the Company involved in the contact.

### RESPONSE TO INTERROGATORY NO. 1:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory as vague and ambiguous as to the meaning of the term "other industry participants."  Apple also objects to the Interrogatory to the extent it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, including communications with Apple employees, customers, iPhone retailers, hardware or accessory manufacturers, financial institutions, and automotive manufacturers, as well as the "date of each contact" and identification of "the employee or representative of the Company involved in the contact." Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of "the date of each contact," which is not reasonably calculated to lead to the discovery of admissible evidence. Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of "all Persons the Company has communicated with," which would encompass communications by, among others, all Apple "directors, officers, employees, agents, and representatives of the foregoing." Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of "all Persons the Company has communicated with," regardless of whether such communications are relevant to any issues in this case. Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of "all Persons the Company has communicated with concerning the Investigation, the Litigation, or the conduct alleged," regardless of whether such communications are relevant to any issues in this case. Apple also objects to the Interrogatory to the extent it seeks documents protected by any applicable privilege, exemption, or immunity, including the work product doctrine. Apple further objects to the Interrogatory to the extent it seeks third-party confidential and/or proprietary information that is subject to confidentiality restrictions, including privacy considerations.

Subject to and without waiving its objections, Apple responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Apple refers Plaintiffs to information contained in its document productions, which will reflect responsive information about communications concerning the Investigation, Litigation, or the conduct alleged in the Complaint, including the date of each contact, the contact information for the Person contacted, and the Apple employee involved in the contact. Additionally, as Plaintiffs are aware (based on the information contained in their investigative files produced to Apple), Apple has communicated with Microsoft Corporation, Meta Platforms, Inc., and Roblox Corporation, among others identified in Plaintiffs' investigative files, concerning the Investigation, Litigation, or conduct alleged in the Complaint. Plaintiffs are also aware that Apple has communicated about this Litigation and the conduct alleged in the Complaint with Persons to whom Apple has served subpoenas during this Litigation, all of whom are known to Plaintiffs. Apple further incorporates by reference its Initial Disclosures in this Litigation, as amended on April 4, 2025, which identify individuals likely to have discoverable information in this Litigation.

**INTERROGATORY NO. 2:**

Identify any Company officers, members of the Board of Directors, and employees of the Company at or above the level of vice president, director, or manager since January 1, 2014, who had responsibilities or performed duties related to iPhone, iOS, eSIM, browsers, the App Store, and any Identified Product or Service. As part of your response, include each person's name, dates of employment with the Company, and for each position held within the Company, the person's title, department or business unit, dates of tenure in that position, manager, direct reports, and successor. For avoidance of doubt, this interrogatory includes but is not limited to personnel with roles involving user experience/user interface, design, sales, marketing, finance, research, periodic

reporting, auditing and/or compliance, engineering, strategy, OS development, app development, research & development, product management, technical and/or customer support.

**RESPONSE TO INTERROGATORY NO. 2:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory as impermissibly vague and ambiguous due to the use of the undefined term "Identified Product or Service." For purposes of responding to this Interrogatory, Apple will define the term "Identified Product or Service" as it is defined in Plaintiffs' First and Second Sets of Requests for Production to Defendant Apple Inc. Apple further objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of all officers, members of the Board of Directors, and employees at or above the level of manager "who had responsibilities or performed duties related to iPhone, iOS, eSIM, browsers, the App Store, and any Identified Product or Service," regardless of whether such individuals are likely to have documents or information relevant to any of the issues in this case. Given the overbreadth, Interrogatory No. 2 would encompass thousands of people, even when limited to officers, members of the Board of Directors, and employees "at or above the level of vice president, director, or manager . . . ." As such, this Interrogatory is not reasonably tailored to issues and personnel that are relevant and proportional to the needs of the case. Apple objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information about employees, without any meaningful tailoring of scope, including the "dates of employment with the Company, and for each position held within the Company, . . . dates of tenure in that position, manager, direct reports, and successor," that are not reasonably calculated to lead to the discovery of admissible evidence.

REDACTED VERSION

Subject to and without waiving its objections, Apple responds as follows:

Apple has previously identified 39 document custodians who have had responsibilities or performed duties related to the claims and defenses in this case, and Apple has provided those custodians' current (if any) and former titles at Apple, the dates that the custodians occupied those titles, their immediate direct reports (if any), and their immediate managers. Apple further incorporates by reference its Initial Disclosures in this Litigation, as amended on April 4, 2025, which identify individuals likely to have discoverable information in this Litigation. Apple is willing to meet and confer to discuss a reasonable narrowing of this Interrogatory or requests for any additional information to the extent such requests are reasonably tailored and proportional to the needs of the case.

## INTEROGATORY NO. 3:

Identify each database maintained by the Company containing any data responsive to Plaintiffs' First Set of Requests for Production, regardless of whether Apple objects to production, by describing:

1. the name of the database and dates of its use;

2. a description of the information contained therein;

3. the entities and individuals within the Company with primary responsibility for maintaining, updating, and querying the data;

4. the name of any predecessor or successor database and dates of use;

5. its software platform, vendor, type (e.g., flat, relational, or enterprise), number of records, and size in gigabytes;

6. the sources (e.g., the names of other databases or individuals) used to populate the database;

**REDACTED VERSION**

7. the software tools or platforms used to access information in the database;

8. a list of fields, including for each field, the variable type, length, whether the field is populated, a definition for each field as it is used by the Company, and the meanings of all codes that can appear as field values;

9. a list of tables, including for each table, a description of the information contained therein, the number of records, size in gigabytes, list of fields, the primary key used to identify a unique observation, and the software tools or platforms that directly query or access information in the table;

10. the relationships between tables including the identity of any foreign keys used to join tables, whether tables contain data that is modified or derived from other tables, and if so, the identity of those tables;

11. any query forms, query builders, or other query tools; and

12. the name and description of each regularly prepared report produced using information from that database including the entities or groups responsible for creating the report.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory as needlessly and unreasonably cumulative or duplicative of information requested and previously provided during the Investigation.  As Plaintiffs know, Apple provided detailed information related to its databases and data in response to the Civil Investigative Demands issued by the Department of Justice ("DOJ") to Apple in 2020 and 2022.  Additionally, during the Investigation, Apple engaged in extensive discussions with the

**REDACTED VERSION**

DOJ regarding its databases and data sources.  Apple also objects to the Interrogatory as it seeks irrelevant information, including "the name of any predecessor or successor database and dates of use," that is not reasonably calculated to lead to the discovery of admissible evidence.  Apple also objects to the Interrogatory as it seeks irrelevant information, including "a list of fields, including for each field, the variable type, length, whether the field is populated, a definition for each field as it is used by the Company, and the meanings of all codes that can appear as field values," that is not reasonably calculated to lead to the discovery of admissible evidence.  Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "each database . . . containing any data responsive," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case.  Apple also objects to the Interrogatory as overly broad and unduly burdensome to the extent it seeks both database information and information regarding the underlying source data or databases.  Apple further objects to the Interrogatory to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality, including privacy considerations.

Subject to and without waiving its objections, Apple responds as follows:

Apple has agreed to continue to meet and confer with Plaintiffs to scope the databases and data that may relate to Plaintiffs' First Set of Requests for Production Nos. 26, 61, 62, and 63.  Apple reserves the right to supplement this response following those discussions.  Based on Apple's current investigation and understanding of potentially relevant databases and data, Apple provides information about the following databases:

REDACTED VERSION

REDACTED VERSION

**INTERROGATORY NO. 4:**

Identify all Super Apps that exist on the App Store today in any country, as described in the Introductory Statement to Apple's Answer ("a multitude of 'super apps' exist on the App Store today"), ECF No. 295 at 2, by stating:

1. the name of the app;

2. the developer of the app;

3. the countries in which the app is available;

4. the languages supported by the app;

5. the number of unique downloads by calendar year and country from January 1, 2014, to the present;

6. the average number of active daily users by country over the last twelve months;

7. the number of updates to the app published in the last twelve months;

8. the number of paid transactions by country in the last twelve months;

9. the payment methods available through the app (e.g., In-App Purchases);

10. the date the app was first submitted for approval to Apple;

11. the date the app was approved by Apple;

12. the date the app first appeared in the App Store; and

13. if the app is no longer available on the App Store, the date it became unavailable and the reason it became unavailable.

## RESPONSE TO INTERROGATORY NO. 4:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory because it is compound as it contains numerous discrete subparts that introduce separate and distinct lines of inquiry.  *See Filgueiras v. Midland Funding, LLC*, 2023 WL 3198287, at *2 (D.N.J. Mar. 7, 2023).  Apple also objects to the Interrogatory as overly broad and not proportional to the needs of the case in seeking information that is not relevant to this Litigation, which is centered on Apple's alleged conduct in the United States, which allegedly violates United States and state antitrust laws.  Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about geographies outside the United States.  Apple also objects to the Interrogatory to the extent it seeks information that is not in Apple's possession, custody, or control.  Apple further objects to the Interrogatory to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple responds as follows:

The term "Super App" is not generally used by Apple and Apple does not maintain in the ordinary course of business a comprehensive list of "Super Apps" available on the App Store.  In order to help users discover apps to fit their needs, app developers can select from a list of categories to assign a primary and secondary category to an app, but there is no available category for Super Apps that could be used to identify a list of Super Apps.  Although Plaintiffs' definition of Super App implies that only a Super App can serve as a platform for smaller Mini Programs,

under Apple's App Review Guidelines, any app can serve as a platform for smaller Mini Programs to the extent it complies with Guideline 4.7 and other applicable Guidelines.  The universe of existing apps that include, or could include, Mini Programs is thus substantial and any list of such apps is necessarily illustrative.

Because Plaintiffs' allegations focus primarily on apps with broad functionality and the display and categorization of Mini Programs, Apple identifies, among potentially many others, apps with broad functionality or that frequently host Mini Programs and that exist on the United States storefront of the App Store today, and, where available and as maintained in the ordinary course of business, the other requested information, as set forth in Appendix B.

**INTERROGATORY NO. 5:**

Identify all Cloud Streaming Games available on iPhone over the web or in the App Store, as described in the Introductory Statement to Apple's Answer ("DOJ says Apple blocks cloud streaming games, even though Apple allows streaming-games both over the web and in the App Store where they can stream games directly to users"), ECF No. 295 at 2, by stating:

1. the name of the game;

2. whether the game is available over the web, through the App Store, or both; and

3. the developer of the game.

   For streaming games available through the App Store, also state:

4. the countries in which the app is available;

5. the languages supported by the app;

6. the number of unique downloads by calendar year and country from January 1, 2014, to the present;

7. the average number of active daily users by country over the last twelve months;

8.  the number of updates to the app published in the last twelve months;

9.  the number of paid transactions by country in the last twelve months;

10. the payment methods available through the app (e.g., In-App Purchases);

11. whether the app offers more than one game title, including a catalog of games;

12. the date the app was first submitted for approval to Apple;

13. the date the app was approved by Apple;

14. the date the app first appeared in the App Store; and

15. if the app is no longer available on the App Store, the date it became unavailable and the reason it became unavailable.

## RESPONSE TO INTERROGATORY NO. 5:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory because it is compound as it contains numerous discrete subparts that introduce separate and distinct lines of inquiry. *See Filgueiras v. Midland Funding, LLC*, 2023 WL 3198287, at *2 (D.N.J. Mar. 7, 2023). Apple also objects to the Interrogatory as overly broad and not proportional to the needs of the case in seeking information that is not relevant to this Litigation, which is centered on Apple's alleged conduct in the United States, which allegedly violates United States and state antitrust laws. Apple also objects to the Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about geographies outside the United States. Apple also objects to the Interrogatory to the extent it seeks information that is not in Apple's possession, custody, or control. Apple further objects to the Interrogatory to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple responds as follows:

Apple does not maintain in the ordinary course of business a comprehensive list of Cloud Streaming Games available on the App Store.  In order to help users discover apps to fit their needs, app developers can select from a list of categories to assign a primary and secondary category to an app, but there is no available category for Cloud Streaming Games that could be used to identify a list of Cloud Streaming Games.  Any such list is necessarily illustrative.

Following a reasonable search, Apple identifies, among potentially many others, Cloud Streaming Games that are available in the United States on iPhone today and, where available and as maintained in the ordinary course of business, the other requested information, as set forth in Appendix C.

## INTERROGATORY NO. 6:

Identify the factual basis for Apple's affirmative defenses Nos. 1 and 2, served on July 29, 2025, including but not limited to the facts Apple relied upon in its allegations that its actions were undertaken to advance legitimate business interests and that it has intellectual property rights that bar Plaintiffs' claims.

## RESPONSE TO INTERROGATORY NO. 6:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to the Interrogatory because it is compound as it seeks information about two discrete affirmative defenses that are not logically or factually subsumed within or necessarily related to each other.  *See* Fed. R. Civ. P. 33(a)(1); *Filgueiras v. Midland Funding, LLC*, 2023 WL 3198287, at *2 (D.N.J. Mar. 7, 2023); *Kennedy Funding, Inc. v. Ruggers Aquisition & Dev., LLC*, 2007 WL 4117269, at *1 n.5 (D.N.J. Nov. 15, 2007) ("The interrogatories as drafted seek to

enlarge the number of interrogatories permitted as each of the thirty-three affirmative defenses would constitute a subpart.").  Thus, each request for information about each affirmative defense counts as a separate Interrogatory.  Apple also objects to the Interrogatory as a broad contention interrogatory, which is premature and not permitted at this stage of the case.  *See* Pretrial Scheduling Order (Dkt. No. 270) § 7 ("Contention interrogatories shall not be served until 30 days prior to the close of fact discovery unless otherwise permitted by the Court."); *Hall v. Johnson & Johnson*, 2021 WL 2562384, at *2 (D.N.J. June 22, 2021) ("[C]ontention interrogatories are premature where there has not been substantial discovery, and the Court has discretion to delay in the instant litigation because merit depositions and expert discovery are still to come.").  Apple also objects that the contention Interrogatory is not "labeled specifically as such."  Pretrial Scheduling Order (Dkt. No. 270) § 7.  Apple also objects to the Interrogatory to the extent it calls for a legal conclusion, seeks information that is protected by the attorney-client privilege or the attorney work product doctrine or is otherwise protected or immune from discovery, or requires Apple to marshal all evidence that may be offered at trial.  Apple also objects to the Interrogatory to the extent that it purports to require Apple to state the facts underlying its affirmative defenses before knowing the facts upon which Plaintiffs base the claims to which such affirmative defenses apply.

*[Signature page follows.]*

**REDACTED VERSION**

Dated: December 1, 2025

Respectfully submitted,

*/s / Liza M. Walsh*

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.:    (212) 446-4600
Email:    devora.allon@kirkland.com
            alexia.brancato@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.:    (202) 955-8500
Email:    crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.:    (213) 219-7000
Email:    dswanson@gibsondunn.com

Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.:    (415) 393-8200
Email:    jkleinbrodt@gibsondunn.com

Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.:    (973) 757-1100
Email:    LWalsh@walsh.law
            DArpert@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Tracie L. Bryant, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
Julia Choi (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.:    (202) 389-5000
Email:    craig.primis@kirkland.com
            matt.reilly@kirkland.com
            winn.allen@kirkland.com
            tracie.bryant@kirkland.com
            luke.mcguire@kirkland.com
            julia.choi@kirkland.com

Stephen Tensmeyer
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Tel:    (801) 877-8119
Email:    stephen.tensmeyer@kirkland.com

*Counsel for Defendant Apple Inc.*

23

## <u>VERIFICATION OF INTERROGATORY NO. 3</u>

I, Catherine Spevak, hold the position of Finance Manager at Apple Inc. ("Apple").  I am a representative authorized to verify Apple's Responses and Objections to Interrogatory No. 3 of Plaintiffs' First Set of Interrogatories and the Appendices thereto ("Apple's Responses").  I have read Apple's Responses and am familiar with the contents thereof.  I further declare that the facts set forth in Apple's Response to Interrogatory No. 3 are true and correct to the best of my information and belief, based on my review of documents, records, and information possessed by or known to Apple and its officers or employees, and on that basis I allege them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of November, 2025.

_____
Catherine Spevak

## <u>VERIFICATION OF INTERROGATORY NOS. 4 and 5</u>

I, Stoney Gamble, hold the position of Senior Manager, Policy & Escalations at Apple

Inc. ("Apple").  I am a representative authorized to verify Apple's Responses and Objections to

Interrogatory Nos. 4 and 5 of Plaintiffs' First Set of Interrogatories and the Appendices thereto

("Apple's Responses").  I have read Apple's Responses and am familiar with the contents

thereof.  I further declare that the facts set forth in Apple's Responses are true and correct to the

best of my information and belief, based on my review of documents, records, and information

possessed by or known to Apple and its officers or employees, and on that basis I allege them to

be true.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of December, 2025.

_____
Stoney Gamble

REDACTED VERSION

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December 2025, counsel of record have been served by electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.


/s/ *K. Winn Allen*
K. Winn Allen, P.C.