# Appendix 3 (REDACTED)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 2:24-cv-04055<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>**REDACTED VERSION** |

## DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, Apple Inc. ("Apple" or "Defendant") hereby provides its Objections and Responses to the First Requests for Production to Apple (the "Requests") served by Plaintiffs.

All responses set forth herein are subject to and without waiver of any of Apple's General Objections. In serving these responses, Apple does not waive (a) any objections to the relevance, materiality, or admissibility for any purpose of the information sought; (b) the right to object on any ground at any time to a demand for further responses to the Requests; or (c) the right to revise, correct, add to, supplement, or clarify any of its responses. Apple's responses shall not be construed as an admission that any definition or characterization provided by Plaintiffs is either factually accurate or legally binding on Apple. Nor shall the responses be construed in any way as an admission that documents or information responsive to any Request exists, is discoverable, or would be admissible in this or any other proceeding.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference in the responses to the individual Requests below.

1. Apple objects to each Request, and to the section labeled "Definitions" (the "Definitions") and to the section labeled "Instructions" (the "Instructions") included in the Requests, to the extent they seek to impose on Apple any discovery obligation greater than or different from those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), by the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Rules"), or by any other governing law or rule, or the Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents (ECF No. 264) ("ESI Protocol"), the Discovery Confidentiality Order (ECF No. 235) ("Discovery Confidentiality Order"), or the Stipulated Protective Order Governing Review, Production, and Handling of Source Code (ECF No. 236) ("Source Code Protective Order") entered in this case.

2. Apple objects to each Request to the extent it calls for disclosure of documents or information that are not relevant to any party's claims or defenses or proportional to the needs of the case.

3. Apple objects to each Request to the extent it can be construed to call for information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, doctrine, or right of privacy. In accordance with Paragraph 43 of the Discovery Confidentiality Order, any inadvertent production of any privileged or otherwise protected documents by Apple is neither intended as, nor shall be deemed to be, a waiver of any privilege or protection, and any such documents shall be returned to Apple immediately.

4. Apple objects to each Request to the extent it seeks private, confidential, proprietary, commercially sensitive, or other similarly protected confidential materials. Apple will produce

responsive and otherwise unobjectionable confidential documents only pursuant to the terms of the ESI Protocol and the Discovery Confidentiality Order.

5.   Apple objects to each Request to the extent it seeks information not in Apple's possession, custody, or control.  Apple will produce only responsive documents in its possession, custody, or control.

6.   Apple objects to each Request to the extent it purports to require Apple to create, compile, or develop new documents or data compilations not maintained in the ordinary course of business.

7.   Apple objects to each Request to the extent it seeks the disclosure or production of information subject to third-party confidentiality agreements.

8.   Apple objects to each Request to the extent it seeks documents or information electronically stored that is inaccessible because of undue burden or cost.

9.   Apple objects to each Request to the extent it seeks documents or information that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources).

10. Apple objects to each Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative, and/or duplicative.

11. Any production by Apple in response to any Request is subject to any and all objections stated herein and shall not be construed as an indication that Apple concedes the relevance, legal sufficiency or propriety, or proportionality of any Request, or that Apple agrees with any characterization, definition, claim, or assertion in any Request.

12. All of these general objections are incorporated into each individual response below and have the same force and effect as if fully stated therein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Apple objects to the Definitions and Instructions ("Objections to Definitions and Instructions") on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below.  All responses set forth herein are subject to and without waiver of any of these Objections to Definitions and Instructions.

1.    Apple objects to the definition of "Apple" and "the Company" as overly broad and unduly burdensome because it purports to include foreign entities, affiliates, partnerships, joint ventures, and representatives of the foregoing that are not relevant to this litigation, which is centered on Apple's Alleged Conduct in the United States.  *E.g.*, Am. Compl. ¶¶ 176–79, 200, 206, 212, 219. In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the terms "Apple" or "the Company" to refer only to Apple Inc.

2.    Apple objects to the definition of "app store" as vague and ambiguous.  To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will interpret the term "app store" in the context of these requests to mean a distribution platform for native apps.

3.    Apple objects to the definition of "Application Programming Interface" or "API" as overly broad and unduly burdensome to the extent it includes "Implementation" of any API and "Technical Documentation" related to any API that is not relevant or proportional to the needs of the case.

4.    Apple objects to the definition of "Collaborative Work Environment" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.  In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the term "Collaborative Work Environment" to mean Box, Quip, and Slack.

5.    Apple objects to the definition of "Data Dictionary" as overly broad and unduly burdensome to the extent it seeks information that is not necessary to allow the reasonable use of

4

such databases or data sets by Plaintiffs. Apple also objects to the definition as overly broad and unduly burdensome to the extent that it purports to require Apple to create documents compiling certain information solely for the purpose of responding to these Requests. Apple further objects to the definition as vague and ambiguous as to the meaning of the terms "primary keys," "unique observation," and "foreign keys."

6.    Apple objects to the definition of "documents" as overbroad and unduly burdensome insofar as it encompasses documents that are outside of Apple's possession, custody or control, or that cannot be located with a reasonably diligent search, or that exceed the scope of permissible discovery under Federal Rule 34. Apple further objects to the definition to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Rule 34(a). In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the term "documents" to be synonymous in meaning and equal in scope to the term as defined under Federal Rule 34(a)(1)(A).

7.    Apple objects to the definition of "Employee Messaging Application" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Rule 34(a).

8.    Apple objects to the definition of "Implementation" as vague and ambiguous as to the meaning of the term "implements."

9.    Apple objects to the definition of "Investigation" as vague and ambiguous to the extent it does not encompass or distinguish between different Plaintiffs' pre-Complaint investigations into Apple's conduct in this case.

10.  Apple objects to the definition of "Library" as vague and ambiguous as to the meaning of the term "other functions."

11. Apple objects to the definition of "mobile application," "application," "app," and "mobile app" as vague and ambiguous to the extent it does not differentiate between native and non-native apps.  To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will interpret these terms in the context of these requests to mean native app.

12. Apple objects to the definition of "Platform App" as vague and ambiguous as to the meaning of the term "super apps," which is not otherwise defined.  Unless otherwise specified, Apple will construe the term "super apps" as it is used in the Complaint, including in Paragraphs 10 and 60 through 70 of the Complaint.

13. Apple objects to the definition of "Smartphone" as overly broad and unduly burdensome to the extent it purports to encompass "any operating system," which is a separately defined term. In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the term "Smartphone" as separate and distinct from the operating system included with the device.

14. Apple objects to the definition of "Smartwatch" as vague and ambiguous as to the meaning of an "operating system that can process mobile applications."

15. Apple objects to the definition of "Software Development Kit" or "SDK" as vague and ambiguous as to the meaning of the term "other resources."

16. Apple objects to the definition of "Source Code Repository" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Source Code Protective Order.

17. Apple objects to the definition of "Source Code" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Source Code Protective Order.

18. Apple objects to the definition of "Technical Documentation" as vague and ambiguous as to the meaning of the phrase "other software artifact," which is not otherwise defined.

19. Apple objects to Instruction No. 1 on the grounds that it is overly broad and unduly burdensome insofar as it requires Apple to reproduce any documents, including documents produced with redactions, privileged placeholders, or families of such documents, that Apple has already produced in response to Civil Investigative Demands Nos. 30193, 30356, 31300.

20. Apple objects to Instruction No. 2 on the grounds that it is overly broad and unduly burdensome. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will produce documents through March 21, 2024.

21. Apple objects to the time period set forth in Instruction No. 3 ("January 1, 2014 to the end of fact discovery") on the grounds that it is overly broad and unduly burdensome. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will search for documents for the time period January 1, 2014 through March 21, 2024.

22. Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are not relevant to plaintiff's claims, which are centered on Apple's Alleged Conduct in the United States. *E.g.*, Am. Compl. ¶¶ 176–79, 200, 206, 212, 219. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will search for documents relating to its conduct relevant to the United States market. Apple also objects to Instruction No. 4 to the extent that it requests production of documents from jurisdictions whose laws prohibit or otherwise restrict disclosure of the requested documents.

23. Apple objects to Instruction No. 5 on the grounds that it is overly broad and unduly burdensome insofar as it encompasses documents that are outside of Apple's possession, custody

or control, or that cannot be located with a reasonably diligent search, or that exceed the scope of permissible discovery under Federal Rule 34.

24. Apple objects to Instruction No. 6 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to the treatment of "non-identical copies and drafts" and metadata.

25. Apple objects to Instruction No. 7 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to "any draft revision, modification or other version of a responsive Document."

26. Apple objects to Instruction No. 8 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to linked Documents.

27. Apple objects to Instruction No. 9 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure or the ESI Protocol.

28. Apple objects to Instruction No. 11 on the grounds that it is vague and ambiguous to the extent it does not distinguish between electronically stored information and hard copy documents. Apple also objects to Instruction No. 11 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.

29. Apple objects to Instruction No. 12 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.

30. Apple objects to Instruction No. 13 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, which requires the production of "only a single copy of a responsive document." *See* ESI Protocol at Sec. IV.7.

31. Apple objects to Instruction No. 14 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

32. Apple objects to Instruction No. 16 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

33. In response to Instruction No. 18, Apple states as follows: To the extent that Apple agrees to produce documents, Apple will produce such documents in accordance with the terms of the Discovery Confidentiality Order, the Source Code Protective Order, and the ESI Protocol.

34. In response to Instruction No. 19, Apple states as follows: To the extent that Apple agrees to produce documents, Apple will produce such documents in accordance with the terms of the Pretrial Scheduling Order (ECF No. 270), the Discovery Confidentiality Order, the Source Code Protective Order, and the ESI Protocol.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All communications between Apple (including its outside counsel) and any third party (including the third party's counsel) related to this Litigation or Investigation, including all documents produced to Apple by persons other than Plaintiffs in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request to the extent it seeks to impose on Apple a discovery obligation greater than or at odds with the Court's Pretrial Scheduling Order, including Paragraph 19 of that Order.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents that are sufficient to show communications between Apple and any third party related to this Litigation or Investigation, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All documents referenced in or relied upon in any pleading, discovery response, brief, or other filing by Apple in this Litigation, including all documents identified in Apple's Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures, and all documents, data, or information that Apple or any Apple expert intends to offer as evidence at trial or otherwise in this Litigation, including any that Apple or its experts could use, will use, or has used to support any testimony or opinion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity, including the work product doctrine. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources). Apple also objects to this Request as improper and premature to the extent it seeks documents, data, or information that Apple or any Apple expert intends to offer as evidence at trial or otherwise in this Litigation. Apple will identify such documents at the proper time consistent with the Court's Orders. Apple further objects to this Request as exceeding the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure to the extent it seeks "documents, data, or information that . . . any Apple expert . . . *could* use."

Subject to and without waiving its objections, Apple will produce documents sufficient to show any non-privileged data or information that Apple or any Apple expert intends to offer as evidence at trial or other proceedings in this Litigation.

**REQUEST FOR PRODUCTION NO. 3:**

All pleadings, written discovery responses, document productions, declarations, presentations (including any white papers or other analysis or advocacy), and expert reports served, filed, or produced by Apple, all expert reports served on Apple, all discovery requests served on Apple to the extent not included in Apple's responses, and transcripts of all depositions, hearings, and trials for Apple employees and experts, in any proceeding in which Apple is a party where the

allegations relate to any Alleged Conduct in the Complaint, including *Epic Games v. Apple*, *In re Apple iPhone Antitrust Litigation*, *Cameron v. Apple*, *Alivecor v. Apple*, *Lopez v. Apple*, *Dr. Rachael Kent v. Apple*, *Dr. Sean Ennis v. Apple*, and European Commission investigations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous to the extent it seeks the production of documents from unspecified proceedings or investigations. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the production of all documents produced in other matters, *i.e.*, "cloned discovery," without a reasonably particularized description of the requested documents. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources). Apple also objects to this Request as overly broad and not proportional to the needs of the case in seeking documents that are not relevant to this litigation, which is centered on Apple's Alleged Conduct in the United States, which allegedly violates U.S. and state antitrust laws. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show any expert reports served by Apple, Apple's written discovery responses, and deposition and trial testimony of Apple employees and Apple experts

from *Epic Games v. Apple*, *In re Apple iPhone Antitrust Litigation*, *Cameron v. Apple*, and *Alivecor v. Apple*, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to Apple's formal or informal policies, practices, training, or guidance for Apple personnel, including documents related to:

a. Enabling, disabling, or modifying settings regarding document retention systems;

b. Avoiding using certain words, terms, or phrases in internal or external communications and documents;

c. Communicating in person, by phone, or by videoconference rather than in writing;

d. Labeling documents "attorney-client privileged" or similar in business discussions; or

e. Including attorneys in communications or documents, or including inauthentic or pretextual requests for lawyers to advise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as not relevant or proportional to the needs of the case. Apple further objects to this Request as improper discovery on discovery. *See In re Diisocyanates Antitrust Litig.*, 2023 WL 11938951, at *3 (W.D. Pa. Nov. 7, 2023) (noting the "nationwide" agreement "that discovery on discovery is the exception" and denying such discovery in the absence of "specific and tangible" justification).

**REQUEST FOR PRODUCTION NO. 5:**

All documents shared with, or presented to, Apple's board of directors, or any committee or subcommittee thereof, related to Smartphones or any Identified Product or Service, including all minutes, recordings, summaries of reports or meetings, whether formal or informal, of any meetings of any Apple board of directors, or any committee or subcommittee thereof from January 1, 2007 onward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents . . . related to Smartphones"—which is one of the core products offered by Apple—over a time period spanning nearly two decades, regardless of whether such documents relate to any of the issues in this case.  Apple further objects to this request as it seeks irrelevant information given that this case centers on Apple's Alleged Conduct and not the conduct of Apple's board of directors.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to any plans or changes Apple has made, considered making, or analyzed related to the iPhone or any Identified Product or Service in response to any actual or potential legal, judicial, or regulatory requirement, proceeding, or investigation in any jurisdiction worldwide, including the nature, costs, revenue impacts, and other actual or potential effects of those changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents . . . related to the iPhone or any Identified Product or Service" regardless of whether such documents relate to any of the issues in this case.  Apple further objects to this Request as overly broad and unduly burdensome, and not relevant to any party's claims or defenses or proportional to the needs of the case, because it seeks documents related to "any actual or potential legal, judicial, or regulatory requirement, proceeding, or investigation in any jurisdiction worldwide."

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to any consideration by Apple of developing, releasing, enabling, allowing, blocking, improving, or degrading a version of any Identified Product or Service that is interoperable with or usable with non-Apple smartphones. For avoidance of doubt, this includes ███████████████████████████████, Beeper Mini, and ████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to any consideration by Apple."

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents related to Apple's considerations surrounding

developing, releasing, enabling, allowing, blocking, improving, or discontinuing a version of any Identified Product or Service that is interoperable with or usable with non-Apple smartphones, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to actual or potential differences in functionality or ease of use with the iPhone—including any differences in developers' access to Entitlements, APIs, data, background processes, or differences due to App Review Guidelines—for:

a. Apple's Messaging Systems versus non-Apple Messaging Systems;

b. Apple Pay and Apple Wallet versus non-Apple Digital Wallets and Payment Apps;

c. Roblox or similar apps versus any other potential or actual Platform Apps, Mini Programs, or Cloud Streamed Games;

d. Native iOS apps that provide cloud-streamed services (such as Netflix) versus potential or actual Cloud Streamed Games;

e. Apple Watch versus non-Apple Smartwatches, including the connection to the Smartphone, access to LTE-phone number pairing, or access to APIs, such as those related to app notifications or the ability to perform other functionality available to the Apple Watch; and

f. Platform Apps available outside the U.S. and in the U.S., including the WeChat app available to iPhone users in the U.S. versus in China.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "differences due to App Review Guidelines," "other potential or actual Platform Apps," and

"Platform Apps available outside the U.S. and in the U.S." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to actual or potential differences in functionality or ease of use with the iPhone." Apple further objects to this Request as duplicative of Request Nos. 25 and 50, which also seek production of documents related to Apple's App Store Review Guidelines.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents related to differences in functionality with iPhone for Apple's Messaging Systems versus non-Apple Messaging Systems; Apple Pay and Apple Wallet versus non-Apple Digital Wallets and Payment Apps; Roblox versus other Platform Apps, Mini Programs, or Cloud Streamed Games; Native iOS apps that provide cloud-streamed services versus Cloud Streamed Games; Apple Watch versus non-Apple Smartwatches; and Platform Apps available on iPhone outside the United States and in the United States, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to price, terms of sale (including rebates, fees, promotions, discounts, and financing), licensing terms or conditions, pricing plans, pricing strategies, costs, or profitability of Smartphones or any Identified Product or Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related

17

to" these topics, regardless of whether such documents relate to any of the issues in this case, and to the extent the Request seeks documents related to non-Apple products. Apple further objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents related to any geography sufficient to show price, terms of sale, licensing terms or conditions, pricing plans, pricing strategies, costs, and profitability of iPhone or any Identified Product or Service offered by Apple to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All documents after January 1, 2010 related to competition affecting Smartphones or Identified Products or Services offered by Apple or any firm, including:

a. Relative quality or features, including technology, performance, privacy, security, user experience, brand strength, customizability, ability to integrate with or interoperate with other hardware or software, network effects, and cost;

b. Entry, expansion, exit, scale, and repositioning;

c. Market segmentation by geography, type of consumer, Smartphone type, Smartphone features, sales channel, or Smartphone price or price band;

d. Competitive positioning;

e. Sales volumes, revenue, profitability, or market share; and

f. Nascent threats, disintermediation, and commoditization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents . . . related to competition," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request as duplicative of Request Nos. 15, 22, 23, and 26, which also seek production of documents related to Apple's market share, sales, or profitability, and of Request Nos. 17, 18, 27, 38, and 39, which also seek production of documents related to consumer views, behavior, or usage.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents since January 1, 2010 sufficient to show competition in any geography among Apple and non-Apple Smartphones and interoperability between Apple and non-Apple Smartphones with respect to any Identified Product or Service offered by Apple, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to any actual or potential barriers to entry, expansion, or repositioning related to Smartphones, mobile operating systems, or any Identified Product or Service, including all documents related to networks effects, economies of scale, and economies of scope.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that are related to entry, expansion, or repositioning related to Smartphones in the United States, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents after January 1, 2010 related to any person who previously provided or attempted to provide a Smartphone, mobile operating system, or an Identified Product or Service but ceased doing so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrase "provided or attempted to provide." Apple also objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents after January 1, 2010" related to an unspecified number of persons, without regard to whether such documents are relevant to any product, service, claim, or defense in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents since January 1, 2010 sufficient to show any person or entity who, to the extent Apple is aware, developed and sold, or attempted to develop and sell, a Smartphone, mobile operating system, or an Identified Product or Service but ceased doing so to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to single-homing, multi-homing, or usage of a "preferred" or "primary" product or service, by users, developers, or any other group, related to Smartphones or any Identified Product or Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "single-homing," "multi-homing," "'preferred' or 'primary'" and "any other group." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case, such as irrelevant technical documentation. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to Apple's plans, strategies, objectives, research, development, investments, roadmaps, marketing, and features for the iPhone, Apple's App Store, or any Identified Product or Service. For avoidance of doubt this includes all documents related to Apple's product development expenses, including expenses related to privacy and security, for the iPhone, Apple's App Store, and any Identified Products or Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents related to any efforts to increase, protect, or preserve Apple's market share, sales, or profitability for Smartphones or any Identified Product or Service, including possible or actual responses from other market participants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of

whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request as duplicative of Request Nos. 10, 22, 23, and 26, which also seek production of documents related to Apple's market share, sales, or profitability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents, since January 1, 2010, sufficient to show competition in any geography among Apple and non-Apple Smartphones and interoperability between Apple and non-Apple Smartphones with respect to any Identified Product or Service offered by Apple, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to any actual or potential pricing power, market power, monopoly power, bargaining leverage, or negotiating leverage that Apple has or may have (including presently, in the past, or in the future) relating to Smartphones or any Identified Product or Service, including with respect to consumers, Enterprise customers, app developers, wireless carriers, iPhone retailers, hardware or accessory manufacturers, financial institutions, and automotive manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "pricing power, market power, monopoly power, bargaining leverage, or negotiating leverage." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of

23

whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents, since January 1, 2010, sufficient to show competition in any geography among Apple and non-Apple Smartphones and interoperability between Apple and non-Apple Smartphones with respect to any Identified Product or Service offered by Apple, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to how the features, functionality, availability, and interoperability of Smartphones or any Identified Product or Service may affect users' Smartphone purchasing decisions, including documents related to user satisfaction, Smartphone switching, consumer perceptions and attitudes, preferences, usage, purchase intentions, and all other relevant metrics, key performance indicators, and measures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "purchase intentions" and "all other relevant metrics." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks third-party confidential and/or

proprietary information that is subject to restrictions of confidentiality.  Apple also objects to this

Request to the extent it seeks documents that are not in Apple's possession, custody, or control.

Apple further objects to this Request as duplicative of Request Nos. 10, 18, 27, 38 and 39, which

also seek production of documents related to consumer views, behavior, or usage.

Subject to and without waiving its objections, Apple will conduct a reasonable search for

and produce documents sufficient to show studies, analyses, and reports related to how the

features, functionality, availability, and interoperability of iPhone with other Smartphones and any

Identified Product or Service offered by Apple may affect users' Smartphone purchasing decisions,

to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any factors affecting consumer demand for a Smartphone, such

as the Smartphone's price, features, or quality (including quantity, price, and quality of available

apps, hardware accessories, or other complementary products and services); usage of any

Identified Product or Service; and all documents related to metrics, key performance indicators,

and measures related to consumer demand for a Smartphone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple incorporates by reference each of its General Objections and Objections to

Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms

"quality" and "other complementary products and services."  Apple also objects to this Request as

overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks

"[a]ll documents related to" these topics, regardless of whether such documents relate to any of

the issues in this case.  Apple further objects to this Request as duplicative of Request Nos. 10, 17,

27, 38, and 39, which also seek production of documents related to consumer views, behavior, or usage.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show studies, analyses, or reports discussing factors affecting consumer demand for a Smartphone, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to any factors affecting the ability or incentive for developers or third parties to create apps or accessories compatible with a particular Smartphone, such as the size and characteristics of the installed base of users of a particular Smartphone or type of Smartphone, the costs, fees, or commissions charged by the Smartphone provider, features offered by the Smartphone, technological restrictions imposed by the Smartphone provider or operating system, and any other terms of dealing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "installed base of users," "technological restrictions imposed," and "any other terms of dealing." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality. Apple also objects to this Request to the extent it seeks documents

that are not in Apple's possession, custody, or control.  Apple further objects to this Request as duplicative of Request No. 56, which also seeks production of documents related to limitations on third-party developers.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show factors affecting third-party developers' ability or incentive to create apps compatible with iPhone, including size and characteristics of the user base, costs, fees, and commissions charged by Apple, and technological restrictions, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to show Apple's plans, strategies, and analysis relating to the sale of used or refurbished iPhone and non-Apple Smartphones, including acquisition strategies for any re-seller, Smartphone trade-in values, incentives or credits offered to the person trading in the device, and the countries where used or refurbished Smartphones are sourced and sold.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "acquisition strategies" and "trade-in values."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it suggests that used or refurbished iPhones or non-Apple Smartphones relate to the issues in this case and to the extent it seeks information about geographies outside the United States.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss the relevance of this Request.

27

**REQUEST FOR PRODUCTION NO. 21:**

All documents related to actual or potential purchases of iPhones outside of the United States for resale or use in the United States, including documents related to actions Apple takes or asks third parties to take to limit, prevent, or punish such purchases and resale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrase "actual or potential purchases." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality. Apple further objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

For each model of iPhone sold in the United States as compared to models sold outside of the United States, documents sufficient to show all differences in:

a. technical specifications, hardware, software, and configuration;

b. prioritization for release and shipments;

c. sales channels and terms of sale;

d. upgrade and switching rates;

28

e. competitive positioning and market share;

f. pricing (including discounts, promotions, etc.);

g. costs; and

h. profitability.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "model." Apple also objects to this Request as duplicative of Request Nos. 10, 15, 23, and 26, which also seek production of documents related to Apple's pricing, costs, sales, or profitability.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 23:

All documents related to the following reports and all similar reports:

a. Products & Services Profitability;

b. Services Revenue Review;

c. P&L Dashboard;

d. 

e.

f.

g.

h.

i.

j.

k.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the scope of the request for documents "related" to the enumerated reports "and all similar reports." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" the reports, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request as duplicative of Request Nos. 10, 15, 22 and 26, which also seek production of documents related to Apple's pricing, costs, sales, or profitability.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 24:

Documents sufficient to show the release of each version of the iPhone or iOS, including the date of release for each geography and all changes made.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrase "each version of the iPhone or iOS." Apple also rejects to this Request as overly broad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks information about changes not related to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents sufficient to show the date of release for each generation of iPhone or version of iOS in the United States and the significant changes accompanying each release, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents since January 1, 2010 related to the actual or potential effects of ending or altering any aspect of the Alleged Conduct, including allowing alternative app stores or app downloads from websites on the iPhone, modifying App Review Guidelines, or giving third parties access to the APIs or features currently or previously reserved for Apple products or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "actual or potential effects" and "app downloads from websites. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about Alleged Conduct in geographies outside the United States. Apple further objects to this Request as duplicative of Request Nos. 8 and 50, which also seek production of documents related to Apple's App Store Review Guidelines.

31

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and data sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of each Apple product or service. For avoidance of doubt, this includes documents sufficient to show Apple's methodologies for recognition of and allocation of revenue, costs, expenses, margins, and profitability, including any accounting policies and procedures manuals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and data for "each Apple product or service" regardless of whether such product or service relates to any of the issues in this case. Apple also objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that do not exist in the ordinary course of business, including financial reporting metrics and cost allocations that Apple does not maintain for iPhone or each Identified Product or Service. Apple further objects to this Request duplicative of Request Nos. 10, 15, 22, and 23, which also seek production of documents related to Apple's costs, sales, or profitability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of iPhone and each

Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 27:

All documents and data related to any Smartphone's usable life, the length of time over which consumers use it, the number and type of consumers that use it, its quality and value at any point in time, and all related metrics or key performance indicators.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "usable life," "number and type of consumers," and "quality and value at any point in time." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and data related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control. Apple further objects to this Request as duplicative of Request Nos. 10, 17, 18, 38, and 39, which also seek production of documents related to consumer views, behavior, or usage.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce studies, analyses, and reports sufficient to show the number and type of iPhone users in any geography, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 28:

All documents related to the value of a user to Apple, including customer lifetime value, entry point analyses, revenue per user, subsequent hardware purchases, and any revenue or benefit

that Apple has received or anticipates receiving from a customer or third party due to a customer's purchase or use of any Apple products, services, or subscriptions. For avoidance of doubt, this includes documents related to Apple's assumptions or analyses about user behavior related to any such analysis, as well as all metrics, key performance indicators, and other measures related to any such analysis.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "user," "customer lifetime value," and "entry point analyses." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents related to" these topics, including documents unrelated to any Identified Product or Service relevant to this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 29:

From 2007 to the present, all contracts between Apple, U.S. wireless carriers, or any other retailers relating to the iPhone, and all communications from 2015 onwards related to the negotiations of those contracts or to carrier or retailer sales or promotions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll contracts" and "[a]ll communications from 2015 onwards," regardless of whether such contracts or communications relate to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show all final executed contracts between U.S. wireless carriers relating to iPhone from January 1, 2007 to March 21, 2024 to the extent such documents exist and can be located by a reasonable search. Apple is willing to meet and confer and to discuss a reasonable narrowing of this Request to the extent it seeks "contracts between Apple" and "any other" U.S. "retailers relating to the iPhone."

## REQUEST FOR PRODUCTION NO. 30:

All reports or analyses related to Smartphones or any Identified Product or Service authored by third parties including IDC, Strategy Analytics, Counterpoint, Gartner, IHS Markit, Canalys, Kantar Group, Comlink (Opensignal), App Annie (data.ai), any U.S. wireless carrier, Meta, or Google.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll reports or analyses," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome,

and less expensive (including from publicly available sources).  Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.  Apple further objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show any non-privileged final reports or analyses commissioned, purchased, or routinely obtained by Apple related to Smartphones or any Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents after January 1, 2010 related to Smartphone customer segments, groups, or sub-groups, including:

a. Previous Smartphone ownership, including upgraders, switchers, and "boomerangs";

b. Use of other Apple products or services;

c. Wireless carriers;

d. Country or geography;

e. Demographic characteristics; and

f. Social graphs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "boomerangs" and "[s]ocial graphs."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents

36

after January 1, 2010," regardless of whether such documents relate to any of the issues in this case.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about customer segments, groups, or sub-groups in geographies outside the United States.  Apple further objects to this Request as duplicative of Request No. 10, which also seeks production of documents related to Smartphone customer segmentation.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show iPhone customer segments since January 1, 2010 to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

All documents related to the social dynamics, stigma, or peer pressures in choice of Smartphone or Identified Product or Service in any customer segment, including all documents related to Apple's efforts to increase usage by particular consumer segments, use of the iPhone or any Identified Product or Service by younger customers, family members, or peers, and any effect on future demand for Apple Smartphones or other Apple products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "social dynamics," "stigma," "younger customers," and "peers."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents" related to these topics, regardless of whether such documents

relate to any of the issues in this case.  Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

## REQUEST FOR PRODUCTION NO. 33:

Documents sufficient to show the level of iPhone app development activity in the United States over time related to:

a. User accounts;

b. Developer accounts;

c. Apps;

d. Subscriptions;

e. Engagement;

f. Searches;

g. Downloads;

h. Updates;

i. Paid transactions;

j. Refunds;

k. Complaints;

l. Fraud;

m. Submissions, approvals, rejections, and removals from the Apple App Store; and

n. Documents discussing the appropriate metrics, key performance indicators, and measures for the above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "over time," "development activity," "engagement," "paid transactions," "refunds," "complaints," and "fraud." Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 34:

All documents related to the use or potential use of apps or app stores directly downloaded from the internet or non-Apple app stores on the iPhone in any geography, including technical assessments, use by Enterprise customers, any comparisons to Android or other operating systems, and any actual or potential effect on:

a. Apple's revenues and profitability;

b. User and developer behavior, spending, revenue, and profitability;

c. The number, quality, and features of apps available for use on the iPhone;

d. Consumer demand, purchase intentions, and Smartphone switching;

e. Privacy or security for users or developers, including threat assessments or Threat Models; and

f. Potential alternatives to app stores, including web stores and progressive web apps.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "quality" and "purchase intentions." Apple also objects to this Request as overly broad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents" related to these topics, regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 35:

Documents sufficient to show differences between iPhone, Mac, iPad, Apple Watch, and Apple TV with respect to (1) app distribution, (2) web browsers or middleware, (3) privacy, or (4) security.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad and not proportional to the needs of the case to the extent it seeks documents unrelated to any Identified Product or Service relevant to this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss the relevance of this Request.

## REQUEST FOR PRODUCTION NO. 36:

All documents related to payment methods actually or potentially available for use on the iPhone, including related to payment processors, in-app payments, payments using virtual currencies, and payments made on web browsers or web apps. For avoidance of doubt, this includes any payment methods on the iPhone that Apple has disallowed in whole or in part, at any point in time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "payment processors" and "virtual currencies." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to payment methods," regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents related to the design, development, marketing, or sale of any Smartphone or Identified Product or Service, concerning:

a. user habits, user inertia, user-interface features, user-facing permission flows, user-facing defaults, user-facing choice screens, user-facing notifications andother messages presented to users by a Smartphone's operating system or mobile applications;

b. the number of steps required, load times, or other frictions for users to set up, use, or purchase a Smartphone, mobile application, or Identified Product or Service;

c. performance standards to which Apple has held its own apps, products, and services;

d. Apple's assessments of the user experience (e.g., usability, friction, latency, setup process, permission flows) for Apple and non-Apple apps, products, or services on iPhones or non-Apple smartphones; and

e. anonymized data regarding the actual performance of any Smartphones or Identified Products and Services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "user inertia," "user-facing permission flows," "other frictions," "performance standards," "latency," and "actual performance." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 38:

All documents related to consumer views about the privacy, security, user experience, or quality of Smartphones, including how consumers' views:

a. are affected by Smartphone manufacturers' product decisions and marketing strategies and campaigns;

b. are affected by the product decisions and marketing strategies and campaigns related to any Identified Product or Service;

c. compare to actual differences in Smartphone privacy, security, and quality; and

d. affect Smartphone demand, purchase intentions, switching, and consumer satisfaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "quality" and "purchase intentions." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request as duplicative of Request Nos. 10, 17, 18, 27, and 39, which also seek production of documents related to Smartphone consumer views.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show studies, analyses, and reports related to consumer views about privacy, security, user experience, or quality of iPhone and any Identified Product or Service offered by Apple, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to user switching between Smartphones or any models thereof (i.e., switching between an iPhone and a non-Apple Smartphone, switching from one iPhone to another iPhone, or switching from one non-Apple Smartphone to another non-Apple Smartphone), including:

   a. the ease or difficulty of switching,

   b. the costs of switching,

   c. the relationship between the cost or difficulty and likelihood of switching,

   d. stickiness,

   e. customer loyalty or churn,

f. tools and support services available for switching,

g. the duration of time between switching (e.g., how long a user has used an iPhone before switching to a non-Apple Smartphone),

h. consumer views about switching,

i. the availability and performance of complementary products and services, including any changes thereto, and

j. documents related to the Data Transfer Project or other products, services, initiatives, or partnerships that facilitate switching from iPhones to non-Apple smartphones.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "model," "churn," "complementary products and services," and "other products, services, initiatives, or partnerships that facilitate switching." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request as duplicative of Request Nos. 10, 17, 18, 27, and 38, which also seek production of documents related to Smartphone consumer views.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that are related to user switching between iPhone and non-Apple Smartphones and from one non-Apple Smartphone to another non-Apple Smartphone, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All documents related to how consumers' ownership or use of one or more Apple products or services affects consumers' decisions regarding the purchase or use of additional products or services from Apple or other firms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "other firms." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that are related to how consumers' ownership or use of an iPhone or any Identified Product or Service offered by Apple affects consumers' purchase decisions regarding iPhone and any other Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

All documents after January 1, 2010 related to the inability of non-Apple Messaging Systems to access the iPhone's carrier messaging capabilities, including requests from third parties for this ability, consideration of whether to provide this ability to third-party Messaging Systems, and any potential effects of doing so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as vague and ambiguous as to the meaning of the terms "carrier messaging capabilities" and "any potential effects." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2010 related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request as duplicative of Request Nos. 42 and 43, which also seek production of documents related to Messaging interoperability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents since January 1, 2010 sufficient to show interoperability between Apple and non-Apple Smartphones with respect to Messaging Systems, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:**

All documents after January 1, 2010 related to aspects of Apple Messages that differentiate, or plans for aspects of Apple Messages that could differentiate, messaging among iPhone users from messaging with non-iPhone users, including green and blue chat bubbles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

46

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2010 related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request as duplicative of Request Nos. 41 and 43, which also seek production of documents related to Messaging interoperability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents since January 1, 2010 that relate to interoperability between Apple and non-Apple Smartphones with respect to Messaging Systems, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

All documents after January 1, 2012 related to the consideration, adoption, or development of cross-platform standards relating to an Identified Product or Service. This includes all documents relating to the consideration, adoption, or development of SMS, MMS, RCS, or messaging alternatives, including documents related to whether or how to adopt RCS on the iPhone, whether or how third parties adopt RCS, and the use or potential use of SMS, MMS, or RCS by non-Apple Messaging Systems on the iPhone or non-Apple Smartphones. This also includes all documents related to the development or potential development of cross-platform standards, protocols, or capabilities relating to video calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as vague and ambiguous as to the meaning of the term "messaging alternatives." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2012 related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request as duplicative of Request Nos. 41 and 42, which also seek production of documents related to Messaging interoperability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents since January 1, 2012 that relate to interoperability between Apple and non-Apple Smartphones with respect to Messaging Systems, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All documents related to Apple's Actionable Notifications API, the Apple Notification Center Service (ANCS) API, or any software that enables a Smartwatch to access Smartphone notifications or functionality, including:

a. potential and actual development costs and challenges (past, current, or future);

b. requirements, design, or features, including roadmaps; the availability of similar capabilities on Android or other Smartphone operating systems;

d. potential design for non-Apple Smartwatches or barriers thereto; and

e. potential or actual features available to non-Apple Smartwatches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources). Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control. Apple further objects to this Request as duplicative of Request Nos. 45 and 46, which seek the production of "all documents related to the development and implementation of new features for the" same APIs and software.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that relate to interoperability between iPhone and non-Apple Smartwatches with respect to the Apple Notifications API and the ANCS API, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All documents related to the development and implementation of new features for the Actionable Notifications API, the ANCS API, or any software that enables a Smartwatch to access Smartphone notifications or functionality, including:

a. the Company's assessment of whether to implement any new features;

b. communications between the Company and any third parties concerning or requesting the implementation of new features;

c. the date that development of any feature began, and the date that the feature was first implemented or provided; and

d. total development costs incurred by the Company to date, and the total costs projected for any continuing development of the new feature.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "new features." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality. Apple further objects to this Request as duplicative of Request Nos. 44 and 46, which seek the production of "all documents related to" the same APIs and software.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that relate to interoperability between iPhone and non-Apple Smartwatches with respect to the Apple Notifications API and the ANCS API, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

All documents related to the Company's assessment of whether to expand the functionality of or access to the Actionable Notifications API, ANCS API, or any software that enables a Smartwatch to access Smartphone notifications or functionality, so that non-Apple Smartwatches can respond to messages, app notifications, or utilize other APIs or functionalities available to the Apple Watch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about geographies outside the United States.  Apple further objects to this Request as duplicative of Request Nos. 44 and 45, which seek the production of "all documents related to" the same APIs and software.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that relate to interoperability between iPhone and non-Apple Smartwatches with respect to the Apple Notifications API and the ANCS API, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All documents related to the ability of non-Apple devices to connect or interact with the iPhone, including but not limited to their ability to receive incoming message notifications, reply to incoming messages, compose new messages, access messages, and mark messages as read.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to the ability of non-Apple devices to connect or interact with the iPhone," regardless of whether such documents relate to any Identified Product or Service at issue in this case. Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48:**

All documents after January 1, 2017 related to whether to offer or allow cloud-streamed applications on the iPhone, including both Cloud Streamed Games and other cloud-based services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "other cloud-based services." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2017 related to whether to offer or allow cloud-streamed applications on the iPhone," and "other

cloud-based services," regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents after January 1, 2017 related to whether to offer or allow Cloud Streamed Games on iPhone, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents related to Apple's plans for the Games app announced at WWDC 2025, including Apple's strategic objectives, assessments of other gaming apps or services, integration with other Apple apps such as Apple's App Store, Apple Arcade, or Game Center, actual or potential effects on developers or consumers related to game discovery, distribution, usage, or monetization, and analyses related to alternative methods of distributing games, including Cloud Streamed Game apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the unspecified "plans" announced at WWDC 2025. Apple also objects to this Request as vague and ambiguous as to the meaning of the phrases "other gaming apps or services" and "alternative methods of distributing games." Apple further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" this topic, regardless of whether such documents relate to any of the issues in this case.

**REQUEST FOR PRODUCTION NO. 50:**

All documents related to Apple's App Store Review Guidelines affecting any Identified Product or Service, including:

a. Drafting, adoption, application, interpretation, or enforcement of Apple's App Store Review Guidelines;

b. Agreements between Apple and any developer related to changes or exceptions to the Apple App Store Review Guidelines, including any agreements that were later formalized into an App Store Review Guideline or exception thereto, including Apple's 2011 agreement with Meta related to the Facebook app;

c. Changes, considered changes, or reinterpretations of any Apple App Store Review Guideline; and

d. The actual or potential effect of any changes, considered changes, or reinterpretations of any Apple App Store Review Guideline on the iPhone or any Identified Product or Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity. Apple also objects to this Request as vague and ambiguous as to the meaning of "Apple's 2011 agreement with Meta related to the Facebook app" and the term "reinterpretations." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to Apple's App Store Review Guidelines affecting any Identified Product or Service," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the

54

extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.  Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.  Apple further objects to this Request as duplicative of Request Nos. 8 and 25, which also seek the production of documents related to Apple's App Store Review Guidelines.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that are related to Apple's App Store Review Guidelines that govern the creation or modification of apps related to any Identified Product or Service, including documents sufficient to show changes to the App Store Review Guidelines over time, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 51:

All documents after January 1, 2010 related to changes or considered changes to the Apple Developer Program License Agreement relating to iOS or WatchOS in the United States.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2010" on these topics, regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show changes to the Apple Developer Program License

Agreement relating to iOS or WatchOS in the United States since January 1, 2010 to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:**

All documents, analyses, or data after January 1, 2017 relating to TestFlight Beta tests for Cloud Streamed Games, including all data related to testers, installs, sessions, crash logs, crash reports, feedback, bugs, and battery and hardware performance differences.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "tests," "testers, installs, sessions, crash logs, crash reports, feedback, bugs, and battery and hardware performance differences." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents, analyses, or data after January 1, 2017" relating to such "tests" for an unspecified number of Cloud Streamed Games regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents after January 1, 2011 related to Platform Apps' or Mini Programs' potential or actual use; benefits, risks, revenue potential, and differences relative to native apps; and Apple's potential or actual treatment of Platform Apps or Mini Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "potential or actual use" and "potential or actual treatment." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents after January 1, 2011 related to" these topics, regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All documents related to any mobile app's access to or use of any iPhone features or capabilities related to connections to other devices or servers, including near-field communication (NFC), host card emulation (HCE), ultra-wide band (UWB) technology, or any related APIs, for any purpose, including documents related to the number, nature, popularity, and usage of mobile apps that access or use NFC, HCE, or UWB.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to any mobile app's access to or use of any iPhone features or capabilities related to connections to other devices or servers," regardless of whether such documents relate to any of the issues in this case.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 55:

For each Identified Product or Service, all documents related to any potential or actual limitation or prohibition on the availability or functionality of any non-Apple product, feature, or service, including:

a. documents related to any authorizations, allowances, denials, or limitations on access to APIs, Entitlements, functionalities, features, and data sets related to any Identified Product or Service;

b. documents related to any authorizations, allowances, denials, or limitations on access to APIs, SDKs, Frameworks, Libraries, any other software artifacts related to any Identified Product or Service; and

c. documents related to mechanisms, technical or otherwise, to implement or enforce limitations or prohibitions on the availability or functionality of any product, feature, or service, including references to the Source Code that implements each such means or mechanism.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "potential or actual limitation or prohibition on the availability or functionality of any non-Apple product" and "authorizations, allowances, denials, [and] limitations." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to any potential or actual limitation or prohibition,"

58

regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents, including even "references to the Source Code" that implements any means or mechanism. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show any actual limitation on the availability of any non-Apple Identified Product or Service, including limitations on access to APIs, SDKs, Frameworks, and Libraries related to any Identified Product or Service offered by Apple, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

For each Identified Product or Service, all documents related to:

a. any APIs, Entitlements, signatures (other than cryptographic keys), or other permissions, restrictions, or limitations on third party developers, including all Implementations, Technical Documentation, Source Code Repositories, Frameworks, Libraries, and SDKs provided or authorized by Apple;

b. any in-line documentation contained in any API or Source Code provided or authorized by Apple;

c. any free-form text related to any API or Source Code provided or authorized by Apple;

d. any Apple SDKs available to developers of any Identified Product or Service;

e. any text or other indicators (including any links, pointers, citations, or references) that refer to the Source Code relating to any Apple-provided API or Entitlement or related documentation; and

f. all Apple Source Code Repositories referenced in or otherwise related to any SDKs, Entitlements, APIs, Frameworks, Libraries, or any other software artifacts referenced in subpart (b), above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "in-line documentation," "free-form text," and "text or other indicators." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request as duplicative of Request No. 19, which also seeks production of documents related to limitations on third-party developers.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 57:

All documents related to (a) any purported procompetitive justification for the Alleged Conduct; (b) any purported innovation or benefit to Smartphone users, developers, carriers, or others from the Alleged Conduct, including any purported innovation or benefit related to privacy, security, fraudulent or deceptive activities, or user experience or human-computer interaction; (c) any alternative means of achieving any purported innovation or benefit other than the Alleged Conduct; and (d) any potential or actual business or technical reason for the Alleged Conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as improper and premature to the extent it seeks documents, data, or information that Apple or any Apple expert intends to offer as evidence at trial or otherwise in this Litigation. Apple will identify such documents at the proper time consistent with the Court's Orders.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents that relate to the Identified Products or Services and Apple's efforts to innovate and improve the software, hardware, or other design of the Identified Product or Service; to expand developer access to iPhone APIs and facilitate the launch and maintenance of third-party apps in the App Store; to protect user privacy; to provide users and developers with a safe and secure experience at both the individual and platform level; to offer a seamless, intuitive, reliable, and high-quality user experience; to identify smartphone consumer preferences, including with respect to privacy, safety, and user experience; to identify or estimate the value created by iPhone for third-party developers; and to differentiate iPhone and any Identified Product or Service in the marketplace, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

For the iPhone and each Apple or non-Apple Identified Product and Service, all documents related to Apple's adoption or implementation of privacy or security policies or practices for

information stored, transmitted, or received by iOS, the iPhone, Apple, or third parties, including nutrition labels and privacy manifest files.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" these topics, regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show Apple's policies for user privacy and security, including Apple's privacy nutrition labels and privacy manifest files for each Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 59:

All studies, analyses, investigations, and reports related to fraudulent, malicious, misleading, or deceptive activity, code, content, information, or patterns within or related to the iPhone, iOS, or any Identified Product or Service, including any threat assessment or Threat Model, in whatever form it may exist.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents studies, analyses, investigations, and reports related to" these topics, regardless of whether such documents relate to any of the issues in this case.  Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources).  Apple also objects to this Request to the extent it seeks documents that are not in Apple's possession, custody, or control.  Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show fraudulent or malicious patterns or activity within iPhone and the Apple App Store generally, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 60:**

All documents related to Apple's ability to access or use data or metadata from the iPhone or from any Identified Product or Service that is not as available or accessible to third party developers, including the reasons for any such differences and any benefits to Apple therefrom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "metadata" in this context.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to" this

topic, regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

## REQUEST FOR PRODUCTION NO. 61:

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to Apple Smartphones or any Identified Product or Service after January 1, 2009, containing information derived from users in the United States, Australia, Canada, China, France, Germany, India, Japan, Mexico, Brazil, Russia, South Korea, and United Kingdom, excluding enterprise users, that contains information relating to user:

a. characteristics;

b. relationships between or among the Company's other users (including Family Sharing);

c. specific devices used (e.g., iPhone model, year, and storage);

d. ownership, activation, deactivation, or usage of the Company's devices;

e. ownership, activation, deactivation, or usage of third-party devices;

f. switching to, from, or among devices;

g. purchase, activation, deactivation, or usage of the Company's apps, subscriptions, products, or services;

h. purchase, activation, deactivation, or usage of third-party apps, subscriptions, products, or services; and

i.      unique identifiers sufficient to link the user across data sets produced in response to these Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "user characteristics," "model," and "usage." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to users in geographies outside the United States. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality, including privacy considerations.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Monthly iPhone and Apple Watch sales data worldwide, as well as any associated Data Dictionaries and documentation, for all models after January 1, 2010, including:

a. The country and state where the iPhone or Apple Watch was purchased;

b. The country and state where the iPhone or Apple Watch was activated, if different than the country and state of purchase;

c. All fields necessary to identify the model and specifications, including serial number, IMEI, ICCID, MAC address, brand, model, and storage capacity;

d. All fields necessary to identify the wholesale customer or retailer and sales channel, including the wireless carrier brand through which devices are sold to consumers; and

e. All fields related to units sold, price, incentives, revenues, costs, discounts, rebates, returns, margins, and profitability maintained in the ordinary course of business.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "activated." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to sales data in specific states within the United States and in geographies outside the United States. Apple further objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce data sufficient to show iPhone and Apple Watch sales within the United States since January 1, 2014, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 63:

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to studies, reports, and analyses of consumers, developers, or other groups related to Smartphones or any Identified Product or Service. These include surveys, polls, focus groups,

market research, market segmentations, online anthropologies, A/B testing or other experiments, and choice modelling. They exclude databases and data related to purely cosmetic hardware changes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "other groups," "online anthropologies," "A/B testing or other experiments," "choice modeling," and "purely cosmetic." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

*[Signature page follows.]*

Dated: July 21, 2025

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.:    (212) 446-4600
Email:  devora.allon@kirkland.com
          alexia.brancato@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.:    (202) 955-8500
Email: crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.:    (213) 219-7000
Email: dswanson@gibsondunn.com

Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.:    (415) 393-8200
Email: jkleinbrodt@gibsondunn.com

Respectfully submitted,

*/s/ K. Winn Allen*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.:    (973) 757-1100
Email:    LWalsh@walsh.law
            DArpert@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.:    (202) 389-5000
Email:    craig.primis@kirkland.com
            matt.reilly@kirkland.com
            winn.allen@kirkland.com
            luke.mcguire@kirkland.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2025, counsel of record have been served by

electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.


/s/ *K. Winn Allen*
K. Winn Allen, P.C.