# Appendix 5

HIGHLY CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>      Defendant. | Case No. 2:24-cv-04055<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

## DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, Apple Inc. ("Apple" or "Defendant") hereby provides its Objections and Responses to the Second Requests for Production to Apple (the "Requests") served by Plaintiffs.

All responses set forth herein are subject to and without waiver of any of Apple's General Objections. In serving these responses, Apple does not waive (a) any objections to the relevance, materiality, or admissibility for any purpose of the information sought; (b) the right to object on any ground at any time to a demand for further responses to the Requests; or (c) the right to revise, correct, add to, supplement, or clarify any of its responses. Apple's responses shall not be construed as an admission that any definition or characterization provided by Plaintiffs is either factually accurate or legally binding on Apple. Nor shall the responses be construed in any way as an admission that documents or information responsive to any Request exists, is discoverable, or would be admissible in this or any other proceeding.

**HIGHLY CONFIDENTIAL**

## <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated by reference in the responses to the individual Requests below.

1.    Apple objects to each Request, and to the section labeled "Definitions" (the "Definitions") and to the section labeled "Instructions" (the "Instructions") included in the Requests, to the extent they seek to impose on Apple any discovery obligation greater than or different from those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), by the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Rules"), or by any other governing law or rule, or the Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents (ECF No. 264) ("ESI Protocol"), the Discovery Confidentiality Order (ECF No. 235) ("Discovery Confidentiality Order"), or the Stipulated Protective Order Governing Review, Production, and Handling of Source Code (ECF No. 236) ("Source Code Protective Order") entered in this case.

2.    Apple objects to each Request to the extent it calls for disclosure of documents or information that are not relevant to any party's claims or defenses or proportional to the needs of the case.

3.    Apple objects to each Request to the extent it can be construed to call for information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, doctrine, or right of privacy.  In accordance with Paragraph 43 of the Discovery Confidentiality Order, any inadvertent production of any privileged or otherwise protected documents by Apple is neither intended as, nor shall be deemed to be, a waiver of any privilege or protection, and any such documents shall be returned to Apple immediately.

4.    Apple objects to each Request to the extent it seeks private, confidential, proprietary, commercially sensitive, or other similarly protected confidential materials.  Apple will produce

2

**HIGHLY CONFIDENTIAL**

responsive and otherwise unobjectionable confidential documents only pursuant to the terms of the ESI Protocol and the Discovery Confidentiality Order.

5.   Apple objects to each Request to the extent it seeks information not in Apple's possession, custody, or control.  Apple will produce only responsive documents in its possession, custody, or control.

6.   Apple objects to each Request to the extent it purports to require Apple to create, compile, or develop new documents or data compilations not maintained in the ordinary course of business.

7.   Apple objects to each Request to the extent it seeks the disclosure or production of information subject to third-party confidentiality agreements.

8.   Apple objects to each Request to the extent it seeks documents or information electronically stored that is inaccessible because of undue burden or cost.

9.   Apple objects to each Request to the extent it seeks documents or information that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources).

10. Apple objects to each Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative, and/or duplicative.

11. Any production by Apple in response to any Request is subject to any and all objections stated herein and shall not be construed as an indication that Apple concedes the relevance, legal sufficiency or propriety, or proportionality of any Request, or that Apple agrees with any characterization, definition, claim, or assertion in any Request.

12. All of these General Objections are incorporated into each individual response below and have the same force and effect as if fully stated therein.

HIGHLY CONFIDENTIAL

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Apple objects to the Definitions and Instructions ("Objections to Definitions and Instructions") on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these Objections to Definitions and Instructions.

1. Apple objects to the definition of "Apple" and "the Company" as overly broad and unduly burdensome because it purports to include foreign entities, affiliates, partnerships, joint ventures, and representatives of the foregoing that are not relevant to this litigation, which is centered on Apple's Alleged Conduct in the United States. *E.g.*, Am. Compl. ¶¶ 176–79, 200, 206, 212, 219. In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the terms "Apple" or "the Company" to refer only to Apple Inc.

2. Apple objects to the definition of "app store" as vague and ambiguous. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will interpret the term "app store" in the context of these requests to mean a distribution platform for native apps.

3. Apple objects to the definition of "Application Programming Interface" or "API" as overly broad and unduly burdensome to the extent it includes "Implementation" of any API and "Technical Documentation" related to any API that is not relevant or proportional to the needs of the case.

4. Apple objects to the definition of "Browser" as overly broad and unduly burdensome to the extent it includes "any application" through which a user can access and view web pages on the Internet. In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the term "Browser" to mean any application designed for the primary purpose of accessing information on the World Wide Web using a uniform resource locator ("URL"), including Apple Safari, Google Chrome, and Mozilla Firefox.

4

**HIGHLY CONFIDENTIAL**

5.   Apple objects to the definition of "Collaborative Work Environment" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.  Apple also objects to the definition as overly broad and unduly burdensome to the extent that it purports to include any platform that is not relevant to the claims or defenses in this case.

6.   Apple objects to the definition of "Data Dictionary" as overly broad and unduly burdensome to the extent it seeks information that is not necessary to allow the reasonable use of such databases or data sets by Plaintiffs.  Apple also objects to the definition as overly broad and unduly burdensome to the extent that it purports to require Apple to create documents compiling certain information solely for the purpose of responding to these Requests.  Apple further objects to the definition as vague and ambiguous as to the meaning of the terms "primary keys," "unique observation," and "foreign keys."

7.   Apple objects to the definition of "documents" as overbroad and unduly burdensome insofar as it encompasses documents that are outside of Apple's possession, custody or control, or that cannot be located with a reasonably diligent search, or that exceed the scope of permissible discovery under Federal Rule 34.  Apple further objects to the definition to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Rule 34(a).  In responding to Requests that incorporate this term, unless otherwise specified, Apple will construe the term "documents" to be synonymous in meaning and equal in scope to the term as defined under Federal Rule 34(a)(1)(A).

8.   Apple objects to the definition of "Employee Messaging Application" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Rule 34(a).

**HIGHLY CONFIDENTIAL**

9.   Apple objects to the definition of "Executive Review Board" to the extent it suggests that the Executive Review Board is an "organization within Apple" that is solely responsible for determining "whether an app will continue to be available on the App Store" and for setting "policy for Apple's Worldwide Developer Relations department."

10. Apple objects to the definition of "Implementation" as vague and ambiguous as to the meaning of the term "implements."

11. Apple objects to the definition of "Investigation" as vague and ambiguous to the extent it does not encompass or distinguish between different Plaintiffs' pre-Complaint investigations into Apple's conduct in this case.

12. Apple objects to the definition of "Library" as vague and ambiguous as to the meaning of the term "other functions."

13. Apple objects to the definition of "mobile application," "application," "app," and "mobile app" as vague and ambiguous to the extent it does not differentiate between native and non-native apps.  To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will interpret these terms in the context of these requests to mean native app.

14. Apple objects to the definition of "Platform App" as vague and ambiguous as to the meaning of the term "super apps," which is not otherwise defined.  Unless otherwise specified, Apple will construe the term "super apps" as it is used in the Complaint, including in Paragraphs 10 and 60 through 70 of the Complaint.

15. Apple objects to the definition of "Smartphone" as overly broad and unduly burdensome to the extent it purports to encompass "any operating system," which is a separately defined term. In responding to Requests that incorporate this term, unless otherwise specified, Apple will

**HIGHLY CONFIDENTIAL**

construe the term "Smartphone" as separate and distinct from the operating system included with the device.

16. Apple objects to the definition of "Smartwatch" as vague and ambiguous as to the meaning of an "operating system that can process mobile applications."

17. Apple objects to the definition of "Software Development Kit" or "SDK" as vague and ambiguous as to the meaning of the term "other resources."

18. Apple objects to the definition of "Source Code Repository" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Source Code Protective Order.

19. Apple objects to the definition of "Source Code" to the extent it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol or Source Code Protective Order.

20. Apple objects to the definition of "Technical Documentation" as vague and ambiguous as to the meaning of the phrase "other software artifact," which is not otherwise defined.

21. Apple objects to Instruction No. 1 on the grounds that it is overly broad and unduly burdensome insofar as it requires Apple to reproduce any documents, including documents produced with redactions, privileged placeholders, or families of such documents, that Apple has already produced in response to Civil Investigative Demands Nos. 30193, 30356, and 31300.

22. Apple objects to Instruction No. 2 on the grounds that it is overly broad and unduly burdensome. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will produce documents through March 21, 2024.

23. Apple objects to the time period set forth in Instruction No. 3 ("January 1, 2014 to the end of fact discovery") on the grounds that it is overly broad and unduly burdensome. To the extent

HIGHLY CONFIDENTIAL

that Apple agrees to produce documents, unless otherwise specified, Apple will search for documents for the time period January 1, 2014 through June 20, 2025.

24. Apple objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are not relevant to Plaintiffs' claims, which are centered on Apple's Alleged Conduct in the United States. *E.g.*, Am. Compl. ¶¶ 176–79, 200, 206, 212, 219. To the extent that Apple agrees to produce documents, unless otherwise specified, Apple will search for documents relating to its conduct relevant to the United States market. Apple also objects to Instruction No. 4 to the extent that it requests production of documents from jurisdictions whose laws prohibit or otherwise restrict disclosure of the requested documents.

25. Apple objects to Instruction No. 5 on the grounds that it is overly broad and unduly burdensome insofar as it encompasses documents that are outside of Apple's possession, custody or control, or that cannot be located with a reasonably diligent search, or that exceed the scope of permissible discovery under Federal Rule 34.

26. Apple objects to Instruction No. 6 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to the treatment of "non-identical copies and drafts" and metadata.

27. Apple objects to Instruction No. 7 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to "any draft revision, modification or other version of a responsive Document."

**HIGHLY CONFIDENTIAL**

28. Apple objects to Instruction No. 8 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, including with respect to linked Documents.

29. Apple objects to Instruction No. 9 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure or the ESI Protocol.

30. Apple objects to Instruction No. 11 on the grounds that it is vague and ambiguous to the extent it does not distinguish between electronically stored information and hard copy documents. Apple also objects to Instruction No. 11 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.

31. Apple objects to Instruction No. 12 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol.

32. Apple objects to Instruction No. 13 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with the ESI Protocol, which requires the production of "only a single copy of a responsive document." *See* ESI Protocol at Sec. IV.7.

33. Apple objects to Instruction No. 14 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

HIGHLY CONFIDENTIAL

34. Apple objects to Instruction No. 16 on the grounds that it is overly broad and unduly burdensome insofar as it purports to impose any obligation on Apple that is greater than or inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

35. In response to Instruction No. 18, Apple states as follows: To the extent that Apple agrees to produce documents, Apple will produce such documents in accordance with the terms of the Discovery Confidentiality Order, the Source Code Protective Order, and the ESI Protocol.

36. In response to Instruction No. 19, Apple states as follows: To the extent that Apple agrees to produce documents, Apple will produce such documents in accordance with the terms of the Pretrial Scheduling Order (ECF No. 270), the Discovery Confidentiality Order, the Source Code Protective Order, and the ESI Protocol.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 64:**

For Requests 5, 6, 10, 11, 14, 15, 16, 17, 30, 50, 55, 56, 58, and 60 in Plaintiffs' First Set of Requests for Production, please include all documents related to Browsers, eSIM technologies, and Collaborative Work Environments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions, and each of its Objections and Responses in response to the above-enumerated Requests.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as vague and ambiguous as to the meaning of the term "Collaborative Work Environments" in the context of this Request. Apple also objects to this Request as vague and ambiguous as to the meaning of the term "eSIM

10

HIGHLY CONFIDENTIAL

technologies." Apple further objects to this Request to the extent it assumes that Browsers, eSIM, and Collaborative Work Environments are relevant product markets.

Subject to and without waiving its objections, Apple will produce documents related to Browsers and eSIM responsive to the enumerated Requests to the same extent as Apple has agreed to provide documents related to the Identified Products and Services responsive to these Requests set forth in Apple's Responses and Objections to Plaintiffs' First Set of Requests for Production, as modified by the parties' subsequent meet and confer correspondence. Apple is willing to meet and confer to discuss a reasonable narrowing of the term "Collaborative Work Environments."

## REQUEST FOR PRODUCTION NO. 65:

All documents All documents related to the development, implementation, and terms offered in connection with any proprietary eSIM technology, in any Smartphone, including any actual or potential effect on:

   a. Apple's revenues and profitability;

   b. Consumer demand, purchase intentions, and Smartphone switching;

   c. Portability of phone numbers between devices and operating systems;

   d. Any wireless carrier, including Apple's commercial relationship with same;

   e. GSMA adoption; and

   f. User Privacy and Security.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "potential effect," "terms offered," "proprietary eSIM technology," "purchase intentions,"

HIGHLY CONFIDENTIAL

"commercial relationship," and "GSMA adoption." Apple also objects to this Request as overly

broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll

documents," regardless of whether such documents relate to any of the issues in this case. Apple

also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks documents related to "any proprietary eSIM technology," "any

Smartphone," and any actual or potential effect on "[a]ny wireless carrier" and "GSMA adoption."

Apple also objects to this Request to the extent it seeks documents that are not in Apple's

possession, custody, or control. Apple further objects to this Request to the extent it assumes that

eSIM technologies are a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for

and produce non-privileged documents sufficient to show Apple's development and

implementation of proprietary eSIM for iPhone, including any actual effect or effect considered

by Apple on Apple's revenues and profitability, consumer demand for iPhone, switching between

iPhones and non-Apple Smartphones, portability of phone numbers between iPhone and non-

Apple Smartphones, and User Privacy and Security, to the extent such documents exist and can be

located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 66:

All documents related to Apple's policies with respect to Apple's Webkit browser engine,

including any actual or potential effect on:

    a. Apple's revenues and profitability;

    b. Consumer demand, purchase intentions, and Smartphone switching;

    c. Competing mobile browsers;

    d. Native iOS app development;

**HIGHLY CONFIDENTIAL**

e. Device interoperability; and

f. User Privacy and Security.

For avoidance of doubt, this includes all documents related to Apple's rationale for limiting iOS browsers to using WebKit as the rendering engine, as well as Apple's decision to eliminate the Webkit requirement in Europe, and any documents pertaining to discussions of current or potential plans to modify the Webkit browser requirement in any other jurisdiction, including but not limited to the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request to the extent that it seeks documents protected by any applicable privilege, exemption, or immunity.  Apple also objects to this Request as vague and ambiguous as to the meaning of the phrases "potential effect," "purchase intentions," "[c]ompeting mobile browsers," "rendering engine," and "potential plans."  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to WebKit on any Apple product other than iPhone.  Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to geographies outside the United States.  Apple further objects to this Request to the extent it assumes that Browsers are a relevant product market.

**HIGHLY CONFIDENTIAL**

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents related to Apple's policies regarding Apple's WebKit web browser engine on iPhone in the United States to the extent related to any actual or considered effect on Apple's revenues and profitability, consumer demand for iPhone, switching between iPhone and non-Apple Smartphones, native iOS app development on iPhone, Smartphone interoperability, and User Privacy and Security on iPhone, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 67:**

All documents related to Apple's decision to permit third-party Browser apps on the iPhone and the Apple App Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it assumes that Browsers are a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All documents related to any asserted procompetitive justifications for Apple's prohibition of non-WebKit mobile browser engines on iOS.

HIGHLY CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as improper and premature to the extent it seeks documents, data, or information that Apple or any Apple expert intends to offer as evidence at trial or otherwise in this litigation. Apple will identify such documents at the proper time consistent with the Court's Orders. Apple further objects to this Request to the extent it assumes that Browsers are a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents related to Apple's procompetitive justifications for Apple's requirement that third-party iOS Browsers use the open-source WebKit web browser engine in the United States, to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 69:**

All documents related to the development, implementation, and terms offered in connection with iCloud, including any actual or potential effect on:

a. Apple's revenues and profitability;

b. Consumer demand, purchase intentions, and Smartphone switching;

c. Competing filesharing platforms;

d. Device interoperability; and

e. User Privacy and Security.

**HIGHLY CONFIDENTIAL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "potential effect," "purchase intentions," and "[c]ompeting filesharing platforms." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents related to the development, implementation, and terms offered in connection with iCloud," regardless of whether such documents relate to any of the issues in this case. Apple further objects to this Request to the extent it assumes that filesharing platforms are a relevant product market.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents sufficient to show the development, implementation, and terms offered in connection with iCloud on iPhone, including any actual or considered effect on consumer demand for iPhone, switching between iPhone and non-Apple Smartphones, Smartphone interoperability, and User Privacy and Security.

**REQUEST FOR PRODUCTION NO. 70:**

All documents related to any consideration by Apple of developing or releasing a native iCloud app for any non-Apple platform or system including, but not limited to, Android or Windows.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

HIGHLY CONFIDENTIAL

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as vague and ambiguous as to the meaning of the terms "platform" and "system." Apple further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to "any consideration by Apple," regardless of whether such considerations relate to any of the issues in this case.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce any non-privileged documents related to any consideration by Apple of developing or releasing a native iCloud app for any non-Apple Smartphone or operating system, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 71:

All documents related to any differences in performance, UI, and available features, including but not limited to User Privacy and Security, Keychain, Messages, and Health between the native iOS iCloud app and the browser-based iCloud platform.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the phrases "differences in performance" and "UI." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case.

17

**HIGHLY CONFIDENTIAL**

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show any differences in available features between the native iOS iCloud app and the browser-based iCloud platform with respect to User Privacy and Security, Keychain, Messages, and Health, to the extent such documents exist and can be located by a reasonable search.

## REQUEST FOR PRODUCTION NO. 72:

All pleadings, written discovery requests, document productions, declarations, presentations (including any white papers or other analysis or advocacy), expert reports served, filed, or produced by Apple; all expert reports served on Apple; all discovery requests served on Apple to the extent not included in Apple's responses, and transcripts of all depositions, hearings, and trials for Apple employees and experts in *Gamboa v. Apple*, No. 24-1270 (N.D. Cal.).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll pleadings, written discovery requests, document productions, declarations, presentations . . . expert reports . . . and transcripts," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the production of all documents produced in another matter, i.e., "cloned discovery," without a reasonably particularized description of the requested documents. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less

**HIGHLY CONFIDENTIAL**

burdensome, and less expensive (including from publicly available sources). Apple also objects to this Request as overly broad and not proportional to the needs of the case in seeking documents that are not relevant to this litigation, which is centered on Apple's Alleged Conduct in the United States, which allegedly violates U.S. and state antitrust laws. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce documents sufficient to show any expert reports served by Apple, Apple's written discovery responses, and deposition testimony of Apple employees and Apple experts from *Gamboa v. Apple*, No. 24-1270 (N.D. Cal.), to the extent such documents exist and can be located by a reasonable search.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents sufficient to show annually for the years 2014 to the present, all Apple employees including, at minimum, each employee by name, start date, job function, title, business unit and area, and each of the reporting organization-level managers above the employee, up to the CEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll [d]ocuments," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request as not relevant or proportional to the needs of the case to the extent it seeks Human Resources records about

**HIGHLY CONFIDENTIAL**

hundreds of thousands of Apple employees over nearly a decade-long period. Apple further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request, including alternative proposals previously offered by Apple.

**REQUEST FOR PRODUCTION NO. 74:**

All documents, communications, and data allegedly supporting Your purported Affirmative Defenses asserted in this Case, whether articulated in Your Answer filed on July 29, 2025 or any subsequent pleading or document articulating Apple's purported defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents," regardless of whether such documents relate to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents protected by any applicable privilege, exemption, or immunity, including the work product doctrine. Apple also objects to this Request to the extent it seeks documents that are already in the possession, custody, or control of Plaintiffs or are otherwise available to Plaintiffs from another source that is more convenient, less burdensome, and less expensive (including from publicly available sources). Apple further objects to this Request as improper and premature to

20

HIGHLY CONFIDENTIAL

the extent it seeks documents, data, or information that Apple or any Apple expert intends to offer as evidence at trial or otherwise in this litigation.  Apple will identify such documents at the proper time consistent with the Court's Orders.

Subject to and without waiving its objections, Apple will produce any non-privileged documents, communications, or data that support Apple's Affirmative Defenses.

*[Signature page follows.]*

HIGHLY CONFIDENTIAL

Dated: September 11, 2025

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.:    (212) 446-4600
Email:  devora.allon@kirkland.com
            alexia.brancato@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.:    (202) 955-8500
Email: crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.:    (213) 219-7000
Email: dswanson@gibsondunn.com

Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.:    (415) 393-8200
Email: jkleinbrodt@gibsondunn.com

Respectfully submitted,

*/s/ K. Winn Allen*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.:    (973) 757-1100
Email:    LWalsh@walsh.law
             DArpert@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Tracie L. Bryant, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
Julia Choi (*pro hac vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.:    (202) 389-5000
Email:    craig.primis@kirkland.com
             matt.reilly@kirkland.com
             winn.allen@kirkland.com
             tracie.bryant@kirkland.com
             luke.mcguire@kirkland.com
             julia.choi@kirkland.com

Stephen Tensmeyer (*pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Tel:    (801) 877-8119
Email:   stephen.tensmeyer@kirkland.com

*Counsel for Defendant Apple Inc.*