

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

January 14, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States of America, et al. v. Apple Inc.*
              No. 2:24-cv-04055 (JXN-LDW)
              **Update Letter**

Dear Judge Wettre:

      The United States and the Plaintiff States (collectively, "Plaintiffs") respectfully submit this Update Letter pursuant to the Court's Order entered January 9, 2026, Dkt. 360.

      <u>Search Terms.</u>  Search term negotiations have successfully concluded.  The volume of documents for review has decreased by more than fifty percent since the parties submitted their Joint Status Letter addressing Apple's request for a six-month extension on December 12, 2025.  Dkt. 351. Based on information provided by Apple, Apple would now need to review approximately 4 million documents rather than 11 million, as represented in the Joint Status Letter.  *Id.* at 2.

      <u>Custodians.</u>  Since the parties' Joint Status Letter dated December 19, 2025, Dkt. 354, the parties have resolved disputes regarding 4 of the 19 individuals whom Plaintiffs requested as custodians.  The rest of the Plaintiffs' offers for resolution remain "under consideration" by Apple as they have been since August 13, now five months ago.  Although Apple referenced a meet and confer in the December 19 letter, *id.* at 5, Apple did not send a representative to that meet and confer who was empowered to reach agreement on any custodians.

      In addition, Apple has declined to produce any version of the spreadsheet excerpts that are routinely created by the HR software system Apple uses in the ordinary course of business, even though Plaintiffs have proposed multiple limitations to the information disclosed to address Apple's privacy concerns.  Apple has likewise refused to provide information necessary to determine custodians relevant to other forms of discovery,

1

including in response to an interrogatory. In an effort to avoid a dispute, Plaintiffs have proposed that Apple designate predecessors and successors of the agreed-to custodians to ensure coverage of relevant roles over the relevant period. Apple continues to consider this proposal.

In sum, all that remains for resolution is whether Apple will produce documents from the remaining 15 custodians Plaintiffs have requested and the process for identifying custodians for the years not covered by Plaintiffs' investigative file. Given Plaintiffs' multiple attempts to identify a reasonable process for selecting appropriate custodians with limited engagement from Apple over the past six months, the parties would benefit from the Court's direction on a date by which custodian negotiations must conclude and how issues related to custodians (if any) should be presented.

Respectfully submitted,

*/s/   Jonathan H. Lasken*
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*