# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. <br><br> 24-4055 (JXN) (LDW) <br><br> **ORDER TO SEAL** |

**THIS MATTER** having come before the Court by way of Defendant Apple Inc.'s ("Apple") Motion to Seal portions of Plaintiffs' written discovery requests and Apple's responses thereto (ECF 362); and having considered the Declaration of Liza M. Walsh in support of the Motion to Seal as well as the factors set forth in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. Apple seeks to seal portions of: (1) Plaintiffs' First Set of Requests for Production to Defendant Apple Inc., dated June 20, 2025; (2) Apple's Responses and Objections to plaintiffs' First Set of Requests for Production, dated July 21, 2025; and (3) Apple's Responses and Objections to Plaintiffs' First Set of Interrogatories, dated December 1, 2025. (ECF 352-1, 352-2, 352-3; public redacted versions at ECF 363). These documents were submitted to the Court as appendices to the parties' December 12, 2025 joint letter concerning the deadline for substantial completion of document production.

2. There is "a common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), which includes "a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions,

whether these motions are case dispositive or not, but [there is] no such right as to discovery motions and their supporting documents." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

3. However, "the common law right of access is 'not absolute'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Specifically, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

4. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

5. As the discovery materials sought to be sealed were submitted in connection with a discovery dispute, the documents are not subject to a presumption of public access. *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, 12-cv-5275 (LDW), 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016).

6. The discovery materials at issue contain non-public, proprietary, and commercially sensitive information concerning the names of Apple's unannounced products and services, names of reports Apple commissioned to analyze its products and services,

    Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases. Apple designated this information as "Confidential" or "Highly Confidential" pursuant to the Discovery Confidentiality Order. *See Pearson Educ., Inc. v. Chegg, Inc.*, 21-cv-16866 (ESK), 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) ("Confidential information regarding the structure and function of a party's proprietary database qualifies for protection from public disclosure, due to the risk that the information will be used improperly by competitors to the severe disadvantage of that party."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) ("The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure.").

7. Apple has a legitimate interest in protecting this sensitive, non-public, and proprietary business information, disclosure of which poses a substantial risk of harm to Apple's competitive standing in that competitors are likely to use this information to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage over Apple. *See Overton v. Sanofi-Aventis U.S., LLC*, 13-cv-5535 (DEA), 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.").

8. Accordingly, Apple has a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

9. There is no less restrictive alternative available than to seal the information. Apple has sought to seal only that information that is entitled to protection.

10. Apple has satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that found that legitimate private interests outweigh any presumption of public access, warranting the relief sought; and no opposition to the motion having been filed; and for good cause shown;

**IT IS** on this day, February 4, 2026, **ORDERED** that:

1. Apple's Motion to Seal is **GRANTED** and the information identified in Exhibit 1 to the Declaration of Liza M. Walsh (ECF 362-2) is hereby ordered **SEALED**.

2. The Clerk of Court is directed to terminate the motion at ECF 362.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge