

**U.S. Department of Justice**

Antitrust Division

---

*450 5th Street, N.W.*
*Washington, DC 20530*

February 25, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States of America, et al. v. Apple Inc.*,
            No. 2:24-cv-04055 (JXN-LDW)
            Apple's Letter Seeking Leave of Court on Agency Discovery

Dear Judge Wettre:

      At 8:45 PM last night, Apple informed the Antitrust Division that it would file a letter alleging impasse by the "end of the day today or first thing tomorrow morning," seeking an expedited briefing schedule. Apple seeks to have the parties brief as many as 21 discovery issues relating to requests directed to 14 federal agencies—including a number of requests with national security implications—in the 6-day period between today and March 3. The Antitrust Division told Apple that because national security issues appear to be implicated by the briefing Apple wants to submit, the United States was unable to brief those issues in a condensed manner on a condensed time frame. The Antitrust Division further told Apple that if it must file, it must include a statement that the Division would respond by letter because the Antitrust Division needed time to consult with the 14 affected agencies. The Antitrust Division apologizes to the Court for not being able to file its letter sooner.

      Because Apple has refused to engage in a meaningful meet and confer process, the Antitrust Division will not be informed of Apple's positions until Apple shares its portion of the joint letter sometime before March 3. Particularly given that Apple seeks information with national security implications, as described in more detail below, such a briefing schedule is untenable. The Antitrust Division respectfully requests that the Court withdraw its order and require Apple to engage in a proper meet and confer process to narrow the issues for adjudication or, alternatively, revise the order to set a briefing schedule that is feasible in light of the information provided herein.[1]

---

[1] Given that the Antitrust Division does not know what Apple's positions are, we request at least 14 days to respond to any arguments Apple makes to enable us sufficient time to

Based on the Antitrust Division's best understanding, Apple is claiming that the parties are at impasse for discovery it first served on the federal agencies on November 19, 2025. Only after Apple served subpoenas were those agencies able to start the process of authorizing the Justice Department to represent them. Discussions before this time merely consisted of the Antitrust Division informing Apple of the proper process for seeking discovery from federal agencies—and Apple refusing to follow those procedures. After delaying the start of negotiations for five months, Apple now asks the Court to resolve an "emergency" of its own making. The Antitrust Division remains committed to resolving these issues with Apple and believes that for some requests to some agencies a resolution may be possible, but Apple must first transparently disclose its positions so that the parties can engage in a fruitful dialogue.

Apple's November 19 discovery is composed of facially broad and duplicative subpoenas to 14 federal agencies, covering more than half of the federal civilian workforce as well as military personnel, and includes agencies in the intelligence community, law enforcement, and military. Not only are the requests irrelevant to this case—for, among other reasons, the fact that government contract and phone use is very different from the consumer purchasing and phone use that this case is about—but the requests are overbroad, seeking material that is largely or entirely subject to a deliberative process or other governmental privilege or statutory protection. The requests also implicate national security concerns as to many agencies with core national security competencies and missions. For example, Apple seeks classified, confidential and other protected information about, among other things, the cybersecurity and critical communications infrastructure of the agencies, such as how these agencies secure their communications and their internal, privileged predecisional deliberations about protecting those communications and infrastructure. Apple's requests have required the Antitrust Division to access classified facilities to get the information needed to respond.

The Antitrust Division has offered to produce its own files, despite their lack of relevance to Apple, as a compromise. And we remain committed to discussing a reasonable production of material from agencies outside of those with core national security competencies that is consistent with the protection of national security interests, that does not involve the release of highly-sensitive cybersecurity information from any agency, and that takes appropriate account of materials actually available and burden. But Apple made no attempt to negotiate with us or work to a compromise on these terms, nor has Apple ever explained why the facially cumulative discovery it served on national security agencies is necessary if it receives the same type of information from other agencies.

Apple has made no meaningful attempt to narrow any discovery request and now asks the Court to decide whether to compel information in response to dozens of requests. Attempting to resolve the dispute at this stage in the manner Apple suggests is inappropriate and a waste of court resources.

---

work with the agencies to respond to Apple's arguments. Apple's discovery requests cannot be briefed in an omnibus manner because the different agencies are situated differently.

Before asking the Court to rule on cumulative discovery from the military, intelligence community, and law enforcement, Apple should be required to present the need for discovery from those agencies specifically to the Antitrust Division for consideration—which Apple thus far has refused to do.  Likewise, before asking the Court to rule on the broad and extremely sensitive swaths of discovery implicated by Apple's requests for all agencies, the Court should require Apple to engage in reasonable attempts to narrow its requests.  That may facilitate further discussions between the parties limiting the burden on the Court.  Alternatively, if the Court is inclined to hear this dispute now, then the Antitrust Division respectfully asks that the Court revise its order to allow for full briefing that allows the issues to be considered on an agency level where necessary and on an appropriate schedule.

Respectfully submitted,

*/s/ Jonathan H. Lasken*
Jonathan H. Lasken
Assistant Section Chief,
Anti-Monopoly and Collusion Enforcement Section
United States Department of Justice
450 5th Street, N.W.
Washington, D.C. 20530
Telephone: (202)598-6517
Email: jonathan.lasken@usdoj.gov
*Attorney for the United Sates of America and fourteen Federal Agencies*

Jonathan H. Lasken
Assistant Section Chief, Anti-Monopoly and Collusion Enforcement Section
United States Department of Justice
450 5th Street, N.W.
Washington, D.C. 20530
*Attorney for the United Sates of America and fourteen Federal Agencies*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br><br>*Plaintiff*, <br><br>v. <br><br>APPLE INC. <br><br>*Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on February 25, 2026.

*/s/ Jonathan H. Lasken*
Jonathan H. Lasken
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States and fourteen Federal Agencies*