**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | Case No. 2:24-cv-04055 (JXN-LDW) |
| Plaintiffs, | |
| vs. | **CERTIFICATION OF ANDREW F. ESOLDI, DEPUTY ATTORNEY GENERAL IN SUPPORT OF MOTION FOR ADMISSION OF ALEXANDRA SPRING *PRO HAC VICE*** |
| APPLE INC., | |
| Defendant. | |

I, Andrew F. Esoldi, of full age, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey admitted to practice before this Court, and a Deputy Attorney General in the Antitrust Litigation and Competition Enforcement Section, with the State of New Jersey, Department of Law and Public Safety, Division of Law.  I represent the State of New Jersey, by and through the Attorney General Jennifer Davenport ("New Jersey"), in the above-captioned matter.

2.      I respectfully submit this certification in support of New Jersey's application for an Order admitting pursuant to Local Rule 101.1(c) counsel Alexandra Spring for the Plaintiff State of Vermont, by and through its respective Attorney General, *pro hac vice* in the above-captioned matter.

3.      I am a member in good standing of the bar of the State of New Jersey and of the United States District Court for the District of New Jersey.

4.      As set forth more fully in her certification, Alexandra Spring is an Assistant Attorney General in the Office of the Attorney General for the State of Vermont ("Vermont"), with offices located at 109 State Street, Montpelier, Vermont 05609. Ms. Spring has advised me that she is a member in good standing of the bar of Vermont.  Ms. Spring represents Vermont in

antitrust and related enforcement actions, which is a complex field of law in which she specializes. She is fully familiar with the facts of this case.  There is good cause for the *pro hac vice* admission of Ms. Spring, as she is familiar with the facts, issues, and pleadings in this action and no delay in the conduct of the proceedings would be occasioned by her acting as attorney for Vermont in this matter.

5.    Pursuant to Local Rule 101.1(c)(4), New Jersey will appear in this action, including all court appearances, on behalf of the Plaintiff State of Vermont, and agrees to accept service of all notices, orders, and pleadings in this action.  I, or an attorney representing New Jersey, by and through the Attorney General, will sign and file all pleadings, enter all appearances, sign all stipulations, and other such documents in this matter on behalf of the Plaintiff State of Vermont. I agree to be responsible for the conduct of the above-named counsel should he be admitted *pro hac vice*.

6.    I will make certain that counsel to be admitted *pro hac vice* pursuant to this motion will comply with Local Rule 101.1(c).

7.    Counsel for Defendant Apple Inc. has advised me that they consent to the *pro hac* admission of the above-named counsel.

8.    Accordingly, I respectfully request that this Court enter an Order admitting Alexandra Spring representing the Plaintiff State of Vermont, by and through its Attorney General, *pro hac vice* in the above-captioned matter.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

Andrew F. Esoldi
Deputy Attorney General
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07102
Tel: (609)-696-5465
Email: Andrew.esoldi@law.njoag.gov

Dated: March 11, 2026