

*State of New Jersey*

DEPARTMENT OF LAW AND PUBLIC SAFETY

| | DIVISION OF LAW | |
|---|---|---|
| MIKIE SHERRILL | 124 HALSEY STREET | JENNIFER DAVENPORT |
| *Governor* | PO BOX 45029 | *Attorney General* |
| | NEWARK, NJ  07101 | |
| DR. DALE G. CALDWELL | | MICHAEL C. WALTERS |
| *Lt. Governor* | | *Director* |

March 31, 2026

<u>VIA ECF</u>

Honorable Leda D. Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:    *United States, et al. v. Apple Inc.*
> Case No. 2:24-cv-04055 (JXN-LDW)
> Joint Dispute Letter Briefing Affirmative Defense Dispute

Dear Judge Wettre:

Pursuant to the Court's order at the March 18, 2026 conference, Plaintiffs and Apple Inc. ("Apple") respectfully submit this joint dispute letter regarding the parties' positions on Apple's Second Affirmative Defense.





**Plaintiffs' Position:**

Apple's Second Affirmative Defense pleads that Plaintiffs' monopolization claims are barred by purported intellectual property f(Apple's "IP-based defense"). ECF 295, p. 44.  Plaintiffs respectfully submit that Apple did not have a sufficient basis, required by Fed. R. Civ. P. 11, for its IP-based defense when pled on July 29, 2025.  After three-plus months of negotiations and now two supplements by Apple to an interrogatory response calling for its Rule 11 basis, judicial intervention is necessary to either (i) encourage Apple to withdraw its purported defense (and avoid motion practice), or (ii) direct Apple to explain how it could validly re-plead the defense consistent with its obligations under Rules 11 and 12.

Rule 11 demands that an attorney conduct a reasonable inquiry when serving any pleading, including an answer.  Fed. R. Civ. P. 7, 8(c).  "Rule 11 requires an attorney to do more than merely rely on a client's version of the facts before certifying that a claim is well-grounded in fact." *Fleekop v. Mann Music Ctr*., 1990 U.S. Dist. LEXIS 16895, 1990 WL 204253, at *4 (E.D. Pa. Dec. 12, 1990).  *See also Cohan v. Genji Novi, Inc*., No. 19-10786, 2019 U.S. Dist. LEXIS 146013, at *7 (E.D. Mich. Aug. 28, 2019)( "Rule 11 requires more than speculation that an affirmative defense might exist.").  Rule 11 exists to protect Plaintiffs from the concrete harm of litigating against defenses that lack a factual basis.  *See Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) ("[A]ttorneys are required to conduct a normally competent level of legal research to support the[ir] presentation.").  As Apple's cited case law confirms: "The applicable Rules [including Rule 11] do not give defendants license to hide behind their counsel as the author of affirmative defenses; wrap counsel in the blanket of Rule 12(b)'s requirement to assert defenses in a responsive pleading; and then proceed to embark on a fishing expedition in an attempt to find support for whatever affirmative defenses may have been asserted in the responsive pleading—regardless of how untethered they may be to the facts of the case." *Livingston v. Berger*, 2022 WL 613277, at *13-14 (D.V.I. Mar. 1, 2022).

The timeline of discussions illustrates Plaintiffs' concern that Apple may have retroactively devised a Rule 11 basis for its IP-based defense that (i) did not exist when pled and (ii) is not sufficient today.  While ordinarily the parties' discussions would not be pertinent to the merits of a dispute, because of Rule 11's requirements, it is particularly revealing here:

| July 29, 2025 | Apple serves its Answer, including its Second Affirmative Defense, specifying no factual basis. ECF 295, p. 44. |
|---|---|
| September 19, 2025 | Rather than burden the Court with motion practice, Plaintiffs serve an Interrogatory calling for the factual basis for Apple's first two affirmative defenses. Exhibit A, Interrogatory Number 6, pp. 3-4. |
| December 1, 2025 | Apple responds but fails to provide any factual basis. Exhibit B, pp. 21-22 (excerpts pertinent to ROG 6). |
| January 14, 2026 | After over a month of meeting and conferring, Apple orally agrees to promptly provide its Rule 11 basis for its IP-based defense. |
| January 21, 2026 | After Plaintiffs follow up to confirm the date Apple will supplement, Apple states it needs 30 more days to do so, until February 17, 2026. |
| January 21 through February 5, 2026 | Despite Plaintiffs' concern that Apple should not require 30 additional days to articulate its Rule 11 basis for a July 2025 pleading, Apple refuses three attempts to meet and confer on timing until after it has served its supplemental response. |
| February 17, 2026 | Apple supplements its response, relying on the entirety of its purported intellectual property portfolio to support its IP-based defense. Exhibit C. |
| March 2, 2026 | During a meet and confer, in response to Plaintiffs' objection that Apple's supplemental response relied on the entirety of its purported intellectual |

| | property portfolio, Apple orally proposes supplementing its response again by March 6. |
|---|---|
| March 5, 2026 | Apple states it requires four extra days to supplement, proposing to do so by March 10, and claims via email that it will disclose facts regarding "a specific example of intellectual property" at issue for its IP-based defense.[1] Plaintiffs accepted this proposal in a good faith effort to avoid a dispute requiring Court attention. ECF 385. |
| March 10, 2026 | Apple supplements its interrogatory response a second time, and despite its prior representation, maintains that there are "thousands" of purported intellectual property rights that are at issue, citing to expert disclosures from different litigations and public databases containing Apple's entire patent, copyright, and trademark portfolios. Exhibit D, pp. 12-15. |

Further, in its March 10 second supplement, Apple claims that it does not have enough information to articulate the basis for its IP-based defense, stating:

> Because the contours of Plaintiffs' claims and the remedies they seek are not yet fully known, and because further discovery is needed to clarify the precise scope of those claims and the relief at issue, Apple cannot reasonably be expected to provide a comprehensive identification of the intellectual property rights that may bar, relate to, or otherwise rebut Plaintiffs' claims or requested relief at this stage of the proceedings.

Ex. D, at p. 10.  But Plaintiffs have never asked for a "comprehensive identification of the intellectual property rights" at issue – we have merely asked for a Rule 11 factual basis for its pleading.  At the time it pled the defense on July 29, 2025, Apple had Plaintiffs' complaint for over a year and had engaged with an extensive prior investigation. Apple also had the Court's opinion denying its Motion to Dismiss and affirming the well-pled allegations of this case. *See* ECF 283. Apple had ample time to conduct a reasonable investigation into potential affirmative defenses it could plead.  Indeed, by March 10, 2026, Apple had collected, reviewed, and produced millions of documents in this litigation. Surely, the factual basis—if there is one—must be in those documents, and yet, Apple cannot identify it.

Notwithstanding its failure to identify a sufficient basis, Apple continues to use the pled defense as a "prophylactic" placeholder, failing to do the investigation that Rule 11 requires. See *Greenspan v. Platinum Healthcare Grp., LLC*, No. 2:20-cv-05874-JDW, 2021 U.S. Dist. LEXIS 48884, at *7-8 (E.D. Pa. Mar. 16, 2021) (striking affirmative defenses and awarding sanctions). Such affirmative defenses "expand[] discovery in the case and make[] it harder to get cases to resolution." *Id*. Further, as here, such a defense forces Plaintiffs to serve discovery that should not have been necessary.  *Id*.

Plaintiffs continue to endure substantial prejudice due to this strategy. Nine months after Apple pled this defense, Plaintiffs still cannot identify what they are expected to litigate against, because Apple has not identified a single piece of intellectual property that it knows forms the factual basis of its IP-defense. Until it does, Plaintiffs cannot take targeted depositions, propound meaningful document requests, or retain experts to evaluate Apple's defense. Apple's submission confirms this situation will persist by declaring that the defense "will sharpen as discovery progresses." This concession, that Apple pled first and plans to investigate later, is the conduct *Greenspan* condemned. As that court held, Rule 11 "does not permit counsel to assert defenses that might apply based on experience in a particular field. It only allows affirmative defenses that the evidence supports in this case." *Greenspan*, at *2.

---

[1] Apple objected to Plaintiffs' proposal to submit cited emails referenced herein, including Apple's agreements with Plaintiffs to supplement, to the Court. Should the Court find it helpful, Plaintiffs would be happy to provide the cited correspondence.

Apple has made four core arguments to justify its conduct: (i) an interrogatory calling for a Rule 11 basis is an improper contention interrogatory, (ii) it is sufficient for Apple to rely on the entirety of its intellectual property portfolio, (iii) documents from other cases may provide a sufficient basis, and most recently, (iv) this is solely a Rule 33 dispute. Each argument is without merit.

**An interrogatory calling for a Rule 11 basis is not a contention interrogatory.** At Apple's request, in December 2025, Plaintiffs provided authority establishing that an interrogatory seeking a defendant's factual basis for its pled affirmative defense is not a contention interrogatory. *See Dot Com Entertainment Group, Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 45 (W.D.N.Y. 2006) (an interrogatory "straightforwardly seek[ing] the basis for Defendants' prior art defense" was not a contention interrogatory); *see also generally Asta Funding v. Your Wellbeing*, No. 11-CV-2202, 2012 WL 2299391, at *4 (D.N.J. June 14, 2012).  Given the applicability of that authority, Apple agreed via email to provide its purported Rule 11 basis on January 14, 2026.  Apple's present attempt to undo both the promise it made, as well as the law establishing this common-sense premise, should not be accepted.

**An entire IP portfolio does not provide a sufficient basis for an antitrust defense.**  As the Third Circuit has made clear, "attorneys are required to conduct a normally competent level of legal research to support the[ir] presentation." *Simmerman*, 27 F.3d at 62.  Defenses must be tailored to the particular allegations in a case, and not based on a general belief drawn from purported experience in a particular field.  *See Greenspan*, at *6 (striking affirmative defense and awarding sanctions, finding that "Rule 11 does not permit counsel to assert defenses that <u>might</u> apply based on experience in a particular field.  It only allows affirmative defenses that the evidence supports in [each] case." (emphasis added)). Simply pointing to an entire intellectual property portfolio and hoping that some unspecified portion thereof provides a defense is not sufficient.  Apple's latest claim that the basis for its IP-defense is "tailored" is belied by its interrogatory responses, claiming that it cannot determine the basis for its pleading, and it may include thousands of patents and other forms of IP.  Apple is not company that is unfamiliar with its purported IP portfolio, as it has litigated over 1,000 patent and other intellectual property cases since 2009.  Put another way, if Apple had some purported "silver bullet" intellectual property in this case, it should have disclosed it by now.[2]

**Other cases do not provide a sufficient basis for this case's pleading.** Apple's attempt to rely on statements from other cases, litigated against private parties involving, *inter alia*, different claims, different counsel, different markets, and different conduct, also does not pass muster. Courts routinely criticize an attorney's failure to personally conduct a factual investigation before filing a pleading. *E.g., Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.*, Civil Action No. 19-21973, 2022 U.S. Dist. LEXIS 174722, at *7 (D.N.J. Sep. 27, 2022) (citing *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008).  Indeed, "[g]iven that this responsibility cannot be delegated to another member of the attorney's firm … it would make little sense that an attorney somehow can rely on the analysis of attorneys in different actions and who are presumably from different law firms." *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d at 1005.  Here, Apple's attempt to rely on the work and opinions of other attorneys from other cases involving different allegations, conduct, and markets, does not constitute a sufficient factual investigation. By relying on those other cases, counsel is improperly delegating its responsibility to conduct a factual investigation to other attorneys.

To plead an affirmative defense in this case, Apple must have a sufficient factual basis for this case. Apple itself concedes that the positions in other cases may have no application to this matter.  Ex. D, p. 14, n.1.  Apple's inability to articulate a cogent factual basis for its IP-based defense confirms that there was not a sufficient basis when it filed the IP-based defense.

---

[2] Indeed,"[i]ntellectual property rights do not confer a privilege to violate the antitrust laws," especially with respect to the type of exclusionary conduct at issue in this case. *See United States v. Microsoft Corp.*, 253 F.3d 34, 63 (D.C. Cir. 2001).

**Use of Rule 33 confirmed Apple's Rule 11 problem.** Apple asserts that this is solely a Rule 33 dispute but misses the context that its three Rule 33 responses revealed that it had not marshaled sufficient facts to support its pleading. To be clear: Plaintiffs do not dispute that Apple's responses contain all the information it has to support its pleading. The problem is that even accepting that premise, the IP-based defense does not have a sufficient factual basis as required by Rule 11.

**The Court's guidance is necessary.** As pled, Apple's IP-based defense is plainly deficient under Rule 12 because it pleads no facts. *See Conopco, Inc. v. WBM, LLC*, Civil Action No. 21-14205 (ZNQ) (RLS), 2023 U.S. Dist. LEXIS 46277 (D.N.J. Mar. 17, 2023) (striking affirmative defense based on purported IP with no specifics). Apple's failure to provide a sufficient factual basis, notwithstanding months of discovery and producing millions of documents, makes it clear that Apple does not have a factual basis that would satisfy Rules 11 or 12(f).

Unfortunately, after months of good faith conferrals with Apple, we are left to seek the Court's assistance. Plaintiffs respectfully request that the Court (1) encourage Apple to withdraw its Second Affirmative Defense, or in the alternative, (2) direct Apple to identify the specific intellectual property rights it believes preclude Plaintiffs' claims, and cogently explain its purported connection to specific allegations in the Complaint. If Apple insists on the latter, Plaintiffs would respectfully seek leave to file a motion to strike.

This issue should be reconciled now because Plaintiffs suffer ongoing undue prejudice: Plaintiffs are required to litigate (and seek discovery for) a defense for which the basis is unknown, with no reason to believe a sufficient basis exists. In addition, attaining resolution would avoid further disputes and potential motion practice. Late disclosure by Apple of a purported IP right that it claims provides immunity (for example, in expert discovery) would greatly prejudice Plaintiffs and risk the need to reopen fact discovery and delay the resolution of the case. Discovery on some purported IP right should occur now, and not at a later stage. Apple's conduct should not further delay this case or cause additional prejudice to Plaintiffs and consumers.

This issue is not intended to burden or inconvenience the Court. We seek assistance from the Court to protect the fundamental fairness afforded to us as we prepare for Apple's defense.

**Apple's Position:**

Apple—the company that brought iPhone, iOS, and Apple Watch to the world, not to mention countless other innovative technologies and products—has thousands of intellectual property rights protecting the hundreds of components and proprietary software implicated by Plaintiffs' complaint. Apple's right to determine third-party access to its own intellectual property is part of its defense, Answer, ECF No. 295 at 44, which is why Apple pleaded in its second affirmative defense that "Plaintiffs' claims are barred, in whole or in part, insofar as they make claims or seek remedies that conflict with Apple's rights under intellectual property law or other statutes." *Id.* Given the sweeping nature of Plaintiffs' claims and the broad swath of intellectual property at stake, that defense is particularly appropriate here.

This motion, however, is not really about the sufficiency of Apple's defense under Rule 11, nor is it a Rule 12 motion to strike. It is instead a basic discovery dispute about the sufficiency of an interrogatory response under Rule 33—a standard Apple satisfies. But even if the requirements of Rules 11 and 12 were relevant to this motion, Apple's response to Plaintiffs' Interrogatory No. 6 more than suffices.

*Rule 11 Has No Place In This Dispute, But Even If It Did, Apple Had Compelling Grounds to Assert the Second Affirmative Defense.*

Plaintiffs' Interrogatory No. 6 seeks the basis for Apple's second affirmative defense. Plaintiffs' repeated references to Rule 11 are a red herring. If Plaintiffs truly wanted to make the momentous accusation that Apple lacked a Rule 11 basis to plead its second affirmative defense, then they would have served a motion that complies with Rule 11. But Plaintiffs have not sought leave to do so. Regardless, Apple and its counsel had more than reasonable—and indeed compelling—grounds to assert that Plaintiffs' claims are barred by Apple's intellectual property rights.

Plaintiffs do not dispute that intellectual property rights can form the foundation of an affirmative defense in an antitrust case. That defense rests on the principle that Apple—like any other holder of intellectual property—has the right to determine third-party access to its intellectual property. *See Fleer Corp. v. Topps Chewing Gum, Inc.*, 658 F.2d 139, 153 (3d Cir. 1981). Thus, Apple asserts its intellectual property rights as an affirmative defense to Plaintiffs' claims that Apple's exercise of those rights violates antitrust laws. To the extent a proposed remedy would override Apple's lawful intellectual property rights, this defense also negates those theories. *See, e.g., Lawlor v. National Screen Serv. Corp.*, 270 F.2d 146, 154 (3d Cir. 1959) ("The copyright law confers upon the owner of the copyright a limited monopoly as regards his copyrighted material."); *In re Revlimid & Thalomid Purchaser Antitrust Litig.*, No. CV 19-7532, 2024 WL 2861865, at *69 (D.N.J. June 6, 2024) ("The Supreme Court has long recognized that certain exercises of patent rights are lawful despite the Sherman Act's dictates," (citing *US v. Gen. Elec. Co.*, 272 U.S. 476 (1926)); *In re Gabapentin Pat. Litig.*, 649 F. Supp. 2d 340, 351 (D.N.J. 2009) (actions permissible under patent law "cannot . . . give rise to antitrust liability"). This framework provided Apple and its counsel with a legal basis under Rule 11 for pleading the defense (the factual basis is discussed below). Nothing about Apple's conduct comes close to the type of "abusive litigation or misuse of the court's process" that Plaintiffs' own authority recognizes Rule 11 was designed to address. *Simmerman*, 27 F.3d at 62. Plaintiffs' suggestion that Apple's defense did not meet Rule 11's standard is meritless.

Plaintiffs attempt to bolster their Rule 11 argument by citing *Livingston v. Berger*, but the conduct condemned there bears no resemblance to Apple's. In *Livingston*, the defendant disclaimed any knowledge of its own defenses and took solace in its ability to withdraw ill-founded defenses later. 2022 WL 613277 at *1–2. Apple has done the opposite. Rather than disclaiming knowledge, Apple's detailed interrogatory response identifies specific intellectual property—including approximately fifty registered copyrights covering its operating systems and enumerated unregistered works such as SDKs that are clearly at issue—as well as other intellectual property rights, such as thousands of patents, that self-evidently cover Apple's technology and features, including features and technology at issue here.

However, Plaintiffs themselves have not yet specifically or comprehensively identified which features and technology are at issue, which impedes Apple's ability to specifically catalog the intellectual property pertinent to those features and technology.

### *Plaintiffs Never Moved to Strike the Second Affirmative Defense Under Rule 12(f), and Any Such Motion Would Have Been Meritless.*

If Plaintiffs believed the second affirmative defense lacked merit, the proper course was to file a motion to that effect, such as a timely motion to strike under Rule 12. They never filed one; the time to do so has long passed; and any such motion would have been meritless in any event. *See* Fed. R. Civ. P. 12(f) (motion to strike pleading must be filed "within 21 days after being served with the pleading"). Motions to strike affirmative defenses are granted only where the defense's insufficiency is "clearly apparent," *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986), and the defense "cannot succeed under any circumstances," *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 647–48 (D.N.J. 2009). That standard plainly is not met here.

### *Apple's Response to Interrogatory No. 6 Is More Than Sufficient Under Rule 33.*

The actual standard governing this dispute is Rule 33, and Apple's response is more than adequate under it. Rule 33 simply requires the answering party to respond to each interrogatory "separately and fully in writing under oath," but it prescribes no particular length or amount of detail. Apple has now provided two amended responses to Interrogatory No. 6, each adding further detail—not because its earlier responses were deficient, but in a good-faith effort to address Plaintiffs' ever-shifting concerns and avoid burdening the Court with this dispute.[3]

Despite that, Plaintiffs make the extraordinary accusation that Apple—the company that gave the world iPhone, Watch, and the App Store (to name just a few of Apple's products)—cannot demonstrate it possesses "purported intellectual property" *at all* to support its defense. Plaintiffs are wrong.

Apple's response identifies a substantial intellectual property portfolio covering the products, services, and technologies Plaintiffs have targeted, giving Apple the right to decline to share its technologies with third parties. Specifically, Apple identified "(i) thousands of issued United States patents and pending applications developed to protect the design, architecture, and operation of iPhone, iOS, the App Store, and related developer tools such as the Xcode suite, the iOS SDK and frameworks, APIs, and TestFlight; (ii) registered and unregistered copyrights covering iOS source code, SDKs, frameworks, developer documentation, sample code, beta builds, and other proprietary software and materials made available to developers through the Apple Developer Program; and (iii) federal registered, state registered, and common-law trademarks (including service marks, trade names, and trade dress) protecting the Apple brand and numerous Apple products and services, including the App Store® mark. Apple likewise maintains trade secrets relating to a wide array of Apple's products, accessories, software and services, which Apple protects from unauthorized disclosure or misuse through robust policies, procedures, and technical safeguards." Mar. 10, 2026 Apple's 4th Am. Resps. & Objs. to Pls.' 1st Set of Interrogatories

---

[3] Plaintiffs' lengthy recitation of the parties' meet-and-confer efforts only underscores how far Apple went to avoid this dispute. Apple timely raised a valid objection that Interrogatory No. 6 is a contention interrogatory, but, rather than stand on that objection, agreed as a good-faith compromise to respond substantively. Apple then timely served its amended response, engaged in multiple meet and confers, and voluntarily supplemented again on March 10, 2026, which included specific examples supporting its defense. When Plaintiffs said they did not want a comprehensive list of intellectual property, Apple did not provide one. When Plaintiffs narrowed their request to a single specific intellectual property right, Apple provided that too. Yet at every turn, Plaintiffs rejected these efforts, and it was not until the final meet and confer and the present filing that Apple learned what Plaintiffs were actually seeking: that Apple either catalog every piece of implicated intellectual property or withdraw the defense entirely. That all-or-nothing position—not any deficiency in Apple's responses—is the sole reason this dispute remains unresolved.

("Interrog. Response") at 12–13. As examples of specific intellectual property assets engaged by Plaintiffs' claims, Apple's Interrogatory Response also identifies discrete copyright registrations for iOS and watchOS, which are directly implicated by Plaintiffs' claims regarding Apple's software features. *See, id.* Apps. W & X.

Apple's response also attaches expert reports from other antitrust cases (involving iPhone and Watch) that explain how its intellectual property rights bar claims and remedies seeking to compel Apple to grant third-party access to its technologies. As indicated in the Interrogatory Response, these expert reports include two expert reports and testimony submitted in *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.) and expert reports submitted in *Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR (N.D. Cal.) and *In re Apple iPhone Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.). *See* Interrogatory Response at 13–14. The expert materials explain that proposed injunctions requiring Apple to provide developers with "equivalent access" to "iOS functionality and features" would "prevent Apple from enforcing the IP rights in which it has invested." Ex. E, APLDOJLIT00078927 at APLDOJLIT00078934. Apple's reliance on these materials is not, as Plaintiffs suggest, an improper delegation of fact-finding—it reflects the reality that Plaintiffs' claims raise the same recurring issues, and Apple's intellectual property defenses are equally applicable here. The intellectual property identified in the Interrogatory Response and the expert analysis more than satisfy Rule 33 and provide the factual basis for Apple's second affirmative defense under Rule 11.

Plaintiffs' true complaint here is buried deep within its statement: "Simply pointing to an entire intellectual property portfolio and hoping that some unspecified portion thereof provides a defense is not sufficient." But Apple is not pointing to its *entire* intellectual property portfolio. As the verbatim response above indicates, Apple's Interrogatory Response is *tailored* to the allegations here, referring to intellectual property directed at the "iPhone, iOS, [and] the App Store," among other things. Plaintiffs' claim that Apple's response is not "tailored" is belied by its own terms: Apple identified specific intellectual property—including approximately fifty copyright registrations for its operating systems—as well as other intellectual rights directed at the very products and technologies at issue. *See* Interrog. Response Apps. W & X. That Apple's intellectual property portfolio is extensive does not mean the response lacks specificity; instead, it means Plaintiffs' claims implicate a broad range of Apple's products and technologies, as Plaintiffs' 90-page Complaint makes clear. Apple cannot further narrow its identification of relevant intellectual property until Plaintiffs specify precisely which aspects of these products and technologies they contend must be opened to competitors—something Plaintiffs have not done. As it stands, Apple's response already exceeds Plaintiffs' own level of specificity. And if it is Plaintiffs' position that the specific iOS and watchOS copyrights identified in the Interrogatory Response are not relevant—which they indisputably are as they embody and enable the broad set of features Plaintiffs target in the complaint—they can try to establish that at summary judgment or at trial, not through a discovery letter. *Dirauf v. Berger*, 506 F. Supp. 3d 254, 269 (D.N.J. 2020) ("Rule 11 is not an appropriate vehicle for resolving legal or factual disputes, or addressing the strength or merits of a claim").

### Plaintiffs' Attempt to Compel a Contention Interrogatory Response is Premature.

Plaintiffs' dispute is also procedurally improper: it prematurely seeks to compel a response to a contention interrogatory. Plaintiffs make no secret of this, asking the Court to direct Apple to "cogently explain" the connection between each of its "specific intellectual property rights" and "specific allegations in the Complaint." Courts in this district recognized that such interrogatories fall squarely within the definition of contention interrogatories. *See Hall v. Johnson & Johnson*, No. 18-1833, 2021 WL 2562384, at *2 (D.N.J. June 22, 2021) (finding that interrogatories calling for the factual bases of affirmative defenses were contention interrogatories). To require an earlier response would "prematurely lock Defendants into the legal theories and evidence that supports their affirmative defenses." *Id.* at *1. Consistent with the Local Rule, this Court ordered that "[c]ontention interrogatories

shall not be served until 30 days prior to the close of fact discovery." Pretrial Scheduling Order, ECF No. 270 at 3; L.Civ.R. 33.1. The Court did this for good reason: responding to such interrogatories often requires fact development and expert testimony, as Apple's response to Interrogatory No. 6 and citation to numerous prior expert reports confirm.

In defiance of that order, Plaintiffs now want Apple to meticulously catalog thousands of patents, copyrights, trademarks, and trade secrets, and explain the relevance of each to Plaintiffs' claims—while the parties are actively reviewing and producing documents, having taken no depositions and exchanged no expert reports, and before Plaintiffs' own claims have fully taken shape. To avoid unnecessary disputes while reserving its objections, Apple agreed to supplement its response to Interrogatory No. 6 even though it is unambiguously a contention interrogatory that the Court had already deferred. That Plaintiffs are—illegitimately—unsatisfied with Apple's voluntary response does not mean they have the right to demand more.

Plaintiffs cite only one in-circuit case in support of their argument that Interrogatory No. 6 is not a contention interrogatory. But *Asta Funding v. Your Wellbeing* does not support their position. That case did not hold that factual-basis interrogatories are not contention interrogatories; the court merely ordered that the defendants respond to the interrogatories without reaching the classification question. No. 11-2202, 2012 WL 2299391, at *4 (D.N.J. June 14, 2012). The decision also predates the amendment to the local rules foreclosing contention interrogatories before 60 days prior to the close of fact discovery. *Id.*

Nor do Plaintiffs suffer any prejudice. Apple's defense is not "unknown." Apple identified specific intellectual property at issue, including 51 registered copyright registrations (which Plaintiffs refuse to acknowledge), other intellectual property rights, and cited detailed expert reports analyzing the intersection of those intellectual property rights with similar types of claims and remedies Plaintiffs pursue here. Having agreed that Apple was only required to state the supporting factual bases *as of the date of Apple's Answer,* Plaintiffs cannot now demand an exhaustive accounting of Apple's intellectual property. As is true in any complex litigation, the defense will be further refined as discovery progresses— this is not, as Plaintiffs suggest, a concession that Apple "pled first and plans to investigate later." It reflects the unremarkable reality that affirmative defenses are developed and sharpened through the course of the case. Regardless, Plaintiffs can hardly feign surprise that a defendant whose products are built on intellectual property would assert an IP-related defense.

Plaintiffs' real complaint is that Apple has not proven its affirmative defense before discovery has concluded. No Rule requires that. The Court should deny Plaintiffs' requests in their entirety.

Respectfully submitted,

/s/ Jonathan H. Lasken
Jonathan H. Lasken
Assistant Chief, Civil Conduct Task Force
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 598-6517
Email: jonathan.lasken@usdoj.gov

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ David Reichenberg
David Reichenberg
Deputy Attorney General
New Jersey Office of Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiffs New Jersey, Arizona, California, District of Columbia, Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

CC:  All Counsel of Record (via ECF)

By: /s/ Liza M. Walsh
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

By: /s/ Craig S. Primis
Craig S. Primis, P.C.
Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

By: /s/ Devora W. Allon
Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com
*Attorneys for Defendant Apple Inc.*