# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 2:24-cv-04055<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-MD-3113<br><br>MDL No. 3113<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

**APPLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION TO SAMSUNG ELECTRONICS CO., LTD. IN THE REPUBLIC OF KOREA**

WALSH PIZZI O'REILLY FALANGA LLP
100 Mulberry Street, 15th Floor
Newark, NJ 07102

GIBSON, DUNN & CRUTCHER LLP
1700 M. Street, N.W.
Washington, D.C. 20036

# TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................1

**BACKGROUND** .................................................................................................2

**LEGAL STANDARD** .........................................................................................5

**ARGUMENT** ......................................................................................................7

A.    The Requested Evidence Is Important To The Litigation ..............................7

B.    The Letter Of Request Is Reasonably Specific And Tailored.......................11

C.    No Adequate Alternative Means Exist To Obtain The Information .............13

D.    Issuance Promotes U.S. Interests And Does Not Undermine Korea's Interests.....................................................................................................15

**CONCLUSION**................................................................................................**18**

i

# TABLE OF AUTHORITIES

## Cases

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  278 F.R.D. 51 (E.D.N.Y. 2010) ................................................................16

*Arcelik A.S. v. E.I. DuPont de Nemours & Co.*,
  856 F. App'x 392 (3d Cir. 2021) ...............................................6, 7, 13, 16, 17

*AstraZeneca LP v. Breath Ltd.*,
  2011 WL 1421800 (D.N.J. Mar. 31, 2011) ........................................................7

*In re Auto. Refinishing Paint Antitrust Litig.*,
  358 F.3d 288 (3d Cir. 2004) ................................................................5, 6

*In re Baycol Prods. Litig.*,
  348 F. Supp. 2d 1058 (D. Minn. 2004)........................................................11

*Behrens v. Arconic, Inc.*,
  2020 WL 1250956 (E.D. Pa. Mar. 13, 2020) .......................................................16

*Broadcom Corp. v. Qualcomm Inc.*,
  501 F.3d 297 (3d Cir. 2007) ................................................................9

*Cameron v. Apple*,
  19-cv-03074 ................................................................10, 14

*El Paso Disposal, LP v. Ecube Labs Co.*,
  792 F. Supp. 3d 703 (W.D. Tex. 2025) ................................................................13

*Gerling Int'l Ins. Co. v. C.I.R.*,
  839 F.2d 131 (3d Cir. 1988) ................................................................15

*Gucci Am., Inc. v. Curveal Fashion*,
  2010 WL 808639 (S.D.N.Y. Mar. 8, 2010)........................................................13

*Ingenico Inc. v. Ioengine, LLC*,
  No. 18-826, 2021 WL 765757 (D. Del. Feb. 26, 2021) ...................................17

*Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's*
  *London Members of Syndicates*,
  2020 WL 13158012 (D.N.J. Oct. 14, 2020) ................................................................13

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
  2018 WL 11189616 (D. Del. Nov. 16, 2018)........................................................5

*In re Mercedes-Benz Emissions Litig.*,
  2020 WL 487288 (D.N.J. Jan. 30, 2020)........................................................10

*Milliken & Co. v. Bank of China*,
  758 F. Supp. 2d 238 (S.D.N.Y. 2010) ................................................................17

*Moretti v. Hertz Corp.*,
  2018 WL 4693473 (D. Del. Sept. 30, 2018)..................................................11

*Netherby Ltd. v. Jones Apparel Grp., Inc.*,
  2005 WL 1214345 (S.D.N.Y. May 18, 2005) ..................................................6

*Ney v. Owens-Illinois, Inc.*,
  2016 WL 7116015 (E.D. Pa. Dec. 6, 2016)....................................................11

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*,
  708 F. Supp. 2d 450 (D. Del. 2010)..................................................................6

*Queen City Pizza, Inc. v. Domino's Pizza, Inc.*,
  124 F.3d 430 (3d Cir. 1997) ............................................................................8

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S.
  Dist. of Iowa*,
  482 U.S. 522 (1987)..............................................................4, 5, 6, 7, 15, 17

*Strauss v. Credit Lyonnais, S.A.*,
  249 F.R.D. 429 (E.D.N.Y. 2008)...............................................................11, 15

*TQ Delta, LLC v. Samsung Elecs. Am., Inc.*,
  2021 WL 6049908 (D.N.J. Dec. 20, 2021)....................................................14

*Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*,
  254 F. Supp. 2d 469 (D. Del. 2003)....................................................5, 11, 12

*In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*,
  2021 WL 6010575 (D.N.J. Dec. 20, 2021)....................................................16

**Other Authorities**

Hague Evidence Convention, 23 U.S.T. 2555....................................................17

Samsung Electronics Co., Ltd., 2025 Half-Year Business 5, 15 (2025),
  available at https://perma.cc/7N6P-24WV;....................................................10

*South Korea (Republic of Korea) Judicial Assistance Information*,
  U.S. Dep't of State, https://perma.cc/QC25-A3TG (last accessed
  Apr. 5, 2026)....................................................................................................5

*Transfer Content with Samsung Smart Switch*, available at
  https://perma.cc/2LLY-7ZCT (last accessed Apr. 5, 2026) ...............................9

**INTRODUCTION**

Apple Inc. ("Apple") respectfully requests that this Court issue the accompanying Letter of Request under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to Samsung Electronics Co., Ltd. ("Samsung Electronics") in the Republic of Korea. Apple's Letter of Request seeks internal business reports, market analyses, and data regarding Samsung's smartphone, smartwatch, and app store businesses. Apple has already subpoenaed Samsung Electronics' domestic subsidiary, Samsung Electronics America, Inc. ("Samsung America" or "SEA"), but Samsung America has objected to all of Apple's document requests on the basis that it will not produce documents purportedly in the sole possession, custody, or control of Samsung Electronics.

All parties agree that Samsung is a major competitor in the alleged smartphone and smartwatch markets.[1] Indeed, Plaintiffs claim it is the principal purported victim of Apple's alleged conduct, and the Department of Justice filed this case in this Court at least in part because Samsung's "U.S. headquarters is located in this district." Gov't Compl. ¶ 158. Evidence from Samsung is squarely relevant to almost every disputed issue in this litigation: how to define the alleged markets, the extent of

---

[1] "Samsung" refers collectively to Samsung Electronics and Samsung America.

Apple's power in those markets, whether Apple's conduct is exclusionary, and whether Apple's conduct has had substantial anticompetitive effects. And Samsung Electronics, Samsung's parent entity headquartered in the Republic of Korea, may be the exclusive custodian for some of the highly relevant evidence sought from Samsung.

Apple's proposed Letter of Request meets all the relevant criteria courts apply when issuing such letters under the Hague Convention: It seeks evidence central to the issues in this case and will promote the interests of the United States without undermining those of the Republic of Korea. The Court should grant the motion and issue the letter.

## BACKGROUND

Apple's request arises in related actions pending in this District, *United States v. Apple Inc.*, No. 2:24-cv-04055, brought by the United States and a number of state governments ("Government Plaintiffs"); and the related private actions, *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113 (D.N.J.) (the "MDL"), a consolidated multi-district litigation including class-action claims by Direct and Indirect iPhone Purchaser Plaintiffs and an Apple Watch Plaintiff (collectively, "MDL Plaintiffs"; together with Government Plaintiffs "Plaintiffs"). Put briefly, Plaintiffs allege that Apple's rules governing app distribution, the level of third-party access to various application programming interfaces ("APIs") that it provides, and

2

its technical design choices have suppressed competing innovations and thereby foreclosed competition from rivals in alleged performance smartphone, smartphone, iOS-connected smartwatch, and smartwatch markets. *United States v. Apple Inc.*, 2:24-cv-04055, Dkt. 51 ("Gov't Compl.") ¶¶ 57–60, 126, 185–186; *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113, Dkt. 87 ("DPP Compl.") ¶¶ 24, 163–166; MDL No. 3113, Dkt. 109 ("IIPP Compl.") ¶¶ 40, 130–134, 169–171; MDL No. 3113, Dkt. 86 ("Watch Compl.") ¶¶ 32, 42–49, 163–166, 197–198, 242.

All four complaints agree that Samsung—a public company based in the Republic of Korea—is a principal rival with respect to these market dynamics. The Government identifies Samsung as Apple's "closest smartphone competitor." Gov't Compl. ¶¶ 18, 23. The iPhone Purchaser Plaintiffs likewise describe Samsung as Apple's "closest smartphone competitor," DPP Compl. ¶ 26; IIPP Compl. ¶ 41, and "the world's leading smartphone manufacturer," Watch Compl. ¶ 5. And Watch Plaintiff alleges that Samsung—also a "leading" maker of smartwatches, *id.* ¶ 24— "stopped making smartwatches that connect to the iPhone" in 2021, *id.* ¶ 5, and explicitly alleges that Samsung was "harmed" by Apple's alleged conduct, *id.* ¶ 86.

Through the Letter of Request, Apple seeks targeted categories of Samsung Electronics' documents and data bearing directly on Plaintiffs' claims and Apple's defenses. The materials sought include reports, research, and analyses regarding Samsung's smartphone and smartwatch businesses—including product

3

specifications, pricing, sales, competitive assessments, market shares, consumer demand, and consumer switching to and from iPhone and Apple Watch. *See* Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1 at Nos. 11–17, 34–35. Apple also seeks evidence concerning Samsung's Galaxy Store app marketplace (including developer agreements and terms, license agreements, and app-review guidelines and tools) and documents concerning key products and features implicated by Plaintiffs' theories (including Samsung Pay and other digital-wallet offerings, messaging, cloud gaming and streaming, companion apps, and policies regarding "super" apps and mini-programs). *See id.*, at Nos. 18–33, 36–37.

Samsung America has represented in other litigation that it does not have possession, custody, or control of certain categories of documents held by Samsung Electronics. *See infra* § C. Samsung America has maintained a similar position in this litigation, objecting on a wholesale basis (while refusing to provide any support) that Apple's subpoena "seeks documents or information that are not in [Samsung America's] possession, custody, or control." Kleinbrodt Decl. Ex. C at 3; *see also id. passim* (making similar objections to each request). To the extent Apple nevertheless is able to obtain the materials sought by its Letter of Request from Samsung America, Apple will not seek further, duplicative production from Samsung Electronics. Given the "time consuming" nature of discovery under the Hague Evidence Convention, *Société Nationale Industrielle Aérospatiale v. U.S.*

*Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 542 (1987), Apple moves for issuance of the Letter of Request in parallel with its subpoena to Samsung America in light of the discovery timeline in this case.

## LEGAL STANDARD

The Hague Evidence Convention provides a process for courts to "facilitate the gathering of evidence" from sources abroad. *Société Nationale*, 482 U.S. at 541; *see In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004). The Hague Evidence Convention serves as an "alternative" route to discovery in place of the Federal Rules of Civil Procedure. *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (quoting *Société Nationale*, 482 U.S. at 538). "When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory" because it "provides the only means of compelling discovery." *Liqwd, Inc. v. L'Oréal USA, Inc.*, 2018 WL 11189616, at *2, 6 (D. Del. Nov. 16, 2018) (alteration in original) (quoting *Tulip Computs.*, 254 F. Supp. 2d at 474). Both the United States and the Republic of Korea are signatories to the Hague Convention and bound by its provisions as "Contracting States." *See South Korea (Republic of Korea) Judicial Assistance Information*, U.S. Dep't of State, https://perma.cc/QC25-A3TG (last accessed Apr. 5, 2026).

"Letters of Request are one method of taking evidence pursuant to the

5

Convention." *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010). Letters of Request "are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Société Nationale*, 482 U.S. at 541. Accordingly, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).

In considering whether to issue a request under the Hague Evidence Convention, courts look to the "particular facts" of "each case," "sovereign interests," and the "likelihood that such resort will prove effective." *In re Auto Refinishing*, 358 F.3d at 300 (quoting *Société Nationale*, 482 U.S. at 544). Courts operationalize that analysis through five "comity" factors: "(1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 397 (3d Cir. 2021) (citing *Société Nationale*, 482 U.S. at 544 n.28).

6

**ARGUMENT**

The comity factors favor issuing the Letter of Request: The evidence sought is critical to core issues in this litigation; the requests are reasonably specific and tailored; the information is not otherwise obtainable; and issuance advances U.S. interests without undermining Korea's sovereign interests.

**A.    The Requested Evidence Is Important To The Litigation**

The first comity factor asks whether the "documents or other information requested" abroad are important to the litigation. *Société Nationale*, 482 U.S. at 544 n.28.   Requests under the Hague Evidence Convention are granted where the evidence sought is "highly relevant to [a defendant's] defenses." *Arcelik*, 856 F. App'x at 397 (internal quotation marks omitted); *see, e.g.*, *AstraZeneca LP v. Breath Ltd.*, 2011 WL 1421800, at *13 (D.N.J. Mar. 31, 2011) ("[T]his factor weighs in favor of disclosure where the evidence sought is directly relevant to the claims in the litigation.").

Samsung is uniquely and obviously relevant to this case.  The Government and iPhone Purchaser Plaintiffs allege Apple's conduct has left "only two companies (Google and Samsung)" as "meaningful competitors" to Apple in the alleged "premium smartphone market."  Gov't Compl. ¶ 127; DPP Compl. ¶ 164; IIPP Compl. ¶ 267.  Those allegations rest on a theory that Apple has worked to prevent consumers from buying Android phones or switching from iPhone to Android—

making evidence from a leading Android competitor, Samsung, directly relevant to core disputed issues. Gov't Compl. ¶¶ 127, 186; IIPP Compl. ¶¶ 167, 224; DPP Compl. ¶¶ 164, 231. Watch Plaintiff likewise alleges that a significant effect of Apple's alleged conduct has been to deter competitors like Samsung—a "leading" manufacturer of smartphones and smartwatches—from producing smartwatches that connect to iPhone. Watch Compl. ¶¶ 2, 5, 24, 189. Indeed, Samsung America has acknowledged its relevance to this case, deeming itself to be Apple's "rival." *United States v. Apple Inc.*, 2:24-cv-04055, Dkt. 123 at 2.

The evidence sought from Samsung Electronics bears directly on numerous elements of Plaintiffs' cases. For example, all Plaintiffs must identify and prove the markets relevant to their claims. *See Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436–37 (3d Cir. 1997). Evidence from Samsung Electronics— including analyses of consumer smartphone purchasing decisions and switching behavior, smartphone pricing, and market dynamics, *see* Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1 at Nos. 11–14, 34–35—will help demonstrate whether Plaintiffs' alleged "performance smartphone" market is appropriate. And Watch Plaintiff alleges a purported "iOS-connected smartwatch" market, which Samsung exited despite being a "leading" smartwatch maker in 2021. Watch Compl. ¶¶ 5, 24–25, 189, 212–213. Evidence from Samsung Electronics is important to determine whether that alleged market is viable too. *See* Kleinbrodt Decl. Ex. A,

8

Letter of Request, Ex. 1 at Nos. 15–17, 34–35.

Evidence from Samsung Electronics is also relevant to the issue of Apple's purported monopoly power in an alleged smartphone market, however defined. *See, e.g.*, *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 307 (3d Cir. 2007) (monopoly power requires proof that a competing firm cannot expand output to drive down prices). For example, Apple is entitled to test Plaintiffs' allegations about limited consumer switching. *See* IIPP Compl. ¶ 221, 223; *see also, e.g.*, Gov't Compl. ¶¶ 183, 185; Watch Compl. ¶¶ 2, 5, 189; DPP Compl. ¶¶ 228, 230. Discovery from Samsung will enable Apple to test those allegations based on Samsung's own information about consumers who switch away from Apple—for example, Samsung expressly markets a "Smart Switch" product that allows users to "seamlessly transfer all content" from an Apple iPhone to a new Samsung smartphone. *Transfer Content with Samsung Smart Switch*, Samsung.com, available at https://perma.cc/2LLY-7ZCT (last accessed Apr. 5, 2026).

Samsung Electronics also has documents relevant to the Court's assessment of the challenged conduct. Take digital wallets as one example: The Government and iPhone Purchaser Plaintiffs compare Apple's policy of charging issuing banks a fee of 0.15 percent for transactions conducted through Apple Wallet with Samsung's policy of not charging a fee to banks for transactions through Samsung's digital wallet. *See* Gov't Compl. ¶ 113; DPP Compl. ¶ 146; IIPP Compl. ¶ 146. Apple is

entitled to obtain evidence from Samsung Electronics to test that allegation. *See* Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1 at Nos. 26, 28, 36.

In past litigation, Samsung America has represented that some documents could only be obtained from Samsung Electronics, the locus of some corporate decision-making. *See* Samsung Electronics Co., Ltd., 2025 Half-Year Business 5, 15 (2025), available at https://perma.cc/7N6P-24WV; *see also Cameron v. Apple*, 19-cv-03074, Samsung Electronics America, Inc.'s Opp. to Apple Inc.'s Mot. to Compel, Dkt. 103 at 1 (refusing to produce documents about Samsung's Galaxy Store because "the Galaxy Store is developed and managed by [Samsung America]'s parent company, Korean entity Samsung Electronics Co., Ltd."). Samsung America has taken a similar stance in this litigation. *See supra* at 4. While Apple maintains that Samsung America should produce materials that it possesses or can obtain, Apple must pursue this evidence from Samsung Electronics to the extent this highly relevant evidence cannot be obtained from Samsung America through domestic discovery mechanisms. *See also infra* § C.

In short, Apple's Letter of Request pursues precisely the kind of foreign evidence considered "important to the litigation" under factor one: evidence that goes to the core disputed merits issues and provides contemporaneous, real-world context about competition, switching, and market structure from a rival that Plaintiffs place at the center of their theories. *See, e.g., In re Mercedes-Benz*

*Emissions Litig.*, 2020 WL 487288, at \*6 (D.N.J. Jan. 30, 2020) ("[T]his factor weighs in favor of disclosure where the evidence is directly relevant to the claims in the litigation." (internal quotation marks omitted)); *Ney v. Owens-Illinois, Inc.*, 2016 WL 7116015, at \*4 (E.D. Pa. Dec. 6, 2016) (similar); *Moretti v. Hertz Corp.*, 2018 WL 4693473, at \*6 & n.6 (D. Del. Sept. 30, 2018) (similar).

## B.    The Letter Of Request Is Reasonably Specific And Tailored

Courts find this factor satisfied whenever there is a close nexus between the requests being made and the issues in the case. *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 441 (E.D.N.Y. 2008) (request should be "sufficiently focused on the vital issues in th[e] case"). Courts typically do not scrutinize the breadth or narrowness of particular requests; instead, they review the requests only to determine the "relevancy" of materials sought. *See, e.g.*, *Tulip Computs.*, 254 F. Supp. 2d at 475 ("If Dell's document requests are overly broad under the law of the Netherlands, . . . then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced."); *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1061 (D. Minn. 2004) (arguments as to the scope of the Letter of Request are not "a basis for quashing the Letter of Request" and are best "left to the appropriate Italian tribunal").

In any case, Apple's requests seek appropriately narrow categories of documents that are all closely tied to the theories and defenses across each of the

11

four complaints in this litigation.  For example:

- Document Requests 11–14 and 34–35 seek, *e.g.*, Samsung Electronics' market research, reports, sales, financial statements, and contracts related to its Smartphone business.  Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1.

- Document Requests 15–17 and 34–35 seek, *e.g.*, Samsung Electronics' market research, reports, sales, and financial statements related to its Wearables business.  Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1.

- Document Requests 18–33 and 36–37 seek, *e.g.*, Samsung Electronics' App Review guidelines, developer agreements, and license agreements concerning the Samsung Galaxy Store and reports concerning Samsung Pay, Samsung Gaming Hub, Digital Wallets, Smartphone games, Smartphone messaging apps, Super Apps and Mini Programs.  Kleinbrodt Decl. Ex. A, Letter of Request, Ex. 1.

Each of Apple's requests is tailored to seek specific categories of documents directly relevant to the issues in this litigation.  And even if Samsung Electronics thinks otherwise, it will have a full opportunity to make that argument in the Republic of Korea's courts.  *See, e.g.*, *Tulip Computs.*, 254 F. Supp. 2d at 475 ("[T]he requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands . . . .").

12

**C.    No Adequate Alternative Means Exist To Obtain The Information**

Courts also consider two closely related factors that cases identify as the third and fourth comity factors.  The third factor asks whether the documents to be disclosed and the people who will produce them are located abroad or in the United States.  *See, e.g.*, *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London Members of Syndicates*, 2020 WL 13158012, at *9 (D.N.J. Oct. 14, 2020).  The fourth comity factor asks "whether the information sought in discovery can easily be obtained elsewhere."  *Id.* (internal quotation marks omitted).  Where the documents in question cannot be easily obtained through alternative means, both the third and fourth factors "weigh[] in favor of issuing [the Letter of Request] regardless of where the information originated."  *El Paso Disposal, LP v. Ecube Labs Co.*, 792 F. Supp. 3d 703, 710 (W.D. Tex. 2025); *see also Arcelik*, 856 F. App'x at 399; *Gucci Am., Inc. v. Curveal Fashion*,  2010 WL 808639, at *3 (S.D.N.Y. Mar. 8, 2010) ("If the information cannot be easily obtained through alternative means, this factor is said to counterbalance the previous factor—the [origin of information]—and weighs in favor of disclosure." (citation modified)).  Because the information sought from Samsung Electronics cannot be easily obtained elsewhere, both the third and fourth factors favor issuance of the Letter of Request.

Apple seeks from Samsung Electronics only information and documents that cannot be easily obtained elsewhere.  Plaintiffs and Apple have issued subpoenas to

13

Samsung America, and Apple's subpoena to Samsung America naturally requests documents concerning similar issues to the proposed Letter of Request to Samsung Electronics. *See* Kleinbrodt Decl. Ex. B. To the extent that Samsung America produces all of the documents also sought in the Letter of Request, Apple will not pursue those same documents from Samsung Electronics. But in other contexts, Samsung America has represented that it does not have custody or control of the *same* documents as Samsung Electronics, and it has refused to voluntarily collect and produce documents held by its foreign parent. *See, e.g., TQ Delta, LLC v. Samsung Elecs. Am., Inc.*, 2021 WL 6049908, at *3–4 (D.N.J. Dec. 20, 2021) (concluding Samsung America lacked control over certain documents related to products implementing specifications issued by Multimedia over Coax Alliance held by Samsung Electronics); *Cameron v. Apple*, 19-cv-03074, Samsung Electronics America, Inc.'s Opp. to Apple Inc.'s Mot. to Compel, Dkt. 103 at 22 (asserting in response to discovery requests related to app approval in the Samsung Galaxy Store that "[Samsung America] did not have further responsive documents, and that if such documents existed they would likely reside with [Samsung Electronics] in Korea, not [Samsung America]"). Samsung America has made similar representations in response to Apple's subpoena in this matter, including lodging a boilerplate objection 65 times in its Objections and Responses that at least some of the

14

documents and information sought are not within its possession, custody, or control.[2]

*See* Kleinbrodt Decl. Ex. C *passim*.

Accordingly, Apple has no "easily" available alternative means to obtain documents that are in the control of Samsung Electronics—but not Samsung America—and both the third and fourth factors favor issuance of the Letter of Request.

**D.   Issuance Promotes U.S. Interests And Does Not Undermine Korea's Interests**

The fifth comity factor—"the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located," *Société Nationale*, 482 U.S. at 544 n.28—is "the most important" factor in the comity analysis, *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 443

---

[2] Apple does not concede that these assertions are accurate, and Samsung America calls them into question by flatly refusing to provide any documents "related to the nature and extent of SEA's ability to request, access, or obtain Documents or information from SEC or any other Samsung entity." *See* Kleinbrodt Decl. Ex. C at 33–34. Nor does Apple concede that these assertions are a defense to production of the documents and information sought by Apple's subpoena to Samsung America in this case, and Apple reserves all rights to compel full compliance with that subpoena. *See, e.g.*, *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 141 (3d Cir. 1988) ("Where the relationship is thus such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery . . . .").

(E.D.N.Y. 2008) (citations and quotations omitted). *See also In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, 2021 WL 6010575, at \*12–13 (D.N.J. Dec. 20, 2021) (fifth factor "carries the greatest weight" because it requires weighing the relative harm to each nation's important interests).

This factor weighs decisively in favor of issuing the Letter of Request. The United States has a "very important interest" in ensuring parties can exercise their "discovery rights and [their] right to prepare a defense," particularly in federal court litigation governed by the Federal Rules' broad discovery regime. *Arcelik*, 856 F. App'x at 399–400 (citation modified). That interest is especially acute here, because litigation under "domestic antitrust laws" carries "clear implications of national importance." *Behrens v. Arconic, Inc.*, 2020 WL 1250956, at \*8 (E.D. Pa. Mar. 13, 2020); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 54 (E.D.N.Y. 2010) (finding the fifth factor favored production because the case "involve[d] violations of antitrust laws whose enforcement is essential to the country's interests in a competitive economy").

Furthermore, the United States—one of the plaintiffs in this litigation—has an important sovereign interest in "ensur[ing] a fair and transparent legal adjudication of the liability" of defendants for conduct affecting the United States. *Valsartan*, 2021 WL 6010575, at \*12. That interest is undermined when relevant evidence is unavailable, because "[t]he fair adjudication of commercial interests

16

. . . requires full discovery." *Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 249 (S.D.N.Y. 2010); *see also Ingenico Inc. v. Ioengine, LLC*, No. 18-826, 2021 WL 765757, at *3 (D. Del. Feb. 26, 2021) (preventing necessary foreign discovery undermines a party's ability to litigate on the merits by impairing its "important interests in developing its claims and defenses"). Issuance of the Letter of Request will promote the interests of the United States by ensuring that the Court and parties possess the evidence necessary to adjudicate the claims and defenses in this litigation on a complete record.

And issuance of the Letter of Request will not undermine the Republic of Korea's interests. If issued, Apple's requests will proceed through the Hague Evidence Convention—an international treaty mechanism to which the Republic of Korea agreed—which is designed to facilitate orderly evidence-gathering while respecting foreign sovereignty. *See* Hague Evidence Convention, 23 U.S.T. 2555; *Société Nationale*, 482 U.S. at 533. And when a U.S. court issues a Letter of Request under the Hague Evidence Convention, it "commits the issue [of] whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that state." *Arcelik*, 856 F. App'x at 400 (quoting Restatement (Third) of Foreign Relations Law § 473 reporters' note 5 (A.L.I. 1987)).

17

## CONCLUSION

Apple requests that the Court issue the proposed Letter of Request attached hereto as Exhibit A to the Declaration of J. Kleinbrodt. Apple further requests that, after the Court has executed the Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and return the original signed and sealed executed Letter, as well as two certified copies of the signed and sealed executed Letter, to Apple's counsel, Liza Walsh, for delivery to the proper authority in the Republic of Korea. Apple makes these specific requests to comply with the requirements for service in the Republic of Korea. Upon granting this motion, Apple will prepare certified translated copies of the Letter of Request and related Exhibit that will be submitted together with the Court's signed Letter of Request to the appropriate authorities in the Republic of Korea.

Dated: April 7, 2026                          Respectfully submitted,

                                              _/s/ Liza M. Walsh_
Cynthia E. Richman (*pro hac vice*)           Liza M. Walsh
GIBSON, DUNN & CRUTCHER LLP                    Douglas E. Arpert
1700 M Street, N.W.                           WALSH PIZZI O'REILLY FALANGA LLP
Washington, D.C. 20036                        Three Gateway Center
Tel.:    (202) 955-8500                       100 Mulberry Street, 15th Floor
Email: crichman@gibsondunn.com                Newark, NJ 07102
                                              Tel.:    (973) 757-1100
Daniel G. Swanson (*pro hac vice*)            Email: LWalsh@walsh.law
GIBSON, DUNN & CRUTCHER LLP                            DArpert@walsh.law
333 South Grand Avenue
Los Angeles, CA 90071
Tel.:    (213) 219-7000

Email: dswanson@gibsondunn.com

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.:     (415) 393-8200
Email: jrose@gibsondunn.com
            jkleinbrodt@gibsondunn.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.:     (415) 351-4000
Email: cssullivan@gibsondunn.com        *Counsel for Defendant Apple Inc.*

19

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, counsel of record have been served by electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.

/s/ Liza M. Walsh
Liza M. Walsh