# Exhibit A

# LETTER OF REQUEST

**Hague Convention of 18 March 1970 on the
Taking of Evidence Abroad in Civil or Commercial Matters**

| 1. | Sender | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America<br><br>This letter will be sent to the Republic of Korea central authority by the representatives of the defendant, with the Requesting Authority's permission. |
|---|---|---|
| 2. | **Central Authority of the Requested State** | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seoghu-gu<br>SEOUL 06590<br>Republic of Korea |
| 3. | **Person to whom the executed request is to be returned** | Cynthia E. Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C.  20036-4504<br>United States of America |
| 4. | **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request** | |
| | **Date** | June 30, 2026<br><br>In the event it is not possible to execute the letters by the date indicated, the Requesting Authority requests that the authorities of the Republic of Korea execute the letters as expeditiously as possible, and it will be receptive to evidence taken even after the date indicated. |
| | **Reason for urgency** | |

**In conformity with Article 3 of the Convention, the undersigned applicant has the honour to submit the following request:**

| 5. *a* | **Requesting authority (Art. 3(a))** | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America |
|---|---|---|

| | | |
|---|---|---|
| b | **To the Competent Authority of (Art. 3(a))** | Republic of Korea |
| c | **Names of the case and any identifying number** | 1. United States of America, et al. v. Apple Inc., Case No. 2:24-CV-04055 (D.N.J.)<br>2. In re: Apple Inc. Smartphone Antitrust Litigation, No. 2:24-md-3113 (D.N.J.) |

| | | |
|---|---|---|
| 6. | **Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b))** | |
| a | **Plaintiff** | 1. United States of America; New Jersey; Arizona; California; Washington D.C.; Connecticut; Indiana; Maine; Massachusetts; Michigan; Minnesota; Nevada; New Hampshire; New York; North Dakota; Oklahoma; Oregon; Tennessee; Vermont; Washington; and Wisconsin<br><br>2. Shoshi Goldfus; Deanna Siano; James Collins; Deborah Collins; Joseph Giamanco; Eric Loewen; Alton Peacock; Jared Schermer; Thomas Bane; Pashen Bennett; Jemiah Duff; Miguel Gomez; Kiana Brown; Kenneth Hill; Jeffrey Burke; Charle Derr; Thomas Gorczynski; Susan Marie; David Love; Dana Bein; Joshua Hodges; David McNeal; Ken Leinbach; Nicole Arends; Nancy Cox; Andrea Mathieu; David Burleigh; Kori Lodi; and Joshua Roy |
| | **Representatives** | Jonathan H. Lasken<br>Assistant Chief, Civil Conduct Task Force<br>United States Department of Justice<br>450 Fifth Street, NW, Suite 4000<br>Washington, D.C. 20530 USA<br>Telephone: (202) 598-6517<br>Email: jonathan.lasken@usdoj.gov<br><br>MATTHEW J. PLATKIN<br>Attorney General of New Jersey<br>David H. Reichenberg<br>Section Chief, Antitrust<br>New Jersey Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101 USA<br>Tel: (609) 696-4686<br>Email: David.reichenberg@law.njoag.gov<br><br>FRAZAR THOMAS<br>Seeger Weiss LLP<br>325 Chestnut Street<br>Suite 917<br>Philadelphia, PA 19106 USA<br>Tel: (973) 639-9100<br>Email: fthomas@seegerweiss.com<br><br>DANIEL EPSTEIN<br>Korein Tillery LLC<br>205 North Michigan Avenue<br>Suite 1950<br>Chicago, IL 60601 USA<br>Tel: (312) 641-9750 |

|   |   |   |
|---|---|---|
|   |   | Email: depstein@koreintillery.com<br><br>STANLEY KING<br>Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, IP.C.<br>1000 Haddonfield-Berlin Road<br>Suite 203<br>Voorhees, NJ 08043 USA<br>Tel: (856) 596-4100<br>Email: sking@lawjw.com |
| *b* | **Defendant** | Apple Inc.<br>One Apple Park Way<br>Cupertino, CA 95014 USA |
|   | **Representatives** | Cynthia E. Richman (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W. USA<br>Washington, DC 20036<br>Tel.: (202) 955-8500<br>Email:   crichman@gibsondunn.com<br><br>Daniel G. Swanson (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 USA<br>Tel.: (213) 219-7000<br>Email:   dswanson@gibsondunn.com<br><br>Joseph R. Rose (pro hac vice)<br>Julian W. Kleinbrodt (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 USA<br>Tel.: (415) 393-8200<br>Email:   jrose@gibsondunn.com<br>          jkleinbrodt@gibsondunn.com<br><br>Connor S. Sullivan (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (415) 351-4000<br>Email:   cssullivan@gibsondunn.com |
| *c* | **Other parties** |   |
|   | **Representatives** | Not applicable |

|   |   |   |
|---|---|---|
| **7.** *a* | **Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Art. 3(c))** | Federal and state antitrust claims. |
| *b* | **Summary of complaint** | 1. Plaintiffs United States of America and the Attorney Generals of twenty States (collectively, the "Government Plaintiffs"), allege that Apple has engaged in anticompetitive practices in violation of federal and state antitrust laws. Specifically, Plaintiffs allege that Apple's product design and other decisions regarding third-party access to its products |

constitute unlawful conduct that maintains—or, alternatively, attempts to maintain—monopolies on smartphones and "performance smartphones" in violation of Section 2 of the Sherman Act and three states' antitrust statutes. The complaint alleges that Apple harms competition by two mechanisms: (1) "set[ting] the conditions for apps it allows on the Apple App Store through its App Store Review Guidelines," and (2) by deciding which iPhone features and application programming interfaces ("APIs") to make available to app developers. The complaint points to five purported "examples" of Apple using one or both of those mechanisms to regulate access by third-party technologies. First, the complaint alleges that Apple hampered the development of "super apps" by limiting the ways in which developers can categorize and display mini programs in the App Store and by limiting developers' access to Apple's in-app payment system. Second, the complaint challenges Apple's prior decision to allow streaming games on its platform only if those games were submitted as standalone apps for Apple's review. Third, the complaint claims that Apple does not enable third-party messaging apps to send and receive text messages on iPhone using the short message service ("SMS") protocol, to run in the background while the app is closed or, sometimes, to access iPhone's camera. Fourth, the complaint alleges that Apple does not allow third-party smartwatches paired with an iPhone to respond to iPhone notifications, maintain a Bluetooth connection in some circumstances, or receive messages using their own cellular connections without disabling iMessage. Fifth, the complaint criticizes Apple's decision to allegedly not allow other digital wallet apps to access the iPhone's near-field communication antenna to enable tap-to-pay or to serve as alternatives to certain Apple payment methods. The complaint asserts that Apple has "deployed a similar playbook" with respect to other third-party apps and services. The complaint alleges that Apple's alleged conduct has prevented "rivals," including Samsung, from competing in the smartphone and "performance smartphone" markets.

2. Plaintiffs in In re: Apple Inc. Smartphone Antitrust Litigation, No. 2:24-md-3113 (D.N.J.), consist of three groups: the Direct iPhone Purchaser Plaintiffs, the Indirect iPhone Purchaser Plaintiffs, and Watch Plaintiff ("MDL Plaintiffs"). The Direct and Indirect iPhone Purchaser Plaintiffs bring claims under Section 2 of the Sherman Act and various state laws, alleging that Apple leverages its alleged control over developers in several aftermarkets ("super" apps, "cloud-streaming" apps, messaging apps, smartwatches, and digital wallets) in order to maintain a monopoly over smartphones, for which Apple purportedly charges supracompetitive prices. Watch Plaintiff brings claims under Sections 1 and 2 of the Sherman Act and state laws, claiming that Apple monopolizes an alleged iOS-connected smartwatch market, enabling it to charge supracompetitive prices for Apple Watch. According to Watch Plaintiff, Apple accomplishes this through three principal means: (1) by allegedly depriving smartwatch competitors of key technologies by refusing to license to them Apple's private messaging-, notification-, and wallet-related APIs; (2) by declining to cooperate with rival watchmakers by delaying approval of their apps needed for pairing the smartwatch and smartphone and refusing to authorize certain apps that advertise or promote competitor smartwatches; and

| | | | |
|---|---|---|---|
| | | | (3) by designing or updating its own iOS software in ways that limit interoperability for competitor smartwatches. |
| | *c* | **Summary of defence and counterclaim\*** | Concerning Plaintiffs' antitrust claims, Apple argues that Apple competes on the merits, that its conduct is and was pro-competitive, and that it has neither intended to, attempted to, nor in fact monopolized the smartphone market.  Apple has also articulated 10 affirmative defenses in response to the Government Plaintiffs' claims, including that, at all times, Apple's conduct was reasonable and its actions were undertaken in good faith to advance legitimate business interests; that Plaintiffs' claims are barred insofar as they make claims or seek remedies that conflict with Apple's rights under intellectual property law, that Plaintiffs lack standing to assert any or all of their claims, and that Plaintiffs have failed to allege any plausible harm to competition or consumers. Apple also argues that the MDL Plaintiffs' claims should be dismissed for failure to state a cognizable antitrust claim. |
| | *d* | **Other necessary information or documents\*** | |

| | | | |
|---|---|---|---|
| 8. | *a* | **Evidence to be obtained or other judicial act to be performed (Art. 3(d))** | The documents listed in Exhibit 1 to be produced by Samsung Electronics Co., Ltd.<br><br>The mailing address of Samsung Electronics Co., Ltd. is as follows:<br><br>Samsung Electronics Co., Ltd.,<br>129 Samseong-ro, Yeongtong-gu Suwon, Gyeonggi, 16677 Republic of Korea<br><br>The documents should be furnished as electronic copies. |
| | *b* | **Purpose of the evidence or judicial act sought** | The evidence sought pertains to (1) Samsung's competition with Apple in the smartphone, "performance smartphone," and smartwatch markets and (2) its practices regarding the five categories where Plaintiffs claim Apple limits third party access.  With respect to Samsung's competition with Apple, the evidence is expected to show that Samsung competes vigorously with Apple and that Apple is not a monopolist. While the complaint distorts the ultra-competitive nature of the modern smartphone and smartwatch markets by focusing narrowly on Apple, it ignores the extent to which major smartphone and smartwatch manufacturers, like Samsung, compete effectively with Apple in the United States and globally.  Evidence of Samsung's robust competition with Apple in the smartphone market is expected to show that Apple lacks the power to charge supra-competitive prices or to restrict smartphone output, meaning it cannot exercise monopoly power.  The evidence sought with respect to the five categories of conduct is expected to show that any consumer or developer unhappy with Apple's design choices with respect to those categories could have simply switched to another device, including a Samsung device.  Evidence regarding Samsung's pricing, sales, and marketing strategies will also undermine MDL Plaintiffs' contentions that Apple charges supracompetitive prices.<br><br>This request is made in connection with an antitrust lawsuit brought by the United States Department of Justice and 16 |

| | | other state and district attorneys general. The Requesting Authority seeks specific, relevant records held by a third party located in the Republic of Korea that are material to the fair adjudication of the lawsuit and not reasonably obtainable from the defendant alone. Accordingly, the Requesting Authority believes it is in the interest of justice to allow the defendant to obtain the documents requested in this letter. |
|---|---|---|
| 9. | **Identity and address of any person to be examined (Art. 3(e))** | Not applicable |
| 10. | **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f))** | Not applicable |
| 11. | **Documents or other property to be inspected (Art. 3(g))** | Exhibit 1 lists the documents to be produced. The Court has reviewed the list of documents and finds that they relate to the subject-matter of the lawsuit and call for evidence that may be material to the case. |
| 12. | **Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h))** | Not applicable |
| 13. | **Special methods or procedure to be followed (e.g., oral or in writing, verbatim transcript or summary, cross-examination, etc.) (Arts 3(i) and 9)** | Not applicable |
| 14. | **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7)** | Cynthia E. Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C.  20036-4504<br>United States of America |
| 15. | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8)** | Not applicable |
| 16. | **Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b))** | Attorney-Client Privilege, if applicable. |

| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | The defendant will bear the reimbursable costs associated with this request in accordance with the provisions of the Convention. Please contact the defendant's counsel at GIBSON, DUNN & CRUTCHER LLP, 1700 M Street, N.W., Washington, D.C. 20036-4504, United States of America, to make any necessary financial arrangements. |

| Date of request | |
|---|---|
| Signature and seal of the requesting authority | |

## Exhibit 1: DOCUMENTS REQUIRED TO BE PRODUCED

1.  Organizational charts showing the parent, subsidiary, and affiliate structure of Samsung Electronics Co., Ltd. ("SEC" and collectively with its parents, subsidiaries, and affiliates, "You").

2.  Organizational charts showing names, roles, and reporting relationships of Senior Personnel[1] responsible for Your Smartphone, Wearable, App Marketplace, and/or Apps businesses.

3.  Your policies on Document preservation and retention.

4.  Policies governing information or document exchange between SEC and Samsung Electronics America, Inc. ("SEA").

5.  Charters or bylaws regarding information or document exchange between SEC and SEA.

6.  Internal reports between SEC and SEA concerning document production or litigation support from 2020 to 2025.

7.  List of SEC's IT systems, shared platforms, or databases accessible by SEA.

8.  Organizational charts showing overlapping or shared officers, directors, employees, or reporting lines between SEA and SEC.

9.  Documents showing SEA's role as agent, representative, or intermediary for SEC in the United States.

10. List of litigation or arbitration in the United States that SEC initiated or defended.

11. List of Smartphone models produced or sold by You from 2020 to 2025, including detailed specifications and prices.

12. Reports concerning Your Smartphone business from 2020 to 2025.

13. Financial statements and audit reports relating to Your Smartphones from 2020 to 2025.

14. Contracts between You and U.S. wireless carriers and retailers related to Smartphones, from 2020 to 2025.

---

[1] "Senior Personnel" shall mean any current or former officer or employee of Samsung who holds, or held at any time relevant to this subpoena, a senior executive, officer, or managerial position, including but not limited to: (a) members of Your executive leadership or "C-suite" (including the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Technology Officer, Chief Information Officer, Chief Legal Officer, and any equivalent positions); (b) Presidents; (c) Executive Vice Presidents, Senior Vice Presidents, and Vice Presidents; (d) Directors; and (e) General Managers, as well as any other employee with comparable authority, responsibility, or decision-making power over corporate strategy, operations, finances, product development, data, or compliance

15. List of Wearable models produced or sold by You from 2020 to 2025, including detailed specifications and prices.

16. Reports concerning Your Wearables business from 2020 to 2025.

17. Financial statements and audit reports relating to Your Wearables from 2020 to 2025.

18. App Review guidelines concerning the Samsung Galaxy Store.

19. Model developer agreement concerning the Samsung Galaxy Store.

20. Terms and conditions for developers' use of the Samsung Galaxy Store.

21. Model license agreement concerning the Samsung Galaxy Store.

22. Terms and conditions for consumers' use of the Samsung Galaxy Store.

23. Reports concerning Samsung Galaxy Store from 2020 to 2025.

24. List of technical support You offer to App developers concerning development of Apps for the Samsung Galaxy Store.

25. List of tools You use in Your App Review process.

26. Reports concerning Samsung Pay from 2020 to 2025.

27. Reports concerning Samsung Gaming Hub from 2020 to 2025.

28. Reports concerning Digital Wallets from 2020 to 2025.

29. Reports concerning Smartphone games from 2020 to 2025.

30. Reports concerning Smartphone messaging apps from 2020 to 2025.

31. Reports concerning the adoption of RCS messaging by users of Your Smartphones from 2020 to 2025.

32. Your policies concerning Super Apps or Mini-Programs.

33. Reports concerning Super Apps or Mini-Programs from 2020 to 2025.

34. Market research related to Smartphones or Wearables.

35. Sales reports worldwide for all Your Smartphone and Wearables models from 2020 to 2025.

36. Reports concerning all Super Apps, Cloud Streaming Apps, Messaging Apps, Companion Apps, and Digital Wallets downloaded by users of Your Smartphones from 2020 to 2025.

37. Reports concerning all Apps on Your Galaxy Store from 2020 to 2025.

38. Documents produced by You to the United States Government, a United States court, or any litigants in *United States et al. v. Apple*, No. 2:24-cv-04055, the Investigation, *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), *United States v. Google LLC*, No. 20-cv-3010 (D.D.C), *In re Apple iPhone Antitrust Litigation*, No. 11-cv-06714 (N.D. Cal.), and *Epic Games v. Apple, Inc.*, No. 20-cv-5640 (N.D. Cal.).

39. Emails with third parties regarding government antitrust litigation against Apple.

40. Reports containing analysis of Apple's policies from 2020 to 2025.