# Exhibit C

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Civil Action No. 2:24-md-03113-JXN-LDW MDL No. 3113 |
| | Hon. Julien X. Neals, U.S.D.J. Hon. Leda D. Wettre, U.S.M.J. |
| UNITED STATES v. APPLE INC. | Civil Action No. 2:24-cv-04055-JXN-LDW |
| | Hon. Julien X. Neals, U.S.D.J. Hon. Leda D. Wettre, U.S.M.J. |

**NON-PARTY SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND
RESPONSES TO APPLE'S SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN
A CIVIL ACTION**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Non-Party Samsung Electronics America, Inc. ("SEA") hereby objects and responds to the two Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection Of Premises in a Civil Action (collectively, the "Subpoena") served by the Defendant Apple Inc. ("Apple") on or about February 2, 2026 in the above-captioned cases.[1] SEA stands ready and willing to engage in a coordinated meet and confer with Apple at a mutually-convenient time to discuss the objections and responses below.

**GENERAL OBJECTIONS**

The following General Objections apply to the Subpoena in its entirety and to each individual numbered Document Request ("Request") and shall have the same force and effect as if set forth in full in each of SEA's specific responses below. By setting forth specific objections to the Requests, SEA does not in any way intend to waive, limit, or modify any General Objection.

1. SEA objects to any attempt by the parties to this litigation to subject non-party SEA

---

[1] In its accompanying correspondence, Apple requested "only one response" to its two subpoenas, which feature identical discovery requests.

to duplicative, redundant, or otherwise unnecessary or harassing discovery requests. To the extent SEA agrees to produce documents in response to any of the requests below, it is the parties' obligation to coordinate their document requests so as to minimize the burdens on SEA. To the extent SEA agrees to search for and/or produce documents in response to any particular request, SEA objects to conducting more than one search for and/or production of materials that may be responsive to substantially similar requests made by multiple parties in related litigation.

2.      SEA objects to the Subpoena to the extent it seeks information that is neither relevant nor proportional to the needs of the case, and to the extent it seeks information of only marginal relevance, which relevance is substantially outweighed by the burden imposed on non-party SEA in having to produce documents as a non-party. *See Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4 (N.D. Cal. Mar. 10, 2017) (granting Apple's motion to quash subpoena by Dell, which Dell claimed was relevant to monopolization claim) ("To prevail on a monopolization claim pursuant to Section 2 of the Sherman Act, a plaintiff must show possession of monopoly power in a relevant market, willful acquisition or maintenance of that power in an exclusionary manner, and casual antitrust injury . . . A non-party's motivations and understanding of its relationship with a party accused of monopolization has no bearing on any of these elements . . . Because Dell has, for the most part, failed to show relevance, and because what relevant material there is could be more easily obtained from other sources without causing a burden to non-party Apple, the court grants the motion to quash the subpoena[.]") (internal quotations and emphasis omitted). These burdens are particularly pronounced where, as here, the Subpoena purports to require Samsung to divulge highly confidential and competitively sensitive information in a case involving a direct competitor. *See In re Apple iPhone Antitrust Litig.*, 2020 WL 5993223, at *4 (N.D. Cal. Oct. 9, 2020) ("As a preliminary point, the Court can easily conclude that many of the documents Apple seeks through these requests are entitled to protection under Rule 45(d)(3). High-level documents concerning competition between Samsung's handheld devices and app marketplace, and those of Apple and any other Samsung competitor, are 'confidential, research, development, or commercial information,' Rule 45(d)(3)(B)(i) and 'are plainly the sort of

2

information [Samsung] would not disclose to competitors.'"). Apple's failure to provide any explanation of purported relevance or weighing of burden against relevance renders the Subpoena facially unreasonable and in violation of Rule 45.

3.    SEA further objects to the Subpoena to the extent it seeks documents or information that are not in SEA's possession, custody, or control. SEA does not have physical possession of documents held by other entities, and it objects to purported requests for documents maintained by other entities to which SEA does not have a legal right of access. *See Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988) ("In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce."); *Smart RF Inc. v. AT&T Mobility LLC*, 2025 WL 2412347, at *2 (E.D. Tex. Aug. 20, 2025) ("SEA cannot obtain the Requested Materials from [its parent entity] on demand 'because a subsidiary by definition does not control the parent.'"); *TQ Delta, LLC v. Samsung Elecs. Am., Inc.*, 2021 WL 6049908, at *3 (D.N.J. Dec. 20, 2021) ("Under the federal rules, a party may obtain documents and other tangible items that 'are in the possession, custody or control of' the subpoenaed party . . . Indeed, it is well-established that, in the absence of control, the target of the subpoena has no duty to produce . . . Control means the 'legal right to obtain the documents requested on demand.'"); *In re Novartis & Par Antitrust Litig.*, 2019 WL 5722055, at *6 (E.D. Pa. Nov. 5, 2019) ("The [Third Circuit] has declined to apply a broader definition of 'control' that would also include an inquiry into the practical ability of the subpoenaed party to obtain documents . . . [S]eparate and distinct corporate identities are not readily disregarded, 'except in rare circumstances justifying the application of the alter ego doctrine to pierce the corporate veil of the subsidiary.'"). To the extent SEA agrees to produce any documents or information, that agreement is made solely on behalf of SEA—the only proper entity to which the Subpoena is directed—and not on behalf of any other entity.

4.    SEA further objects to the Subpoena to the extent it seeks information that is equally or more readily available to Apple from the parties to the litigation, other non-parties, publicly available sources, or otherwise.

5.      SEA further objects to the Subpoena to the extent it is vague, ambiguous, overbroad, confusing, and/or unclear, including in its use of terms or phrases that are undefined or susceptible to multiple meanings.

6.      SEA further objects to the Subpoena to the extent it fails to limit its requests to a reasonable geographic scope or a reasonable time period, which is facially unreasonable, harassing, overbroad, unduly burdensome, and not proportional to the needs of the case.

7.      SEA further objects to the Subpoena to the extent it seeks confidential or proprietary information pertaining to SEA's business, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information that cannot be adequately protected by the Protective Order entered in this case. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also In re Apple iPhone*, 2020 WL 5993223, at *4 ("As a preliminary point, the Court can equally conclude that many of the documents Apple seeks [from SEA] through these requests are entitled to protection under Rule 45(d)(3). High-level documents concerning competition between Samsung's handheld devices and app marketplace, and those of Apple and any other Samsung competitor, are 'confidential, research, development, or commercial information'…and 'are plainly the sort of information [Samsung] would not disclose to competitors."). SEA reserves the right to withhold information, even where a protective order has been entered, because certain information is so sensitive that it should not be provided in a litigation to which it is not a party and where it cannot effectively police the use of that information—particularly where, as here, the defendant directly competes with Samsung. *See e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party 'may limit disclosure only to outside counsel of record. . . and thus the documents and information produced cannot be used for business purposes' . . . is unavailing."); *Waymo LLC v. Uber Techs. Inc.*, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed. Thus, there is no rule that a competitor

4

has to reveal its trade secrets merely because they are produced subject to a protective order."); *Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."). Further, no justification for why Apple has a substantial need for SEA's confidential information has been provided, and no such need exists. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.") (citing *Mattell, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003)); *In re Apple iPhone*, 2020 WL 5993223, at *9 (internal information about competitor apps "definitely counts as 'confidential research, development, or commercial information,' Fed. R. Civ. P. 45(d)(3)(B)(i), and Apple has not shown 'a substantial need for . . . the material that cannot be otherwise met'"); *In re eBay Seller Antitrust Litig.*, 2009 WL 5205961, at *3 (W.D. Wash. Dec. 23, 2009) ("EBay does not have a substantial need to force Amazon to turn over market analyses that eBay could conduct on its own.").

8.      SEA further objects to the Subpoena to the extent it seeks any other non-party's confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not provide any confidential information absent a protective order and confirmation of compliance with all applicable non-party confidentiality provisions.

9.      SEA further objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity.

10.     SEA further objects to the Subpoena to the extent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense" on non-party SEA as required by Fed. R. Civ. P. 45(d)(1). The Subpoena purports to foist significant expenses on non-party SEA. Where parties issue subpoenas on non-parties that impose significant costs, Rule 45 plainly mandates cost-shifting. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a

5

subpoena, if those costs are significant."); *R.J. Reynolds Tobacco v. Philip Morris, Inc.,* 29 F. App'x 880, 882–83 (3d Cir. 2002) ("[Rule 45(d)(2)(B)] imposes mandatory fee shifting and directs the court to 'protect' a nonparty from 'significant expense resulting from inspection and copying commanded.'"); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) ("[T]he court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'"). Accordingly, SEA will require Apple to bear the costs of any agreed search and production associated with their burdensome and overbroad Subpoena.

11. SEA further objects to the Subpoena to the extent that it seeks "all documents and communications" for any Request on the grounds that such Request is overbroad, unduly burdensome, harassing, and not reasonably proportionate to the needs of the case.

12. Where SEA agrees to search for documents, unless otherwise specified or agreed, SEA will agree only to conduct a reasonable search of the identified scope.

13. SEA's responses to these requests are made solely for the purpose of this action. Each response is made subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and proprietary and/or confidential information, and any and all other objections on grounds that would require the exclusion of any responses herein if such were offered in Court, all of which objections and grounds are reserved and may be interposed at any time, including at the time of trial.

14. No incidental or implied admissions are intended in these responses. SEA's response to any request should not be taken as an admission that SEA accepts or admits the existence of any fact(s) or any document(s) assumed by that request, or that such response constitutes admissible evidence. SEA's response to any such request is not intended to be, and shall not be construed as, a waiver by SEA of any or all objection(s) to the request.

15. To the extent SEA agrees to search for and produce any information in response to the requests, that does not constitute a representation that such information exists or that any such information is in SEA's possession, custody, or control.

6

17.    In making these responses, SEA does not concede the relevancy or materiality of any of Apple's requests; nor does SEA concede the relevancy or materiality of any of the subjects and/or documents to which those requests relate or refer.

18.    To the extent any request, definition, or instruction may be construed as calling for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity from discovery, SEA hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto. Any disclosure of privileged or protected documents, materials, or information is inadvertent and not intended to waive those privileges or protections.

19.    SEA objects to any request, definition, or instruction that calls for the disclosure of information that would violate the legitimate privacy rights and expectations of SEA's employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals, to the extent that such privacy rights or expectations are protected by the U.S. Constitution, state law, or public policy.

20.    To the extent any request, definition or instruction may be construed as requiring SEA to characterize documents or their contents or to speculate as to what documents may or may not show, SEA objects to such definition, instruction, or request as vague, ambiguous and calling for legal conclusions and speculation.

21.    SEA objects to each and every request, definition, and instruction to the extent that it is overbroad, unduly burdensome, oppressive, harassing, vague, and/or ambiguous.

22.    SEA objects to each and every request to the extent it is duplicative of, or unreasonably cumulative to, other discovery propounded and/or produced in this action.

23.    SEA objects to each and every request, definition, and instruction to the extent that it seeks documents or information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24.    SEA further objects to the Subpoena in its entirety to the extent it purports to impose

discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the U.S. District Court for the District of New Jersey, the Court's Orders in this case, and/or any other applicable court order, rule, or statute.

26. SEA objects to each and every request, definition, and instruction to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business.

26. SEA objects to Apple's requests, definitions, and instructions to the extent that they seek the discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this and any potential litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

27. SEA objects to each and every request, definition, and instruction to the extent that it seeks documents or information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

## OBJECTIONS TO CERTAIN DEFINITIONS

In addition to its General Objections, SEA objects to certain of Apple's purported definitions as set forth below:

**Definition No. 1:** "Alleged Conduct" shall mean all (and any component of) the conduct alleged to be unlawful in the Complaints, including any alleged monopolization or attempted monopolization by Apple of any alleged markets. Alleged Conduct includes but is not limited to:

    a. Any alleged restrictions that Apple has placed on third-party developers' ability to offer Apps for download in the Apple App Store or in any other App Marketplace;

    b. Any alleged restrictions Apple has placed on third-party developers' access to iPhone features and development tools, including APIs and SDKs;

8

c. Any alleged restrictions Apple has placed on third-party access to Apple's In-App Purchase or alternatives to In-App Purchase;

d. Any alleged restrictions Apple has placed on products, services, Apps, or technology that allegedly facilitate users' ability to switch between the iPhone and non-Apple Smartphones, or vice versa, including those described in the Complaints as middleware;

e. Any alleged restrictions Apple has placed on interoperability concerning Smartphones or policies or practices that allegedly make it harder for consumers to switch between competing Smartphones; and

f. Any alleged restrictions Apple has placed on Super Apps; Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets.

**OBJECTION:** SEA objects to the Subpoena's definition of "Alleged Conduct" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 2:** "API" shall mean an application programming interface and shall have the same meaning as used in the Complaints, including without limitation Paragraphs 158 through 163 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "API" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 3:** "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

9

**OBJECTION:** SEA objects to the Subpoena's definition of "Apple" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 4:** "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "App" or "Application" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 5:** "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, BlackBerry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, AltStore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

**OBJECTION:** SEA objects to the Subpoena's definition of "App Marketplace" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 6:** "App Review" shall mean Apple's or any other Person's processes of reviewing Apps or App updates for potential inclusion on App Marketplaces.

**OBJECTION:** SEA objects to the Subpoena's definition of "App Review" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the

Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 7** "Business" shall be defined as all actual or potential operations, services, products, technologies, activities, and business opportunities conducted or pursued by or on behalf of You.

**OBJECTION:** SEA objects to the Subpoena's definition of "Business" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 8:** "Cloud Streaming App" shall be defined as in the Complaints, including in Paragraphs 10 and 71 through 79 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Cloud Streaming Act" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 9:** "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

**OBJECTION:** SEA objects to the Subpoena's definition of "Communication" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

11

**Definition No. 10:** "Companion App" shall be defined as in the Complaints, including in Paragraphs 33 through 34 of the Smartwatch Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Companion App" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 11:** "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Complaints" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 12:** "Contactless Card" means any debit, credit, or other payment card accessing an account issued by an issuer and offered on a Payment Network that allows users to make purchases at point of sale by tapping or holding their card over a payment terminal.

**OBJECTION:** SEA objects to the Subpoena's definition of "Contactless Card" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 13:** "Data Dictionary" shall mean documentation of the organization and structure of the databases or data sets that is sufficient to allow their reasonable use by Apple, including, for each table of information: (a) the name of the table; (b) a general description of the information contained within it; (c) the size in both number of records and megabytes; (d) a list of fields available for each record; (e) the format, including variable type and length, of each field; (f) a definition for each field as it is used by You, including the meanings of all codes that can appear as field values; (g) the fields that are primary keys for the purpose of identifying a unique

12

observation; (h) the fields that are foreign keys for the purpose of joining tables; and (i) an indication of which fields are populated. A database schema is an example of a Data Dictionary.

**OBJECTION:** SEA objects to the Subpoena's definition of "Data Dictionary" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 14:** "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Digital Wallet" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 15:** "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books; records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

**OBJECTION:** SEA objects to the definition of "Document" as vague, ambiguous, overbroad, and unduly burdensome and oppressive, particularly to the extent this definition purports to bring within the ambit of the Subpoena documents from entities other than SEA. SEA

13

cannot respond on behalf of persons or entities other than SEA. Therefore, in responding to the Subpoena, SEA construes "Document" as referring to documents from SEA, to which the Subpoena was directed and on which the Subpoena was served, and no other entity or person. SEA further objects to the definition as overbroad, unduly burdensome, and oppressive to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure, the Local Rules, or any order of Court. Moreover, SEA objects to this definition to the extent that it seeks documents that are not in the possession, custody, or control of SEA, or are equally or more readily available from the parties or otherwise. SEA further objects to this definition to the extent it calls for the disclosure of documents or information protected from discovery by the attorney-client privilege and/or work product doctrine. Finally, SEA objects to this definition to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of SEA employees, directors, officers, affiliates, and subsidiaries, both current and former, and other individuals, to the extent that such privacy rights and expectations are protected by law, contract, or public policy.

**Definition No. 16:** "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

**OBJECTION:** SEA objects to the Subpoena's definition of "DOJ Complaint" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 17:** "Government Action" means *United States of America v. Apple, Inc.*, No. 2:24-cv-4055-JXN-LDW (D.N.J.).

14

**OBJECTION:** SEA objects to the Subpoena's definition of "Government Action" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 18:** "Identified Product or Service" means each product or service within one or more of the following categories: Cloud Streaming Apps, Super Apps, Messaging Apps, Digital Wallets, and Wearables.

**OBJECTION:** SEA objects to the Subpoena's definition of "Identified Product or Service" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 19:** "In-App Purchase" shall mean the purchase of a product, feature, service, or functionality for a fee that occurs within an App.

**OBJECTION:** SEA objects to the Subpoena's definition of "In-App Purchase" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 20:** "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

15

**Definition No. 21:** "Investigation" shall mean the pre-DOJ Complaint investigation into Apple's Alleged Conduct, conducted by the United States Department of Justice, several states, and the District of Columbia.

**OBJECTION:** SEA objects to the Subpoena's definition of "Investigation" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 22:** "MDL" means *In re Apple Inc. Smartphone Antitrust Litigation*, 24-md-3113-JXN-LDW.

**OBJECTION:** SEA objects to the Subpoena's definition of "MDL" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 23:** "MDL Complaint" shall mean any of the consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87) filed on July 30, 2025, attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Corrected Consolidated Class Action Complaint (Dkt. No. 109) filed on September 11, 2025, attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86) filed on July 30, 2025 ("Smartwatch Complaint"), attached hereto as Exhibit D.

**OBJECTION:** SEA objects to the Subpoena's definition of "MDL Complaint" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

16

**Definition No. 24:** "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Samsung Messages, Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, KakaoTalk, Line, Microsoft Messaging, Signal, Skype, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

**OBJECTION:** SEA objects to the Subpoena's definition of "Messaging App" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 25:** "Mini-Program" shall have the same meaning as used in the Complaints, including in Paragraphs 60 through 70 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Mini-Program" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 26:** "Multimedia Messaging Service" or "MMS" shall be defined as in the Complaints, including in Paragraph 83 and Footnote 1 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Multimedia Messaging Service" or "MMS" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 27:** "Payment Network(s)" means any one or more of Visa, MasterCard, Discover, American Express, or any other similar network permitting businesses and/or consumers to engage in financial transactions using a credit, debit, or prepaid card.

**OBJECTION:** SEA objects to the Subpoena's definition of "Payment Network(s)" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent

17

with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 28:** "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

**OBJECTION:** SEA objects to the Subpoena's definition of "Person" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 29:** "QR Code-Based Payments" means contactless payments at point of sale that are facilitated using Quick Response Codes (i.e., QR codes).

**OBJECTION:** SEA objects to the Subpoena's definition of "QR Code-Based Payments" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 30:** "Report" shall mean any written reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

**OBJECTION:** SEA objects to the Subpoena's definition of "Report" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 31:** "Rich Communication Services" or "RCS" shall have the same meaning as used in the Complaints, including in Paragraph 89 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Rich Communication Services" or "RCS" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules,

18

and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 32:** "Samsung," "You," and "Your" shall mean Samsung Electronics America, Inc. ("SEA"); its parent company, Samsung Electronics Co., Ltd. ("SEC"); and each of SEA's and SEC's officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on their behalf; as well as SEA's and SEC's predecessors, successors, and subsidiaries, including, without limitation, Harman International Industries, Samsung Display, Samsung SDI, Samsung Electro-Mechanics, Samsung Semiconductor, Samsung Research, Samsung SDS, Samsung Networks, Samsung Foundry, and Samsung Austin Semiconductor; and any Person that SEA or SEC manages or controls.

**OBJECTION:** SEA objects to the Subpoena's definition of "Samsung," "You," or "Your" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 33:** "Senior Personnel" shall mean any current or former officer or employee of Samsung who holds, or held at any time relevant to this subpoena, a senior executive, officer, or managerial position, including but not limited to: (a) members of Your executive leadership or "C-suite" (including the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Technology Officer, Chief Information Officer, Chief Legal Officer, and any equivalent positions); (b) Presidents; (c) Executive Vice Presidents, Senior Vice Presidents, and Vice Presidents; (d) Directors; and (e) General Managers, as well as any other employee with comparable authority, responsibility, or decision-making power over corporate strategy, operations, finances, product development, data, or compliance.

**OBJECTION:** SEA objects to the Subpoena's definition of "Senior Personnel" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court

19

Order.    SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 34:** "SDK" shall mean Apple's Software Development Kit.

**OBJECTION:** SEA objects to the Subpoena's definition of "SDK" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 35:** "Short Message Service" or "SMS" shall be defined as in the Complaints, including in Paragraphs 45 and 82 through 83 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Short Message Service" or "SMS" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 36:** "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Smartphone" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 37:** "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Super App" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

20

**Definition No. 38:** "Threat Model" shall mean with respect to the privacy and security of hardware, operating systems, software, data centers, servers, or services, any formal or informal assessments, analyses, Reports, summaries, assumptions, studies, or other understandings about attacker characteristics, goals, capabilities, limitations, or assets. Threat Models also include Documents and information reflecting assumptions (including the bases for such assumptions) and understandings about the security posture of a system, hardware, or software, including possible threats, vulnerabilities, potential mitigations, and tradeoffs.

**OBJECTION:** SEA objects to the Subpoena's definition of "Threat Model" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 39:** "Trade-In" shall mean a transaction pursuant to which a Person transfers ownership of a previously owned product to a seller, manufacturer, carrier, retailer, or its agent, and, in exchange, receives a credit, discount, payment, or other consideration that is applied toward, or reduces the amount payable for, the purchase of a new product.

**OBJECTION:** SEA objects to the Subpoena's definition of "Trade-In" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 40:** "Virtual Card" shall mean any digital version of a credit or debit card that is designed to be stored and used within Digital Wallets or online payment systems.

**OBJECTION:** SEA objects to the Subpoena's definition of "Virtual Card" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order. SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 41:** "Wearables" shall have the same meaning as used in the Complaints, including in Paragraphs 21, 131, 202, 208, 214, and 221 of the DOJ Complaint, and shall include

21

any "Smartwatch" as that term is used in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Wearables" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 42:** "Web Browsers" shall have the same meaning as used in the Complaints, including in Paragraphs 43, 120, and 163 of the DOJ Complaint.

**OBJECTION:** SEA objects to the Subpoena's definition of "Web Browsers" to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Court's local rules, and/or any applicable Court Order.  SEA also objects to this definition as vague, ambiguous, overbroad, and unduly burdensome.

**Definition No. 43:** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, materials, or responses that might otherwise be construed to be outside of their scope.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

**Definition No. 44:** The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

22

**Definition No. 45:** The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

**Definition No. 46:** The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of their scope.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

**Definition No. 47:** The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of their scope.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

**Definition No. 48:** The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of their scope.

**OBJECTION:** SEA objects to this definition to the extent that it purports to broaden these terms beyond their ordinary meaning or impose obligations on SEA broader than or inconsistent with the obligations created by the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA will interpret and respond to Requests using these terms consistent with their ordinary meaning.

## OBJECTIONS TO CERTAIN INSTRUCTIONS

In addition to its General Objections and Objections to Definitions, SEA objects to certain of Apple's purported instructions as set forth below:

**Instruction No. 1:** All Documents should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 2:** For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 3:** All Documents requested herein must be produced in their entirety, with all attachments and enclosures.

24

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 4:** In responding to these Requests, You shall produce all Documents in Your possession, custody, or control, and all Documents reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA further objects to this instruction as vague, ambiguous, overbroad, and unduly burdensome and oppressive to the extent it purports to apply to persons and entities other than SEA. SEA cannot respond on behalf of persons or entities other than SEA, to which the Subpoena was directed and on which Subpoena was served. SEA objects to this instruction to the extent it calls for the disclosure of information subject to the attorney-client privilege or work-product doctrine. Moreover, SEA objects to this instruction to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

**Instruction No. 5:** These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents. "Identical" means precisely the same in all respects; for example, a Document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents with attachments, the hash value shall be generated based on the parent/child Document grouping. Otherwise identical Documents with unique family members are not identical, and both must be produced. You shall produce as a separate Document any Document that contains any notation,

25

addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document without such marks.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 6:** If there are no Documents responsive to a category in these Requests, You shall so state in writing.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 7:** If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 8:** If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or

26

seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 9:** If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 10:** If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents in response to the remainder of the Request that You do not consider to be overbroad.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 11:** In producing Documents responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document has been produced by You.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 12:** If any requested Document is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

27

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 13:** All productions shall be governed, as applicable, by the Discovery Confidentiality Orders attached hereto as Exhibits F and G.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 14:** If any portion of any Document responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 15:** Unless otherwise specified in the Requests, in searching for and producing Documents responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order. SEA also objects to this purported instruction on the grounds that it is hopelessly vague and provides no semblance of what constitutes a "reasonable time period."

28

**Instruction No. 16:** Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 17:** To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

**Instruction No. 18:** Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents or other requests or subpoenas.

**OBJECTION:** SEA objects to this instruction as oppressive and unduly burdensome, particularly to the extent it purports to impose burdens upon SEA that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure and/or any applicable Local Rule or other Court Order.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

Subject to any Specific Objections set forth below, and specifically incorporating each of the foregoing General Objections, Objections to Certain Definitions, and Objections to Certain

29

Instructions into each response below, and without waiving said objections, SEA responds as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents responsive to Requests for production of Documents served by any party in the Government Action or the MDL.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all Documents and Communications." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity. SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will produce documents that it has produced in response to requests from the Department of Justice or to the Plaintiffs in the MDL in either litigation.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show Your corporate structure, including any corporate parents, subsidiaries, joint ventures, boards of directors, and related or affiliated entities.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "corporate structure" and "related or affiliated entities." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

31

**REQUEST FOR PRODUCTION NO. 3:**

Organization charts, to the extent they exist, or Documents otherwise sufficient to identify the Senior Personnel responsible for Your Smartphones, Wearables, App Marketplace, and/or Apps, their roles with respect to those products and services, and their reporting relationships.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "Senior Personnel" and "reporting relationships." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents related to the nature and extent of SEA's ability to request, access, or obtain Documents or information from SEC or any other Samsung entity, including:

a. Policies, agreements, guidelines, or practices governing Document sharing, data access, or information exchange between SEA and SEC;

32

b. Corporate governance or internal control Documents (including charters, bylaws, compliance manuals, delegation-of-authority Documents, or similar materials) addressing SEA's authority or rights to obtain Documents or information from SEC;

c. Communications, instructions, or directives from SEC to SEA concerning Document production, litigation support, or regulatory inquiries;

d. Descriptions of IT systems, shared platforms, or databases accessible by SEA that contain SEC Documents or data;

e. Documents regarding any instances in which SEA has obtained, requested, received, produced, transmitted, or shared Documents or information from or to SEC for business, regulatory, compliance, or litigation-related purposes;

f. Organizational charts, reporting structures, or similar Documents reflecting overlapping or shared officers, directors, employees, or reporting lines between SEA and SEC; and

g. Documents concerning SEA's role as agent, representative, or intermediary for SEC in the United States, including any authority granted to SEA to act on SEC's behalf in commercial, regulatory, compliance, or legal matters.

**<u>RESPONSE TO REQUEST NO. 4:</u>**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "request, access, or obtain" and "Samsung entity." SEA objects that the Request is also unduly burdensome and overbroad to

33

the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show each instance where SEC initiated, defended, or otherwise participated in any litigation or arbitration in the United States.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "initiated," "defended," and "otherwise participated in." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to

34

persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show all Smartphone models produced or sold by You since January 1, 2010, including specifications, features, launch date, price at launch, and discontinuation date.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "specifications," "features," "launch date," and "discontinuation date." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent

35

that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents related to price, price-setting, terms of sale (including rebates, fees, promotions, discounts, and financing), licensing terms or conditions, pricing plans, price lists, and pricing strategies for Your Smartphones.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "licensing terms or conditions," "pricing plans," "price lists," and "pricing strategies." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds

36

that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents after January 1, 2010 related to competition concerning Smartphones offered by You or any other Smartphone manufacturer, including:

a. Relative quality or features, including technology, performance, privacy, security, user experience, brand strength, customizability, ability to integrate with or interoperate with other hardware or software, network effects, and cost;

b. Entry, expansion, exit, scale, and repositioning;

c. Market segmentation by geography, type of consumer, Smartphone type, Smartphone features, sales channel, or Smartphone price or price band;

d. Competitive positioning and differentiation;

e. Sales volumes, revenue, and profitability;

f. Installed base;

g. Market shares, segment shares, or relative sales or volume shares; and

h. Competitive threats, disintermediation, and commoditization.

**RESPONSE TO REQUEST NO. 8:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "Relative quality or features," "integrate with," "interoperate with," "network effects," and "competitive threats." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

38

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents related to any actual or potential barriers or impediments to entry, output expansion, or repositioning related to Smartphones and mobile operating systems.

**RESPONSE TO REQUEST NO. 9:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "actual or potential barriers to entry," "output expansion," and "repositioning." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also

39

objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All regularly or specially prepared business Reports, strategic plans, competitive plans, marketing plans, promotional plans, competitive assessments or benchmarking analyses prepared by or for You concerning Your strategies, objectives, research, development, investments, roadmaps, marketing, innovations, and features for Your Smartphones.

**RESPONSE TO REQUEST NO. 10:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "strategic plans," "competitive plans," "marketing plans," and "promotional plans." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of

40

information regarding business operations outside of the United States and unrelated to United

States commerce, on the grounds that such requests are overbroad, unduly burdensome, and

irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or

reach of the laws of the United States or any State. SEA objects to this request to the extent that it

calls for the creation of documents or data compilations that do not exist or that are not ordinarily

kept in the normal course of business. SEA also objects to this Request to the extent it seeks the

disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary

or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA

will not comply with this Request as written but is willing to meet and confer to discuss a

reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding

to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning the security and privacy architecture, safeguards,

vulnerabilities, and data protection features of Your Smartphones, including changes to such

features over time.

**RESPONSE TO REQUEST NO. 11:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to

Certain Instructions, each of which is incorporated by reference as though fully set forth herein,

SEA objects to this Request to the extent it seeks information protected by the attorney-client

privilege, the attorney work product doctrine, common interest privilege, joint defense privilege,

and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this

Request to the extent it seeks information and documents that are cumulative and duplicative of

other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs

of the case, particularly because SEA is a non-party and because it requests "all Documents." SEA

further objects that this Request is vague, ambiguous, and fails to describe the documents sought

41

with reasonable specificity including without limitation as to the terms "security and privacy architecture" and "data protection features." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All financial statements, budgets, profit and loss statements, cost Reports, profitability Reports, annual Reports, regulatory Reports, and any other financial Reports (reflecting or relating to revenues, costs, margins, and/or profitability) regularly prepared by or for You on any periodic basis concerning Your Smartphones.

**RESPONSE TO REQUEST NO. 12:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not

42

proportional to the needs of the case, particularly because SEA is a non-party and it requests "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "financial statements" and "relating to." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All studies, analyses, Reports and other Documents concerning how any Identified Product or Service may affect users' Smartphone purchasing decisions, including user satisfaction, Smartphone switching, consumer perceptions and attitudes, preferences, usage, purchase intentions, and all other related metrics, key performance indicators, and measures.

**RESPONSE TO REQUEST NO. 13:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein,

43

SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "purchasing decisions," "user satisfaction," "Smartphone switching," "perceptions and attitudes," "usage," "purchase intentions," and "related metrics." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

44

**REQUEST FOR PRODUCTION NO. 14:**

All studies, Reports, and analyses concerning the customer lifetime value of Smartphone consumers, including any studies estimating or measuring the customer lifetime value of users of Your Smartphones, and any analyses comparing customer lifetime value across different Smartphone brands.

**RESPONSE TO REQUEST NO. 14:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "customer lifetime value." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

45

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All studies, analyses, Reports, and other Documents discussing factors affecting consumer demand for any Smartphone model or brand, including the Smartphone's price, features, or quality (including quantity, price, and quality of available Apps, hardware accessories, or other complementary products and services); usage of any Identified Product or Service; and metrics, key performance indicators, and measures related to consumer demand for any Smartphone brand or model.

**RESPONSE TO REQUEST NO. 15:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "consumer demand" and "key performance indicators." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.  SEA also objects to this Request to the extent that it seeks

46

information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents related to any factors affecting the ability or incentive for developers or third parties to create Apps usable with a particular Smartphone, including the size and characteristics of the installed base of users of a particular Smartphone or type of Smartphone, the ease of developing Apps for a particular Smartphone's operating system, the costs, fees, or commissions charged by the Smartphone provider, features offered by the Smartphone, technological restrictions imposed by the Smartphone provider or operating system, and any other terms of dealing.

**RESPONSE TO REQUEST NO. 16:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "incentive," "ease," "technological restrictions," and "terms of dealing." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data

47

compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show Your plans, strategies, and analyses relating to the sale of used or refurbished Smartphones, including acquisition strategies for any re-seller, Smartphone Trade In values, incentives or credits offered to the Person trading in the device, and the countries where used or refurbished Smartphones are sourced and sold.

**RESPONSE TO REQUEST NO. 17:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs

48

of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "plans," "strategies," and "analyses." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and data related to any Smartphone's usable life, the length of time over which consumers use it, the number and type of consumers that use it, its quality and value at any point in time, and all related metrics or key performance indicators.

**RESPONSE TO REQUEST NO. 18:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative

49

and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "All Documents and data." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "usable life." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

From 2007 to the present, all contracts between You, U.S. wireless carriers, or any other retailer relating to Your Smartphones, and all Documents from 2015 onwards related to the negotiations of those contracts or to carrier or retailer sales or promotions.

**RESPONSE TO REQUEST NO. 19:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein,

50

SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all contracts." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "contracts," "retailer," and "relating to." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this request on the grounds that the specified time period is overbroad. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents related to consumer views about the privacy, security, user experience, or quality of Smartphones, including how consumers' views:

a. are affected by Smartphone manufacturers' product decisions and marketing strategies and campaigns;

b. are affected by the product decisions and marketing strategies and campaigns related to any Identified Product or Service;

c. compare to actual differences in Smartphone privacy, security, and quality; and

d. affect Smartphone demand, purchase intentions, switching, and consumer satisfaction.

**RESPONSE TO REQUEST NO. 20:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "All Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "user views," "privacy," and "user experience." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents related to user switching between Smartphones or any models thereof (e.g., switching between Your Smartphones and iPhone and vice versa, switching between Your Smartphones and other Android Smartphones and vice versa, switching between models of Your Smartphones, etc.), including:

a. the ease or difficulty of switching;

b. the costs of switching;

c. the relationship between the cost or difficulty and likelihood of switching;

d. customer loyalty or churn;

e. tools and support services available for switching;

f. the duration of time between switching (e.g., how long a user has used an iPhone before switching to a non-Apple Smartphone);

g. consumer views about switching;

h. the availability and performance of complementary products and services (such as the Identified Products or Services), including any changes thereto;

i. any connection between eSIM, cloud storage Apps, and Web Browsers and user switching;

j. relative ease or difficulty of switching depending on users' brand of Smartphone;

k. the ability of any Identified Product or Service to facilitate or impede switching; and

l. any products, services, initiatives, or partnerships that facilitate switching (including from iPhone to Your Smartphones, and vice versa).

**RESPONSE TO REQUEST NO. 21:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative

and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "All Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "user switching." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All studies, analyses, investigations, and Reports related to fraudulent, malicious, misleading, or deceptive activity, code, content, information, or patterns within or related to the use of Your Smartphones or any App Marketplaces available on Your Smartphones, including any threat assessment or Threat Model, in whatever form it may exist, and Your response(s) (if any) to such threats.

**RESPONSE TO REQUEST NO. 22:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "fraudulent," "malicious," "misleading" and "deceptive." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

55

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show all Wearable models produced or sold by You from 2015 onwards, including specifications, features, launch date, price at launch, and discontinuation date.

**RESPONSE TO REQUEST NO. 23:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "specifications," "features," and "discontinuation date." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this request on the grounds that the specified time period is overbroad.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents related to price, price-setting, terms of sale (including rebates, fees, promotions, discounts, and financing), licensing terms or conditions, pricing plans, price lists, and pricing strategies for Your Wearables.

**RESPONSE TO REQUEST NO. 24:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "All Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "terms of sale," "licensing terms or conditions," "pricing plans," and "pricing strategies." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All financial statements, budgets, profit and loss statements, cost Reports, profitability Reports, annual Reports, regulatory Reports, and any other financial Reports (reflecting or relating to revenues, costs, margins, and/or profitability) regularly prepared by or for You on any periodic basis concerning Your Wearables.

**RESPONSE TO REQUEST NO. 25:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "annual Reports," "regulatory Reports," and "other financial Reports." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or

58

reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents after January 1, 2010 related to competition concerning Wearables offered by You or any Person, including:

a. Relative quality or features, including technology, performance, privacy, security, user experience, brand strength, customizability, ability to integrate with or interoperate with other hardware or software, network effects, and cost;

b. Entry, expansion, exit, scale, and repositioning;

c. Market segmentation by geography, type of consumer, Wearable type, Wearable features, sales channel, compatibility with a certain Smartphone or mobile operating system, or Wearable price or price band;

d. Competitive positioning and differentiation;

e. Sales volumes, revenue, and profitability;

f. Installed base;

g. Market shares, segment shares, or relative sales or volume shares; and

h. Competitive threats, disintermediation, and commoditization.

**RESPONSE TO REQUEST NO. 26:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative

59

and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "All Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "competition," "quality," "integrate with," "interoperate with," "network effects," "competitive threats," "disintermediation," and "commoditization." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this request on the grounds that the specified time period is overbroad. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents related to any actual or potential barriers or impediments to entry, output expansion, or repositioning related to Wearables and Wearable operating systems.

60

**RESPONSE TO REQUEST NO. 27:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it requests "All Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "potential barriers," "impediments to entry," "output expansion," and "repositioning." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All regularly or specially prepared business Reports, strategic plans, competitive plans, marketing plans, promotional plans, competitive assessments or benchmarking analyses prepared by or for You concerning Your strategies, objectives, research, development, investments, roadmaps, marketing, innovations, and features for Your Wearables.

**RESPONSE TO REQUEST NO. 28:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "business Reports," "strategic plans," "competitive plans," "marketing plans," "promotional plans," and "competitive assessments." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

62

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All studies, analyses, and Reports, related to how the features, functionality, and interoperability of Wearables may affect users' Wearables purchasing decisions, including Documents related to user satisfaction, switching, consumer perceptions and attitudes, preferences, usage, purchase intentions, and all other relevant metrics, key performance indicators, and measures.

**RESPONSE TO REQUEST NO. 29:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "interoperability," "purchasing decisions," "user satisfaction," "switching," and "consumer perceptions." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly

63

burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, including studies, analyses, or Reports, discussing factors affecting consumer demand for Wearables, such as a Wearable's price, features, or quality (including quantity, price, and quality of available Apps, hardware accessories, or other complementary products and services); and Documents related to metrics, key performance indicators, and measures related to consumer demand for a Wearable.

**RESPONSE TO REQUEST NO. 30:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "complementary products and services." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for

documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents related to user switching between Wearables or any models thereof (e.g., switching between Your Wearables and the Apple Watch and vice versa, switching between Your Wearables and other non-Apple Wearables and vice versa, switching between models of Your Wearables, or switching from one of Your Wearables to another of Your Wearables, etc.), including Documents related to the following topics as they concern switching between Wearables:

a. the ease or difficulty of switching;

b. the costs of switching;

c. the relationship between the cost or difficulty and likelihood of switching;

d. customer loyalty or churn;

e. tools and support services available for switching;

f. the duration of time between switching (e.g., how long a user has used an Apple Watch before switching to a non-Apple Wearable);

g. consumer views about switching; h. the availability and performance of complementary products and services (such as the Identified Products or Services), including any changes thereto;

i. relative ease or difficulty of switching depending on users' brand of Smartphone; and

j. any products, services, initiatives, or partnerships that facilitate switching (including from Apple Watch to Your Wearables, and vice versa).

**RESPONSE TO REQUEST NO. 31:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "switching," and "complementary products and services." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

66

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents related to the choice of operating system for Your Wearables, including the decision to switch from Tizen OS to Wear OS for Samsung Smartwatches.

**RESPONSE TO REQUEST NO. 32:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "decision to switch." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

67

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning Your decision of whether to make Your Wearables compatible with any Smartphone (including iPhone), including decisions to enable or disable connectivity between Your Wearables and any Smartphone (including iPhone), any decisions to discontinue any model or line of Wearables compatible with any Smartphone (including iPhone), and the rationale for such decisions.

**RESPONSE TO REQUEST NO. 33:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "compatible" and "connectivity." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction

68

or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning the ability of Your Wearables to connect to, stay connected to, exchange data with, or otherwise interact with Smartphones through Bluetooth or Wi-Fi.

**RESPONSE TO REQUEST NO. 34:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "connect to," "stay connected to," "exchange data with," and "interact with." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are

69

beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning any security or data privacy risks associated with the use of Your Wearables, including any comparisons of those risks when Your Wearables are paired with an iPhone versus a non-Apple Smartphone.

**RESPONSE TO REQUEST NO. 35:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "security or data privacy risks." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks

70

discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify all Companion Apps compatible with Your Smartphones, including concerning such Apps' access to APIs and ability to run in the background.

**RESPONSE TO REQUEST NO. 36:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "compatible," "access to APIs," "ability to run," and "background." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls

71

for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning the ability of Wearables to receive, manage, or respond to notifications or text messages (including SMS, MMS, RCS, or iMessages) when paired with Smartphones.

**RESPONSE TO REQUEST NO. 37:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "text

72

messages" and "paired with" SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All agreements, guidelines, policies, and procedures concerning the Samsung Galaxy Store, including any App Review guidelines, developer agreements, terms and conditions, license agreements, and consumer terms of use, as well as all Documents concerning any changes to such agreements, guidelines, policies, and procedures.

**RESPONSE TO REQUEST NO. 38:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative

73

and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all" of the listed categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "agreements," "guidelines," "policies," and "procedures." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show the commission and revenue share rates and other fees You have charged to App developers during each calendar quarter during the period since You launched the Samsung Galaxy Store, including all headline, effective and average rates, all commission and revenue share rates and fees applicable to specified categories of transactions, and all commission and revenue share rates and fees You have negotiated individually with App developers.

74

**RESPONSE TO REQUEST NO. 39:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "commission," "revenue share rates," and "headline." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to describe any features, SDKs, APIs, or other technical support You offer to App developers to support development of Apps for the Samsung Galaxy Store, and the terms and conditions governing App developers' use of such tools and technologies.

75

**RESPONSE TO REQUEST NO. 40:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "features" and "governing." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show for Your App Review process on the Samsung Galaxy Store (a) the percentage of Apps reviewed through human (manual) review versus automated or algorithmic review for each month since January 1, 2010; and (b) the types of tools used by You

76

in Your App Review process, including software, machine learning systems, internal platforms, and third-party services.

**RESPONSE TO REQUEST NO. 41:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "Your App Review process," "human (manual) review," and "automated or algorithmic review." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this request on the grounds that the specified time period is overbroad.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning comparisons between Your approach to App Review on the Samsung Galaxy Store and any other App Marketplace provider's approach to App Review, including with respect to security and privacy.

**RESPONSE TO REQUEST NO. 42:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "Your approach" and "other App Marketplace provider's approach." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

## REQUEST FOR PRODUCTION NO. 43:

All Documents concerning the Alleged Conduct, including those relating to any adverse impact on consumers, App developers, or You or Your Business.

## RESPONSE TO REQUEST NO. 43:

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "adverse impact." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning Your efforts, plans, strategies, and decisions to develop or offer Samsung Pay, including regarding (a) the launch of Samsung Pay; (b) decisions about the devices and/or App Marketplaces on which to make Samsung Pay available or not available; (c) offering Samsung Pay on iPhone, Apple Watch, or the Apple App Store; and (d) making Samsung Pay usable across different mobile and non-mobile platforms.

**RESPONSE TO REQUEST NO. 44:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "efforts," "plans," and "strategies." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning Digital Wallets on Your Smartphones, including (a) the APIs or other capabilities concerning Digital Wallets or near-field communication access that You made available to third parties; (b) policies or practices concerning access to near-field communication or methods of authentication of digital payment options on online checkout pages; (c) restrictions placed on any third-party access to APIs or capabilities concerning Digital Wallets or near-field communication access; and (d) any privacy or security risks concerning Digital Wallets.

**RESPONSE TO REQUEST NO. 45:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "capabilities" and "near-field communication." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests

81

are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning competition between Digital Wallets and other forms of payment, including "chip" or traditional "swipe" payment cards, Apple Pay, Google Pay, Samsung Pay, Contactless Cards, Virtual Cards, QR Code-Based Payments, or cash.

**RESPONSE TO REQUEST NO. 46:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "other forms of payment" and "'chip' or traditional 'swipe' payment cards." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data

82

compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning (a) analyses, studies, consumer surveys, Reports and assessments of the use of Smartphones for gaming (including relative strengths and weaknesses) compared to consoles, laptop and desktop computers, tablets, and other devices for gaming; (b) Your efforts to attract or retain game developers; (c) Your investments in or development of software or hardware features to enhance gaming; (d) consumer use of and preferences regarding Cloud Streaming Apps; and (e) Your efforts, plans, strategies, and decisions to develop or offer Samsung Gaming Hub (https://www.samsung.com/us/apps/gaming-hub/), including regarding (i) the launch of Samsung Gaming Hub; (ii) decisions about the devices and App Marketplaces (including the Apple App Store) on which to make Samsung Gaming Hub available or not available; and (iii) making Samsung Gaming Hub available across different mobile and non-mobile platforms.

**RESPONSE TO REQUEST NO. 47:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein,

SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "gaming," "consumer use," "preferences," and "platforms." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Your past or present policies or practices concerning Messaging Apps relating to (a) the development, launch, and offering of Samsung Messages, as well as (b)

84

the cross-platform availability, default settings, presets, restrictions, and functionality of Messaging Apps.

**RESPONSE TO REQUEST NO. 48:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "cross-platform availability," "restrictions," and "functionality." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a

reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents, including studies, Reports, and analyses, concerning adoption of RCS messaging by users of Your Smartphones since 2012.

**RESPONSE TO REQUEST NO. 49:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "adoption." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this request on the grounds that the specified time period is overbroad.

86

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents concerning competition between Messaging Apps, between Messaging Apps and other forms of instant message communication such as SMS, MMS, RCS, and email, and between the SMS, MMS, and RCS messaging protocols.

**RESPONSE TO REQUEST NO. 50:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "competition between Messaging Apps" and "other forms of instant message communication." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks

information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning Your past or present policies or practices concerning Super Apps or Mini-Programs.

**RESPONSE TO REQUEST NO. 51:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "concerning Super Apps or Mini-Programs." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

88

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents concerning the security or data privacy risks associated with the use of Super Apps or Mini-Programs.

**RESPONSE TO REQUEST NO. 52:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "security or data privacy risks." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

## REQUEST FOR PRODUCTION NO. 53:

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to studies, Reports, and analyses of consumers, developers, or other groups related to Smartphones or Wearables. These include surveys, polls, focus groups, market research, market segmentations, online anthropologies, A/B testing or other experiments, and choice modeling. They exclude databases and data solely related to purely cosmetic hardware changes.

## RESPONSE TO REQUEST NO. 53:

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "each" or "any" type of the specified categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "market segmentations," "online anthropologies," "A/B testing," and "choice modeling." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly

90

burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to Your Smartphones after January 1, 2010, containing information derived from users in the United States, Australia, Brazil, Canada, China, France, Germany, India, Indonesia, Japan, Malaysia, Mexico, Norway, Russia, Singapore, South Korea, Thailand, and/or United Kingdom, that contains information relating to:

a. relationships between or among Your other users, such as family plans;

b. specific devices used (e.g., Smartphone model, year, and storage);

c. ownership, activation, or deactivation of Your devices;

d. ownership, activation, deactivation, or usage of third-party devices;

e. switching to, from, or among devices;

f. purchase, download, removal, or usage of Your and third-party Super Apps, Cloud Streaming Apps, Messaging Apps, Companion Apps, Digital Wallets, Browsers, and Cross-Platform Cloud Storage Apps;

g. aggregate App purchase, download, removal, or usage; and

91

h. to the extent reasonably accessible without undue burden, unique identifiers sufficient to link the user across data sets produced in response to these Requests.

**RESPONSE TO REQUEST NO. 54:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "each" or "any" type of the specified categories of materials. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "relationships between or among," "switching to," and "unique identifiers." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this request on the grounds that the specified time period is overbroad.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

92

**REQUEST FOR PRODUCTION NO. 55:**

Monthly aggregated, structured, machine-readable data sufficient to reflect all sales, Trade Ins, and returns of Smartphones and Wearables, during the period from January 1, 2015 to present, broken out by calendar month and sales channel, including offline sales through Samsung retail stores, online sales through Samsung's website, sales through wireless carriers broken out by carrier, and sales to other resellers including third-party retailers, including Documents or data evidencing:

a. the geographic scope (by city and state) of sales reflected, and, where applicable, identification of whether sales occurred online, whether through Samsung.com or another retailer, or in physical retail locations;

b. data fields sufficient to uniquely identify product name, type, characteristics and technical specifications (e.g., "Samsung Galaxy S25 Ultra");

c. the total number of units sold and returned, including the condition of devices sold (e.g., new, used, refurbished), and net units sold;

d. the average gross list price per unit and average net realized price per unit;

e. the total gross or list revenue per unit, before discounts or adjustments;

f. the total value of all discounts, rebates, promotions, bundles, credits, free goods, financing or pay-over-time adjustments, and other price adjustments applied, exclusive of Trade In value;

g. the total amount of taxes, customs, tariffs, duties, or other governmental fees collected;

h. the total net revenue received (after discounts and adjustments);

i. the total revenue attributable to Trade In transactions, including the total number of transactions that included a Trade In and the total Trade In value credited to buyers;

j. the total cost of goods sold during the month, including manufacturing cost, acquisition cost, and any other cost fields associated with the products sold, including total shipping and handling costs, and identification of whether shipping costs are included in other reported revenue fields;

93

k. the total gross profit retained by Samsung;

l. identification of any wireless carriers associated with devices sold, aggregated by carrier within each sales channel where applicable;

m. plan type associated with devices sold (e.g., prepaid, postpaid), aggregated by plan type within each sales channel;

n. the total number of returns processed and the associated value of returned products; and

o. any fields sufficient to link monthly sales of Smartphones and Wearables to the purchase of related or complementary products.

**RESPONSE TO REQUEST NO. 55:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it data related to "all sales." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "sales channel," "technical specifications," "pay-over-time adjustments," and "total cost." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this request on the grounds that the specified time period is overbroad. SEA also objects to this Request to the extent it seeks the

94

disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify any Super Apps, Cloud Streaming Apps, Messaging Apps, Companion Apps, Digital Wallets, Browsers, or Cross-Platform Cloud Storage Apps downloaded by users of Your Smartphones, and for each of those Apps, for each country or country storefront in which that App was available, on a monthly basis (unless otherwise indicated):

a. the number of downloads;

b. the total amount paid for such downloads;

c. the number of daily, weekly, and monthly active users;

d. the average number of times per user per day the App is accessed by users;

e. the average amount of money spent per user on In-App Purchases (differentiating between one-time purchases and subscriptions); and

f. the average number of In-App Purchases per user (differentiating between one-time purchases and subscriptions).

**RESPONSE TO REQUEST NO. 56:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable

95

specificity, including without limitation as to the terms "average amount of money spent" and "average number of In-App Purchases." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show, for each Super App, Cloud Streaming App, Messaging App, Companion App, Digital Wallet, Browser, or Cross-Platform Cloud Storage App on Your Galaxy Store, on a monthly basis and differentiated by country:

a. the App's name and App ID;

b. the App's genre (e.g. games, social media);

c. the App's developer, developer ID, and developer country of origin;

d. each country or country storefront in which the App was available;

e. the number of original downloads of the App;

f. the App's billings, separately by paid downloads and In-App Purchases;

g. commissions (gross and net) paid to You for transactions for the App; and

h. the App's number of monthly active users.

96

**RESPONSE TO REQUEST NO. 57:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party. SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity. SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant. Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent it seeks the disclosure of confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents reflecting or concerning Your Communications with any third party (including any third party's counsel) regarding government antitrust litigation against Apple, or regulation, legislation, or public debate relating to Apple's policies or practices.

97

**RESPONSE TO REQUEST NO. 58:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the terms "government antitrust litigation," "regulation," "legislation," and "public debate." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA objects to this request to the extent that it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business. Moreover, SEA objects to this Request to the extent it seeks discovery of information regarding business operations outside of the United States and unrelated to United States commerce, on the grounds that such requests are overbroad, unduly burdensome, and irrelevant.  Such operations are beyond the scope of this litigation, and beyond the jurisdiction or reach of the laws of the United States or any State. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents produced by You to any party in *Epic Games, Inc. v. Google LLC, et al.*, No. 3:20-cv-05671-JD (N.D. Cal.), *In re Apple iPhone Antitrust Litigation*, No. 11-cv-06714 (N.D. Cal.), and *Epic Games v. Apple, Inc.*, No. 20-cv-5640 (N.D. Cal.), including all Documents produced in any state government investigation preceding such litigation; all transcripts of

98

depositions and trial testimony by any of Your employees taken in that litigation; and all sealed filings by You in the litigation.

**RESPONSE TO REQUEST NO. 59:**

In addition to its General Objections, Objections to Certain Definitions, and Objections to Certain Instructions, each of which is incorporated by reference as though fully set forth herein, SEA objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable law, privilege, protection, or immunity. SEA further objects to this Request to the extent it seeks information and documents that are cumulative and duplicative of other requests. Such Request is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly because SEA is a non-party and because it seeks "all Documents." SEA further objects that this Request is vague, ambiguous, and fails to describe the documents sought with reasonable specificity, including without limitation as to the term "state government investigation." SEA objects that the Request is also unduly burdensome and overbroad to the extent it is directed to persons and entities other than SEA, and calls for documents that are not in SEA's possession, custody, or control. SEA also objects to this Request to the extent that it seeks information that is equally or more readily available from the parties, publicly available sources, or otherwise.

Subject to and without waiver of the foregoing objections, SEA responds as follows: SEA will not comply with this Request as written but is willing to meet and confer to discuss a reasonable narrowing of and otherwise appropriate limitations to this Request, including a reasonable agreement on subpoenaing parties' payment of SEA's costs associated with responding to this Request.

Dated: February 25, 2026

*/s/ Bradley D. Small*
Bradley D. Small #012662012
Mackenzie G. Newman (*pro hac vice*)

*/s/ Michael W. Scarborough*
Michael W. Scarborough (*pro hac vice*)
Dylan I. Ballard (*pro hac vice*)

99

**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: (212) 237-0268
Email: bsmall@velaw.com
      mnewman@velaw.com

M. Kevin Costello (*pro hac vice*)
**VINSON & ELKINS LLP**
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6935
Email: mscarborough@velaw.com
      dballard@velaw.com
      kcostello@velaw.com

*Attorneys for Non-Party*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, a true and correct copy of the foregoing **NON-PARTY SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO APPLE'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** was served by email on the following counsel:

| | |
|---|---|
| Cynthia E. Richman<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: (202) 955-8500<br>Email: crichman@gibsondunn.com | *Counsel for Defendant Apple Inc.* |
| Apple-SmartphoneMDL-External@gibsondunn.com | *Defendant Apple Inc. Email Distribution List* |

*/s/ Michael W. Scarborough*
Michael W. Scarborough

101