# Appendix B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | | |
|---|---|---|
| United States of America, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Central Intelligence Agency, George Bush Center for Intelligence, 1000 Colonial Farm Road
McLean, VA 22101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/19/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ K. Winn Allen |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.     "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.     "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.     "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.     "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.     "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.      "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.      "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch

Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.    "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.    "You" and "Your" shall mean the Central Intelligence Agency, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the Central Intelligence Agency; and any Person that the Central Intelligence Agency manages or controls.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17.    The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

3

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4

4.      In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about

5

the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.　　If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.　　If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.　　In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.　　If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.　　All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.　　If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15. In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store; for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to privacy or security risks resulting from proposed federal legislation titled the Open Markets Act (S.2710 and H.R.5017) or the American Innovation and Choice Online Act (S.2992 and H.R.3816), including all Documents and Communications relating to Your meeting with technology companies, including Apple, on June 30, 2022, regarding the American Innovation and Choice Online Act; for the avoidance of doubt, this Request does not seek the disclosure of any information classified under Executive Order 12958, as amended, or similar order.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Department of Defense, 1000 Defense Pentagon, Washington, DC 20301

_____

_(Name of person to whom this subpoena is directed)_

   ☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br>12/19/2025 11:59pm |
|---|---|

   ☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/19/2025
_____

        _CLERK OF COURT_
                               OR

| | |
|---|---|
| _____ | /s/ K. Winn Allen<br>_____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.      "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.      "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch

2

Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.     "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.     "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.     "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.     "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.     "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.     "You" and "Your" shall mean the Department of Defense, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the Department of Defense; and any Person that the Department of Defense manages or controls.

16.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

3

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4

4.　　In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.　　These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.　　If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.　　If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.　　If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about

5

the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9. If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10. If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11. In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12. If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13. All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14. If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.     To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.     Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store; for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show all policies, rules, or recommendations You have promulgated for employee or public use of Wearables, including with respect to brand of Wearable, permissible use of Wearables, Wearable privacy and security, and downloading and use of Apps for Wearables.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of New Jersey

| | | |
|---|---|---|
| United States of America, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Department of Labor, 200 Constitution Avenue, NW
                         Washington, DC 20210
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/19/2025
         _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ K. Winn Allen<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.     "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.     "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.     "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.     "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.     "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.      "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.      "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct

2

Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.    "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.    "You," and "Your" shall mean the United States Department of Labor, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the United States Department of Labor; and any Person that the United States Department of Labor manages or controls.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

4

3.      All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.      In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what

construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.    If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.    In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.    If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15. In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the price of iPhone or other Smartphones offered by Smartphone manufacturers or telecommunications carriers, including historical consumer pricing data related to Smartphones; for the avoidance of doubt, this includes Smartphones offered by Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any prohibition or recommendation against acquiring Smartphones manufactured by any foreign entity, including Smartphones manufactured by Huawei or Xiaomi.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to the relative U.S. or global market share of each Smartphone manufacturer, including Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to the price of Apple Watch or other Wearables offered by Wearables manufacturers or telecommunications carriers, including historical consumer pricing data related to Wearables.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications relating to the relative U.S. or global market share of each Wearables manufacturer.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Department of State, Office of the Legal Advisor, 2201 C Street, NW, HST, Room 6421
Washington, DC 20520

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP 1301 Pennsylvania Avenue, NW Washington, DC 20004 (or electronically) | Date and Time: 12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/19/2025

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ K. Winn Allen |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1. "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2. "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3. "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4. "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5. "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.    "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.    "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.    "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.    "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch

Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.    "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.    "You" and "Your" shall mean the Department of State, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the Department of State; and any Person that the Department of State manages or controls.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17.    The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

3

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4

4.      In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about

5

the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.      If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.      In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.      If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.      All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.      If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

6

15.　　In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.　　Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.　　To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.　　Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All    Documents    and    Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

8

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Federal Bureau of Investigation, 935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP 1301 Pennsylvania Avenue, NW Washington, DC 20004 (or electronically) | Date and Time: 12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/19/2025
_____

CLERK OF COURT

OR

_____                    /s/ K. Winn Allen
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.     "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.     "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.     "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.     "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

11.     "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.),

including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12. "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15. "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16. "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

3

18.     "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19.     "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20.     "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21.     "You," and "Your" shall mean the United States Federal Bureau of Investigation, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States Federal Bureau of Investigation; and any Person that the United States Federal Bureau of Investigation manages or controls.

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

4

25.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5

5. These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping. Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6. If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7. If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8. If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9. If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.     If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.     In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.     If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.     All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.     If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.    To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.    Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:**   All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits, including Documents and Communications related to guidance jointly issued by the Cybersecurity and Infrastructure Security Agency, National Security Agency, You, and several foreign government entities titled "Enhanced Visibility and Hardening Guidance for Communications Infrastructure" (https://www.cisa.gov/resources-tools/resources/enhanced-visibility-and-hardening-guidance-communications-infrastructure).

**REQUEST FOR PRODUCTION NO. 6:**   All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 7:**   All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store; for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps, including Documents and Communications related to Your public service announcement titled "Home Internet Connected Devices Facilitate Criminal Activity**"** (https://www.ic3.gov/PSA/2025/PSA250605).

10

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to show all policies, rules, or recommendations You have promulgated for employee or public use of Wearables, including with respect to brand of Wearable, permissible use of Wearables, Wearable privacy and security, and downloading and use of Apps for Wearables.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Federal Trade Commission, 600 Pennsylvania Avenue, NW
Washington, DC 20580

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br><br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/19/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ K. Winn Allen |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Apple Inc.
, who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.      "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

2

11. "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12. "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15. "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16. "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18. "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19. "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20. "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21. "You," and "Your" shall mean the United States Federal Trade Commission, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States Federal Trade Commission; and any Person that the United States Federal Trade Commission manages or controls.

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23. The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24. The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with,

4

involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and

5

Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.    If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.    In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.    If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.    In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits.

9

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store, including Documents and Communications related to FTC Chairman's August 2025 correspondence with technology companies regarding privacy and data security (https://www.ftc.gov/news-events/news/press-releases/2025/08/ftc-chairman-ferguson-warns-companies-against-censoring-or-weakening-data-security-americans-behest); the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

10

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          General Services Administration, 1800 F Street, NW
             Washington, DC 20405

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/19/2025

            *CLERK OF COURT*
                                                OR

_____          /s/ K. Winn Allen
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.      "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

11.    "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12.    "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15.    "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18. "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19. "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20. "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21. "You," and "Your" shall mean the United States General Services Administration, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States General Services Administration; and any Person that the United States General Services Administration manages or controls.

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23. The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24. The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with,

involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25. The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26. The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27. The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3. All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4. In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and

5

Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

6

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.      If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.      In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.      If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.      All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.      If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.      In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.    Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.    To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.    Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the price of iPhone or other Smartphones offered by Smartphone manufacturers or telecommunications carriers, including historical consumer pricing data related to Smartphones; for the avoidance of doubt, this includes Smartphones offered by Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any prohibition or recommendation against acquiring Smartphones manufactured by any foreign entity, including Smartphones manufactured by Huawei or Xiaomi.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to the relative U.S. or global market share of each Smartphone manufacturer, including Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps, including.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to any assessments of the privacy, safety, or security considerations associated with enabling federal employees to add employee identification cards to any Digital Wallet, including Apple Wallet, Google Wallet, and Samsung Wallet.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to show any actual or contemplated policies regarding the use of Cross-Platform Cloud Storage Apps, including any consideration of the security or privacy considerations related to different cloud storage solutions, including iCloud, Box, SharePoint, Google Drive, and Dropbox.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications relating to the price of Apple Watch or other Wearables offered by Wearables manufacturers or telecommunications carriers, including historical consumer pricing data related to Wearables.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications relating to the relative U.S. or global market share of each Wearables manufacturer.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     National Aeronautics and Space Administration, Mary W. Jackson NASA Headquarters
300 E Street, SW, Washington, DC 20546

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br><br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/19/2025
_____

*CLERK OF COURT*

           OR

| | |
|---|---|
| _____ | /s/ K. Winn Allen<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Apple Inc. _____, who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____  ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.    "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.    "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.    "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.    "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.    "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6. "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7. "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8. "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9. "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct

Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.    "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.    "You" and "Your" shall mean the National Aeronautics and Space Administration, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the National Aeronautics and Space Administration; and any Person that the National Aeronautics and Space Administration manages or controls.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

3

17.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

4

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.     These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.     If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.     If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.     If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what

5

construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.     If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.    In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.    If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

6

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.     To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.     Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the price of iPhone or other Smartphones offered by Smartphone manufacturers or telecommunications carriers, including historical consumer pricing data related to Smartphones; for the avoidance of doubt, this includes Smartphones offered by Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

8

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any prohibition or recommendation against acquiring Smartphones manufactured by any foreign entity, including Smartphones manufactured by Huawei or Xiaomi.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to the relative U.S. or global market share of each Smartphone manufacturer, including Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to the price of Apple Watch or other Wearables offered by Wearables manufacturers or telecommunications carriers, including historical consumer pricing data related to Wearables.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications relating to the relative U.S. or global market share of each Wearables manufacturer.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           National Security Agency, 9800 Savage Road
                Fort George G. Meade, MD 20755-6000

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP 1301 Pennsylvania Avenue, NW Washington, DC 20004 (or electronically) | Date and Time: 12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/19/2025

                CLERK OF COURT
                                                            OR

_____                    /s/ K. Winn Allen
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                         _____

                                               *Server's signature*

                                         _____

                                           *Printed name and title*

                                         _____

                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.      "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.      "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

2

11.    "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12.    "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15.    "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17.    "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18.    "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20.    "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21.    "You," and "Your" shall mean the United States National Security Agency, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States National Security Agency; and any Person that the United States National Security Agency manages or controls.

22.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23.    The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24.    The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with,

4

involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and

Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

6

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.     If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.     In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.     If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.     All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.     If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits

9

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store, including Documents and Communications related to "Enhanced Visibility and Hardening Guidance for Communications Infrastructure" (https://www.cisa.gov/resources-tools/resources/enhanced-visibility-and-hardening-guidance-communications-infrastructure); for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps.

10

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to privacy or security risks resulting from proposed federal legislation titled the Open Markets Act (S.2710 and H.R.5017) or the American Innovation and Choice Online Act (S.2992 and H.R.3816), including all Documents and Communications relating to Your meeting with technology companies, including Apple, on June 30, 2022, regarding the American Innovation and Choice Online Act; for the avoidance of doubt, this Request does not seek the disclosure of any information classified under Executive Order 12958, as amended, or similar order.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| United States of America, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Office of the Director of National Intelligence, 1500 Tysons McLean Drive
McLean, VA 22102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004 (or electronically) | Date and Time:
12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/19/2025
_____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ K. Winn Allen
_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.     "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.     "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.     "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.     "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.     "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.     "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.     "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.     "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch

2

Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10.     "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11.     "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12.     "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13.     "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14.     "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15.     "You" and "Your" shall mean the Office of the Director of National Intelligence, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the Office of the Director of National Intelligence; and any Person that the Office of the Director of National Intelligence manages or controls.

16.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

18.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

4

3.      All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.      In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used

in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.     If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.     In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.     If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.     All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.     If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.     To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.     Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store; for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

8

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to privacy or security risks resulting from proposed federal legislation titled the Open Markets Act (S.2710 and H.R.5017) or the American Innovation and Choice Online Act (S.2992 and H.R.3816), including all Documents and Communications relating to Your meeting with technology companies, including Apple, on June 30, 2022, regarding the American Innovation and Choice Online Act; for the avoidance of doubt, this Request does not seek the disclosure of any information classified under Executive Order 12958, as amended, or similar order.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| United States of America, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Office of Management and Budget, 725 17th Street, NW
Washington, DC 20503

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004 (or electronically) | Date and Time:
12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/19/2025
_____

*CLERK OF COURT*

OR

_____          /s/ K. Winn Allen
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____ , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

7.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

8.      "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

9.      "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct

2

Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

10. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

11. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

12. "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

13. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

14. "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

15. "You" and "Your" shall mean the Office of Management and Budget, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the Office of Management and Budget; and any Person that the Office of Management and Budget manages or controls.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

17. The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

18. The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

19. The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

20. The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21. The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1. All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

4

3. All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4. In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5. These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6. If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7. If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8. If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what

5

construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.    If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.    In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.    If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15. In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the price of iPhone or other Smartphones offered by Smartphone manufacturers or telecommunications carriers, including historical consumer pricing data related to Smartphones; for the avoidance of doubt, this includes Smartphones offered by Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

8

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any prohibition or recommendation against acquiring Smartphones manufactured by any foreign entity, including Smartphones manufactured by Huawei or Xiaomi.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to the relative U.S. or global market share of each Smartphone manufacturer, including Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

9

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to the price of Apple Watch or other Wearables offered by Wearables manufacturers or telecommunications carriers, including historical consumer pricing data related to Wearables.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications relating to the relative U.S. or global market share of each Wearables manufacturer.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of New Jersey

| | |
|---|---|
| United States of America, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-cv-04055 (JXN-LDW) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Office of Personnel Management, 1900 E Street, NW
              Washington, DC 20415

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004 (or electronically) | Date and Time:<br>12/19/2025 11:59pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/19/2025

|                    *CLERK OF COURT*                    | OR | |
|---|---|---|
| | | /s/ K. Winn Allen |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Apple Inc.
                                                                          , who issues or requests this subpoena, are:

K. Winn Allen, 1301 Pennsylvania Ave., NW, Washington, DC 20004 winn.allen@kirkland.com 202-389-5078

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.     "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.     "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.     "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.     "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

2

11. "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12. "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15. "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16. "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17.     "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18.     "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19.     "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20.     "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21.     "You," and "Your" shall mean the United States Office of Personnel Management, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States Office of Personnel Management; and any Person that the United States Office of Personnel Management manages or controls.

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23.     The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24.     The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with,

4

involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25.    The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.    The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.    The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.    For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.    All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.    In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and

5

Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.     These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.     If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.     If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.     If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

6

9. If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10. If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11. In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12. If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13. All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14. If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15. In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.    Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.    To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.    Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits.

9

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show all policies, rules, or recommendations You have promulgated for employee or public use of Wearables, including with respect to brand of Wearable, permissible use of Wearables, Wearable privacy and security, and downloading and use of Apps for Wearables.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| United States of America, et al. | )  |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          United States Department of Commerce
             140 Constitution Avenue, NW, Washington, DC 20230

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached)

| Place: Gibson, Dunn & Crutcher LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504 | Date and Time:<br><br>12/19/2025 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/19/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Cynthia E. Richman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____ , who issues or requests this subpoena, are:
Cynthia E. Richman, Gibson, Dunn & Crutcher LLP, 1700 M Street, N.W.  Washington, DC 20036,
crichman@gibsondunn.com, (202) 955-8234

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.      "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

2

11.    "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12.    "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15.    "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18. "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19. "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20. "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21. "You," and "Your" shall mean the United States Department of Commerce, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments and divisions of the United States Department of Commerce; and any Person that the United States Department of Commerce manages or controls.

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23. The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24. The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with,

4

involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

### INSTRUCTIONS

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and

Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

10.     If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.     In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.     If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.     All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.     If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.     In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.     To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.     Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

8

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits.

9

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps, including Documents and Communications related to "Guidelines for Managing the Security of Mobile Devices in the Enterprise" (https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-124r2.pdf).

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

10

**REQUEST FOR PRODUCTION NO. 10:** All    Documents    and    Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT
for the

District of New Jersey  ⬇

United States of America, et al.

_____
*Plaintiff*

v.

Apple Inc.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       United States Department of Homeland Security, Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
*(Name of person to whom this subpoena is directed)*

   ✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: See Schedule A (attached)

| Place: Gibson, Dunn & Crutcher LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504 | Date and Time:<br><br>12/19/2025 11:59 pm |
|---|---|

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:     11/19/2025

                    CLERK OF COURT
                                                          OR

_____                    /s/ Cynthia E. Richman
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____ , who issues or requests this subpoena, are:

Cynthia E. Richman, Gibson, Dunn & Crutcher LLP, 1700 M Street, N.W.  Washington, DC 20036,
crichman@gibsondunn.com, (202) 955-8234

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-04055 (JXN-LDW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

2.      "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

3.      "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

4.      "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, including Teams and Slack, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

5.      "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

6.      "Cross-Platform Cloud Storage Apps" shall be defined as in the Complaints, including in Paragraph 120 of the DOJ Complaint.

7.      "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

8.      "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

9.      "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (Case No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

10.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

11.     "MDL Complaint" shall mean any consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.),

2

including the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B; the Indirect iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 85), attached hereto as Exhibit C; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D; each filed on July 30, 2025.

12. "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Samsung Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.

13. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

14. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

15. "Sideloading" shall mean the practice of installing an App onto a mobile device by any means other than using the App Marketplace provided by the manufacturer of the mobile device or the provider of the operating system for the mobile device, including, by direct download or by way of third-party App Marketplace.

16. "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

17. "Smartwatch" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

18.    "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

19.    "Wearables" shall be defined as in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

20.    "Web App" shall be defined as in the Complaints, including in Paragraph 43 of the DOJ Complaint.

21.    "You" and "Your" shall mean the United States Department of Homeland Security, its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as departments, divisions, and units of the United States Department of Homeland Security; and any Person that the United States Department of Homeland Security manages or controls.

22.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

23.    The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

24.    The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

25.     The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

26.     The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

27.     The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

## **INSTRUCTIONS**

1.     All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol attached hereto as Exhibit E.

2.     For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.     All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.     In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping.  Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden.

6

10.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.    In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.    If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Section VI of the ESI Protocol attached hereto as Exhibit E.

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order attached hereto as Exhibit F.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.    In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with Apple in advance of productions.

16.    Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.    To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.    Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents sufficient to show Smartphones or Wearables purchased or acquired by You or for use by Your employees, including Documents showing the make and model of Smartphones purchased or acquired, dates of purchase or acquisition, quantity of Smartphones purchased or acquired, and price of Smartphones purchased or acquired.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to Smartphone or Wearables procurement by You or for use by Your employees, including all agreements, requests for proposal, requests for quotation, and bidding materials received from or sent to Smartphone manufacturers or telecommunications carriers for acquisition of Smartphones.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relied upon or used by You in evaluating potential Smartphones or Wearables or deciding to acquire or recommend acquisition of any particular make or model of Smartphone or Wearable.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to the reasons that You have purchased or recommended the purchase of any particular make or model of Smartphone or Wearable for use by Your employees, as well as any comparisons among Smartphones or Wearables that you considered purchasing.

**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications relating to the price of iPhone or other Smartphones offered by Smartphone manufacturers or telecommunications carriers, including historical consumer pricing data related to Smartphones; for the avoidance of doubt, this includes Smartphones offered by Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 6:**   All Documents and Communications relating to any prohibition or recommendation against acquiring Smartphones manufactured by any foreign entity, including Smartphones manufactured by Huawei or Xiaomi.

**REQUEST FOR PRODUCTION NO. 7:**   All Documents and Communications relating to the relative U.S. or global market share of each Smartphone manufacturer, including Apple, Samsung, Google, Huawei, Lenovo, Motorola, and Xiaomi.

**REQUEST FOR PRODUCTION NO. 8:**   All Documents and Communications relating to guidance recommending use of Smartphones or Smartphone Apps with particular privacy or security benefits, including Documents and Communications relating to the Mobile Communications Best Practices Guidance published by the Cybersecurity and Infrastructure Security Agency (https://www.cisa.gov/sites/default/files/2024-12/guidance-mobile-communications-best-practices.pdf), and the publication titled "Enhanced Visibility and Hardening Guidance for Communications Infrastructure" published jointly by the Cybersecurity and Infrastructure Security Agency, the National Security Agency, the Federal Bureau of Investigation, and several foreign government agencies (https://www.cisa.gov/resources-tools/resources/enhanced-visibility-and-hardening-guidance-communications-infrastructure).

**REQUEST FOR PRODUCTION NO. 9:**   All Documents and Communications relating to any policies regarding Smartphone Messaging Apps or Super Apps that are approved or disapproved for use by Your employees, including the reasons for their approval or disapproval.

**REQUEST FOR PRODUCTION NO. 10:**  All    Documents    and    Communications relating to concerns about the use of Smartphones running versions of any operating system other than iOS, including Android, or using any App Marketplaces other than the Apple App Store, including Documents and Communications relating to the "Study on Mobile Device Security," dated   April   2017   (https://www.dhs.gov/sites/default/files/publications/DHS%20Study%20on%20Mobile%20Device%20Security%20-%20April%202017-FINAL.pdf); for the avoidance of doubt, this Request calls for Documents and Communications related to consumer complaints or concerns as well as any security incidents involving Android Smartphones or Smartphone Apps.

**REQUEST FOR PRODUCTION NO. 11:**  All    Documents    and    Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to the privacy or security risks regarding Sideloading or use of Web Apps, including Documents and Communications relating to the Mobile Communications Best Practices Guidance published by the Cybersecurity and Infrastructure Security Agency (https://www.cisa.gov/sites/default/files/2024-12/guidance-mobile-communications-best-practices.pdf) and the "Study on Mobile Device Security," dated April 2017 (https://www.dhs.gov/sites/default/files/publications/DHS%20Study%20on%20Mobile%20Device%20Security%20-%20April%202017-FINAL.pdf).

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications, including any studies, Reports, evaluations, assessments, guidance, or other analyses, relating to privacy or security risks resulting from proposed federal legislation titled the Open Markets Act (S.2710 and H.R.5017) or the American Innovation and Choice Online Act (S.2992 and H.R.3816), including all Documents and Communications relating to Your meeting with technology companies, including Apple, on June 30, 2022, regarding the American Innovation and Choice Online Act; for the avoidance of doubt, this Request does not seek the disclosure of any information classified under Executive Order 12958, as amended, or similar order.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications reflecting any privacy or security considerations that You have weighed in evaluating, implementing, or recommending any policies, procedures, or guidance regarding selection or use of Smartphones or Wearables by Your employees, other federal employees, or the public, including Documents concerning Smartphone privacy and security.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications reflecting any privacy or security considerations that You considered in evaluating, implementing, or recommending any policies or procedures regarding selection or use of web browsers by federal officers and employees, including policies or procedures related to the use of Safari or Chrome.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications relating to any decision by You to maintain an account with the Apple Developer Enterprise Program, including the App Marketplaces, Apps, or functionalities offered to Your employees through Your participation in the Program, including any limitations on access to App Marketplaces, Apps, or functionalities imposed by You or others.

12

**REQUEST FOR PRODUCTION NO. 16:** All Documents and Communications relating to the price of Apple Watch or other Wearables offered by Wearables manufacturers or telecommunications carriers, including historical consumer pricing data related to Wearables.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and Communications relating to the relative U.S. or global market share of each Wearables manufacturer.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show all policies, rules, or recommendations You have promulgated for employee or public use of Wearables, including with respect to brand of Wearable, permissible use of Wearables, Wearable privacy and security, and downloading and use of Apps for Wearables.