**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.,* | |
| *Plaintiffs,* | **Case No. 2:24-cv-04055 (JXN-LDW)** |
| vs. | |
| **APPLE, INC.,** | |
| *Defendant.* | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR**
**A LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION TO**
**SAMSUNG ELECTRONICS CO., LTD.**
**IN THE REPUBLIC OF KOREA**

Apple has asked the Court to invoke the complex and time-consuming foreign judicial process under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad (the "Hague Convention") to obtain documents from Samsung Electronics Co., Ltd. ("Samsung Electronics"), a South Korean company, even though Samsung Electronics operates in the United States through a domestic subsidiary company that is subject to normal federal-rules discovery. The foreign discovery requested here is not timely and is unlikely to return information before the close of fact discovery.

Apple's decision to wait nine months into discovery to ask this Court to invoke time-consuming foreign judicial process is unexplainable. Discovery in this matter opened in June 2025, almost a year ago, and Apple immediately began serving subpoenas on third parties. However, Apple waited until January 30, 2026—more than six months later—to serve a subpoena on Samsung Electronics America, Inc. ("Samsung America"). Apple then waited eight

1

more weeks—until April 7, 2026 to file its motion for issuance of a letter of request to Samsung Electronics in the Republic of Korea.  *See* Dkt. 413-1.

Any excuse Apple could offer for its nine-month delay is unavailing given that:

- The role of Samsung in this dispute has been readily apparent since the United States filed its Complaint in March 2024.  *See* Dkt. 1 at 59 ("Three device manufacturers, Apple, Samsung, and Google, account for approximately 94 percent of all smartphones by revenue in the United States."); *see also* Dkt. 413-1 at 1 ("Evidence from Samsung is squarely relevant to almost every disputed issue in this litigation"). Indeed, Apple characterizes Samsung as "the principal purported victim of Apple's alleged conduct," as set out in the Plaintiffs' complaint.  Dkt. 413-1 at 1.

- The motion is predicated on Apple's claim that "Samsung Electronics, Samsung's parent entity headquartered in the Republic of Korea, may be the exclusive custodian for some of the highly relevant evidence sought from Samsung." Dkt. 413-1, at 6. But Apple knew this when fact discovery opened in June 2025.  As Apple admits, it has been down this road before—and faced the very same issues—in other antitrust matters where Apple was a defendant and sought third-party discovery from Samsung America.  *Id.* at 10 ("In past litigation, Samsung America has represented that some documents could only be obtained from Samsung Electronics, ….") (citing, e.g., *Cameron v. Apple Inc.*, No. 19-cv-3074 (N.D. Cal.), Samsung Elecs. Am., Inc.'s Opp. to Apple Inc.'s Mot. to Compel, Dkt. 103, at 1); *id.* at 14 (citing, e.g., same, at 22).

In the Amended Scheduling Order, the Court granted Apple's request to extend fact discovery through January 29, 2027, but maintained that "[n]o fact discovery shall be issued or engage in beyond that date, except upon application and for good cause shown."  Dkt. 408, at 1.

That leaves a maximum of nine months for the Letter of Request to be executed prior to the close of discovery—an outcome which, though it may be possible, is not probable.[1]  Apple itself underscores "the 'time consuming' nature of discovery under the Hague Evidence Convention," and acknowledges the tension that process would create "in light of the discovery timeline in this case." Dkt. 413-1, at 4–5.

<u>CONCLUSION</u>

Plaintiffs take no position on whether the Court should issue the Letter of Request. However, should the Court grant Apple's motion and issue the Letter of Request, Apple alone should bear the risk that some or all of the evidence it seeks from South Korea may not return in time.  Under no circumstances should the complex and time-consuming foreign judicial process under the Hague Convention be grounds for further extending the close of fact discovery or otherwise delay trial in this matter—particularly in light of Apple's decision to wait nine months before filing its motion.

Dated: April 20, 2025

Respectfully submitted,

*s/ Jonathan Lasken*
Jonathan Lasken
Assistant Chief
Anti-Monopoly and Collusion Enforcement Section
United States Department of Justice
Antitrust Division

---

[1] The National Court Administration, which serves as the Central Authority for Letters of Request in the Republic of Korea, provides public data on the time it takes to execute Letters of Request in South Korea. *See* Hague Conference on Private International Law, Republic of Korea - Central Authority & Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=846 (last accessed Apr. 15, 2026). Of the 40 letters of request received in 2012, 2014, and 2018 (the most recent survey years), the Administration reports having completed only 11—less than 30%—within 12 months. *Id.*

3

450 Fifth St. NW, Ste. 8600
Washington, DC 20530
Tel: (202) 598-6517
Jonathan.Lasken@usdoj.gov

*Attorney for Plaintiff United States*

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br>***et al.,***<br><br>    *Plaintiffs,*<br>vs.<br><br>**APPLE, INC.,**<br><br>    *Defendant.* | **Case No. 2:24-cv-04055 (JXN-LDW)** |

**CERTIFICATE OF SERVICE**

I hereby certify that the above response and this Certificate of Service were served upon

defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allen, Esq., and K.

Winn Allen, Esq. 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on

April 20, 2026.

        *s/ Jonathan Lasken*
        Jonathan Lasken
        Assistant Chief
        Anti-Monopoly and Collusion Enforcement Section
        United States Department of Justice
        Antitrust Division
        450 Fifth St. NW, Ste. 8600
        Washington, DC 20530
        Tel: (202) 598-6517
        Email: Jonathan.Lasken@usdoj.gov

        *Attorney for Plaintiff United States*