

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

May 26, 2026

**VIA ECF**

Honorable Julien Xavier Neals, U.S. District Judge
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> **Re:** ***United States of America, et al. v. Apple Inc.,*** **No. 2:24-cv-04055 (JXN-LDW)**
> **Special Discovery Master Appointments**

Dear Judge Neals:

The United States and Plaintiffs States (collectively "Plaintiffs") write in response to the Court's memorandum to the parties on May 5, 2026, ECF No. 431, stating its intent to appoint Jose L. Linares, U.S.D.J. (ret.), Ronald J. Hedges, U.S.M.J. (ret.), and Peter F. Bariso, Jr., A.J.S.C. (ret.) as special discovery masters in the above-captioned case as well as the related MDL.[1] Plaintiffs consent to these appointments. At the same time, Plaintiffs wish to bring to the Court's attention important considerations regarding the use of special masters in these two complex matters. As the Court contemplates a forthcoming appointment order, Plaintiffs urge the Court to implement procedures that strike the proper balance between efficiency and ensuring judicial review of important issues. The Court should also clearly delineate the funding mechanism to ensure that scarce taxpayer resources are not used to finance adjudication of disputes that solely relate to the MDL.

> **I.      Plaintiffs Consent to the Appointment of the Three Proposed Special Masters.**

Plaintiffs consent to the appointments of Judge Linares, Judge Hedges, and Judge Bariso as special masters in this matter. All three candidates possess the experience and qualifications necessary for this role. Plaintiffs understand that each candidate will file an affidavit disclosing their relationships to the parties, attorneys, action, or the Court, including prior mediations with Apple, if any, as required by Rule 53(a)(2) and (b)(3)(A) of the Federal Rules of Civil Procedure.

---

[1] The Court ordered the Parties to respond 20 days from May 25, 2026. As that day falls on a federal holiday, per Fed. R. Civ. P. 6, the deadline is May 26, 2026.

Plaintiffs have considered the fact, brought to the parties' attention by Apple, that Judge Linares's son is a partner at Walsh Pizzi O'Reilly Falanga ("Walsh Pizzi"), which represents Apple in both Plaintiffs' case and the related MDL before the Court. Such a relationship potentially could implicate 28 U.S.C. § 455.[2] That statute requires disqualification of a judge or special master when "[h]e or his spouse, or a person within the third degree of relationship to either of them" is known by the judge or special master "to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(iii). Some courts have held that disqualification is warranted where a judge's relative is a partner at a law firm representing a party in a matter, *see Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1113-14 (5th Cir. 1980), while others have rejected a *per se* recusal requirement for this scenario, *see Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996).

Apple has represented that Judge Linares's son is not involved with the *Apple* litigations in any way. With that understanding, and because of the circumscribed duties of a special master, Plaintiffs do not object to the appointment of Judge Linares. Walsh Pizzi has agreed to put appropriate safeguards into place, committing in writing that (i) Judge Linares' son will not become involved in Plaintiffs' case and the related MDL matter as long as his father serves as a special master; (ii) the firm will implement firewalls and other safeguards to ensure that Judge Linares' son is not exposed to any information about Plaintiffs' case and the related MDL matter; and (iii) if Judge Linares' son were to change firms while Plaintiffs' case is pending, Walsh Pizzi will inform the parties of Judge Linares' son's new firm so that they may reconsider their consent to his continued service as special master. Subject to these safeguards, Plaintiffs are confident that Judge Linares will discharge his duties fairly and impartially.

## II.     The Special Master Procedures Should Balance Efficiency with the Need for Judicial Review of Key Issues.

Plaintiffs urge the Court to utilize the special discovery masters in a manner that balances efficiency considerations with the need for judicial review of key issues. Integrating three experienced special discovery masters into the *Apple* matters may promote efficiency in resolving discovery disputes and reduce the burden on the Court, but the appeal process also may lead to delay. Delay is an acute concern for Plaintiffs and U.S. consumers as a whole, as Congress has directed that antitrust enforcement actions to stop ongoing harm be treated with special urgency by both the parties and courts. *See United States v. Dentsply*, 190 F.R.D. 140, 145 (D. Del. 1999) (noting "congressional recognition of the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct"); *United States v. Agri Stats, Inc.*, 2024 WL 3061570, at *5 (D. Minn. May 17, 2024) ("The United States, unlike private plaintiffs who seek damages, has the responsibility of protecting the public from anticompetitive behavior by seeking speedy injunctive relief when it finds a violation of antitrust law.").

While the parties have due process rights with respect to the Court's review of determinations by the special masters, the Court may wish to consider streamlined procedures for

---

[2] 28 U.S.C. § 455 applies to special masters. *See* Fed. R. Civ. P. 53(a)(2).

routine discovery rulings (such as disputes over search terms, deposition dates, or document custodians). More complicated or fundamental disputes—for example those concerning the relevance of evidence underlying the claims or Apple's broad requests for discovery from federal agencies including those handling sensitive national security matters—may require direct involvement by the Court. Direct appeals to Your Honor may promote such efficiency. Further, for efficiency and cost purposes, Plaintiffs urge the Court to adopt parameters on briefing lengths and schedules.

### III.    The Court Should Clearly Delineate the Funding Mechanism for the Special Masters.

The Court should recognize the need for judicious use of the public fisc when adopting funding mechanisms for the special masters. Rule 53 requires the Court's order appointing the special masters to state "the basis, terms, and procedure for fixing the master's compensation." Fed R. Civ. P. 53(b)(2)(E). Carefully crafted funding provisions are especially important here, as the Court intends to assign the three special masters to both Plaintiffs' case and the MDL. Plaintiffs are willing to fund their appropriate share of special master expenses. However, taxpayer funds should not be allocated for special master expenses relating only to the private actions in the MDL.

The parties are working through these considerations in negotiating a proposed appointment order.

Respectfully submitted,

*/s/   Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

*Attorney for Plaintiff United States of America*

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101

3

Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA et al., *Plaintiff*, v. APPLE INC. *Defendants*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

I hereby certify that the above letter and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allon, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on May 26, 2026.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*