**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.,* | Case No. 2:24-cv-04055 (JXN-LDW) |
| *Plaintiffs*, | |
| v. | **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL** |
| APPLE INC., | |
| *Defendant.* | *Filed Electronically* |

Pursuant to Local Civil Rule 5.3(c), Defendant Apple Inc. ("Apple") submits these proposed findings of fact and conclusions of law in support of sealing limited portions of the parties' May 13, 2026, Joint Letter filed in advance of the May 27 Status Conference (the "Joint Letter") (Dkt. No. 434) (collectively, "Confidential Information").

Under Local Civil Rule 5.3(c), a motion to seal or otherwise restrict public access may be granted upon a showing of:

(a)    the nature of the materials or proceedings at issue;

(b)    the legitimate private or public interest which warrants the relief sought;

(c)    the clearly defined and serious injury that would result if the relief sought is not granted; and

(d)    why a less restrictive alternative to the relief sought is not available.

Local Civ. R. 5.3(c)(3).

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support granting Apple's Motion to Seal the Confidential Information.

**I.      The Nature of the Materials or Proceedings at Issue**

**A.      Findings of Fact**

1.      Apple operates in an intensely competitive environment. Therefore, Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. Similarly, bad actors may exploit non-public information to harm Apple or its users. As such, Apple takes extensive measures to protect the confidentiality of its information. (Walsh Decl.[1] ¶ 4).

The Confidential Information is before the Court in connection with a joint status and discovery dispute letter in which the parties discuss disputes related to Plaintiffs' Rule 30(b)(6) deposition of Apple regarding Apple's data. The Confidential Information reflects Apple's non-public, proprietary, and/or competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that Apple treats as confidential and proprietary generally. Particularly, the Confidential Information contains names of Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases. (Walsh Decl. ¶¶ 5, 7).

2.      Additionally, the Confidential Information reflects information that Apple has designated as "Confidential" and/or "Highly Confidential" pursuant to the Discovery Confidentiality Order, entered by this Court on February 19, 2025 (Dkt. No. 235) ("DCO").

**B.      Conclusions of Law**

3.      Given the private nature of discovery, the Third Circuit has held that "discovery

---

[1] "Walsh Decl." refers to the Declaration of Liza M. Walsh on behalf of Apple in support the Motion to Seal, submitted herewith.

materials filed as part of a discovery motion generally are not subject to the common law right of access." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-05275, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016) (Wettre, J.); *cf. N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 435 (3d Cir. 2016) ("the filing of a document does not, on its own, bring that document within the common law right of access."). And courts may generally restrict public access to certain documents by allowing them to be sealed where "the material is the kind of information that courts will protect," *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)), and there is a showing that "good cause" exists to protect the materials and information at issue, *JJD Elec., LLC v. SunPower Corp., Sys., et al.*, 738 F. Supp. 3d 569, 576 (D.N.J. 2024)), *appeal docketed*, No. 25-2700 (3d Cir. Sept. 4, 2025) (internal citations and quotations omitted); *see also Alchem USA Inc. v. Cage*, No. 21-2994, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022).

5.      Fed. R. Civ. P. 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See In re Avandia Mktg.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Pearson Educ., Inc. v. Chegg, Inc.*, No. 21-16866, 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) (granting motion to seal information regarding the structure and function of a party's proprietary database, and trade secret and other information contained in the database); *In re Fosamax (Alendronate Sodium): Prods. Liab. Litig.*, No. 08-08, 2013 WL 12174178, at *2-3 (D.N.J. Aug. 16, 2013) (granting motion to seal party's

3

commercially sensitive internal business practices and databases).

6.      Good cause to seal relevant materials "exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *JJD Elec., LLC*, 738 F. Supp. 3d at 576 (quoting *Securimetrics*, 2006 WL 827889, at *2).

## II.    The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A.    Findings of Fact

7.      The Confidential Information reflects information that Apple considers confidential and proprietary. (Walsh Decl. ¶¶ 4–5).

8.      Counsel for Apple has submitted a Declaration stating that Apple has an interest in not publicly disclosing this information and relies on such information to advance its business strategies and to maintain a competitive advantage. (*See generally* Walsh Decl.).

9.      Commercially sensitive and proprietary information, such as non-public information and/or analyses related to Apple's business information, strategies, and upcoming plans, from which competitors could identify Apple's business strategies and interests, would threaten and harm Apple's competitive standing in the marketplace. Specifically, the information at issue references Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases. *See id.* ¶¶ 4–5. This Court sealed documents and materials containing similar information on February 4, 2026, and April 7, 2026. *See* Dkt. Nos. 370 & 410.

10.     Apple has a legitimate interest in ensuring that its confidential, proprietary, non-public information remains undisclosed. If this information were to become available, competitors

4

could and would likely use that information against Apple in the highly competitive marketplace. Therefore, to ensure its interests are protected, Apple seeks to seal only limited portions of the documents at issue. (*See generally* Walsh Decl.).

**B.    Conclusions of Law**

11.    Courts have recognized that the presumption of public access is not absolute and may be rebutted. *In re Avandia Mktg.*, 924 F.3d at 672 (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *United States v. Janssen Therapeutics*, 795 F. App'x 142, 145-46 (3d Cir. 2019) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

12.    Courts may deny access to and seal documents, or parts of those documents, that are discovery materials filed as part of a discovery motion. *City of Sterling Heights*, 2016 WL 234838, at *1. Courts may also deny access to and seal documents when they encompass business information that might harm a litigant's competitive standing. *See In re Avandia Mktg.*, 924 F.3d at 679; *Littlejohn*, 851 F.2d at 678 (citations omitted).

13.    Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

5

**III.    The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted**

        **A.    Findings of Fact**

14.    The disclosure of the Confidential Information, which includes and/or references Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases, poses a substantial risk of harm to Apple's legitimate proprietary interests and competitive position. (Walsh Decl. ¶¶ 4, 8).

15.    Without having invested the necessary time, money, and resources, competitors would improperly benefit from the disclosure of this information as they would gain insight into new and unannounced products or services Apple is developing, the types of analyses Apple performs to measure and enhance its business performance, the kind of information Apple tracks, and how it chooses to store and use that information for further advancement of its business. Competitors are likely to use this information to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage. This would harm Apple by depriving it of the benefits of its investments and permit competitors to unfairly undercut or otherwise counter Apple's commercial performance and future development. (*Id.* ¶ 8).

16.    Accordingly, Apple would suffer financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information reflected in the Confidential Information be publicly disclosed, and used by others, including Apple's competitors, in contravention of the terms of the DCO. (*Id.*).

**B.      Conclusions of Law**

17.      This Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

18.      Protection of a party's interest in confidential commercial information is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

**IV.    Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

**A.      Findings of Fact**

19.      Once confidential information is disclosed to the public, it can never again be sealed or maintained as private.

20.      The disclosure of the Confidential Information would pose a financial and competitive risk to Apple. Apple has made a good faith effort to identify only the necessary and limited portions of information that should be sealed to protect Apple's interests, as opposed to proposing sealing of the documents at issue wholesale. Accordingly, the only way to protect Apple's interests is to seal the Confidential Information. (Walsh Decl. ¶¶ 8–9).

**B.      Conclusions of Law**

21.      Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. *See Publicker*, 733 F.2d at 1074. "Redacting [highly confidential or confidential] information, as opposed to sealing the records wholesale, represents the least restricting means available to protect the privacy interests at stake." *HomeSource, Corp. v. Retailer Web Servs., LLC*, No. 18-11970, 2024 WL 5245558, at *3 (D.N.J. Oct. 3, 2024) (quoting *McCowan v. City of Phila.*, No. 19-03326, 2021 WL 3737204, at *5 (E.D. Pa. Aug. 24, 2021)); *Costa v. Cnty. of Burlington*, No. 07-904, 2010 WL

7

11566091, at *2 (D.N.J. July 7, 2010) (finding that "by redacting the documents—as opposed to sealing the exhibits wholesale—[the plaintiff] used the least restrictive means available").

22.    Apple only seeks to seal the specific and limited portions of the documents at issue, which if disclosed would cause Apple and its users harm as described above. Proposed redactions of the Confidential Information have been filed on the docket concurrent with this submission.

Dated: May 27, 2026

Respectfully submitted,

*s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

*OF COUNSEL* (admitted *pro hac vice*):
Craig S. Primis, P.C.
Matthew J. Reilly, P.C.
K. Winn Allen, P.C.
Luke P. McGuire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-5967

Cynthia E. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.

Washington, DC 20036
(202) 955-8500

Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 219-7000

Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200

*Attorneys for Defendant Apple Inc.*