Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100

*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                    *Plaintiffs*,<br><br>        v.<br><br>APPLE INC.,<br><br>                    *Defendant*. | Case No. 2:24-cv-04055<br>(JXN-LDW)<br><br>**DECLARATION OF<br>LIZA M. WALSH**<br><br>*Filed Electronically* |

I, Liza M. Walsh, hereby declare and state as follows:

1.      I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Apple Inc. ("Apple") in connection with the above-captioned matter. I am familiar with the facts set forth herein as well as the categories and types of information that Apple keeps confidential. I am also familiar with the harm that Apple would sustain if its confidential information were to become public. I have personal knowledge of the facts set forth in this Declaration.

I submit this Declaration on behalf of Apple in support of the Motion to Seal (the "Motion") limited portions of the parties' May 13, 2026, Joint Letter filed in advance of the May 27 Status Conference (the "Joint Letter") (Dkt. No. 434) (the "Confidential Information").

2.      In support of the Motion, Apple prepared an Index identifying the specific portions of the relevant documents Apple seeks to maintain under seal and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

3.      Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. Similarly, bad actors may exploit non-public information to harm Apple. As such, Apple takes extensive measures to protect the confidentiality of its information.

4.      Apple requests sealing of the Confidential Information that reflects Apple's non-public, proprietary, and/or competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that Apple treats as confidential and proprietary generally. In particular, the Confidential Information includes and/or references Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases.

5.      The Confidential Information Apple seeks to seal reflects information that Apple designated as "Highly Confidential" pursuant to the Discovery Confidentiality Order, entered by this Court on February 19, 2025 (Dkt. No. 235) ("DCO").

6. The Confidential Information is before the Court in connection to a joint status and discovery dispute letter in which the parties discuss disputes related to Plaintiffs' Rule 30(b)(6) deposition of Apple relating to Apple's data. *See* Dkt. No. 434.

7. There is a substantial public interest in ensuring that the nonpublic highly proprietary information remains confidential and does not become public at a later date.

8. Apple would suffer a clearly defined, substantial, and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information reflected in the Confidential Information be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Apple's non-public business information and would likely use the confidential information to enhance their own business operations, better their market and negotiation positions, and cause Apple competitive harm.

9. There is no less restrictive alternative other than sealing the Confidential Information, as set forth in the Index submitted concurrently herewith. Apple's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

WALSH PIZZI O'REILLY FALANGA LLP

Dated: May 27, 2026

*s/Liza M. Walsh*
Liza M. Walsh

3

# EXHIBIT 1

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
|  | **Joint Status and Discovery Dispute Letter filed in advance of the May 27 Status Conference, dated May 13, 2026 (Dkt. No. 434)** | | | | | | |
| 1 | 15 | • Section C, after "as to Apple's" and before "Plaintiffs' Position"<br><br>• after "about Apple's use of" and before "in response to Topic No. 3"<br><br>• after "limited to the …" and before "….For each such database" | Apple requests redaction of this text because it relates to competitively sensitive aspects of Apple's business and Apple's internal databases, descriptions of the information Apple maintains in those databases, how Apple uses the information in those databases, and the names and descriptions of reports produced using that information from those databases. This is the type of business information that Apple maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would reveal to competitors and potential bad actors details regarding Apple's confidential proprietary, commercial, and competitively sensitive business information. In addition, the Confidential Information reflects information that Apple designated as "Confidential" or "Highly Confidential" pursuant to the Discovery Confidentiality Order, entered by this Court on February 19, 2025 (Dkt. No. 235) ("DCO").<br><br>*See* Declaration of Liza M. Walsh ¶¶ 3–5 ("Walsh Decl.") | If filed on the public docket, Apple would suffer a clearly defined, substantial and specific harm, including but not limited to financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the non-public, confidential, proprietary, commercial, and competitively sensitive business information reflected in the Confidential Information be publicly disclosed in contravention of the terms of the DCO or the Local Rules. Competitors would improperly and unfairly benefit from the disclosure of Apple's non-public business information and would likely use this information | Apple requests sealing only limited portions of documents that reflect its confidential information or non-public discovery information. Apple does not seek to seal any documents currently at issue wholesale. There is no less restrictive alternative other than sealing the Confidential Information. Apple's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information. | N/A – The substantive content to be redacted is similar to what the Court sealed in Order dated 2/4/2026 (Dkt. No. 370) and 4/7/2026 (Dkt. No. 410) | Plaintiffs take no position on the Motion to Seal. |

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| | | | | to enhance their market position and cause Apple competitive harm. *See* Walsh Decl. ¶ 8. | *See* Walsh Decl. ¶ 9. | | |

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| 2 | 16 | • after "testify to Apple's use of" and before "Materials Apple prepared"<br><br>• after "primary purposes of" and before "Dep. Ex. 16 at 12."<br><br>• after "indicate that Apple uses" and before ".10  Because these issues"<br><br>• after "testimony on Apple's use of" and before ", so they can determine"<br><br>• after "whether Apple uses" and before "(264<br><br>• after "whether Apple uses" and before "Apple's witness also testified"<br><br>• after "on the uses of" and before | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Plaintiffs take no position on the Motion to Seal. |

| Entry No. | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | "Rule 30(b)(6) requires a corporate party" | | | | |

4

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| 3 | 17 | • after "Apple's witness testified about" and before "financial databases during"<br><br>• after "was designated—" and before "—makes clear that Apple"<br><br>• after "on the company's use of" and before "to answer questions in a full"<br><br>• after "entitled to testimony about" and before "from a prepared corporate"<br><br>• after "Plaintiffs' questions about" and before "last night at 9<br><br>• after "the company's use of" and before "These | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Plaintiffs take no position on the Motion to Seal. |

| Entry No. | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | responses from counsel"<br><br>• after "into how Apple uses" and before "and then ask whether Apple maintains"<br><br>• "witness about Apple's use of" and before "including its primary purposes"<br><br>• after "including on the use of" and before ".14  Apple must produce"<br><br>• after "on the company's use of" and before "To facilitate an efficient" | | | | | |

6

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| 4 | 18 | • after "detailed questions about" and before "data sources for 11 hours"<br><br>• after "use of each system—" and before "Apple has produced"<br><br>• after "three data samples from" and before "—including two directly"<br><br>• after "also agreed to produce" and before "Plaintiffs' experts will"<br><br>• after "300 questions posed about" and before ") that Plaintiffs claim"<br><br>• (n.16) after "conceded their questions regarding" and before "were responsive to their" | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Plaintiffs take no position on the Motion to Seal. |

7

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| 5 | 19 | • after "primary purposes for which ["" and before ""] is used by"<br><br>• after "regarding the 'primary purposes' of" and before "". In"<br><br>• after "witness met with three" and before "experts. 4/29/26 Dep Tr. at 22<br><br>• after "primary purposes of" and before "," the witness answered"<br><br>• after "the witness answered that" and before "4/29/26 Dep. Tr. at 262<br><br>• after "worked with" and before "experts to prepare"<br><br>• after "'primary purposes of use' | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Plaintiffs take no position on the Motion to Seal. |

8

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| | | for" and before "Ex. 16 at 12." | | | | | |
| | • | after "about specific uses of" and before "go beyond the reasonable scope" | | | | | |

9

| Entry No. | Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|
| 6 | 20 | • after "the primary purposes for which" and before "is used was one"<br><br>• after "the following data sources<br><br>• after "detailed questions related to" and before "The most they did"<br><br>• after "from 'primary purpose' of" and before "to 'any and all use' of"<br><br>• after "'any and all use' of" and before "), but also to exceed" | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Plaintiffs take no position on the Motion to Seal. |

10