

## NATIONAL COURT ADMINISTRATION
REPUBLIC OF KOREA

219 SEOCHO-DAERO, SEOCHO-GU, SEOUL, KOREA, 06590
Tel: 82-2-3480-1734      Fax: 82-2-533-2824

June 15, 2026

**Your Ref**: No. 2:24-CV-04055 (D.N.J.)
**Our Ref**: 2026-D-424

Dear Sir/Madame:

Reference is made to the above case seeking international judicial assistance to take evidence. We are informing you that, pursuant to Article 5 of the HCCH 1970 Evidence Convention, the Letter of Request cannot be executed.

Under Article 23 of the Convention, the Republic of Korea has declared that it will not execute Letters of Request issued to obtain documents for pre-trial discovery purposes. Therefore, evidence requests must specify the materials sought in detail rather than broadly stating them as all-related documents.

Please let us know if we can provide any further assistance in this matter.

Sincerely,

**Jiyong Jang**
Director General for International Affairs
National Court Administration
Supreme Court of the Republic of Korea

# LETTER OF REQUEST

### Hague Convention of 18 March 1970 on the
### Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. | Sender | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America<br><br>This letter will be sent to the Republic of Korea central authority by the representatives of the defendant, with the Requesting Authority's permission. |
| 2. | **Central Authority of the Requested State** | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seoghu-gu<br>SEOUL 06590<br>Republic of Korea |
| 3. | **Person to whom the executed request is to be returned** | Cynthia E. Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C.  20036-4504<br>United States of America |
| 4. | **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request** | |
| | Date | June 30, 2026<br><br>In the event it is not possible to execute the letters by the date indicated, the Requesting Authority requests that the authorities of the Republic of Korea execute the letters as expeditiously as possible, and it will be receptive to evidence taken even after the date indicated. |
| | **Reason for urgency** | |

In conformity with Article 3 of the Convention, the undersigned applicant has the honour to submit the following request:

| | | |
|---|---|---|
| 5. a | **Requesting authority (Art. 3(a))** | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America |

| b | To the Competent Authority of (Art. 3(a)) | Republic of Korea |
|---|---|---|
| c | Names of the case and any identifying number | 1. United States of America, et al. v. Apple Inc., Case No. 2:24-CV-04055 (D.N.J.)<br>2. In re: Apple Inc. Smartphone Antitrust Litigation, No. 2:24-md-3113 (D.N.J.) |

| 6. | Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b)) | |
|---|---|---|
| a | Plaintiff | 1. United States of America; New Jersey; Arizona; California; Washington D.C.; Connecticut; Indiana; Maine; Massachusetts; Michigan; Minnesota; Nevada; New Hampshire; New York; North Dakota; Oklahoma; Oregon; Tennessee; Vermont; Washington; and Wisconsin<br><br>2. Shoshi Goldfus; Deanna Siano; James Collins; Deborah Collins; Joseph Giamanco; Eric Loewen; Alton Peacock; Jared Schermer; Thomas Bane; Pashen Bennett; Jemiah Duff; Miguel Gomez; Kiana Brown; Kenneth Hill; Jeffrey Burke; Charle Derr; Thomas Gorczynski; Susan Marie; David Love; Dana Bein; Joshua Hodges; David McNeal; Ken Leinbach; Nicole Arends; Nancy Cox; Andrea Mathieu; David Burleigh; Kori Lodi; and Joshua Roy |
| | Representatives | Jonathan H. Lasken<br>Assistant Chief, Civil Conduct Task Force<br>United States Department of Justice<br>450 Fifth Street, NW, Suite 4000<br>Washington, D.C. 20530 USA<br>Telephone: (202) 598-6517<br>Email: jonathan.lasken@usdoj.gov<br><br>MATTHEW J. PLATKIN<br>Attorney General of New Jersey<br>David H. Reichenberg<br>Section Chief, Antitrust<br>New Jersey Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101 USA<br>Tel: (609) 696-4686<br>Email: David.reichenberg@law.njoag.gov<br><br>FRAZAR THOMAS<br>Seeger Weiss LLP<br>325 Chestnut Street<br>Suite 917<br>Philadelphia, PA 19106 USA<br>Tel: (973) 639-9100<br>Email: fthomas@seegerweiss.com<br><br>DANIEL EPSTEIN<br>Korein Tillery LLC<br>205 North Michigan Avenue<br>Suite 1950<br>Chicago, IL 60601 USA<br>Tel: (312) 641-9750 |

|   |   |   |
|---|---|---|
| | c | Email: depstein@koreintillery.com<br><br>STANLEY KING<br>Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, IP.C.<br>1000 Haddonfield-Berlin Road<br>Suite 203<br>Voorhees, NJ 08043 USA<br>Tel: (856) 596-4100<br>Email: sking@lawjw.com |
| *b* | Defendant | Apple Inc.<br>One Apple Park Way<br>Cupertino, CA 95014 USA |
| | Representatives | Cynthia E. Richman (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W. USA<br>Washington, DC 20036<br>Tel.: (202) 955-8500<br>Email:   crichman@gibsondunn.com<br><br>Daniel G. Swanson (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 USA<br>Tel.: (213) 219-7000<br>Email:   dswanson@gibsondunn.com<br><br>Joseph R. Rose (pro hac vice)<br>Julian W. Kleinbrodt (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 USA<br>Tel.: (415) 393-8200<br>Email:   jrose@gibsondunn.com<br>          jkleinbrodt@gibsondunn.com<br><br>Connor S. Sullivan (pro hac vice)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (415) 351-4000<br>Email:   cssullivan@gibsondunn.com |
| *c* | Other parties | |
| | Representatives | Not applicable |

| | | | |
|---|---|---|---|
| 7. *a* | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Art. 3(c)) | Federal and state antitrust claims. |
| *b* | Summary of complaint | 1. Plaintiffs United States of America and the Attorney Generals of twenty States (collectively, the "Government Plaintiffs"), allege that Apple has engaged in anticompetitive practices in violation of federal and state antitrust laws. Specifically, Plaintiffs allege that Apple's product design and other decisions regarding third-party access to its products |

constitute unlawful conduct that maintains—or, alternatively, attempts to maintain—monopolies on smartphones and "performance smartphones" in violation of Section 2 of the Sherman Act and three states' antitrust statutes. The complaint alleges that Apple harms competition by two mechanisms: (1) "set[ting] the conditions for apps it allows on the Apple App Store through its App Store Review Guidelines," and (2) by deciding which iPhone features and application programming interfaces ("APIs") to make available to app developers. The complaint points to five purported "examples" of Apple using one or both of those mechanisms to regulate access by third-party technologies. First, the complaint alleges that Apple hampered the development of "super apps" by limiting the ways in which developers can categorize and display mini programs in the App Store and by limiting developers' access to Apple's in-app payment system. Second, the complaint challenges Apple's prior decision to allow streaming games on its platform only if those games were submitted as standalone apps for Apple's review. Third, the complaint claims that Apple does not enable third-party messaging apps to send and receive text messages on iPhone using the short message service ("SMS") protocol, to run in the background while the app is closed or, sometimes, to access iPhone's camera. Fourth, the complaint alleges that Apple does not allow third-party smartwatches paired with an iPhone to respond to iPhone notifications, maintain a Bluetooth connection in some circumstances, or receive messages using their own cellular connections without disabling iMessage. Fifth, the complaint criticizes Apple's decision to allegedly not allow other digital wallet apps to access the iPhone's near-field communication antenna to enable tap-to-pay or to serve as alternatives to certain Apple payment methods. The complaint asserts that Apple has "deployed a similar playbook" with respect to other third-party apps and services. The complaint alleges that Apple's alleged conduct has prevented "rivals," including Samsung, from competing in the smartphone and "performance smartphone" markets.

2. Plaintiffs in In re: Apple Inc. Smartphone Antitrust Litigation, No. 2:24-md-3113 (D.N.J.), consist of three groups: the Direct iPhone Purchaser Plaintiffs, the Indirect iPhone Purchaser Plaintiffs, and Watch Plaintiff ("MDL Plaintiffs"). The Direct and Indirect iPhone Purchaser Plaintiffs bring claims under Section 2 of the Sherman Act and various state laws, alleging that Apple leverages its alleged control over developers in several aftermarkets ("super" apps, "cloud-streaming" apps, messaging apps, smartwatches, and digital wallets) in order to maintain a monopoly over smartphones, for which Apple purportedly charges supracompetitive prices. Watch Plaintiff brings claims under Sections 1 and 2 of the Sherman Act and state laws, claiming that Apple monopolizes an alleged iOS-connected smartwatch market, enabling it to charge supracompetitive prices for Apple Watch. According to Watch Plaintiff, Apple accomplishes this through three principal means: (1) by allegedly depriving smartwatch competitors of key technologies by refusing to license to them Apple's private messaging-, notification-, and wallet-related APIs; (2) by declining to cooperate with rival watchmakers by delaying approval of their apps needed for pairing the smartwatch and smartphone and refusing to authorize certain apps that advertise or promote competitor smartwatches; and

| | | | |
|---|---|---|---|
| | | | (3) by designing or updating its own iOS software in ways that limit interoperability for competitor smartwatches. |
| | c | Summary of defence and counterclaim* | Concerning Plaintiffs' antitrust claims, Apple argues that Apple competes on the merits, that its conduct is and was pro-competitive, and that it has neither intended to, attempted to, nor in fact monopolized the smartphone market. Apple has also articulated 10 affirmative defenses in response to the Government Plaintiffs' claims, including that, at all times, Apple's conduct was reasonable and its actions were undertaken in good faith to advance legitimate business interests; that Plaintiffs' claims are barred insofar as they make claims or seek remedies that conflict with Apple's rights under intellectual property law, that Plaintiffs lack standing to assert any or all of their claims, and that Plaintiffs have failed to allege any plausible harm to competition or consumers. Apple also argues that the MDL Plaintiffs' claims should be dismissed for failure to state a cognizable antitrust claim. |
| | d | Other necessary information or documents* | |

| | | | |
|---|---|---|---|
| 8. a | | Evidence to be obtained or other judicial act to be performed (Art. 3(d)) | The documents listed in Exhibit 1 to be produced by Samsung Electronics Co., Ltd. The mailing address of Samsung Electronics Co., Ltd. is as follows: Samsung Electronics Co., Ltd., 129 Samseong-ro, Yeongtong-gu Suwon, Gyeonggi, 16677 Republic of Korea The documents should be furnished as electronic copies. |
| | b | Purpose of the evidence or judicial act sought | The evidence sought pertains to (1) Samsung's competition with Apple in the smartphone, "performance smartphone," and smartwatch markets and (2) its practices regarding the five categories where Plaintiffs claim Apple limits third party access. With respect to Samsung's competition with Apple, the evidence is expected to show that Samsung competes vigorously with Apple and that Apple is not a monopolist. While the complaint distorts the ultra-competitive nature of the modern smartphone and smartwatch markets by focusing narrowly on Apple, it ignores the extent to which major smartphone and smartwatch manufacturers, like Samsung, compete effectively with Apple in the United States and globally. Evidence of Samsung's robust competition with Apple in the smartphone market is expected to show that Apple lacks the power to charge supra-competitive prices or to restrict smartphone output, meaning it cannot exercise monopoly power. The evidence sought with respect to the five categories of conduct is expected to show that any consumer or developer unhappy with Apple's design choices with respect to those categories could have simply switched to another device, including a Samsung device. Evidence regarding Samsung's pricing, sales, and marketing strategies will also undermine MDL Plaintiffs' contentions that Apple charges supracompetitive prices. This request is made in connection with an antitrust lawsuit brought by the United States Department of Justice and 16 |

|  |  |  |
|---|---|---|
|  | : | other state and district attorneys general. The Requesting Authority seeks specific, relevant records held by a third party located in the Republic of Korea that are material to the fair adjudication of the lawsuit and not reasonably obtainable from the defendant alone. Accordingly, the Requesting Authority believes it is in the interest of justice to allow the defendant to obtain the documents requested in this letter. |
| 9. | Identity and address of any person to be examined (Art. 3(e)) | Not applicable |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f)) | Not applicable |
| 11. | Documents or other property to be inspected (Art. 3(g)) | Exhibit 1 lists the documents to be produced. The Court has reviewed the list of documents and finds that they relate to the subject-matter of the lawsuit and call for evidence that may be material to the case. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h)) | Not applicable |
| 13. | Special methods or procedure to be followed (e.g., oral or in writing, verbatim transcript or summary, cross-examination, etc.) (Arts 3(i) and 9) | Not applicable |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7) | Cynthia E. Richman GIBSON, DUNN & CRUTCHER LLP 1700 M Street, N.W. Washington, D.C. 20036-4504 United States of America |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8) | Not applicable |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b)) | Attorney-Client Privilege, if applicable. |

| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | The defendant will bear the reimbursable costs associated with this request in accordance with the provisions of the Convention. Please contact the defendant's counsel at GIBSON, DUNN & CRUTCHER LLP, 1700 M Street, N.W., Washington, D.C. 20036-4504, United States of America, to make any necessary financial arrangements. |
|---|---|---|

| Date of request | 5/7/2026 |
|---|---|
| Signature and seal of the requesting authority | *Leda Dunn Wettre, USMJ* |

I hereby attest and certify on 5/7/2026
that the foregoing document is a full, true
and correct copy of the original on file in issued by
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

DEPUTY CLERK

# Exhibit 1: DOCUMENTS REQUIRED TO BE PRODUCED

1. Organizational charts showing the parent, subsidiary, and affiliate structure of Samsung Electronics Co., Ltd. ("SEC" and collectively with its parents, subsidiaries, and affiliates, "You").

2. Organizational charts showing names, roles, and reporting relationships of Senior Personnel[1] responsible for Your Smartphone, Wearable, App Marketplace, and/or Apps businesses.

3. Your policies on Document preservation and retention.

4. Policies governing information or document exchange between SEC and Samsung Electronics America, Inc. ("SEA").

5. Charters or bylaws regarding information or document exchange between SEC and SEA.

6. Internal reports between SEC and SEA concerning document production or litigation support from 2020 to 2025.

7. List of SEC's IT systems, shared platforms, or databases accessible by SEA.

8. Organizational charts showing overlapping or shared officers, directors, employees, or reporting lines between SEA and SEC.

9. Documents showing SEA's role as agent, representative, or intermediary for SEC in the United States.

10. List of litigation or arbitration in the United States that SEC initiated or defended.

11. List of Smartphone models produced or sold by You from 2020 to 2025, including detailed specifications and prices.

12. Reports concerning Your Smartphone business from 2020 to 2025.

13. Financial statements and audit reports relating to Your Smartphones from 2020 to 2025.

14. Contracts between You and U.S. wireless carriers and retailers related to Smartphones, from 2020 to 2025.

---

[1] "Senior Personnel" shall mean any current or former officer or employee of Samsung who holds, or held at any time relevant to this subpoena, a senior executive, officer, or managerial position, including but not limited to: (a) members of Your executive leadership or "C-suite" (including the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Technology Officer, Chief Information Officer, Chief Legal Officer, and any equivalent positions); (b) Presidents; (c) Executive Vice Presidents, Senior Vice Presidents, and Vice Presidents; (d) Directors; and (e) General Managers, as well as any other employee with comparable authority, responsibility, or decision-making power over corporate strategy, operations, finances, product development, data, or compliance

15. List of Wearable models produced or sold by You from 2020 to 2025, including detailed specifications and prices.

16. Reports concerning Your Wearables business from 2020 to 2025.

17. Financial statements and audit reports relating to Your Wearables from 2020 to 2025.

18. App Review guidelines concerning the Samsung Galaxy Store.

19. Model developer agreement concerning the Samsung Galaxy Store.

20. Terms and conditions for developers' use of the Samsung Galaxy Store.

21. Model license agreement concerning the Samsung Galaxy Store.

22. Terms and conditions for consumers' use of the Samsung Galaxy Store.

23. Reports concerning Samsung Galaxy Store from 2020 to 2025.

24. List of technical support You offer to App developers concerning development of Apps for the Samsung Galaxy Store.

25. List of tools You use in Your App Review process.

26. Reports concerning Samsung Pay from 2020 to 2025.

27. Reports concerning Samsung Gaming Hub from 2020 to 2025.

28. Reports concerning Digital Wallets from 2020 to 2025.

29. Reports concerning Smartphone games from 2020 to 2025.

30. Reports concerning Smartphone messaging apps from 2020 to 2025.

31. Reports concerning the adoption of RCS messaging by users of Your Smartphones from 2020 to 2025.

32. Your policies concerning Super Apps or Mini-Programs.

33. Reports concerning Super Apps or Mini-Programs from 2020 to 2025.

34. Market research related to Smartphones or Wearables.

35. Sales reports worldwide for all Your Smartphone and Wearables models from 2020 to 2025.

2

36. Reports concerning all Super Apps, Cloud Streaming Apps, Messaging Apps, Companion Apps, and Digital Wallets downloaded by users of Your Smartphones from 2020 to 2025.

37. Reports concerning all Apps on Your Galaxy Store from 2020 to 2025.

38. Documents produced by You to the United States Government, a United States court, or any litigants in *United States et al. v. Apple*, No. 2:24-cv-04055, the Investigation, *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), *United States v. Google LLC*, No. 20-cv-3010 (D.D.C), *In re Apple iPhone Antitrust Litigation*, No. 11-cv-06714 (N.D. Cal.), and *Epic Games v. Apple, Inc.*, No. 20-cv-5640 (N.D. Cal.).

39. Emails with third parties regarding government antitrust litigation against Apple.

40. Reports containing analysis of Apple's policies from 2020 to 2025.

3

424

## 사법공조 촉탁서

### 1970 년 3 월 18 일자 민사 또는 상사의 해외증거조사에 관한 헤이그 협약

| | | |
|---|---|---|
| 1. | 발신인 | Leda D. Wettre<br>미국 연방 치안판사<br>미국 뉴저지 연방지방법원<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America<br><br>본 촉탁서는 피고의 대리인들이 촉탁당국의 허가를 받아 대한민국 중앙 당국에 송부할 예정입니다. |
| 2. | 수탁국의 중앙 당국 | 법원행정처<br>수신인: 국제심의관<br>대한민국 (06590)<br>서울 서초구<br>서초대로 219 |
| 3. | 촉탁 집행결과 수신인 | Cynthia E. Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>United States of America |
| 4. | 촉탁 당국의 회신 수령 기한 | |
| | 일자 | 2026. 6. 30.<br><br>표시된 일자까지 촉탁서를 집행할 수 없는 경우, 촉탁 당국은 대한민국 당국이 촉탁서를 가능한 한 신속히 집행해 줄 것을 요청하며, 지정된 기한 이후에 수집된 증거에 대해서도 수용할 의사가 있습니다. |
| | 긴급 사유 | |

헤이그 협약 제 3 조에 따라, 하기 서명한 신청인은 다음과 같이 촉탁서를 제출함.

| 5. a | 촉탁 당국<br>(제 3 조 제(a)항) | Leda D. Wettre<br>미국 연방 치안판사<br>미국 뉴저지 연방지방법원<br>MLK Jr. Federal Building<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America |
|---|---|---|
| b | 수신 당국<br>(제 3 조 제(a)항) | 대한민국 |
| c | 사건명 및 식별번호 | 1. 미합중국 등 v. Apple Inc., 사건 번호 2:24-CV-04055 [뉴저지 지방법원(D.N.J.)]<br>2. Apple Inc. 스마트폰 반독점 소송 관련, 사건 번호 2:24-md-3113 [뉴저지 지방법원] |

| 6. | 당사자들 및 그 대리인(피요청국에서의 대리인 포함)의 성명 및 주소 (제 3 조 제(b)항) | |
|---|---|---|
| a | 원고 | 1. 미합중국; 뉴저지; 애리조나; 캘리포니아; 워싱턴 D.C.; 코네티컷; 인디아나; 메인; 매사추세츠; 미시간; 미네소타; 네바다; 뉴햄프셔; 뉴욕; 노스다코타; 오클라호마; 오리건; 테네시; 버몬트; 워싱턴; 및 위스콘신<br><br>2. Shoshi Goldfus; Deanna Siano; James Collins; Deborah Collins; Joseph Giamanco; Eric Loewen; Alton Peacock; Jared Schermer; Thomas Bane; Pashen Bennett; Jemiah Duff; Miguel Gomez; Kiana Brown; Kenneth Hill; Jeffrey Burke; Charle Derr; Thomas Gorczynski; Susan Marie; David Love; Dana Bein; Joshua Hodges; David McNeal; Ken Leinbach; Nicole Arends; Nancy Cox; Andrea Mathieu; David Burleigh; Kori Lodi; 및 Joshua Roy |
| | 대리인 | Jonathan H. Lasken<br>민사 집행 태스크포스 부부장(Assistant Chief, Civil Conduct Task Force) |

미 법무부(United States Department of Justice)
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530 USA
전화: (202) 598-6517
이메일: jonathan.lasken@usdoj.gov

MATTHEW J. PLATKIN
뉴저지주 법무장관(Attorney General of New Jersey)
David H. Reichenberg
반독점 부서장(Section Chief, Antitrust)
뉴저지주 법무장관실(New Jersey Office of the Attorney General)
124 Halsey Street, 5th Floor
Newark, NJ 07101 USA
전화: (609) 696-4686
이메일: David.reichenberg@law.njoag.gov

FRAZAR THOMAS
Seeger Weiss LLP
325 Chestnut Street
Suite 917
Philadelphia, PA 19106 USA
전화: (973) 639-9100
이메일: fthomas@seegerweiss.com

DANIEL EPSTEIN
Korein Tillery LLC
205 North Michigan Avenue
Suite 1950
Chicago, IL 60601 USA
전화: (312) 641-9750
이메일: depstein@koreintillery.com

STANLEY KING
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, IP.C.
1000 Haddonfield-Berlin Road
Suite 203
Voorhees, NJ 08043 USA
전화: (856) 596-4100
이메일: sking@lawjw.com

| | | |
|---|---|---|
| *b* | 피고 | Apple Inc.<br>One Apple Park Way<br>Cupertino, CA 95014 USA |
| | 대리인 | Cynthia E. Richman [본건에 한정하여 소송수행이 허가됨(pro hac vice)]<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W. USA<br>Washington, DC 20036<br>전화: (202) 955-8500<br>이메일: crichman@gibsondunn.com<br><br>Daniel G. Swanson [본건에 한정하여 소송수행이 허가됨]<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 USA<br>전화: (213) 219-7000<br>이메일: dswanson@gibsondunn.com<br><br>Joseph R. Rose [본건에 한정하여 소송수행이 허가됨]<br>Julian W. Kleinbrodt [본건에 한정하여 소송수행이 허가됨]<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 USA<br>전화: (415) 393-8200<br>이메일: jrose@gibsondunn.com<br>       jkleinbrodt@gibsondunn.com<br><br>Connor S. Sullivan [본건에 한정하여 소송수행이 허가됨]<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>전화: (415) 351-4000<br>이메일: cssullivan@gibsondunn.com |
| *c* | 기타 당사자 | |
| | 대리인 | 해당사항 없음 |

| 7. a | 소송의 성격(이혼, 친자관계, 계약 위반, 제조물 책임 등) (제 3 조 제(c)항) | 연방법 및 주법 상 반독점 관련 청구 |
|---|---|---|
| b | 소장의 요지 | 1. 원고 미합중국 및 20 개 주의 법무장관들(이하 총칭하여 "**정부 원고들**")은 Apple 이 연방 및 주 반독점법을 위반하는 경쟁제한적 행위를 하였다고 주장함. 구체적으로, 원고들은 Apple 의 제품 설계 및 Apple 이 제 3 자의 Apple 제품 접근과 관련하여 내린 기타 결정이 셔먼법(Sherman Act) 제 2 조 및 3 개 주의 반독점법령을 위반하여 Apple 이 스마트폰 및 "고성능 스마트폰"에 대한 독점적 지위를 유지할 수 있도록 하거나 이러한 지위를 유지하려는 의도를 가진 위법행위에 해당한다고 주장함. 소장에 따르면, Apple 은 두 가지 메커니즘, 즉 (1) "앱스토어 심사 지침(App Store Review Guidelines)"을 통해 Apple 앱스토어에 등록이 허용되는 앱 조건을 설정하고, (2) 앱 개발자가 이용할 수 있는 아이폰(iPhone) 기능 및 애플리케이션 프로그래밍 인터페이스(이하 "**API**")를 결정함으로써 경쟁을 저해함. 원고들은 소장에 다음과 같은 다섯 가지 "예시"를 들며, Apple 이 해당 메커니즘 중 한두 가지를 활용하여 제 3 자 기술의 접근을 규제한다고 지적하였음. 첫째, Apple 은 개발자들이 앱스토어에서 미니 프로그램을 분류 및 표시할 수 있는 방식을 제한하고, Apple 의 인앱결제 시스템에 대한 개발자의 접근을 제한함으로써 "슈퍼 앱(super apps)" 개발을 방해하였음. 둘째, 원고들은 Apple 의 플랫폼에 스트리밍 게임을 등록하려면 해당 게임을 독립형 앱 형태로 제출하여 Apple 의 심사를 받을 것을 요구하는 Apple 의 기존 방침에 문제를 제기하였음. 셋째, Apple 은 제 3 자 메시지 앱이 단문메시지서비스(이하 "**SMS**") 프로토콜을 사용하여 아이폰에서 문자 메시지를 송수신하거나, 앱이 닫혀 있는 동안 배경에서 실행하거나, 경우에 따라 아이폰 카메라에 접근하는 것을 허용하지 않음. 넷째, Apple 은 아이폰과 페어링된 제 3 자 스마트워치가 아이폰 알림에 응답하거나, 일부 상황에서 블루투스 연결을 |

| | | | 유지하거나, 아이메시지(iMessage) 기능을 비활성화하지 않고도 자체 셀룰러 연결을 통해 메시지를 수신하는 것을 허용하지 않음. 다섯째, 원고들은 Apple 이 아이폰의 근거리통신(NFC) 안테나에 다른 디지털 월렛 앱이 접속하여 탭 투 페이(tap-to-pay) 방식을 활성화하거나 Apple 의 결제수단을 대체하는 것을 허용하지 않기로 결정한 혐의에 대하여 비판하였음. 원고들은 Apple 이 다른 제 3 자 앱 및 서비스와 관련하여 "유사한 지침서(playbook)를 배포하였다"고 주장함. 소장에 따르면, Apple 의 행위로 인해 삼성을 비롯한 "경쟁사들"이 스마트폰 및 "고성능 스마트폰" 시장에서 경쟁하기 어려워졌음.<br><br>2. Apple Inc. 스마트폰 반독점 소송 관련 사건 번호 24-MD-3113 (뉴저지 지방법원)의 원고들은 3 개 그룹, 즉 아이폰을 직접적으로 구매한 원고들, 아이폰을 간접적으로 구매한 원고들, 그리고 워치 관련 원고들(이하 **"다지역 소송 원고들"**)로 구성됨. 아이폰을 직접 및 간접적으로 구매한 원고들은 셔먼법 제 2 조 및 다양한 주 법률에 따라 청구를 제기하였음. 이들이 주장하는 바에 따르면, Apple 은 스마트폰에 대한 독점적 지위를 유지하기 위하여 여러 애프터마켓("슈퍼" 앱, "클라우드 스트리밍" 앱, 메시지 앱, 스마트워치 및 디지털 월렛)에서 개발자들에 대해 보유한 지배력을 활용하고 있으며, 초경쟁적 가격(supracompetitive prices)을 부과하고 있음. 워치 관련 원고는 셔먼법 제 1 조 및 제 2 조와 주 법률에 따라 청구를 제기하였으며, Apple 이 iOS 연결 스마트워치 시장을 독점하여 애플 워치(Apple Watch)에 초경쟁적 가격을 부과하고 있다고 주장함. 워치 관련 원고들에 따르면, Apple 은 주로 다음과 같은 세 가지 수단을 통해 이를 달성하고 있음: (1) 스마트워치 경쟁사들에게 Apple 의 프라이빗 메시지, 알림 및 월렛 관련 API 에 대한 라이선스를 허여하지 않음으로써 핵심 기술들을 제공하지 않음; (2) 경쟁하는 워치 제조사들이 스마트워치와 스마트폰을 페어링하는 데 필요로 하는 그들의 앱에 대한 승인을 지연하고 경쟁사 스마트워치를 광고·홍보하는 특정 앱에 대한 |

| | | |
|---|---|---|
| | | 승인을 지연함으로써 경쟁사들과의 협력을 거부함; 또한, (3) 경쟁사 스마트워치의 상호운용성을 제한하는 방식으로 자사 iOS 소프트웨어를 설계하거나 업데이트함. |
| c | 항변 및 반소의 요지 | 원고들의 반독점 관련 청구에 대하여 Apple 은 자사가 정당하게 경쟁하고 있으며, 자사의 행위는 과거와 현재 모두 친경쟁적이고, Apple 이 스마트폰 시장을 독점할 의도가 없고 그러한 시도를 하지 않았으며 실제로도 독점한 적이 없다고 주장함. 또한, Apple 은 정부 원고들의 주장에 대하여 다음을 포함하는 열 가지 적극적 항변 사유를 제시하였음: (1) Apple 의 행위는 항상 합리적이고 정당한 사업상 이익을 도모하기 위하여 신의성실의 원칙에 따라 수행되었음; (2) 원고들이 지적재산권법에 따른 Apple 의 권리와 상충되는 청구를 하거나 구제수단을 구하는 경우, 원고들의 청구는 기각되어야 함; (3) 원고들은 그들의 청구 전부 또는 일부를 주장할 자격이 부족함; 또한, (4) 원고들은 경쟁이나 소비자들에게 미칠 수 있는 피해를 입증하지 못하였음. 이외에도 Apple 은 다지역 소송 원고들이 법적으로 성립되는 반독점 청구를 제시하지 못하였으므로 청구가 기각되어야 한다고 주장함. |
| d | 기타 필요한 정보 또는 문서 | |

| | | |
|---|---|---|
| 8. a | 확보하여야 하는 증거 또는 기타 수행되어야 하는 사법 행위 (제 3 조 제(d)항) | 삼성전자㈜가 제출하여야 하는 별지 1 기재 문서<br><br>삼성전자㈜의 우편주소는 다음과 같음.<br><br>삼성전자㈜<br>대한민국 (16677) 경기도 수원시 영통구 삼성로 129<br><br>해당 문서들은 전자적 사본 형태로 제공되어야 합니다. |
| b | 요청 증거 또는 사법 행위의 목적 | 요청 증거는 (1) 스마트폰, "고성능 스마트폰" 및 스마트워치 시장에서의 삼성과 Apple 간 경쟁 및 (2) 원고들이 주장하는 Apple 의 다섯 가지 제 3 자 접근 제한 행위에 관한 것입니다. 삼성의 Apple 과의 경쟁에 |

|  |  | 관련하여, 요청 증거는 삼성이 Apple 과 치열하게 경쟁하고 있고 Apple 이 독점사업자가 아님을 보여줄 것으로 예상됩니다. 이 사건 소장은 Apple 에 대해서만 좁게 한정함으로써 현대 스마트폰과 스마트워치 시장의 극도로 경쟁적인 성격을 왜곡하고 있는바, 이 소장은 삼성과 같은 주요 스마트폰 및 스마트워치 제조사들이 미국 및 전 세계에서 Apple 과 얼마나 효과적으로 경쟁하고 있는지를 무시하는 것입니다. 삼성이 스마트폰 시장에서 Apple 과 강하게 경쟁하고 있다는 증거는 Apple 이 초경쟁적 가격을 부과하거나 스마트폰 생산량을 제한할 능력이 부족하다는 점, 즉 독점력을 행사할 수 없음을 보여줄 것으로 예상됩니다. 다섯 가지 카테고리의 행위와 관련하여 요청한 증거는 이러한 행위들에 대한 Apple 의 설계 선택에 불만족하는 소비자나 개발자가 간단히 다른 기기(삼성 기기 포함)로 전환할 수 있었음을 보여줄 것으로 예상됩니다. 또한, 삼성의 가격, 판매 및 마케팅 전략에 관한 증거는 Apple 이 초경쟁적 가격을 부과한다는 다지역 소송 원고들의 주장을 약화시킬 것입니다.

본 요청은 미국 연방 법무부(United States Department of Justice)와 16 개 주 및 특별구의 법무장관들이 제기한 반독점 소송 절차와 관련하여 이루어졌습니다. 촉탁 당국은, 이 사건 소송의 공정한 판단에 중요하며, 피고가 단독으로 합리적으로 확보하기 어려운, 구체적이고 관련성 있는 자료가 대한민국에 소재한 제 3 자에 의해 보유되고 있어 이를 확보하고자 합니다. 이에 따라 촉탁 당국은 피고가 본 서신에서 요청한 문서를 취득할 수 있도록 허용하는 것이, 사법 정의의 이익에 부합하는 것이라고 믿습니다. |
| 9. | 신문 대상자의 신원 및 주소 (제 3 조 제(e)항) | 해당사항 없음 |

| 10. | 신문 대상자에 대한 질문 또는 신문 사항에 대한 진술 (제 3 조 제(f)항) | 해당사항 없음 |
|---|---|---|
| 11. | 조사 대상 문서 또는 기타 재산 (제 3 조 제(g)항) | 별지 1 은 제출대상 문서를 나열하고 있습니다. 법원은 문서 목록을 검토한 결과, 해당 문서들이 소송의 대상과 관련성이 있다고 판단하여 이 사건에 중요할 수 있는 증거의 제출을 요청하였습니다. |
| 12. | 증거 제출 시 선서 또는 서약이 필요하다는 요건 및 사용하여야 하는 특별한 양식 (제 3 조 제(h)항) | 해당사항 없음 |
| 13. | 준수하여야 하는 특별한 방법 또는 절차(예: 구두 또는 서면, 축어기록 또는 요약, 반대신문 등) (제 3 조 제(i)항 및 제 9 조) | 해당사항 없음 |
| 14. | 촉탁사항 집행 일시 및 장소에 관한 통지 요청과 통지 대상자의 신원 및 주소 (제 7 조) | Cynthia E. Richman GIBSON, DUNN & CRUTCHER LLP 1700 M Street, N.W. Washington, D.C.  20036-4504 United States of America |
| 15. | 촉탁서 집행 시 촉탁당국의 사법 담당자 출석 또는 참여 요청 (제 8 조) | 해당사항 없음 |

| 16. | 요청국의 법률상 증거 제공 거부 특권 또는 의무 (제 11 조 제(b)항) | 해당되는 경우 변호사-의뢰인 간의 비밀보호특권 |
|---|---|---|

| 17. | 헤이그 협약 제 14 조 제 2 항 또는 제 26 조에 따라 상환가능한 수수료 및 비용의 부담 주체: | 피고는 협약의 규정에 따라 본 요청과 관련하여 상환 가능한 비용을 부담하겠습니다. 필요한 비용 정산을 위해 피고 대리인 GIBSON, DUNN & CRUTCHER LLP, 1700 M Street, N.W., Washington, D.C. 20036-4504, United States of America 에게 연락하여 주시기 바랍니다. |
|---|---|---|

| 촉탁서 작성일 | 2026. 5. 7. |
|---|---|
| 촉탁 당국의 서명 및 날인 | [Leda D. Wettre 미국 연방 치안판사 자필서명] |

## 별지 1: 제출 대상 문서

1. 삼성전자 주식회사(이하 "**삼성전자**"; 그 모회사, 자회사 및 계열회사와 총칭하여 "**귀사**"라 함)의 모회사, 자회사 및 계열회사 구조를 나타내는 조직도

2. 귀사의 스마트폰, 웨어러블, 앱 마켓플레이스 및/또는 앱 사업을 담당하는 선임 인력[1]의 성명, 역할 및 보고라인을 나타내는 조직도

3. 귀사의 문서 보존 및 보관 정책 문서

4. 삼성전자와 삼성전자 아메리카 인크(Samsung Electronics America, Inc., 이하 "**SEA**"라 함) 간 정보 및 문서 교환을 규율하는 정책서

5. 삼성전자와 SEA 간 정보 및 문서 교환에 관한 정관 및 내규

6. 2020년부터 2025년까지 삼성전자와 SEA 간 문서 제출 또는 소송 지원과 관련된 내부 보고서

7. SEA가 접근 가능한 삼성전자의 IT 시스템, 공용 플랫폼 또는 데이터베이스의 목록

8. SEA와 삼성전자 간에 중복·공유되는 임원, 이사, 직원 또는 보고라인을 나타내는 조직도

9. 미국에서 SEA가 삼성전자의 대리인, 대표자 또는 중개자 역할을 수행하였음을 나타내는 문서

10. 미국에서 삼성전자가 제기하거나 피소된 소송 및 중재 사건의 목록

---

[1] "선임 인력(Senior Personnel)"이란 삼성의 현직 또는 전직 임원 또는 직원 중, 본 요청서과 관련하여 어느 시점이든 선임 임원, 임원 또는 관리직 직위를 보유하고 있거나 보유했던 자를 의미하며, 이에 한정되지 아니하고 다음을 포함한다: (a) 귀사의 경영진 리더십 또는 "C-suite" 구성원(최고경영자(Chief Executive Officer), 최고운영책임자(Chief Operating Officer), 최고재무책임자(Chief Financial Officer), 최고기술책임자(Chief Technology Officer), 최고정보책임자(Chief Information Officer), 최고법무책임자(Chief Legal Officer) 및 이에 상응하는 직위를 포함); (b) 사장(Presidents); (c) 부사장(Executive Vice Presidents), 선임부사장(Senior Vice Presidents) 및 부사장(Vice Presidents); (d) 이사(Directors); 및 (e) 총괄책임자(General Managers), 또한 회사의 전략, 운영, 재무, 제품 개발, 데이터 또는 컴플라이언스에 대하여 이에 준하는 권한, 책임 또는 의사결정권을 가진 기타 모든 직원을 포함한다.

11. 2020년부터 2025년까지 귀사가 생산한 스마트폰 모델의 목록(상세 사양 및 가격 포함)

12. 2020년부터 2025년까지 귀사의 스마트폰 사업 관련 보고서

13. 2020년부터 2025년까지 귀사의 스마트폰 사업 관련 재무제표 및 감사보고서

14. 2020년부터 2025년까지 귀사와 미국 무선 통신사 및 소매업체 간 체결된 스마트폰에 관한 계약서

15. 2020년부터 2025년까지 귀사가 생산하거나 판매한 웨어러블 모델의 목록(상세 사양 및 가격 포함)

16. 2020년부터 2025년까지 귀사의 웨어러블 사업 관련 보고서

17. 2020년부터 2025년까지 귀사의 웨어러블 사업 관련 재무제표 및 감사보고서

18. 삼성 갤럭시 스토어와 관련된 앱 심사 지침

19. 삼성 갤럭시 스토어와 관련된 모델 개발자 계약서

20. 개발자의 삼성 갤럭시 스토어 사용에 관한 약관

21. 삼성 갤럭시 스토어와 관련된 모델 라이선스 계약서

22. 소비자의 삼성 갤럭시 스토어 사용에 관한 약관

23. 2020년부터 2025년까지 삼성 갤럭시 스토어 사업에 대한 보고서

24. 귀사가 삼성 갤럭시 스토어용 앱 개발과 관련하여 앱 개발자들에게 제공하는 기술 지원 목록

25. 귀사가 앱 심사 절차에서 사용하는 툴 목록

26. 2020년부터 2025년까지 삼성페이 사업에 대한 보고서

27. 2020년부터 2025년까지 삼성 게이밍 허브 사업에 대한 보고서

28. 2020년부터 2025년까지 디지털 월렛 사업에 대한 보고서

29. 2020년부터 2025년까지 스마트폰 게임에 대한 보고서

30. 2020년부터 2025년까지 스마트폰 메시지 앱에 대한 보고서

31. 2020년부터 2025년까지 귀사의 스마트폰 사용자들의 RCS 메시지 채택에 대한 보고서

32. 슈퍼 앱(Super Apps)과 미니 프로그램(Mini-Programs)에 대한 귀사의 정책 문서

33. 2020년부터 2025년까지 슈퍼 앱과 미니 프로그램에 대한 보고서

34. 스마트폰 또는 웨어러블에 대한 시장조사서

35. 2020년부터 2025년까지 귀사의 모든 스마트폰 및 웨어러블 모델에 대한 전 세계 판매 보고서

36. 2020년부터 2025년까지 귀사의 스마트폰 사용자들이 다운로드한 모든 슈퍼 앱, 클라우드 스트리밍 앱, 메시지 앱, 컴패니언 앱(Companion Apps) 및 디지털 월렛에 대한 보고서

37. 2020년부터 2025년까지 삼성 갤럭시 스토어에 있는 모든 앱 현황에 대한 보고서

38. *미합중국 등 v. Apple, 사건 번호 2:24-cv-04055, 조사, Apple Inc. 스마트폰 반독점 소송 관련, 사건 번호 24-MD-3113 [뉴저지 지방법원(D.N.J.)], 미합중국 v. Google LLC, 사건 번호 20-cv-3010 [콜롬비아 특별구 지방법원(D.D.C)], Apple 아이폰 반독점 소송 관련, 사건 번호 11-cv-06714 [캘리포니아 북부 연방지방법원(N.D. Cal.)], Epic Games v. Apple, Inc., 사건 번호 20-cv-5640 (캘리포니아 북부 연방지방법원)* 건에서 귀사가 미합중국 정부, 미합중국 법원, 또는 소송 당사자들에 제출한 문서

39. 미국 정부의 Apple에 대한 반독점 소송과 관련하여 귀사가 제3자와 주고받은 이메일

40. 2020년부터 2025년까지 Apple의 정책에 대한 분석 검토 보고서

# CERTICATE OF TRANSLATION

I, JIHYE AN, hereby certify that:

1. I am competent to translate the attached documents from English into Korean.
2. I have faithfully translated the attached documents, and the Korean translations are true and accurate to the best of my ability.
3. This certificate is provided for use in official proceedings.

Document Information

- Source language: English
- Target language: Korean

Description of Documents

- Letter of Request
- Exhibit 1 Documents Required to be Produced

By: _____

Name: Jihye An
Translator
Date: May 19, 2026



The Supreme Court of Korea
219 Seocho-daero, Seocho-gu
Seoul 06590 Korea



RECEIVED

JUL 02 2026

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - D.



Air Letters    **US**  KOREA POST
서울대법원    220g

RR 531407 022 KR    19.06.2026 KOREA

The Honorable Leda D. Wettre U
Judge United States District Co
district of New Jersey Martin L
Building &U.S Courthouse 50 W
Courtroom MLK 3C Newark, NJ