

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

July 27, 2026

<u>**VIA ECF**</u>

Honorable Julien Xavier Neals, U.S.D.J.
Honorable Led D. Wettre, US.M.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

<div style="border:1px solid black">

**SO ORDERED.**

*s/ Leda Dunn Wettre, U.S.M.J.*

**Dated:** _____7/29/2026_____

</div>

    Re:    **United States, et al. v. Apple Inc.**
          **Case No. 2:24-cv-04055 (JXN-LDW)**

Dear Judge Neals and Judge Wettre:

The fourteen Departments and other federal agencies that have received subpoenas in this action (the "Agencies") and Plaintiff United States write to confirm their understanding of the Special Master Appointment Order as it relates to the time to appeal a ruling of the Special Master.

On or before July 28, 2026, the Agencies and the United States plan to move for reconsideration of the Special Master Linares' July 14, 2026 Order denying the motion to quash and ordering the United States via the Agencies to respond to each of Apple's Requests for Production. See Dkt. 471 (the "Agency Discovery Order"). The Agencies and the United States understand that, under the Special Master Appointment Order (Dkt. 455) and Local Civil Rule 72.1(c)(1)(A), their deadline to appeal is tolled until that motion is resolved. See Dkt. 455 ¶ 16 ("Any appeal of a ruling made by a Special Master shall be taken to the District Judge through the procedure for appealing described in Paragraph 17 and consistent with Local Civil Rule 72.1(c)(1)."); L. Civ. R. 72.1(c)(1)(A) (providing that, where a timely motion for reargument has been filed, "the time to appeal will begin to run when the parties are served with a copy of the . . . order rendering a determination on the merits of such a motion").

The Agencies and the United States respectfully request confirmation of that understanding in light of paragraph 17 of the Special Master Appointment Order, which

Honorable Julien Xavier Neals, U.S.D.J.
Honorable Leda D. Wettre, U.S.M.J.
July 27, 2026
Page 2

provides that a party may appeal "no later than 14 calendar days after the Special Master's ruling is filed on the docket." See Dkt. 455 ¶ 17.  This understanding conforms to the interpretation of the Local Rule and the Special Master Appointment Order in the MDL (MDL Dkt. 208) that was set out in Apple's letter on July 16, 2026 and so ordered by the Court on July 17, 2026 (MDL Dkt. 240).

The Agencies and the United States have conferred via email with Apple and with the MDL Plaintiffs in the parallel Multidistrict Litigation on this matter. Apple agrees that the Special Master Appointment Order preserves Local Civil Rule 72.1(c)(1)(A), which tolls the time to appeal a Special Master's order while a motion for reconsideration is pending. Direct Phone Purchaser Plaintiffs, Indirect Phone Purchaser Plaintiffs, and Watch Plaintiff likewise agree with the understanding of the Agencies and the United States that the Special Master Appointment Order preserves Local Civil Rule 72.1(c)(1)(A).

If the Court agrees that the Special Master Appointment Order preserves Local Civil Rule 72.1(c)(1)(A), which tolls the deadlines to appeal while a motion for reconsideration is pending, including the proposed motion for reconsideration of the Agency Discovery Order, Dkt. 471, the Agencies and the United States respectfully request that the Court "So Order" this letter and enter it on the docket. The Court's attention to this matter is appreciated the Agencies and the United States are available to address any questions at the Court's convenience.

Respectfully submitted,

/s/ *Jack G. Lerner*

Jack G. Lerner
Trial Attorney
Anti-Monopoly Collusion Enforcement Section
Antitrust Division, U.S. Department of Justice
Tel: (202) 227-9295

cc:    All Counsel of Record (via ECF)