WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**SO ORDERED.**

***s/ Leda Dunn Wettre, U.S.M.J.***

**Dated:** 8/21/2026

August 20, 2026

**VIA ECF**
Honorable Leda D. Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.,*** **No.: 2:24-cv-04055 (JXN-LDW)**
**Joint Notice of Impasse**

Dear Judge Wettre:

This firm, together with Kirkland and Ellis LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matter. Hueston Hennigan LLP represents non-party Match Group, Inc. ("Match"). We write to provide a joint notice of impasse for a discovery dispute regarding Match's response to Apple's subpoena under Federal Rule of Civil Procedure 45. This Court has jurisdiction over this dispute, as Match has agreed to proceed in the District of New Jersey for purposes of resolution of this discovery dispute.

## I. Nature of the Discovery Dispute

This dispute concerns Match's document productions in response to Apple's Rule 45 subpoena, served on June 16, 2025.

It is Apple's position that (1) Match has improperly refused to conduct custodial searches adequate to identify documents responsive to specific requests; (2) Match's existing productions (which contained fewer than 500 unique documents not previously in Apple's possession) contain substantial gaps, and Match should be required to produce additional non-custodial "go-get" documents, including regarding government communications; access to smartphone features; privacy, security, and customer satisfaction; market analysis; and documents showing the representation of Match by particular attorneys involved in this dispute; and (3) Match should be required to produce documents responsive to requests concerning specific statements by the Coalition for App Fairness and the Coalition for a Competitive Mobile Experience, as Match's assertion of First Amendment privilege is improper and unjustified under applicable law.

It is Match's position that (1) it has conducted a reasonable search for documents, and further custodial searches are unduly burdensome and costly; (2) further "go-get" searches are unnecessary in light of Match's productions, have not been identified with sufficient specificity, and directly seek to invade the attorney-client privilege; (3) it has collected and produced over

2,500 documents, including from a custodial review from the files of Ian Purves, Director of Program Management for Distribution Channels and Payments, as well as "go-get" documents including financial and app usage data; and (4) non-party discovery regarding the Coalitions have been previously addressed by the U.S. District Court for the Northern District of California, in which it found that Apple's subpoena in that case could not invade non-party Match's First Amendment privilege as to Coalition documents.

## II. Good-Faith Efforts to Resolve the Dispute

Apple and Match have engaged in extensive good-faith meet-and-confer efforts over more than a year in an attempt to resolve this dispute without Court intervention. Following service of the subpoena in June 2025, Apple and Match have met and conferred by telephonic conference roughly ten times. Apple and Match have also exchanged extensive correspondence, including proposals and counterproposals for responding to the subpoena, as well as legal arguments regarding the extent of Match's obligations and the applicability of the First Amendment and other asserted privileges. Although Apple and Match have reached agreement on certain aspects of the subpoena, they have reached impasse on the items identified above.

* * *

This dispute does not require expedited resolution by the Court. It is Apple's position that, nevertheless, certain critical third-party discovery, including the deposition of a Match witness, cannot proceed until it is resolved.

Apple and Match respectfully request Your Honor's determination that Apple and Match have reached an impasse for purposes of this dispute, pursuant to Paragraph 5 of the Court's Special Master Appointment Order. ECF No. 455 ¶ 5.

Respectfully submitted,

*s/ Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF)