**U.S. Department of Justice**

Antitrust Division

*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

August 25, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.,*** **No. 2:24-cv-04055 (JXN-LDW)**
**Discovery Confidentiality Order Notification**

Dear Judge Wettre:

The United States makes this notification under the Discovery Confidentiality Order (DCO), ECF No. 235, ¶ 40, of the Antitrust Division's non-compliance with certain applicable internal Department of Justice policies as explained further below.

In compliance with the requirements of the DCO, the Plaintiff States engaged an outside discovery vendor to assist them in this action and determined that disclosure of Protected Materials to that vendor is reasonably necessary. On May 14, 2026, an authorized representative of that vendor executed an Agreement Concerning Confidentiality in the form attached in Appendix A to the DCO, and all employees of that vendor are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under the DCO, in compliance with Paragraphs 22(j), 23(h), and 24(g) of the DCO.[1] The Plaintiff States' vendor was not contracted by the Department of Justice.

In June 2026, the Antitrust Division provided a subset of discovery materials to the Plaintiff States on hard drive, which the Plaintiff States then provided to their outside vendor. These actions complied with the DCO. The Antitrust Division also sent a subset of discovery materials to the Plaintiffs States' vendor directly through the Justice Enterprise Fileshare System

[1] These provisions allow disclosure of Protected Materials to "outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order[.]" ECF No. 235 ¶¶ 22(j), 23(h), and 24(g).

(JEFS). Those discovery materials, which included emails and other documents from Apple and ten non-parties produced during the investigation and the litigation, contained names, email addresses, and telephone numbers of individual persons. In June 2026, members of the Antitrust Division's litigation team also were granted temporary access to the Plaintiff States' vendor's document review platform which has some generative AI capabilities.

Because the Plaintiff States' vendor was not engaged directly by the Department of Justice, the Antitrust Division's litigation team now realizes and acknowledges that it did not comply with internal policy directives derived from Federal Information Security Modernization Act (FISMA) and Office of Management and Budget (OMB) when (1) it provided discovery materials directly to the Plaintiff States' vendor through JEFS, and (2) members of the Antitrust Division's litigation team accessed the Plaintiff States' vendor platform. The vendor had not been previously authorized for use by the Department of Justice in the exact manner required by applicable federal government policies. Non-compliance with these internal Department of Justice policy directives contravenes Paragraph 40 of the DCO.

On August 24-25, 2026, the Antitrust Division notified Apple and all affected non-parties of this conduct and is making itself available to answer questions. The Antitrust Division also has "take[n] all reasonable measures to retrieve the improperly disclosed Protected Material and ensure that no further or greater unauthorized disclosure and/or use of the material is made." ECF No. 235 ¶ 29. Specifically, the Antitrust Division ceased accessing the Plaintiffs States' vendor's platform and removed their JEFS access on June 29, 2026. At the direction of the Antitrust Division, on July 25, 2026, the vendor also deleted the discovery materials that it received from the Antitrust Division through JEFS, such that they no longer exist on the vendor's platform and cannot be used for ongoing document review. All members of the Antitrust Division's litigation team will undergo prompt additional training by August 31, 2026, on applicable data security policies to ensure compliance going forward.

Respectfully submitted,

*<u>/s/ Aaron M. Sheanin</u>*

Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice,
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

cc: All Counsel via ECF