**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant.</td>
<td>Civil Action No.: 24-4055 (JXN-LDW)<br><br>OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER RE: UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION</td>
</tr>
</table>

**LINARES, J.**

This matter having come before the Special Master by way of Plaintiff United States of America's Motion for Reconsideration of the Special Master's July 14, 2026 Opinion and Order concerning the Federal Agency Dispute. (ECF No. 482 ("Mov. Br.")). Defendant Apple Inc. has timely submitted its Opposition to the Motion. (ECF No. 493 "Opp. Br.")). The Special Master has the authority to hear the Federal Agency Dispute pursuant to the Court's general Special Master referral Order (ECF No. 455). The Special Master has considered the Parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Special Master **DENIES** Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

The Special Master presumes the parties' familiarity with the factual background and procedural posture of this matter. Accordingly, the Special Master will only recite facts relevant to the dispute.

On July 14, 2026, the Special Master issued an Opinion and Order overruling Plaintiff's objections to certain subpoenas, and related discovery demands, issued by Defendant. (*See generally* ECF No. 471 ("SM Order")). The narrow inquiry there was whether Defendant was entitled to documents and information from the following 14 separate government agencies: 1) CIA; 2) Department of Commerce; 3) Department of Homeland Security; 4) Department of Defense; 5) Federal Bureau of Investigation; 6) Federal Trade Commission; 7) General Services Administration; 8) Department of Labor; 9) National Aeronautics and Space Administration; 10) National Security Agency; 11) Office of the Director of National Intelligence; 12) Office of Management and Budget; 13) Office of Personnel Management; and 14) Department of State (collectively "the Federal Agencies"). (SM Order at 2). The Special Master, thus, was tasked with ascertaining whether Plaintiff's objections were appropriate under the circumstances. (*See generally id.*).

Indeed, Plaintiff advanced four arguments in support of its position – the same four it now advances here on its Motion for Reconsideration. (SM Order at 4-5; *see also* ECF No. 422 at 13-23). Specifically, Plaintiff argued that: 1) Plaintiff, as "plaintiff/prosecutor" is subject to different discovery obligations than a civil litigant; 2) the discovery sought is not relevant; 3) the discovery demands are overly burdensome and not proportional to the needs of this case because the allegations in the Complaint circle around consumer purchasing; and 4) various privileges protect the information sought by Defendant. (Id. at 4-5).

The Special Master addressed each one of Plaintiff's arguments – finding none of them to be persuasive. (Id. at 6-12). First, the Special Master addressed the relevance of the demanded discovery. (Id. at 6). Quoting the operative Complaint, the Special Master noted that Plaintiff's allegations center on whether "Defendant 'reduce[d] competition in the markets for performance smartphones and smartphones generally … by delaying, degrading, or outright blocking technologies that would increase competition in the smartphone markets by decreasing barriers to switching to another smartphone.'" (SM Order at 6-7 (quoting ECF No. 51  8) (internal citations and quotations omitted)). Using this as a foundation for the relevance analysis, the Special Master analyzed each of Defendant's Requests for Production and found all of them to be relevant to the core allegations in this case. (Id. at 7-8). Because the Special Master concluded the demanded discovery was relevant, the burden then shifted to Plaintiff to justify its objections. (Id. at 8 ("Having concluded that Defendant's RFPs are all relevant, '[t]he burden then shifts to the party resisting discovery to justify withholding it.'") (quoting *Lloyd-Jones v. Connolly*, 2022 WL 3572837, *5 (D.N.J. Aug. 19, 2022)).

Accordingly, the Special Master analyzed and rejected each of Plaintiff's discrete objections. (Id. at 8-12). First, the Special Master rejected Plaintiff's assertion that its status as "'plaintiff/prosecutor' in [a] civil enforcement action" subjects Plaintiff "to a different discovery standard." (Id. at 5). The Special Master carefully reviewed the out-of-district cases cited by Plaintiff and found that neither supported Plaintiff's sweeping assertion. (Id. at 5-6). The Special Master noted that *United States v. UBS Securities, LLC*, 2020 WL 7067289 (E.D.N.Y. Nov. 30, 2020) actually supported Defendant's arguments and that *USA v. Xlear, Inc.*, 2022 WL 5246717 (D. Utah Oct. 6, 2022) "simply recite[d] the holding of *UBS* without any detailed analysis as to when the Federal Agencies can and cannot be subjected to party discovery." (Id. at

6). Most importantly, the Special Master noted that "Plaintiff ma[de] this assertion ***with no citation to any controlling authority***." (Id. at 5 (emphasis added)). Hence, the Special Master rejected this argument.

Next, the Special Master concluded that Plaintiff failed to show that the demanded discovery was overly burdensome or disproportionate to the needs of the case. (Id. at 8). Specifically, the Special Master concluded that Plaintiff made unsubstantiated claims of burden and expense, and merely recited the standard for the balancing analysis. (Id. (quoting *Johnson & Johnson Healthcare Servs. v. SaveOnSp, LLC*, 2024 WL 2803284, *3 (D.N.J. May 31, 2024)). The Special Master noted that "Plaintiff has not clearly articulated nor explained what burden it and the Federal Agencies would have to bear in order to comply with the subpoenas." (Id.). Thus, the Special Master rejected these arguments.

Finally, the Special Master rejected each of Plaintiff's privilege-based arguments. As to the deliberative process privilege, the Special Master concluded that Defendant's demands sought "factual information" which is not shielded by the privilege. (Id. at 9-10). Indeed, the Special Master went through each of the RFPs and explained how each demand sought fact-based documents instead of internal government deliberations. (Id.).

The Special Master also concluded that the Law Enforcement Privilege was inapplicable because "[i]t [wa]s unclear how, if at all, Defendant's requests would somehow interfere with Plaintiff's ability to maintain effective law enforcement." (Id. at 10). Instead, the Special Master found that "Plaintiff ma[de] generalized assertions that the production of the materials in response to the subpoenas would compromise law enforcement, [but did] not provide a detailed explanation of what that [would be in this] case." The Special Master reached the same conclusion on Plaintiff's State Secret privilege arguments for very similar reasons. (Id. at 11).

Finally, the Special Master rejected Plaintiff's broad assertion of privilege pursuant to three distinct statutes. (Id. at 12). The Special Master explained that "the issue with the invocation of these statutes is not that they are substantively inapplicable. Instead, Plaintiff has failed to show that any of these statutory provisions prohibit the disclosure of the relatively narrow subset of documents Defendant has sought via the RFPs and subpoenas." (Id.). Hence, the Special Master rejected Plaintiff's statutory privilege arguments.

On July 28, 2026, Plaintiff timely sought reconsideration of the July 17, 2026 Opinion and Order. (*See generally* Mov. Br.). Plaintiff now argues that: 1) the Special Master applied the wrong legal standard in the Opinion and Order; 2) *new* facts demonstrate the burden being faced by these agencies; and 3) the Special Master's relevance and proportionality analysis is flawed. (Id.). Defendant opposes the Plaintiff's Motion arguing: 1) the Special Master did in fact apply the correct legal standard; 2) Plaintiff is improperly trying to introduce additional evidence at the Motion for Reconsideration phase; and 3) the relevance and proportionality analysis were correct. (*See generally* Opp Br.).

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly*.' " L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) ) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005). A motion for reconsideration "*may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.*" *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (emphasis added). To prevail on a motion for reconsideration, the moving party must

"set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court, or in this case the Special Master, will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "*only if the record cannot support the findings that led to the ruling*." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (emphasis added) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must ... demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "*Mere 'disagreement with the Court's decision' does not suffice*." *Id.* (*quoting P. Schoenfeld*, 161 F. Supp. 2d at 353) (emphasis added). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

## **III. <u>DISCUSSION</u>**

The Special Master concludes that none of Plaintiff's arguments in support of its application for reconsideration are persuasive. First, Plaintiff tries to split hairs by asserting that, under Rule 45 of the Federal Rules of Civil Procedure, "a non-party to litigation is afforded greater protection from discovery than a party." (Mov. Br. at 1 (quoting *Cognizant Tech Sols. Corp. v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 2091281, at *5 (D.N.J. May 8, 2024)). Thus, Plaintiff concludes that the Special Master's Order and Opinion rests on flawed reasoning since it did not reference or incorporate Rule 45 into the analysis.

The Special Master is familiar with Rule 45 and the different standards applicable to third-party discovery. A quick review of the Special Master's Opinion and Order reveals that Plaintiff is simply incorrect. Indeed, the Special Master detailed how this dispute arose in detail. (Order at 2-3). A review of that portion of the Opinion and Order reveals that Plaintiff itself is the reason why Defendant had to issue the subpoenas in the first place. (Id. at 2-3 (explaining Plaintiff's objection to the RFPs as party discovery and directed Defendant's to issue the Federal Agency subpoenas)).

Moreover, as Plaintiff concedes in its Reconsideration submission, the Special Master went on to explain that the discovery sought here from the specific Federal Agencies is appropriate *party* discovery because "***the definition of the 'United States'*** *also includes agencies that inform the policies, rules, and regulations the executive branch sets.*" (Order at 6 (emphasis in original and added)). Thus, Plaintiff is wrong that the Special Master needed to perform a Rule 45 third-party burden analysis here. This is because the Special Master concluded that, in this case and as related to these specific requests, the United States included the Federal Agencies.

Accordingly, the subpoenas were unnecessary and a result of Plaintiff's own doing. But the fact that Defendant was forced to issue unnecessary subpoenas at the direction of Plaintiff does not alter the standard of review. That is because Rule 45 seeks to protect *third-parties*. But, as noted, the Federal Agencies under these circumstances are not third-parties – they are an extension of Plaintiff as the United States.

Next, Plaintiff incorrectly claims that "[t]he *UBS* decision sets forth the applicable legal standard here." As noted, *UBS* is an out-of-district trial court opinion. It is, at best, persuasive. Additionally, the Special Master took *UBS* into consideration and significantly incorporated the

reasoning from that opinion into the July 17, 2026 Opinion and Order. (SM Order at 5-6). The reality is, Plaintiff is not advancing an argument rooted in "the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co.*, 52 F.3d at 1218. Instead, Plaintiff's arguments are clearly "mere disagreement with the Court's decision." *Id.* (internal quotations omitted).

This is apparent when Plaintiff makes arguments such as

> the Order's analysis states, "the targeted agencies analyze and create policies, protocols, and regulations for the purchasing of smartphones based on security and privacy risks and set government-wide policies based on these analys[e]s." Order at 6. But that analysis is not the test, and no record evidence supports it. No specific policy, rule, or regulation of any agency is mentioned in the Order, let alone one that administers, oversees, or regulates the conduct or market at issue in the case. To the United States' knowledge, Apple also has not cited a regulatory policy in its answer or in other filings or proceedings in this case.

(Mov. Br. at 2). Plaintiff misunderstands the legal framework applicable to this dispute. As explained herein, and in July 17, 2026 Opinion and Order, the first inquiry in resolving a discovery dispute is to ascertain relevance. That was resolved in favor of Defendant. (SM Order at 6-8). Once relevance was established, Plaintiff had the burden to put forth a valid and legally sound argument to overcome disclosure. *See Lloyd-Jones*, 2022 WL 3572837, at *5.

Statements like "Apple has not cited a regulatory policy" and "[n]o specific policy, rule, or regulation of agency is mentioned in the Order" highlight this disconnect. It is neither the Special Master nor Defendant's obligation to provide the grounds to support Plaintiff's objections. Instead, as noted, the obligation was solely Plaintiff's and it did nothing to discharge it. Hence, the Special Master concludes that it did apply the correct legal standard.

Additionally, to the extent Plaintiff asserts the Special Master did not perform an agency-by-agency analysis, Plaintiff is also incorrect for two reasons. (Mov. Br. at 2). First, in its original submission, Defendant provided examples of publicly available guidelines that support

the fact that these internal policies exist. (*See, e.g.*, ECF No. 422 at 4). In reviewing the submission, the Special Master specifically took this fact into consideration and found that there was a sufficient basis to support discovery under the circumstances. (Order at 6-8). This, along with the fact that the Federal Agencies are to be considered part and parcel of the United States for purpose of these discovery demands, confirms reconsideration is inappropriate here.

Next, Plaintiff claims "new" facts support its burden arguments. (Mov. Br. at 2). Specifically, Plaintiff submits declarations from 12 agencies regarding burden and cost. (Id. at 2-3 (explaining the contents of each of the declarations)). The Special Master rejects the assertion that these are "new" facts.

First, this has been a protracted dispute – spanning the better part of a year. (*See, e.g.*, ECF No. 422-1 (Defendant's **final** compromise being offered to Plaintiff on *February 10, 2026*)). Additionally, nothing in the declarations can be considered new, as in, just learned. A review of the declarations reveals generalized information concerning man hours and cost. (*See, e.g.*, Mov. Br. at 3 ("Would need to spend thousands of hours reviewing and logging documents") (citing NASA declaration)). The only thing that may be "new" about this information is that Plaintiff just chose to learn about the undertaking for each agency at this juncture. But how long it will take and how much it will cost presumably has not changed since the first RFPs were served – nor has Plaintiff articulated why that would be the case. That Plaintiff chose to wait until the Motion for Reconsideration phase does not suddenly make the undertakings of each agency "new," nor does it support the issuance of a reconsideration order premised on "the availability of new evidence *not previously available*." *N. River Ins. Co.*, 52 F.3d at 1218. Plaintiff has had

more than ample time to gather these facts – for reasons unknown, it simply chose not to do so.[1] Thus, the Special Master also rejects Plaintiff's "new" evidence argument.

Finally, Plaintiff claims the Special Master improperly analyzed relevance and proportionality. (Mov. Br. at 4). According to Plaintiff, without citation to any support, the relevance of the information the Federal Agencies have is "minimal" while the burden to Plaintiff and the Federal Agencies is significant. First, the Special Master notes that this argument is essentially a repackaging of the "new" evidence argument from above. (*Compare* Mov. Br. at 4 *with* Mov. Br. at 2-3). Accordingly, the Special Master finds it unpersuasive for the reasons articulated herein.

More importantly, the heart of Plaintiff's third argument is really rooted in weight as compared to discoverability. For example, Plaintiff argues that "[a]s to documents concerning privacy and security, antitrust law is clear that a 'procompetitive benefit must justify the specific conduct here in question.'" (Mov. Br. at 4 (quoting *United States v. Google LLC*, 774 F. Supp. 3d 1, 171 (D.D.C. 2024) (cleaned up)). The Special Master does not disagree that this is in fact the controlling legal standard. The problem with Plaintiff's cited law, and all of the arguments tethered thereto, is that those cases are focused on the *merits* of the antitrust case. Indeed, the cited *Google* opinion was on a motion for summary judgment.

At this juncture, the Special Master is only concerned with discoverability and the appropriateness of the discovery demands. Adopting Plaintiff's arguments would alter the analysis and require the Special Master to wade into the merits of the underlying case. That is not the Special Master's task. Instead, the narrow inquiry before the Special Master is whether

[1] It is important to note that Defendant made this very argument in its original application. (*See generally* ECF No. 422). Yet, despite this matter pending for months, Plaintiff never made any inquiry to ascertain the purported burden each agency would have to endure to respond to the RFPs.

the demanded information is discoverable and should be produced. The Special Master has already resolved these inquires in favor of Defendant and sees no reason, persuasive or otherwise, to reverse course at this point. Plaintiff is more than entitled to raise this weight/admissibility argument at a later time if it deems it appropriate.

To summarize, the Special Master concluded that the Federal Agencies, in this case, were part of the United States for purposes of party discovery. At that point, Plaintiff had the burden of showing that the discovery was improper for other reasons, and it simply did not.

## IV. ORDER

**IT IS** on this 26th day of August, 2026,

**ORDERED** that Plaintiff's Motion for Reconsideration of the July 17, 2026 Opinion and Order is hereby **DENIED**.

**SO ORDERED**.

/s/ *Jose L. Linares*
Hon. Jose L. Linares, U.S.D.J. (ret.)