**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

August 28, 2026

**VIA ECF**
Honorable Julian Xavier Neals, U.S.D.J.
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.***
**No. 2:24-cv-04055 (JXN-LDW)**
**Request to Enlarge Briefing on Appeal of Agency Discovery Dispute Orders**

Your Honors:

The United States intends to appeal to Judge Neals the July 14, 2026 Order by Special Master Linares compelling fourteen federal agencies to respond to each of Apple's Requests for Production, ECF No. 471 (the "Agency Discovery Order"), and his August 26, 2026 Order denying reconsideration of the Agency Discovery Order ("Reconsideration Order"), ECF No. 501. Pursuant to Paragraph 17 of the Special Master Appointment Order, ECF No. 455, the United States respectfully requests leave of Court to enlarge the briefing on appeal from 5 to 10 single-spaced pages per side for the United States' opening and Apple's response briefs, and to allow the United States to file a reply of 5 single-spaced pages 7 calendar days after Apple files its response brief. This request is of an urgent nature because the United States' opening brief on appeal is due to be filed on September 9, 2026.

Good cause exists to enlarge the number of pages and allow a reply. First, unlike typical discovery matters in this case, each side was allotted 11 single-spaced pages to brief the original discovery dispute. *See* ECF No. 422 (Joint Discovery Dispute Letter re Discovery from Federal Agencies). Five pages for opening and opposition briefs would be less than half that length for a *de novo* appeal.

Second, the matters at issue in the Agency Discovery Order and Reconsideration Order are considerably more complex than an ordinary discovery dispute. These Orders

raise a significant question about the appropriate legal standard for determining when federal agencies that are not responsible for the investigation or prosecution of a case or for regulating competition in the relevant market should nevertheless be subject to party discovery, simply because the Department of Justice brings an enforcement action. Opening these agencies to the discovery obligations ordered here would have a chilling effect on the United States' ability to enforce the antitrust laws. This is a threshold issue for evaluating the subpoenas that would not arise in most discovery disputes, and the Special Master recognized that there is no controlling authority in the Third Circuit. *See* ECF No. 471 at 5; ECF No. 501 at 4. Full briefing by the parties, including a reply, will ensure that appropriate attention is focused on these matters, which will benefit the Court.

Third, the parties will need to address the distinct burdens, described in nearly 100 pages of declarations, imposed by Apple's requests on federal agencies to search for, review, and produce responsive documents. The production contemplated by the Orders would not only be extraordinarily burdensome, especially when compared to the marginal relevance of that evidence to the facts actually in dispute, but for many agencies would implicate important national security concerns. *See, e.g.,* ECF No. 482-1 (Declarations of Mary C. Williams (Central Intelligence Agency) ¶ 20; Joy Garrett (National Security Agency) ¶ 28; Rebecca M. Flowers (Office of the Director of National Intelligence) ¶ 32; Rusty Rich (Department of War) ¶ 10; Faith Anne Perry (Department of War) ¶ 11; William L. Harris (Federal Bureau of Investigation) ¶ 14; Ryan Bellack (Department of Homeland Security) ¶ 6; and Jeanne Miller (Department of State) ¶ 9).

The Special Master's Orders are 23 pages in length. Given the complexity of these matters, the United States respectfully submits that it cannot adequately convey the particularized arguments of 14 federal agencies in a mere five pages, which is the default under the Special Master Appointment Order. Accordingly, the United States respectfully requests leave of Court to enlarge the briefing on appeal from 5 to 10 single-spaced pages per side for Plaintiffs' opening and Apple's response briefs, and to allow Plaintiffs to file a reply of 5 single-spaced pages 7 calendar days after Apple files its response brief.

Apple has authorized the United States to advise the Court that Apple believes the parties should adhere to the page limits and procedures set by the Special Master Order and declines the United States' request to expand the appeal page limits from 5 to 10 pages or to allow a reply brief.

If this request meets Your Honor's approval, the United States respectfully requests that Your Honor "so order" this letter and enter it on the docket.

Respectfully submitted,

*/s/ Aaron M. Sheanin*

Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice, Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 709-1490

Email: Aaron.Sheanin@usdoj.gov

*Attorney for the United States and Fourteen Federal Agencies*

SO ORDERED:

________________________________
Hon. Leda D. Wettre, U.S.M.J.