**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

August 28, 2026

**VIA ECF**

Jose L. Linares, U.S.D.J. (ret.)
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re: **United States, et al. v. Apple Inc.,**
**Case No. 2:24-cv-04055 (JXN-LDW)**
**Motion for Stay Pending Appeal (Dkt. Nos. ECF 471, 501)**

Dear Judge Linares:

The United States intends to appeal to Judge Neals the July 14, 2026 Order by the Special Master compelling fourteen federal agencies, not otherwise involved in this action, to respond to each of Apple's Requests for Production, ECF No. 471 ("Agency Discovery Order"), and the August 26, 2026 Order denying reconsideration of the Agency Discovery Order, ECF No. 501 ("Reconsideration Order"). Under Local Civil Rule 72.1(c)(1) and the Special Master Appointment Order, ECF No. 455 ¶ 18, the United States respectfully requests that these Orders be stayed until the appeal has been resolved.[1]

A stay of an order pending appeal "hold[s] a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder*, 556 U.S. 418, 421 (2009). A stay is appropriate when (1) the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) a stay is in the public interest. *In re Valeant Pharm. Int'l, Inc. Sec.*

[1] Local Civil Rule 72.1(c)(1)(B) provides, "A stay of a Magistrate Judge's order pending appeal must be sought in the first instance from the Magistrate Judge whose order had been appealed, upon due notice to all interested parties." Civ. L-R 72.1(c)(1)(B). The Special Master Appointment Order provides, "The authority of the Special Masters shall be coextensive with that of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1….Any appeal of a ruling made by a Special Master shall be taken to the District Judge through the procedure for appealing described in Paragraph 17 and consistent with Local Civil Rule 72.1(c)(1)." ECF No. 455 ¶ 18.

*Litig.*, 2026 WL 1471497 (D. N.J. May 26, 2026); *Berardino v. Prestige Mgmt. Servs., Inc.*, 2018 WL 3159862, at *1–2 (D.N.J. Jan. 17, 2018) (granting stay of order denying motion to quash subpoena where "no relief available on appeal could effectively return [the affected party] to its pre-disclosure position in this case").

In *In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015), the Third Circuit adopted a "sliding scale" approach to the four *Nken* factors, where "the necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Id.* at 568 (internal quotation marks omitted). "Thus, while it is not enough that the chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not." *Id.* at 569 (cleaned up). *See, e.g., Thomson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*, 2025 WL 1488015, at *2 (D. Del. May 23, 2025) ("Taking the first two factors independently and then considering all four on a 'sliding scale,' the factors weigh in favor of a stay" where there is "substantial ground for difference of opinion" on the merits.). Here, while all four factors weigh in favor the United States' request, the Third Circuit's sliding scale tips decidedly toward a stay: the United States has at least a "reasonable chance" of success, production in advance of resolving the proper scope of discovery would cause irreparable harm to the federal agencies, a stay will not substantially injure Apple, and a stay is in the public interest.

**First**, the United States has made a strong showing that it is likely to succeed on the merits. A "sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *In re Revel*, 802 F.3d at 568-69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (*en banc*)). These Orders raise a significant question about the appropriate legal standard for determining when federal agencies that are not responsible for the investigation or prosecution of a case, or for regulating competition in the relevant market, should nevertheless be subject to party discovery, simply because the Department of Justice brings an enforcement action. Opening these agencies to the discovery obligations ordered here would have a chilling effect on the United States' ability to enforce the antitrust laws. This is a threshold issue for evaluating the subpoenas, and the Special Master recognized that there is no controlling authority in the Third Circuit, *see* ECF No. 471 at 5; ECF No. 501 at 4. The District Court therefore has substantial leeway for a different opinion in this matter. Under such circumstances, the United States has a "reasonable chance, or probability, of winning."

Moreover, the detailed federal agency declarations increase the United States' likelihood of prevailing on appeal. These declarations attest to the scale and burden of Apple's requested productions and show that requiring the agencies to gather this discovery would be disproportionate to the needs of the case. *See* ECF No. 482 at 2-4. Apple means to exploit those burdens. This very afternoon, for example, Apple has taken the extraordinary position that the agencies—explicitly including the Department of State, which maintains "more than 250 embassies and consulates across the globe"—"must

search" for materials even in remote, local offices.[2] But even if the Special Master were doubtful of the "reasonable chance" of the United States to prevail on appeal, the other factors warrant a stay of the Orders. *See, e.g., Howard Johnson Int'l, Inc. v. University Hospitality, LLC*, 2018 WL 2095595 (D.N.J. May 7, 2018) (Linares, J.).

**Second**, and equally important, the federal agencies—particularly those in the Defense and Intelligence Community—would be irreparably injured absent a stay. As *Berardino* recognized, compelling disclosure pursuant to subpoena prior to District Court review of whether the subpoenas are enforceable at all would necessarily cause irreparable harm. 2018 WL 3159862, at *1–2. Agencies in the Defense and Intelligence Community including the Federal Bureau of Investigation, Central Intelligence Agency, Department of Homeland Security, Department of State, Department of War, National Security Agency, and Office of the Director of National Intelligence have detailed in their declarations the national security risks that compliance before appellate review would present. The agency declarations detail how identifying responsive documents whose existence could be acknowledged in an unclassified setting, determining whether any of those documents could be produced, and logging those documents that are subject to privileges against public disclosure unique to the intelligence community would impose extraordinary burdens on the agencies and take resources away from the agencies' missions. For example, agencies attest to the time-intensive processes for them to: (a) collect documents due to legacy systems and/or the decentralized nature of procurements and procurement records; (b) if applicable, locate responsive non-classified documents on classified systems; (c) if applicable, review and redact classified material from partially classified documents—an onerous process[3]; and (d) identify and log many documents seeking internal, pre-decisional deliberations that are likely to be privileged and would add minimal information beyond agency-wide procurement policies. *See* ECF No. 482 at 2-3. Obligating agency compliance before Judge Neals can review the Orders would cause irreparable injury to the federal agencies. *See X Corp. v. Media Matters for Am.*, 120 F.4th 190, 196 (5th Cir. 2024) (granting motion to stay discovery order that "would be effectively unreviewable on direct appeal because once the . . . information is disclosed, the . . . injury could not be undone").

**Third**, allowing Judge Neals to first address the appeal before requiring compliance by the agencies would cause no meaningful injury to Apple in light of both the procedural posture of this case and the tangential relevance of the evidence sought by the subpoenas to the factual questions actually in dispute. The prompt briefing schedule on appeal means that all briefing will be complete before the end of September.[4] Moreover, as noted in the United States' motion for reconsideration, several responding agencies outside the Defense

---

[2] Apple offered as a consolation only the tautology that agencies would not be required to search those remote offices if they do not contain responsive materials.

[3] The United States neither confirms nor denies the existence of any documents related to (b) or (c).

[4] Briefing will be complete on September 30 if the United States is granted leave to file a reply brief, and otherwise September 23.

and Intelligence Community are already working to prioritize a minimally burdensome, non-privileged set of documents that can be produced to Apple in response to certain requests. As a result, a stay will cause no meaningful harm to Apple.

**Fourth**, the final factor—the public interest—weighs strongly in favor of a stay. A stay protects public agencies from the expense and distraction of needing to search for and produce documents that may be limited or precluded on appeal. A stay with respect to the Defense and Intelligence Community agencies also would further the public's interest in protecting national security. The public interest does not favor allowing Apple to impose broad discovery on all agencies subject to the Orders, which represent half the federal civilian workforce, simply because the Department of Justice challenged Apple's anticompetitive conduct. Rather, the public interest favors allowing Judge Neals to assess the United States' objections to the subpoenas before the federal agencies—all of which perform essential services for the public good—expend public resources to respond to Apple's requests.

The United States therefore respectfully asks the Special Master to stay the Agency Discovery Order and the Reconsideration Order pending review on appeal by Judge Neals.

Apple has authorized the United States to advise the Court that Apple opposes the United States' request to stay the Opinion and Order of the Special Discovery Master Re: Federal Agency Discovery (ECF No. 471). Apple does not object to Judge Linares deciding the United States' request but reserves the right to submit any future stay request to a special master or directly to Judge Neals or Judge Wettre as appropriate. Apple will submit its opposition to the United States' motion within five business days of the United States' filing.

If this request meets Your Honor's approval, the United States respectfully requests that Your Honor "so order" this letter and enter it on the docket.

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: Aaron.Sheanin@usdoj.gov

Jack G. Lerner
Trial Attorney
Anti-Monopoly Collusion Enforcement Section

Antitrust Division, U.S. Department of Justice
Tel: (202) 227-9295
Email: Jack.Lerner@usdoj.gov

*Attorneys for the United States and Fourteen Federal Agencies*

SO ORDERED:

________________________________
Hon. Jose L. Linares, U.S.D.J. (ret.)