**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No.: 24-4055 (JXN-LDW)<br><br>**ORDER OF THE SPECIAL DISCOVERY MASTER RE: STAY OF JULY 14, 2026 ORDER** |

**LINARES, J.**

**WHEREAS,** on July 14, 2026, the Special Master issued an Opinion and Order requiring Plaintiff United States of America to respond to certain Requests for Production propounded by Defendant Apple Inc. requesting documents from 14 separate Federal Agencies (ECF No. 471);

**WHEREAS**, on August 26, 2026, the Special Master denied Plaintiff's Motion for Reconsideration of the July 14, 2026 Special Master Opinion and Order (ECF No. 501);

**WHEREAS,** Plaintiff has timely appealed the Special Master's July 14, 2026 Opinion and Order to the Hon. Julien X. Neals, U.S.D.J. (ECF No. 513);

**WHEREAS,** Plaintiff has moved before the Special Master for an Order staying the July 14, 2026 Opinion and Order pending the outcome of its appeal (ECF No. 504). Therein, Plaintiff asserts it, vis-à-vis the 14 Federal Agencies, will be irreparably harmed if forced to comply with the July 14, 2026 Order because of the purported burden that complying with the Opinion and Order would impose. (Id. at 3). Plaintiff also claims that staying the Opinion and Order while

Judge Neals considers the appeal would not prejudice Defendant given the current phase of discovery in the case. (Id. at 4).[1];

**WHEREAS,** Defendant has opposed Plaintiff's Motion for Stay, arguing that Plaintiff does not have a high likelihood of success on the merits, relying on the language of the Special Master's July 14, 2026 Opinion and Order. (ECF No. 508). Defendant also avers that Plaintiff's arguments concerning irreparable harm are "speculative or merely amount to the ordinary work of producing documents in litigation." (Id. at 2). Defendant further avers that any delay continues to prejudice it because it has been waiting for more than 14 months for this discovery. (Id.). Finally, Defendant claims that the public interest favors compliance with Court Orders rather than "serial delay." (Id.).; and

**WHEREAS,** the Special Master finds Plaintiff's irreparable harm and prejudice arguments to be highly persuasive. Indeed, as Plaintiff correctly notes, the Third Circuit utilizes a "'sliding scale' approach to the four *Nken* [stay] factors, where 'the necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other stay factors.'" (ECF No. 504 at 2 (quoting *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)). While not wholly agreeing with Defendant that the Plaintiff has *no* likelihood of success on the merits, the Special Master does believe that Plaintiff has an uphill battle on this prong of the analysis. Yet, this factor alone is not sufficiently persuasive to warrant denial of the Motion for Stay. This is because the Special Master agrees with Defendant that the irreparable harm and "no prejudice" factors greatly weigh in favor of a stay.

As set forth in both the original Opinion and Order and the Order denying the Motion for Reconsideration, the Special Master concluded for a variety of different reasons that Plaintiff's generalized assertions of burden in complying with the discovery demands was insufficient,

[1] Plaintiff also makes arguments concerning its likelihood of success and public interest. (*See generally* id.).

based on the record before the Special Master, to avoid its discovery obligations. (*See generally* ECF Nos. 471, 501). However, the Special Master at no point concluded on the merits that there was not a burden being imposed on the subject Federal Agencies. Requiring Plaintiff, and the subject Federal Agencies, to perform this purportedly extensive amount of work where there is a possibility that Judge Neals may reverse the Special Master's rulings is simply unfair. As such, this factor greatly weighs in favor of a stay.

Similarly, Defendant complains of the delay in obtaining this information. The reality is that, despite when it was filed, this case is still very much in the earlier phases of discovery. This factor could weigh in favor of Defendant if, for example, it were the final piece of discovery left before the close of all discovery. But the opposite is true here. The Parties can still participate in all other discovery while Judge Neals makes a final determination on this portion of the case. Accordingly, this factor also weighs in favor of granting Plaintiff's Motion for Stay.[2],

**IT IS** on this 10th day of September, 2026,

**ORDERED** that Plaintiff's Motion to Stay the July 14, 2026 Opinion and Order pending Judge Neals' resolution of the appeal (ECF No. 504) is hereby **GRANTED**; and it is further

**ORDERED** that any and all discovery obligations created by the July 14, 2026 Opinion and Order are hereby **STAYED**.

**SO ORDERED**.

__/s/ *Jose L. Linares*________________________
Hon. Jose L. Linares, U.S.D.J. (ret.)

[2] The public interest factor is net-neutral since both Parties argue equally compelling points on this prong. Neither Party's argument outweighs the other's.