**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*

*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

September 11, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101
RE: United States, et al. v. Apple Inc.
Civil No. 24-cv-04055 (JXN-LDW)

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively, "Parties") respectfully submit this Joint Status Letter Regarding Data Discovery pursuant to the Court's endorsement of the Parties' August 21, 2026 letter. *See* ECF No. 499.

The Parties continue to make progress toward reaching agreements on the parameters for productions from Apple's financial and usage data sources, as relate to RFPs 26 and 61-63 (Appendix A, below). Each agreement on parameters continues to begin the six-week clock for producing data from that source, unless the Parties agree to an exception. Since the last status update submitted on August 21, the Parties have met and conferred six times to discuss the technical feasibility and proportionality of Plaintiffs' data requests and follow-up queries. Apple also has made two productions of full datasets. The production clock is in process for eight datasets from five data sources. Plaintiffs note that one additional dataset has exceeded the six-week clock. The Parties anticipate that the six-week clock will soon start on another two datasets from two data sources where the parties are near agreement or at agreement in principle.

The Parties continue discussions on at least thirteen additional datasets from ten data sources, as identified in prior letters. The data under discussion and being produced reflect the core of Plaintiffs' financial and usage data requests. The Parties are continuing their discussions and investigations with respect to potential additional datasets. For certain data Plaintiffs seek in response to RFPs 26 and 62, the Parties have created a separate workstream to make more effective progress. The Parties continue to discuss how to make progress on definitions for Apple's datasets for the purpose of creating a common understanding for both fact and expert discovery. In addition, the Parties are discussing secure, timely, and cost-effective modes for future Apple data productions.

As part of this effort to date, Apple has provided Plaintiffs with 65 data samples from 28 data sources, totaling more than 72 million data points. Apple has provided full data productions of more than one hundred datasets from 13 data sources totaling more than 100 billion data points. These full data productions include raw data for agreed-upon studies, reports, and analyses and also include financial data.

The Parties still anticipate that the disputed discovery issue in the Parties' May 13, 2026 Joint Status Letter (ECF No. 434, at 15–20) will be resolved. Plaintiffs are not seeking guidance from the Court on this issue at this time. Once resolved, Plaintiffs anticipate withdrawing their request for additional 30(b)(6) deposition time.

The Parties agree that another court-ordered status update will be valuable for completing this process. The Parties will submit that update to the Court no later than October 2, 2026. If this timing meets with the Court's approval, we respectfully ask that Your Honor sign and enter the proposed form of endorsement at bottom. Thank you for Your Honor's attention to these matters.

Respectfully submitted,

/s/ Aaron M. Sheanin
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Email: aaron.sheanin@usdoj.gov
Phone: (202) 709-1490

*Attorney for Plaintiff United States of America*

JENNIFER DAVENPORT
Attorney General of New Jersey
/s/ David H. Reichenberg
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

/s/ Liza M. Walsh
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
K. Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com
*Attorneys for Defendant Apple Inc.*

SO ORDERED:

____________________________
Hon. Leda D. Wettre, U.S.M.J.

## Appendix A

**REQUEST NO. 26**

Documents and data sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of each Apple product or service. For avoidance of doubt, this includes documents sufficient to show Apple's methodologies for recognition of and allocation of revenue, costs, expenses, margins, and profitability, including any accounting policies and procedures manuals.

**APPLE RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and data for "each Apple product or service" regardless of whether such product or service relates to any of the issues in this case. Apple also objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that do not exist in the ordinary course of business, including financial reporting metrics and cost allocations that Apple does not maintain for iPhone or each Identified Product or Service. Apple further objects to this Request duplicative of Request Nos. 10, 15, 22, and 23, which also seek production of documents related to Apple's costs, sales, or profitability.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce non-privileged documents sufficient to show, on a quarterly and annual basis since January 1, 2010, the revenue, expenses, costs, margins, and profitability of iPhone and each Identified Product or Service, to the extent such documents exist and can be located by a reasonable search.

**REQUEST NO. 61**

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to Apple Smartphones or any Identified Product or Service after January 1, 2009, containing information derived from users in the United States, Australia, Canada, China, France, Germany, India, Japan, Mexico, Brazil, Russia, South Korea, and United Kingdom, excluding enterprise users, that contains information relating to user:

a. characteristics;
b. relationships between or among the Company's other users (including Family Sharing);
c. specific devices used (e.g., iPhone model, year, and storage);
d. ownership, activation, deactivation, or usage of the Company's devices;
e. ownership, activation, deactivation, or usage of third-party devices;
f. switching to, from, or among devices;
g. purchase, activation, deactivation, or usage of the Company's apps, subscriptions, products, or services;
h. purchase, activation, deactivation, or usage of third-party apps, subscriptions, products, or services; and
i. unique identifiers sufficient to link the user across data sets produced in response to these Requests.

**APPLE RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "user characteristics," "model," and "usage." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to users in geographies outside the United States. Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market. Apple further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is subject to restrictions of confidentiality, including privacy considerations.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.

**REQUEST NO. 62**

Monthly iPhone and Apple Watch sales data worldwide, as well as any associated Data Dictionaries and documentation, for all models after January 1, 2010, including:

a. The country and state where the iPhone or Apple Watch was purchased;
b. The country and state where the iPhone or Apple Watch was activated, if different than the country and state of purchase;
c. All fields necessary to identify the model and specifications, including serial number, IMEI, ICCID, MAC address, brand, model, and storage capacity;
d. All fields necessary to identify the wholesale customer or retailer and sales channel, including the wireless carrier brand through which devices are sold to consumers; and
e. All fields related to units sold, price, incentives, revenues, costs, discounts, rebates, returns, margins, and profitability maintained in the ordinary course of business.

**APPLE RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the term "activated." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks data or documentation related to sales data in specific states within the United States and in geographies outside the United States. Apple further objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control.

Subject to and without waiving its objections, Apple will conduct a reasonable search for and produce data sufficient to show iPhone and Apple Watch sales within the United States since January 1, 2014, to the extent such documents exist and can be located by a reasonable search.

**REQUEST NO. 63**

Each database or data set, as well as any associated Data Dictionaries and documentation, relating to studies, reports, and analyses of consumers, developers, or other groups related to Smartphones or any Identified Product or Service. These include surveys, polls, focus groups, market research, market segmentations, online anthropologies, A/B testing or other experiments, and choice modelling. They exclude databases and data related to purely cosmetic hardware changes.

**APPLE RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Apple incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Apple objects to this Request as vague and ambiguous as to the meaning of the terms "other groups," "online anthropologies," "A/B testing or other experiments," "choice modeling," and "purely cosmetic." Apple also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[e]ach database or data set" and "any associated Data Dictionaries and documentation," regardless of whether such data or documentation is duplicative or relates to any of the issues in this case. Apple also objects to this Request to the extent it seeks documents and data that are not in Apple's possession, custody, or control. Apple further objects to this Request to the extent it assumes any Identified Product or Service is a relevant product market.

Subject to and without waiving its objections, Apple is willing to meet and confer to discuss a reasonable narrowing of this Request.