**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

September 30, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (JXN-LDW)**
**Joint Letter re Dispute Over Deposition Scheduling**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively, "Parties") respectfully submit this joint letter regarding the Parties' dispute over deposition scheduling in accordance with the Court's direction at the Status Conference on September 16, 2026. The Parties have met and conferred since the Status Conference and are unable to reach agreement over the procedure for scheduling depositions of Apple's witnesses. This issue was briefed in the Joint Status Letter submitted on September 2, 2026, ECF No. 507, and the Parties respectfully submit that no further briefing is necessary. Plaintiffs object to Apple's argument in support of its proposal as not invited by the Court; Apple has offered a brief explanation of its proposal as context for the Court, because Apple's proposal takes into account subsequent meet-and-confers with Plaintiffs as well as the extension to the fact discovery deadlines and therefore substantively differs from the proposal it presented in its September 2, 2026 letter. The Parties submit the following proposals.

**Plaintiffs' Proposal**

Absent agreement of the parties or relief from the Court, within 10 business days of receiving a written request for depositions of Apple witnesses, Apple will provide a range of dates when each witness is available to testify within the following 30 days.

**Apple's Proposal**

Within 10 business days of receiving a written request for deposition of an Apple witness that specifies the 60-day window within which Plaintiffs would like to take the deposition, Apple

will provide one or more dates within that 60-day window when the witness is available to testify. If a witness is out of the office when the request is received, or is a former employee, Apple will provide availability as soon as Apple can obtain it. If Plaintiffs are unavailable on the date(s) that Apple proposes, the parties will work cooperatively and in good faith to identify an alternative date.

Plaintiffs will endeavor to propose 60-day windows—as they have generally been proposing throughout the case—that take into account the depositions already scheduled, and the time remaining in the fact discovery period. If Apple believes that a proposed 60-day window does not adequately take into account the broader case schedule, or if there are unique circumstances that affect the availability for a particular witness, Apple will promptly notify Plaintiffs, and the parties will work cooperatively and in good faith to identify an alternative window for that deposition.

Apple is willing to schedule depositions in the 60-day windows that Plaintiffs request. But there are eight months before the close of fact discovery, and there are already 16 depositions of Apple witnesses offered or confirmed for October through January, 11 of which would span multiple days between the Government Action and MDL. There is no reason to jam Apple by allowing Plaintiffs to force however many additional Apple depositions they choose to notice in that same time period, and even potentially before substantial completion of document productions in the MDL, when the parties can instead work cooperatively to schedule any remaining depositions of Apple witnesses at an even pace throughout the remainder of fact discovery.

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*/s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
K. Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

Email: tracie.bryant@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*