**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>*Plaintiffs,*<br>v.<br><br>APPLE, INC.<br>*Defendant.* | **Civil Action No. 2:24-cv-04055 (JXN-LDW)**<br><br>**RESPONDING AGENCIES' REPLY BRIEF IN FURTHER SUPPORT OF APPEAL FROM SPECIAL DISCOVERY MASTER'S ORDERS WITHIN THE DISTRICT COURT**<br><br>**Oral Argument Requested** |

The fourteen Responding Agencies respectfully submit this reply brief in further support of their appeal, ECF No. 513, from the Opinion and Order of the Special Discovery Master re: Federal Agency Discovery, entered July 14, 2026 (ECF No. 471), and the Opinion and Order of the Special Discovery Master re: United States of America's Motion for Reconsideration, entered August 26, 2026 (ECF No. 501).

Dated: September 30, 2026

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
aaron.sheanin@usdoj.gov

Matthew C. Mandelberg
Shiza Arshad
Curtis Strong
United States Department of Justice
450 Fifth Street, NW
Washington, DC 20530
matthew.mandelberg@usdoj.gov
shiza.arshad@usdoj.gov
curtis.strong@usdoj.gov

*Attorneys for the United States and Responding Agencies*

Apple's Response reveals no valid basis for requiring the fourteen Responding Agencies to comply with Apple's overbroad subpoenas. Pivoting from its arguments before the Special Master, Apple supports its subpoenas by advancing a sweeping and unprecedented proposal that Rule 34 party discovery now extends to every federal agency in any civil law enforcement action brought by the United States. This proposition ignores appropriate limits on discovery of federal agencies under their *Touhy* regulations. It fails to engage with limits on party discovery under the Federal Rules of Civil Procedure. And it would saddle broad swaths of the federal government with overbroad discovery requests in future cases. While this lack of a limiting principle is fatal to Apple's approach under Rule 34, the Court can also quash the overbroad subpoenas on the simple and clear basis that they are unduly burdensome and disproportional to the needs of the case.

## I. *Touhy* Regulations Apply Here

By their terms, the Responding Agencies' *Touhy* regulations apply to Apple's subpoenas, regardless of whether the United States is a party and whether the case is civil or criminal. *See generally* ECF 513-4, Ex. B; *e.g.*, 32 CFR § 1905.2(b) (CIA: "any subpoena, order, or other legal summons . . . issued by a federal, state, or local governmental entity" with no differential treatment for cases in which the United States is a party); 28 CFR § 16.21(a) (FBI: "all federal and state proceedings" regardless of whether the United States is a party); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("The defendant claims at the outset that *Touhy* regulations do not apply to cases in which the United States is a party, but neither the authorizing statute, 5 U.S.C. § 301, nor the DHS regulations, 6 C.F.R. § 5.41, impose any such limitation."). Courts within this Circuit hold similarly. *See United States v. Ramos-Guerra*, 2023 WL 1997420, at *3 (D.V.I. Feb. 14, 2023) ("subsequent federal decisions have overwhelming [sic] upheld the validity of *Touhy* regulations in the criminal context where the United States was a prosecuting party").

First, Apple urges the Court to ignore this law, claiming "agencies are not third parties" and "are responding to Apple's RFPs to the United States." Opp. 4-5. Apple cites no authority for discarding any agency's *Touhy* regulations in law enforcement cases brought by DOJ based only on the agency being part of the United States.[1] Caselaw holds otherwise. *See, e.g.*, *United States v. Odyssey Mktg. Grp., Inc.*, 2017 WL 2484180, at *4 (E.D.N.C. June 8, 2017) (in DOJ civil law enforcement case, quashing discovery on the Army for "failure to comply with *Touhy* procedures").

Second, Apple argues that sovereign immunity has no relevance. Opp. 5. But it cites no controlling authority that a civil law enforcement action waives sovereign immunity for the entire Executive Branch. *In re Monongahela Rye Liquors* is far afield: it addressed whether, in bankruptcy, a debt could be "set-off" against claims to state tax refunds. 141 F.2d 864, 869 (3d Cir. 1944). As noted, *P&G* was a civil law enforcement action in which discovery was sought from DOJ alone. The sovereign immunity of the rest of the Executive Branch was not at issue.

## II. Apple's Argument for Rule 34 Discovery Confuses the Issues and Has No Limits

For the first time, Apple argues for a new and sweeping standard that would subject all federal

[1] In *Resource Investments, Inc. v. United States*, the plaintiff was allowed to seek discovery from the Army Corps of Engineers after it denied a permit that gave rise to the plaintiff's claim. 93 Fed. Cl. 373 (2010). Similarly, in *Alexander v. FBI*, the only issue was the scope of a deposition of a federal official in a suit against the United States. 186 F.R.D. 66 (D.D.C. 1998). In *Boron Oil Co. v. Downie*, the court held that an EPA employee could not be compelled to appear and testify. 873 F.2d 67, 70 (4th Cir. 1989). *Bistrian v. Levi* does not speak to these issues either, because it arose in the very different context of a *Bivens* action. 2022 WL 888878, at *7 (E.D. Pa. Mar. 25, 2022).

agencies to party discovery under Rule 34 any time the federal government brings a law enforcement action.[2] Abandoning all prior arguments for seeking discovery from the Responding Agencies, Apple now asks this Court to break new legal ground and hold, "through the President . . . documents held at [all] agencies" are subject to party discovery under Rule 34 because they are within the possession, custody, and control of the United States. ECF 525 (Opp.) at 3. No court has adopted Apple's standard, and this Court should not be the first.

The Responding Agencies do not currently dispute possession, custody, or control. But this sheds no light on whether they are subject to party discovery under Rule 34. Unlike most litigants, the Department of Justice (DOJ) litigates on behalf of the sovereign United States as part of its delegated duty to take care that the laws are faithfully executed. ECF 513 (Br.) at 8-9. No court has ever held that the entire Executive Branch is subject to party discovery as a consequence of a DOJ law enforcement action. Instead, every court that has analyzed this question has performed a fact-specific assessment of the relationship of a federal agency to the specific case. Apple misinterprets *United States v. UBS Securities LLC*, 2020 WL 7062789 (E.D.N.Y. Nov. 30, 2020) and *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1639022 (E.D. La. Apr. 13, 2015), claiming those cases "did not" "impos[e] limits on discovery." Opp. 4. *UBS* extended party discovery to Treasury and HUD after assessing their joint investigatory work with DOJ. 2020 WL 7062789, at *6-7. *Deane* extended party discovery to HHS and CMS components with "responsibility for the administration or oversight of the Medicare program that is the subject of the United States' complaint."[3] 2015 WL 1638022, at *5. These findings would be unnecessary unless those courts recognized there are limits on party discovery for federal agencies.

Apple objects that *United States v. Xlear Inc.*, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022), is "wrong." Opp. 4. *Xlear*, following *UBS*, allowed party discovery to extend to the FTC, which "substantially participated" in a joint investigation, but not to federal agencies with "limited communications." *Id.* at *2 n.3.[4] *Xlear* appropriately recognizes reasonable and prudent limits on party discovery when the United States comes to court as a law enforcer.

Apple next argues party discovery of all federal agencies is justified by the Supreme Court's statement that "[t]he Government as a litigant is, of course, subject to the rules of discovery." *United States v. Procter & Gamble Co.* (*P&G*), 356 U.S. 677, 681 (1958). In *P&G*, the defendant sought a grand jury document from DOJ, which the Supreme Court denied because of "the policy of secrecy of grand jury proceedings." *Id.* at 683. The Court's dictum that the government is "subject to the rules of discovery" was not addressed to a situation remotely close to what Apple seeks here. Nevertheless, *P&G* shows the Supreme Court limiting Rule 34 discovery based on policy considerations unique to the federal government. *Id.*

---

[2] Before the Special Master, Apple identified the "relevant test" as "the test that's set out in the *UBS* case." ECF 513-6 Ex. D (Hr'g Tr.) at 96:16-19. Apple now claims the *UBS* standard is "unworkable." Opp. 4 n.7.

[3] Party discovery may sometimes reach federal agencies in other circumstances not applicable here, such as where an agency allegedly contributes to tortious conduct. *See North Dakota v. United States*, 2021 WL 6278456, at *2-3 (D.N.D. Mar. 24, 2021); *see* Br. 9 n. 8; ECF 482 at 1-2 n.4.

[4] Apple's characterization of *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476–77 (W.D. Wis. 1980), does not support its position. While *Trane* speaks to the President's control over the State and Treasury Departments, it also justifies party discovery because "the President, in developing his rules, regulations and policies, has benefited from information provided by the State and Treasury Departments." *Id. at 473.* In other words, the agencies' substantive role in the regulatory policies is one reason party discovery was appropriate. *See UBS*, 2020 WL 7062789, at *4.

Nor does *United States v. AT&T*, 461 F. Supp. 1314, 1334 (D.D.C. 1978), support Apple's contention that party discovery reaches every federal agency without a fact-specific assessment of the relationship of the agency to the case. Apple is wrong to argue that this conflates party discovery and relevance. Opp. 3 n.4. The court's discussion shows that it "has not ruled on the relevance of specific requests" and was granting party discovery because, given the nature of the case, "defendants will need access to the records." *AT&*T, 461 F. Supp. at 1334. The *AT&T* court carefully limited its decision to the "unique" and "peculiar" circumstances of that case. *Id.*

Apple's emphasis on *Trump v. Slaughter*, 146 S. Ct. 2283, 2293, 2302 (2026), is misplaced. That case addressed the President's power to remove commissioners of the Federal Trade Commission, which is not at issue. The Responding Agencies are answerable to the President. But this does not mean they must face Rule 34 discovery in this law enforcement action. The structure of the Executive Branch shows the importance of careful limits on party discovery of federal agencies to protect the public's interest in vigorous law enforcement and preserve agency resources. *See AT&T*, 461 F. Supp. at 1334 (limiting its reach to not "paralyze" agencies or courts). Existing Rule 45 standards adequately protect a defendant's right to seek discovery from federal agencies.

## III. Apple's Requests Are Unduly Burdensome and Disproportionate

Regardless of whether Rule 34, Rule 45, or *Touhy* applies, Apple's discovery requests are improper.

### a. Apple Uses the Wrong Test and Fails to Show More than Minimal Relevance

Apple bases its relevance arguments on outdated law. The current Federal Rules limit discovery to evidence "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (2015). Apple relies on *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), which more broadly allowed discovery "reasonably calculated to lead to the discovery of admissible evidence." Opp. 5. The "reasonably calculated" standard was replaced in the 2015 Amendments to the Federal Rules,[5] and it is "inappropriate to continue to cite *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 823 (W.D. Pa. 2016); *Jarrus v. Governor of Michigan*, 2025 WL 3461540, at *1 (E.D. Mich. Dec. 2, 2025) (sanctions). Apple's failure to correctly apply Rule 26(b)(1) permeates its analysis: it presents tenuous connections between the requested materials and its defenses as sufficient, when instead "discovery requests must be tailored to the relevant issues in a case." *Williams v. BASF Catalysts, LLC*, 2017 WL 3317295, at *11 (D.N.J. Aug. 3, 2017) (Linares, J.).

Apple now concedes that procompetitive justifications must relate to the "challenged design decisions." Opp. 1; *see also* Br. 5. Notwithstanding this admission, Apple's "Final Compromise" doubles down with a far-ranging demand for "All Documents relating to" "evaluation of the safety, security, privacy, and user-friendliness of Smartphones." ECF 422-1. Such a demand is untethered to the particular needs of this case. Apple cannot justify relevance on the speculation that any document concerning privacy or security might "suggest" some effect of the challenged design decision. Opp. 6. Apple also fails to explain why the discovery is relevant when the Responding Agencies typically do not use the technologies at issue, such as super apps and digital wallets. *Id.*

Although Apple claims that the Responding Agencies are "sophisticated and security-conscious" customers, Opp. 7, Apple fails to explain why a sophisticated evaluation of smartphones for

---

[5] The 2015 amendments deleted "reasonably calculated to lead to the discovery of admissible evidence" because that phrase "might swallow any other limitation on the scope of discovery." Fed. R. Civ. P. 26 (2015 Adv. Cmte. Notes).

*governmental use* is likely to be relevant when government users differ on so many dimensions from consumers. Opp. 7. The only case Apple cites in this portion of its brief is *Deutscher Tennis Bund v. ATP Tour, Inc.*, but that case says nothing about discovery issues and nothing about discovery from government agencies.[6] 610 F.3d 820, 833 (3d Cir. 2010). Agencies procure smartphones differently from ordinary consumers. *E.g.*, DOL ¶ 5, NASA ¶ 7, and they do not typically use the consumers apps and technologies at issue, *e.g.*, NASA ¶ 9; OPM ¶ 4. As such, federal procurement cannot be a stand-in, or a "control group," for consumer behavior. Opp. 7.

**b. Apple Disregards the Undue Burdens Imposed by its Discovery**

Apple fails to overcome the undue burden showing in the Responding Agencies' response and objection letters and declarations. This burden evidence is properly before this Court. Evidence and arguments reviewed below receive de novo review, ECF 455 ¶ 15, and must be in this record, ECF 455 ¶ 10. The Special Master "review[ed] the declarations" and denied the "argument" on reconsideration because the facts therein were not "new." ECF 501 at 9. Also, this Court, exercising de novo review of the Special Master's decision, may receive these declarations as evidence now. Fed. R. Civ. P. 53(f)(1) ("may receive evidence"); *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184 (3d Cir. 1991) (de novo review "not limited to the evidence [below]"). *Sabinsa Corp. v. HerbaKraft, Inc.* does not help Apple because, unlike here, *Sabinsa* reviewed fact-finding for abuse of discretion. 2022 WL 17446485 at *2-3 (D.N.J. Dec. 6, 2022).

Apple contends the Responding Agencies failed to mitigate burden, Opp. 8, but Responding Agencies outside of the Intelligence Community did attempt to mitigate burden, proposing search terms to provide Apple the documents it seeks.[7] Apple rejected this and insisted on a "comprehensive search protocol covering all agencies and RFPs." Opp. 8. Apple's proposed search terms resulted in nearly 20 million potential document hits for a single agency.[8] Apple's reliance on *Reid v. Cumberland County* is unavailing; there the Court found that 140 hours of work was not unduly burdensome. Opp. 8 (citing 34 F. Supp. 3d 396, 414 (D.N.J. 2013)). Here, the scale of what Apple requests is orders of magnitude greater than in *Reid*, and burden has been substantiated. Apple cannot reject an attempt to mitigate burden and then claim no such attempt was made.

Moreover, even if Apple could establish marginal relevance for the requested agency materials, Apple has not shown that such information is unavailable from substantially less burdensome sources. *See Silver v. Transworld Sys. Inc.*, No. 2:25-CV-01024-JNW, 2026 WL 1948047, at *1 (W.D. Wash. July 6, 2026).[9] First, the Antitrust Division is producing procurement records and

[6] Apple's reliance on NASA documents shows only that the Responding Agencies have worked in good faith to locate and produce relevant information. It does not establish any additional discovery from the Responding Agencies is proportional to the needs of the case. This would be the case even if those documents related to the conduct actually challenged in this case, rather than "security features" in general. Opp. 6.

[7] The Responding Agencies have not "mischaracterized" Apple's position regarding searches of non-headquarters locations. Apple took the position that the Responding Agencies would need to represent that *all* responsive documents for that request reside at headquarters before Apple would consider the Responding Agencies' proposal, explicitly citing the Department of State's declarations regarding the existence of 250 embassies and consulates. ECF No. 513 at 5. To comply would of course require a search of those locations.

[8] Apple's reliance on "sufficient to show," Opp. 7, does not address the burden on the Responding Agencies. Eight of the twelve RFPs that include the phrase relate to "any" recommendation, assessment, concern, or policy, thereby effectively negating any narrowing from the use of "sufficient to show." While that limitation may limit the number of documents produced, it does not narrow the universe of records that must be reviewed.

[9] In response to Apple's requests, the Department of Labor represented that BLS's potentially responsive materials

other documents. Further, the Responding Agencies outside the Intelligence Community have offered to produce non-burdensome documents. Together, those sources would provide ample evidence of smartphone procurement decisions across the federal government. Second, discovery from other enterprise customers can shed light on the considerations driving organizational purchasing decisions without imposing duplicative obligations on the Responding Agencies. Third, Apple possesses extensive information about its design decisions and purported procompetitive justifications. Finally, Apple's reliance on the Plaintiff States' productions, Opp. 8, only underscores the limited benefit of imposing additional burdens on the Responding Agencies.

### c. Apple Fails to Account for Serious National Security and Privilege Concerns

Apple mischaracterizes the Responding Agencies' privilege concerns by arguing that "blanket claims of privilege cannot excuse the United States from even searching for responsive documents." Opp. 9. The Responding Agencies make no such claim. Indeed, some of the Responding Agencies ran test searches, and, as Apple knows, any materials identified through those searches must be reviewed for responsiveness and privilege. Apple's requests implicate substantial privilege concerns, particularly for the Intelligence Community, that bear directly on the appropriate scope of discovery and burden of responding to it. *Gremillion v. Stantec Consulting Servs. Inc.*, 2023 WL 4417266, at *2 (N.D. Fla. July 5, 2023) (burden of conducting privilege review outweighed the discovery's likely benefit).

Apple argues it seeks only "facts and final agency decisions, not pre-decisional deliberations," Opp. 9, but neither the subpoenas nor Apple's "Final Compromise" reflect this purported narrow scope. Apple expressly seeks, among other things, any agency "assessments" and "analysis," which include pre-decisional materials by definition. Opp. 6.

Apple's demand for a privilege log is even less suited to the Intelligence Community. Blanket refusals are necessary in the national security context to preserve the confidentiality of classified national security information. The Intelligence Community operates under a dense network of confidentiality constraints. *See Schuchardt v. President of the U.S.*, 839 F.3d 336, 353–54 (3d Cir. 2016) (limiting discovery when private litigant seeks insight into internal workings of national security apparatus). Burden concerns are especially pronounced for CIA, NSA, and ODNI across the board, as those agencies' work occurs primarily on classified systems, which are very burdensome to search and subject to statutory nondisclosure requirements. *See* Ex. F, CIA ¶¶ 20–25; ODNI ¶¶ 23–24; NSA ¶¶ 24–27, 29–30.

## CONCLUSION

The Responding Agencies respectfully ask the Court to deny Apple's requested discovery.

---

consist of only publicly available information, information covered by the Confidential Information Protection and Statistical Efficiency Act (CIPSEA), and potentially other applicable information governed by laws prohibiting disclosure. Compelled disclosure of certain nonpublic data Apple is seeking may reveal the identity of respondents, whose information was collected under a CIPSEA-specific pledge of confidentiality. Ascertaining that, even indirectly, would violate CIPSEA and potentially incur criminal penalties. 44 U.S.C. § 3572(f).

Respectfully submitted,

Dated: September 30, 2026

*<u>/s/ Aaron M. Sheanin</u>*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
aaron.sheanin@usdoj.gov

Matthew C. Mandelberg
Shiza Arshad
Curtis Strong
United States Department of Justice
450 Fifth Street, NW
Washington, DC 20530
matthew.mandelberg@usdoj.gov
shiza.arshad@usdoj.gov
curtis.strong@usdoj.gov

*Attorneys for the United States and Responding Agencies*

Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102

*Attorney for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.<br><br>*Defendant*. | Case No. 2:24-cv-04055-JXN-LDW |

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff electronically filed the above document, United States of America's Responding Agencies' Reply Brief In Further Support Of Appeal From Special Discovery Master's Orders Within The District Court, and this Certificate of Service were served upon defendant's counsel, Liza M. Walsh, Esq., Craig S. Primis, Esq., Devora W. Allon, Esq., and K. Winn Allen, Esq., 1301 Pennsylvania Avenue, NW, Washington, D.C., 20004, by CM/ECF on September 30, 2026.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
United States Department of Justice
Antitrust Division
*Attorney for Plaintiff United States*