**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

October 21, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.,*** **No. 2:24-cv-04055 (JXN-LDW)**
**Joint Notice of Impasse re Document Production Cutoff**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple") respectfully submit this joint letter notifying the Court of an impasse concerning the cutoff date for Apple's productions in response to all Requests for Production.

**Plaintiffs' Statement**

Plaintiffs' position is that Apple must refresh its document productions for all custodians and non-custodians, whether collected by search terms or as "go gets," up to and inclusive of 30 days before the close of fact discovery. At the time the parties first discussed a document production cutoff in summer 2025, initial document productions were to be substantially complete by December 15, 2025, and fact discovery was to be complete by July 31, 2026. ECF No. 270 (Pretrial Scheduling Order) at 2, 4. In light of that schedule and to advance the production of Apple's documents, Plaintiffs agreed to Apple's proposal for an initial document production cutoff of June 20, 2025, on the understanding that Apple agreed to make rolling productions through December 15, 2025, and would promptly supplement discovery with more recent documents as they are created through the completion of fact discovery.

The deadlines in this case have changed. In light of the current case schedule, Plaintiffs submit that the document production cutoff of June 20, 2025, must be changed as well. At Apple's request, the Court extended the substantial completion deadline to June 15, 2026, and has twice extended the fact discovery deadline, such that fact discovery will now be complete in late May 2027—ten months after the deadline in the Pretrial Scheduling Order. These changes to the discovery schedule materially undercut the basis for Plaintiffs' agreement to the initial document production cutoff. Accordingly, Plaintiffs' position is that Apple must refresh its document productions 30 days before the close of fact discovery. Plaintiffs seek injunctive relief to stop Apple from continuing to maintain the smartphone monopoly alleged in the Amended Complaint,

ECF No. 51, through wrongful means. Plaintiffs contend they should not be prejudiced in obtaining and presenting evidence of Apple's ongoing anticompetitive conduct by the extended fact discovery schedule, particularly when Apple requested the delay. Plaintiffs believe that Apple's proposal to consider supplementation on a case-by-case basis is unworkable, likely to generate more disputes over the course of fact discovery, and inconsistent with Apple's duty to supplement under Fed. R. Civ. P. 26(e).

**Apple's Statement**

The Court should reject Plaintiffs' request to reopen their prior agreement to a presumptive June 2025 discovery cut-off, restart document discovery, and introduce months of delay into this case. Between June 2025 and June 2026, Apple collected and reviewed over 11 million documents across 54 document custodians and dozens of non-custodial sources. Apple produced over two million documents, on top of millions produced during Plaintiffs' investigation, spanning an 18-year period. At the September 25 scheduling conference, Plaintiffs made their refresh request for the first time. The time required to complete this discovery was not factored into the Court's schedule extension. A wholesale document refresh also was not part of the parties' prior agreements and would defeat the purpose of the negotiated discovery cut-off. Plaintiffs' request for another period of document discovery would thus moot the Court's June 15, 2026 substantial completion deadline; risk Plaintiffs seeking numerous re-depositions of Apple witnesses, imposing further burden on witnesses who are already giving two or more days to their depositions in these coordinated actions; and require a many-month further extension of the case schedule.

The parties previously agreed to a presumptive June 20, 2025 discovery cut-off. Apple then substantially completed its document productions in the Government Action in 12 months—with a massive investment of resources and hundreds of contractors dedicated to the process. Re-collecting from 54 custodians and numerous other sources, then searching, reviewing, and producing new materials for a 22-month period would take Apple several more months. It is simply not feasible for Apple to produce documents up until 30 days before the close of fact discovery, as that would mean new collections, searches, review, and production within those last 30 days, after almost all depositions will be complete. Apple remains willing to consider targeted requests for supplemental production where there is clear relevance and manageable burden, as Apple has already agreed to do on three occasions. But Plaintiffs' request for wholesale refresh productions until 30 days prior to the close of fact discovery should be rejected.[1]

* * *

The parties have met and conferred several times in good faith and agree that they are at an impasse. Plaintiffs believe that prompt resolution of this dispute would benefit the parties. Apple understood that the Court instructed the parties at the September 25 Scheduling Conference not to raise this issue until the entry of an amended scheduling order, but Plaintiffs wished to proceed immediately. Accordingly, the parties respectfully request Your Honor's determination that the parties have reached an impasse for this dispute, pursuant to Paragraph 5 of the Special Master Appointment Order. ECF No. 455 ¶ 5.

[1] Plaintiffs' repeated suggestion that the case schedule has been extended solely due to Apple's conduct is wrong. Plaintiffs still have not produced documents in response to most of Apple's requests, served over 15 months ago.

Respectfully submitted,

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

*/s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
K. Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

cc: All Counsel of Record (via ECF)