UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA, *et al.*,**<br>*Plaintiffs,*<br>v.<br>**APPLE INC.,**<br>*Defendant.* | **Case No. 2:24-cv-04055 (JXN) (LDW)** |

**STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER**

Plaintiffs United States of America, and the State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, State of Maine, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Wisconsin, and State of Washington, acting by and through their respective Attorneys General (collectively with the United States of America, "Plaintiffs"), and Defendant Apple Inc. hereby stipulate as follows:

WHEREAS, the parties to the above-captioned *United States of America, et al. v. Apple Inc.*, 2:24-cv-04055 filed a joint submission on September 2, 2026 concerning the case schedule in these coordinated actions (ECF No. 507);

WHEREAS, the parties discussed the case schedule and a potential four-month extension of the fact discovery deadlines in both actions with the Court at the Case Management Conference held on September 16, 2026;

WHEREAS, during the Scheduling Conference held on September 25, 2026, the Court indicated its intention to extend the fact discovery deadlines in the above-captioned action by four months;

WHEREAS, during the Scheduling Conference held on September 25, 2026, the Court ordered the parties to submit a proposed Amended Scheduling Order reflecting the extension of the fact discovery deadline and instituting new interim discovery deadlines;

THEREFORE, in the interest of efficiency, the parties agree and stipulate to the following schedule:

1. All impasse notices or requests for extension regarding existing party discovery disputes shall be filed by **October 21, 2026**.[1]
2. All impasse notices (or if filed in another district, motions to compel) regarding existing disputes about third-party document subpoenas shall be filed by **November 4, 2026**.[2]
3. Plaintiffs shall substantially complete any outstanding document productions from the U.S. Department of Justice and the Plaintiff States not subject to discovery dispute by **December 15, 2026**. Plaintiffs shall substantially complete any outstanding document productions that are subject to discovery dispute by the later of 45 days after the dispute's resolution or another date upon agreement of the parties, or alternatively by such other date as the Court may order. In the event that a dispute is not resolved sufficiently in advance

[1] For purposes of clarity, "existing party discovery disputes" means discovery disputes related to the sufficiency of a party's document productions or other discovery responses that were known to the parties as of the filing of this stipulation based on the parties' positions conveyed as of that point. Nothing in this stipulation prevents either party from seeking judicial relief related to discovery disputes that arise after the filing of this stipulation. This deadline also does not apply to disputes over the parties' privilege logs, which may be raised in due course.

[2] For purposes of clarity, "existing disputes about third-party document subpoenas" means discovery disputes related to the sufficiency of a third party's agreements to produce documents in response to a subpoena that were known to the parties as of the filing of this stipulation. Nothing in this stipulation prevents either party from seeking judicial relief related to discovery disputes that arise after the filing of this stipulation or to compel the production of documents that third parties agree to produce but subsequently fail to produce. This deadline also does not apply to disputes over third parties' privilege logs, which may be raised in due course.

of the close of fact discovery to enable the parties to produce documents and take depositions consistent with this Stipulation, the parties shall meet and confer in good faith to negotiate a resolution that avoids prejudice to Apple.

4. Apple shall substantially complete its structured data productions by **December 11, 2026**.

5. Depositions of third parties shall be completed by **April 30, 2027**.

6. Contention interrogatories shall not be served before **April 28, 2027**, and no later than **May 12, 2027,** unless otherwise permitted by the Court. Responses to contention interrogatories shall be served on or before **June 11, 2027**. If a response to a contention interrogatory or portion thereof calls for expert opinion to be addressed in expert discovery, the response to that contention interrogatory or portion thereof shall be served on or before **November 19, 2027**.

7. Fact discovery is extended through **May 28, 2027**. No fact discovery shall be issued or engaged in beyond that date, except upon application and for good cause shown.

8. All affirmative expert reports (by the party bearing the burden of proof on the subject of the report) shall be served on or before **July 2, 2027**. All responding expert reports shall be served by **August 16, 2027**. All reply expert reports shall be served by **September 13, 2027**.

9. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **November 5, 2027**.

**AGREED TO:**

Dated: October 23, 2026

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200
jrose@gibsondunn.com
jkleinbrodt@gibsondunn.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8234
crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dswanson@gibsondunn.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(415) 351-4000
cssullivan@gibsondunn.com

/s/ *Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
darpert@walsh.law
lmalakoff@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Tracie Bryant, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
craig.primis@kirkland.com
winn.allen@kirkland.com
tracie.bryant@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-5967
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

Dated: October 23, 2026

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

*Attorney for Plaintiff United States of America*

Dated: October 23, 2026

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

**IT IS SO ORDERED.**
Dated: ________________, 2026

_________________________
HON. LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE