**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

October 26, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (JXN-LDW)**
**Joint Status Letter**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively, "Parties") respectfully submit this Joint Status Letter in advance of the upcoming case management conference to be held on November 9, 2026. Since the last Case Management Conference on September 16, 2026, the Parties have continued to work towards the discovery deadlines set in the Court's Order and Amended Scheduling Order dated January 30, 2026, ECF No. 368, and Amended Scheduling Order dated April 6, 2026, ECF No. 408, as well as the Court's guidance during the September 25, 2026 Scheduling Conference. Below are relevant updates for the Court.

**A. Revised Proposed Schedule:** At the Court's direction during the September 16, 2026 Case Management Conference and September 25, 2026 Scheduling Conference, Plaintiffs, Apple, and the MDL Plaintiffs met and conferred over the fact discovery schedule, expert discovery schedule, and interim deadlines. On October 24, 2026, the Parties submitted a Stipulation and Proposed Amended Scheduling Order ("Stipulation"), ECF No. 578. Government Plaintiffs and Apple are fully agreed on the language and deadlines in the Stipulation and respectfully request that the Court enter the agreed deadlines in this Action.

**B. Party Discovery Disputes:** The Parties agree that all impasse notices regarding existing party discovery disputes were to be filed by October 21, 2026.[1] The Parties have

[1] The Parties agree that this deadline applies to discovery disputes related to the sufficiency of a Party's document productions or other discovery responses that were known to the Parties as of October 21, 2026. The Parties also agree that they may seek judicial relief related to discovery disputes that arise after October 21, 2026 and to disputes over the Parties' privilege logs, which may be raised in due course.

submitted joint letters notifying the Court of impasses over the following party discovery disputes raised by Plaintiffs:

- **Document Production Cutoff Date** (concerning the cutoff date for Apple's productions in response to all Requests for Production), ECF No. 565.
- **Plaintiffs' Request for Production No. 75** (concerning end-to-end encryption for Rich Communication Services), ECF No. 566.
- **Plaintiffs' Request No. 30** (concerning third-party analyst reports from IDC, Counterpoint, Canalys, and Kantar Group), ECF No. 567.
- **Plaintiffs' Request Nos. 44-46, 55 & 56** (concerning Technical Documentation for software elements and artifacts), ECF No. 568.
- **Information Necessary to Interpret and Use Apple's Data** (concerning field definitions, key relationships, table contents, and metadata in response to Interrogatory No. 3 and Requests for Production Nos. 26 & 61-63), ECF No. 569.
- **Plaintiffs' Request No. 26** (concerning costs of iPhone component data), ECF No. 570.
- **Plaintiffs' Request Nos. 62** (concerning data for payments to or from resellers), ECF No. 573.

The Parties have submitted joint letters notifying the Court of impasses over the following party discovery disputes raised by Apple:

- **Plaintiff United States' Search Protocol** (concerning the scope of the United States' search for and production of documents within the Department of Justice in response to Apple's First Set of Requests for Production), ECF No. 571.
- **Plaintiff States' Search Protocol** (concerning the search protocol for the States' production of documents responsive to Apple's First Set of Requests for Production), ECF No. 574.

Apple has submitted a letter notifying the Court of an impasse over the following agency discovery dispute raised by Apple:

- Apple filed a letter concerning its dispute with the New Jersey Division of Gaming Enforcement on October 21, 2026. Apple maintains that the New Jersey Division of Gaming Enforcement is an arm of Plaintiff State of New Jersey and therefore is a party to this litigation; the New Jersey Division of Gaming Enforcement and the State of New Jersey disagree and maintain that the New Jersey Division of Gaming Enforcement is a third party. The New Jersey Division of Gaming Enforcement

did not provide edits to Apple's draft notice of impasse, and Apple maintains that it was forced to file the notice of impasse unilaterally instead of jointly.

**C. Third Party Discovery Disputes:** The Parties agree that all impasse notices (or if filed in another district, motions to compel) regarding disputes about third-party document subpoenas will be filed by November 4, 2026.[2]

- On August 20, 2026, Apple and Match Group, Inc. ("Match") submitted a joint letter with this Court concerning disputes over Match's compliance with Apple's subpoena. ECF No. 495. On August 28, 2026, Apple filed its letter-brief in connection with that dispute, and Match filed its opposition on September 4, 2026. ECF No. 505; ECF No. 509. On October 14, 2026, after receiving leave from the Court, Apple filed its reply, and Match filed its sur-reply on October 23, 2026, after receiving leave from Court. *See* ECF No. 551; ECF No. 562.

- On August 28, 2026, Apple filed in the Northern District of California a motion to compel compliance with a subpoena served on Meta Platforms, Inc. ("Meta"), and to transfer the motion to this Court pursuant to Federal Rule of Civil Procedure 45(f). On September 23, 2026, that motion was transferred to this District. On October 9, 2026, pursuant to the Court's order, Apple re-filed its motion to compel and supporting documents with this Court. ECF No. 543. Meta re-filed its motion to quash and opposition to Apple's motion to compel on October 13, 2026, and Apple re-filed its reply the same day. ECF No. 547; ECF No. 548.

**D. Deposition Protocol:** At the Court's direction during the September 16, 2026 Case Management Conference, Plaintiffs, Apple, and the MDL Plaintiffs met and conferred over a comprehensive deposition protocol. On September 30, 2026, the Parties submitted the [Proposed] Deposition Protocol, ECF No. 533-1, identifying agreed upon and competing provisions where the Parties could not reach agreement. The Parties await the Court's decision.

**E. Deposition Scheduling Dispute Proposal:** At the Court's direction at the September 16, 2026 Case Management Conference, the Parties met and conferred over the process for scheduling depositions. On September 30, 2026, the Parties submitted a Joint Letter re Dispute Over Deposition Scheduling, ECF No. 531, setting forth competing proposals. The Parties await the Court's decision. Plaintiffs submit that this issue remains in dispute, as Apple has yet to provide dates for the depositions of two deponents requested on August 7, 2026.

[2] The Parties agree that this deadline applies to discovery disputes related to the sufficiency of a third party's agreements to produce documents in response to a subpoena that were known to the Parties as of the deadline set forth in the Stipulation. The Parties also agree that they may seek judicial relief related to discovery disputes that arise after the deadline set forth in the Stipulation or to compel the production of documents that third parties agree to produce but subsequently fail to produce. This deadline does not apply to disputes over third parties' privilege logs, which may be raised in due course.

Respectfully submitted,

/s/ Aaron M. Sheanin
Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

JENNIFER DAVENPORT
Attorney General of New Jersey

/s/ David H. Reichenberg
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

/s/ Liza M. Walsh
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
K. Winn Allen, P.C.
Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*