WALSH PIZZI O'REILLY

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

<u>**VIA ECF**</u>

November 4, 2026

Honorable Leda D. Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (JXN-LDW) — Joint Notice of Impasse**

Dear Judge Wettre:

Walsh Pizzi O'Reilly LLP, together with Cooley LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matter. Shinder Cantor Lerner LLP represents non-party PayPal, Inc. ("PayPal"). We write to provide a joint notice of impasse regarding PayPal's response to Apple's November 17, 2025 subpoena under Federal Rule of Civil Procedure 45. This Court has jurisdiction over this dispute. *See* Dkt. 371, Order Centralizing Enforcement of Pretrial Subpoenas.

## I. Nature of the Discovery Dispute

**Pre-2023 Documents.** The parties dispute whether PayPal must search for and produce relevant pre-2023 documents. Apple contends pre-2023 documents are relevant because Apple launched Apple Wallet with NFC technology for in-store payments in 2014, and the United States alleges Apple foreclosed third-party digital-wallet providers, including PayPal, by restricting their access to NFC technology on iPhones. Further, although PayPal's submissions to competition authorities show it has relevant documents dating to 2014, as a compromise, Apple seeks documents only from 2017 onward.

It is PayPal's position that whether or not it provided information to competition authorities regarding Apple's conduct has no effect on its burdens as a non-party under Fed. R. Civ. P. 45. Apple has, nonetheless, demanded that PayPal search for and produce documents that were prepared beginning in 2017 (nine years ago). That would be unduly burdensome and disproportionate for a non-party and for the needs of this case. Using the agreed search terms, PayPal already has collected more than **275,000** custodial documents dating back to 2023. And it has begun, after substantial review, producing responsive and non-privileged documents that fall within this population. By PayPal's assessment, extending its collection even to documents prepared in 2020 and thereafter would require review of over **300,000 additional** documents.

**Virtual Cards.** The parties dispute whether PayPal must produce documents it deems

"solely" related to virtual cards. Apple contends these documents are relevant because the features of and standards for virtual cards affect and relate to the security, privacy, and transaction integrity of Apple Wallet as compared to other digital wallets, including PayPal's. These documents are also relevant because PayPal has alleged in submissions to the DOJ that Apple refused to approve certain PayPal-branded cards for Apple Wallet in order to foreclose PayPal as an Apple Wallet competitor.

PayPal contends that documents related **solely** to virtual cards are irrelevant. PayPal's physical and virtual payment cards are fundamentally distinct products from its digital wallets, which are the only PayPal products pertinent to the Plaintiffs' theories. For months, PayPal has asked Apple to explain how virtual cards are relevant to the Plaintiffs' allegations made here or its defenses. Apple has still not done so. Instead, it seeks to justify its fishing expedition through the non-sensical and tortured assertion that the existence of PayPal-branded virtual *cards* somehow are relevant to a comparison of *digital wallet* features: that claim is facially meritless. Requiring PayPal to produce these irrelevant documents, particularly given the volume of custodial documents that it has already collected, reviewed and/or produced to date, would be unfair and unduly burdensome. For the avoidance of doubt, PayPal is not withholding from production documents regarding virtual cards that are otherwise responsive to Apple's requests.

## II. Good-Faith Efforts to Resolve the Dispute

While Apple and PayPal have resolved most aspects of the subpoena, Apple and PayPal have tried unsuccessfully to resolve the remaining disputes for over ten months, through numerous video conferences and extensive correspondence exchanging proposals and counterproposals.

PayPal notes that it has begun reviewing more than 275,000 custodial documents and producing responsive, non-privileged documents, and that Apple first threatened to move to compel over two months ago. PayPal stood ready, at that time, to litigate this issue, but Apple chose not to file. Relying on Apple's silence, PayPal collected custodial documents going back to 2023 and has spent substantial resources reviewing them. Now Apple threatens to move to compel more documents. While PayPal stands ready to litigate, it contends that, given Apple's dilatory behavior, PayPal should not have to spend additional and inefficient resources to collect and review even more documents from these custodians. Apple's statement below regarding an agreement on data, ***not** documents*, is irrelevant to whether Apple sat on its hands regarding an impasse on documents. (Data issues were not part of the impasse notice that Apple sent last week).

Apple maintains that the parties confirmed impasse on temporal scope and virtual-card documents through numerous meet-and-confers and correspondence, both before and after Apple first said it would move to compel. Apple's purported "delay" arises from its diligent efforts to narrow the scope of impasse, including through its October 19, 2026 offer to narrow a data-production request, which PayPal only accepted on November 2, 2026, five days **after** Apple sent PayPal the draft of this notice—and which otherwise would have been included in this notice.

* * *

This dispute does not require expedited resolution. Apple nevertheless contends that critical third-party discovery, including a PayPal witness deposition, cannot proceed until this dispute is resolved. The parties respectfully request a determination under Paragraph 5 of the Court's Special Master Appointment Order that they have reached an impasse. Dkt. 455 ¶ 5.

Respectfully submitted,

*s/ Liza M. Walsh*
Liza M. Walsh
WALSH PIZZI O'REILLY LLP

*/s/Matthew L. Cantor*
Matthew L. Cantor
SHINDER CANTOR LERNER LLP

cc: All Counsel of Record (via ECF)