WALSH PIZZI O'REILLY

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

November 4, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.*, No.: 2:24-cv-04055 (JXN-LDW)**
***In re Apple Smartphone Antitrust Litigation*, No. 2:24-md-03113 (JXN-LDW)**
**Joint Notice of Impasse**

Dear Judge Wettre:

Walsh Pizzi O'Reilly LLP and Gibson, Dunn & Crutcher LLP represent Defendant Apple Inc. ("Apple") in the above-referenced matter. Mayer Brown LLP represents non-party Ouraring Inc. ("Ouraring" or "Oura"). We write to provide a joint notice of impasse for a discovery dispute regarding Oura's response to Apple's subpoena under Federal Rule of Civil Procedure 45, served on July 13, 2026 (the "Subpoena"). This Court has authority to adjudicate this dispute following this Court's Order Centralizing Enforcement of Pretrial Subpoenas, Dkt. 371.

**Production of Custodial Documents in Response to Apple Search Terms**. The parties disagree on search terms related to Apple's Requests for Production ("RFPs"). Oura's position is that the search terms it is using in response to Watch Plaintiff's RFPs are sufficient, but if Apple wants Oura to review 32,182 additional documents resulting from its proposed search terms, it should reimburse Oura for the cost of the additional review. Apple's position is that unique search terms are necessary to address Apple's RFPs and key issues relevant to Apple's defenses, and reviewing 32,182 additional documents is proportionate to the needs of the case given Oura's role as a significant competitor in a relevant market.

**Production of Documents from at least 2019 to Present**. The parties disagree on the start date for productions. Oura seeks to apply a time period of January 1, 2021, to present for "go gets" and to use the employment start dates of its two proffered custodians, one of whom joined Oura in 2019. Apple maintains that a start date of at least January 1, 2019, to present is appropriate for all collections given Plaintiffs' allegations of earlier anticompetitive behavior.

**Custodians**. The parties disagree on whether Oura must add custodians or perform additional non-custodial searches to address Apple RFPs covering engineering (Apple RFPs 13, 17, 18) and consumer research on co-ownership and switching (Apple RFPs 22-23). Oura's position is that its Chief Operating Officer and Chief Marketing Officer are appropriate custodians, and adding up to four additional custodians would be unduly burdensome particularly given the

breadth of the search terms Apple has proposed. Apple's position is that additional custodians are appropriate and proportional to address Apple's requests that call for engineering and consumer-research materials.

**Whether Oura Can Withhold Certain Confidential Materials.** The parties dispute whether Oura can withhold certain information that it considers to be trade secrets. Apple maintains that Oura should not broadly withhold internal information, including on topics relating to marketing and pricing strategies for Oura products, financial information, or analyses of competitive strategy, simply by labeling such information as a "trade secret," and that the Discovery Confidentiality Orders already provide sufficient protection, including an Outside Counsel Only designation, to protect sensitive material. DOJ ECF No. 235 ¶¶ 2(i)–(j), 6; MDL ECF No. 124 ¶¶ 2, 6-7, 24, 27. Oura maintains that Apple has not shown a substantial need for trade secret information in the custodial files it will review to respond to Apple's RFPs, but if Oura withholds or redacts trade secrets from its production, it will log them so that the parties can meet and confer about them and seek relief from the Court regarding specific documents if needed.

**Production of Non-Public Financial and Usage Information.** The parties disagree on whether Oura must produce non-public financial and usage information in response to RFPs 5, 6, 8, 10, 15, and 16 of the Subpoena. Apple maintains that non-public information relating to price, output, cost, and usage, including non-Apple related usage, is critical evidence of market definition, monopoly power, and damages in any monopolization case and that any non-public financial information is adequately protected by the Discovery Confidentiality Orders. Oura disputes the relevance or need for its confidential financial information and contends that to the extent relevant, considerable "usage" data (e.g., Oura app downloads) should be available to Apple in its own records.

**Documents Related to Security, Privacy, and Reliability.** The parties disagree on whether Oura must produce certain information responsive to Apple's RFP 25, which requests information concerning the security, privacy, and reliability of Oura's products. Oura has agreed to produce documents comparing the security, privacy, or reliability of Oura products or companion apps on the iOS platform as compared to the Android platform, and documents related to differences in product reliability concerns, including connectivity and data-sync issues, when products are connected to iPhones versus non-Apple smartphones, but objects to producing documents concerning its own privacy and security practices and its own policies, if any, governing third-party developers. Apple maintains that such information is relevant and proportional because these are dimensions of competition among wearable makers.

* * *

Apple and Oura have engaged in extensive, good-faith efforts to resolve this dispute without Court intervention over the past two months. Although Apple and Oura have reached agreement on certain aspects of the Subpoena, they have reached impasse on the items identified above. Accordingly, Apple and Oura respectfully request Your Honor's determination that Apple and Oura have reached an impasse for purposes of these disputes, pursuant to Paragraph 5 of the Court's Special Master Appointment Order. ECF No. 455 ¶ 5. Apple and Oura respectfully request that, because of the number of issues to be briefed, Your Honor extend the page limit to ten pages, single spaced, per party.

Respectfully submitted,

*/s/ Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)