WALSH PIZZI O'REILLY

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

November 4, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: ***United States v. Apple Inc.*, No. 2:24-cv-04055-JXN-LDW**
**Joint Notice of Impasse**

Dear Judge Wettre,

This firm, together with Debevoise & Plimpton LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matter. Cuneo Gilbert Flannery & LaDuca, LLP represents non-party Playco Global Inc. ("Playco"). We write to provide a joint notice of impasse for a discovery dispute regarding Playco's response to Apple's subpoena under Federal Rule of Civil Procedure 45.

I. **Nature of the Discovery Dispute**

This dispute concerns Playco's document production in response to Apple's Rule 45 subpoena, served on November 17, 2025.

It is Apple's position that Playco should be required to produce documents concerning its efforts, whether independently or in coordination with others, to change, influence, or circumvent Apple's policies, including those governing app distribution, App or Mini-Program features, fees, and technical functionality, to lobby for legislation related to those policies, or to draw governmental or public attention to those policies; Playco's assertion of First Amendment privilege as to such documents is improper and unjustified under applicable law.

It is Playco's position that it should not be required to produce these documents because such a requirement would violate Playco's First Amendment privilege, as explained in Playco's responses and objections to Apple's Rule 45 subpoena. Playco's assertion is proper and justified under the applicable law, consistent with a recent Northern District of California court decision finding that Apple's request for similar materials represented an unjustified infringement on non-party Match Group Inc.'s First Amendment rights. See *Apple Inc. v. Match Group, Inc.*, 2021 WL 3727067, *8 (N.D. Cal. 2021), motion to vacate denied, 2021 WL 5177734 (N.D. Cal. Nov. 8, 2021).

Separately, Apple and Playco continue to negotiate the scope of Playco's document production, including custodial search terms. Although the parties have made substantial progress on custodial search parameters, they have not yet reached agreement on search terms.

## II. Good-Faith Efforts to Resolve the Dispute

Apple and Playco have engaged in good faith meet and confer efforts since January 2026 to resolve the scope of Playco's subpoena response without Court intervention. Following service of the subpoena in November 2025, Apple and Playco have met and conferred by telephonic conference roughly ten times. Apple and Playco have also exchanged extensive correspondence, including proposals and counterproposals for responding to the subpoena, as well as legal arguments regarding the extent of Playco's obligations under Rule 45 and the applicability of the First Amendment privilege. Although Apple and Playco have reached agreement on certain aspects of the subpoena, they have reached an impasse on the items identified above.

* * *

This dispute does not require expedited resolution by the Court. It is Apple's position that, nevertheless, certain critical third-party discovery, including the deposition of a Playco witness, cannot proceed until it is resolved.

In light of the November 4 deadline, Apple and Playco respectfully request Your Honor's determination that Apple and Playco have reached an impasse concerning disputes described above, pursuant to Paragraph 5 of the Court's Special Master Appointment Order. ECF No. 455 ¶ 5.

The parties also continue to negotiate the scope of Playco's document production, including custodial search terms. To allow for further discussion and with the belief that these issues may be resolved, Apple and Playco jointly request that any determination of impasse concerning these issues not take effect before November 11, 2026, and that it may be deemed withdrawn and of no effect if Apple and Playco notify the Court on or before that date that these issues have been resolved.

Respectfully Submitted,

*/s/ Liza M. Walsh*
Liza M. Walsh

cc: All counsel (by ECF)