**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

November 4, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (JXN-LDW)**
**Plaintiffs' Notice of Impasse Regarding Plaintiffs' Subpoena to Roblox Corp.**

Dear Judge Wettre:

The United States and the Plaintiff States (collectively, "Plaintiffs") respectfully submit this letter notifying the Court of an impasse regarding Plaintiffs' subpoena to non-party Roblox Corporation. ("Roblox"). Despite meet-and-confer efforts spanning several months, Plaintiffs and Roblox have been unable to resolve their discovery dispute. Roblox has agreed to accommodate Plaintiffs' request to file directly in this District but disputes that further substantive discussions would be unproductive.

## I. Plaintiffs' Position

Roblox develops a popular iPhone application offered for download on Apple's App Store that allows users to navigate through games and "experiences" created by other users. On December 5, 2025, Plaintiffs served Roblox with a subpoena seeking documents and information relevant to the claims and defenses in this litigation. The subpoena contains 15 requests for production and two data requests concerning, among other things, Roblox's applications, their features and functionality, Roblox's relationships and communications with Apple, and Roblox's policies and practices relating to privacy, security, and interoperability. Plaintiffs believe that Roblox's documents will show whether Apple consistently applies its App Store Guidelines to developers, among other things.

The parties have negotiated these issues for more than a year through videoconferences, letters, and email exchanges. After extensive discussions, Roblox produced approximately 400 documents to Plaintiffs in two productions, the majority of which were publicly available website pages, publicly filed corporate and financial documents, and other public-facing materials. In the hopes of reaching an agreement on Roblox's response to the subpoena, Plaintiffs proposed to limit certain of its requests to "sufficient to show" requests. In a further effort to resolve the dispute, on October

22, 2026, Plaintiffs substantially narrowed the scope of the subpoena down to seven requests concerning the most relevant categories of documents sought by Plaintiffs. Despite these efforts, a dispute remains regarding Roblox's response to certain requests, search terms, and custodians for their production of responsive documents. The parties reserve their respective positions on the merits for briefing.

The parties have negotiated these issues for more than a year through videoconferences, letters, and email exchanges. At the September 16, 2026, Case Management Conference, the Court directed Plaintiffs to promptly raise any existing third-party discovery disputes. Plaintiffs and Apple have stipulated that impasse notices regarding existing disputes about third-party document subpoenas shall be filed by November 4, 2026. ECF No. 578-1 at 2. Plaintiffs informed Roblox of the Nov. 4, 2026 deadline to file notice of impasses and requested that Roblox consent to jurisdiction in the District of New Jersey by October 26, 2026. However, Roblox did not consent to jurisdiction until 1:16pm ET, on November 4, 2026. To avoid a superfluous transfer motion in the Northern District of California, Plaintiffs drafted this Notice and sent it to Roblox three hours later.

Plaintiffs respectfully request Your Honor's assistance in resolving this matter and authorizing briefing pursuant to Paragraph 5 of the Special Master Appointment Order (ECF No. 455).

## II. Non-Party Roblox's Position

October 22, 2026 was the first time Plaintiffs engaged with Roblox in more than ***five months***. On May 4, after Roblox had already timely objected, produced more than 4,000 pages, and participated in multiple meet and confer discussions, Roblox sent a detailed letter proposing accommodations and asking what information remained missing. Plaintiffs did not respond to that letter, leaving those questions and proposals unanswered. In total, Roblox has produced more than 5,000 pages, including its internal policies, emails with Apple, and other documents.[1] It was not until one month after the Court directed Plaintiffs in September to promptly raise existing third-party discovery disputes that Plaintiffs finally contacted Roblox about their subpoena and Roblox's productions. But, even then, that was the first time Plaintiffs resurfaced in 24 weeks since Roblox sent its last letter. To this day, Plaintiffs have not substantively answered Roblox's questions or proposals in its May 4 letter.

When Plaintiffs finally reengaged with Roblox, Plaintiffs presented seven reformulated categories of demands, many of which having dubious connections to the original subpoena. And Plaintiffs asked for Roblox's commitments within two business days. Notwithstanding that rushed timeline, Roblox worked diligently to provide a concrete compromise to Plaintiffs on November 1. Two days later, Plaintiffs rejected that proposal without proposing any type of alternative and indicated they would seek judicial intervention the next day. Rejecting Roblox's compromise without offering an alternative leaves those issues unexplored, not exhausted.

Plaintiffs disclosed for the first time tonight that they intend to file a joint "notice of impasse" with this Court. In the same breath, they demanded Roblox's portion within a matter of hours, even

[1] To the extent certain documents produced are publicly available, that does not mean they are not responsive to the subpoena (let alone non-compliant), nor does it mean it does not require time, effort, and judgment to find and produce such records.

though the concept and deadline of a joint submission were not previously discussed. Plaintiffs created these and other time pressures and declined the opportunity to narrow the purported disagreement. To the extent there is an "impasse," it is of Plaintiffs' own making.

Indeed, Plaintiffs' and Defendant's apparently agreed upon deadline today to raise third-party discovery disputes—not any asserted "impasse"—is the real reason this notice is being filed now. Roblox has raised legitimate questions about the requests' scope and vagueness, the restrictions imposed by the Stored Communications Act, and whether the requested information is available through discovery from Apple, among other issues. Plaintiffs should address those threshold questions through the meet and confer process Roblox has repeatedly proposed. Roblox should not have to learn Plaintiffs' answers for the first time in letter briefing.

Roblox respectfully submits that letter briefing is premature and that further discussions would benefit the parties and the Court. Roblox reserves all rights.[2]

Respectfully submitted,

/s/ Miriam M. Arghavani
Miriam M. Arghavani
Trial Attorney, San Francisco Office
Aaron M. Sheanin
Assistant Chief, San Francisco Office
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue, Room 10-01001
San Francisco, CA 94012
(202) 709-1490
Miriam.Arghavani@usdoj.gov
Aaron.Sheanin@usdoj.gov

Sean Carman
Shiza Arshad
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 805-8530
Sean.Carman@usdoj.gov
Shiza.Arshad@usdoj.gov

*Attorneys for the United States*

/s/ David Reichenberg
David H. Reichenberg (NJ Bar No. 507282024)
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

---

[2] After Roblox provided its portion herein to Plaintiffs, they further revised their portion which extended the length of this submission beyond two pages. Because Roblox was provided this joint submission for the first time just hours ago tonight, Roblox respectfully asks the Court to consider Roblox's portion beyond the second page herein.

*/s/ Patrick Hammon*
Patrick Hammon
Andrew J. Wu
Alexis Wansac
Pillsbury Winthrop Shaw Pittman LLP
2400 Hanover Street
Palo Alto, CA 94304
(650) 233-4500
patrick.hammon@pillsburylaw.com
andrew.wu@pillsburylaw.com
alexis.wansac@pillsburylaw.com

*Attorneys for Non-Party Roblox Corporation*