WALSH PIZZI O'REILLY

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

November 4, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States v. Apple Inc.*****, No. 2:24-cv-04055-JXN-LDW;** ***In re Apple Smartphone Antitrust Litigation*****, No. 2:24-md-03113 (JXN-LDW)**
**Joint Notice of Impasse**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matter. Vinson & Elkins LLP represents Non-Party Samsung Electronics America ("SEA"). We write to provide a joint notice of impasse for a discovery dispute regarding SEA's response to Apple's subpoena under Federal Rule of Civil Procedure 45, served on January 30, 2026 (the "Subpoena"). This Court has authority to adjudicate this dispute pursuant to this Court's order centralizing enforcement of subpoenas, Dkt. 371.

* * *

**Production of Samsung Electronics Co. Documents.** The parties dispute whether SEA must produce documents and data which SEA contends are in the sole possession of its Korean parent company, Samsung Electronics Co., Ltd. ("SEC"). The parties disagree as to whether and the extent to which SEA has possession, custody, or control over such documents under the Federal Rules and relevant case law.

**RFP 4.** The parties disagree on whether SEA must produce documents responsive to RFP 4 of the Subpoena, which requests documents relating to "the nature and extent of SEA's ability to request, access, or obtain Documents or information from SEC or any other Samsung entity." Apple maintains that such documents are directly relevant to testing SEA's assertions that it lacks possession, custody, or control of SEC's documents and to identifying the repositories and custodians of such documents. SEA maintains that RFP 4 seeks discovery that is categorically irrelevant under controlling Third Circuit case law.

**Custodians.** The parties disagree on the custodians SEA should search in collecting documents to respond to the remainder of the Subpoena. SEA has agreed with all other parties to conduct custodial productions for (1) Drew Blackard, Senior Vice President of Mobile Product Management, and (2) Paul Kim, Vice President of Corporate Strategy. SEA maintains that Mr.

Blackard and Mr. Kim are the senior executives who have been responsible for exercising day-to-day oversight for every aspect of the Samsung mobile products relevant to this litigation, and review of the nearly 900,000 documents from their custodial files that hit on agreed search terms is more than sufficient to satisfy SEA's non-party obligations. Apple contends that SEA's proposed custodians are insufficient, particularly given Samsung's central importance to this case and the range of issues relevant to Samsung, and seeks an order compelling SEA to include, in addition to Mr. Blackard and Mr. Kim, (1) Yoonie Joung, current President and CEO of SEA; (2) K.S. Choi, former President and CEO of SEA; (3) Leroy "Lee" Williams, former SVP for Product Management and Business Operations; (4) Byunggil "Brent" Yoo, former Interim EVP of the MX ["Mobile eXperience"] business; (5) Dave Das, EVP of the MX business; and (6) Clay McNutt, VP and Sales General Manager for National Retail and Strategic Accounts.

**Data and Go-Get Requests.** The parties disagree as to the scope of SEA's production of data and other targeted materials collected outside its custodial searches ("go-gets"). Apple has requested sales, financial, and user data, along with certain categories of SEA's internal studies and analyses, but contends SEA has thus far refused to provide clarity on what it will produce. Apple maintains that this discovery is relevant and proportional to the needs of the case, including on competition and consumer switching. SEA maintains that it has not refused to produce in response to any reasonably crafted data or go-get requests and has reasonably specified what materials it will produce. SEA already has produced significant amounts of documents and data specifically requested by Apple on a go-get basis, and has agreed to produce numerous other categories of data and documents to the extent SEA maintains such material in the ordinary course of business and they are reasonably available for production.

**Deposition Transcripts from *United States v. Google*.** The parties disagree on whether SEA must produce transcripts of the depositions of SEA and SEC officers Tim Baxter and Jay Kim, taken in *United States v. Google*, No. 20-cv-3010 (D.D.C.). Apple maintains that these transcripts, which SEA possesses, contain highly relevant testimony as reflected in partial (and redacted) excerpts in the public record. SEA maintains that *U.S. v. Google* concerns wholly different subject matter, any marginally relevant testimony from that action would be cumulative of other discovery SEA is providing in this case, and Apple did not request such materials in the Subpoena.

* * *

Apple and SEA have engaged in extensive meet-and-confer efforts over more than six months in an attempt to resolve this dispute without Court intervention. Although Apple and SEA have reached agreement on certain aspects of the Subpoena, they have reached impasse on the items identified above. Apple and SEA respectfully request Your Honor's determination that Apple and SEA have reached an impasse for purposes of these disputes, pursuant to Paragraph 5 of the Court's Special Master Appointment Order. Dkt. 455 ¶ 5.

Apple and SEA also respectfully request that, because of the number of issues to be briefed, Your Honor extend the page briefing limits to twelve (12) pages per party. In addition, given the number of issues in dispute and the need for extra briefing, Apple respectfully requests that its opening brief be due ten (10) business days from the Court's order declaring impasse on the issues discussed herein. SEA also respectfully requests that its opposition to Apple's motion be due ten (10) business days from the submission of Apple's opening papers.

Respectfully submitted,

*/s/ Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)