**U.S. Department of Justice**

Antitrust Division

*San Francisco Office*
*450 Golden Gate Avenue, Suite 10-0101*
*San Francisco, CA 94102*

November 23, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: *United States, et al. v. Apple Inc.*, No. 2:24-cv-04055 (JXN-LDW)**
Joint Status Letter on Deposition Protocol IV.d (Apple's 30(b)(6) Depositions)

Dear Judge Wettre:

Plaintiff the United States and the Plaintiff States (collectively, "Government Plaintiffs") and Defendant Apple Inc. ("Apple" and collectively, "Parties") respectfully submit this Joint Letter at the Court's direction at the November 9 case conference regarding the Parties' dispute as to Provision IV.d of the proposed deposition protocol (ECF 533-1, filed September 30, 2026). After further discussions among the Parties, the United States and Apple disagree on the number of hours allowed for Apple's 30(b)(6) examination of the United States, but the Parties have otherwise agreed to substitute the following paragraph in lieu of their competing provisions:

> Apple may serve one notice of deposition on each Plaintiff in the Government Action under Rule 30(b)(6), and such depositions are each limited to a total of [10 or 21] hours on the record for the United States and 8 hours for each State Plaintiff. After the parties have had adequate time to meet and confer, any Government Plaintiff may move for a protective order to either prohibit or limit the scope or length of any potential 30(b)(6) deposition.

**Position of the United States:**

The United States' balanced proposal allows Apple to seek a single 10-hour 30(b)(6) deposition from the United States while allowing the United States to guard against unwarranted and irrelevant inquiries. Provision IV.d of the proposed deposition protocol explicitly reserves the United States' right to challenge irrelevant and unduly burdensome 30(b)(6) notices if Apple chooses to serve them. If Apple later demonstrates a legitimate need for 30(b)(6) depositions, Apple may at that time seek to resolve the matter with the United States or request the Court's assistance. The United States' proposal provides more than ample opportunity for Apple to obtain testimony. Apple's proposal for more than double that time will impose "annoyance, embarrassment, oppression, or undue burden or expense," on government enforcers. Fed. R. Civ. P. 26(c) (standard for issuance of a protective order).

Depositions of the government in civil enforcement actions are generally disfavored. *See, e.g., SEC v. Princeton Alternative Funding, LLC*, 2025 WL 50377 (D.N.J. Jan. 8, 2025). This is because Rule 26(b) generally limits discovery to matters that are relevant to the parties' claims and defenses and proportional to the needs of the case. Fed R. Civ. P. 26(b)(1). As here, government enforcers are not commercial actors as relevant to the case and generally play no role in the events at issue, have no independent knowledge, and can only speak to matters known through agency attorneys and investigators. *BioConvergence LLC v. Emergent BioSolutions, Inc.*, 2023 WL 3866412, at *3 (D. Md. June 7, 2023) ("when evaluating Rule 30(b)(6) topics, there can be an important difference between entities in the 'litigation business' that are led by lawyers such as government enforcement agencies, versus entities like private companies whose core business and day-to-day activities may never be ensnared in litigation").

Any evidence that the United States possesses is simply not relevant to the claims in this action to enforce the law in favor of American consumers. The United States does not participate in the consumer markets, has no regulatory role, and no federal agencies other than the Antitrust Division of the U.S. Department of Justice have investigated or prosected this action.

Apple has served notices pursuant to Rule 30(b)(6) on four of the State Plaintiffs, and the proposed topics demonstrate the lack of relevance. The topics include: (a) smartphone and wearable procurement and selection; (b) smartphone security and device management; (c) use of Apple programs, services, and products; (d) factual basis for your allegations in the Complaint; and (e) participation in the investigation. None of these topics relate to any conduct Apple has undertaken toward American consumers, nor do they seek information regarding the purchasing behavior of American consumers. In addition to the lack of relevance, the first three topics are objectionable for vagueness, or seek information equally available to Apple. Plaintiffs' documents address these topics. "[I]t would be unduly burdensome and inefficient to require any witness or combination of witnesses to memorize and recite the information sought by these topics." *FTC v. Uber Techs., Inc.*, 2026 WL 1031062 (N.D. Cal. April 16, 2026); *see S.E.C. v. Nacchio*, 614 F. Supp. 2d 1164, 1177 (D. Colo. 2009) ("this type of memorization and recitation is "inefficient in the extreme"). The last two topics seek to examine the Government Plaintiffs' counsel, which is "highly disfavored" and, with respect to the "factual basis" of the allegations in the complaint, "[t]his is what contention interrogatories are for." Moreover, all the topics seek largely privileged information, including protections for government deliberative process or for government work product. *SEC v. Princeton Alternative Funding, LLC*, 2025 WL 50377 (D.N.J. Jan. 8, 2025) (quashing agency subpoenas despite defendant's representation that it would seek only the "factual content" regarding an agency's investigation processes and procedures due to inevitable intrusion

on privileged information); *U.S. Equal Emp. Opportunity Comm'n v. McCormick & Schmick's Seafood Restaurants, Inc.,* 2010 WL 2572809 (D. Md. June 22, 2010) (noting the "unnecessary additional burden for the parties and the court in resolving the inevitable questions of attorney-client privilege and work product that would arise" when the noticed subject areas facially sought largely privileged or otherwise protected information).

During the Parties' discussions after the November 9 conference, Apple offered to reduce its request from 21 hours to 14 hours, which as a practical matter would require a United States representative witness to prepare to testify for two full days. The United States offered to increase the allowed number of hours from its original proposal of 7 hours to 10 hours, which can still be completed in a single day if the witness so choses, but that compromise was still unacceptable for Apple. In light of Apple's demonstrated inability to identify topics that warrant even one day's examination for the States it has already noticed for a 30(b)(6) deposition, limiting Apple to 10 hours for a deposition absent a significant change in the scope of fair inquiry of the United States in this enforcement action is more than an ample allowance of time.

This is hardly a case where Apple "will be deprived of a critical opportunity to ascertain the factual basis for the allegations it is facing," be able to claim that it will be impossible "to adequately prepare for and present" its defenses, or be "subjected to trial by ambush." *U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 2017 WL 11846821, at *1 (N.D. Ill. Sept. 6, 2017) (granting protective order and directing that any renewed request for a Rule 30(b)(6) deposition of the enforcement agency "be limited to discrete topics that are described with particularity as Rule 30(b)(6) requires, and must include a showing of necessity").

At the last status conference, Apple claimed that the enforcement agencies put their own purchasing decisions at issue by bringing this case against Apple. That is both incorrect as a factual matter and has never been the law in civil antitrust enforcement actions. Here, the Complaint does not put at issue enterprise purchases of the kind that governments engage in. Nor has the United States sought damages or any relief at all with respect to its purchases of mobile communications hardware or software. Rather, Apple's proposed 30(b)(6) depositions risk causing "annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).

**Apple's Position:**

Apple respectfully asks the Court to allow up to 21 hours for its Rule 30(b)(6) deposition of the United States. Apple needs that time to examine the United States on how it procures and uses the very products and services Plaintiffs challenge as anticompetitive. The protocol should set that limit now, as it already does for Plaintiffs' Rule 30(b)(6) deposition of Apple.

Apple is entitled to factual evidence from the United States about its own conduct as a purchaser and user of smartphones and related products and services. How the United States procures those devices, how it evaluates and manages their privacy and security, and how it uses Apple's products and services bear directly on Apple's defenses, including the procompetitive justifications for the challenged conduct. Apple may refute the Plaintiffs' allegations that Apple "reduces competition in the markets for performance smartphones and smartphones generally," *see* Dkt. 51 ¶¶ 8–10, by offering "nonpretextual procompetitive justifications for its conduct." *Mylan Pharm. Inc. v. Warner Chilcott Pub. Ltd.*, 838 F.3d 421, 438 (3d Cir. 2016). If, for example, the United States chose iPhone for its privacy, security, or user experience, that is powerful

evidence that the challenged design choices serve legitimate ends—for example, by "enhanc[ing] consumer welfare and competition in the marketplace," *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 309 (3d Cir. 2007), or by improving the "character and quality of [its] product[s]," *Deutscher Tennis Bund v. ATP Tour, Inc.*, 610 F.3d 820, 833 (3d Cir. 2010). Only the United States can supply that evidence about its own decisions.

That evidence cannot be covered in the United States' proposed 10 hours. This case spans at least six product categories—smartphones, wearables, super apps, cloud streaming, messaging, and digital wallets—and many years of conduct, *see* Dkt. 51 ¶¶ 8–10, 33–35. The United States' purchasing, security, and usage decisions may differ across those products and over time.

The requested time also reflects that Apple seeks testimony from the United States as a whole, not merely from DOJ. A Rule 30(b)(6) designee must testify about information "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Testimony about how the United States buys, secures, and uses smartphones and wearables necessarily draws on information held by the agencies and other components that make those decisions. Apple has identified at least 15 federal components with relevant information—DOJ and the 14 agencies from which Apple has sought documents—so 21 hours amounts to less than 1.5 hours per component.

Plaintiffs' own demands on Apple confirm that 21 hours is reasonable for an organization of that scale. Apple has agreed to provide 21 hours of Rule 30(b)(6) testimony, *see* Dkt. 533-1 at 10, on top of more than 20 hours it has already provided on data issues—more than 40 hours in total. It would be anomalous to treat that much time as proportionate for the defendant's organizational testimony, yet to treat roughly half that amount as excessive for the United States.

Finally, the protocol should set the United States' limit now. The protocol already fixes the hours for Plaintiffs' Rule 30(b)(6) deposition of Apple, *see* Dkt. 533-1 at 10, and the parties have agreed to eight hours for Apple's Rule 30(b)(6) deposition of each State. It should likewise set the time for Apple's 30(b)(6) deposition of the United States. Apple's requested limit is a ceiling, not a target: if the topics are narrowed through the meet-and-confer process or by motion, Apple will use less time. If the United States believes its deposition should be barred or limited in scope or length, it may move for a protective order under the parties' agreed language.

Respectfully submitted,

*/s/ Jack G. Lerner*
Jack G. Lerner
Antimonopoly and Collusion Enforcement
Antitrust Division
United States Department of Justice
26 Federal Plaza, Suite 3402
New York, NY 10278
Telephone (202) 227-9295
Email: jack.lerner@usdoj.gov

Aaron M. Sheanin
Civil Assistant Chief, San Francisco Office
United States Department of Justice

*/s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Email: lwalsh@walsh.law
Email: darpert@walsh.law

Craig S. Primis, P.C.
K. Winn Allen, P.C.

450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Telephone: (202) 709-1490
Email: aaron.sheanin@usdoj.gov

JENNIFER DAVENPORT
Attorney General of New Jersey

*/s/ David H. Reichenberg*
David H. Reichenberg
Section Chief, Antitrust
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271
Email: David.reichenberg@law.njoag.gov

*Attorney for Plaintiff State of New Jersey, Arizona, California, Washington D.C., Connecticut, Indiana, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Washington, and Wisconsin*

Tracie Bryant, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: tracie.bryant@kirkland.com

Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Email: devora.allon@kirkland.com
Email: alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*